IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| KEITH FISCHER, MICHAEL O'SULLIVAN, JOHN MOESER, LOUIS PIA, THOMAS BARDEN, CONSTANCE MANGAN, and CHARISE JONES individually and on behalf of all others similarly situated,<br><br>             Plaintiffs,<br>     v.<br><br>GOVERNMENT EMPLOYEES INSURANCE COMPANY,<br><br>             Defendant. | Case No. 2:23-CV-02848 (SJB) (SLT) |

**JOINT FINAL SUBMISSION OF § 216(b) NOTICE AND NOTICE PLAN**

Pursuant to the Court's March 31, 2025 Memorandum and Order granting Plaintiffs' motion for court-authorized notice under 29 U.S.C. § 216(b) ("216(b) Order"), *see* ECF No. 91, the parties have met and conferred and jointly submit finalized versions of the notice documents to be sent to the potential collective action members, attached hereto as Exhibits A-D.

The parties have competing positions on one issue. Plaintiffs ask that the Court toll the statute of limitations for the time elapsed between the Court's 216(b) Order and the date on which notice issues. The Court previously entered an order tolling the limitations period for potential collective action members from October 23, 2023, through the date of a decision on the 216(b) motion. *See* ECF No. 43. On April 2, 2025, Plaintiffs sought GEICO's consent to continue that tolling through the date on which the notice issues to avoid any further claim erosion, and GEICO has declined to consent. The parties' arguments are outlined below.

**PLAINTIFFS' POSITION**

The Court should extend tolling. Equitable tolling is in the spirit of the Court's previous order and is appropriate here to preserve the time that the Court has already tolled for putative collective

1

members and to avoid administrative or procedural confusion. "A district court may toll the limitations period to avoid inequitable circumstances, giving due consideration to whether the plaintiffs have acted with reasonable diligence in pursuing their claims and whether the circumstances are extraordinary enough to warrant equitable relief." *Jackson v. Bloomberg, L.P.*, 298 F.R.D. 152, 170 (S.D.N.Y. 2014). Plaintiffs' diligence, on behalf of the putative collective, supports this request because Plaintiffs previously sought (and were granted) tolling and continue to seek to preserve the claims of putative collective members, but only through the beginning of the notice period. *See Hall v. City of New York*, No. 22 Civ. 10193, 2023 U.S. Dist. LEXIS 175866, at *40-43 (S.D.N.Y. Sept. 28, 2023) (granting equitable tolling based on plaintiffs' and plaintiffs' counsel's diligence); *Flood v. Carlson Rests., Inc.*, No. 14 Civ. 2740, 2015 U.S. Dist. LEXIS 6608, at *18-19 (S.D.N.Y. Jan. 20, 2015) (same). Tolling the limitations period for the 30-day period in which the Court gave GEICO a second opportunity to amend Plaintiffs' proposed notice would avoid an outcome that rewards GEICO for failing to mount a complete opposition to the notice in their previous opposition.

Plaintiffs' request for tolling is not premature. It is necessary for the Court and parties to know which putative collective members have timely claims so notice can issue to the right individuals and to address any questions putative collective members may have about who is eligible to join the lawsuit.

## **GEICO'S POSITION**

The issue of equitable tolling is not ripe for resolution at this time because Plaintiffs seek relief for persons who are not before this Court. The availability of tolling can and should be decided, if necessary, after the end of the notice period and after those potential collective action who decide to join this action file their notices of consent, if any, and become party plaintiffs. 29 U.S.C. § 216(b).

It is well established that "a federal court is without power to give advisory opinions" to equitably toll claims on behalf of would-be FLSA opt-in plaintiffs, because "[t]hose employees have not filed claims, and it is unknown whether they ever will." *United States v. Cook*, 795 F. 2d 987, 994 (Fed. Cir.

1986); *Piekarski v. Amedisys Illinois, LLC*, 2013 WL 2357536, at *3 (N.D. Ill. May 28, 2013) ("[I]t would be premature for a district court to rule on equitable tolling issues where such a ruling would not affect the parties before the court."); *Tidd v. Adecco USA*, Inc., 2010 WL 996769, at *3 (D. Mass Mar. 16, 2010) ("Because these persons have not yet opted-in to the case, the plaintiffs are, in effect, asking for an advisory opinion, which the Court cannot issue."). Courts within the Second Circuit similarly recognize the propriety of denying "blanket equitable tolling" requests, particularly because such requests require "a case-by-case assessment of each plaintiff's entitlement to equitable tolling." *Katz v. Equinox Holdings, Inc.*, 2022 WL 2952143, at *3 n.3 (S.D.N.Y. July 26, 2022); *Watterson v. RUI Mgmt. Servs., Inc.*, 2022 WL 3867755, at *9 (E.D.N.Y. Aug. 30, 2022) (same).

