# EXHIBIT 17

Page 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____
                                        )
KEITH FISCHER, MICHAEL                  )
O'SULLIVAN, JOHN MOESER, LOUIS          )
PIA, THOMAS BARDEN, CONSTANCE           )
MANGAN, and CHARISE JONES,              )
individually and on behalf of           )
all others similarly situated,          )
                                        ) Case No.
        Plaintiffs,                     ) 23-Civ-02848(GRB)(ARL)
                                        )
    v.                                  )
                                        )
GOVERNMENT EMPLOYEES INSURANCE          )
COMPANY d/b/a GEICO,                    )
                                        )
        Defendant.                      )
_____)

VIDEOTAPED 30(b)(6) DEPOSITION of DEFENDANT,
GOVERNMENT EMPLOYEES INSURANCE COMPANY, by
JENNIFER FOGARTY

Friday, October 25, 2024
9:30 a.m.

Held at Outten & Golden LLP
685 New York Avenue, 25th Floor
New York, NY 10017

Reported stenographically by
JOSHUA B. EDWARDS, RDR, CRR, CRC
Notary Public of the State of New York
Registration No. 01ED0000628
Job No. 1212113



```
                                                            Page 2
 1              A P P E A R A N C E S
 2
    On behalf of the Plaintiffs:
 3
        OUTTEN & GOLDEN LLP
 4      685 Third Avenue, 25th Floor
        New York, NY 10017
 5      212-245-1000
 6      BY:  SABINE JEAN, ESQ.
             MICHAEL SCIMONE, ESQ.
 7           sjean@outtengolden.com
             mscimone@outtengolden.com
 8
 9
    On behalf of the Defendant:
10
        DUANE MORRIS LLP
11      190 South LaSalle Street, Suite 3700
        Chicago, IL 60603
12      312-499-6711
13      BY:  JENNIFER RILEY, ESQ.
             jariley@duanemorris.com
14
15
    ALSO PRESENT:
16
        JEREMY KOVACS, Legal Videographer
17
                       *      *      *
18
19
20
21
22
23
24
25
```



```
                                                              Page 3
 1                  IT IS HEREBY STIPULATED AND AGREED, by and
 2      between the attorneys for the respective parties
 3      herein, that filing and sealing be and the same are
 4      hereby waived.
 5                  IT IS FURTHER STIPULATED AND AGREED that
 6      all objections, except as to the form of the question,
 7      shall be preserved to the time of trial.
 8                  IT IS FURTHER STIPULATED AND AGREED that
 9      the within deposition may be signed and sworn to before
10      any officer authorized to administer an oath, with the
11      same force and effect as if signed and sworn to before
12      the officer before whom the within deposition was
13      taken.
14                          *         *         *
15
16
17
18
19
20
21
22
23
24
25
```



Page 4

1          (Fogarty Exhibit 1, Second Amended Notice of
2     Deposition, was marked for identification.)
3          THE VIDEOGRAPHER:  Good morning.  We are now
4     on the record.  This begins Videotape Number 1
5     in the deposition of Jennifer Fogarty in the
6     matter of Keith Fischer, et al., versus
7     Government Employees Insurance Company, d/b/a
8     GEICO.
9          Today is Friday, October 25, 2024, and the
10    time is 9:40 a.m.  This deposition is being
11    taken at Outten & Golden LLP, 685 Third Avenue,
12    25th floor, New York, New York 10017 at the
13    request of Outten & Golden.
14         The videographer is Jeremy Kovacs at Magna
15    Legal Services, and the court reporter is Joshua
16    Edwards of Magna Legal Services.
17         Will counsel and parties present state their
18    appearances and whom they represent.
19         MS. JEAN:  Good morning.  This is Sabine Jean
20    from Outten & Golden, for plaintiffs.
21         MR. SCIMONE:  Michael Scimone with Outten &
22    Golden, for plaintiffs.
23         MS. RILEY:  Jennifer Riley of Duane Morris,
24    for defendant, GEICO.
25         THE VIDEOGRAPHER:  Will the court reporter



Page 5

1       please swear in the witness.
2          (Witness sworn in.)
3  JENNIFER FOGARTY, called as a witness, having been
4  first duly sworn by Joshua B. Edwards, a Notary Public
5  of the State of New York, Registration No. 01ED0000628,
6  was examined and testified as follows:
7  EXAMINATION BY
8  MS. JEAN:
9      Q.   Good morning.  My name is Sabine Jean.  And
10  as I just mentioned, I'm an attorney here at Outten &
11  Golden, and I represent plaintiffs.
12          With me is my colleague Michael Scimone, who
13  is also here from Outten & Golden, representing
14  plaintiffs in this matter.
15          Can you please state and spell your name for
16  the record.
17      A.   Jennifer Fogarty, J-E-N-N-I-F-E-R
18  F-O-G-A-R-T-Y.
19      Q.   Thank you.
20          Do you understand that you are under oath and
21  that you have sworn to tell the truth here today?
22      A.   Yes.
23      Q.   So even though there's no judge or jury here,
24  your testimony has the same force and effect as if you
25  were testifying in court.  Do you understand that?



