# EXHIBIT 55

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| KEITH FISCHER, MICHAEL O'SULLIVAN, JOHN MOESER, LOUIS PIA, THOMAS BARDEN, CONSTANCE MANGAN, and CHARISE JONES, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOVERNMENT EMPLOYEES INSURANCE COMPANY d/b/a GEICO,<br><br>Defendant. | CASE NO. 2:23-CV-02848 (SJB) (SLT) |

## DECLARATION OF ANDREW GELDERMAN

I, Andrew Gelderman, based on my personal knowledge and pursuant to 28 U.S.C. § 1746, declare as follows:

1. I have been an employee of Government Employees Insurance Company ("GEICO" or the "Company") since 2018. I currently work for GEICO in its Special Investigations Unit ("SIU") as an SIU Supervisor.

2. I have worked for the Company as an SIU Supervisor since 2020. Prior to the nationwide restructuring of SIU in 2023, I was assigned to what was known as Region 8 within the former SIU organizational structure. The Region 8 office was located in Buffalo, New York, but investigated claims that occurred outside of New York state. The investigation of claims within New York state was handled by a different region, Region 2, located in Woodbury, New York.

3. From 2020 to 2023, I oversaw SIU investigators that worked in Massachusetts and Rhode Island and were part of former Region 8. Some investigators that worked in the Region 8 physically worked in the Buffalo office, but the cases on which they worked concerned fraud that occurred in other states, specifically the northeastern United States. For a portion of 2023 and 2024, SIU investigators that worked in upstate New York, and were formerly part of Region 2, reported to me.

4. In my role, I supervised multiple SIU investigators, including those with the job titles SIU Investigators, Security Investigators, Senior Outside Security Investigators, Outside Field Investigators, and Lead Investigators, to the best of my recollection.

5. Investigators that I supervised varied in where they worked. Some worked in the field, while others were assigned inside or "desk" roles and worked exclusively out of the office. During COVID, most everyone worked exclusively from home for some period of time.

6. From 2020 until August 2023, I reported to Patricia Woupio, who was SIU Manager for former Region 8. Beginning in or around August 2023, with the restructuring of SIU, I began reporting to, and continue to report to, Rene Cubas, Jr., an SIU Manager.

7. I have always worked, and currently work, in Massachusetts. There is no GEICO office in Massachusetts, and I worked and work 100% remote from home. I did not regularly see my investigators at an office or in the field.

**JOB RESPONSIBILITIES**

8. Since August 2023, in my current role, my job responsibilities include assigning cases to my investigators, approving cases worked, coaching and training them, auditing SIU investigator case files, approving time off requests, and participating in management meetings, among other things.

9. In approximately August 2023, due to the nationwide reorganization of GEICO, I began to supervise some investigators that were part of the former Region 2. Investigators like Michael Grey, Craig Costanzo, and others that worked in upstate New York began to report to me. At that time, I reported to SIU Manager Patricia Woupio, and that reporting relationship continued for several months.

10. At some point by early-to-mid 2024, after further SIU reorganization, I began reporting to SIU Manager Renee Cubas, Jr. Investigators that worked in upstate New York continued to report to me for a short while, but eventually they began to report to a different SIU supervisor.

## WORK HOURS / TIMEKEEPING OF SIU INVESTIGATORS

11. The investigators I supervised had a regularly work schedule of Monday through Friday, 7.75 hours per day, totaling 38.75 hours per work week.

12. My investigators determined if they needed to flex time, which if so, they would have to notify me of their proposed scheduled days and times, and I would approve their schedule and flex time.

13. Work hour flexibility was at the discretion of each investigator's supervisor in former Region 8. I almost always allowed all the investigators that I supervised to flex their work hours within each work week as they needed, as long as their weekly work hours totaled 38.75. I continue to follow the same practice with the investigators that report to me now.

14. From my conversations and interactions with investigators, I believe the investigators enjoyed the flexibility provided by this practice and many investigators took advantage of flex time by working more on Mondays, with lighter hours on Fridays. The expectation of my investigators is to flex their time instead of working overtime.

15. The investigators that report to me have always been responsible for ensuring that they properly and accurately enter all their time worked for GEICO, including all hours beyond 38.75 in a work week and all overtime hours worked over 40 in a work week. To my knowledge, my investigators used GEICO's Workday application on their phones if they were field investigators. If they were desk investigators, they would only use their desktop computer.

16. If any of the SIU investigators in any position that I supervised needed to work more than their scheduled hours in a day, they could almost always adjust their schedules by working fewer hours on another day in the same work week. I do not recall ever denying a request by any SIU investigator in any role to "flex" their hours within the same work week.

17. The investigators who reported to me sometimes worked overtime hours to complete their regular assigned casework, depending on the circumstances. The process for making an overtime request required an email outlining the work allocated to the case, which I determined required overtime and rarely denied overtime requests.

18. I always told the investigators who reported to me to always enter all of their time worked so that they could be properly compensated for all such time – including the occasions that required overtime hours worked over 40 in a given work week. In fact, I just approved one investigator's overtime request a week or two ago.

19. I never told any investigator that reported to me to work off-the-clock. I have never told investigators that report to me that they would not be paid for all their hours worked.

20. I expected and expect all investigators that reported to me to take their required lunches.

21. None of the investigators that reported to me or report to me, including Michael Grey and Craig Costanzo, ever complained about being forced to work off-the clock or not being properly paid for all of the hours they worked or submitted to GEICO as having worked.

22. I only recall one occasion in which I became aware that an investigator may have worked off the clock. That investigator was Michael Grey. I immediately addressed the issue with him, informed him that that was against GEICO policy, and provided the specific policy to him. I also instructed him to enter any hours he worked into Workday so he would be paid.

23. I have never been instructed by my managers, including Patricia Woupio, Rene Cubas, Jr., Courtney Wolfe, or anyone else at GEICO, to permit any investigator to work off the clock.

24. My managers have regularly communicated that investigators must record all of their time worked, including overtime hours.

25. GEICO forbids its employees from working off the clock.

## PARTICIPATION

26. I am providing this statement of my own free will. I have not been threatened, coerced, or in any way intimidated by GEICO or its attorneys concerning any aspect of this declaration.

27. I understand and acknowledge that GEICO will not retaliate or take any negative action against me for making this declaration or for not making this declaration, if I elect not to make it.

28. I have not been promised anything in exchange for making this declaration and understand that I will not be subject to favoritism or receive any benefit from GEICO for providing this declaration.

5

I declare under penalty of perjury that the foregoing is true and correct.

May 12, 2025
Date

*Andrew Gelderman* (DocuSigned)
Andrew Gelderman