# EXHIBIT 63

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| KEITH FISCHER, MICHAEL O'SULLIVAN, JOHN MOESER, LOUIS PIA, THOMAS BARDEN, CONSTANCE MANGAN, and CHARISE JONES, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>        v.<br><br>GOVERNMENT EMPLOYEES INSURANCE COMPANY d/b/a GEICO,<br><br>        Defendant. | CASE NO. 2:23-CV-02848 (SJB) (SLT) |

## DECLARATION OF KRISTIN SLACK

I, Kristin Slack based on my personal knowledge and pursuant to 28 U.S.C. § 1746, declare as follows:

1. I have been an employee of Government Employees Insurance Company ("GEICO" or the "Company") since 2003. I currently work for GEICO in its Special Investigations Unit ("SIU") as an SIU Internal Major Case Medical Supervisor.

2. I first joined SIU in approximately 2019 and I have worked for the Company as an SIU Internal Major Medical Case Supervisor since that time. In this role, I have supervised SIU Internal Major Medical Case Investigators.

3. Since 2019, I have always worked at the GEICO Woodbury office in Woodbury, New York and I regularly supervise approximately 6 to 8 SIU Internal Major Medical Case Investigators.

4.     The SIU Internal Major Medical Case Investigators primarily physically worked in GEICO's Woodbury office or remote from their respective homes, once COVID-19 occurred. Once COVID-19 restrictions lifted, my investigators worked and continue to work a hybrid schedule, allowing them to work from home one day a week and four days in the Woodbury office.

5.     All of the investigators who reported or report to me investigate major medical fraud cases involving primarily medical providers in downstate New York.

6.     Prior to the nationwide restructuring of SIU in 2023, I was assigned to what was known as Region 2 within the former SIU organizational structure. Region 2 was one several separate Regions in the United States within the former SIU organizational structure, and Region 2 was responsible for investigating SIU cases within New York state.

7.     In my current role, and since 2019, I have only reported to Courtney Wolfe, current SIU Major Medical Case Manager and prior SIU Major Medical Case Manager for Region 2.

8.     I currently work mostly remotely from my home on Long Island, New York, but I regularly go into GEICO's Woodbury office once per week. Prior to COVID-19, I usually worked from GEICO's Woodbury office every work day.

## JOB RESPONSIBILITIES

9.     In my current role, my job responsibilities include assigning major medical cases to my investigators, approving cases worked, coaching and training them, auditing SIU investigators' case files, approving their time off requests, and participating in management meetings, among other things.

10. Major cases are more complex and time-intensive investigations than the cases that investigators outside of the major case team investigate. Major case investigators are often investigating an entity, and various claims connected to that entity that have already been paid out. It is common for such investigations to be very time-intensive, and can sometimes take weeks or months to close out.

11. Major medical cases are typically assigned to major medical investigators on a "one-in-one-out" basis, meaning that the investigator generally has only one active case at any given time. The investigator was expected to work that case each day and, upon completion or closure of that investigation, the investigator would obtain a new case.

12. Because of the complex nature of major case investigations, the performance metrics used to assess the performance of major case investigators have been different than other investigators. Major medical cases are high-value and take a substantial amount of time, and investigators do not rush these types of investigations.

13. If someone on my team has a case in which field work tasks need to be completed, only field-based SIU investigators would be able to and did perform such tasks. I was not involved in any case field work.

14. One of the major case investigators that I supervised was Margaret "Peggy" Fischer.

## WORK HOURS / TIMEKEEPING OF SIU INVESTIGATORS

15. The investigators that reported to me had a regular work schedule of Monday through Friday, 7.75 hours per day, totaling 38.75 hours per work week.

16. My investigators generally began work between 6:30 am and 8:00 am and ended work around 3:00 pm to 5:00 pm, five-days per week, depending on their work schedule. The schedules were set by SIU Internal Major Medical Investigators.

17. Investigators are able to flex their start and end times if needed. My investigators would have to notify me of their proposed scheduled days and times, and I would approve their schedule and flex time. My investigators did not work weekends.

18. Work hour flexibility was at the discretion of each investigator's supervisor in my Region, and I almost always allowed all of the investigators that I supervised to flex their work hours within each work week as they needed, as long as the flex totaled to 38.75 a week.

19. In my experience, my investigators reported to me they enjoyed the flexibility provided by this practice.

20. My investigators have always been responsible for ensuring that they properly and accurately enter all of their time worked for GEICO, including all hours beyond 38.75 in a work week and all overtime hours worked over 40 in a work week. To my knowledge, my investigators did not use the Workday application on their phone and only utilized the Workday desktop to log their hours worked.

21. If any of the SIU investigators in any position that I supervised needed to work more than their scheduled hours in a day, they could almost always adjust their schedules by working fewer hours on another day in the same work week. I do not recall ever denying a request by any SIU investigator in any role to "flex" their hours within the same work week.

22. I do not believe that any of my investigators needed to work overtime hours to complete their regular assigned casework. SIU Internal Major Medical did not have any special projects allocated to investigators at any time from 2019 to present.

23. I always told my investigators to always enter all of their time worked so that they could be properly compensated for all such time, including the very rare occasions that required overtime hours worked over 40 in a given work week due to unique projects or circumstances.

24. I have never told any investigators who reported or report to me to work off-the-clock, and I never told any investigator that reported to me that they would not be paid for all their hours worked.

25. If I ever observed one of my investigators working outside of their scheduled shift, my practice was to ask the investigator for information and if they planned to flex time in order to work fewer hours later in the week.

26. I do not recall any complaint from any investigators, including Peggy Fischer, about being forced to work off-the clock or not being properly paid for all of the hours they worked or submitted to GEICO as having worked.

27. I have never been told by my manager, including Courtney Wolfe, or anyone else at GEICO that investigators were not permitted to log all of their hours worked into Workday, including any overtime worked.

28. GEICO forbids its employees from working off the clock.

## PARTICIPATION

29. I am providing this statement of my own free will. I have not been threatened, coerced, or in any way intimidated by GEICO or its attorneys concerning any aspect of this declaration.

30. I understand and acknowledge that GEICO will not retaliate or take any negative action against me for making this declaration or for not making this declaration, if I elect not to make it.

31. I have not been promised anything in exchange for making this declaration and understand that I will not be subject to favoritism or receive any benefit from GEICO for providing this declaration.

I declare under penalty of perjury that the foregoing is true and correct.

May 12, 2025
Date

Signed by: *Kristin Slack*
—AEEBB37C3046466...
Kristin Slack