# Exhibit 5

### Page 1

```
 1   UNITED STATES DISTRICT COURT
 2   EASTERN DISTRICT OF NEW YORK
     ----------------------------------X
 3   KEITH FISCHER, MICHAEL O'SULLIVAN,
     JOHN MOESER, LOUIS PIA, THOMAS
 4   BARDEN, CONSTANCE MANGAN, and
     CHARISE JONES, individually and on behalf
 5   of all others similarly situated,
 6          Plaintiffs,
 7                              Case No.:
                                2:23 Civ. 2848
 8                              (GRB)(ARL)
          -against-
 9
     GOVERNMENT EMPLOYEES INSURANCE
10   COMPANY d/b/a GEICO,
11          Defendants.
     -----------------------------------X
12
13
14
     DEPOSITION OF
15
16          DANIEL JOSEPH KING
17       Tuesday, January 7th, 2025
18
         Garden City, Long Island, New York
19
20
21   Reported By:
22
     Marina Dubson
23
24   Job #: J12200285
25
```

### Page 2

```
 1
 2
 3
 4
                DATE: January 7th, 2025
 5
                TIME: 10:00 a.m.
 6
 7
 8       DEPOSITION of DANIEL JOSEPH KING, an
 9   opt-in Plaintiff herein, taken by the
10   Defendant, pursuant to Federal Rules of
11   Civil Procedure, and Notice, held at
12   Esquire Deposition Solutions, 1225 Franklin
13   Avenue, Suite 325, Garden City, New York
14   11530, at the above-mentioned date and
15   time, before MARINA DUBSON, a Notary Public
16   of the State of New York.
17
18
19
20
21
22
23
24
25
```

### Page 3

```
 1   APPEARANCES:
 2
 3   OUTTEN & GOLDEN, LLP
     Attorney for Plaintiffs
 4   685 Third Avenue, 25th Floor,
     New York, New York 10017
 5   (212) 245-1000
     BY: SABINE JEAN, ESQ.
 6       Sjean@outtengolden.com
 7       JARRON MCALLISTER, ESQ.
         Jmcallister@outtengolden.com
 8
 9
10   DUANE MORRIS, LLP
     Attorney for Defendant
11   1540 Broadway, 14th Floor,
     New York, New York 10036
12   (212)471-1856
     BY: GREG SLOTNICK, ESQ.
13   Gsslotnick@duanemorris.com
14
15
     Sam Shereck, Shereck Video, videographer
16   Sshereck1@gmail.com
17
18
19
20
21
22
23
24
25
```

### Page 4

```
 1       IT IS HEREBY STIPULATED AND AGREED,
 2   by and between the attorneys for the
 3   respective parties, as follows:
 4
 5   THAT all objections, except as to the form
 6   of the questions, shall be reserved to the
 7   time of the trial;
 8
 9   THAT the within examination may be signed
10   and sworn to before any Notary Public with
11   the same force and effect as if signed and
12   sworn to before the Court;
13
14   THAT filing of the original transcript of
15   the examination is waived.
```



Page 137

1  D. King
2  show proof of when -- when my cases were
3  submitted, at what time.
4      Q.   When you say your calendar
5  book, are those the documents that we
6  talked about earlier that you produced in
7  this case?
8      A.   Yes.
9      Q.   In paragraph 12 on the same
10 page at the bottom, it -- you say, GEICO
11 required me to seek approval from my
12 supervisor to submit any hours worked above
13 38.75?
14     A.   Correct.
15     Q.   Did a supervisor tell you that?
16     A.   Well, that's what you had to
17 do.  You had to submit your -- your
18 timesheet, and if there was anything over
19 that, you -- you know, technically, I guess
20 you were supposed to say if you were going
21 to get paid, but they were not paying you
22 for it.
23     Q.   Did you ever actually submit
24 over that amount, though?
25     A.   No.

