# Exhibit 6

**Page 1**

```
 1
 2   IN THE UNITED STATES DISTRICT COURT
     FOR THE EASTERN DISTRICT OF NEW YORK
 3   -----------------------------------x
 4   KEITH FISCHER, MICHAEL O'SULLIVAN,
     JOHN MOESER, LOUIS PIA, THOMAS
 5   BARDEN, CONSTANCE MANGAN, and
     CHARISE JONES, Individually and on
 6   behalf of all others similarly
     situated,

                    Plaintiffs,
 8
        -against-              Case No.
 9                            2:23 Civ. 2848
     GOVERNMENT EMPLOYEES INSURANCE   (GRB)(ARL)
10   COMPANY d/b/a GEICO,
11                  Defendant.
12   -----------------------------------x
13              August 28, 2024
                  10:06 a.m.
14
15   ***This Transcript Contains a Confidential Section***
16
17        Videotaped Deposition of KEITH FISCHER,
18   taken by Defendant, pursuant to Notice and Agreement,
19   held at 1540 Broadway, New York, New York, before
20   Joseph R. Danyo, a Shorthand Reporter and Notary
21   Public within and for the State of New York.
22
23
24
25
```

**Page 2**

```
 1
 2   A P P E A R A N C E S :
 3      OUTTEN & GOLDEN LLP
        Attorneys for Plaintiffs
 4         1225 New York Avenue, N.W.
           Suite 1200B
 5         Washington, D.C. 20005
 6      By:   ZARKA SHABIR DSOUZA, ESQ.
              HANNAH COLE-CHU, ESQ.
 7
 8
        DUANE MORRIS LLP
 9      Attorneys for Defendant
           190 South LaSalle Street
10         Suite 3700
           Chicago, Illinois 60603
11
        By:   TIFFANY ALBERTY, ESQ.
12
13
14   Also Present:
15      ADRIENNE CHEMMEL, Videographer
16              ~oOo~
17
18
19
20
21
22
23
24
25
```

**Page 3**

```
 1              Fischer
 2        THE VIDEOGRAPHER:  Good morning.  We
 3   are now on the record.  The time is 10:06
 4   a.m. on August 28, 2024.  This begins the
 5   video deposition of Keith Fischer taken in
 6   the matter of Keith Fischer versus
 7   Government Employees Insurance Company
 8   filed in the United States District Court
 9   for the Eastern District of New York, the
10   case number of which is 2:23 Civ.
11   2848(GRB)(ARL).
12        My name is Adrienne Chemmel.  I am
13   your videographer today.  The court
14   reporter is Joe Danyo.  We are
15   representing Esquire Deposition Solutions.
16        Will everyone present please identify
17   themselves and state whom you represent,
18   after which the witness will be sworn in.
19        MS. DSOUZA:  Zarka Shabir Dsouza from
20   Outten & Golden for the Plaintiffs.
21        MS. ALBERTY:  Tiffany Alberty of
22   Duane Morris on behalf of the Defendant
23   GEICO.
24        THE VIDEOGRAPHER:  Will the court
25   reporter please swear in the witness, and
```

**Page 4**

```
 1              Fischer
 2   then, Counsel, you may proceed.
 3   K E I T H    F I S C H E R, having been first
 4   duly sworn by Joseph R. Danyo, a Notary Public,
 5   was called as a witness and testified as follows:
 6   EXAMINATION BY MS. ALBERTY:
 7        Q.  Can you please state and spell your
 8   first and last name.
 9        A.  Keith, K-e-i-t-h, Fischer,
10   F-i-s-c-h-e-r.
11        MS. ALBERTY:  Let the record reflect
12        that this is the discovery deposition of
13        Mr. Keith Fischer taken pursuant to notice
14        and by agreement of the parties.  Today's
15        deposition will be taken in accordance
16        with all applicable rules.
17        Q.  Mr. Fischer, I know I introduced
18   myself off the record, and I just stated my name
19   for the record, but I'm Tiffany Alberty.  I'm
20   counsel for GEICO, the Defendant in this case.
21        I'm going to be asking you a series
22   of questions about your background, your
23   experience at GEICO.  Before we get started, have
24   you been deposed before?
25        A.  Deposed, I mean as far as grand jury,
```



Page 85

1              Fischer
2        stamped G004265 and attachment, was so
3        marked for identification, as of this
4        date.)
5        Q.   Mr. Fischer, what has been marked in
6   front of you is Exhibit 3.  It has been marked
7   G004265.  That's the top page.  The remaining
8   pages are actually a printout of an excel
9   spreadsheet.  That's why you see the topic lines,
10  and it is chronologic.
11       Do you recall intermittently
12  throughout your employment with GEICO being
13  trained on any revisions to GEICO's policies and
14  procedures as it applied to your position as a
15  lead security investigator local 66?
16       A.   To the best of my recollection, I
17  can't say for sure.  I mean I would have to look
18  this over.  The courses that I took.
19       Q.   As you're looking at the Learning
20  Record, which is the most left column?
21       A.   Yes.
22       Q.   And it identifies, for example, the
23  associate handbook, the recreational vehicle
24  training course, the code of conduct, time and
25  labor absence request, do these topics sound

Page 86

1              Fischer
2   familiar to you?
3        A.   Yes.  Absolutely.
4        Q.   As to your participation in the
5   learning courses where it then has a completion
6   status, a record date, and a record grade, do you
7   have any reason to dispute the specific dates,
8   the policies or your pass/fail rate regarding any
9   of the trainings you participated in for GEICO's
10  policies throughout your tenure?
11       A.   No.
12       Q.   Was it your understanding from 2016
13  and until your retirement that you were required
14  to follow the overtime policy as we discussed in
15  Exhibit 2?
16       A.   Just could you repeat that?
17       Q.   Sure.  Is it your understanding that
18  from 2016 until your retirement that you were
19  required to follow the overtime policy that we
20  looked at in Exhibit 2?
21       A.   In Exhibit 2.  Yes, but, if I can
22  clarify that this was the policy set by GEICO,
23  but the practice did not follow the policy.
24       Q.   Okay.
25       A.   Just something I just want to add.

