# Exhibit 7

**Page 1**

```
                UNITED STATES DISTRICT COURT
              FOR THE EASTERN DISTRICT OF NEW YORK
      ------------------------------
      KEITH FISCHER, MICHAEL
      O'SULLIVAN, JOHN MOESER, LOUIS
      PIA, THOMAS BARDEN, CONSTANCE
      MANGAN, and CHARISE JONES,
      Individually and on behalf of
      All others similarly situated,

                  Plaintiffs,

               vs.      No. 2:23 Civ. 2848(GRB)(ARL)

      GOVERNMENT EMPLOYEES INSURANCE
      COMPANY d/b/a GEICO,
                  Defendant.
      ------------------------------


           VIDEOTAPED DEPOSITION OF MICHAEL O'SULLIVAN
                       New York, New York
                   Monday, August 26, 2024




      Reported by:
      Yaffa Kaplan
      JOB NO. 11574176
```

**Page 2**

```
                      August 26, 2024
                        10:00 a.m.


            Deposition of MICHAEL O'SULLIVAN,
      held at the offices of Esquire Deposition
      Solutions, 1225 Franklin Avenue, Garden
      City, New York, pursuant to Replace, before
      Yaffa Kaplan, a Notary Public of the State
      of New York.
```

**Page 3**

```
      A P P E A R A N C E S:

           OUTTEN & GOLDEN LLP
           Attorneys for Plaintiffs
               685 Third Avenue, 25th Floor
               New York, New York 10017
           BY:   SABINE JEAN, ESQ.

           DUANE MORRIS LLP
           Attorneys for Defendant
               190 South LaSalle Street, Suite 3700
               Chicago, Illinois 60603
           BY:   TIFFANY E. ALBERTY, ESQ.


      ALSO PRESENT:
           JOSEPH BARLETTA - Videographer
```

**Page 4**

```
           IT IS HEREBY STIPULATED AND AGREED,
      by and between counsel for the respective
      parties hereto, that the filing, sealing and
      certification of the within deposition shall
      be and the same are hereby waived;
           IT IS FURTHER STIPULATED AND AGREED
      that all objections, except as to the form
      of the question, shall be reserved to the
      time of the trial;
           IT IS FURTHER STIPULATED AND AGREED
      that the within deposition may be signed
      before any Notary Public with the same force
      and effect as if signed and sworn to before
      the Court.
```



Page 65

1           M. O'Sullivan
2       So it states, "Since" -- sorry, I will
3   wait 'till you get there.
4       It states, "Since January 2020, GEICO
5   classified me and other special investigators as
6   nonexempt employees who were eligible for overtime
7   pay at one-and-one-half times my regular rate if I
8   worked over 40 hours a week."
9       Do you recall what the one-and-one-half
10  times rate would have been at that time?
11      A.  No.
12      Q.  "That said, prior to January 2020, GEICO
13  classified me and other special investigators as
14  nonexempt employees eligible for overtime pay, but
15  they used a different method of payment.  My
16  understanding of this payment method called
17  'premium pay' was that it was less than my regular
18  rate."
19      What was the premium pay amount, if you
20  know?
21      A.  No.
22      Q.  Where was that -- this -- where does
23  this information come from?
24      Meaning, the change and the payment
25  method type now called premium pay?

Page 66

1           M. O'Sullivan
2       A.  I guess it came from management.  I
3   don't --
4       Q.  Do you know as you sit here today,
5   though?  Like, who told you any of this
6   information?
7       A.  No.  I don't recall actually who
8   furnished me with that information.
9       Q.  And I am just trying to understand to do
10  a reflection, which is the premium pay versus the
11  one-and-one-half times regular rate.
12      Do you have any idea what that
13  dollar-amount difference would have been?
14      A.  I recall the premium pay was actually
15  less than regular pay.  It wasn't even
16  straight-time pay.  It was less than regular pay.
17      Q.  But do you remember what that amount
18  was?
19      A.  No, I don't.
20      Q.  Was the premium rate ever indicated on
21  your pay slips?
22      A.  I don't -- I don't know.  I don't recall
23  how it was indicated on the pay stub.
24      Q.  Do you recall seeing any type of written
25  policy regarding the premium pay that you are

Page 67

1           M. O'Sullivan
2   referencing to in paragraph number 5?
3       A.  I don't know.
4       Q.  As far as when you said management would
5   have provided you this information, as to whom in
6   management?  Do you know?
7       A.  I don't know.
8       Q.  Let's flip to Page Number 3 of your
9   declaration under paragraph 8.
10      So it states, "I only entered 7.75
11  working hours per day, five days a week, regardless
12  of how many hours I actually worked.  I only
13  entered this amount of time because I understood,
14  based on conversations with my supervisor, that
15  GEICO would not authorize overtime pay, 'just for
16  typing.'  Meaning, writing my case reports as
17  required -- as required by my job."
18      Which supervisor are you referring to in
19  paragraph number 8?
20      A.  Brian Portnoy.
21      Q.  As to paragraph number 8 for our other
22  supervisors that I believe you testified to, Dara
23  Campbell and Toni D'Agata, do you recall them
24  saying anything to this degree?
25      A.  No.

