# Exhibit 9

## Page 1

```
 1
 2         UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF NEW YORK
 3   -----------------------------
     KEITH FISCHER, MICHAEL
 4   O'SULLIVAN, JOHN MOESER,
     LOUIS PIA, THOMAS BARDEN,
 5   CONSTANCE MANGAN, and CHARISE
     JONES, individually and on
 6   Behalf of all others similarly
     Situated,
 7
              Plaintiffs,
 8
          vs.                No. 23 Civ. 02848
 9                              (GRB) (ARL)
10   GOVERNMENT EMPLOYEES INSURANCE
     COMPANY d/b/a GEICO,
11
              Defendant.
12   -----------------------------
13
14
15     VIDEOTAPED DEPOSITION OF CATHERINE O'NEIL
16              New York, New York
17           Thursday, April 24, 2025
18
19
20
21
22
23   Reported by:
     Yaffa Kaplan
24   JOB NO. 12744863
25
```

## Page 2

```
 1
 2            April 24, 2025
 3            9:40 a.m.
 4
 5       Videotaped Deposition of CATHERINE
 6   O'NEIL, held at the offices of Duane
 7   Morris, 1540 Broadway, New York, New York,
 8   pursuant to Notice, before Yaffa Kaplan, a
 9   Notary Public of the State of New York.
```

## Page 3

```
 1
 2   A P P E A R A N C E S:
 3
 4       OUTTEN & GOLDEN LLP
 5       Attorneys for Plaintiffs
 6          685 Third Avenue, 25th Floor
 7          New York, New York 10017
 8       BY:   MICHAEL SCIMONE, ESQ.
 9             ZARKA DSOUZA, ESQ.
10
11       DUANE MORRIS LLP
12       Attorneys for Defendant
13          190 South LaSalle Street, Suite 3700
14          Chicago, Illinois 60603
15       BY:   GREGORY TSONIS, ESQ.
16             JUSTIN DONOHO, ESQ.,
17                    (Via videoconference)
18
19   ALSO PRESENT:
20       RICHARD MORALES - Videographer
```

## Page 4

```
 1
 2       IT IS HEREBY STIPULATED AND AGREED,
 3   by and between counsel for the respective
 4   parties hereto, that the filing, sealing and
 5   certification of the within deposition shall
 6   be and the same are hereby waived;
 7       IT IS FURTHER STIPULATED AND AGREED
 8   that all objections, except as to the form
 9   of the question, shall be reserved to the
10   time of the trial;
11       IT IS FURTHER STIPULATED AND AGREED
12   that the within deposition may be signed
13   before any Notary Public with the same force
14   and effect as if signed and sworn to before
15   the Court.
```



Page 49

1      C. O'Neil
2  Q.  Do you have an understanding as to
3  whether that data is available for 200 people?
4  A.  I don't.
5  Q.  As we said earlier, you haven't taken
6  the data that is available to you and run any
7  analysis on it.  Right?
8  A.  Right.
9  Q.  Do you have any understanding of how
10  many individuals are encompassed in the spreadsheet
11  produced and Bates-labelled G010798, that you
12  reviewed prior to your deposition?
13  A.  I don't remember.  I know it's at least
14  a handful, but not more than a dozen.
15  Q.  You don't think there is more than 12
16  people's data reflected in that spreadsheet.
17  A.  To be honest, I wasn't looking.  I
18  wasn't counting it.  I wasn't doing an analysis.
19      I was looking at the type of data it
20  was.  I was more interested in the columns than the
21  rows, once I understood that the rows corresponded
22  to people's monthly work.
23  Q.  So you talked about what a full dataset
24  would look like for the basis of this analysis.
25  But you say in paragraph 5, that "That data,

Page 50

1      C. O'Neil
2  together with testimony from special
3  investigators."
4      So I want to focus on the testimony
5  piece for a second.  What does a full dataset of
6  testimony look like?
7  A.  I mean, I think that's a lawyerly
8  question, but I would say for my -- for my
9  purposes, I just want a number.
10  Q.  Well, we talked about 200 people's worth
11  of data.  Do you similarly need, you know, 200
12  estimates of how much time was spent working off
13  the clock?
14  A.  No.
15  Q.  So what number of people would you need?
16      MR. SCIMONE:  Objection.  Go ahead.
17  A.  I mean, I could make do with one person.
18  Q.  So it's your testimony that if you had
19  solely Keith Fischer's estimate and the number of
20  hours of off-of-the-clock time that he worked, you
21  could apply that to 199 other members of a putative
22  class?
23  A.  I mean, I would be statistically more
24  comfortable if I had more.  If I had five people or
25  ten people.  As always, I want more.

