# DuaneMorris®

NEW YORK
LONDON
SINGAPORE
PHILADELPHIA
CHICAGO
WASHINGTON, DC
SAN FRANCISCO
SILICON VALLEY
SAN DIEGO
LOS ANGELES
BOSTON
HOUSTON
DALLAS
FORT WORTH
AUSTIN

HANOI
HO CHI MINH CITY
SHANGHAI
ATLANTA
BALTIMORE
WILMINGTON
MIAMI
BOCA RATON
PITTSBURGH
NORTH JERSEY
LAS VEGAS
SOUTH JERSEY
SYDNEY
MYANMAR

ALLIANCES IN MEXICO

*FIRM and AFFILIATE OFFICES*

GERALD L. MAATMAN, JR.
PARTNER
DIRECT DIAL: +1 312 499 6710
PERSONAL FAX: +1 312 279 6780
*E-MAIL:* GMaatman@duanemorris.com

*www.duanemorris.com*

June 13, 2025

**VIA ECF**

Hon. Sanket J. Bulsara
United States District Judge
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

   Re:  *Fischer, et al. v. Government Employees Insurance Company*
      Case No. 2:23-CV-02848 (SJB) (SLT)

Dear Judge Bulsara:

  We represent Defendant GEICO in the above-referenced matter.

  Defendant writes pursuant to Rule VI(F), VI(H)(2), and VI(J) of the Court's Individual Practices to respectfully request (i) leave to file a *Daubert* motion as to Plaintiffs' expert, Catherine O'Neil, (ii) leave to file a motion for summary judgment on the claims of the Named Plaintiffs, and (iii) oral argument in connection with Plaintiffs' Motion for Class Certification. (ECF No. 98.) GEICO's proposed briefing schedule is attached as **Exhibit A**. Plaintiffs oppose GEICO's requests. *See* **Exhibits B-C**.

  <u>*Daubert* Motion</u>

  In support of Plaintiffs' class certification motion, Plaintiffs included two declarations from Catherine O'Neil, Plaintiffs' proffered expert, purporting to offer a methodology for calculating Plaintiffs' damages on a class-wide basis. (*See* ECF Nos. 98-64, 98-142.) Defendant must be permitted to challenge the testimony of Plaintiffs' purported expert.

  To determine whether class certification prerequisites are met, the court must conduct a "rigorous analysis," and the party seeking certification must "affirmatively demonstrate"

D<small>UANE</small> M<small>ORRIS</small> LLP

22 VANDERBILT            PHONE: +1 212 692 1000  FAX: +1 212 692 1020
335 MADISON AVENUE, 23RD FLOOR
NEW YORK, NY 10017-4669

DuaneMorris

Hon. Sanket J. Bulsara
June 13, 2025
Page 2

compliance with Rule 23. *Comcast Corp. v. Behrend*, 569 U.S. 27, 33-34 (2013) (citing *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350-51 (2011)).) As the U.S. Supreme Court has opined, *Daubert* is applicable at the class certification stage. *Dukes*, 564 U.S. at 354 ("[T]he District Court concluded that *Daubert* did not apply to expert testimony at the certification stage. . . We doubt that is so[.]"). Expert testimony that is unreliable or otherwise fails to meet the requirements set forth in *Daubert* is inadmissible. *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 593-94, 597 (1993).

Courts within the Second Circuit apply *Daubert* at the class certification stage and routinely exclude expert testimony that is unreliable or otherwise inadmissible. *In re LIBOR-Based Fin. Instruments Antitrust Litig.*, 299 F. Supp. 3d 430, 470-71 (S.D.N.Y. 2018) (collecting cases holding that "expert evidence submitted at the class certification stage is subject to the *Daubert* standard"); *Scott v Chipotle Mexican Grill, Inc.*, 315 FRD 33, 55 (S.D.N.Y. 2016) (permitting *Daubert* objections to admissibility of expert testimony at class certification stage and noting that "the Supreme Court strongly implied that *Daubert* applies to expert testimony offered at the class certification stage"); *Allegra v. Luxottica Retail N. Am.*, 341 FRD 373, 393 (E.D.N.Y. 2021) (noting that "numerous courts within the Circuit have concluded that it is proper to apply a *Daubert* analysis to motions to exclude expert evidence at the class certification stage" and collecting cases).

Consistent with Supreme Court and Second Circuit precedent, GEICO respectfully requests the Court allow it to file a *Daubert* motion demonstrating why O'Neil's testimony is not sufficiently reliable, cannot establish damages on a class-wide basis, and otherwise fails to meet the standards required by FRE 702.

Motion for Summary Judgment

GEICO's request to file a summary judgment motion concerning the Named Plaintiffs' claims is appropriate for at least three reasons.

*First*, the Court set a phased discovery schedule in this putative class and collective action, requiring the completion of merits discovery as to the named plaintiffs and current opt-in plaintiffs. (*See* April 16, 2024 Text Order.) Phase One discovery closed on January 13, 2025, thus merits discovery into the Named Plaintiffs' claims is complete. (*See* ECF No. 73). With merits discovery closed for the Named Plaintiffs, the circumstances warranting dispositive motion practice are present and should not be delayed. Rule VI(H)(2).

*Second*, the outcome of GEICO's summary judgment motion could obviate Plaintiffs' pending motion for class certification. If GEICO's motion is meritorious, there will be no need for this Court to conduct the rigorous analysis necessary to determine Plaintiffs' satisfaction of Rule 23's requirements, promoting judicial efficiency.

DuaneMorris

Hon. Sanket J. Bulsara
June 13, 2025
Page 3

*Third*, Plaintiffs' opposition to GEICO's request is meritless.  Plaintiffs' belief that GEICO's motion lacks merit – a common belief of most every litigant – is an insufficient basis to oppose GEICO's request.  The record evidence necessary to determine the merits of Plaintiffs' claims is available, and GEICO should be permitted to seek summary judgment.

<u>Oral Argument on Plaintiffs' Class Certification Motion</u>

Given the parties' reliance on expert testimony and the presence of complex factual and legal issues, oral argument will aid the Court in clarifying the record and resolving disputes regarding Rule 23's requirements.

We thank the Court for its consideration of these requests.

Respectfully submitted,

DUANE MORRIS LLP

*/s/ Gerald L. Maatman, Jr.*

Gerald L. Maatman, Jr.
Partner

GLM

cc:  All Counsel of Record (via ECF)