# EXHIBIT B

| | |
|---|---|
| **From:** | Scimone, Michael <mscimone@outtengolden.com> |
| **Sent:** | Friday, June 6, 2025 9:37 AM |
| **To:** | Tsonis, Gregory; Troy Kessler; gkaske@kesslermatura.com; McAllister, Jarron D.; Swartz, Justin M.; Jean, Sabine; DSouza, Zarka; Cowdin, Ryan C.; Geico-O&G@outtengolden.com |
| **Cc:** | S-GM-Fischer v. GEICO |
| **Subject:** | RE: Fischer, et al. v. Government Employees Insurance Company – Summary Judgment and Daubert Motions |

Greg,

We find these litigation tactics puzzling. As we've explained multiple times, Ms. O'Neil has not yet submitted an expert report. She's submitted a declaration describing in general terms how she would go about constructing a damages model that would be contained in a full report if she had access to certain data. A *Daubert* motion at this stage would be, at best, premature.

A summary judgment motion at this stage makes even less sense, and it's hard for us to see how you could have a basis for it. Your explanation below seems to suggest that you're only filing that motion because you read Judge Bulsara's rules to say that SJ motions should be filed with *Daubert* motions. Presumably Judge Bulsara does not mean that you should always file a summary judgment motion any time you file a *Daubert* motion, but rather that they should be filed together if the moving party has a basis for such a motion.

We can't see how GEICO would have a basis for SJ against the named plaintiffs, in light of the fact that they've put forward comprehensive testimony (in declaration and deposition form) that clearly makes out a *prima facie* case, which GEICO has not rebutted. Put simply, we can't see how GEICO would show that there is no way that a reasonable jury could believe that testimony, construing all facts in a light favorable to the Plaintiffs.

What's more, Judge Bulsara's rules say that "The Court strongly discourages summary judgment motions made prior to the close of all discovery, though the Court will consider such motions in exceptional circumstances." Rule VI.H.2. While the scheduling order directed the parties to take all discovery on the named Plaintiffs' claims in Phase 1, there is substantial discovery left to complete, including damages discovery. We don't think there are any "exceptional circumstances" here and invite you to explain why you think there are.

In short, these are frivolous motions. Given your proposed timing, which falls two days before our reply brief on class certification, they are also vexatious, and the only purpose they serve is to run up litigation costs. If you persist in this approach, we will express that view to the Court and ask that it bar GEICO from pursuing these motions at this time.

Mike

**Michael Scimone | Partner**

1

Outten & Golden LLP
685 Third Ave, 25th Floor| New York, NY 10017
(w) 646-825-9806
mscimone@outtengolden.com

This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender immediately and delete the message and any attachments.

**From:** Tsonis, Gregory <GTsonis@duanemorris.com>
**Sent:** Thursday, June 5, 2025 8:30 PM
**To:** Troy Kessler <tkessler@kesslermatura.com>; gkaske@kesslermatura.com; Scimone, Michael <mscimone@outtengolden.com>; McAllister, Jarron D. <JMcAllister@outtengolden.com>; Swartz, Justin M. <JSwartz@outtengolden.com>; Jean, Sabine <sjean@outtengolden.com>; DSouza, Zarka <ZDSouza@outtengolden.com>; Cowdin, Ryan C. <RCowdin@outtengolden.com>; Geico-O&G@outtengolden.com <Geico-OG@outtengolden.com>
**Cc:** S-GM-Fischer v. GEICO <S-GM-FischervGEICO@duanemorris.com>
**Subject:** [EXTERNAL] Fischer, et al. v. Government Employees Insurance Company – Summary Judgment and Daubert Motions

### RE:    Fischer, et al. v. Government Employees Insurance Company – Summary Judgment and Daubert Motions
         Case No. 23-CV-02848 (E.D.N.Y.)

Counsel –

We write regarding Defendant's intent to file (i) a *Daubert* motion to exclude the declaration and testimony of Catherine O'Neal, and (ii) a motion for summary judgment as to the Named Plaintiffs' claims.

As you know, Phase One discovery for the Named (and current Opt-In) Plaintiffs is complete. The Court's Order setting forth the Phased Discovery Schedule states that in Phase One: "The parties will complete all merits discovery with respect to named plaintiffs and any of the 26 opt-in plaintiffs who reside in New York by September 13, 2024 in phase one." The Court's rules require that *Daubert* motions be filed with summary judgment motions and on the same briefing schedule. (Rule VI; "Civil Case Practices at a Glance" at v.)

Defendant proposes the following schedule:

Defendant's *Daubert* Motion and Motion for Summary Judgment due:  June 18, 2025
Plaintiffs' Response to Motion to Exclude and Response to Motion for Summary judgment due:  July 16, 2025
Defendant's Reply in Support of Motion to Exclude and Reply in Support of Motion for Summary Judgment due:  August 13, 2025

The class certification briefing schedule would remain unaffected.

Absent an agreement on bundling and a briefing schedule by Monday, June 9, we intend to file a letter with the Court with a proposed briefing schedule and letter supporting dispositive motion practice as to the Named Plaintiffs, and a *Daubert* motion, given the close of merits discovery on their claims.

Please advise as to Plaintiffs' position as soon as possible. Thank you.

Regards,

Greg


**Gregory Tsonis**
Partner

Duane Morris LLP
190 South LaSalle Street, Suite 3700
Chicago, IL 60603-3433

**P:** +1 312 499 6779
**F:** +1 312 896 5652

GTsonis@duanemorris.com
www.duanemorris.com

Visit www.duanemorrisinstitute.com for information on training on employment, labor, benefits and immigration.

For more information about Duane Morris, please visit https://www.DuaneMorris.com

Confidentiality Notice: This electronic mail transmission is privileged and confidential and is intended only for the review of the party to whom it is addressed. If you have received this transmission in error, please immediately return it to the sender. Unintended transmission shall not constitute waiver of the attorney-client or any other privilege.