**Outten & Golden LLP**

*Advocates for Workplace Fairness*

June 18, 2025

**Via CM/ECF**
The Honorable Sanket J. Bulsara
United States District Court for the
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

      Re:    *Keith Fischer, et al. v. Gov't Emps. Ins. Co.*,
               Case No. 2:23-cv-02848 (SJB) (SLT)

Dear Judge Bulsara:

We represent Plaintiffs in the above matter. GEICO's request for leave to file premature *Daubert* and summary judgment motions should be denied. Plaintiffs are amenable to oral argument on their motion for class certification if the Court deems it necessary.

### *Daubert* Motion

GEICO's proposed *Daubert* motion is premature because Plaintiffs have not served an expert report. Plaintiffs submitted two declarations from an expert witness, Dr. Catherine O'Neil, that describe in general terms the damages report and analysis she *intends* to submit, on the schedule set by the Court, using data GEICO has not yet produced.[1] Docket Entry ("DE") 98-64 ¶ 5. The operative scheduling order in this case organizes discovery in phases. *See* April 16, 2024 Text Order. The case is now in Phase Two; discovery on damages, including expert discovery, is to take place in Phase Three. *Id.*[2]

Although Dr. O'Neil's declarations clearly state that her analysis and exact methodology will depend on reviewing data that GEICO has not yet produced, GEICO has already submitted a declaration from its own expert and argued that Dr. O'Neil's proposed methodology would not be reliable (if it were before the Court) in its class certification papers. DE 98-66, at 34-35. Allowing GEICO to extend those arguments in the form of a premature *Daubert* motion would waste the Court and the Parties' resources. Even if the Court struck Dr. O'Neil's declarations, her later report would be subject to a second *Daubert* motion (which GEICO would surely file). *See Scott v. Chipotle Mexican Grill*, 315 FRD 33, 55 (S.D.N.Y. 2016) ("[T]he scope of the

---

[1] Plaintiffs served GEICO with a request for data that would be needed for Dr. O'Neil's damages report on May 15, 2025. GEICO responded with various objections on June 16, stating that it was withholding the requested data and inviting conferral.

[2] Although no expert report has been produced, Plaintiffs produced Dr. O'Neil for a deposition of over four hours on April 25 at GEICO's request.

Hon. Sanket J. Bulsara
June 18, 2025
Page 2 of 2

*Daubert* analysis is cabined . . . at this stage . . . to whether or not the expert reports are admissible to establish the requirements of Rule 23." (cleaned up)).

**Summary Judgment**

GEICO's request to file an early partial summary judgment motion is equally wasteful. Even if it could be granted, that motion would not "obviate" the Motion for Class Certification because 25 Plaintiffs have already opted into this case and are before the Court; notice is set to issue, and more Plaintiffs will presumably join over the next 60 days. The Court would have to dismiss those claims to dispose of the case, and any one of the remaining Plaintiffs could replace the current named Plaintiffs as class representatives. *Nunez v. BAE Systems San Diego Ship Repair Inc.*, 292 F. Supp. 3d 1018, 1058 (S.D. Cal. 2017) ("Courts have the inherent power to replace class representatives.") (collecting cases); *Aguilar v. Advanced MEPF Servs. Corp.*, No. 19 Civ. 5014, 2022 WL 598148, at *3 (E.D.N.Y. Jan. 20, 2022) (substituting named plaintiff with opt-in plaintiff is "particularly simple").

And it is hard to see how such a motion *could* be meritorious. Plaintiffs have testified that they worked off the clock without overtime pay, and that GEICO knew it. DE 98-1, at 20-21. Any evidence GEICO could submit would only dispute that testimony; no evidence that GEICO has produced establishes an *absence* any material facts in dispute; nor has GEICO proffered any defense.

Far from "exceptional circumstances" that would justify a summary judgment motion prior to the close of all discovery, GEICO shows *no* ground for such a motion. J. Bulsara Rule VI(H)(2). It appears that GEICO simply wishes to file a tactical motion to further extend the briefing on class certification, again to the detriment of the Court's and the parties' resources. That exercise should be denied.

**Oral Argument**

GEICO has not established a basis for oral argument, besides a conclusory statement that the issues are "complex." *See* J. Bulsara Rule VI(F); DE 100 at 3. Plaintiffs disagree, but do not object to scheduling oral argument if the Court deems it helpful. To avoid wasting resources, Plaintiffs suggest that the Court determine the need for oral argument after reviewing the papers.

Respectfully submitted,

Michael J. Scimone

C:   All Counsel of Record (via ECF)