# EXHIBIT I

```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - )
KEITH FISCHER, MICHAEL O'SULLIVAN, )
JOHN MOESER, LOUIS PIA, THOMAS     ) Case No.:
BARDEN, CONSTANCE MANGAN, and      ) 2:23 Civ. 2848
CHARISE JONES, individually and    ) (GRB) (ARL)
on behalf of all others similarly  )
situated,                          )
              Plaintiffs,          )
     - v -                         )
GOVERNMENT EMPLOYEES INSURANCE     )
COMPANY d/b/a GEICO,               )
              Defendant.           )
- - - - - - - - - - - - - - - - - - )


     REMOTE VIDEOTAPED DEPOSITION OF MICHAEL REED




Reported by:
Kim M. Brantley
Job No: J12200420
```



800.211.DEPO (3376)
EsquireSolutions.com

```
 1                       MICHAEL REED
 2                  Wednesday, January 8, 2025
 3
 4      Remote videotaped deposition of MICHAEL REED,
 5  held via Zoom, before Kim M. Brantley, Court
 6  Reporter and Notary Public of the State of New
 7  York.
 8
 9  APPEARANCES:
10  On behalf of the Plaintiffs:
11       OUTTEN & GOLDEN, LLP
12       685 Third Avenue - 25th Floor
13       New York, NY, 10017
14       (212) 245-1000
15       Email: jmcallister@outtengolden.com
16              sjean@outtengolden.com
17       BY:  JARRON D. MCALLISTER, ESQUIRE
18            SABINE JEAN, ESQUIRE
19
20
21
22
23
24
25
```



```
1                     MICHAEL REED
2    APPEARANCES CONTINUED:
3    On behalf of the Defendant GEICO:
4         DUANE MORRIS, LLP
5         190 South LaSalle Street - Suite 3700
6         Chicago, Illinois 60603
7         (312) 499-0198
8         Email: tealberty@duanemorris.com
9    BY:  TIFFANY ALBERTY, ESQUIRE
10
11   ALSO PRESENT:
12        ROBERT PACHECO, Legal Video Specialist
13        Esquire Deposition Solutions
14
15
16
17
18
19
20
21
22
23
24
25
```



```
1                        MICHAEL REED
2              P R O C E E D I N G S
3              THE LEGAL VIDEO SPECIALIST:  We are now
4    on the video record.  Today's date is January the
5    8th, 2025.  The time is 10:03 a.m., Eastern
6    Standard Time.  This begins the videoconference
7    deposition of Mr. Michael Reed in the matter of --
8    in the matter of Keith Fischer, et al., Plaintiff,
9    vs. Government Employees Insurance Company, doing
10   business as GEICO, Defendant, to be heard in the
11   United States District Court for the Eastern
12   District of New York, case number 2232848.
13             My name is Robert Pacheco.  I am the
14   remote videographer.  Your court reporter today is
15   going to be Miss Kim Brantley, both representing
16   Esquire Deposition Solutions.
17             Would counsel please introduce
18   yourselves and your affiliation, and the witness
19   will be sworn in.
20             MR. MCALLISTER:  Good morning.  My name
21        is Jarron McAllister.  I'm an attorney at
22        Outten & Golden, and I'm here with my
23        colleague, Sabine Jean.
24             MS. ALBERTY:  And Tiffany Alberty on
25        behalf of the defendant, GEICO.
```



```
 1                    MICHAEL REED
 2   Whereupon,
 3                    MICHAEL REED
 4   called as a witness by counsel for Defendant, and
 5   after having been first duly sworn, was examined
 6   and testified as follows:
 7           EXAMINATION BY COUNSEL FOR DEFENDANT:
 8                  BY MS. ALBERTY:
 9       Q.   Mr. Reed, can you please state and
10   spell your name for the court reporter.
11       A.   Sure.  First name is Michael,
12   M-i-c-h-a-e-l, with a middle initial of N, and the
13   last name is Reed, R-e-e-d.
14           MS. ALBERTY:  Let the record reflect
15       that this is the discovery deposition of Mr.
16       Michael N. Reed, taken pursuant to notice and
17       by agreement of the parties.  Today's
18       deposition will be taken in accordance with
19       all applicable rules.
20   BY MR. ALBERTY:
21       Q.   Mr. Reed, I know that we went through
22   you some preliminary things where you had seen me,
23   but my name is Tiffany Alberty.  I represent the
24   defendants GEICO in this matter.  Today I'm going
25   to be taking your deposition and asking you a
```



```
                      MICHAEL REED
```

