IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| KEITH FISCHER, MICHAEL O'SULLIVAN, JOHN MOESER, LOUIS PIA, THOMAS BARDEN, CONSTANCE MANGAN, and CHARISE JONES, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOVERNMENT EMPLOYEES INSURANCE COMPANY,<br><br>Defendant. | Case No. 2:23-CV-02848<br><br>District Judge Sanket J. Bulsara<br><br>Magistrate Judge Steven L. Tiscione |

**<u>DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO SEAL</u>**

Pursuant to District Judge Bulsara's Individual Practices (Civil), Rule III(G), Defendant Government Employees Insurance Company ("GEICO" or "Defendant") hereby respectfully submits this Memorandum of Law in Support of its Motion to Seal (the "Motion").

Defendant certifies that it conferred with Plaintiffs' counsel on August 27, 2025, prior to filing the Motion, regarding its requests to seal and redact materials, reaching agreement on most requests.

**<u>INTRODUCTION</u>**

On July 9, 2025, the Court issued a Text Order granting GEICO's July 8, 2025 request for, *inter alia*, a proposed briefing schedule for GEICO's Motion to Exclude the Testimony of Catherine O'Neil. Docket Entry No. 105. (the "Motion to Exclude.") In connection with Defendant's contemporaneous filing of the fully-briefed Motion to Exclude, Defendant now respectfully requests the Court seal certain documents attached as exhibits to the Motion to Exclude. As explained below, GEICO satisfies the applicable legal standard to seal all requested

1

materials given the nature of GEICO's business, how the documents' public disclosure would adversely impact it, and the sensitive personal and confidential nature of Plaintiffs' testimony.

*First*, Exhibits G, H, I, and K, excerpts of deposition transcript testimony of Named or Opt-In Plaintiffs, contain sensitive personal and confidential information relating to each respective Plaintiff, including addresses and medical conditions. Such redactions are recognized as appropriate by courts, and the parties agree that these documents are properly redacted and filed under seal.

*Second*, Defendant seeks to file under seal Exhibit F to its Motion to Exclude. Exhibit F to the Motion to Exclude is a highly-sensitive document that GEICO produced in discovery that includes data from GEICO's Special Investigation Case Management ("SICM") system, among other data. Exhibit F contains confidential information regarding GEICO's business operations and confidential and competitively sensitive information related to the operations of GEICO's Special Investigation Unit ("SIU") that competitors could use to gain a competitive advantage over GEICO, or that the public could use to avoid GEICO's detection of insurance fraud. Plaintiffs do not oppose Defendant's request to seal Exhibit F in its entirety.

*Third*, Defendant seeks to seal seven pages of testimony from Named Plaintiff Keith Fischer, attached as Exhibit J to Defendant's Motion to Exclude, that discuss the sources, methods, and tactics used by SIU to investigate cases of potential fraud. Defendant believes that such information would reveal confidential business secrets and provide the public with access to sensitive, internal SIU practices specifically developed over time and undertaken by SIU investigators to investigate, prevent, and resolve potentially fraudulent insurance fraud claims. Plaintiffs may oppose Defendant's proposed redactions to Exhibit J.

## LEGAL STANDARD

In assessing whether sealing is appropriate, courts in the Second Circuit consider: (1) whether the documents at issue are "judicial documents"; (2) if so, the weight of the presumption of public access attaching to any such document; and (3) whether any countervailing factors outweigh the right of public access. *Lugosch v. Pyramid Co.*, 435 F.3d 110, 119-20 (2d Cir. 2006). To protect parties from the potential harm of public access to competitive and sensitive business information, district courts in the Second Circuit exercise discretion to seal such information notwithstanding the public interest in open court proceedings. *See, e.g.*, *Std. Inv. Chtd., Inc. v. Fin. Indus. Regulatory Auth., Ind.*, 347 F App'x 615, 617 (2d Cir. 2009) (holding, *inter alia*, that district court did not abuse its discretion in granting motion to seal and protect from public disclosure "confidential business information").

As demonstrated below, Defendant provides compelling reasons justifying sealing and satisfies the applicable standard with respect to the limited documents it seeks to file under seal. Accordingly, the Court should grant GEICO's Motion.

## ARGUMENT

**I.   COMPELLING REASONS EXIST FOR SEALING GEICO'S RECORDS IN THEIR ENTIRETY AND PORTIONS OF PLAINTIFFS' DEPOSITION TESTIMONY**

**A.   Plaintiffs' Personal and Medical Information**

The Court should grant GEICO's Motion to seal Exhibits G, H, I and K to the extent they contain sensitive personal and confidential information relating to each respective Plaintiff.

"When evaluating privacy interests, 'courts should first consider the degree to which the subject matter is traditionally considered private rather than public.' *Dawson v. Merck & Co.*, (No. 12-CV-1876 (BMC) (PK), 2021 U.S. Dist. LEXIS 12725, at *22-23 (E.D.N.Y. Jan. 24, 2021

3

(citing *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)). Privacy interests "are generally limited to documents containing medical or psychological information about the named individual ... [or] bank account numbers, [S]ocial [S]ecurity numbers and information the disclosure of which could raise a personal safety issue. *Id*. (citing *US, Inc. v. Glenmark Generics, Inc.*, No. 08-CV-5023 CBA, 2010 WL 889799, at *8 (E.D.N.Y. Mar. 8, 2010) (alterations in original, internal quotations omitted).

Here, the documents submitted in support of GEICO's Motion to Exclude are judicial documents "relevant to the performance of the judicial function and useful in the judicial process." *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995). Plaintiffs' deposition testimony excerpts contain confidential and sensitive personal information implicating Plaintiffs' privacy interests, including personal addresses and medical information. (Declaration of Gerald L. Maatman, Jr. ("Maatman Decl.") ¶¶ 8-10, 13) (attached hereto as Exhibit 1). The excerpts of GEICO's deposition testimony exhibits include medical information and identification of personal residence addresses, and are thus appropriate for sealing based on Plaintiffs' privacy interests in avoiding public access to such information.

