# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| KEITH FISCHER, MICHAEL O'SULLIVAN, JOHN MOESER, LOUIS PIA, THOMAS BARDEN, CONSTANCE MANGAN, and CHARISE JONES, individually and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br><br>      v.<br><br>GOVERNMENT EMPLOYEES INSURANCE COMPANY,<br><br>      Defendant. | Case No. 2:23-CV-02848<br><br>District Judge Sanket J. Bulsara<br><br>Magistrate Judge Steven L. Tiscione |

## CERTIFICATION OF GERALD L. MAATMAN, JR.

I, Gerald L. Maatman, Jr., based on my personal knowledge and pursuant to 28 U.S.C. § 1746, make this Certification in support of defendant Government Employees Insurance Company ("Defendant" or "GEICO")'s Motion to Seal (the "Motion"), and state as follows:

1. I am a partner at the firm of Duane Morris LLP in Chicago, Illinois and lead counsel for Defendant in the above-captioned action. In my role as lead counsel, I routinely speak with employees of Defendant, understand GEICO's relevant business operations, and am familiar with the documents produced in this litigation.

2. I make this certification in support of Defendant's Motion to Seal, filed contemporaneously with Defendant's Motion to Exclude the Testimony of Catherine O'Neil.

3. I have personal knowledge of the matters set forth herein and would so testify if called as a witness at trial.

4. I certify that the parties conferred on August 27, 2025 regarding Defendant's requested relief through its filing of the Motion and that the parties reached agreement through

such conferral with Plaintiffs consenting to the scope of Defendant's requested relief as detailed in the Motion to Seal.

5. Exhibit F attached to Defendant's Motion to Exclude is an Excel spreadsheet produced by GEICO reflecting data in GEICO's Special Investigation Case Management ("SICM") system, which O'Neil refers to as the "SICM Report," bates-stamped G010798.

6. From my conversations with employees of Defendant, I understand that Exhibit F contains highly confidential information regarding GEICO's business operations as well as confidential and competitively sensitive information that includes metrics and other data relating to GEICO's Special Investigations Unit ("SIU"), a division of GEICO's business that investigates potential fraud.

7. GEICO maintains the information in Exhibit F as confidential in the ordinary course of business. I understand that if Exhibit F were to be made public, GEICO's competitors could use the information contained within to potentially gain a competitive advantage over GEICO, particularly in the New York market, and that the public could discern information that would make it easier to file fraudulent claims.

8. Exhibit G attached to Defendant's Motion to Exclude is an excerpt of the deposition transcript of Plaintiff Louis Caniglia Jr.. Defendant's proposed redactions to Caniglia Jr.'s deposition transcript concern only his residential address.

9. Exhibit H attached to Defendant's Motion to Exclude is an excerpt of the deposition transcript of Plaintiff Michael Grey. Defendant's redactions to Grey's deposition transcript concern only his residential address.

10. Exhibit I attached to Defendant's Motion to Exclude is an excerpt of the deposition transcript of Plaintiff Michael Reed. Defendant's proposed redactions to Reed's deposition transcript concern only testimony as to a medical condition.

11. Exhibit J attached to Defendant's Motion to Exclude is an excerpt of the deposition transcript of Plaintiff Keith Fischer. Defendant's proposed redactions to Fischer's deposition transcript concern the sources, methods, and tactics used by Fischer to investigate various types of potential fraud.

12. From my conversations with employees of Defendant, I understand that Exhibit J contains highly confidential information regarding GEICO's business operations as well as confidential and competitively sensitive information regarding how SIU investigates potential fraud. GEICO maintains the information described in Exhibit J as confidential in the ordinary course of business. If Exhibit J were to be made public, I understand that the information contained in Exhibit J would allow individuals to gain insight into how GEICO investigates potentially fraudulent insurance claims, making it more difficult for GEICO to prevent, detect, and resolve potentially fraudulent insurance claims.

13. Exhibit K attached to Defendant's Motion to Exclude is an excerpt of the deposition transcript of Plaintiff Margaret "Peggy" Fischer. Defendant's proposed redactions to Fischer's deposition transcript concern only her residential address.

I declare under penalty of perjury that the foregoing is true and correct.

**Dated: August 27, 2025**

Respectfully submitted,

*/s/ Gerald L. Maatman, Jr.*

Gerald L. Maatman, Jr.

3