# Exhibit 24

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

KEITH FISCHER, MICHAEL O'SULLIVAN, JOHN MOESER, LOUIS PIA, THOMAS BARDEN, CONSTANCE MANGAN, and CHARISE JONES, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

GOVERNMENT EMPLOYEES INSURANCE COMPANY d/b/a GEICO,

Defendant.

Case No. 2:23-CV-02848 (GRB) (ARL)

# DECLARATION OF JENNIFER FOGARTY

I, Jennifer Fogarty, based on my personal knowledge and pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am an employee of Government Employees Insurance Company ("GEICO" or the "Company"). I have worked for the Company for about 22 years.

2. I currently work for GEICO as a Senior Manager in the Special Investigations Unit (the "SIU") and have been in this role since approximately October 2023. In this role, I am responsible for the general operations of the SIU. Prior to my current role, from 2018 to approximately October 2023, I worked for the Company as SIU Operations Manager. In both roles, I have been familiar with, and had access to, SIU employee data, including time records and pay data.

3. I reviewed the Company's time and pay records for sixteen (16) individuals who I understand to be Named and Opt-In Plaintiffs in the above-captioned litigation and who work or

worked in GEICO's SIU department. Specifically, I reviewed time and pay records for Michael Grey, Margaret Fischer, Louis Pia, Michael O'Sullivan, Constance Mangan, Daniel King, John Moeser, Michael Reed, Louis Caniglia, Jr., Craig Costanzo, Al Brust, Ted Wendling, Thomas Barden, Charise Jones, Keith Fischer, and Maria Munoz. I understand that all such records have been produced to Plaintiffs' counsel during the course of litigation.

4. Plaintiff Grey recorded entries in GEICO's timekeeping system in 352 workweeks between April 17, 2017 and August 1, 2024. He recorded overtime, *i.e.* over 40 hours worked, in GEICO's timekeeping system in 39 workweeks during that time period, or 11.08% of all workweeks. Grey's overtime hours recorded during the same time period totaled 96 hours.

5. During the same time period, Plaintiff Grey worked only 3 days or less in 33 workweeks. Of the remaining 319 workweeks in which he recorded working 4 days or more, Grey recorded overtime in 39 workweeks, or 12.23% of those workweeks.

6. Plaintiff Margaret Fischer recorded entries in GEICO's timekeeping system in 176 workweeks between April 17, 2017 and September 18, 2020. She recorded overtime in GEICO's timekeeping system in 2 workweeks during that time period, or 1.14% of all workweeks.

7. During the same time period, Plaintiff Margaret Fischer worked only 3 days or less in 18 workweeks. Of the remaining 158 workweeks in which she recorded working 4 days or more, Fischer recorded overtime in 2 workweeks, or 1.27% of those workweeks.

8. Plaintiff Pia recorded entries in GEICO's timekeeping system in 280 workweeks between April 17, 2017 and November 30, 2022. He recorded overtime in GEICO's timekeeping system in 16 workweeks during that time period, or 5.71% of all workweeks. Pia's overtime hours recorded during the same time period totaled 75 hours.

2

9. During the same time period, Plaintiff Pia worked only 3 days or less in 28 workweeks. Of the remaining 252 workweeks in which he recorded working 4 days or more, Pia recorded overtime in 16 workweeks, or 6.35% of those workweeks.

10. Plaintiff O'Sullivan recorded entries in GEICO's timekeeping system in 248 workweeks between April 17, 2017 and April 22, 2022. He recorded overtime in GEICO's timekeeping system in 13 workweeks during that time period, or 5.24% of all workweeks. O'Sullivan's overtime hours recorded during the same time period totaled 23.75 hours.

11. During the same time period, Plaintiff O'Sullivan worked only 3 days or less in 24 workweeks. Of the remaining 224 workweeks in which he recorded working 4 days or more, O'Sullivan recorded overtime in 13 workweeks, or 5.80% of those workweeks.

12. Plaintiff Mangan recorded entries in GEICO's timekeeping system in 156 workweeks between April 18, 2017 and May 29, 2020. She recorded overtime in GEICO's timekeeping system in 2 workweeks during that time period, or 1.28% of all workweeks.

13. During the same time period, Plaintiff Mangan worked only 3 days or less in 16 workweeks. Of the remaining 140 workweeks in which she recorded working 4 days or more, Mangan recorded overtime in 2 workweeks, or 1.43% of those workweeks.

14. Plaintiff King recorded entries in GEICO's timekeeping system in 237 workweeks between April 17, 2017 and May 13, 2022. He recorded overtime in GEICO's timekeeping system in 37 workweeks during that time period, or 15.61% of all workweeks. King's overtime hours recorded during the same time period totaled 213.75 hours.

15. During the same time period, Plaintiff King worked only 3 days or less in 31 workweeks. Of the remaining 206 workweeks in which he recorded working 4 days or more, King recorded overtime in 37 workweeks, or 17.96% of those workweeks.

16. Plaintiff Moeser recorded entries in GEICO's timekeeping system in 202 workweeks between April 17, 2017 and April 30, 2021. He recorded overtime in GEICO's timekeeping system in 6 workweeks during that time period, or 2.97% of all workweeks.

17. During the same time period, Plaintiff Moeser worked only 3 days or less in 20 workweeks. Of the remaining 182 workweeks in which he recorded working 4 days or more, Moeser recorded overtime in 6 workweeks, or 3.30% of those workweeks.

18. Plaintiff Reed recorded entries in GEICO's timekeeping system in 302 workweeks between April 17, 2017 and March 24, 2023. He recorded overtime in GEICO's timekeeping system in no workweeks during that time period.

