# Exhibit 28

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

KEITH FISCHER, MICHAEL O'SULLIVAN, JOHN MOESER, LOUIS PIA, THOMAS BARDEN, CONSTANCE MANGAN, CHARISE JONES, and ASHLEY ALVAREZ individually and on behalf of all others similarly situated,

Plaintiffs,

v.

GOVERNMENT EMPLOYEES INSURANCE COMPANY d/b/a GEICO,

Defendant.

Case No. 23 Civ. 2848 (GRB) (ARL)

**OPT-IN PLAINTIFF LOUIS CANIGLIA, JR.'S RESPONSES TO THE COURT'S INTERROGATORIES**

**INTERROGATORY NO. 1:**

During what period of time did you work for the Defendant?

**RESPONSE TO INTERROGATORY NO. 1:**

See attached Declaration of Louis Caniglia, Jr.

**INTERROGATORY NO. 2:**

Who was your immediate supervisor?

**RESPONSE TO INTERROGATORY NO. 2**:

See attached Declaration of Louis Caniglia, Jr.

**INTERROGATORY NO. 3:**

Did you have a regularly scheduled work period? If so, specify.

**RESPONSE TO INTERROGATORY NO. 3**:

See attached Declaration of Louis Caniglia, Jr.

**INTERROGATORY NO. 4:**

What was your title or position? Briefly describe your job duties.

**RESPONSE TO INTERROGATORY NO. 4:**

See attached Declaration of Louis Caniglia, Jr.

**INTERROGATORY NO. 5:**

What was your regular rate of pay?

**RESPONSE TO INTERROGATORY NO. 5:**

See attached Declaration of Louis Caniglia, Jr.

**INTERROGATORY NO. 6:**

What is the nature of your claim? (Check all that apply.)

**RESPONSE TO INTERROGATORY NO. 6:**

☒Off-the-clock work (Defendant failed to record, or prohibited you from recording, all of your working time);

☐Misclassification (Defendant mistakenly classified you as exempt from overtime);

☐Misclassification (Defendant failed to correctly calculate your compensation);

☐Other (Please describe).

**INTERROGATORY NO. 7:**

Provide an accounting of your claim, including:

   a) Dates

   b) Regular hours worked

   c) Over-time hours worked

2

    d) Pay received versus pay claimed

    e) Total amount claimed

**RESPONSE TO INTERROGATORY NO. 7:**

See attached Declaration of Louis Caniglia, Jr.

**INTERROGATORY NO. 8:**

If you have brought this case as a collective action:

a) Describe the class of employees you seek to include in this action.

b) Has an opt-in notice been filed for every potential opt-in Plaintiff who has identified himself or herself as a person who wishes to join this action?

**RESPONSE TO INTERROGATORY NO. 8:**

a) Plaintiffs seek to send notice to a potential collective consisting of all current and former non-exempt classified employees of GEICO who worked as Special Investigators (regardless of variations in title[1]) throughout the United States during the time period from three years prior to the filing of the complaint until resolution of this action, and additionally including all periods of tolling agreed to between the Parties to this action.[2]

b) Written consent to join this action has been filed on behalf of every potential Plaintiff who has expressed their wish to join this action as of the date of this response. Further

---

[1] As of this writing, Plaintiffs are aware of the following variant job titles used for Special Investigators: Special Investigators, Special Investigator Trainers, SIU Investigators, Security Investigators, Senior Outside Security Investigators, Outside Field Investigators, Medical Investigators, Medical Fraud Investigators, Inside Medical Investigators, and Lead Investigators.

[2] The Parties entered a partial tolling agreement before Plaintiffs filed this lawsuit. This agreement tolls the claims of Thomas Barden, Louis Caniglia, Jr., Louis Caniglia, Sr., Craig Costanzo, Danielle Ennis, Keith Fischer, Margaret Fisher, Anthony Geraci, Mark Giambalvo, John Gillen, Michael Grey, Daniel King, Constance Mangan, George McManus, John Moeser, Joseph Neenan, Michael O'Sullivan, Michael Reed and Mark Sowell as of July 29, 2022, and tolls the claims of Louis Pia and Evan Teatum as of December 6, 2022.

