# Exhibit 34

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| KEITH FISCHER, MICHAEL O'SULLIVAN, JOHN MOESER, LOUIS PIA, THOMAS BARDEN, CONSTANCE MANGAN, CHARISE JONES, and ASHLEY ALVAREZ individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>GOVERNMENT EMPLOYEES INSURANCE COMPANY d/b/a GEICO,<br><br>    Defendant. | Case No. 23 Civ. 2848 (GRB) (ARL) |

## OPT-IN PLAINTIFF CRAIG COSTANZO'S RESPONSES TO THE COURT'S INTERROGATORIES

**INTERROGATORY NO. 1:**

During what period of time did you work for the Defendant?

**RESPONSE TO INTERROGATORY NO. 1:**

See attached Declaration of Craig Costanzo.

**INTERROGATORY NO. 2:**

Who was your immediate supervisor?

**RESPONSE TO INTERROGATORY NO. 2**:

See attached Declaration of Craig Costanzo.

**INTERROGATORY NO. 3:**

Did you have a regularly scheduled work period? If so, specify.

**RESPONSE TO INTERROGATORY NO. 3**:

See attached Declaration of Craig Costanzo.

**INTERROGATORY NO. 4:**

What was your title or position? Briefly describe your job duties.

**RESPONSE TO INTERROGATORY NO. 4:**

See attached Declaration of Craig Costanzo.

**INTERROGATORY NO. 5:**

What was your regular rate of pay?

**RESPONSE TO INTERROGATORY NO. 5:**

See attached Declaration of Craig Costanzo.

**INTERROGATORY NO. 6:**

What is the nature of your claim? (Check all that apply.)

**RESPONSE TO INTERROGATORY NO. 6:**

☒ Off-the-clock work (Defendant failed to record, or prohibited you from recording, all of your working time);

☐ Misclassification (Defendant mistakenly classified you as exempt from overtime);

☐ Misclassification (Defendant failed to correctly calculate your compensation);

☐ Other (Please describe).

**INTERROGATORY NO. 7:**

Provide an accounting of your claim, including:

a) Dates

b) Regular hours worked

c) Over-time hours worked

2

Doc ID: cbb67aca6c3d99c6de99202bc233c30fc5c319f6

    d) Pay received versus pay claimed

    e) Total amount claimed

**RESPONSE TO INTERROGATORY NO. 7:**

See attached Declaration of Craig Costanzo.

**INTERROGATORY NO. 8:**

If you have brought this case as a collective action:

a) Describe the class of employees you seek to include in this action.

b) Has an opt-in notice been filed for every potential opt-in Plaintiff who has identified himself or herself as a person who wishes to join this action?

**RESPONSE TO INTERROGATORY NO. 8:**

a) Plaintiffs seek to send notice to a potential collective consisting of all current and former non-exempt classified employees of GEICO who worked as Special Investigators (regardless of variations in title[1]) throughout the United States during the time period from three years prior to the filing of the complaint until resolution of this action, and additionally including all periods of tolling agreed to between the Parties to this action.[2]

b) Written consent to join this action has been filed on behalf of every potential Plaintiff who has expressed their wish to join this action as of the date of this response. Further

---

[1] As of this writing, Plaintiffs are aware of the following variant job titles used for Special Investigators: Special Investigators, Special Investigator Trainers, SIU Investigators, Security Investigators, Senior Outside Security Investigators, Outside Field Investigators, Medical Investigators, Medical Fraud Investigators, Inside Medical Investigators, and Lead Investigators.

[2] The Parties entered a partial tolling agreement before Plaintiffs filed this lawsuit. This agreement tolls the claims of Thomas Barden, Louis Caniglia, Jr., Louis Caniglia, Sr., Craig Costanzo, Danielle Ennis, Keith Fischer, Margaret Fisher, Anthony Geraci, Mark Giambalvo, John Gillen, Michael Grey, Daniel King, Constance Mangan, George McManus, John Moeser, Joseph Neenan, Michael O'Sullivan, Michael Reed and Mark Sowell as of July 29, 2022, and tolls the claims of Louis Pia and Evan Teatum as of December 6, 2022.

