# Exhibit U

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| KEITH FISCHER, MICHAEL O'SULLIVAN, JOHN MOESER, LOUIS PIA, THOMAS BARDEN, CONSTANCE MANGAN, CHARISE JONES, and ASHLEY ALVAREZ individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOVERNMENT EMPLOYEES INSURANCE COMPANY d/b/a GEICO,<br><br>Defendant. | Case No. 23 Civ. 2848 (GRB) (ARL) |

## OPT-IN PLAINTIFF MARGARET FISCHER'S RESPONSES TO THE COURT'S INTERROGATORIES

**INTERROGATORY NO. 1:**

During what period of time did you work for the Defendant?

**RESPONSE TO INTERROGATORY NO. 1:**

See attached Declaration of Margaret Fischer.

**INTERROGATORY NO. 2:**

Who was your immediate supervisor?

**RESPONSE TO INTERROGATORY NO. 2**:

See attached Declaration of Margaret Fischer.

**INTERROGATORY NO. 3:**

Did you have a regularly scheduled work period? If so, specify.

**RESPONSE TO INTERROGATORY NO. 3**:

See attached Declaration of Margaret Fischer.

**INTERROGATORY NO. 4:**

What was your title or position? Briefly describe your job duties.

**RESPONSE TO INTERROGATORY NO. 4:**

See attached Declaration of Margaret Fischer.

**INTERROGATORY NO. 5:**

What was your regular rate of pay?

**RESPONSE TO INTERROGATORY NO. 5:**

See attached Declaration of Margaret Fischer.

**INTERROGATORY NO. 6:**

What is the nature of your claim? (Check all that apply.)

**RESPONSE TO INTERROGATORY NO. 6:**

☒Off-the-clock work (Defendant failed to record, or prohibited you from recording, all of your working time);

☐Misclassification (Defendant mistakenly classified you as exempt from overtime);

☐Misclassification (Defendant failed to correctly calculate your compensation);

☐Other (Please describe).

**INTERROGATORY NO. 7:**

Provide an accounting of your claim, including:

a) Dates

b) Regular hours worked

c) Over-time hours worked

    d) Pay received versus pay claimed

    e) Total amount claimed

**RESPONSE TO INTERROGATORY NO. 7:**

See attached Declaration of Margaret Fischer.

**INTERROGATORY NO. 8:**

If you have brought this case as a collective action:

a) Describe the class of employees you seek to include in this action.

b) Has an opt-in notice been filed for every potential opt-in Plaintiff who has identified himself or herself as a person who wishes to join this action?

**RESPONSE TO INTERROGATORY NO. 8:**

a) Plaintiffs seek to send notice to a potential collective consisting of all current and former non-exempt classified employees of GEICO who worked as Special Investigators (regardless of variations in title[1]) throughout the United States during the time period from three years prior to the filing of the complaint until resolution of this action, and additionally including all periods of tolling agreed to between the Parties to this action.[2]

b) Written consent to join this action has been filed on behalf of every potential Plaintiff who has expressed their wish to join this action as of the date of this response. Further

---

[1] As of this writing, Plaintiffs are aware of the following variant job titles used for Special Investigators: Special Investigators, Special Investigator Trainers, SIU Investigators, Security Investigators, Senior Outside Security Investigators, Outside Field Investigators, Medical Investigators, Medical Fraud Investigators, Inside Medical Investigators, and Lead Investigators.

[2] The Parties entered a partial tolling agreement before Plaintiffs filed this lawsuit. This agreement tolls the claims of Thomas Barden, Louis Caniglia, Jr., Louis Caniglia, Sr., Craig Costanzo, Danielle Ennis, Keith Fischer, Margaret Fisher, Anthony Geraci, Mark Giambalvo, John Gillen, Michael Grey, Daniel King, Constance Mangan, George McManus, John Moeser, Joseph Neenan, Michael O'Sullivan, Michael Reed and Mark Sowell as of July 29, 2022, and tolls the claims of Louis Pia and Evan Teatum as of December 6, 2022.

3

opt-in notices may be filed by potential opt-in Plaintiffs if the Court decides on Plaintiffs' forthcoming 216(b) Motion to send notice of this action to potential opt-in Plaintiffs.

**INTERROGATORY NO. 9:**

Please specify all attorney's fees and costs incurred to date. With respect to attorney's fees, please provide the hourly rate(s) sought and the number of hours expended by each person who has billed time to this case.

