## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| KEITH FISCHER, MICHAEL O'SULLIVAN, JOHN MOESER, LOUIS PIA, THOMAS BARDEN, CONSTANCE MANGAN, and CHARISE JONES, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOVERNMENT EMPLOYEES INSURANCE COMPANY d/b/a GEICO,<br><br>Defendant. | Case No. 2:23-CV-02848<br><br>District Judge Sanket J. Bulsara<br><br>Magistrate Judge Steven L. Tiscione |

## DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Gerald L. Maatman, Jr.
(*gmaatman@duanemorris.com*)
Jennifer A. Riley
(*jariley@duanemorris.com*)
Gregory Tsonis
(*gtsonis@duanemorris.com*)
Gregory S. Slotnick
(*gsslotnick@duanemorris.com*)

**DUANE MORRIS LLP**
22 Vanderbilt
335 Madison Avenue, 23rd Floor
New York, New York 10017
Telephone: (212) 692-1000

*Attorneys For Defendant*

**TABLE OF CONTENTS**

Page

INTRODUCTION ...........................................................................................................................1

ARGUMENT .................................................................................................................................2

I. PLAINTIFFS CANNOT SHOW GEICO HAD ACTUAL OR CONSTRUCTIVE KNOWLEDGE OF ALLEGED UNRECORDED HOURS.................................................2

    A. The Undisputed Record And Applicable Precedent Foreclose Plaintiffs' Claims ................................................................................................................... 2

    B. None Of Plaintiffs' Alternative Arguments Demonstrates A Genuine Dispute Regarding Constructive Knowledge............................................................ 5

    C. Plaintiffs' Evidence Does Not Show A Genuine Dispute Regarding Actual Knowledge Of Off-The-Clock Work ....................................................................... 9

II. PLAINTIFFS FAIL TO MEANINGFULLY DISPUTE THAT CLAIMED UNPAID "WORK" WAS NON-COMPENSABLE .........................................................10

    A. Commute Time To And From Home Is Non-Compensable................................. 10

    B. Time Spent Constructing And Deconstructing An At-Home Workstation Is Not Compensable ............................................................................................... 12

    C. Plaintiffs Concede Substantial Portions Of Their Claims..................................... 12

    D. Plaintiff Wendling Cannot Withstand Summary Judgment.................................. 13

III. NO GENUINE DISPUTE EXISTS REGARDING WILLFULNESS ..............................13

CONCLUSION.............................................................................................................................14

# TABLE OF AUTHORITIES

**Cases**

*Allen v. City of Chicago*, 865 F.3d 936 (7th Cir. 2017) .................................................................. 7

*Antolini v. McCloskey*, 2021 WL 5411176 (S.D.N.Y. 2021) ........................................................ 13

*Brickey v. Dolgencorp., Inc.*, 272 F.R.D. 344 (W.D.N.Y. 2011) ..................................................... 7

*Conklin v. U.S. Immigration & Customs Enforcement*, 661 F. Supp. 3d 239 (S.D.N.Y. 2023) .................................................................................................................................. 12

*Finnigan v. Metro. Transp. Auth.*, 2025 WL 963998 (E.D.N.Y. 2025) ........................................ 13

*Gordon v. Kaleida Health*, 299 F.R.D. 380 (W.D.N.Y. 2014) ....................................................... 2

*Holzapfel v. Town of Newburgh, N.Y.*, 145 F.3d 516 (2d Cir. 1998) ............................................. 2

*Kavanagh v. Grand Union Co.*, 192 F.3d 269 (2d Cir. 1999) ...................................................... 10

*Kuebel v. Black & Decker Inc.*, 643 F.3d 352 (2d Cir. 2011) ...................................................... 11

*Kunik v. New York City Dep't of Educ.*, 436 F. Supp. 3d 684 (S.D.N.Y. 2020) ......................... 3, 9

*Lassen v. Hoyt Livery, Inc.*, 120 F. Supp. 3d 165 (D. Conn. 2015) .............................................. 11

*Lott v. Recker Consulting, LLC*, 2025 WL 2550009 (S.D. Ohio 2025) ........................................ 12

*Nat'l Coal. on Black Civic Participation v. Wohl*, 661 F. Supp. 3d 78 (S.D.N.Y. 2023) ............... 8

