# EXHIBIT 96

1

1        UNITED STATES DISTRICT COURT
         EASTERN DISTRICT OF NEW YORK
2

3    ------------------------------X
     FISCHER, et al.,
4                              :  23-cv-2848
                                  (SJB)
5           Plaintiffs,
                               :  United States Courthouse
6       -against-                 Central Islip, New York

7    GOVERNMENT EMPLOYEES INSURANCE
     COMPANY,
8                              :  July 1, 2025
              Defendant.          10:30 a.m.
9    ------------------------------X

10              TRANSCRIPT OF STATUS CONFERENCE
                BEFORE THE HONORABLE SANKET J. BULSARA
11              UNITED STATES DISTRICT COURT JUDGE

12

     APPEARANCES:
13

     For the Plaintiffs:    MICHAEL SCIMONE, ESQ.
14                          JARRON MCALLISTER, ESQ.
                            Outten & Golden LLP
15                          685 Third Avenue
                            New York, NY 10017
16

17

     For the Defendant:     GREGORY TSONIS, ESQ.
18                          Duane Morris LLP
                            190 South LaSalle Street
19                          Chicago, IL 60603

20

21

     Official Court Reporter:    Paul J. Lombardi, RMR, FCRR
22   Ph. (631) 712-6106          100 Federal Plaza - Suite 570
                                  Central Islip, New York 11722
23

24

              Proceedings recorded by mechanical stenography.
25                 Transcript produced by CAT.

2

1          THE COURT:  We are here for a status conference

2    in 23-cv-2848.

3          Who's here for the plaintiffs?

4          MR. SCIMONE:  Good morning, your Honor.

5          Michael Scimone from Outten Golden for the

6    plaintiffs.

7          MR. MCALLISTER:  My name is Jarron McAllister,

8    from Outten Golden, for the plaintiffs.

9          THE COURT:  Gentlemen, you are welcome to be

10   seated but you first should rise when you introduce

11   yourselves.

12         MR. SCIMONE:  Apologize, your Honor.

13         THE COURT:  For the defendants.

14         MR. TSONIS:  Good morning, your Honor.

15         Gregory Tsonis,  Duane Morris, LLP, on behalf of

16   defendant GEICO.

17         THE COURT:  Good morning.

18         I reviewed the parties' letters and I wanted to

19   discuss a couple of things.  I'll start with defendant's

20   counsel.  I understand one of the things you would like to

21   do is move for summary judgment.  I'd like to understand

22   why that works here because this is an opt-in case with

23   many, many plaintiffs who have opted in.  So unless you

24   are making a summary judgment motion against all

25   plaintiffs who have opted in, this motion is, at best, a

19

1    It's typically not possible for you to both say, you are

2    not having depositions of these people now, but I'm going

3    to rely on them for summary judgment opposition because

4    that's unfair to the defendants.

5             MR. SCIMONE:  Well, your Honor, I think if we

6    were opposing summary judgment in any scenario we would be

7    relying on the depositions that we have and a range of

8    other evidence in the case.

9             I think even for someone who is not deposed we

10   would have evidence that we could cite, just for one

11   example, we would cite the 15 depositions, and if those 15

12   depositions describe, we were in the office all the time,

13   we were logged on --

14            THE COURT:  I have no problem with you citing

15   depositions that have already been taken.

16            I wanted to focus in because you said for each

17   of the opt ins you have submitted a declaration and I was

18   hearkening back to the earlier point that maybe not every

19   opt in has been deposed yet, and I didn't want to come to

20   a situation where the defendants have briefed summary

21   judgment and then you are opposing and saying, oh, by the

22   way, all of GEICO has knowledge.  Look at these

23   declarations by people, oh, by the way, bracket, those

24   people have not been deposed yet.

25            That doesn't work.

1          MR. SCIMONE:  Understood, your Honor.

2          In the class certification we go into this but

3     we have a lot of common evidence as well we would be

4     pointing to.

5          THE COURT:  I'm not suggesting that there isn't.

6          I'm just pointing out, just like I'm pointing

7     out to the defendants if they move for summary judgment

8     now they don't get to move again, and I'm pointing out to

9     you that wherever, and you can, obviously, if there was

10    discovery that you needed from them you can always file a

11    motion to oppose summary judgment, but I'm talking about

12    relying, yourself, to dispute summary judgment on

13    statements or evidence that the defendants haven't yet had

14    the ability to test.

15         MR. SCIMONE:  Yes.

16         The only thing I would say, and I feel some need

17    to say, I do think as a matter of proportionality and

18    discovery it would not make sense to depose every single

19    opt-in plaintiff, but that's not really the issue before

20    the court at this point.

21         THE COURT:  Yes, and I'm just saying you would

22    inadvertently put that into play by relying on those named

23    plaintiffs who have not yet been deposed -- not named,

24    opt-in plaintiffs.  In my hypothetical five through ten if

25    you submitted declarations to oppose summary judgment,