IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| KEITH FISCHER, MICHAEL O'SULLIVAN, JOHN MOESER, LOUIS PIA, THOMAS BARDEN, CONSTANCE MANGAN, and CHARISE JONES, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOVERNMENT EMPLOYEES INSURANCE COMPANY,<br><br>Defendant. | Case No. 2:23-CV-02848<br><br>District Judge Sanket J. Bulsara<br><br>Magistrate Judge Steven L. Tiscione |

## DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS UNOPPOSED MOTION TO SEAL

Pursuant to District Judge Bulsara's Individual Practices (Civil), Rule III(G), Defendant Government Employees Insurance Company ("GEICO" or "Defendant") hereby respectfully submits this Memorandum of Law in Support of its Unopposed Motion to Seal (the "Motion").

Defendant certifies that it conferred with Plaintiffs' counsel regarding the exhibits designated to be sealed, in whole or in part, and that Plaintiffs' counsel confirmed via email on October 9, 2025, that Plaintiffs do not oppose this motion.

## INTRODUCTION

In connection with Defendant's filing of the fully briefed Motion for Summary Judgment, Defendant now respectfully requests that the Court seal certain documents attached as exhibits to the Motion for Summary Judgment and accompanying pleadings. The documents and portions of transcripts which merit sealing contain (1) personally identifiable information, (2) proprietary information and trade secrets, (3) private settlement terms, and (4) confidential settlement communications. Defendant's request is narrowly tailored to these defined categories. The Parties'

1

(and affected non-parties') interests in maintaining confidentiality outweigh the minimal public interest in these materials. Accordingly, this Motion should be granted.

## LEGAL STANDARD

In assessing whether sealing is appropriate, courts in the Second Circuit first consider whether the documents at issue are "judicial documents." *See Lugosch v. Pyramid Co.*, 435 F.3d 110, 119-20 (2d Cir. 2006); *see also Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020). Documents submitted to a court for its consideration in a summary judgment motion are, as a matter of law, judicial documents. *See Lugosch*, 435 F.3d at 121. Courts then balance (1) the public's presumptive interest in the information at issue; and (2) the private interests in keeping the information under seal. *See id.* The moving party "must make a particular and specific demonstration of fact showing that disclosure would result in an injury sufficiently serious to warrant protection." *In re Parmalat Sec. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009)

## ARGUMENT

This Court should grant Defendant's Motion to seal the several sensitive documents and excerpts identified herein.

### A. Personal and Medical Information

This Court should grant Defendant's Motion with respect to certain exhibits containing sensitive personal and confidential information, including names, residential and e-mail addresses, dates of birth, and medical information. The specific documents containing such information and which merit sealing are Defendant's Exhibits 5, 17, 20, 22, 25, 29, 38, 40, 45, 48, 51, 61, 62, 69, 72, 73, 76, 84, 88, 90, 91, 95, and Plaintiffs' Exhibits C and D.

When evaluating privacy interests, "the Second Circuit has instructed courts to first consider 'the degree to which the subject matter is traditionally considered private rather than

public.'" *United States v. Cohen*, 366 F. Supp. 3d 612, 624 (S.D.N.Y. 2019) (citing *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)). Privacy interests "are generally limited to documents containing medical or psychological information about the named individual ... [or] bank account numbers, [S]ocial [S]ecurity numbers and information the disclosure of which could raise a personal safety issue. *Id*. (citing *US, Inc. v. Glenmark Generics, Inc.*, No. 08-CV-5023 CBA, 2010 WL 889799, at *8 (E.D.N.Y. Mar. 8, 2010) (alterations in original, internal quotations omitted)).

These exhibits contain confidential and sensitive personal information implicating Plaintiffs' and third parties' privacy interests, including personal identifying information and personal health information. GEICO seeks to seal names of persons unrelated to this litigation, personal residential and e-mail addresses, dates of birth, and medical information. (Declaration of Gerald L. Maatman, Jr. ("Maatman Decl.") ¶¶ 5-7) (attached hereto as Exhibit 1). For example, Exhibits 48, 61, and 72 contain names of individuals who are not employed by GEICO but who were somehow involved in a GEICO investigation. The respective individuals have a strong interest in keeping this information private. Meanwhile, the public has no interest in the identifying information of those entirely unrelated to this suit. Consequentially, these exhibits should be redacted and sealed.

   **B.**  **GEICO's Proprietary Information and Trade Secrets**

Other exhibits accompanying Defendant's Motion merit sealing because they concern confidential and proprietary information. Specifically, Defendant's Exhibits 1, 2, 3, 5, 14, 16, 17, 21, 32, 40, 62, 73, and 81, and Plaintiffs' Exhibits A, AAA, B, C, F, G, I, QQ, R, S, and T, included as part of Defendant's Motion for Summary Judgment, and Defendant's Exhibit 97 to its Response to Plaintiffs' Statement of Additional Facts.

