# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| KEITH FISCHER, MICHAEL O'SULLIVAN, JOHN MOESER, LOUIS PIA, THOMAS BARDEN, CONSTANCE MANGAN, and CHARISE JONES, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>        v.<br><br>GOVERNMENT EMPLOYEES INSURANCE COMPANY,<br><br>    Defendant. | Case No. 2:23-CV-02848<br><br>District Judge Sanket J. Bulsara<br><br>Magistrate Judge Steven L. Tiscione |

## CERTIFICATION OF GERALD L. MAATMAN, JR.

I, Gerald L. Maatman, Jr., based on my personal knowledge and pursuant to 28 U.S.C. § 1746, make this Certification in support of defendant Government Employees Insurance Company ("Defendant" or "GEICO")'s Motion to Seal (the "Motion"), and state as follows:

1.  I am a partner at the firm of Duane Morris LLP in Chicago, Illinois and lead counsel for Defendant in the above-captioned action. In my role as lead counsel in this and other matters for Defendant, I routinely speak with employees of Defendant, understand GEICO's relevant business operations, and am familiar with the documents produced in this litigation.

2.  I make this certification in support of Defendant's Motion to Seal, filed contemporaneously with Defendant's Motion for Summary Judgment.

3.  I have personal knowledge of the matters set forth herein and would so testify if called as a witness at trial.

4.  Prior to filing the Motion, the parties conferred via email on October 7 and 9, 2025 regarding Defendant's requested relief through its filing of the Motion. Specifically, Defendant's

counsel proposed certain limited redactions and sealing designations to Plaintiffs' counsel and, after review, the parties reached agreement and Plaintiffs stated that they consented and did not object to the scope of Defendant's requested relief.

5. Exhibits 5, 17, 20, 22, 25, 29, 38, 40, 45, 51, 62, 69, 73, 76, and 84 to Defendant's Motion for Summary Judgment, Exhibit D to Plaintiffs' Response to Defendant's Motion for Summary Judgment, and Exhibits 88, 90, 91, and 95 to Defendant's Response to Plaintiffs' Statement of Additional Facts are deposition transcripts, personnel files derived from Workday, the program that GEICO uses to manage certain human resources functions, and internal GEICO documents that contain dates of birth and residential addresses, including many residential addresses of non-parties. GEICO ordinarily restricts public access to such information unless there is a business reason to disclose it, in order to protect sensitive personal identifiers, individuals' privacy, and prevent potential misuse of sensitive information.

6. Exhibits 38, 48, and 61, and 72 to Defendant's Motion for Summary Judgment contain names of GEICO customers or individuals whose name is associated with a GEICO investigation. Disclosure of such non-party identities, particularly where fraud may or may not have been substantiated and no evidence confirms these individuals' relevant involvement, would needlessly invade their privacy and could subject them to undue attention or reputational harm while providing no value to the adjudication of the claims before this Court.

7. Exhibits 45 and 73 to Defendant's Motion for Summary Judgment and Plaintiffs' Exhibit C are the deposition transcripts of Michael Grey, Michael Reed, and Charise Jones, respectively. The documents contain sensitive health information including medical diagnoses and leave-related medical issues that are not pertinent to this case and which GEICO ordinarily does not disclose in the usual course of business.

8.      Exhibits 41 and 46 to Defendant's Motion for Summary Judgment and Plaintiffs' Exhibit U contain confidential settlement communication pursuant to Federal Rule of Evidence 408. These communications were received by GEICO counsel, and were and are understood by GEICO and its counsel to be confidential settlement communications.

9.      Exhibits 2, 3, 5, and 62 to Defendant's Motion for Summary Judgment are deposition transcript excerpts that contain confidential information related to settlement amounts prior *Vetter* and *Calderon* litigation involving Defendant. Settlement distributions in those cases were confidential, and the amounts were anonymized at the time those settlements were approved. The deposition transcripts GEICO now seeks to redact, if public, could be utilized to cross reference the amounts testified to with the publicly-available information, allowing an individual to de-anonymize the settlement amounts in those cases.

