# Exhibit 46

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KEITH FISCHER, MICHAEL O'SULLIVAN, JOHN MOESER, LOUIS PIA, THOMAS BARDEN, CONSTANCE MANGAN, CHARISE JONES, and ASHLEY ALVAREZ individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOVERNMENT EMPLOYEES INSURANCE COMPANY d/b/a GEICO,<br><br>Defendant. | Case No. 23 Civ. 2848 (GRB) (ARL) |

**OPT-IN PLAINTIFF MICHAEL GREY'S RESPONSES TO THE COURT'S INTERROGATORIES**

**INTERROGATORY NO. 1:**

During what period of time did you work for the Defendant?

**RESPONSE TO INTERROGATORY NO. 1:**

See attached Declaration of Michael Grey.

**INTERROGATORY NO. 2:**

Who was your immediate supervisor?

**RESPONSE TO INTERROGATORY NO. 2:**

See attached Declaration of Michael Grey.

**INTERROGATORY NO. 3:**

Did you have a regularly scheduled work period? If so, specify.

**RESPONSE TO INTERROGATORY NO. 3**:

See attached Declaration of Michael Grey.

**INTERROGATORY NO. 4:**

What was your title or position? Briefly describe your job duties.

**RESPONSE TO INTERROGATORY NO. 4:**

See attached Declaration of Michael Grey.

**INTERROGATORY NO. 5:**

What was your regular rate of pay?

**RESPONSE TO INTERROGATORY NO. 5:**

See attached Declaration of Michael Grey.

**INTERROGATORY NO. 6:**

What is the nature of your claim? (Check all that apply.)

**RESPONSE TO INTERROGATORY NO. 6:**

☒Off-the-clock work (Defendant failed to record, or prohibited you from recording, all of your working time);

☐Misclassification (Defendant mistakenly classified you as exempt from overtime);

☐Misclassification (Defendant failed to correctly calculate your compensation);

☐Other (Please describe).

**INTERROGATORY NO. 7:**

Provide an accounting of your claim, including:

a) Dates

b) Regular hours worked

c) Over-time hours worked

Doc ID: 7ae1926972a14286493a2af5303570addc83d941

    d) Pay received versus pay claimed

e) Total amount claimed

**RESPONSE TO INTERROGATORY NO. 7:**

See attached Declaration of Michael Grey.

**INTERROGATORY NO. 8:**

If you have brought this case as a collective action:

a) Describe the class of employees you seek to include in this action.

b) Has an opt-in notice been filed for every potential opt-in Plaintiff who has identified himself or herself as a person who wishes to join this action?

**RESPONSE TO INTERROGATORY NO. 8:**

a) Plaintiffs seek to send notice to a potential collective consisting of all current and former non-exempt classified employees of GEICO who worked as Special Investigators (regardless of variations in title[1]) throughout the United States during the time period from three years prior to the filing of the complaint until resolution of this action, and additionally including all periods of tolling agreed to between the Parties to this action.[2]

b) Written consent to join this action has been filed on behalf of every potential Plaintiff who has expressed their wish to join this action as of the date of this response. Further

[1] As of this writing, Plaintiffs are aware of the following variant job titles used for Special Investigators: Special Investigators, Special Investigator Trainers, SIU Investigators, Security Investigators, Senior Outside Security Investigators, Outside Field Investigators, Medical Investigators, Medical Fraud Investigators, Inside Medical Investigators, and Lead Investigators.

[2] The Parties entered a partial tolling agreement before Plaintiffs filed this lawsuit. This agreement tolls the claims of Thomas Barden, Louis Caniglia, Jr., Louis Caniglia, Sr., Craig Costanzo, Danielle Ennis, Keith Fischer, Margaret Fisher, Anthony Geraci, Mark Giambalvo, John Gillen, Michael Grey, Daniel King, Constance Mangan, George McManus, John Moeser, Joseph Neenan, Michael O'Sullivan, Michael Reed and Mark Sowell as of July 29, 2022, and tolls the claims of Louis Pia and Evan Teatum as of December 6, 2022.

Doc ID: 7ae1926972a14286493a2af5303570addc83d941

opt-in notices may be filed by potential opt-in Plaintiffs if the Court decides on Plaintiffs' forthcoming 216(b) Motion to send notice of this action to potential opt-in Plaintiffs.

