# EXHIBIT 91

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - -x

KEITH FISCHER, MICHAEL O'SULLIVAN, JOHN MOESER, LOUIS PIA, THOMAS BARDEN, CONSTANCE MANGAN, and CHARISE JONES, individually and on behalf of all others similarly situated,

Plaintiffs,

-against- Case No.: 23-Civ-02848(GRB)(ARL)

GOVERNMENT EMPLOYEES INSURANCE COMPANY d/b/a GEICO,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - -x

December 13, 2024
9:31 a.m.

EXAMINATION BEFORE TRIAL of GERRY CASSAGNE, a Non-Party Witness herein, taken by the Plaintiffs, held via Zoom, pursuant to Subpoena, taken before DANIELLE DEYOUNG, a Shorthand Reporter and Notary Public in and for the State of New York.

MAGNA LEGAL SERVICES
(866) 624-6221



A P P E A R A N C E S:

OUTTEN & GOLDEN LLP
Attorneys for Plaintiffs
685 Third Avenue, 25th Floor
New York, New York 10017

BY: HANNAH COLE-CHU, ESQ.

DUANE MORRIS LLP
Attorneys for Defendant
190 South LaSalle Street, Suite 3700
Chicago, Illinois 60603

BY: GREGORY TSONIS, ESQ.

ALSO PRESENT:
JARRON McALLISTER, OUTTEN & GOLDEN LLP



S T I P U L A T I O N S

IT IS HEREBY STIPULATED AND AGREED, by and among counsel for the respective parties hereto, that the filing, sealing and certification of the within deposition shall be and the same are hereby waived;

IT IS FURTHER STIPULATED AND AGREED that all objections, except as to form of the question, shall be reserved to the time of the trial;

IT IS FURTHER STIPULATED AND AGREED that the within deposition may be signed before any Notary Public with the same force and effect as if signed and sworn to before the Court.

* * *



G. CASSAGNE

G E R R Y C A S S A G N E, after having first been duly sworn by a Notary Public of the State of New York, was examined and testified as follows:

THE COURT REPORTER: State your name for the record, please.

THE WITNESS: Gerry Cassagne.

THE COURT REPORTER: State your address for the record, please.

THE WITNESS: [redacted]

[redacted]

EXAMINATION BY

MS. COLE-CHU:

Q Good morning, Mr. Cassagne.

A Good morning.

Q My name is Hannah Cole-Chu. I'm an attorney representing the Plaintiffs in this lawsuit. With me is Jarron McAllister, who also represents the Plaintiffs.

For the record, can you please state and spell your name.

A Gerry Cassagne, G-E-R-R-Y, Cassagne, C-A-S-S-A-G-N-E.



foundation, calls for speculation.

You can answer.

A It could be any, but this is also for AD, which is the auto damage people. So this is for both -- this is for a couple of different units. So this is not specific to SIU.

Q So is your answer, then, you're not sure who "management" refers to?

MR. TSONIS: Objection, form, mischaracterizes testimony.

A Management, I believe, would be supervisors and managers and above.

Q Looking down farther under the FAQ, the third bullet point, and the sub point underneath that specifically reads:

"Overtime has always been available based on business need." What do you understand business need to mean here?

A If you need to do something regarding your case -- or in this case, I would assume AD do something, that was a



G. CASSAGNE

business need which was -- needed to be done within the guidelines of the company, then it would be approved because it had to be done to handle either the investigation or the case correctly, to make sure things were done according to protocols.

Q Is it true, then, that if there was not a business need, overtime was not available?

MR. TSONIS: Objection to form.

You can answer.

A No. Overtime was available if the investigator explained to me why he needed to do it on that specific case, it would be approved.

Q Did you have discretion to approve overtime however you saw fit as a supervisor?

A I did not have the ability to say -- like those ten hours a week thing, it was preapproved ten hours a week per investigator. I was able to tell my investigators that if you are working on



a case and you run over your time and you deem it necessary, you would just have to send me the reason why and I would approve it, based on the investigator's information he sent to me on that specific case.

MR. TSONIS: Now may be a good time for a five-minute break, whenever you're ready.

MS. COLE-CHU: Sure. I just have a few more questions on this one and then we can take a break.

Gerry, is that okay?

THE WITNESS: That's fine. Thank you.

BY MS. COLE-CHU:

Q Going back up to the top of the page, there's a bullet point that reads: "Management must pay overtime worked, even if the additional hours were not authorized and follow the company's progressive disciplinary process if overtime work was not approved."

What can you tell me about the



Does the number of cases assigned to an investigator determine how much work is required for those cases?

A No.

MR. TSONIS: No further questions. Thank you, Gerry.

MS. COLE-CHU: I don't have anything further.

MR. TSONIS: We will reserve to read and sign.

(Whereupon, the examination of GERRY CASSAGNE was concluded at 4:54 p.m.)

_________________________

GERRY CASSAGNE

Subscribed and sworn to before me on this_____ day of ____________, ________.

_______________________________

Notary Public



G. CASSAGNE

C E R T I F I C A T E

I, DANIELLE DeYOUNG, a Shorthand Reporter and Notary Public of the State of New York, do hereby certify:

That the WITNESS whose examination is hereinbefore set forth, was duly sworn, and that such examination is a true record of the testimony given by such WITNESS.

I further certify that I am not related to any of the parties to this action by blood or marriage; and that I am in no way interested in the outcome of this matter.

Danielle DeYoung

______________________

DANIELLE DeYOUNG

