# Duane Morris®

GERALD L. MAATMAN, JR.
PARTNER
DIRECT DIAL: +1 312 499 6710
PERSONAL FAX: +1 312 279 6780
E-MAIL: GMaatman@duanemorris.com

*www.duanemorris.com*

November 12, 2025

**VIA ECF**

Hon. Steven L. Tiscione
United States Magistrate Judge
United States District Court, Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

  Re: *Fischer, et al. v. Government Employees Insurance Company*
     Case No. 2:23-CV-02848 (SJB) (SLT)

Dear Judge Tiscione:

  We represent Defendant Government Employees Insurance Company ("GEICO" or "Defendant") in the above-referenced matter. We write pursuant to Your Honor's Individual Practice Rule III(A) and as required by Federal Rule of Civil Procedure 30(a)(2)(A)(i) to respectfully request leave of court to seek Phase II merits discovery by taking 17 fact witness depositions, in accordance with the effective Scheduling Order (the "Order"). (*See* ECF No. 73, Proposed Scheduling Order; September 10, 2024 Text Order granting ECF No. 73 (**Ex. 1**).)

  After notice of this FLSA collective action issued to potential plaintiffs, 35 plaintiffs joined this litigation during the Court-Ordered notice period between July and September 2025 (the "Phase II Plaintiffs"), and those Plaintiffs are now subject to Phase II discovery. (*Id*.) Pursuant to the Order, Phase II discovery closes three months after the close of the opt-in period, which closed on September 9, 2025. GEICO requests leave to depose 17 of the Phase II Plaintiffs.

  The parties conferred on GEICO's request on November 5, 2025. Plaintiffs advised that they would consider Defendant's reasonable request, but the following day Plaintiffs objected to Defendant's request and agreed to permit only five additional depositions.

**I. The Court Should Permit GEICO To Depose 17 Phase II Plaintiffs**

  In April 2024, this Court bifurcated discovery. (ECF No. 58.) The Court directed that, in Phase I, the parties should complete all merits discovery with respect to the seven named plaintiffs and the then 26 opt-in plaintiffs by September 13, 2024. GEICO sought to depose all 18 Phase I opt-in plaintiffs, which Plaintiffs opposed, and in October 2024 Your Honor permitted GEICO to depose approximately 50% of the Phase I opt-in plaintiffs (9 of the 18 opt-in plaintiffs). (ECF No. 80.) The Court Order bifurcating discovery directed that merits discovery after any court-ordered notice period would occur in Phase II. (ECF No. 58.)

DUANE MORRIS LLP

22 VANDERBILT  PHONE: +1 212 692 1000 FAX: +1 212 692 1020
335 MADISON AVENUE, 23RD FLOOR  DM1\20281381.6
NEW YORK, NY  10017-4669

DuaneMorris

Hon. Steven L. Tiscione
November 12, 2025
Page 2

Rule 30 provides that a "party must obtain leave of court … [if] the deposition would result in more than 10 depositions being taken under this rule." Fed. R. Civ. P. 30. As part of Phase II, GEICO propounded written discovery on the Phase II Plaintiffs and attempted to obtain Plaintiffs' stipulation regarding the 17 requested depositions of Phase II Plaintiffs. Plaintiffs objected to GEICO's requested depositions and refused to stipulate to more than five Phase II depositions. GEICO requires the Phase II Plaintiffs' depositions to complete Phase II discovery on the merits of their claims and to pursue decertification. Accordingly, the Court should allow GEICO to depose 17 Phase II Plaintiffs for multiple reasons.

*First*, courts regularly permit parties to complete more than 10 depositions in cases involving more than 10 opt-in plaintiffs and a similarly-sized opt-in population as here. *See, e.g., Forauer v. Vt. Country Store, Inc*., 2014 U.S. Dist. LEXIS 79234 at *4 (D. Vt. June 11, 2014) (allowing depositions of all 24 opt-in plaintiffs in FLSA matter, holding "[t]here are twenty-five Plaintiffs in this case, and thus individualized depositions remain feasible"); *Ingersoll v. Royal & Sunalliance USA, Inc*., 2006 U.S. Dist. LEXIS 50912, 2006 WL 2091097, at *3 (W.D. Wash. July 25, 2006) (permitting written and deposition discovery of all 36 named and opt-in plaintiffs); *Rivera v. UBM Enter., Inc.,* 2014 U.S. Dist. LEXIS 14466, 2014 WL 462586, at *3 (N.D. Tex. Feb. 5, 2014) (holding, as to opt-in discovery, that "there is no basis to order that the case should proceed through representative testimony when a total of only 16 plaintiffs are at issue").

Similarly, in litigation with phased discovery such as this, courts routinely allow for individuals who subsequently joined the case to be deposed. *See, e.g., Anatoliy Mikityuk v. Cision US Inc.*, No. 21 Civ. 510, 2021 U.S. Dist. LEXIS 224896, at *12 (S.D.N.Y. Nov. 22, 2021) (holding that "Defendants are entitled to more than the presumptive ten depositions permitted by the [rules]" and allowing defendants to take 15 opt-in plaintiff depositions following the close of the notice period); *Frisbie v. Feast Am. Diners, LLC*, No. 17-CV-6270, 2020 U.S. Dist. LEXIS 81451, at *7-8 (W.D.N.Y. May 7, 2020) (permitting individualized discovery and holding that "in an FLSA collective action where the plaintiff class is small and the discovery is related to the question of whether the individual plaintiffs are similarly situated within the meaning of the FLSA, individualized discovery is often permitted") (internal citation and quotations marks omitted) (collecting cases allowing individualized opt-in plaintiff discovery, including depositions); *Lloyd v. J.P. Morgan Chase & Co*., 2015 U.S. Dist. LEXIS 35161, at *21 (S.D.N.Y. March 20, 2015) (granting leave to depose 20 FLSA opt-in plaintiffs after initial discovery).

