

Advocates for Workplace Fairness

November 19, 2025

**Via ECF**
Hon. Steven L. Tiscione
United States Magistrate Judge
United District Court, Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

      Re:    <u>*Fischer, et al. v. Gov't Emps. Ins. Co. d/b/a GEICO*</u>, **Case No. 23 Civ. 02848**

Dear Judge Tiscione:

    Plaintiffs oppose GEICO's letter motion to compel 17 depositions of opt-in plaintiffs, *see* ECF No. 148 ("Mot."), and seek to cross-move for a protective order to limit grossly disproportionate written discovery that GEICO has served on the entire 59-person collective.[1]

    In Phase I discovery, GEICO took 7 named Plaintiff depositions and moved for permission to take 18 opt-in depositions, over Plaintiffs' objection. ECF Nos. 74 & 75. Despite expressing concern at a pre-motion conference, the Court authorized 9 more depositions. ECF No. 80. In total, GEICO deposed 15 investigators in Phase I (out of the 59 that have opted in through the end of the notice period), amounting to over 25% of the Collective.[2] It also served written discovery on 24 opt-in Plaintiffs, which they responded to. With less than a month to go in Phase II discovery,[3] GEICO now wants more. It has served written discovery on *all* of the remaining Collective members and now seeks 17 additional depositions (totaling 32 plaintiffs, or 54% of the Collective). While Plaintiffs have agreed to produce 5 witnesses for deposition (over 33% of the Collective), GEICO's insistence on more, coupled with its dilatory conduct in waiting over two months to seek this discovery, strongly suggests that it is intentionally seeking to run up disproportionate discovery costs in violation of Fed. R. Civ. P. 26(g)(1)(B)(ii) (by signing discovery requests, a lawyer certifies that they are "not interposed for an improper purpose, such as to . . . needlessly increase the cost of litigation"). The Court has an obligation to limit this "unreasonably cumulative or duplicative" discovery, which is far "outside the scope permitted by Rule 26(b)(1)['s]" proportionality limits. Fed. R. Civ. P. 26(b)(2)(C)(i-iii).

---

[1]     60 people have opted in, but one has expressed their intent to withdraw.
[2]     GEICO did not take all the depositions the Court authorized.
[3]     Phase II discovery closes on December 9.

New York  685 3rd Ave 25th Floor, New York, NY 10017  T (212) 245-1000  F (646) 509-2060
San Francisco  1 California Street, 12th Floor, San Francisco, CA 94111  T (415) 322-1391  F (415) 638-8810
Washington, DC  1225 New York Ave NW, Suite 1200B, Washington DC 20005  T (202) 914-5097  F (202) 847-4410
outtengolden.com    mail@outtengolden.com

### I. GEICO Already Took Extensive Oral and Written Discovery In Phase I, and Has Recently Served Burdensome Written Discovery During Phase II.

GEICO took extensive written discovery of the FLSA Collective in Phase I. It served, and the 7 named Plaintiffs responded to, over 60 document requests and 19-22 interrogatories *per person*. It also served (and Plaintiffs responded to) 27 document requests and 10 interrogatories on *each* of 17 opt-in plaintiffs – in total, almost 2,000 individual requests. GEICO also conducted full depositions of 15 Plaintiffs. GEICO deemed this discovery sufficient to move for partial summary judgment as to 16 Plaintiffs. *See* ECF No. 138-1.[4]

Phase II discovery began on September 9, 2025, but GEICO sat on its hands for almost two months before serving additional discovery. On October 31, with 39 days left in Phase II, GEICO served 12 RFPs, 12 Interrogatories, and 28 RFAs – a total of 52 written requests – on each of the 35 remaining opt-ins (in total, 1,820 individual requests). Based on prior experience, Plaintiffs estimate responding to this written discovery will require approximately 140 attorney hours and 35 paralegal hours in the span of one month. GEICO timed this discovery so that Plaintiffs' responses are due the Monday after Thanksgiving.[5]

GEICO followed that up on November 5 by announcing its intent to depose 17 opt-ins. The next day, Plaintiffs proposed a compromise of 5 depositions. In lieu of further conferral, GEICO served 5 deposition notices (noticed in-person[6] in Buffalo and Hauppauge) and filed this letter motion. The first deposition was noticed for November 24, and the written discovery is due December 1, showing that GEICO does not need the written discovery for the depositions.

