# Outten&Golden

Hon. Steven I. Locke

United States Magistrate Judge

United District Court, Eastern District of New York

Courtroom 820

100 Federal Plaza

Central Islip, NY 11722

March 17, 2026

**Via ECF**

      Re:    ***Fischer, et al. v. Gov't Emps. Ins. Co. d/b/a GEICO*, Case No. 23 Civ. 02848**

Dear Judge Locke:

The parties write jointly to request an extension of the existing discovery schedule in this matter pursuant to Fed. R. Civ. P. 6(b), Fed. R. Civ. P. 16(b)(4), and Your Honor's Individual Motion Practices, Rules 1(C) & 2(B).

The parties previously submitted a joint motion to extend the discovery schedule on January 7, 2026, ECF No. 158, which they intended to supersede the discovery schedule then in effect.  (*See* ECF No. 73; September 10, 2024 Text Order granting ECF No. 73.)  Although the Court did not express reservations about the parties' proposal during the hearing on January 15, 2026, and indicated that the proposed schedule would be entered, the revised schedule was not formally entered on the docket.[1]  The parties intend the instant motion to supersede the previously submitted joint motion because it contains revised expert deadlines that account for recent developments in the case.  It otherwise contains dates identical to those contained in the proposed schedule previously submitted.

Good cause supports this motion.  Over the past four months, the parties have engaged in extensive opt-in discovery, as detailed in the parties' prior motion.[2]  In Phase II discovery,

---

[1]    Defendant believes that the January 7, 2026, schedule is operative, given the Court's oral approval.

[2]    The parties' prior motion includes a detailed summary of discovery efforts through January 7, 2026.  This motion updates and fills the gap from January 7, 2026 to the present.

| **New York** | **San Francisco** | **Washington, DC** |
|---|---|---|
| 685 Third Avenue, 25th Floor | 1 California Street, 12th Floor | 1225 New York Avenue NW, Suite 1200B |
| New York, NY 10017 | San Francisco, CA 94111 | Washington, DC 20005 |
| (212) 245-1000 | (415) 322-1391 | (202) 914-5097 |

Outten & Golden LLP
outtengolden.com

Hon. Steven I. Locke
March 17, 2026
Page 2 of 4

Plaintiffs have produced written discovery responses for 25 opt-in plaintiffs, served written discovery, and, since this Court's December 2, 2025, order authorizing additional opt-in depositions, *see* ECF No. 148, presented 10 of 17 opt-in plaintiffs noticed for depositions. One opt-in deposition is currently scheduled, eight opt-in plaintiffs filed withdrawals of their consent to join forms, *see* ECF Nos. 150, 152, 153, 154,  155, 156, 160, & 161, and one has died (a motion to substitute is forthcoming, per Plaintiffs).  Accordingly, "Phase II" discovery is substantially complete.

The parties need more time, however, to complete Phase III discovery related to experts and damages, for three reasons:

First, due to the large amount of work involved in Phase II discovery, GEICO has not yet been able to produce full compensation and SICM datasets[3] that may be relevant to damages.  In December, the parties met and conferred on these data requests, and GEICO agreed to produce them for the opt-in plaintiffs.  Although upcoming case obligations (such as GEICO's motion for decertification) prevented a precise production timeline, GEICO recently produced a significant amount of the requested data and expects to complete production in 2-3 weeks.  Any necessary conferrals related to the completeness and adequacy of the productions could require additional time.[4]

Second, other case deadlines in the next two months will prevent the parties from focusing exclusively on damages and expert discovery.  The parties are currently briefing GEICO's motion to decertify the FLSA collective action, and the Court has scheduled an oral argument on April 24, 2026, on GEICO's motion for summary judgment as to certain Plaintiffs, necessitating the parties' time and resources.

Third, Plaintiffs believe that the proposed extension appropriately takes into account a pending interlocutory appeal that could impact the scope of damages.[5]  On February 20, 2026, this Court denied Plaintiffs' motion for class certification.  Plaintiffs filed a timely Rule 23(f) petition at the United States Court of Appeals for the Second Circuit.  GEICO's response to that petition is due on March 16, 2026.  If the Court of Appeals accepts that petition and if Plaintiffs prevail, the relevant scope of damages discovery may ultimately be expanded to the putative class.  If the Court of Appeals decides to accept the petition in the next few months, the parties can meet and confer to discuss what implication, if any, that should have on the discovery schedule.

---

[3]     "SICM" is GEICO case management software that some Plaintiffs used to complete case investigations.

[4]     The parties are also conferring over GEICO's response to an interrogatory that Plaintiffs served in January 2026.

[5]     Defendant does not believe that an interlocutory appeal is appropriate and opposes Plaintiffs' Rule 23(f) petition, thus Defendant does not assert Plaintiffs' petition as a basis for revised Phase III discovery deadlines and does not join in this paragraph.

Hon. Steven I. Locke
March 17, 2026
Page 3 of 4

Taking these considerations into account, the parties believe that Phase III expert and damages discovery cannot be substantially completed until September 2026.

The parties therefore jointly request that the Court revise the existing discovery schedule as follows:

| | **ECF No. 73 Deadline** | **ECF No. 158 Deadline** | **Proposed New Deadline** |
|---|---|---|---|
| Conclusion of Phase II Discovery | December 9, 2025 | January 31, 2026 | January 31, 2026 |
| Defendant's Motion to Decertify FLSA Collective | January 9, 2026 | March 6, 2026 | March 6, 2026 |
| Plaintiffs' Response in Opposition to Defendant's Motion to Decertify | March 10, 2026 | April 10, 2026 | April 10, 2026 |
| Defendant's Reply in Support of its Motion to Decertify | March 24, 2026 | April 24, 2026 | April 24, 2026 |
| Start Phase III Discovery (Expert and Damages) | N/A | February 1, 2026 | February 1, 2026 |
| Plaintiffs' Expert Disclosures | N/A | 30 days following the Court's ruling on Plaintiffs' Motion for Class Certification | June 1, 2026 |
| Defendant's Expert Disclosures | N/A | 75 days following the Court's ruling on Plaintiffs' Motion for Class Certification | July 15, 2026 |
| Rebuttal Expert Disclosures | N/A | 95 days following the Court's ruling on Plaintiffs' Motion for Class Certification | September 1, 2026 |

**Error! Unknown document property name.**

Hon. Steven I. Locke
March 17, 2026
Page 4 of 4

| Phase III Discovery Concludes | March 9, 2026 | 150 days following the Court's ruling on Plaintiffs' Motion for Class Certification | September 30, 2026 |
|---|---|---|---|

All other deadlines in the parties' Amended Pre-Trial Scheduling Order, ECF No. 73, which was approved and entered by the Court (*see* September 10, 2024 Text Order), remain unchanged.

For these reasons, the parties jointly request the Court enter parties' proposed scheduling order submitted herewith.

Respectfully Submitted,

Michael J. Scimone

c:      All Counsel of Record (via ECF)

**Error! Unknown document property name.**