# Outten&Golden

April 14, 2026

**VIA ECF**
The Honorable Steven I. Locke
United States Magistrate Judge
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

> Re:   ***Fischer, et al. v. Government Employees Insurance Company***
> ***Case No. 2:23 Civ. 2848 (SJB) (SIL)***

Dear Judge Locke,

Plaintiffs write to request the Court's assistance in resolving a discovery dispute about 15 Plaintiffs' responses to Defendant's requests for admission ("RFAs").  GEICO refuses to accept Plaintiffs' responses because Plaintiffs served them after the original deadline.  The facts set forth in Plaintiffs' responses go to the heart of disputed facts in the case.  In each case where Plaintiffs' responses were delayed, Plaintiffs notified GEICO of the need for more time.  GEICO did not respond to these communications, did not try to informally resolve the issue with Plaintiffs, and did not claim any prejudice from the delay at the time.  In its pending motion to decertify the collective, GEICO announced (for the first time) its position that 15 opt-in Plaintiffs have admitted away their claims because their RFA denials were served late.  Plaintiffs tried to resolve the dispute without the Court's intervention, but GEICO refuses to accept Plaintiffs' RFA responses.  Plaintiffs therefore request leave to amend these "admitted" facts by deeming their actual responses timely under Fed. R. Civ. P. 36(b) and 6(b).[1]

**GEICO's Motion.**  On March 9, 2026, GEICO served its motion to decertify the collective, arguing for the first time that 15 Plaintiffs' RFA responses were untimely because it did not explicitly consent to extend Plaintiffs' response deadline.  *See* Defendant's Memorandum of Law in Support of its Motion to Decertify the Collective Action (bundled filing due on April 24, 2026).  GEICO argues that, as a consequence, these plaintiffs have admitted several dispositive or disputed

---

[1]   GEICO attempted the same maneuver in the parallel *Alvarez* litigation pending in the District of Maryland.  During a discovery hearing on the issue, Magistrate Judge Chelsea J. Crawford noted that GEICO failed to raise any claim of prejudice when Plaintiffs informed it of their need for more time to respond, found that GEICO had not been prejudiced, and Plaintiffs to amend the "admissions" with their actual responses.  *See* ECF No. 200, *Alvarez et al. v. Gov't. Emps. Ins. Co.*, No. 24 Civ. 00722 (D. Md. April 13, 2026)

**New York**
685 Third Avenue, 25th Floor
New York, NY 10017
(212) 245-1000

**Oakland**
1999 Harrison Street, Suite 1500
Oakland, CA 94111
(415) 638-8800

**Washington, DC**
1225 New York Avenue NW, Suite 1200B
Washington, DC 20005
(202) 914-5097

Outten & Golden LLP
outtengolden.com

Hon. Steven I. Locke
Page 2 of 4
April 14, 2026

facts, and thus their claims are "doomed."[2]  *Id.* at 29.  Among other matters, GEICO's RFAs ask Plaintiffs to admit that they (1) did not work more than 40 hours during any workweek, (2) did not work overtime, and (3) were paid for all hours reported.  *See* Ex. A (Sample RFAs).

**Discovery Efforts.**  GEICO has served Plaintiffs with a deluge of opt-in discovery requests, both here and in the parallel *Alvarez* matter.  In this matter, GEICO served 35 sets of RFAs on October 31, 2025, each containing 28 requests, as well as 12 document requests and 12 interrogatories.[3]  *See id.*  To date, Plaintiffs have produced 25 sets of RFA responses.  *See* Ex. B (Discovery Response Chart).  Each set requires Plaintiffs' counsel to communicate with a different client, with multiple follow-up communications to explain the process, discuss the requests, review and verify responses, obtain signatures, and supervise a search for relevant documents.  Whenever Plaintiffs required additional time to serve their responses, Plaintiffs informed GEICO and provided an estimated date for the remaining responses, in keeping with the practice of *both* parties throughout this litigation.  *See, e.g.*, Ex. C (J. McAllister Dec. 8, 2025 Email).  GEICO never responded to these emails.

**Meet and Confer Attempts.**  After receiving GEICO's motion to decertify the collective, Plaintiffs contacted GEICO on March 12 to obtain its consent to retroactively extend the deadlines.  GEICO refused, and the parties met and conferred on March 20, 2026.  GEICO again refused to accept Plaintiffs' RFA responses, asserting that the delayed responses had impacted its opt-in deposition selections, without further detail.

**Rule 36(b).**  To the extent that the RFAs were "admitted," Plaintiffs ask leave to amend them to reflect the real facts in dispute.  GEICO has misused Rule 36.  The purpose of RFAs is to clear away *uncontested* issues and narrow issues for trial.  *See Moosman v. Joseph P. Blitz, Inc.*, 358 F.2d 686, 688 (2d Cir. 1966).  RFAs "relieve the parties of the cost of proving facts that will not be disputed at trial."  8B Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2252 (3d ed. 2006) (cleaned up); *see also Republic of Turk. v. Christie's, Inc.*, 326 F.R.D. 394, 399 (S.D.N.Y. 2018) ("[R]equests for admission are used to establish . . . facts about which there is no real dispute[.]") (cleaned up).  A party "misuse[s]" Rule 36 by serving RFAs that "are not designed to identify and eliminate matters on which the parties agree[.]"  *Republic of Turk.*, 326 F.R.D. at 399; *see Ross v. Shah*, 2015 WL 4648002, at *11 n.34 (N.D.N.Y. Aug. 5, 2015) (finding RFAs that "sought the admission of . . . fundamental legal issues" improper because "requests for admission are not to be employed as a means to establish facts which are obviously in dispute" (citation omitted)).  GEICO's RFAs ask Plaintiffs to admit dispositive facts, such as whether Plaintiffs worked *any* overtime hours in *any* workweeks and whether GEICO had knowledge of

---

[2]    Opt-In Plaintiff Connell passed away after opting in to this matter and thus cannot respond to GEICO's discovery requests.  Plaintiffs informed GEICO of Connell's passing on January 23, 2026, over a month before GEICO filed its decertification motion.  Plaintiffs' motion to substitute the executor of his estate is forthcoming.

