# Exhibit A

Case 2:23-cv-02848-SJB-SIL    Document 168-1    Filed 04/14/26    Page 1 of 12 PageID #: 11104

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KEITH FISCHER, MICHAEL O'SULLIVAN, JOHN MOESER, LOUIS PIA, THOMAS BARDEN, CONSTANCE MANGAN, and CHARISE JONES, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> GOVERNMENT EMPLOYEES INSURANCE COMPANY d/b/a GEICO, <br><br> Defendant. | Case No. 2:23-CV-02848 (SJB) (SLT) |

### DEFENDANT'S FIRST SET OF REQUESTS FOR ADMISSION TO OPT-IN PLAINTIFF AMANDA M. KREPS

Defendant Government Employees Insurance Company ("GEICO" or "Defendant"), by its attorneys and pursuant to Rule 36 of the Federal Rules of Civil Procedure and the Local Rules of this Court, hereby propounds the following Requests for Admission (the "Requests") on Opt-In Plaintiff Amanda M. Kreps ("Plaintiff"). Defendant requests that Plaintiff admit the following in writing and under oath within thirty (30) days.

### DEFINITIONS AND INSTRUCTIONS

As used herein, the following terms shall have the meanings indicated:

1.    "You," "Your" or "Plaintiff" means Opt-In Plaintiff Amanda M. Kreps unless otherwise specified, and each of Plaintiff's present and former agents, investigators, representatives, attorneys, and any other person acting or purporting to act on Plaintiff's behalf.

2.    "Defendant" or "GEICO" refers to the named defendant in this action, Government Employees Insurance Company.

1

3. "Person" shall mean and include a natural person, individual, partnership, firm, corporation, or any kind of business or legal entity, its agents or employees.

4. "Document" or "Documents" shall mean all materials within the full scope of the Federal Rules of Civil Procedure and includes, without limitation and by way of illustration only: notes; data; itineraries; correspondence, communications of any nature including electronic mail (e-mail), telegrams; memoranda; notebooks of any character; documents of any character; summaries of records of personal conversations; calendars; diaries; logs; routing slips or memoranda; reports; publications; photographs; minutes or records of meetings; transcripts of oral testimony or statements; reports and/or summaries of interviews; written statements; affidavits; reports and/or summaries of investigations; agreements and contracts, including all modifications and/or revisions thereof; reports and/or summaries of negotiations; court papers; brochures; pamphlets; press releases; drafts of, revisions of drafts of, translations of any documents; tape recordings; records and dictation belts; computer disks; all papers, tapes, or any other permanent records or tangible items similar to the foregoing, however denominated. Any document with any marks on any sheet or side thereof, including by way of illustration only and without limitation, initials, highlighting, stamped indicia, any comment or any notation of any character and not part of the original text, or any reproduction thereof, is to be considered a separate document for purposes of these Requests.

5. Singular and plural nouns shall be construed to bring within the scope of these Requests the broadest response possible.

6. "Any," "each," "the," "every," and "all" shall be construed to bring within the scope of these Requests the broadest response possible.

2

7.      "Relate to" shall be given the broadest meaning possible, and shall mean pertain to, bear upon, in support of, evidence of, affects, concerns, touches upon, consists of, refers to, reflects, involves and be in any way legally, logically or factually connected with the matter discussed.  All conjugations of the verb "to relate" shall be interpreted in the same manner.

8.      "Complaint" or "Litigation" refers to the complaint and case filed in the U.S. District Court for the Eastern District of New York in the pending action captioned as *Keith Fischer, et al. v. Government Employees Insurance Company,* Case No. 2:23-CV-02848-SJB-ST.

9.      These Requests call for information that is known, available to you, or reasonably available to you, or in the possession, custody, or control of your attorneys, agents, consultants, representatives, investigators, or any other person(s) acting or purporting to act on your behalf.

10.     Answer each Request in full.  If you cannot do so after conducting a reasonable investigation, then you shall answer to the fullest extent possible, and shall include in your response a description of your investigation, to date, an explanation as to why you cannot answer completely, and all knowledge, information, or beliefs you have concerning the unanswered portion of the Request.

11.     If you claim any form of privilege, whether based on statute or otherwise, as a ground for not answering any Request, state the nature of the privilege claimed (*e.g.,* attorney-client, work product, or other) and set forth all facts upon which the claim of privilege is based, in sufficient detail to enable the parties and the Court to determine whether the privilege applies.