As a result, any decision on equitable tolling is improper at this time. If Plaintiffs believe that equitable tolling should apply to potential collective action members, they can move the Court for such relief at the proper time, after the conclusion of the notice period and after any such persons have joined this case and are before this Court. At that time, such individuals can attempt to show that they would be impacted in the absence of tolling, that they were reasonably diligent in asserting claims, and that they are entitled to equitable tolling. In accordance with Second Circuit precedent, including decisions of this Court, the issue of whether the applicable limitations period should be tolled "is not yet ripe for the Court to address in any meaningful way" and must wait for persons requesting such relief to join this case. *Jing Fang Luo v. Panarium Kissena Inc.*, 2016 WL 11263668, at *13 (E.D.N.Y. Nov. 23, 2016 (Tiscione, J.); *Katz* 2022 WL 2952143 at *3.

Tolling is also unnecessary as a practical matter for two reasons. First, the Court's order granting conditional certification allowed for notice to issue to individuals who worked for GEICO as far back as October 23, 2020; thus, all such individuals will receive notice of this lawsuit and may choose to file an opt in consent to join this litigation, if they desire. To the extent Magistrate Judge Lindsay previously held that the statute of limitations was "tolled" (ECF No. 43), such an order necessarily must be read to

allow tolling of the notice period only so that such potential opt-in plaintiffs could receive notice. Such individuals were not previously, and are not now, parties to this litigation such that the Court could have granted them relief. Second, the 30-day period for which Plaintiffs now seek to "extend" tolling is similarly encompassed by the final notice, rendering tolling unnecessary. Any individual who fits within the definition approved by the Court will receive notice of this case and will be able to decide whether to file a consent to join form. Put simply, no individual is foregoing his or her ability to seek equitable tolling at a later date, thus no "reward" inures to GEICO, by declining to prematurely decide the issue of tolling now.

Dated: New York, New York
        April 30, 2025

By:

| | |
|---|---|
| *Michael J. Scimone* | *Gerald L. Maatman, Jr.* |
| Michael J. Scimone | Gerald L. Maatman, Jr. |
| | |
| **OUTTEN & GOLDEN LLP** | **DUANE MORRIS LLP** |
| Michael J. Scimone | Gerald L. Maatman, Jr. |
| Sabine Jean | Jennifer A. Riley |
| Jarron D. McAllister | Gregory Tsonis* |
| 685 Third Avenue, 25th Floor | Justin Donoho* |
| New York, NY 10017 | Tiffany E. Alberty* |
| Telephone: (212) 245-1000 | 190 South LaSalle Street, Suite 3700 |
| Facsimile: (646) 509-2060 | Chicago, IL 60603 |
| mscimone@outtengolden.com | Telephone: (312) 499-6700 |
| sjean@outtengolden.com | Facsimile: (312) 499-6701 |
| jmcallister@outtengolden.com | gmaatman@duanemorris.com |
| | jariley@duanemorris.com |
| **OUTTEN & GOLDEN LLP** | gtsonis@duanemorris.com |
| Ryan Cowdin* | jrdonoho@duanemorris.com |
| 1225 Massachusetts Avenue NW, Suite 1200B | tealberty@duanemorris.com |
| Washington, DC 20005 | |
| Telephone: 202-929-0636 | **DUANE MORRIS LLP** |
| Facsimile: 646-509-2060 | Gregory Slotnick |
| rcowdin@outtengolden.com | 1540 Broadway |
| | New York, NY 10036 |
| **KESSLER MATURA P.C.** | Telephone: (212) 692-1000 |
| Troy L. Kessler | Facsimile: (212) 692-1020 |
| Garrett Kaske | gsslotnick@duanemorris.com |
| 534 Broadhollow Road, Suite 275 | |
| Melville, New York 11747 | *Attorneys for Defendant* |
| Telephone: (631) 499-9100 | |
| Facsimile: (631) 499-9120 | |
| tkessler@kesslermatura.com | |
| gkaske@kesslermatura.com | |

*Attorneys for Plaintiffs and the Putative Class and Collective*

* Admitted *pro hac vice*