Page 137

```
 1   on all those factors that change every year.
 2       A.     Mm-hmm.
 3       Q.     What does it mean to set the targets
 4   appropriately?
 5       A.     To make sure that they are a fair measure of
 6   that associate's performance for the year.
 7       Q.     What are the targets?
 8       A.     On the first page (indicating).
 9       Q.     So the goals are also considered targets?
10       A.     I can refer to them that way.  It's the --
11   the goal is the target they want to hit for any
12   specific metric depending on what they want to be
13   rated.  I have some associates that want to be a 5.  I
14   have some associates that are happy being a 3.  It's up
15   to the individual how they want to perform.
16       Q.     Going down the page to the notes at the
17   bottom, can you explain what those notes mean, the ones
18   that say 2018 colon and 2019 colon?  Can you walk me
19   through what those mean?
20       A.     It means that different types of cases have a
21   different weighting factor.
22       Q.     What types of case have a 1.25 factor?
23       A.     In 2018, field.
24       Q.     Where are the weighted factors put into place
25   as it relates to the tables above?
```



Page 138

1  A.  It's part of the calculation into their goal
2  that's stated at the top.  Are you asking about the top
3  chart or --
4  Q.  The top chart, correct.
5  A.  Mm-hmm.  So that's part of the measurement
6  that goes into their -- how you calculate their
7  productivity.
8  Q.  Are these numbers also considered points, the
9  1.25 factor, 1.0 factor, and .75 factor?
10  A.  No, I wouldn't refer to them as points.
11  Q.  And then in 2019 the weight of each factor
12  changed.  Do you know the reason for that change?
13  A.  Since I wasn't in the office at the time this
14  was done, I don't know for sure.  But I have an idea.
15  Q.  What is your idea?
16  A.  Social media became easier in 2019 because we
17  changed the process, and the difference between desk
18  and field is really, it's innate.  It's the same
19  difference.  It's just that they changed it from 1.25
20  to 1 and 1 to .75.  Doesn't matter.  They are still .25
21  apart.  The difference is .25 from field to accommodate
22  what we call windshield time because they are driving
23  around.
24  Q.  So I understand that it's higher than desk.
25  But what I'm asking is why did it go from 1.25 to 1.0



Page 257

```
 1   seen this document before?
 2       A.    Yes.
 3       Q.    In what context have you seen this document?
 4       A.    It would have been sent out from HR when the
 5   change was being made to notify us.
 6       Q.    If you go under the title of "FAQ," the third
 7   bullet point, "Will management discontinue scheduling
 8   overtime?"  Do you see that?
 9       A.    Yes.
10       Q.    It states, "Overtime has always been
11   available based on business need."  What is "business
12   need"?
13       A.    It means if you need to have somebody work
14   overtime based on the needs of the business so that you
15   can get the work done.
16       Q.    Who determines business needs?
17       A.    Depends on who it's for or what it's relating
18   to.
19       Q.    Who determines business need for
20   investigators in New York as it relates to overtime?
21       A.    It would have depended on who the manager was
22   at the time.
23       Q.    Would the manager determine if there's a
24   business need that requires overtime?
25       A.    If an investigator or supervisor says that
```



Page 258

1  overtime is needed, then the manager and supervisor
2  would go over it and they would find the -- they would
3  look to see if there was somebody else that could help
4  and if not they could look to approve overtime.
5     Q.   How much discretion do supervisors have in
6  authorizing overtime?
7     A.   It would be different based on the office and
8  the time period and whoever their boss was and how
9  comfortable they were with their decision-making.
10    Q.   Do supervisors have discretions in
11 determining whether or not to authorize overtime?
12    A.   It depends on the office and the time period
13 and how comfortable their boss was with allowing them
14 to make those decisions on their own.
15    Q.   Do you know if supervisors who reported to
16 Bill Newport in New York in 2016 to present have
17 discretion in authorizing overtime?
18    A.   No, I don't know.
19    Q.   Do you know if GEICO has any guidance or
20 training on how to authorize overtime?
21    A.   I don't know.
22    Q.   Do you know if managers receive any training
23 on authorizing overtime?
24    A.   No.
25    Q.   Do you know if managers receive any training



Page 272

1  are timestamped once they are entered; is that correct?
2       A.    Yes.
3             MS. JEAN:  I think we have completed our
4       questions for today.  Thank you very much for
5       your time.
6             MS. RILEY:  I don't have any questions at
7       this time.  We will review and sign.
8             THE VIDEOGRAPHER:  This concludes today's
9       deposition by Jennifer Fogarty.  The time is
10      6:47 p.m.
11            (Deposition of JENNIFER FOGARTY concluded at
12      6:47 p.m.)
13
14
15
16
17
18
19
20
21
22
23
24
25



```
                                                              Page 276
 1              R E P O R T E R   C E R T I F I C A T E
 2
 3
 4         I, JOSHUA B. EDWARDS, a Notary Public for and
 5   within the State of New York, do hereby certify:
 6         That JENNIFER FOGARTY, whose examination is
 7   hereinbefore set forth, was duly sworn, and that
 8   such examination is a true record of the testimony
 9   given by that witness.
10         I further certify that I am not related to any
11   of the parties to this action by blood or by
12   marriage and that I am in no way interested in the
13   outcome of this matter.
14         IN WITNESS WHEREOF, I have hereunto set my hand
15   this 27th day of October 2024.
16
17
18         _Joshua B. Edwards_____
           JOSHUA B. EDWARDS
19         Registered Diplomate Reporter
           Certified Realtime Reporter
20         Certified Realtime Captioner
           Notary Public of the State of NY
21         Registration No. 01ED0000628
22
23
24
25
```