Page 138

1  D. King
2      Q.   So, how do you know that they
3  were not paying you for it?
4      A.   Well, just what my supervisor
5  told me.
6      Q.   And those were the
7  conversations with --
8      A.   Dara Campbell.
9      Q.   -- Dara Campbell that you
10 testified to earlier?
11     A.   Yeah.
12     Q.   And for those discussions with
13 Dara, was anyone else present or it was
14 just a one-on-one conversation?
15     A.   It was a one-on-one on the
16 telephone.
17     Q.   You continue, in the same
18 paragraph, it says, Dara Campbell, my
19 supervisor, frequently reiterated to me and
20 other special investigators that hours
21 above 38.75 to complete regular case work
22 would not be approved?
23     A.   Correct.
24     Q.   What other special
25 investigators are you referring to in that

Page 139

1  D. King
2  paragraph?
3      A.   Just regular investigators.
4      Q.   Can you identify who you're
5  talking about by name?
6      A.   Well, anybody who was an
7  investigator that was working for
8  Dara Campbell at that time.
9      Q.   Were you present for those
10 discussions?
11     A.   No.
12     Q.   And what do you mean by
13 frequently reiterated?
14     A.   When I would complain about
15 that, that I'm having trouble keeping up
16 with the work --
17         (Clarified by the Court
18     Reporter.)
19     A.   When I would speak to her about
20 me having trouble keeping up with my
21 caseload and saying that, you know, there's
22 not enough hours in the day for me, and
23 basically had said I am going to get
24 divorced soon because my wife was
25 complaining I'm never around even though I

Page 140

1  D. King
2  work from home.
3          She basically said we're all --
4  she did say, but I can't quote, we're all
5  in the same boat and you got to do the best
6  you can.
7      Q.   Did she say anything else on
8  that front?
9      A.   Not that I recall.
10     Q.   Do you know if any other
11 investigators complained to Dara Campbell
12 about not being able to keep up with the
13 workload like you did?
14     A.   Honestly, I don't know.
15     Q.   Did working from home during
16 the time period you couldn't go into the
17 field after March 2020, did that give you
18 any more flexibility in terms of how and
19 when you could investigate your cases?
20     A.   No.  It -- it kind of hindered
21 it because we couldn't go out.
22     Q.   Were you still required to go
23 into the field and take pictures and scene
24 canvass?
25     A.   Not in the beginning, no.



**Page 221**

1   D. King
2   THE VIDEOGRAPHER: Okay. We're
3   off the record at 3:54, and that
4   concludes the deposition.
5       (Whereupon, at 3:55 P.M., the
6   Examination of this Witness was
7   concluded.)
8
9
       _____
10          DANIEL KING
11
12  Subscribed and sworn to before me
13  this _____ day of _____ 20____.
14
       _____
15          NOTARY PUBLIC

**Page 222**

1   D. King
2           E X H I B I T S
3
4   DEFENDANT EXHIBITS
5
6   EXHIBIT     EXHIBIT                    PAGE
7   NUMBER      DESCRIPTION
8   Exhibit 1   the complaint              18
9   Exhibit 2   GEICO employee handbook    80
10  Exhibit 3   training log               92
11  Exhibit 4   Declaration of Daniel      98
12              King
13  Exhibit 5   interrogatories            173
14  Exhibit 6   second amended collective  189
15              and class action complaint
16  Exhibit 7   e-mail                     190
17  Exhibit 8   e-mail                     193
18  Exhibit 9   e-mail                     194
19  Exhibit 10  e-mail                     197
20
21
22       (*Exhibits attached to transcript.)
23
24          (Cont'd next page.)
25

**Page 223**

1   D. King
2           I N D E X
3
4   EXAMINATION BY                    PAGE
5   MR. SLOTNICK                      6
6   MS. JEAN                          212
7
8     INFORMATION AND/OR DOCUMENTS REQUESTED
9   INFORMATION AND/OR DOCUMENTS      PAGE
10  1. Request for SICM entries       219
11  2. Request for metrics            220
12  3. Request for expectations for   220
13     case investigation tasks
14
15
16      QUESTIONS MARKED FOR RULINGS
17  PAGE LINE QUESTION
18  (None)

**Page 224**

1   D. King
2           C E R T I F I C A T E
3
4   STATE OF NEW YORK     )
                          :
5   COUNTY OF RICHMOND    )
6
7       I, MARINA DUBSON, a Notary Public for
8   and within the State of New York, do hereby
9   certify:
10      That the witness whose examination is
11  hereinbefore set forth was duly sworn and
12  that such examination is a true record of
13  the testimony given by that witness.
14      I further certify that I am not
15  related to any of the parties to this
16  action by blood or by marriage and that I
17  am in no way interested in the outcome of
18  this matter.
19      IN WITNESS WHEREOF, I have hereunto
20  set my hand this 7th day of January 2025.
21
22
23              
                    MARINA DUBSON