Page 87

1              Fischer
2        That's all.
3        Q.   Is it fair to say, at least from the
4   policy that's set forth in front of you, that
5   working off the clock was not allowed by GEICO?
6        MS. DSOUZA:  Objection.
7        A.   There was no contention that it was
8   ever not allowed.  I mean I was told several
9   times by my immediate supervisor Jerry Cassagne
10  that what I did after hours was up to me.  They
11  never turned off our computers as they did
12  recently to the new investigators.
13       There was no lunches.  There was no
14  breaks.  What I did in my time, I was my own
15  person, my own man, and I did whatever I had to
16  do to make sure that I completed my cases
17  following the procedures that GEICO set forth in
18  each investigation.
19       Q.   But in looking at Exhibit 2, does it
20  indicate anywhere that you can work off the
21  clock?
22       A.   That I can work off the clock?  Does
23  it say here?  No, it does not.
24       MS. DSOUZA:  Objection.
25       A.   That you gave me.

Page 88

1              Fischer
2        Q.   You said that Jerry told you to the
3   effect that you could work off the clock.  Is
4   that your testimony?
5        MS. DSOUZA:  Objection.
6        A.   We were given -- I'll answer the
7   question.  As far as Jerry is concerned, Jerry
8   knew, if not weekly, at least biweekly, that I
9   was working overtime each and every day and
10  weekends to maintain my caseload.
11       Q.   Did Jerry ever tell you to work off
12  the clock?
13       MS. DSOUZA:  Objection.
14       A.   No.  Let's clarify.  Jerry did say to
15  me numerous times you have to do what you have to
16  do to complete your work, and that's the
17  understanding I had with Jerry for over 15 years
18  or 20 years that I worked for him.
19       Q.   But to the extent that he told you
20  you need to get what you need to get done off the
21  clock, did he say anything to that degree?
22       MS. DSOUZA:  Objection.
23       A.   Not in those exact words, but it was,
24  if you have to work overtime to get your caseload
25  to where it has to be so that it's not



Page 273

```
 1              Fischer
 2        MS. ALBERTY:  Objection.
 3    A.  Yes.
 4        MS. DSOUZA:  I think that is it.
 5        MS. ALBERTY:  I don't have any
 6    further questions.  Thank you.
 7        MS. DSOUZA:  Thank you.
 8        THE VIDEOGRAPHER:  This marks the end
 9    of the deposition.  We are going off the
10     record at 5:33 p.m.
11        (Time noted:  5:33 p.m.)
12               _____
13
14  Subscribed and sworn to
15  before me this_____day of_____, 2024.
16  _____
17
18
19
20
21
22
23
24
25
```

Page 275

```
 1
 2                   I N D E X
 3  Witness      Examination by         Page
 4  KEITH FISCHER     Ms. Alberty          4
 5                    Ms. Dsouza         269
 6
 7
 8              E X H I B I T S
 9  Fischer                              Page
10  Exhibit 1  Revised Notice of Deposition of    12
            Keith Fischer
11
            Document Bates stamped G000028   82
12  Exhibit 2  through 43
13  Exhibit 3  Document Bates stamped G004265   84
            and attachment
14
            Plaintiff Keith Fischer's      109
15  Exhibit 4  Responses to the Court's
            Interrogatories and Declaration
16            of Keith Fischer
17  Exhibit 5  Second Amended Collective and   219
            Class Action Complaint
18
            Document Bates stamped         222
19  Exhibit 6  P00000490 through 494
20  Exhibit 7  Document Bates stamped 00000078   230
            through 064
21
            Document Bates stamped         240
22  Exhibit 8  P00000077
23  Exhibit 9  Plaintiff Keith Fischer's      260
            Responses and Objections to
24            Defendant's First Set of
            Interrogatories
25                  ~oOo~
```

Page 274

```
 1
 2        C E R T I F I C A T I O N
 3
 4        I, JOSEPH R. DANYO, a Shorthand Reporter
 5  and Notary Public, within and for the State of New
 6  York, do hereby certify:
 7        That I reported the proceedings in the
 8  within entitled matter, and that the within transcript
 9  is a true record of such proceedings.
10        I further certify that I am not related, by
11  blood or marriage, to any of the parties in this
12  matter and that I am in no way interested in the
13  outcome of this matter.
14        IN WITNESS WHEREOF, I have hereunto set my
15  hand this 2nd day of September, 2024.
16
17
18        JOSEPH R. DANYO
19        STATE OF NEW YORK
20        My Commission Expires 2/20/2027
21
22
23
24
25
```

Page 276

```
 1
 2        DEPOSITION ERRATA SHEET
 3  Our Assignment No. 11658332
    Case Caption: Keith Fischer v GEICO
 4
 5        DECLARATION UNDER PENALTY OF PERJURY
 6        I declare under penalty of perjury that I have
 7  read the entire transcript of my deposition taken in
 8  the above-captioned matter or the same has been read
 9  to me, and the same is true and accurate, save and
10  except for changes and/or corrections, if any, as
11  indicated by me on the DEPOSITION ERRATA SHEET
12  hereof, with the understanding that I offer these
13  changes as if still under oath.
14        Signed on the _____day of_____
15  2024.
16               _____
17                    KEITH FISCHER
18  Subscribed and sworn to on the_____day of
19  _____, 2024 before me.
20
21  _____
22  Notary Public in and for the State of New York.
23
24
25
```