Page 68

1           M. O'Sullivan
2       Q.  When did the conversation with Brian
3   Portnoy take place about, "just for typing"?
4       A.  I don't recall a time frame.
5       Q.  Do you remember if this was over the
6   phone, via text, e-mail?
7       A.  I believe it was over the phone.
8       Q.  To your knowledge, was anyone else
9   present for this conversation?
10      A.  No.
11      Q.  Did you have any custom and practice
12  that you would record any conversations with
13  supervisors or other employees of GEICO?
14      A.  No.
15      Q.  Was this a one-time occurrence?
16      A.  Basically, yes.
17      Q.  Was there anything else substantively
18  from this conversation that you recall outside of
19  the specifically, just for typing?
20      A.  No.
21      Q.  Was the reference for just for typing
22  only allocated to the case reports that you would
23  do?
24      A.  Yes.
25      Q.  And I just want to make sure we are



MICHAEL O'SULLIVAN  
Keith Fischer, et al. vs GEICO  
August 26, 2024  
177–180

Page 177

1           M. O'Sullivan
2        MS. ALBERTY:  Objection.
3    A.   Yes.
4        MS. JEAN:  Those are all my questions.
5        MS. ALBERTY:  Just a quick follow up.
6  EXAMINATION BY
7  MS. ALBERTY:
8    Q.   On the monthly report card, was your
9  manager ever issuing those?
10   A.   No, it was done by my immediate
11 supervisor.
12       MS. ALBERTY:  Okay.  I don't have any
13    other questions.
14 RQ    MS. JEAN:  I have a few things I want to
15    state on the record in terms of follow up, and
16    we will follow up in writing as well.
17       We would like to request documents
18    regarding underlying training documents from
19    Exhibit 3.
20       Documents listing and/or describing
21    performance metrics and eligibility standards
22    and conditions to receive annual raises.
23       Documents regarding performance
24    evaluations of plaintiff Michael O'Sullivan
25    with any metrics listed, including any

Page 178

1           M. O'Sullivan
2  coaching plan.
3        Any written policy described in
4  performance evaluation metrics and/or a number
5  scale.
6        Any documents involve describing
7  caseload metrics, including time frames for
8  case assignments.
9        Any documents describing productivity
10 metrics.
11       Any monthly report cards issued by your
12 supervisors for Michael O'Sullivan.
13       Any documents for metrics that would
14 require a coaching plan.
15       And any documents referencing
16 time-in-progress compliance or TIP compliance,
17 and any metrics associated with that.
18       MS. ALBERTY:  Okay.
19       THE VIDEOGRAPHER:  I am going to sign us
20 off.
21       This concludes the video deposition of
22 Michael O'Sullivan.  The time now is
23 approximately 3:21 p.m.
24       We are off the record.
25       (Time noted: 3:21 p.m.)

Page 179

1                    M. O'Sullivan
2        _____.
3  MICHAEL O'SULLIVAN
4  
5  Subscribed and sworn to before me
6  this ___ day of _____, 2024.
7  
8  _____

Page 180

1                    M. O'Sullivan
2           C E R T I F I C A T E
3  STATE OF NEW YORK    )
4                       : ss.
5  COUNTY OF QUEENS     )
6  
7        I, YAFFA KAPLAN, a Notary Public
8     within and for the State of New York, do
9     hereby certify:
10       That MICHAEL O'SULLIVAN, the witness
11    whose deposition is hereinbefore set forth,
12    was duly sworn by me and that such
13    deposition is a true record of the
14    testimony given by the witness.
15       I further certify that I am not
16    related to any of the parties to this
17    action by blood or marriage, and that I am
18    in no way interested in the outcome of this
19    matter.
20       IN WITNESS WHEREOF, I have hereunto
21    set my hand this 3rd day of September,
22    2024.
23                       
24                       YAFFA KAPLAN
25  