Page 51

1      C. O'Neil
2      I want to -- I want to be able to trust
3  that this number is true.  It's a good
4  approximation.
5  Q.  As a mathematician, you understand that
6  the sample that you use has to be reliable.  Right?
7  A.  Yes.
8  Q.  Do you think a sample of one would be
9  reliable?
10  A.  Depends on their memory.  But I mean, I
11  would prefer more than one.
12  Q.  I guess I am asking a slightly different
13  question.
14      In the group of 200, as a mathematician,
15  would you feel comfortable building a model around
16  a sample of one?
17  A.  You have to understand that I am not
18  doing that.  Like, the overall model is using a lot
19  of data.
20      This putative model that we haven't
21  built yet, and this number that we are getting from
22  the plaintiff's testimony, is just a single
23  baseline number.
24      So I am really just looking at what
25  number -- it is an important number, I grant you

Page 52

1      C. O'Neil
2  that.  So because it's an important number, I would
3  like to have more than -- more than one person
4  testifying to it.
5  Q.  That's what I am trying to figure out.
6  Is; what is the sample that's necessary for you to,
7  you know, feel comfortable, to use your word, with
8  your model and its reliability?
9  A.  To be honest with you, I don't think
10  that's really a math question.  It -- it's a
11  question of like, maybe legal precedent, like how
12  many people need to testify about how much work
13  they actually did.  How many hours they actually
14  worked before that number is accepted.
15      I don't know what the legal precedent
16  for that is.
17  Q.  I am not asking you to opine --
18  A.  I will just say -- sorry.
19  Q.  You are okay.
20  A.  As a statistician, I would want to hear
21  a few, like three.  And if they were consistent, I
22  would be, oh, this seems to be converging to
23  something consistent.  If they were inconsistent, I
24  would be like, I would like to hear more.
25  Q.  Sure.  But as a statistician, you



### Page 253

```
 1           C. O'Neil
 2  in terms of the transcript turnaround time, so
 3  I think they placed an order with you.
 4       THE VIDEOGRAPHER:  The time is 3:44 p.m.
 5  We are off the record.
 6       (Time noted: 3:44 p.m.)
 7  _____.
 8  CATHERINE O'NEIL
 9
10  Subscribed and sworn to before me
11  this ___ day of _____, 2025.
12
13  _____
```

### Page 254

```
 1                  C. O'Neil
 2            C E R T I F I C A T E
 3  STATE OF NEW YORK   )
 4                      : ss.
 5  COUNTY OF QUEENS    )
 6
 7        I, YAFFA KAPLAN, a Notary Public
 8     within and for the State of New York, do
 9     hereby certify:
10        That CATHERINE O'NEIL, the witness
11     whose deposition is hereinbefore set forth,
12     was duly sworn by me and that such
13     deposition is a true record of the
14     testimony given by the witness.
15        I further certify that I am not
16     related to any of the parties to this
17     action by blood or marriage, and that I am
18     in no way interested in the outcome of this
19     matter.
20        IN WITNESS WHEREOF, I have hereunto
21     set my hand this 28th day of April, 2025.
22
23              _____
24                 YAFFA KAPLAN
```


### Page 255

```
 1
 2  ----------------- I N D E X ---------------
 3  WITNESS              EXAMINATION BY       PAGE
 4  Catherine O'Neil     Mr. Tsonis           6, 244
 5                       Mr. Scimone          225
 6
 7  ---------- INFORMATION REQUESTS -----------
 8  DIRECTIONS: 17, 24, 56
 9  RULINGS:
10  TO BE FURNISHED:
11  REQUESTS:
12  MOTIONS:
13  ---------------- EXHIBITS -----------------
14  EXHIBIT                                 FOR ID.
15  Exhibit 1   Subpoena                        9
16  Exhibit 2   Declaration and curriculum vitae  28
17  Exhibit 3   Interview notes                 98
```

### Page 256

```
 1
 2           DEPOSITION ERRATA SHEET
 3  Our Assignment No. 12744863
 4  CASE NAME: Fischer vs. GEICO
 5
 6    DECLARATION UNDER PENALTY OF PERJURY
 7     I declare under penalty of perjury
 8  that I have read the entire transcript of
 9  my Deposition taken in the captioned matter
10  or the same has been read to me, and
11  the same is true and accurate, same and
12  except for changes and/or corrections, if
13  any, as indicated by me on the DEPOSITION
14  ERRATA SHEET hereof, with the understanding
15  that I offer these changes as if still under
16  oath.
17  _____
18       Catherine O'Neil
19  Subscribed and sworn to on the _____ day of
20  _____, 2025 before me,
21  _____
22  Notary Public,
23  in and for the State of _____
```