|   |   |
|---|---|
| 2 | far east as Rochester and Fairfield. |
| 3 | Q.  Was that considered, to your |
| 4 | recollection, region two? |
| 5 | A.  That is through region two, yes. |
| 6 | Q.  The allegations in this case have |
| 7 | stemmed from 2016 to present, and because of your |
| 8 | long tenure with GEICO a lot of my questions are |
| 9 | going to be more geared towards that time frame. |
| 10 | With regard to your matters that you |
| 11 | handled from 2016 until your retirement, were |
| 12 | those always within New York State? |
| 13 | A.  There were times where I was required |
| 14 | to go to Canada, and there were times where I was |
| 15 | required to go to Pennsylvania, but those claims |
| 16 | were based out of New York. |
| 17 | Q.  All right.  Aside from region two, did |
| 18 | you work with any other region? |
| 19 | A.  No, I did not. |
| 20 | Q.  Ultimately when your employment ended |
| 21 | around March or April of 2023, what was the reason |
| 22 | why you left GEICO? |
| 23 | A.  I left GEICO because of the -- the work |
| 24 | conditions, the stress of the job. ████████ |
| 25 | ████████████████████████████████████████████ |



```
 1                     MICHAEL REED
 2              I mean, a PIP case may require a scene
 3    investigation on one but not on another.
 4         Q.   Did this kind of go back then to one of
 5    the duties and responsibilities that you spoke
 6    about, which is to formulate a plan of action
 7    dependent upon the type of claim and issues
 8    asserted by the examiner and yourself?
 9         A.   Yeah.  It depended upon the type of
10    claim, the type of incident, whether or not a
11    scene canvas was conducted.
12              Every -- every case was different
13    because there was different circumstances.  And
14    sometimes there was no scene that we knew of, or
15    they could not provide us with a specific address.
16         Q.   Did all of these types of claims
17    require obtaining police reports?
18         A.   Not all of them, no.
19         Q.   Did all of these types of claims
20    require conducting EUOs?
21         A.   No, not all of them.
22         Q.   For all of these types of claims, did
23    the reports have any type of page length
24    requirement when you would submit your findings?
25         A.   Page -- what do you --
```



```
 1                    MICHAEL REED
 2       Q.   Sure.  So, I'll give you an example.
 3       A.   Okay.
 4       Q.   If you had an arson matter that was
 5  assigned to you to do your report of findings, you
 6  were required to do three pages for your
 7  findings --
 8       A.   No.
 9       Q.   -- to that degree.
10       A.   The -- my investigation could be one
11  page to fifteen pages, depending upon the
12  information that I discovered.  And those are just
13  round -- I mean, that's just numbers I'm throwing
14  out.  I'm not specific to one or fifteen.
15       Q.   How long would it take to investigate
16  any of these types of claims we just spoke about?
17       A.   How long?
18       Q.   Yes.
19       A.   Each case was different.
20       Q.   Could some take twenty-four hours?
21       A.   Some could take twenty-four hours, and
22  some could take several days.
23       Q.   Did you ever have investigations that
24  would last longer than say for example six months?
25       A.   If EUOs were required, yes, that's
```



1            MICHAEL REED
2  quite possible.
3       Q.   Did you have matters with which
4  attorneys, counsel, was involved?
5       A.   Yes.
6       Q.   And with investigations that would last
7  we'll say six months, was that common or rare?
8       A.   It -- once again, it's hard to say.
9            A case could take longer if you had a
10 personal injury claim, or a possible jump-in on an
11 insured vehicle where you had four people or five
12 people in a vehicle that you needed to interview,
13 and they were all represented by counsel.  So you
14 have maybe five different attorneys.  So five
15 different attorneys needing to schedule five
16 different statements for five different attorneys
17 in five different attorneys' office, after those
18 statements are conducted, if there's any questions
19 or any concerns, then all of those may have to go
20 to five different EUOs.  Five different EUOs are
21 conducted and, as you know, there's two chances
22 for each person for an EUO.  So, if you have five
23 persons, they don't show up for the first EUO,
24 then you have to reschedule a second EUO.
25            So, it's quite possible that some of



1      MICHAEL REED
2  concludes today's videotaped deposition.  The
3  time is 2:57 p.m.  Going off the record now.
4      (Whereupon at 2:57 p.m. the videotaped
5  deposition of Michael Reed concluded.)



```
 1
 2                    C E R T I F I C A T E
 3    STATE OF NEW YORK     )
 4                          : Ss.
 5    COUNTY OF NEW YORK    )
 6              I, Kim M. Brantley, Shorthand
 7    Reporter, and Notary Public within and for the
 8    State of New York, do hereby certify:
 9              That MICHAEL REED, the witness whose
10    deposition is hereinbefore set forth, was duly
11    sworn by me and that such deposition is a true
12    record of the testimony given by the witness.
13              I further certify that I am not related
14    to any of the parties to this action by blood or
15    marriage, and that I am in no way interested in
16    the outcome of this matter.
17              IN WITNESS WHEREOF, I have hereunto set
18    my hand this 20th day of January, 2025.
19
20                    _____
21                         Kim M. Brantley
22
23
24    My Commission expires May 31, 2026.
25
```