      **B.**    **GEICO's Business Records and Testimony Describing SIU's Operations**

The Court should also grant GEICO's Motion and seal its confidential and proprietary information, contained in Exhibits F and J to the Motion to Exclude.

The presumption of public access may be rebutted "where a party seeks to redact specific information about the party's 'specific business information and strategies, which, if revealed, may provide valuable insights [to competitors]' and the proposed redactions are narrowly tailored to protect against competitive harm." *Binh Thanh Import Export Prod. & Trade Joint Co. v. Amazon.com Servs. LLC*, No. 23-CV-292 (LGS), 2025 U.S. Dist. LEXIS 153985, at *10 (S.D.N.Y.

Aug. 8, 2025) (citing *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015)).

The public filing of Exhibit F would harm GEICO in the markets in which it competes and reveal confidential and proprietary business secrets and provide the public with access to indicators, sources, and methods GEICO uses to determine the existence of insurance fraud. (Maatman Decl. ¶¶ 5-7.) Similar corporate records containing sensitive business information have been sealed in similar situations by courts in this Circuit. *Standard Inv. Chartered, Inc.*, 347 F. App'x 615, 617 (2d Cir. 2009) (finding that presumption of public access was overcome when disclosure would subject a party to financial harm and cause significant competitive disadvantage); *see also Head Sport GmbH v. Up Town Sport, Inc.*, No. 23-CV-10172 (LAK) (RFT), 2024 U.S. Dist. LEXIS 16534, at *6-8 (S.D.N.Y. Jan. 26, 2024) (granting motion to seal commercially sensitive and confidential information); *Dawson*, 2021 U.S. Dist. LEXIS 12725, at *20 (E.D.N.Y. Jan. 24, 2021) ("[h]igher values that weigh in favor of sealing include, among other things, confidential business information") (citing *Standard Inv. Chartered, Inc.*, 347 F. App'x 615, 617 (2d Cir. 2009)).

Compelling reasons for sealing exist due to the potential damage caused by public access to this information. Publicizing Defendant's Exhibit F would not only harm GEICO competitively in the current insurance markets, but also negatively impact its business by providing public access to, *inter alia*, GEICO's internal metrics regarding the identification, investigation, and resolution of potential insurance fraud. (Maatman Decl. ¶¶ 5-7.) GEICO's request to seal Exhibit F is also justified because alternatives to sealing, such as redaction, would not provide sufficient protection to the confidential and sensitive information therein. The SICM Report describes a wide range of categories of data and fraud investigation activities that GEICO has developed over time to advance its position in the marketplace and to investigate and identify insurance fraud committed

5

by members of the public. (*Id.*) Redacting the SICM Report would be time-intensive and disproportionate to the public's need to know such information. It would not be practical to require GEICO to redact this document, and Defendant has demonstrated that anything less than sealing the information in the SICM Report is insufficient to protect it from disclosure or impractical under the circumstances and, therefore, should not be required.

      Finally, the Court should grant GEICO's Motion to seal Exhibit J to Defendant's Motion to Exclude, specifically seven pages of the deposition testimony of Named Plaintiff Keith Fischer. Compelling reasons exist for sealing Exhibit J as the pages GEICO requests that the Court permit to be sealed clearly and specifically describe in detail the sources, methods, and tactics used within SIU to investigate potentially fraudulent insurance claims. Such non-public details are highly confidential within GEICO and disclosure would provide the public with confidential investigative methodologies developed by GEICO and could hinder GEICO's ability to detect, prevent, investigate, and resolve incidents of insurance fraud. (Maatman Decl. ¶¶ 11-12.) Such confidential business information is precisely the type of "[h]igher value[]" information that weighs in favor of sealing. *Dawson*, 2021 U.S. Dist. LEXIS 12725, at *20 (E.D.N.Y. Jan. 24, 2021).

## **CONCLUSION**

      Based on the confidential and private nature of the information requested to be sealed and Defendant's focus on narrowly sealing or redacting only a limited number of documents, the public's interest is not undermined by allowing Defendant's limited requested sealing here. For the foregoing reasons, GEICO respectfully requests that the Court grant its motion and permit the documents described herein to remain sealed.

| | |
|---|---|
| **DATED:  August 27, 2025** | Respectfully submitted, |

                                                */s/ Gerald L. Maatman, Jr.*

Gerald L. Maatman, Jr.
gmaatman@duanemorris.com
Jennifer A. Riley
jariley@duanemorris.com
Gregory Tsonis
gtsonis@duanemorris.com
Justin Donoho
jrdonoho@duanemorris.com
DUANE MORRIS LLP
190 S. LaSalle Street, Suite 3700
Chicago, IL  60603
Telephone: (312) 499-6700
Fax:  (312) 499-6701

Gregory S. Slotnick
gsslotnick@duanemorris.com
DUANE MORRIS LLP
22 Vanderbilt
335 Madison Avenue, 23rd Floor
New York, New York 10017
Telephone: (212) 471-1856
Fax:  (212) 202-5384
*Attorneys for Defendant Government Employees Insurance Company*

## CERTIFICATE OF SERVICE

I, Gerald L. Maatman, Jr., hereby certify that on August 27, 2025, I caused a true and correct copy of the foregoing to be served on counsel of record via email and through filing on the Court's Electronic Court Filing ("ECF") system.

*/s/ Gerald L. Maatman, Jr.*

Gerald L. Maatman, Jr.