19. During the same time period, Plaintiff Reed worked only 3 days or less in 38 workweeks. Of the remaining 264 workweeks in which he recorded working 4 days or more, Reed recorded overtime in no workweeks.

20. Plaintiff Caniglia Jr. recorded entries in GEICO's timekeeping system in 321 workweeks between April 17, 2017 and December 21, 2023. He recorded overtime in GEICO's timekeeping system in 32 workweeks during that time period, or 9.97% of all workweeks. Caniglia Jr.'s overtime hours recorded during the same time period totaled just over 114 hours.

21. During the same time period, Plaintiff Caniglia Jr. worked only 3 days or less in 32 workweeks. Of the remaining 289 workweeks in which he recorded working 4 days or more, Caniglia Jr. recorded overtime in 32 workweeks, or 11.07% of those workweeks.

22. Plaintiff Costanzo recorded entries in GEICO's timekeeping system in 381 workweeks between April 17, 2017 and September 6, 2024. He recorded overtime in GEICO's timekeeping system in 59 workweeks during that time period, or 15.49% of all workweeks. Costanzo's overtime hours recorded during the same time period totaled 300.25 hours.

23. During the same time period, Plaintiff Costanzo worked only 3 days or less in 35 workweeks. Of the remaining 346 workweeks in which he recorded working 4 days or more, Costanzo recorded overtime in 59 workweeks, or 17.05% of those workweeks.

24. Plaintiff Brust recorded entries in GEICO's timekeeping system in 221 workweeks between September 16, 2019 and February 2, 2024. He recorded overtime in GEICO's timekeeping system in 22 workweeks during that time period, or 9.95% of all workweeks. Brust's overtime hours recorded during the same time period totaled 76.7 hours.

25. During the same time period, Plaintiff Brust worked only 3 days or less in 12 workweeks. Of the remaining 209 workweeks in which he recorded working 4 days or more, Brust recorded overtime in 22 workweeks, or 10.53% of those workweeks.

26. Plaintiff Wendling recorded entries in GEICO's timekeeping system in 217 workweeks between September 16, 2019 and November 20, 2023. He recorded overtime in GEICO's timekeeping system in 6 workweeks during that time period, or 2.76% of all workweeks.

27. During the same time period, Plaintiff Wendling worked only 3 days or less in 18 workweeks. Of the remaining 199 workweeks in which he recorded working 4 days or more, Wendling recorded overtime in 6 workweeks, or 3.02% of those workweeks.

28. Plaintiff Barden recorded entries in GEICO's timekeeping system in 154 workweeks between September 30, 2019 and December 9, 2022. He recorded overtime in GEICO's timekeeping system in 7 workweeks during that time period, or 4.55% of all workweeks. Barden's overtime hours recorded during the same time period totaled 42.5 hours.

29. During the same time period, Plaintiff Barden worked only 3 days or less in 18 workweeks. Of the remaining 136 workweeks in which he recorded working 4 days or more, Barden recorded overtime in 7 workweeks, or 5.15% of those workweeks.

30. Plaintiff Jones recorded entries in GEICO's timekeeping system in 250 workweeks between April 17, 2017 and March 25, 2022. She recorded overtime in GEICO's timekeeping system in 21 workweeks during that time period, or 8.40% of all workweeks. Jones' overtime hours recorded during the same time period totaled 81 hours.

31. During the same time period, Plaintiff Jones worked only 3 days or less in 35 workweeks. Of the remaining 215 workweeks in which she recorded working 4 days or more, Jones recorded overtime in 21 workweeks, or 9.77% of those workweeks.

32. Plaintiff Keith Fischer recorded entries in GEICO's timekeeping system in 166 workweeks between April 17, 2017 and August 27, 2020. He recorded overtime in GEICO's timekeeping system in 6 workweeks during that time period, or 3.61% of all workweeks. Keith Fischer's overtime hours recorded during the same time period totaled 20.5 hours.

33. During the same time period, Plaintiff Keith Fischer worked only 3 days or less in 25 workweeks. Of the remaining 141 workweeks in which he recorded working 4 days or more, Keith Fischer recorded overtime in 6 workweeks, or 4.26% of those workweeks.

34. Plaintiff Munoz recorded entries in GEICO's timekeeping system in 375 workweeks between April 17, 2017 and September 9, 2024. She recorded overtime in GEICO's timekeeping system in 33 workweeks during that time period, or 8.8% of all workweeks. Munoz's overtime hours recorded during the same time period totaled 78.1 hours.

35. During the same time period, Plaintiff Munoz worked only 3 days or less in 50 workweeks. Of the remaining 325 workweeks in which she recorded working 4 days or more, Munoz recorded overtime in 33 workweeks, or 10.15% of those workweeks.

36. Across all of the Plaintiffs reviewed, GEICO's timekeeping system includes entries for 4,038 total workweeks between April 17, 2017 and September 9, 2024. Plaintiffs recorded overtime in 301 of those workweeks, or 7.45% of all workweeks. Plaintiffs' overtime hours recorded during the same time period totaled approximately 1,139 hours.

37. During that time period, Plaintiffs worked only 3 days or less in 433 workweeks. Of the remaining 3,605 workweeks in which they recorded working 4 days or more, Plaintiffs recorded overtime in 301 workweeks, or 8.34% of those workweeks.

38. Based on a review of GEICO's records and time and pay data, each Plaintiff that recorded hours over 40 in a week, *i.e.* overtime hours, during the identified date ranges was properly compensated by GEICO for those overtime hours during the relevant period.

39. I have not been promised anything in exchange for making this declaration and understand that I will not be subject to favoritism or receive any benefit from GEICO for providing this declaration.

I declare under penalty of perjury that the foregoing is true and correct.

August 7, 2025
Date

/s/
Jennifer Fogarty