Doc ID: 72787649354ce647a5888596a5c130e8a5a17c9a

opt-in notices may be filed by potential opt-in Plaintiffs if the Court decides on Plaintiffs' forthcoming 216(b) Motion to send notice of this action to potential opt-in Plaintiffs.

**INTERROGATORY NO. 9:**

Please specify all attorney's fees and costs incurred to date. With respect to attorney's fees, please provide the hourly rate(s) sought and the number of hours expended by each person who has billed time to this case.

**RESPONSE TO INTERROGATORY NO. 9:**

As of October 31, 2023 for Outten & Golden LLP and November 1, 2023 for Kessler Matura P.C., Plaintiffs' counsel has incurred attorneys' fees and advanced costs in the amounts summarized below:

| Firm | Fees | Hours | Costs |
|---|---|---|---|
| Outten & Golden LLP | $ 347,077.50 | 759.1 | $ 7,986.41 |
| Kessler Matura P.C. | $ 11,152.50 | 28.3 | $ 0.00 |
| **TOTAL** | **$358,230.00** | **787.4** | **$ 7,986.41** |
| **GRAND TOTAL: $366,216.41** | | | |

| Outten & Golden LLP | | |
|---|---|---|
| | Hours | Fees |
| Attorneys | 682.7 | $ 322,247.50 |
| Staff | 76.4 | $ 24,830.00 |
| Total | 759.1 | $ 347,077.50 |

| Kessler Matura P.C. | | |
|---|---|---|
| | Hours | Fees |
| Attorneys | 24.1 | $ 10,522.50 |
| Staff | 4.2 | $ 630.00 |
| Total | 28.3 | $ 11,152.50 |

| Outten & Golden LLP | | | | | |
|---|---|---|---|---|---|
| Attorney/Staff | Initials | Title | Rate | Hours | Total |
| Michael J. Scimone | MJS | Partner | $ 800.00 | 131.4 | $ 105,120.00 |
| Justin M. Swartz | JMS | Partner | $ 1,150.00 | 7.9 | $ 9,085.00 |
| Theanne Liu Svedman | TXL | Associate | $ 375.00 | 338.0 | $ 126,750.00 |

4

Doc ID: 72787649354ce647a5888596a5c130e8a5a17c9a

| Jarron D. McAllister | JDM | Associate | $ 375.00 | 148.5 | $ 55,687.50 |
|---|---|---|---|---|---|
| Sabine Jean | SXJ | Associate | $ 450.00 | 56.9 | $ 25,605.00 |
| Christopher Truong | CXT | Paralegal | $ 325.00 | 63.7 | $ 20,702.50 |
| Michaela Dougherty | MDX | Paralegal | $ 325.00 | 12.7 | $ 4,127.50 |
| | | | Totals: | 759.1 | $ 347,077.50 |

| Kessler Matura P.C. | | | | |
|---|---|---|---|---|
| Attorney/Staff | Title | Rate | Hours | Total |
| Troy L. Kessler | Partner | $625.00 | 1.4 | $ 875.00 |
| Garrett Kaske | Associate | $425.00 | 22.7 | $ 9,647.50 |
| Kristine Jimenez | Paralegal | $150.00 | 4.2 | $ 630.00 |
| | | Totals: | 28.3 | $ 11,152.00 |

| Outten & Golden LLP | Costs |
|---|---|
| FedEx/UPS Charges | $ 46.64 |
| Filing Fees | $ 247.00 |
| Legal Research | $ 595.01 |
| Mediation Costs | $ 6,794.19 |
| Process Server | $ 303.57 |
| Total | $ 7,986.41 |

**INTERROGATORY NO. 10:**

When did you (or your attorney) first complain to your employer about alleged violations of the FLSA?

**RESPONSE TO INTERROGATORY NO. 10:**

See attached Declaration of Louis Caniglia, Jr.

**INTERROGATORY NO. 11:**

Was this complaint written or oral? (If a written complaint, please attach a copy).

**RESPONSE TO INTERROGATORY NO. 11:**

See attached Declaration of Louis Caniglia, Jr.

**INTERROGATORY NO. 12:**

What was your employer's response? (If a written response, please attach a copy).