Doc ID: cbb67aca6c3d99c6de99202bc233c30fc5c319f6

opt-in notices may be filed by potential opt-in Plaintiffs if the Court decides on Plaintiffs' forthcoming 216(b) Motion to send notice of this action to potential opt-in Plaintiffs.

**INTERROGATORY NO. 9:**

Please specify all attorney's fees and costs incurred to date. With respect to attorney's fees, please provide the hourly rate(s) sought and the number of hours expended by each person who has billed time to this case.

**RESPONSE TO INTERROGATORY NO. 9:**

As of October 31, 2023 for Outten & Golden LLP and November 1, 2023 for Kessler Matura P.C., Plaintiffs' counsel has incurred attorneys' fees and advanced costs in the amounts summarized below:

| Firm | Fees | Hours | Costs |
|---|---|---|---|
| Outten & Golden LLP | $ 347,077.50 | 759.1 | $ 7,986.41 |
| Kessler Matura P.C. | $ 11,152.50 | 28.3 | $ 0.00 |
| **TOTAL** | **$358,230.00** | **787.4** | **$ 7,986.41** |
| **GRAND TOTAL: $366,216.41** | | | |

| Outten & Golden LLP | | |
|---|---|---|
| | Hours | Fees |
| Attorneys | 682.7 | $ 322,247.50 |
| Staff | 76.4 | $ 24,830.00 |
| Total | 759.1 | $ 347,077.50 |

| Kessler Matura P.C. | | |
|---|---|---|
| | Hours | Fees |
| Attorneys | 24.1 | $ 10,522.50 |
| Staff | 4.2 | $ 630.00 |
| Total | 28.3 | $ 11,152.50 |

| Outten & Golden LLP | | | | | |
|---|---|---|---|---|---|
| Attorney/Staff | Initials | Title | Rate | Hours | Total |
| Michael J. Scimone | MJS | Partner | $ 800.00 | 131.4 | $ 105,120.00 |
| Justin M. Swartz | JMS | Partner | $ 1,150.00 | 7.9 | $ 9,085.00 |
| Theanne Liu Svedman | TXL | Associate | $ 375.00 | 338.0 | $ 126,750.00 |

4

| Jarron D. McAllister | JDM | Associate | $ 375.00 | 148.5 | $ 55,687.50 |
|---|---|---|---|---|---|
| Sabine Jean | SXJ | Associate | $ 450.00 | 56.9 | $ 25,605.00 |
| Christopher Truong | CXT | Paralegal | $ 325.00 | 63.7 | $ 20,702.50 |
| Michaela Dougherty | MDX | Paralegal | $ 325.00 | 12.7 | $ 4,127.50 |
| | | | Totals: | 759.1 | $ 347,077.50 |

| Kessler Matura P.C. | | | | |
|---|---|---|---|---|
| Attorney/Staff | Title | Rate | Hours | Total |
| Troy L. Kessler | Partner | $625.00 | 1.4 | $ 875.00 |
| Garrett Kaske | Associate | $425.00 | 22.7 | $ 9,647.50 |
| Kristine Jimenez | Paralegal | $150.00 | 4.2 | $ 630.00 |
| | | Totals: | 28.3 | $ 11,152.00 |

| Outten & Golden LLP | Costs |
|---|---|
| FedEx/UPS Charges | $ 46.64 |
| Filing Fees | $ 247.00 |
| Legal Research | $ 595.01 |
| Mediation Costs | $ 6,794.19 |
| Process Server | $ 303.57 |
| Total | $ 7,986.41 |

**INTERROGATORY NO. 10:**

When did you (or your attorney) first complain to your employer about alleged violations of the FLSA?

**RESPONSE TO INTERROGATORY NO. 10:**

See attached Declaration of Craig Costanzo.

**INTERROGATORY NO. 11:**

Was this complaint written or oral? (If a written complaint, please attach a copy).

**RESPONSE TO INTERROGATORY NO. 11:**

See attached Declaration of Craig Costanzo.

**INTERROGATORY NO. 12:**

What was your employer's response? (If a written response, please attach a copy).