**RESPONSE TO INTERROGATORY NO. 9:**

As of October 31, 2023 for Outten & Golden LLP and November 1, 2023 for Kessler Matura P.C., Plaintiffs' counsel has incurred attorneys' fees and advanced costs in the amounts summarized below:

| Firm | Fees | Hours | Costs |
|---|---|---|---|
| Outten & Golden LLP | $ 347,077.50 | 759.1 | $ 7,986.41 |
| Kessler Matura P.C. | $ 11,152.50 | 28.3 | $ 0.00 |
| **TOTAL** | **$358,230.00** | **787.4** | **$ 7,986.41** |
| **GRAND TOTAL: $366,216.41** | | | |

| Outten & Golden LLP | Hours | Fees |
|---|---|---|
| Attorneys | 682.7 | $ 322,247.50 |
| Staff | 76.4 | $ 24,830.00 |
| Total | 759.1 | $ 347,077.50 |

| Kessler Matura P.C. | Hours | Fees |
|---|---|---|
| Attorneys | 24.1 | $ 10,522.50 |
| Staff | 4.2 | $ 630.00 |
| Total | 28.3 | $ 11,152.50 |

| Outten & Golden LLP | | | | | |
|---|---|---|---|---|---|
| Attorney/Staff | Initials | Title | Rate | Hours | Total |
| Michael J. Scimone | MJS | Partner | $ 800.00 | 131.4 | $ 105,120.00 |
| Justin M. Swartz | JMS | Partner | $ 1,150.00 | 7.9 | $ 9,085.00 |
| Theanne Liu Svedman | TXL | Associate | $ 375.00 | 338.0 | $ 126,750.00 |

4

| Attorney/Staff | Code | Title | Rate | Hours | Total |
|---|---|---|---|---|---|
| Jarron D. McAllister | JDM | Associate | $ 375.00 | 148.5 | $ 55,687.50 |
| Sabine Jean | SXJ | Associate | $ 450.00 | 56.9 | $ 25,605.00 |
| Christopher Truong | CXT | Paralegal | $ 325.00 | 63.7 | $ 20,702.50 |
| Michaela Dougherty | MDX | Paralegal | $ 325.00 | 12.7 | $ 4,127.50 |
| | | | Totals: | 759.1 | $ 347,077.50 |

| Kessler Matura P.C. | | | | |
|---|---|---|---|---|
| Attorney/Staff | Title | Rate | Hours | Total |
| Troy L. Kessler | Partner | $625.00 | 1.4 | $ 875.00 |
| Garrett Kaske | Associate | $425.00 | 22.7 | $ 9,647.50 |
| Kristine Jimenez | Paralegal | $150.00 | 4.2 | $ 630.00 |
| | | Totals: | 28.3 | $ 11,152.00 |

| Outten & Golden LLP | Costs |
|---|---|
| FedEx/UPS Charges | $ 46.64 |
| Filing Fees | $ 247.00 |
| Legal Research | $ 595.01 |
| Mediation Costs | $ 6,794.19 |
| Process Server | $ 303.57 |
| Total | $ 7,986.41 |

**INTERROGATORY NO. 10:**

When did you (or your attorney) first complain to your employer about alleged violations of the FLSA?

**RESPONSE TO INTERROGATORY NO. 10:**

Plaintiffs' counsel first alerted GEICO to Plaintiff's claims under the FLSA on March 29, 2022

**INTERROGATORY NO. 11:**

Was this complaint written or oral? (If a written complaint, please attach a copy).

**RESPONSE TO INTERROGATORY NO. 11:**

Plaintiffs' counsel notified GEICO of Plaintiff's claims by letter dated March 29, 2022. See attached Letter.

5

**INTERROGATORY NO. 12:**

What was your employer's response? (If a written response, please attach a copy).

**RESPONSE TO INTERROGATORY NO. 12:**

GEICO responded through its counsel on March 31, 2022 and the parties subsequently engaged in pre-suit discussions over the next year.

| | |
|---|---|
| Dated: November 7, 2023<br>New York, NY | */s/Michael J. Scimone*<br>Michael J. Scimone<br><br>Michael J. Scimone<br>Sabine Jean<br>Jarron D. McAllister<br>**OUTTEN & GOLDEN LLP**<br>685 Third Avenue, 25th Floor<br>New York, NY 10017<br>Telephone: 212-245-1000<br>Facsimile: 646-509-2060<br>mscimone@outtengolden.com<br>sjean@outtengolden.com<br>jmcallister@outtengolden.com<br><br>Theanne Liu Svedman<br>**OUTTEN & GOLDEN LLP**<br>1225 New York Ave NW, Suite 1200B<br>Washington, DC 20005<br>Telephone: (202) 847-4400<br>Facsimile: (202) 847-4410<br>tliusvedman@outtengolden.com<br><br>Troy L. Kessler<br>Garrett Kaske<br>**KESSLER MATURA P.C.**<br>534 Broadhollow Road, Suite 275<br>Melville, New York 11747<br>Telephone: (631) 499-9100<br>Facsimile: (631) 499-9120<br>tkessler@kesslermatura.com<br>gkaske@kesslermatura.com<br><br>*Attorneys for Plaintiffs and the Putative Class and Collective* |

## VERIFICATION

I, Margaret Fischer, have read the foregoing **OPT-IN PLAINTIFF MARGARET FISCHER'S RESPONSES TO THE COURT'S INTERROGATORIES** and know the contents thereof.

My responses as stated in the foregoing document are true of my own knowledge, expect as to those matters that are stated on information and belief, and as to those matters, I believe them to be true.

I declare, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.