*Perry v. City of New York*, 78 F.4th 502 (2d Cir. 2023) ........................................................... 3-6

*Sarno v. Douglas Elliman-Gibbons & Ives, Inc.*, 183 F.3d 155 (2d Cir. 1999) ........................... 10

*Singh v. City of New York*, 524 F.3d 361 (2d Cir. 2008) ............................................................. 12

*Williams v. Geraci*, 2020 WL 5848738 (E.D.N.Y. 2020) .............................................................. 8

*Wood v. Mid-Am. Mgmt. Corp.*, 192 F. App'x 378 (6th Cir. 2006) ............................................... 4

*In Re Xiang Yong Gao*, 560 B.R. 50 (Bankr. E.D.N.Y. 2016) ..................................................... 13

*Xing v. Mayflower Int'l Hotel Grp, Inc.* 2022 WL 4644214 (E.D.N.Y. 2022) ............................. 11

*Young v. Cooper Cameron Corp.*, 586 F.3d 201 (2d. Cir. 2009) ................................................. 13

**Statutes**

FLSA .................................................................................................................. 2, 5, 11-13

**Other Authorities**

Fed. R. Civ. P. 56(c) ..........................................................................................................10

Fed. R. Civ. P. 56(e) ..........................................................................................................10

Rule 403 ..............................................................................................................................8

# INTRODUCTION

Plaintiffs fail to demonstrate a genuine dispute of material fact precluding summary judgment. The undisputed record confirms that GEICO is entitled to judgment as a matter of law on Plaintiffs' claims for multiple reasons.

*First*, Plaintiffs cannot show that GEICO knew or should have known they worked "off the clock" because they undisputedly had the opportunity to record such hours but failed to do so. In June and July 2020, during the alleged "peak" of Plaintiffs' caseloads, GEICO preauthorized ten hours of overtime per person, per week. Several Plaintiffs, however, did not record *any overtime whatsoever*, and others recorded only minimal overtime, defeating any argument that GEICO knew or should have known they worked unrecorded hours. It is undisputed that GEICO maintained a policy and timekeeping system that required and allowed Plaintiffs to record and receive payment for all hours worked, thus knowledge of off-the-clock work cannot be imputed to GEICO where Plaintiffs recorded some, but not all, alleged overtime.

*Second*, no genuine dispute exists that GEICO lacked knowledge via other means. Seven Plaintiffs concede that they did not provide GEICO actual notice of off-the-clock work. The remainder offer only conclusory assertions, hearsay evidence, or self-serving statements contradicted by contemporaneous objective records, each insufficient to demonstrate notice or show a genuine dispute. Plaintiffs' other purported bases of constructive knowledge similarly fail, including Plaintiffs' attempt to misconstrue Second Circuit precedent to claim that knowledge of *one* employee's off-the-clock work in *one* week shows knowledge as to numerous *other* employees' different alleged off-the-clock work across a multi-year period.

*Third*, Plaintiffs cannot show that certain allegedly uncompensated time is compensable. Several Plaintiffs seek overtime pay for commuting to and from home, contrary to the general rule,

and Margaret Fischer seeks overtime pay for time spent constructing and deconstructing her workstation. Such activities are non-compensable as a matter of law.

*Fourth*, the undisputed facts show that GEICO adopted policies requiring Plaintiffs to record all hours worked, prohibited "off the clock" work, and paid Plaintiffs for all hours recorded, including substantial overtime. Under such circumstances, no jury could find that GEICO willfully violated the FLSA or NYLL, warranting summary judgment.

## ARGUMENT

### I.   PLAINTIFFS CANNOT SHOW GEICO HAD ACTUAL OR CONSTRUCTIVE KNOWLEDGE OF ALLEGED UNRECORDED HOURS

Plaintiffs bear the burden of demonstrating that GEICO knew or should have known that they worked off-the-clock, and Plaintiffs have not demonstrated a genuine dispute regarding GEICO's lack of knowledge.

#### A.   The Undisputed Record And Applicable Precedent Foreclose Plaintiffs' Claims

Plaintiffs contend that GEICO must have known that they worked unrecorded overtime because their workloads "steadily increased" and "reached a peak in or about March 2020, at the start of the COVID-19 pandemic" (DE No. 52 ¶¶ 14, 33, 41, 48, 64), and "GEICO's policies and practices systematically forced Investigators to work off the clock." (Resp. at 4.) Plaintiffs lack evidence supporting their claims, and the undisputed evidence shows the opposite.