The presumption of public access may be rebutted "where a party seeks to redact specific information about the party's 'specific business information and strategies, which, if revealed, may provide valuable insights [to competitors]' and the proposed redactions are narrowly tailored to protect against competitive harm." *Binh Thanh Import Export Prod. & Trade Joint Co. v. Amazon.com Servs. LLC*, No. 23-CV-292 (LGS), 2025 U.S. Dist. LEXIS 153985, at *10 (S.D.N.Y. Aug. 8, 2025) (citing *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015)). To protect parties from the potential harm of public access to sensitive business information, district courts in the Second Circuit seal such information notwithstanding the public interest in open court proceedings. *See Alexander v. Azar*, 396 F.Supp.3d 242, 253 (D. Conn. 2019) (citing *CSL Silicones, Inc. v. Midsun Grp. Inc*, No. 3:14-CV-1897 (CSH), 2017 WL 4750701, at *3 (D. Conn. July 12, 2017)).

Defendant's Exhibit 16 and Plaintiffs' Exhibits AAA, F, QQ, R, and S contain sensitive business information, the disclosure of which would competitively harm GEICO. These exhibits contain GEICO's internal metrics, training procedures, and instructions regarding the identification, investigation, and resolution of insurance fraud claims, as well as GEICO's complete user manual providing details of its case management system. (Maatman Decl. ¶¶12-14.) Defendant GEICO has developed these processes and resources over time to advance its position in the marketplace. (*Id.*) Publicizing these materials would reveal proprietary business secrets, providing competitors with insights that they could utilize to GEICO's detriment, and would provide individuals attempting to defraud the Company with an understanding of GEICO's methods and processes, increasing the potential for GEICO losses. (*Id.*) Furthermore, redacting these sensitive exhibits is not a viable alternative because the sensitive information is inextricably entwined, such that its removal would be unduly burdensome and leave the publicly viewable

4

remainder incomprehensible. *See In re Zimmer M/L Taper Hip Prosthesis or M/L Taper Hip Prosthesis with Kinectiv Tech. & Versys Femoral Head Prods. Liab. Litig.*, No. 18-MC-2859 (PAC), 2021 WL 4706199, at *4 (S.D.N.Y. Oct. 8, 2021) ("Redaction is not practicable for these documents … so they will be maintained entirely under seal.")

For similar reasons, the Court should permit GEICO to publicly file redacted versions of Defendant's Exhibits 1, 2, 3, 5, 14, 16, 17, 21, 32, 40, 62, 73, and 81, and Plaintiffs' Exhibits A, B, C, G, I, and T to the Motion for Summary Judgment, and Defendant's Exhibit 97 to its Response to Plaintiffs' Statement of Additional Facts. These exhibits include the deposition testimony of Plaintiffs Keith Fischer, Constance Mangan, Thomas Barden, Michael O'Sullivan, Louis Pia, Daniel King, Louis Caniglia, Jr., Margaret Fischer, John Moeser, Charise Jones, Maria Munoz, Albert Brust, and Michael Reed; deposition testimony of former manager Gerard Cassagne; the Declaration of Jennifer Fogarty, Senior Manager of SIU; excerpts from the Rule 30(b)(6) deposition of GEICO designee Jennifer Fogarty; internal emails between GEICO employees; and interview notes from an interview between Plaintiffs' proposed expert witness, Catherine O'Neil, with Plaintiffs Keith Fischer, Margaret "Peggy" Fischer, and Michael Reed. The limited text that GEICO requests to be sealed clearly and specifically describe in detail the sources, methods, and tactics that GEICO uses to investigate potentially fraudulent insurance claims. Such details are highly confidential, and their disclosure would provide the public with GEICO's confidential investigative methodologies and hinder GEICO's ability to detect, prevent, investigate, and resolve incidents of insurance fraud. (Maatman Decl. ¶¶ 10-12.)

### C. Settlement Amounts From Prior Litigation Against GEICO

The Court should similarly permit GEICO to publicly file redacted deposition testimony regarding settlement amounts received by certain plaintiffs in prior litigation, which prior courts

5

permitted be anonymized. Such information is contained in Defendant's Exhibits 2, 3, 5, and 62 to the Motion for Summary Judgment.

In deciding whether to seal a judicial document, the Second Circuit has made clear that "access to settlement discussions and documents has no value to those monitoring the exercise of Article III judicial power by the federal courts." *Pullman v. Alpha Media Publ'g, Inc.*, 624 Fed.Appx. 774, 779 (2d Cir. 2015) (quoting *United States v. Glen Falls Newspapers, Inc.*, 160 F.3d 853, 857 (2d Cir. 1998)).