10.     Exhibits 1, 2, 3, 5, 14, 17, 21, 32, 40, 62, 73, and 81 to Defendant's Motion for Summary Judgment, Plaintiffs' Exhibits A, B, C, G, I, and T to its Response to Defendant's Motion for Summary Judgment, and Defendant's Exhibit 97 to its Response to Plaintiffs' Statement of Additional Facts contain highly confidential information regarding GEICO's business operations as well as confidential and competitively sensitive information regarding how GEICO investigates potential fraud. GEICO maintains the information described in these Exhibits as confidential in the ordinary course of business. If these Exhibits were to be made public without redactions, I understand from my conversation with individuals at GEICO that the information would allow individuals to gain insight into how GEICO investigates potentially fraudulent insurance claims, making it more difficult for GEICO to prevent, detect, and resolve potentially fraudulent insurance claims. Further, I understand that disclosure would allow competitors could also use the

information to improve their operations, reducing GEICO's competitive advantage against other insurance companies.

11. Exhibit 5 to Defendant's Motion for Summary Judgment and Plaintiffs' Exhibit I contain detailed and proprietary information regarding SICM, GEICO's Special Investigations Case Management system. SICM is an internal GEICO platform used to manage investigations within SIU. The disclosure of SICM's structure, processes, and available data would expose sensitive operational details not relevant to this litigation. From my conversations with GEICO employees, I understand that disclosure of SICM information could compromise the integrity of Defendant's investigative processes by, for example, allowing individuals to assess the limitations of GEICO's system and ultimately decrease the likelihood that GEICO would prevent, detect, or resolve incidents of fraud. Disclosure would also provide unfair insight to competitor insurance companies that operate similar investigative departments.

12. Exhibit 16 is the SIU Case Management System (SICM) User's Manual and Plaintiffs' Exhibit F contains excerpts from the SIU SICM User Manual, which Defendant seeks to seal in its entirety. From my conversations with GEICO, I understand that disclosure of SICM information could compromise the integrity of Defendant's investigative processes by, for example, allowing individuals to assess the limitations of GEICO's system and ultimately decrease the likelihood that GEICO would prevent, detect, or resolve incidents of fraud. Additionally, from my conversations with GEICO, I understand that the information contained in these exhibits is confidential in the ordinary course of business, and that if it were to be made public, GEICO's competitors could use that information contained within to potentially gain a competitive advantage over GEICO, particularly in the New York market.

13. Plaintiffs' Exhibits AAA, QQ, and R similarly contain highly confidential information relating to GEICO's SICM system. Plaintiffs' Exhibit AAA is the SIU Case Investigation Dictionary. Plaintiffs' Exhibit QQ is the SIU Operations Manual. Plaintiff's Exhibit R is the SIU Case Investigation Instructions. I understand that GEICO maintains the information contained in Exhibits AAA, QQ, and R in the ordinary course of business. The information contained in these exhibits are at the core of Defendant's proprietary investigation and compliance infrastructure and are considered highly confidential within GEICO and generally distributed only to those with a necessary business purpose. These documents set forth internal search terms, decision-tree logic, and classification parameters that Defendant's investigators use to identify and evaluate potential fraud. Exhibit QQ outlines various processes used by SIU to investigate potential fraud which are highly confidential. Public disclosure would enable individuals or entities to evade or manipulate Defendant's investigative systems, potentially compromising the effectiveness of ongoing and future investigations.

14. Plaintiffs' Exhibit S contains the SIU Core Metrics Report Card. Defendant moves for leave to file Exhibit S under seal, as the information contained in Exhibit S includes quantitative benchmarks, rating methodologies, and employee productivity targets that are not publicly disseminated. These materials disclose Defendant's strategic methods for evaluating efficiency and investigative success. I understand that the information contained in Exhibit S would allow individuals to gain insight into Defendant's internal business operations, personnel standards, and resource allocation decisions, affecting GEICO's competitive position in the marketplace.

I declare under penalty of perjury that the foregoing is true and correct.

**Dated: October 10, 2025**

Respectfully submitted,

*/s/* <u>*Gerald L. Maatman, Jr.*</u>

Gerald L. Maatman, Jr.