**INTERROGATORY NO. 9:**

Please specify all attorney's fees and costs incurred to date. With respect to attorney's fees, please provide the hourly rate(s) sought and the number of hours expended by each person who has billed time to this case.

**RESPONSE TO INTERROGATORY NO. 9:**

As of October 31, 2023 for Outten & Golden LLP and November 1, 2023 for Kessler Matura P.C., Plaintiffs' counsel has incurred attorneys' fees and advanced costs in the amounts summarized below:

| Firm | F | Hours | |
|---|---|---|---|
| Outten & Golden LLP | $ 347,077.50 | 759.1 | $ 7,986.41 |
| Kessler Matura P.C. | $ 11,152.50 | 28.3 | $ 0.00 |
| **TOTAL** | **$358,230.00** | **787.4** | **$ 7,986.41** |
| **GRAND TOTAL: $366,216.41** | | | |

| Outten & Golden LLP | | |
|---|---|---|
| | Hours | Fees |
| Attorneys | 682.7 | $ 322,247.50 |
| Staff | 76.4 | $ 24,830.00 |
| Total | 759.1 | $ 347,077.50 |

| P | | |
|---|---|---|
| | Hours | Fees |
| Att eys | 24.1 | $ 10,522.50 |
| Sta | 4.2 | $ 630.00 |
| Total | 28.3 | $ 11,152.50 |

| Outten & Golden LLP | | | | | |
|---|---|---|---|---|---|
| Attorney/Staff | Initials | Title | Rate | Hours | Total |
| Michael J. Scimone | MJS | Partner | $ 800.00 | 131.4 | $ 105,120.00 |
| Justin M. Swartz | JMS | Partner | $ 1,150.00 | 7.9 | $ 9,085.00 |
| Theanne Liu Svedman | TXL | Associate | $ 375.00 | 338.0 | $ 126,750.00 |

Doc ID: 7ae1926972a14286493a2af5303570addc83d941

| | | | | | |
|---|---|---|---|---|---|
| Jarron D. McAllister | JDM | Associate | $ 375.00 | 148.5 | $ 55,687.50 |
| Sabine Jean | SXJ | Associate | $ 450.00 | 56.9 | $ 25,605.00 |
| Christopher Truong | CXT | Paralegal | $ 325.00 | 63.7 | $ 20,702.50 |
| Michaela Dougherty | MDX | Paralegal | $ 325.00 | 12.7 | $ 4,127.50 |
| | | | Totals: | 759.1 | $ 347,077.50 |

| Kessler Matura P.C. | | | | |
|---|---|---|---|---|
| Attorney/Staff | Title | Rate | Hours | Total |
| Troy L. Kessler | Partner | $625.00 | 1.4 | $ 875.00 |
| Garrett Kaske | Associate | $425.00 | 22.7 | $ 9,647.50 |
| Kristine Jimenez | Paralegal | $150.00 | 4.2 | $ 630.00 |
| | | Totals: | 28.3 | $ 11,152.00 |

| Outten & Golden LLP | Costs |
|---|---|
| FedEx/UPS Charges | $ 46.64 |
| Filing Fees | $ 247.00 |
| Legal Research | $ 595.01 |
| Mediation Costs | $ 6,794.19 |
| Process Server | $ 303.57 |
| Total | $ 7,986.41 |

**INTERROGATORY NO. 10:**

When did you (or your attorney) first complain to your employer about alleged violations of the FLSA?

**RESPONSE TO INTERROGATORY NO. 10:**

Plaintiffs' counsel first alerted GEICO to Plaintiff's claims under the FLSA on March 29, 2022.

**INTERROGATORY NO. 11:**

Was this complaint written or oral? (If a written complaint, please attach a copy).

**RESPONSE TO INTERROGATORY NO. 11:**

Plaintiffs' counsel notified GEICO of Plaintiff's claims by letter dated March 29, 2022. See attached Letter.

Doc ID: 7ae1926972a14286493a2af5303570addc83d941

**INTERROGATORY NO. 12:**

What was your employer's response? (If a written response, please attach a copy).

**RESPONSE TO INTERROGATORY NO. 12:**

GEICO responded through its counsel on March 31, 2022 and the parties subsequently engaged in pre-suit discussions over the next year.