Deposition testimony from a substantial portion of the 35 individuals who chose to join this case only after receiving Court-authorized notice is particularly important to discovering the bases for their claims, if any, defending against those claims, and rebutting Plaintiffs' contention that such persons are similarly situated. Phase II Plaintiffs include individuals whose locations and job responsibilities were not materially present in Phase I, including: (i) investigators assigned to or working out of GEICO's Buffalo, New York office; (ii) Major Case investigators, with only one Phase I Plaintiff having worked in Major Case; and (iii) desk investigators, as essentially all Phase I Plaintiffs worked in the field to investigate potential fraud. The absence of such individuals in Phase I necessitates that GEICO have the opportunity to depose such individuals in Phase II.

DuaneMorris

Hon. Steven L. Tiscione
November 12, 2025
Page 3

The size of the Phase II Opt-In Plaintiff population is relatively small. Accordingly, although GEICO is entitled to seek the depositions of all 35 Phase II Plaintiffs, who are parties to this litigation, GEICO seeks to depose only 17 individuals, an amount commensurate with what Your Honor ordered in Phase I. (ECF No. 80.) With Plaintiffs' motion for class certification, Defendant's *Daubert* motion, and Defendant's Motion for Summary Judgment as to 16 Phase I Plaintiffs all fully briefed as of October 10, 2025, moving forward with depositions in Phase II is necessary and appropriate.

*Second*, written discovery is not an adequate substitute to the deposition of each Phase II Plaintiff. As courts routinely recognize, depositions are a crucial discovery mechanism, and they allow defendants to obtain detailed information regarding plaintiffs' claims, to test the veracity of plaintiffs' allegations, and to narrow the issues in dispute. *See, e.g., Buetenmiller* v. *Cogswell*, No. 20-CV-11031, 2021 U.S. Dist. LEXIS 87360, at *5-6 (E.D. Mich. May 7, 2021) ("The right to take depositions is a broad one because depositions are such an important tool of discovery.") (internal citation and quotation marks omitted); *see Credit Lyonnais, S.A. v. SGC Int'l, Inc.*, 160 F.3d 428, 430 (8th Cir. 1998); *GMAC Bank v. HTFC Corp.*, 248 F.R.D. 182, 185 (E.D. Pa. 2008) (noting that depositions play an "extremely important role in the American system of justice"). Depositions are particularly important and regularly allowed in FLSA collective actions. *See Morangelli v. Chemed Corp.*, No. 10-CV-876, 2011 U.S. Dist. LEXIS 151, *1 (E.D.N.Y. Jan. 1, 2011) (authorizing 40 depositions of FLSA opt-ins); *Forauer*, 2014 U.S. Dist. LEXIS 79234 at *4 (D. Vt. June 22, 2014) (granting motion to compel depositions of all 24 FLSA opt-ins); *Abubakar v. City of Solano*, No. 06-CV-2268, 2008 U.S. Dist. LEXIS 17456 *1-2 (E.D. Cal. Feb. 22, 2008) (refusing to limit the number of depositions); *Wellens v. Daiichi Sankyo Inc.*, No. 13-CV-581, 2014 U.S. Dist. LEXIS 177877, *2-3 (N.D. Cal. Dec. 29, 2014) (permitting depositions of 25 opt-ins).

*Third*, Defendant's request will not unduly prejudice Plaintiffs or interfere with the forward progress of the case. Ample time remains in the discovery period to complete depositions. Even a short extension of the fact discovery deadline, currently set for December 9, 2025, would not unduly delay the case. The availability of the Plaintiffs to appear for depositions will ultimately determine whether any extension of the decertification deadline, currently set for January 9, 2026, is necessary. Even if a short extension were necessary or desirable, no trial date is currently scheduled and thus no prejudice to Plaintiffs will result. *See Coene v. 3M Co.,* 303 F.R.D. 32, 45 (W.D.N.Y. Sept. 11, 2014) (no prejudicial effect when, *inter alia*, no trial date set); *Kassner v. 2nd Ave. Delicatessen Inc*., 496 F.3d 229, 244 (2d Cir. 2007) (ruling that good cause and no prejudicial effect are factors considered for modification of a scheduling order under Rule 16(b)).

Accordingly, pursuant to the Court's Order, Defendant respectfully requests that the Court grant it leave to depose seventeen (17) Phase II Opt-In Plaintiffs. Pursuant to Your Honor's Individual Practice Rule III(C), Defendant respectfully requests oral argument concerning the relief sought through this letter motion.

DuaneMorris

Hon. Steven L. Tiscione
November 12, 2025
Page 4

                                              Respectfully submitted,

                                              *Gerald L. Maatman, Jr.*

                                              Gerald L. Maatman, Jr.

GLM

cc:  All Counsel of Record (via ECF)