### II. GEICO's Additional Discovery is Disproportionate and Improper.

GEICO's additional discovery is grossly disproportionate to the needs of the case. Moreover, the pattern of dilatory conduct described above – waiting two months in this case and two months in *Alvarez*, then serving 1,820 individual discovery requests all due the Monday after a holiday – strongly suggests that GEICO's strategy is to deliberately run up discovery costs and

---

[4] At a pre-motion conference on this motion, Judge Bulsara warned GEICO that he would only permit one summary judgment motion, and suggested that it reconsider its strategy of moving for summary judgment against only part of the Collective.

[5] The same day, in the related *Alvarez, et al. v. GEICO*, No. 24 Civ. 722 (D. Md.) matter, GEICO served Plaintiffs' counsel with identical discovery requests for 10 opt-in plaintiffs. This came more than two months after the court in that case authorized written discovery on up to 67 opt-ins. *Id.*, ECF No. 156. GEICO also noticed depositions for 5 *Alvarez* plaintiffs in the first two weeks of December, again 2 months after the *Alvarez* court authorized up to 40 depositions (for a collective of 265 opt-ins).

[6] As of this writing, GEICO has refused to agree to remote depositions.

New York  685 3rd Ave 25th Floor, New York, NY 10017  T (212) 245-1000  F (646) 509-2060
San Francisco  1 California Street, 12th Floor, San Francisco, CA 94111  T (415) 322-1391  F (415) 638-8810
Washington, DC  1225 New York Ave NW, Suite 1200B, Washington, DC 20001  T (202) 914-5097  F (202) 847-4410
outtengolden.com    mail@outtengolden.com

Hon. Steven L. Tiscione
November 19, 2025
Page 3 of 3

impose burdens on Plaintiffs' counsel. If these tactics are entertained, they will extend the case management schedule and delay the resolution of this case.

      It is well established that "not all employees need testify in order to prove FLSA violations." *Grochowski v. Phoenix Constr.*, 318 F.3d 80, 88 (2d Cir. 2003); *see also Reich v. S. New England Telecomms. Corp.*, 121 F.3d 58, 67 (2d Cir. 1997) (Plaintiffs "may present the testimony of a representative sample of employees as part of [their] proof of the prima facie case under the FLSA"). Deposing more than half the collective here "would defeat the very purpose contemplated by Congress in authorizing . . . collective actions." *Higueros v. N.Y. State Catholic Health Plan, Inc.*, No. 07 Civ. 418, 2009 WL 3463765, at *2 (E.D.N.Y. Oct. 21, 2009) (citing 29 U.S.C. § 216(b)).

      Plaintiffs have agreed to depositions of up to 33% of the Collective, which is well within the range courts typically authorize in the Second Circuit. *See, e.g.*, *Higueros*, 2009 WL 3463765, at *2-3 (denying motion to compel after defendant deposed 13 of 31 plaintiffs, *i.e.*, 31% of collective); *Lloyd v. J.P. Morgan Chase & Co.*, No. 12 Civ. 2197, 2015 WL 1283681, at *4 (S.D.N.Y. Mar. 20, 2015) (allowing depositions of 20 out of 100 opt-in plaintiffs); *Ruggles v. Wellpoint, Inc.*, No. 08 Civ. 201, 2010 WL 11574166, at *5 (N.D.N.Y. Jan. 4, 2010) (allowing depositions of 25% of 331-person collective, but limited to no more than 2.5 hours each).

      GEICO ignores reality in claiming that "[a]mple time remains in the discovery period to complete depositions." Mot. at 3. 19 days remain as of this writing. GEICO could have served its discovery at any time after September 9 but chose to wait until November 12. The burdens GEICO seeks to impose are enormous – Plaintiffs' counsel must coordinate their own travel with the schedules of deponents and GEICO's counsel, and the written discovery due in 11 days requires multiple emails and phone calls to 35 parties to coordinate their search for documents, interview them about interrogatories and admissions, reduce the answers to writing, and obtain the witnesses' review and verification. To conduct 12 more depositions would require at least 2 additional months, delaying Phase III discovery and the eventual resolution of the case. The Court should not reward GEICO's dilatory conduct.

      For these reasons, Plaintiffs ask that the Court deny GEICO's request to take 17 depositions and limit written discovery to no more than 17 of the remaining opt-in Plaintiffs, allowing the parties to move this case towards resolution.

                                  Respectfully Submitted,

                                  Michael J. Scimone

c:      All Counsel of Record (via ECF)