[3]    In total, this amounts to 1,820 individual requests.  Plaintiffs previously sought a protective order limiting the scope of this discovery, noting that it would extend the litigation, as it has.  *See* ECF No. 149.  The Court granted Defendant's motion to compel 17 depositions but did not rule on Plaintiffs' request for a protective order.  *See* Dec. 2, 2025 Min. Order.

Hon. Steven I. Locke
Page 3 of 4
April 14, 2026

off-the-clock work, *see* Ex. A (RFA Nos. 5-7).  In other words, it asks Plaintiffs to admit facts "at the heart of the lawsuit."  *Republic of Turk.*, 326 F.R.D. at 400.  The Court should not permit GEICO to engage in such procedural gamesmanship.  *See River Light V, L.P. v. Lin & J Int'l, Inc.*, 299 F.R.D. 61, 64 (S.D.N.Y. 2014) ("That [the requesting party] requested so many admissions of ultimate liability in this case, despite knowing defendants had denied these requested admissions in their answers, underscores that [the] RFAs were largely made 'in the hope that [defendants] w[ould] simply concede essential elements' or would miss the 30-day deadline to respond.").

Instead, the Court should allow Plaintiffs to amend the "admitted" facts to reflect Plaintiffs' *actual* responses.  "The presentation of the merits clearly would be served here by permitting [Plaintiffs] to dispute . . . [the] central issue[s] in this case[.]"  *Local Union No. 38, Sheet Metal Workers' Int'l Ass'n v. Tripodi*, 913 F. Supp. 290, 294 (S.D.N.Y. 1996); *see* Fed. R. Civ. P. 36(b) (allowing amendment "if it would promote the presentation of the merits of the action" and if it would not "prejudice the requesting party in maintaining or defending the action on the merits").  The RFAs go to the "ultimate issues" in this case, so "[n]o meaningful 'presentation of the merits' of this action" is possible unless the Court permits Plaintiffs to amend their responses.  *River Light*, 299 F.R.D. at 64; *see also Gonzalez v. Penn Station Shoe Repair, Inc.*, 2021 WL 1178089, at *2 (S.D.N.Y. Mar. 29, 2021) (allowing plaintiffs to amend responses to "essentially . . . dispositive" RFAs where defendant asked plaintiffs to admit that, *inter alia*, they "did not work more than 40 [h]ours per week").

GEICO has not been prejudiced.  GEICO did not claim that Plaintiffs' RFA responses were affecting its deposition selections until this dispute arose.  Each time their responses were delayed, Plaintiffs informed GEICO that they needed additional time to respond.  GEICO sat in silence and did not object.  The delay was minimal: Plaintiffs served eight responses a week after the initial deadline, and another five responses in the following two weeks.  The delay has not affected any case deadlines, as GEICO served its decertification motion with the benefit of these responses, and no trial date has been set, *see* Mar. 18, 2026 Min. Order (granting Parties' joint motion to extend discovery deadlines, but not setting trial date).

**Rule 6(b).**  The Court may also retroactively deem Plaintiffs' RFA responses timely under Fed. R. Civ. P. 6(b)(1)(B).  *See Wu v. Seoul Garden, Inc.*, 2018 WL 507315, at *6 (E.D.N.Y. Jan. 22, 2018) (noting that Rule 6(b) may govern the inquiry).  The Court has discretion to extend discovery deadlines retroactively if a party misses a response deadline due to "excusable neglect."  *SEC v. Batterman*, 2002 WL 31190171, at *6 (S.D.N.Y. Sept. 30, 2002).  Excusable neglect is an "elastic concept," and the inquiry takes account of "all relevant circumstances surrounding the party's omission, including prejudice to the other party, the reason for the delay, its duration, and whether the movant acted in good faith."  *Petaway v. Osden*, 827 Fed. App'x 150, 152 (2d Cir. 2020) (cleaned up).  Here, GEICO has not been prejudiced.  Plaintiffs' responses were delayed due to the volume of discovery requests in parallel with depositions as well as competing discovery obligations in *Alvarez*.  *See* ECF No. 149.  And Plaintiffs acted in good faith, apprising GEICO of the delays as they arose, *see, e.g.*, Ex. C, with the expectation that GEICO would "cooperate" with Plaintiffs on scheduling issues, as required by the local rules. E.D.N.Y. Local Civ. R. 26.4.

Hon. Steven I. Locke
Page 4 of 4
April 14, 2026

For these reasons, Plaintiffs ask that the Court either deem Plaintiffs' "admissions" amended by their actual responses under Rule 36(b) or deem these responses timely under Rule 6(b).

We thank the Court for its attention to this matter.

Respectfully Submitted,

Michael J. Scimone

c:      All Counsel of Record (via ECF)