12.     The fact that your investigation is ongoing, or that discovery is not complete, shall not be used as an excuse for failing to provide responses that are as full and complete as possible as of the date of answer.

13.     Unless otherwise instructed, your responses shall encompass the period from April 17, 2017, through the date of your responses (the "Relevant Time Period").

## REQUESTS FOR ADMISSION

### REQUEST FOR ADMISSION NO. 1:

Admit that Defendant paid you for all hours that you recorded in Defendant's timekeeping system.

**Admitted:**          ___

**Not Admitted:**          ___

### REQUEST FOR ADMISSION NO. 2:

Admit that you do not have any written records reflecting amount(s) of time you worked each week that you did not record in Defendant's timekeeping system.

**Admitted:**          ___

**Not Admitted:**          ___

### REQUEST FOR ADMISSION NO. 3:

Admit that, if you reported work hours to a supervisor or manager, you were paid for those hours.

**Admitted:**          ___

**Not Admitted:**          ___

### REQUEST FOR ADMISSION NO. 4:

Admit that you have no personal knowledge as to whether Defendant intentionally violated any wage and hour laws.

**Admitted:**          ___

**Not Admitted:**          ___

4

**REQUEST FOR ADMISSION NO. 5:**

Admit that, during the Relevant Time Period, you did not work more than forty (40) hours for Defendant during any workweek.

**Admitted:**          ___

**Not Admitted:**          ___

**REQUEST FOR ADMISSION NO. 6:**

Admit that, during the Relevant Time Period, there were some workweeks during which you did not work more than forty (40) hours for Defendant.

**Admitted:**          ___

**Not Admitted:**          ___

**REQUEST FOR ADMISSION NO. 7:**

Admit that you did not complain to Defendant that you worked overtime during the Relevant Time Period without compensation.

**Admitted:**          ___

**Not Admitted:**          ___

**REQUEST FOR ADMISSION NO. 8:**

Admit that no manager or supervisor in Defendant's Special Investigations Unit instructed you to work off-the-clock at any point during the Relevant Time Period.

**Admitted:**          ___

**Not Admitted:**          ___

**REQUEST FOR ADMISSION NO. 9:**

Admit that, throughout your employment with Defendant, Defendant maintained a written policy requiring that you accurately record all of your hours worked in Defendant's timekeeping system.

5

**Admitted:**          ___

**Not Admitted:**          ___

**REQUEST FOR ADMISSION NO. 10:**

Admit that, to the extent you claim you are owed unpaid overtime wages, you failed to adhere to the policy or policies described in Request No. 9.

**Admitted:**          ___

**Not Admitted:**          ___

**REQUEST FOR ADMISSION NO. 11:**

Admit that, throughout your employment with Defendant, Defendant maintained a written policy forbidding "off the clock" work.

**Admitted:**          ___

**Not Admitted:**          ___

**REQUEST FOR ADMISSION NO. 12:**

Admit that, to the extent you claim you are owed unpaid overtime wages, you failed to adhere to the policy or policies described in Request No 11.

**Admitted:**          ___

**Not Admitted:**          ___

**REQUEST FOR ADMISSION NO. 13:**

Admit that, during the Relevant Time Period, you had the ability to "flex" your schedule such that you could adjust your work start time and/or end time so long as your weekly work hours totaled approximately 38.75 hours.

**Admitted:**          ___

**Not Admitted:**          ___

**REQUEST FOR ADMISSION NO. 14:**

Admit that, to the extent you entered weekly work hours over forty (40) into GEICO's timekeeping system during the Relevant Time Period, GEICO paid you for all such hours at one-and-one-half times your hourly rate of pay.

**Admitted:** \_\_\_

**Not Admitted:** \_\_\_

**REQUEST FOR ADMISSION NO. 15:**

Admit that different cases required different amounts of time by you to investigate.

**Admitted:** \_\_\_

**Not Admitted:** \_\_\_

**REQUEST FOR ADMISSION NO. 16:**

Admit that you did not enter the amount(s) of time you spent on investigative tasks into GEICO's Special Investigation Case Management ("SICM") system.

**Admitted:** \_\_\_

**Not Admitted:** \_\_\_

**REQUEST FOR ADMISSION NO. 17:**

Admit that recording overtime hours in GEICO's timekeeping system did not cause your annual performance rating to fall under a score of three out of five.

**Admitted:** \_\_\_

**Not Admitted:** \_\_\_

**REQUEST FOR ADMISSION NO. 18:**

Admit that you did not inform your supervisor of every task you performed for each case you investigated or the corresponding amount of time you spent on each task.