5

**RESPONSE TO INTERROGATORY NO. 12:**

 See attached Declaration of Louis Caniglia, Jr.

| | |
|---|---|
| Dated: November 8, 2023<br>New York, NY | */s/Michael J. Scimone*<br>Michael J. Scimone<br><br>Michael J. Scimone<br>Sabine Jean<br>Jarron D. McAllister<br>**OUTTEN & GOLDEN LLP**<br>685 Third Avenue, 25th Floor<br>New York, NY 10017<br>Telephone: 212-245-1000<br>Facsimile: 646-509-2060<br>mscimone@outtengolden.com<br>sjean@outtengolden.com<br>jmcallister@outtengolden.com<br><br>Theanne Liu Svedman<br>**OUTTEN & GOLDEN LLP**<br>1225 New York Ave NW, Suite 1200B<br>Washington, DC 20005<br>Telephone: (202) 847-4400<br>Facsimile: (202) 847-4410<br>tliusvedman@outtengolden.com<br><br>Troy L. Kessler<br>Garrett Kaske<br>**KESSLER MATURA P.C.**<br>534 Broadhollow Road, Suite 275<br>Melville, New York 11747<br>Telephone: (631) 499-9100<br>Facsimile: (631) 499-9120<br>tkessler@kesslermatura.com<br>gkaske@kesslermatura.com<br><br>*Attorneys for Plaintiffs and the Putative Class and Collective* |

Doc ID: 72787649354ce647a5888596a5c130e8a5a17c9a

## VERIFICATION

I, Louis Caniglia, Jr, have read the foregoing **OPT-IN PLAINTIFF LOUIS CANIGLIA, JR.'S RESPONSES TO THE COURT'S INTERROGATORIES** and know the contents thereof.

My responses as stated in the foregoing document are true of my own knowledge, expect as to those matters that are stated on information and belief, and as to those matters, I believe them to be true.

I declare, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.

Dated: 11 / 09 / 2023

Signature: _____

Doc ID: 72787649354ce647a5888596a5c130e8a5a17c9a

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| KEITH FISCHER, MICHAEL O'SULLIVAN, JOHN MOESER, LOUIS PIA, THOMAS BARDEN, CONSTANCE MANGAN, CHARISE JONES, and ASHLEY ALVAREZ individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOVERNMENT EMPLOYEES INSURANCE COMPANY d/b/a GEICO.,<br><br>Defendant. | No. 23 Civ. 02848 |

## DECLARATION OF LOUIS CANIGLIA, JR.

I, Louis Caniglia, Jr., declare, based on personal knowledge and under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following is true and correct:

**Employment History and Job Duties**

1. I have been employed as a Special Investigator at GEICO since about Spring 2015. I work remotely from my home in Hamburg, New York, and in the field in the nearby areas. I am assigned to GEICO's office in Melville, New York, which was previously located in Woodbury, New York.

2. Since about October 17, 2023, my immediate supervisor has been Teresa Bishop, who is based out of the Melville office. From about July 2023 through October 2023, Richard Analowski (spelled phonetically) was my immediate supervisor. He was based out of Hartford, Connecticut. Before Mr. Analowski, from about 2021 through about July 2023, I reported to

Doc ID: 72787649354ce647a5888596a5c130e8a5a17c9a

Toni D'Agata. My supervisor before Ms. D'Agata, and dating back to my start as a Special Investigator, was Gerald Cassagne.

3. Bill Newport was the manager of the Special Investigation Unit at the GEICO Woodbury/Melville office, until about April 2023. Since about May 2023, René Cubas, the Southeast Investigative Division Manager, has been my manager. He is based out of Florida.

4. As a Special Investigator my main job duties are to investigate claims of suspected insurance fraud. GEICO assigns cases of suspected insurance fraud to Special Investigators, who are responsible for documenting evidence of fraud. As part of this process, my job duties includes, among other things, reviewing case files; running background checks; examining provider billing reports; driving out to medical facilities and incident sites; gathering evidence; interviewing witnesses and law enforcement; confirming police reports; canvassing and surveilling scenes; conducting examinations under oath; and writing and submitting reports about my findings in cases.

5. Since January 2020, GEICO classified me and other Special Investigators as non-exempt employees who were eligible for overtime pay at one and one-half times my regular rate if I worked over 40 hours a week. My current regular rate of pay is $44.75 per hour.

**My Schedule and Unpaid Wages and Overtime**

6. Prior to about February 2023, as a non-exempt employee, GEICO required me to use a web-based timekeeping program to submit my time on a weekly basis.