5

**RESPONSE TO INTERROGATORY NO. 12:**

  See attached Declaration of Craig Costanzo.


| | |
|---|---|
| Dated: November 7, 2023<br>   New York, NY | */s/Michael J. Scimone*<br>Michael J. Scimone<br><br>Michael J. Scimone<br>Sabine Jean<br>Jarron D. McAllister<br>**OUTTEN & GOLDEN LLP**<br>685 Third Avenue, 25th Floor<br>New York, NY 10017<br>Telephone: 212-245-1000<br>Facsimile: 646-509-2060<br>mscimone@outtengolden.com<br>sjean@outtengolden.com<br>jmcallister@outtengolden.com<br><br>Theanne Liu Svedman<br>**OUTTEN & GOLDEN LLP**<br>1225 New York Ave NW, Suite 1200B<br>Washington, DC 20005<br>Telephone: (202) 847-4400<br>Facsimile: (202) 847-4410<br>tliusvedman@outtengolden.com<br><br>Troy L. Kessler<br>Garrett Kaske<br>**KESSLER MATURA P.C.**<br>534 Broadhollow Road, Suite 275<br>Melville, New York 11747<br>Telephone: (631) 499-9100<br>Facsimile: (631) 499-9120<br>tkessler@kesslermatura.com<br>gkaske@kesslermatura.com<br><br>*Attorneys for Plaintiffs and the Putative Class and Collective* |

Doc ID: cbb67aca6c3d99c6de99202bc233c30fc5c319f6

## VERIFICATION

I, Craig Costanzo, have read the foregoing **OPT-IN PLAINTIFF CRAIG COSTANZO'S RESPONSES TO THE COURT'S INTERROGATORIES** and know the contents thereof.

My responses as stated in the foregoing document are true of my own knowledge, expect as to those matters that are stated on information and belief, and as to those matters, I believe them to be true.

I declare, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.

Dated: 11 / 08 / 2023

Signature: *Craig Costanzo*

Doc ID: cbb67aca6c3d99c6de99202bc233c30fc5c319f6

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| KEITH FISCHER, MICHAEL O'SULLIVAN, JOHN MOESER, LOUIS PIA, THOMAS BARDEN, CONSTANCE MANGAN, CHARISE JONES, and ASHLEY ALVAREZ individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOVERNMENT EMPLOYEES INSURANCE COMPANY d/b/a GEICO,<br><br>Defendant. | No. 23 Civ. 02848 (GRB) (ARL) |

**DECLARATION OF CRAIG COSTANZO**

I, Craig Costanzo, declare, based on personal knowledge and under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following is true and correct:

**Employment History and Job Duties**

1. I have been employed as a Special Investigator at GEICO as of August 2014. I worked remotely throughout my tenure, either in the field or from my home in Baldwinsville, New York.

2. Although we work remotely, GEICO assigns Special Investigators to physical offices where your supervisor and manager are based out of. From the start of my employment through about November 2022, I was assigned to GEICO's office in Woodbury, New York. GEICO left that building, however, and relocated to Melville, New York. During this restructuring, GEICO briefly reassigned me to the Fredericksburg, Virginia office before placing me in Melville, New York.

3.     Chet Janick was my direct supervisor from 2014 through about November 2022. From November 2022 through April 2023, Dara Campbell was my direct supervisor. Since May 1, 2023, Andrew Gelderman has been my supervisor. It is my understanding that he is based out of Boston.

4.     As a Special Investigator my main job duties are to investigate claims of suspected insurance fraud. GEICO assigns cases of suspected insurance fraud to Special Investigators, who are responsible for documenting evidence of fraud. As part of this process, my job duties include, among other things, reviewing case files; running background checks; examining provider billing reports; driving out to medical facilities, accident scenes, or theft sites; gathering evidence; interviewing witnesses and law enforcement; confirming police reports; canvassing and surveilling scenes; conducting examinations under oath; and writing and submitting reports about my findings in cases.

5.     Since January 2020, GEICO classified me and other Special Investigators as non-exempt employees who were eligible for overtime pay at one and one-half times my regular rate if I worked over 40 hours a week. My current regular rate of pay is $49.74 per hour.

**My Schedule and Unpaid Wages and Overtime**

6.     As a non-exempt employee, GEICO requires me to use a web-based timekeeping program to submit my time on a weekly basis.

7.     My supervisor, Chet Janick, told me that I could only report up to 38.75 hours per week, or 7.75 hours a day, five days a week, in the timekeeping program.