Dated: 11/08/2023

Signature: *Margaret Fisch*





New York  685 Third Avenue 25th Floor  New York, NY 10017  Tel (212) 245-1000  Fax (646) 509-2060
San Francisco  One California Street 12th Floor  San Francisco, CA 94111  Tel (415) 638-8800  Fax (415) 638-8810
Washington DC  601 Massachusetts Ave NW Suite 200W  Washington, DC 20001  Tel (202) 847-4400  Fax (202) 847-4410

www.outtengolden.com



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| KEITH FISCHER, MICHAEL O'SULLIVAN, JOHN MOESER, LOUIS PIA, THOMAS BARDEN, CONSTANCE MANGAN, CHARISE JONES, and ASHLEY ALVAREZ individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOVERNMENT EMPLOYEES INSURANCE COMPANY d/b/a GEICO,<br><br>Defendant. | No. 23 Civ. 02848 (GRB) (ARL) |

### DECLARATION OF MARGARET FISCHER

I, Margaret Fischer, declare, based on personal knowledge and under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following is true and correct:

**Employment History and Job Duties**

1. I was employed by GEICO beginning in September 2001. I was employed as a Special Investigator at GEICO from January 2010 to November 2020, when I retired. I worked from GEICO's Woodbury (now Melville) office in Nassau County, New York and in the field until about March 2020 when I worked remotely from my home in Levittown, New York.

2. I reported to Kristen Slack, who was my immediate supervisor when I left GEICO.

3. As a Special Investigator my main job duties were to investigate claims of suspected medical fraud. GEICO assigns cases of suspected medical fraud to Special Investigators, who are responsible for documenting evidence of fraud. As part of this process,

my job duties included, among other things, reviewing case files; running background checks; examining provider billing reports; driving out to medical facilities; gathering evidence; interviewing employees and medical facilities staff, such as doctors; surveilling scenes; and writing and submitting reports about my findings in cases.

4.      Since January 2020, GEICO classified me and other Special Investigators as non-exempt employees who were eligible for overtime pay at one and one-half times my regular rate if I worked over 40 hours a week. My last regular rate of pay was $41.95 per hour.

**My Schedule and Unpaid Wages and Overtime**

5.      As a non-exempt employee, GEICO required me to use a web-based timekeeping program to submit my time on a weekly basis.

6.      It was my understanding that I could only report up to 38.75 hours per week, or 7.75 hours a day, five days a week, in the timekeeping program. Accordingly, I only entered working 7.75 hours per day, five days a week. regardless of how many hours I actually worked.

7.      My regular schedule for GEICO was 9:00 AM to 5:30 PM. I also worked approximately 2 to 2.5 hours each week in addition to that. I was scheduled for a 45-minute lunch, but at least one day per week, I worked through my meal break. I worked about 41.5 to 42 hours a week on average.

8.      Starting in March 2020, the COVID-19 pandemic halted field operations, so all of my work was done remotely until approximately the time I retired. I was specifically assigned to work on cases of medical fraud, and GEICO kept my caseload steady, so during this period my overtime hours slightly decreased. I worked about 40.75 hours a week on average from the start of the pandemic through my retirement in September 2020.

9. From December 2016 to March 2020, my regular hours worked were approximately 41.5 to 42 hours per week and from March 2020 to September 2020, my regular hours worked were approximately 40.75 hours per week, and my last regular pay was $41.95 per hour. During nearly all of this time, I entered only 38.75 hours in the timekeeping system, and I was only paid for 38.75 hours ($1,625.56 per week). In sum, for the periods described above, my best estimate is that I am owed approximately $14,250.05 in unpaid wages. This is based on my best recollection over a period of several years, so it is possible that records and other documents in GEICO's possession could refresh my recollection and cause me to revise this estimate to be more precise. This amount does not include liquidated damages, which would add another $14,250.05 in damages, and does not include amounts for attorneys' fees or costs, pre-judgment interest, and post-judgment interest as provided by law.

**GEICO's Overtime Pay Practices**

10. GEICO required me to seek approval from my supervisor to submit any hours worked above 38.75. It was my understanding that hours above 38.75 to complete regular case work would rarely be approved. Accordingly, I did not record all of my hours worked during my tenure, and I was not paid for hours, including overtime hours, that I worked off the clock.

11. GEICO also had a variety of performance metrics that I was required to meet to remain in good standing. These performance metrics and ratings changed constantly, but to the best of my recollection GEICO generally evaluated me based on how many hours it took me to complete a case task, how often I made an entry in a case report, how many days I took to close a case, and how many cases I completed within a month. These metrics put a lot of pressure on me to work as much as needed to meet these goals and deadlines. I never made a verbal or written complaint about my overtime hours.

12. As a result of the competing pressures that GEICO placed on me to do more work, meet demanding performance metrics, and limit my work schedule to non-overtime hours, I regularly performed work for GEICO that I did not report in the company's timekeeping system. As a result, I was not paid for overtime hours that I worked off the clock.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:  11/08/2023
Levittown, New York

*Margaret Fisch* (signature)
Margaret Fischer