An employer cannot be liable for failing to compensate overtime hours where it provided a mandatory process for recording hours that plaintiffs failed to utilize because an employer need not pay for work "about which [it] knows nothing." *Holzapfel v. Town of Newburgh, N.Y.*, 145 F.3d 516, 524 (2d Cir. 1998). Accordingly, "when the employee fails to follow reasonable time reporting procedures[,] she prevents the employer from knowing its obligation to compensate the employee." *Gordon v. Kaleida Health*, 299 F.R.D. 380, 396 (W.D.N.Y. 2014).

2

It is undisputed that, beginning on June 1, 2020, GEICO informed Plaintiffs that, due to the COVID-19 pandemic, "Investigators will have the ability to use 10 hours a week overtime to work on cases during the month of June" and "must put the hours into workday as overtime." (Resp. to PSOAF ¶ 9.) GEICO unambiguously explained: "The overtime is there to be USED. USE IT IF YOU NEED IT." (*Id*. (emphasis in original).) GEICO later extended the same program through July 2020. (*Id*.)

At the supposed apex of their work, no Plaintiff recorded 10 hours of overtime per week. Plaintiffs K. Fischer, M. Fischer, O'Sullivan, Reed, and Wendling did not record a ***single*** hour of overtime in June or July 2020. (Resp. to PSOAF ¶ 9.) Moeser, Munoz, and Gray, respectively, recorded 6.6, 4.25, and 10.25 hours of overtime throughout June and July 2020. (*Id*.) Pia, King, Brust, Jones, and Caniglia Jr. recorded overtime but less than the preauthorized 10-hours-per-week during this period. (*Id*.) No reasonable jury could conclude that GEICO "systematically forced" Plaintiffs to work "off the clock" when, at the alleged peak of their off-the-clock work, Plaintiffs did not record preauthorized overtime, either maximally or at all. *Kunik v. New York City Dep't of Educ.*, 436 F. Supp. 3d 684, 695 (S.D.N.Y. 2020) (collecting cases and noting that "[i]n the face of contemporaneous evidence ... [Plaintiff's] self-serving comments from her deposition after the filing of this lawsuit cannot create an issue of fact").

GEICO also lacked constructive knowledge of alleged unrecorded overtime throughout the relevant time period. (Mem. at 28-29.) As the Second Circuit recognized, a system that requires employees to record overtime "will in effect preclude liability in many situations" because it will deprive the employer from having knowledge that an employee worked time that he or she failed to record. *Perry v. City of New York*, 78 F.4th 502, 516 (2d Cir. 2023). Many other federal

3

appellate courts likewise conclude that employers are generally not liable when employees using their timekeeping systems fail to record overtime hours. (Mem. at 28-29.)

GEICO undisputedly maintained a timekeeping system allowing Plaintiffs to record and be paid for all hours worked. Plaintiffs do not challenge that "GEICO's written policies place the responsibility on Investigators for entering worktime into GEICO's timekeeping system" and required associates to record all hours worked. (PRSOF ¶¶ 5-6.) Plaintiffs concede that they recorded and certified the accuracy of their reported hours. (*Id.* ¶ 13.) Plaintiffs do not dispute that their supervisors instructed them on several occasions to submit any overtime they worked (*e.g.*, *id.* ¶¶ 18, 41, 82, 186), or that GEICO paid them for all overtime that they submitted. (Resp. to PSOAF ¶ 20.) Accordingly, this is one of the "many situations" where the employer-adopted system requiring employees to record overtime precludes knowledge by GEICO of unrecorded work by any Plaintiff. *Perry*, 78 F.4th at 516.

Further, Plaintiffs regularly recorded overtime throughout the relevant time period, precluding knowledge of unrecorded overtime. When an employee "report[s] some overtime," the employer "[has] no reason to suspect that he neglected to report other overtime hours." *Wood v. Mid-Am. Mgmt. Corp.*, 192 F. App'x 378, 380-81 (6th Cir. 2006). It is undisputed that Plaintiffs – except Reed – regularly recorded overtime throughout the relevant period. (Mem. at 24-25; PRSOF ¶¶ 22, 49, 64, 113, 128, 142, 166, 179, 190, 195, 207, 225.) Costanzo and King recorded overtime in 59 and 37 workweeks, respectively. (SOF ¶¶ 64, 142.) Because GEICO required Plaintiffs to record all hours (*e.g.*, SOF ¶ 5), Plaintiffs that recorded some overtime cannot show that GEICO should have known they worked unrecorded overtime.