Compelling reasons exist for keeping previously-redacted settlement distributions out of the public domain. While previous settlement amounts were publicly posted in the prior litigation, the names of each settlement participant were redacted, anonymizing the settlement amounts. Were the amounts in Defendant's Exhibits 2, 3, 5, and 62 not sealed, those individuals' identities would no longer be anonymized and could lead to the de-anonymization of further individuals.

Courts considering similar circumstances recognize the propriety of continuing to seal previously-redacted information. In *Pullman*, the Second Circuit upheld the Southern District of New York's decisions to seal a settlement conference transcript and, importantly, to redact the settlement amount referenced in that transcript. *Id.* Notably, the district court redacted the settlement amount even after a third party posted the unredacted transcript on an online message forum. *Id.* Similarly, here, settlement amounts should continue to be redacted, as individuals who took part in these confidential settlements have an interest in maintaining financial privacy whereas the public does not have an interest in knowing specifically how much each person previously recovered.

    **D.**    **Federal Rule of Evidence 408 Confidential Settlement Communications**

Finally, the Court should grant GEICO's request to seal a confidential settlement communication contained in Defendant's Exhibits 41 and 46, and Plaintiffs' Exhibit U. Federal Rule of Evidence 408 generally prohibits the introduction of settlement negotiations at trial. *See* Fed. R. Evid. 408. While Rule 408 generally governs admissibility in court proceedings, courts in the Second Circuit also seal communications protected by Rule 408, recognizing that settlement negotiations "reflect the process the parties used to come to … settlement" and "do not require disclosure for the public to understand the underlying dispute…." *Leslie v. Met Pro Technologies, LLC*, No. 16-CV-1428, 2019 WL 5783524, at *3 (N.D.N.Y. Oct. 1, 2019) (holding that settlement documents, including negotiations, shall remain sealed); *see also Travelers Indem. Co. v. Excalibur Reinsurance Corp.*, No. 11-CV-1209, 2013 WL 4012772, at *8 (D. Conn. Aug. 5, 2013) (finding "clear and compelling" reasons to seal confidential settlement negotiations). Meanwhile, "[t]he 'presumption of access to settlement negotiations … is negligible to nonexistent.'" *Pullman*, 624 Fed.Appx. at 779 (quoting *Glen Falls Newspapers, Inc.*, 160 F.3d at 858). Further, the release of settlement negotiations is "likely to impair materially the trial court's performance of its Article III function of crafting a settlement." *Glen Falls Newspapers, Inc.*, 160 F.3d at 858.

The settlement communications at issue here should likewise be sealed. Parties engaging in settlement communications presume confidentiality, and the documents were marked as such at the time they were sent. Permitting public access now would only discourage settlement efforts in future cases. In addition, the public's interest in the communication is lacking because the information contained therein does not serve a compelling public interest, thus courts recognize that such documents merit sealing. *See, e.g.*, *Leslie* 2019 WL 5783524, at *3; *Pullman*, 624 Fed.Appx. at 779. Accordingly, this Court should seal Defendant's Exhibits 41 and 46, and Plaintiffs' Exhibit U, which contain settlement discussions.

## **CONCLUSION**

For the foregoing reasons, GEICO respectfully requests that the Court grant its motion and permit the documents described herein to remain sealed.

| | |
|---|---|
| **DATED: October 10, 2025** | Respectfully submitted, |// 
| | /s/ *Gerald L. Maatman, Jr.* |

Gerald L. Maatman, Jr.
gmaatman@duanemorris.com
Jennifer A. Riley
jariley@duanemorris.com
Gregory Tsonis
gtsonis@duanemorris.com
DUANE MORRIS LLP
190 S. LaSalle Street, Suite 3700
Chicago, IL 60603
Telephone: (312) 499-6700
Fax: (312) 499-6701

Gregory S. Slotnick
gsslotnick@duanemorris.com
DUANE MORRIS LLP
22 Vanderbilt
335 Madison Avenue, 23rd Floor
New York, New York 10017
Telephone: (212) 471-1856
Fax: (212) 202-5384
*Attorneys for Defendant Government Employees Insurance Company*

## **CERTIFICATE OF SERVICE**

      I, Gerald L. Maatman, Jr., hereby certify that on October 10, 2025, I caused a true and correct copy of the foregoing to be served on counsel of record via email and through filing on the Court's Electronic Court Filing ("ECF") system.

                                                    */s/ Gerald L. Maatman, Jr.*

                                                    Gerald L. Maatman, Jr.