Dated: November 7, 2023
New York, NY

*/s/Michael J. Scimone*
Michael J. Scimone

Michael J. Scimone
Sabine Jean
Jarron D. McAllister
**OUTTEN & GOLDEN LLP**
685 Third Avenue, 25th Floor
New York, NY 10017
Telephone: 212-245-1000
Facsimile: 646-509-2060
mscimone@outtengolden.com
sjean@outtengolden.com
jmcallister@outtengolden.com

Theanne Liu Svedman
**OUTTEN & GOLDEN LLP**
1225 New York Ave NW, Suite 1200B
Washington, DC 20005
Telephone: (202) 847-4400
Facsimile: (202) 847-4410
tliusvedman@outtengolden.com

Troy L. Kessler
Garrett Kaske
**KESSLER MATURA P.C.**
534 Broadhollow Road, Suite 275
Melville, New York 11747
Telephone: (631) 499-9100
Facsimile: (631) 499-9120
tkessler@kesslermatura.com
gkaske@kesslermatura.com

*Attorneys for Plaintiffs and the Putative Class and Collective*

Doc ID: 7ae1926972a14286493a2af5303570addc83d941

**VERIFICATION**

I, Michael Grey, have read the foregoing **OPT-IN PLAINTIFF MICHAEL GREY'S RESPONSES TO THE COURT'S INTERROGATORIES** and know the contents thereof.

My responses as stated in the foregoing document are true of my own knowledge, expect as to those matters that are stated on information and belief, and as to those matters, I believe them to be true.

I declare, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.

Dated: 11 / 07 / 2023

Signature: [signature]

Doc ID: 7ae1926972a14286493a2af5303570addc83d941

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

KEITH FISCHER, MICHAEL O'SULLIVAN, JOHN MOESER, LOUIS PIA, THOMAS BARDEN, CONSTANCE MANGAN, CHARISE JONES, and ASHLEY ALVAREZ individually and on behalf of all others similarly situated,

Plaintiffs,

v.

GOVERNMENT EMPLOYEES INSURANCE COMPANY d/b/a GEICO.,

Defendant.

No. 23 Civ. 02848 (GRB) (ARL)

**DECLARATION OF MICHAEL GREY**

I, Michael Grey, declare, based on personal knowledge and under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following is true and correct:

**Employment History and Job Duties**

1. I have been employed as a Special Investigator at GEICO since 2015. I work remotely throughout my tenure, either in the field or from my home in Hamburg, New York. I was assigned to GEICO's office in Melville, New York, which was previously located in Woodbury, New York. Recently, I was reassigned to what I understand to be the Northeast Regional office. As such, GEICO lists my business address as Buffalo, New York.

2. Since about May 2023, my immediate supervisor has been Andrew Gelderman, who is based out of Massachusetts. I reported to Toni D'Agata from about November 2022 through April 2023. Prior to that, Chet Janick was my supervisor from 2015 through his retirement in or about November 2022.

3. My manager for the first seven years of my employment was Bill Newport. Patricia Wupio was my manager from about May through August 2023. My current manager is Rene Cubas. Mr. Cubas is based out of Florida.

4. As a Special Investigator my main job duties are to investigate claims of suspected insurance fraud. GEICO assigns cases of suspected insurance fraud to Special Investigators, who are responsible for documenting evidence of fraud. As part of this process, my job duties includes, among other things, reviewing case files; running background checks; examining provider billing reports; driving out to medical facilities, accident scenes, incendiary/arson sites, or theft sites; gathering evidence; interviewing witnesses and law enforcement; confirming police reports; canvassing and surveilling scenes; conducting examinations under oath; and writing and submitting reports about my findings in cases.

5. Since January 2020, GEICO classified me and other Special Investigators as non-exempt employees who were eligible for overtime pay at one and one-half times my regular rate if I worked over 40 hours a week. My current regular rate of pay was $42.81 per hour.

**My Schedule and Unpaid Wages and Overtime**

6. As a non-exempt employee, GEICO required me to use a web-based timekeeping program to submit my time on a weekly basis.

7. My supervisors told me that I could only report up to 38.75 hours per week, or 7.75 hours a day, five days a week, in the timekeeping program. Accordingly, I only entered 7.75 hours per day, five days a week, regardless of how many hours I actually worked.

8. Generally, my regular schedule for GEICO has been 7:00 am to 3:30 pm, with an unpaid lunch break. I generally work, however, about 45 hours a week. This includes time spent typing up reports, doing fieldwork, and taking phone calls after regular work hours.