**Admitted:** \_\_\_

**Not Admitted:** ___

## REQUEST FOR ADMISSION NO. 19:

Admit that each case that you investigated required the performance of different investigative tasks.

**Admitted:** ___

**Not Admitted:** ___

## REQUEST FOR ADMISSION NO. 20:

Admit that the number of hours that you contend you worked in a workweek varied due to factors other than the number of cases assigned to you.

**Admitted:** ___

**Not Admitted:** ___

## REQUEST FOR ADMISSION NO. 21:

Admit that you reported to a supervisor who never denied your overtime request(s).

**Admitted:** ___

**Not Admitted:** ___

## REQUEST FOR ADMISSION NO. 22:

Admit that your supervisor(s) approved overtime when you followed the supervisor's communicated practice for requesting overtime.

**Admitted:** ___

**Not Admitted:** ___

## REQUEST FOR ADMISSION NO. 23:

Admit that your supervisor(s) did not know the times when you began and ended your work on every day that you worked.

**Admitted:** ___

**Not Admitted:** ___

**REQUEST FOR ADMISSION NO. 24:**

Admit that you could be assigned a case and close that same case within a 24-hour time period.

**Admitted:** ___

**Not Admitted:** ___

**REQUEST FOR ADMISSION NO. 25:**

Admit that, after the COVID-19 pandemic started in or around March 2020, the amount of time you spent working in the field substantially decreased.

**Admitted:** ___

**Not Admitted:** ___

**REQUEST FOR ADMISSION NO. 26:**

Admit that, in any workweek that you contend you worked more than 38.75 hours, you never reported any hours over 38.75 to your supervisor, manager, or human resources.

**Admitted:** ___

**Not Admitted:** ___

**REQUEST FOR ADMISSION NO. 27:**

Admit that, by working off the clock as you allege, you received a more favorable rating on your annual Performance Assessment.

**Admitted:** ___

**Not Admitted:** ___

**REQUEST FOR ADMISSION NO. 28:**

Admit that you have no personal knowledge as to whether your SIU manager(s) was aware of the number of hours you worked each week during the Relevant Time Period.

9

**Admitted:** \_\_\_

**Not Admitted:** \_\_\_

DATED: October 31, 2025

Respectfully submitted,

/s/ *Gerald L. Maatman, Jr.*            .
Gerald L. Maatman, Jr.
Jennifer A. Riley
Gregory Tsonis (*admitted pro hac vice*)
Tiffany E. Alberty (*admitted pro hac vice*)
Justin R. Donoho (*admitted pro hac vice*)
DUANE MORRIS LLP
190 South LaSalle Street, Suite 3700
Chicago, IL 60603
T: 312-499-6700
F: 312-499-6701
GMaatman@duanemorris.com
JARiley@duanemorris.com
GTsonis@duanemorris.com
TEAlberty@duanemorris.com
JDonoho@duanemorris.com

Gregory S. Slotnick
DUANE MORRIS LLP
22 Vanderbilt
335 Madison Avenue, 23rd Floor
New York, NY 10017
T: 212-471-1856
F: 212-202-5384
GSSlotnick@duanemorris.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he served a copy of the foregoing **Defendant's First Set of Requests for Admission to Opt-In Plaintiff Amanda M. Kreps** on the following via email on this 31st day of October 2025:

MICHAEL J. SCIMONE
JARRON D. MCALLISTER
SABINE JEAN
**OUTTEN & GOLDEN LLP**
685 Third Avenue, 25th Floor
New York, NY 10017
Telephone: (212) 245-1000
Facsimile: (646) 509-2060
mscimone@outtengolden.com
jmcallister@outtengolden.com
sjean@outtengolden.com

RYAN C. COWDIN
**OUTTEN & GOLDEN LLP**
1225 New York Avenue, NW Suite 1200B
Washington, DC 20005
Telephone: (202) 847-4409
rcowdin@outtengolden.com

TROY L. KESSLER
GARRETT D. KASKE
**KESSLER MATURA P.C.**
534 Broadhollow Road, Ste 275
Melville, NY 11747
Telephone: (631) 499-9100
Facsimile: (631) 499-9120
tkessler@kesslermatura.com
gkaske@kesslermatura.com

*Attorneys for Plaintiffs*

By: */s/ Gerald L. Maatman, Jr.*
Gerald L. Maatman, Jr.

11