7. My supervisor told me that I could only report up to 38.75 hours per week, or 7.75 hours a day, five days a week, in the timekeeping program. Accordingly, I only entered working 7.75 hours per day, five days a week. regardless of how many hours I actually worked.

Doc ID: 72787649354ce647a5888596a5c130e8a5a17c9a

8. My regular schedule set by GEICO has been from 8:00 am to 4:30 pm, but I have routinely worked longer hours.

9. Prior to March 2020, I also worked about two hours of extra work per day, including when I logged in to do work before 8:00 am and continued working after 4:30 pm. Once or twice a month, I also worked about one to three hours on Sundays to get caught up on work. In total, I was working about 48 hours a week.

10. Starting in March 2020, the COVID-19 pandemic halted field operations, so all of my work was done remotely until approximately November 2021. GEICO increased my caseload significantly after March 2020. My overtime hours increased as a result, to about 50 hours a week on average.

11. GEICO returned to normal field operations in or about November 2021. My overtime hours decreased somewhat as a result, but my caseload still required me to work overtime to keep up with my workload. I estimate that during this period I worked about 48 hours a week on average.

12. Since about February 2023, GEICO has required me to clock in and out. Unfortunately, to keep up with my work, I still must perform about five hours of work off the clock most weeks.

13. From December 2016 to March 2020, my regular hours worked were approximately 48 hours per week; from March 2020 to November 2021, my regular hours worked were approximately 50 hours per week; from November 2021 through about February 2023, my regular hours worked were approximately 48 hours per week; and since February 2023, my regular hours worked are approximately 43 hours per week. My current regular rate of pay is $44.75 per hour. During nearly all of this time, I entered only 38.75 hours in the

- 3 -

timekeeping system, and I was only paid for 38.75 hours ($1,734.06 per week).  In sum, for the periods described above, my best estimate is that I am owed approximately $120,001.42 in unpaid wages.  This is based on my best recollection over a period of several years and my current regular rate of pay, so it is possible that records and other documents in GEICO's possession could cause me to revise this estimate to be more precise.  This amount does not include liquidated damages, which would add another $120,001.42 in damages, and does not include amounts for attorneys' fees or costs, pre-judgment interest, and post-judgment interest as provided by law.

**GEICO's Overtime Pay Practices**

14.     GEICO requires me to seek approval from my supervisor to clock-in for or otherwise submit any hours worked above 38.75 per week.  My managers and supervisors have repeatedly told me and other Special Investigators that hours above 38.75 to complete regular case work would not be approved.  Accordingly, GEICO failed to record all of my hours worked during my tenure, and I was not paid for hours, including overtime hours, that I worked off the clock.

15.     GEICO also had a variety of performance metrics that I am required to meet to remain in good standing and receive a raise.  These performance metrics and ratings changed constantly, but to the best of my recollection GEICO generally evaluated me based on how many hours it took me to complete a case task, how often I made an entry in a case report, how many days I took to close a case, and how many cases I completed within a month.  These metrics put a lot of pressure on me to work as much as needed to meet these goals and deadlines.

Doc ID: 72787649354ce647a5888596a5c130e8a5a17c9a

16. My first complaint to management about unpaid overtime occurred in or about 2016, during a group meeting with management. The manager at the time, Michael Degraco (spelled phonetically), told us that we only work 38.75 – that's it.

17. During one-on-one phone calls and group meetings, I've made other complaints, including by corroborating the complaints of my fellow Special Investigators related to the number of unpaid hours it takes to complete our work, to my supervisors. Consistently, GEICO's response has been that we must get our work done in the time allotted, which is 38.75 hours a week.

18. In about late 2022 and early 2023, I recall a few occasions when I asked Ms. D'Agata for overtime approval because my workload was getting out of hand. She told me that overtime was not approved, but I still had to get my work done.

19. As a result of the competing pressures that GEICO placed on me to do more work, meet demanding performance metrics, and limit my work schedule to non-overtime hours, I regularly performed work for GEICO that I did not report in the company's timekeeping system. As a result, I was not paid for overtime hours that I worked off the clock.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: 11 / 09 / 2023
Congers, New York

_____
LOUIS CANIGLIA, JR.

Doc ID: 72787649354ce647a5888596a5c130e8a5a17c9a