8.     After GEICO introduced our current timekeeping system, Workday, Mr. Janick instructed us to have all our time in the system by Thursday, even though the workweek ran

- 2 -

through Friday.  Because overtime wasn't authorized, we were instructed to put our time into the system so that each workday was equal to 7.75 hours of work a day, Monday through Friday.

9. Accordingly, I only entered working 7.75 hours per day, five days a week, regardless of how many more hours I actually worked.

10. Prior to March 2020, I regularly worked about one extra hour per day on top of my regularly scheduled 7.75 hours per day.  As a result, I worked about 43 hours a week.

11. Then, starting in March 2020, the COVID-19 pandemic halted field operations, so all of my work was done remotely until approximately November 2021.  At the time, my official schedule was from 7:30 am to 3:30 pm.  During this period, however, I worked over two hours extra per workday.  As a result, I was regularly working at least 48 hours a week.  In addition, there were many nights where I would work up to eight hours after the end of my scheduled shift, putting in reports and submitting my work on the system.  On these evenings, I was working till 10 or 11 pm.  As a result, in these weeks, I worked about 55 hours a week.

12. GEICO assigned cases using a point-based system.  GEICO inaccurately assumed that remote work could be completed in substantially less time than in-person field work, so it assigned remote cases fewer points.  Because remote cases were given a lesser point value, GEICO increased my caseload significantly after March 2020.

13. GEICO returned to normal field operations in or about November 2021.  My overtime hours decreased somewhat as a result, but my caseload has still required me to work overtime to keep up with my workload.  I estimate that since November 2021, I work about 42 to 45 hours a week, on average, because I have generally worked about one to two extra hours a day.

Doc ID: cbb67aca6c3d99c6de99202bc233c30fc5c319f6

14. From about December 2016 to March 2020, I regularly worked approximately 42 hours per week; from March 2020 until about April 2021, I worked about 48 hours per week; from about May 2021 through October 2021, I worked about 55 hours a week; from November 2021 to November 2023, I have worked about 42 to 45 hours a week. During nearly all of this time, I entered only 38.75 hours in the timekeeping system, and I was only paid for 38.75 hours ($1,927.43 per week). In sum, for the periods described above, my best estimate is that I am owed approximately $75,271.48 in base wages. This amount does not include liquidated damages, which would add another $75,271.48 in damages, and does not include amounts for attorneys' fees or costs, nor pre-judgment or post-judgment interest as provided by law. This is based on my best recollection over a period of several years and my current regular rate of pay, so it is possible that records and other documents in GEICO's possession could refresh my recollection and cause me to revise this estimate to be more precise.

**GEICO's Overtime Pay Practices**

15. GEICO requires me to seek approval from my supervisor to submit any hours worked above 38.75. GEICO's management team has been clear, however, that hours above 38.75 to complete regular case work would not be approved, except in rare cases.

16. Between May 2020 and November 2021, I recall about three WebEx meetings, in particular, when this no-overtime policy was expressed to us by management. During these video conferences, our team of Special Investigators working under Mr. Janick met with Bill Newport, our manager. Others and I complained about excessive caseloads and not receiving overtime. In response, Mr. Newport told us that we just had to deal with it. He said we could handle it now that we weren't out in the field.

Doc ID: cbb67aca6c3d99c6de99202bc233c30fc5c319f6

17. GEICO has only authorized me to work overtime only if the company needed something done. I can only recall one instance, in which our team was granted overtime for one week to handle a special assignment.

18. GEICO also had a variety of performance metrics that I am required to meet to remain in good standing. These performance metrics and ratings changed constantly, but to the best of my recollection GEICO generally evaluated me based on how many hours it took me to complete a case task, how often I made an entry in a case report, how many days I took to close a case, and how many cases I completed within a month. These metrics put a lot of pressure on me to work as much as needed to meet these goals and deadlines.

19. As a result of the competing pressures that GEICO placed on me to do more work, meet demanding performance metrics, and limit my work schedule to non-overtime hours, I regularly performed work for GEICO that I did not report in the company's timekeeping system. As a result, I was not paid for overtime hours that I worked off the clock.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: 11 / 08 / 2023
Baldwinsville, New York

_____
CRAIG COSTANZO

- 5 -

Doc ID: cbb67aca6c3d99c6de99202bc233c30fc5c319f6