Plaintiffs contend that *Perry*'s reasoning "will not protect an employer who then interferes with employees' ability to report their work, such as by … punishing workers who ask for overtime

4

pay, or otherwise discouraging employees from reporting [overtime]." (Resp. at 15.) But Plaintiffs identify no interference, punishment, or discouragement. (*See generally* PSOAF.) In fact, Plaintiffs admit that K. Fischer's supervisor instructed that "[i]f you determine that you need to work overtime on any specific day, you can work the overtime and you will get paid for it." (PSOAF ¶ 10.) Barden, Brust, Mangan and Pia assert that supervisors denied requests to work overtime (Resp. at 16-17), but denying overtime is distinct from interference, punishment, or discouragement from reporting overtime, as evidenced by their regular reporting of overtime. (SOF ¶¶ 22, 27, 33, 148, 153, 203, 207.) Plaintiffs' claims of constructive knowledge thus fail as a matter of law.

**B. None Of Plaintiffs' Alternative Arguments Demonstrates A Genuine Dispute Regarding Constructive Knowledge**

Plaintiffs claim GEICO possessed constructive knowledge regarding Plaintiffs' alleged off-the-clock work for various other meritless reasons.

First, Plaintiffs cite *Perry* to advance a novel theory that one employee's comments about workload necessarily puts an employer on constructive notice that other employees worked unrecorded overtime. (Resp. at 1, 6, 10-11.) *Perry* holds nothing of the sort.

In *Perry*, the defendant-employer required employees to be "ready for duty" at the start of their shifts, but did not pay for the "slivers" of time checking equipment and performing other required tasks before or after shifts. *See* 78 F.4th at 510-11. "[T]housands of … employees" complained about "potential FLSA violations" and asked that a forthcoming timekeeping system "accommodate the extra-shift work they perform, thereby putting the City on notice that such work was occurring." *Perry*, 78 4th at 522. The employer nevertheless "made a conscious decision" to draft but not implement a policy forbidding extra-shift work for six years, thus the Second Circuit affirmed that the employer knew that employees were working and not recording compensable

5

time. *Id*. Given the uniform complaints and requirements, the *Perry* court concluded that "knowledge that some compensable, extra-shift work was not being paid suffices to put [the employer] on notice" as to the rest. *Id.*

Plaintiffs attempt to shoehorn *Perry*'s reasoning here absent any evidence akin to *Perry*'s circumstances. No evidence evinces that GEICO's timekeeping system pays only for scheduled shifts or that GEICO uniformly required pre-shift or post-shift work outside of scheduled hours. Plaintiffs contend knowledge is imputable from implementation of a policy forbidding off-the-clock work where "[a]dditional off-the-clock work ensued" (Resp. at 6), but *Perry* found the defendant-employer's knowledge based on its "conscious decision" to draft but "refrain from implementing" the policy. *Perry*, 78 4th at 522. No such circumstances are present here.

To the contrary, the undisputed evidence here shows that GEICO consistently prohibited off-the-clock work, and its timekeeping system permitted Plaintiffs to record and receive payment for all hours worked. (PRSOF ¶ 6.) Under those policies and procedures, the undisputed evidence shows that Plaintiffs recorded their hours and certified their accuracy, and GEICO compensated Plaintiffs accordingly. (PRSOF ¶ 13.) Unlike *Perry*, Plaintiffs identify no uniform system, regulations, policy, or "off the clock" work that would put "[an employer] on notice" of additional uniform work by Plaintiffs. *Id*. at 522. *Perry* does not establish that one employee's reference to workload or "extra time" puts the employer on notice as a matter of law that *a different* employee worked off-the-clock hours that he failed to record. (Resp. at 8.) Vague allegations from other Plaintiffs to other supervisors fails to prevent summary judgment. (PRSOF ¶¶ 60, 176.)