Doc ID: 7ae1926972a14286493a2af5303570addc83d941

9. Starting in March 2020, the COVID-19 pandemic halted field operations, so all of my work was done remotely until approximately November 2021. GEICO increased my caseload significantly after March 2020. My overtime hours increased as a result, to about 45 to 50 hours a week on average.

10. GEICO returned to normal field operations in or about November 2021. My overtime hours decreased somewhat as a result, but my caseload still required me to work overtime to keep up with my workload. As a result, until about February 2023, I returned to working about 45 hours a week.

11. From December 2016 to March 2020, my regular hours worked were approximately 45 hours per week; from about March 2020 through November 2021, my regular hours worked were approximately 45 to 50 per week; and from about November 2021 through February 2023, my regular hours worked were about 45 per week. My current regular rate of pay is $42.81. During nearly all of this time, I entered only 38.75 hours in the timekeeping system, and I was only paid for 38.75 hours ($1,658.88 per week). In sum, for the periods described above, my best estimate is that I am owed approximately $ $78,683.36 in unpaid wages. This is based on my best recollection over a period of several years and my most recent regular rate of pay, so it is possible that records and other documents in GEICO's possession could refresh my recollection and cause me to revise this estimate to be more precise. This amount does not include liquidated damages, which would add another $78,683.36 in damages, and does not include amounts for attorneys' fees or costs, pre-judgment interest, and post-judgment interest as provided by law.

Doc ID: 7ae1926972a14286493a2af5303570addc83d941

**GEICO's Overtime Pay Practices**

12. GEICO has required me to seek approval from my supervisor to submit any hours worked above 38.75. GEICO's managers and supervisor frequently reiterated to me and other Special Investigators that hours above 38.75 to complete regular case work would not be approved. More recently, I've been told to keep my hours under 40. Accordingly, GEICO failed to record all of my hours worked during my tenure, and I was not paid for hours, including overtime hours, that I worked off the clock.

13. GEICO has instituted a variety of performance metrics that I have been required to meet to remain in good standing. These performance metrics and ratings changed constantly, particularly during the pandemic. Throughout my employment, to the best of my recollection, GEICO has generally evaluated me based on how many hours it took me to complete a case task, how often I made an entry in a case report, how many days I took to close a case, and how many cases I completed within a month. These metrics put a lot of pressure on me to work as much as needed to meet these goals and deadlines, so as to be eligible for a raise and not be subjected to discipline.

14. In or around the summer of 2022, GEICO made it mandatory that, as part of our background checks, we do social media checks on the parties subject to our investigations. GEICO's standard was that social media checks should take two hours. As a result, when we received two or three cases day, our social media research was taking between four to six hours a day. We still had to get our usual work done. This contributed to working over 7.75 hours a day. Mr. Janick acknowledged, by email, to me and the rest of our team, that he knew it was impossible to do everything in 7.75 hours a day, but since we could be audited by the home office of GEICO, we had to do it anyway.

Doc ID: 7ae1926972a14286493a2af5303570addc83d941

15. Though I do not specifically recall formally complaining to my supervisors about working overtime without pay, in response to complaints from my coworkers about unpaid work, in April 2020, Mr. Janick emailed me and the team, to confirm that our team was not approved for overtime but still needed to complete all time/workload requirements.

16. As a result of the competing pressures that GEICO placed on me to do more work, meet demanding performance metrics, and limit my work schedule to non-overtime hours, I regularly performed work for GEICO that I did not report in the company's timekeeping system. As a result, I was not paid for overtime hours that I worked off the clock.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: 11 / 07 / 2023
Hamburg, New York

MICHAEL GREY

Doc ID: 7ae1926972a14286493a2af5303570addc83d941



OUTTEN & GOLDEN LLP

Advocates for Workplace Fairness

[redacted]

[redacted]

[redacted]

[redacted] [redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

**New York** 685 Third Avenue 25th Floor New York, NY 10017 Tel (212) 245-1000 Fax (646) 509-2060
**San Francisco** One California Street 12th Floor San Francisco, CA 94111 Tel (415) 638-8800 Fax (415) 638-8810
**Washington DC** 601 Massachusetts Ave NW Suite 200W Washington, DC 20001 Tel (202) 847-4400 Fax (202) 847-4410

www.outtengolden.com

Doc ID: 7ae1926972a14286493a2af5303570addc83d941

Doc ID: 7ae1926972a14286493a2af5303570addc83d941