Second, Plaintiffs cannot rely on performance metrics to assert alleged discouragement from reporting overtime. Brust, Mangan, and Moeser allegedly "complained to GEICO about their inability to satisfy GEICO's performance metrics without working overtime," reducing eligibility

6

for merit-based bonuses and raises. (Resp. at 10-11, 16.) "Whenever an employer creates a reward system . . . , the potential is created for dishonest persons to act unlawfully in attempting to exploit the policy." *Brickey v. Dolgencorp., Inc.*, 272 F.R.D. 344, 348 (W.D.N.Y. 2011). Misleading GEICO to enhance their pecuniary gain fails to show that GEICO required, let alone knew or should have known, that Plaintiffs allegedly worked hours they failed to record.

Third, Plaintiffs' suggestion that timestamps from SICM and emails provided constructive notice lacks merit. (Resp. at 13-14.) In GEICO's Motion, it showed that constructive knowledge from such records is impossible (Mem. at 30-32) because the operative question is what the employer "should have known, not what it could have known." *Allen v. City of Chicago*, 865 F.3d 936, 943 (7th Cir. 2017). SICM records were not used for payroll purposes and cannot show a genuine dispute regarding constructive notice.

Without even addressing GEICO's cited precedent, Plaintiffs suggest that GEICO should have weekly (1) used SICM and/or emails to (2) estimate their time worked and (3) compared that estimate to Plaintiffs' recorded hours, and GEICO must provide evidence "such as timestamps showing that Plaintiffs were *only* working during a 40-hour timespan." (Resp. at 13.) That is not the law. Plaintiffs bear the burden of demonstrating that GEICO knew or should have known that they worked unrecorded overtime. No evidence shows that timestamps demonstrate overtime, let alone that GEICO could use or should have used them to determine Plaintiffs' unrecorded work hours, particularly where GEICO maintained a timekeeping system for entering all hours worked. (Resp. to PSOAF ¶ 10.) Plaintiffs' position lacks any basis in law or fact (Mem. at 30-32) and does not demonstrate any genuine dispute.

Fourth, and finally, Plaintiffs meritlessly contend that "a series of lawsuits brought by [GEICO] adjusters, who allege nearly identical claims" shows GEICO knew or should have known

7

Plaintiffs worked off-the-clock here. (Resp. at 12.) But allegations in Plaintiffs' complaint, the only evidence cited, are inadmissible. *See, e.g.*, *Williams v. Geraci*, 2020 WL 5848738, at *15 (E.D.N.Y. 2020) (declining to admit prior unrelated complaint against defendant under Rule 403); *Nat'l Coal. on Black Civic Participation v. Wohl,* 661 F. Supp. 3d 78, 106 (S.D.N.Y. 2023) ("[A]llegations in Plaintiffs' Amended Complaint [] cannot constitute admissible evidence at the summary judgment stage.")

In any event, Plaintiffs' cited litigation reflects vastly different claims, jobs, duties, and theories of liability. Each case concerns "adjusters," who Plaintiffs have not shown are part of SIU or even share their job responsibilities. *See* DE No. 52 ¶ 5 (citing *Rieske, Pugliese*, *Biscardi, Zambito*, *Erford,* and *Hart* litigation against GEICO). In *Rieske* and *Biscardi*, for example, the adjuster-plaintiffs claim that they had to hit a required "quota" which required overtime to meet, and Plaintiffs' allusion does not explain how such allegations concern them or should have provided GEICO knowledge of their off-the-clock work. In *Zambito*, Florida-based plaintiffs claim missed meal periods and an impermissible "automatic daily meal deduction" policy depriving them of pay for work under Florida law. *See Zambito*, DE No. 4 at 27; *see also Erford*, DE No. 2 at 15, 25 (North Carolina); *Hart*, DE No. 1 at 13, 16 (Pennsylvania).

With different job titles, duties, and theories of liability, none of the cases assert "identical claims" or have relevance to the 16 Plaintiffs at issue here. (Resp. at 12.) Nor can litigation filed in 2021 provide knowledge regarding alleged off-the-clock work prior to that date, such as Keith Fischer's off-the-clock work, who retired in 2020. (PRSOF ¶ 65.) Unsubstantiated allegations in lawsuits by "adjusters" in unspecified locations within the last five years cannot create a genuine dispute regarding GEICO's alleged knowledge that Plaintiffs, who worked as "investigators" in New York, worked hours they failed to record.

8

### C.  Plaintiffs' Evidence Does Not Show A Genuine Dispute Regarding Actual Knowledge Of Off-The-Clock Work

Plaintiffs cannot demonstrate a genuine dispute regarding actual knowledge of alleged overtime. General complaints about workload, as GEICO's Motion explained, are insufficient to alert the employer of off-the-clock work. (Mem. at 20-22.)

Seven Plaintiffs – Margaret Fischer, King, Munoz, O'Sullivan, Pia, Reed, and Wendling - *admit* that they never notified GEICO that they allegedly worked uncompensated overtime, precluding actual knowledge. (Resp. at 1 (asserting actual knowledge in only "9 of the 16 cases"); PRSOF ¶¶ 100, 141, 221.) These Plaintiffs' bases of constructive knowledge, as explained above, fail as a matter of law.

As to the remaining nine Plaintiffs, no reasonable jury could conclude that GEICO had actual knowledge of unrecorded overtime. **Costanzo** alleges he said, "I have to work past the times to try to meet these requirements," **Jones** alleges she complained four or five times over the course of two years that she was unable to finish her work on time, and **Keith Fischer** said " [he was] doing weekends," but none suggested they told GEICO that they worked more hours than they recorded. (Resp. to PSOAF ¶ 30.) **Brust** and **Caniglia, Jr.** testified that their supervisors denied certain requests to work overtime, but neither informed GEICO that they nonetheless performed but did not record work. (*Id.*) **Moeser** alleges reporting to Newport at a "skip level" meeting that "everybody that [he] knew of" was working more hours than documented (Resp. at 1, 7; PRSOF ¶ 163), but Moeser's contemporaneous notes confirm that he only told Newport that "some folks seem to handle more cases in less time" and that unnamed others were not conducting "proper," thorough investigations. (*Id.*.) *See Kunik*, 436 F. Supp. 3d at 695. **Grey** posits that he "understood" that investigators needed to work off-the-clock to complete work (PRSOF ¶ 122), but he admits that he "[doesn't] know what [his supervisors] believed." (Resp. to PSOAF ¶ 30.)

9

**Mangan** testified that "we were all complaining and all saying that we're all working way past [7.75 hours]," but she does not claim she informed GEICO that she failed to record such hours. (PRSOF ¶ 147.) Mangan's testimony regarding a 2018 or 2019 meeting, during which Mark Giambalvo (an opt-in plaintiff that GEICO could not depose) allegedly told Newport, "we were working past our scheduled hours" (Resp. at 9), is inadmissible hearsay unsubstantiated by any other Plaintiff. (Resp. to PSOAF ¶ 30.) *See* Fed. R. Civ. P. 56(e); *Sarno v. Douglas Elliman-Gibbons & Ives, Inc.*, 183 F.3d 155, 160 (2d Cir. 1999). But, in any event, it fails to suggest that Mangan worked overtime without recording it. (Resp. to PSOAF ¶ 30.)

None of these Plaintiffs supplied evidence generating a genuine dispute as to GEICO's actual knowledge of allegedly unrecorded overtime.

## II.     PLAINTIFFS FAIL TO MEANINGFULLY DISPUTE THAT CLAIMED UNPAID "WORK" WAS NON-COMPENSABLE

Plaintiffs attempt to sideswipe GEICO's showing regarding the non-compensability of certain "work" as a "fringe legal argument." (Resp. at 16.) Far from a "fringe" issue, Plaintiffs fail to demonstrate any dispute concerning a necessary element of their *prima facie* case.

### A.     Commute Time To And From Home Is Non-Compensable

Plaintiffs concede that this Court may "hold as a matter of law that Plaintiffs' 'commute' time is non-compensable." Resp. at 19; Fed. R. Civ. P. 56(c) (allowing summary judgment on "part of" claims). Plaintiffs also concede that commute time to and from home is ordinarily not compensable where worksites change day-to-day. *Kavanagh v. Grand Union Co.*, 192 F.3d 269, 273 (2d Cir. 1999); Resp. at 17. Plaintiffs admittedly traveled from their homes to investigation sites that changed day-to-day, rendering commute time non-compensable. (Mem. at 13-15; PRSOF ¶¶ 53-54, 73-74, 197, 200, 214, 217; Resp. to PSOAF ¶ 26.)

Plaintiffs suggest commute time is compensable for two meritless reasons. First, Plaintiffs

10

invoke the continuous workday theory, but the Second Circuit foreclosed that argument in *Kuebel v. Black & Decker Inc.*, 643 F.3d 352 (2d Cir. 2011). (*See* Mem. at 13-14.) As the *Kuebel* court explained, an employee cannot morph a commute into compensable work time by working at home before leaving for the worksite or upon returning, "even if those tasks [at home] do qualify as integral and indispensable." 643 F.3d at 360. So too here, rendering Plaintiffs' reliance on testimony from K. Fischer, Reed, and Pia regarding working from home before leaving or after returning home immaterial. (Resp. at 17-18.)

Second, Plaintiffs assert commute time is a compensable "principal activity" of employment. (Resp. at 18.) But *Lassen v. Hoyt Livery, Inc.*, 120 F. Supp. 3d 165 (D. Conn. 2015), held that driving to a pickup location and waiting for a passenger were compensable principal activities of a limousine driver. *Id.* at 175-77. Plaintiffs are unlike the drivers in *Lassen* for whom "[t]he car is the actual place where [the plaintiff] does what he is employed to do," *id.* at 175, and are akin to the retail specialist in *Kuebel* who traveled to locations where he worked. And Plaintiffs' reliance on K. Fischer's supervisor stating "your travel time to appointments is considered working hours" at most reflects one supervisor's understanding of commute time between worksites, as opposed to commute time to and from home, and encourages recording it. (Resp. to PSOAF ¶ 26.) That does not convert commuting into a principal or compensable activity.

The non-compensability of commute time disposes of several Plaintiffs' FLSA claims in their entirety, because it means they did not work more than 40 hours in a workweek. *See, e.g., Xing v. Mayflower Int'l Hotel Grp, Inc.* 2022 WL 4644214, at *6 (E.D.N.Y. 2022) (granting summary judgment where plaintiff "failed to identify any uncompensated time in excess of 40 hours [per week]"). Thus, the FLSA claims of any Plaintiff who includes commute time to exceed 40 hours, which includes K. Fischer, Reed, Pia, Jones, and Costanzo, necessarily fail. (PRSOF ¶¶

11

53-54, 73-74, 197, 200, 214, 217.)

### B. Time Spent Constructing And Deconstructing An At-Home Workstation Is Not Compensable

No genuine dispute exists regarding time Plaintiff M. Fischer allegedly spent assembling and disassembling her workstation. (Resp. at 20-21.) "[T]he workday starts at the moment a remote worker opens and begins operating a program or application they use as part of the principal work activities they are employed to perform [and] ends at the moment the employee closes out of the last such program or application." *Lott v. Recker Consulting, LLC*, 2025 WL 2550009, at *16 (S.D. Ohio 2025). Tasks that primarily benefit the employee, rather than the employer, are non-compensable. *See Singh v. City of New York*, 524 F.3d 361, 368-69 (2d Cir. 2008) (discussing commute).

M. Fischer's time spent constructing and deconstructing her workstation warrants no exception. This activity was undisputedly for her own benefit: she wanted to both work and eat at her dining room table. (PRSOF ¶ 90.) None of the other 15 Plaintiffs introduced similar tasks. Plaintiffs failed to address GEICO's showing that any remaining time is *de minimus* and waived any argument otherwise. *See Conklin v. U.S. Immigration & Customs Enforcement*, 661 F. Supp. 3d 239, 264 (S.D.N.Y. 2023) ("[A]n argument not addressed in an opposition to a summary judgment motion is considered waived."). Consequentially, M. Fischer's allegedly uncompensated hours from March 2020 onward are non-compensable as a matter of law.

### C. Plaintiffs Concede Substantial Portions Of Their Claims

Plaintiffs concede that they cannot recover several categories of damages. These include workweeks on leave, partial workweeks, "periods when they admit they did not work overtime," already-paid overtime, and Jones' time employed as SIU Trainer. (Resp. at 21-22.) Summary judgment is appropriate for these portions of Plaintiffs' claims.

### D.    Plaintiff Wendling Cannot Withstand Summary Judgment

Wendling's refusal to participate in litigation and appear for his deposition prohibits reliance on an inadmissible, self-serving declaration. "The law is clear that self-serving affidavits and statements, standing alone, are insufficient to defeat summary judgment." *In Re Xiang Yong Gao*, 560 B.R. 50, 59 (Bankr. E.D.N.Y. 2016); *see Antolini v. McCloskey*, 2021 WL 5411176, at *8 (S.D.N.Y. 2021) (holding failure to appear for deposition warrants exclusion of other evidence). Wendling's opposition to summary judgment relies exclusively on his inadmissible, self-serving declaration. (Resp. at 22-23.) GEICO indisputably compensated him for all time worked, thus summary judgment is appropriate.[1]

### III.   NO GENUINE DISPUTE EXISTS REGARDING WILLFULNESS

The undisputed record demonstrates GEICO did not violate the FLSA or NYLL, and no reasonable jury could conclude that any violation was willful. Willfulness requires showing the employer "knew or showed reckless disregard for the matter of whether its conduct was prohibited by the Act." *Young v. Cooper Cameron Corp.*, 586 F.3d 201, 207 (2d. Cir. 2009). Maintaining policies prohibiting off-the-clock work and a system for recording overtime, and paying recorded overtime, "affirmatively demonstrate that Defendants *do* try to comply with the FLSA's requirements." *Finnigan v. Metro. Transp. Auth.*, 2025 WL 963998, at *10 (E.D.N.Y. 2025). Supervisors regularly encouraged Plaintiffs to record overtime, Plaintiffs recorded overtime, and GEICO paid them accordingly. (*E.g.*, PRSOF ¶¶ 19, 22, 27, 33, 49, 61, 64, 72, 76, 86, 101, 108, 113, 124, 128, 137, 142, 153, 166, 179, 190, 195, 203, 207, 216, 223, 225.) The undisputed facts, therefore, preclude willfulness.

---

[1] GEICO will move for dismissal as a sanction if deemed necessary. (Resp. at 22-23.)

## **CONCLUSION**

For the foregoing reasons and those in its Memorandum, GEICO's Motion for Summary Judgment should be granted.

**Dated: October 10, 2025**                             Respectfully submitted,

                                                        GOVERNMENT EMPLOYEES
                                                        INSURANCE COMPANY


                                                        By: /s/ *Gerald L. Maatman, Jr.*
                                                               One of its Attorneys

Gerald L. Maatman, Jr.
(*gmaatman@duanemorris.com*)
Jennifer A. Riley
(*jariley@duanemorris.com*)
Gregory Tsonis
(*gtsonis@duanemorris.com*)
Tiffany E. Alberty
(tealberty@duanemorris.com)
**DUANE MORRIS LLP**
190 South LaSalle Street, Suite 3700
Chicago, Illinois 60603-3433
Telephone: (312) 499-6700
Facsimile: (312) 499-6701

Gregory S. Slotnick
(*gsslotnick@duanemorris.com*)
**DUANE MORRIS LLP**
22 Vanderbilt
New York, New York 10017
Telephone: (212) 692-1000
Facsimile: (212) 202-5384

**ATTORNEYS FOR DEFENDANT**

# CERTIFICATE OF SERVICE

I, Gerald L. Maatman, Jr., hereby certify that on October 10, 2025, I caused a true and correct copy of the foregoing Defendant's Reply in Support of its Motion for Summary Judgment to be served via ECF on the following counsel of record:

Michael J. Scimone
Sabine Jean
Jarron D. McAllister
**OUTTEN & GOLDEN LLP**
685 Third Avenue, 25th Floor
New York, NY 10017
Telephone: 212-245-1000
Facsimile: 646-509-2060
mscimone@outtengolden.com
sjean@outtengolden.com
jmcallister@outtengolden.com

Ryan C. Cowdin
**OUTTEN & GOLDEN LLP**
1225 New York Ave NW, Suite 1200B
Washington, DC 20005
Telephone: (202) 847-4409
Facsimile: (202) 847-4410
rcowdin@outtengolden.com

Troy Kessler
Garrett Kaske
**KESSLER MATURA P.C.**
534 Broadhollow Road, Suite 275
Melville, NY 11747
Telephone: 631-499-9100
Facsimile: 631-499-9120
tkesler@kesslermatura.com
gkaske@kesslermatura.com

*Attorneys for Plaintiffs and the Putative Class and Collective*

/s/ *Gerald L. Maatman, Jr.*
Gerald L. Maatman, Jr.