Duane Morris®

*FIRM and AFFILIATE OFFICES*
GERALD L. MAATMAN, JR.
DIRECT DIAL: +1 312 499 6710
PERSONAL FAX: +1 312 279 6780
*E-MAIL:* GMaatman@duanemorris.com

April 20, 2026

Magistrate Judge Steven I. Locke
United States District Court for the Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

Dear Magistrate Judge Locke:

Defendant Government Employees Insurance Company ("GEICO") respectfully submits the following response to Plaintiffs' letter dated April 14, 2026 (ECF No. 168) (the "Letter".)

**Background.**  This Court previously ordered that "[t]he parties will complete all merits discovery concerning possible opt-in plaintiffs three months after the close of any court-ordered notice period in phase two," that is, by January 30, 2026.  (4/16/24 Order; 12/2/25 Order.)

In the Court-approved notice, Plaintiffs informed all potential opt-ins that "[i]f you join this lawsuit, you may be asked to provide documents, give testimony, and provide information about your work for GEICO to help the Court decide whether you are owed any money."  (ECF No. 95-1 at 6.)  Thirty-five opt-in plaintiffs (the "Plaintiffs") joined this lawsuit and, thereafter, on October 31, 2025, GEICO served written discovery requests on each, including uniform sets of Requests for Admission ("RFAs").  GEICO asked each Plaintiff to simply mark either "Admitted" or "Not Admitted" in response to each RFA.  Responses were due on December 1, 2025.

Rather than respond by the December 1, 2025 deadline, Plaintiffs simply announced via email that they would not be responding within the period required by the Federal Rules.  Plaintiffs did not seek or obtain GEICO's consent.  (Ex. A, Email Compilation.)  Fifteen Plaintiffs purported to respond to GEICO's discovery requests weeks after the deadline, and three Plaintiffs have never responded.  Phase II discovery closed on January 30, 2026.  (4/16/24 Order; 12/2/25 Order.)

More than one month later, on March 6, 2026, GEICO served its Motion to Decertify the Collective Action on Plaintiffs.  (ECF No. 165.)  GEICO argued, among other things, that the Court should decertify the collective action because Plaintiffs' failure to timely respond to the RFAs shows that some Plaintiffs lack viable claims.  After GEICO served such Motion, on March 12, 2026, Plaintiffs requested that GEICO consent to extend their RFA response deadline in *Alvarez*, but sought no extension in this case.  (Ex. B, 3/12/26 Email.)  More than four months had passed since GEICO issued the RFAs, and more than two months since Phase II discovery closed.

**Rule 36(b).**  Under Rule 36, "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves [] a written answer or objection."  A "longer time for responding may be stipulated to under Rule 29 or be ordered by the court."  Fed. R. Civ. P. 36(a)(3); *Clerical Apparel of New York, Inc. v. Valley Forge Ins. Co.*, 209 F.R.D. 316, 320 (E.D.N.Y. 2002) (deeming RFAs admitted for failing to respond within 30 days); *Joe Hand Promotions, Inc. v. Liriano*, 2007 WL 749681, at *3 (E.D.N.Y. 2007) (same).  Plaintiffs did not timely respond to RFAs and did not obtain any stipulation or order extending such deadline.  As a result, the RFAs were admitted, and the matters "conclusively established."  Fed. R. Civ. P. 36(b).

Plaintiffs have not met and cannot meet their burden to show that the Court should permit them to withdraw their admissions for multiple reasons. *First*, in their belated motion, Plaintiffs seek to amend their RFA responses after the close of fact discovery. Courts routinely have rejected similar attempts to seek relief concerning previously-issued discovery requests after the discovery periods have closed. *See*, *e.g.*, *Richmond v. Gen. Nutrition Ctrs., Inc.*, 2012 WL 762307, at *5 n.2 (S.D.N.Y. 2012) (explaining that "[i]t is axiomatic that a party cannot meet its discovery obligation by providing information requested during discovery well after discovery has closed"). Plaintiffs waited five months after service of the RFAs, and more than two months after discovery closed, to attempt to seek relief. Thus, the Court should deny their motion as untimely.

*Second*, Plaintiffs have not established that withdrawal of all RFA admissions "would promote the presentation of the merits." Fed. R. Civ. P. 36(b). A moving party must make a showing as to each admission he or she seeks to withdraw. Broad and conclusory assertions are insufficient. *See*, *e.g.*, *U.S. Sec. & Exch. Comm'n v. Collector's Coffee Inc.*, 537 F. Supp. 3d 497, 501-02 (S.D.N.Y. 2021) (denying relief under Rule 36(b) where a party "never explain[ed] why" a request went to the merits, "what those [merits issues] are," or "how the admissions relate to his proof of those" issues). Similarly, mere assertions that RFAs relate to the merits are insufficient. *See Gomez v. Mi Cocina Ltd.*, 2017 WL 3334106, at *4 (N.D. Tex. 2017). In *Gomez*, for example, the defendants served uniform RFAs on 62 opt-ins asserting off-the-clock claims, and 43 either "never responded" or "served late answers." *Id*. at *2. Although the plaintiffs sought to withdraw the admissions, the court held that "[b]y operation of law" each RFA was a "deemed admission" that "conclusively established" the plaintiffs' timesheets "accurately reflect the total number of hours they have actually worked," among other material facts. *Id*. at *2, 4.

Here, although Plaintiffs seek to "[a]mend[] the 'admitted' facts to reflect Plaintiffs' *actual* responses," three Plaintiffs provided no "actual responses" and thus their request wholly fails. (Letter at 3.) The remaining Plaintiffs do not even address 25 of GEICO's 28 RFAs (Letter at 2 (addressing only RFA Nos. 5-7)), thus they have not demonstrated that those 25 admissions "[go] to the 'heart of the case'" and have not met their burden. *Collector's Coffee Inc.*, 537 F. Supp. 3d at 501. Indeed, several RFAs are not dispositive of Plaintiffs' claims. Many do not even concern alleged "off-the-clock" work, such as RFA No. 15 ("[a]dmit that different cases required different amounts of time by you to investigate"), No. 19 ("[a]dmit that each case that you investigated required the performance of different investigative tasks"), and No. 24 ("[a]dmit that you could be assigned a case and close that same case within a 24-hour time period"). Plaintiffs do not explain how a blanket withdrawal of all RFA admissions promotes presentation of the merits.

*Third*, even if Plaintiffs could demonstrate that withdrawal would promote presentation of the merits, which they have not, Plaintiffs have not shown lack of prejudice to GEICO. Fed. R. Civ. P. 36(b); *Gotlin v. Lederman*, 2007 WL 1429431, at *3 (E.D.N.Y., 2007) (finding "an application to reopen discovery should be denied where the moving party 'has not persuaded th[e] Court that it was impossible to complete the discovery by the established deadline'"). Indeed, Plaintiffs contend that GEICO's potential prejudice extends only to "impacted [] opt-in deposition selections." (Ltr. at 2.) That is *one* of the sources of prejudice here because "Defendants conducted their discovery according to [their] reliance" on the matters in the Rule 36 requests being deemed admitted. *See Tidwell v. Daley*, 2001 WL 1414229, at *1 (N.D. Ill. 2001) (declining to permit withdrawal of Rule 36 admissions where counsel's discovery strategy relied on the admissions). But it is not by any means the exclusive source of prejudice because discovery closed more than

two months ago, and Defendant filed its motion for decertification more than one month ago.

As the Second Circuit has recognized, substantial prejudice arises where a non-movant has taken a position in filings that the movant subsequently seeks to undo through amendment. *See, e.g.*, *Ansam Assocs., Inc. v. Cola Petroleum, Ltd.*, 760 F.2d 442, 446 (2d Cir. 1985) (holding that a proposed amendment would have been "especially prejudicial" when discovery had already been completed and the non-movant had already filed a motion for summary judgment."); *Krumme v. WestPoint Stevens, Inc.*, 143 F.3d 71, 88 (2d Cir. 1998) (same). In its motion for decertification, Defendant relied on Plaintiffs' admissions to the RFAs. As courts have recognized, decertification is appropriate where failure to respond to requests for admission leaves some opt-in plaintiffs without viable claims. *See, e.g.*, *Gomez*, 2017 WL 3334106 at *4 (granting decertification in part due to deemed admissions rendering various opt-in plaintiffs without viable claims). As a result, GEICO dedicated a portion of its decertification motion (and word count) to Plaintiffs' admissions, and Plaintiffs' attempt to undo those admissions after GEICO relied on them is prejudicial.

Plaintiffs seek to improperly subvert GEICO's arguments now, after they failed to respond to discovery, after discovery closed, and after GEICO relied on their admissions in its motion for decertification. Granting such request would unduly prejudice GEICO.[1]

**Rule 6(b).** Plaintiffs likewise have not demonstrated excusable neglect. Under Rule 6(b), a court may not extend a lapsed deadline unless "the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b); *In re Am. Exp. Fin. Advisors Sec. Litig.*, 672 F.3d 113, 129 (2d Cir. 2011). To assess the existence of excusable neglect, courts assess "the danger of prejudice to the [nonmoving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). Excusable neglect "is not easily demonstrated, nor was it intended to be," and is found "only in the <u>extraordinary cases</u> where injustice would otherwise result." *Symbionics, Inc. v. Ortlieb*, 432 F. App'x 216, 220 (4th Cir. 2011). "Where [] the rule is entirely clear, we continue to expect that a party claiming excusable neglect will, in the ordinary course, lose under the *Pioneer* test." *Canfield v. Van Atta Buick/GMC Truck, Inc.*, 127 F.3d 248, 251 (2d Cir. 1997).

Plaintiffs have not shown "excusable neglect." Whereas Plaintiffs focus on the purported diligence of counsel, the Court must examine the excusable neglect of *each Plaintiff*. Fed. R. Civ. P. 6(b)(1)(B) (requiring showing that "the *party* failed to act because of excusable neglect"); *Doroz v. TECT Utica Corp.*, 2013 WL 5786641, at *2 (N.D.N.Y. 2013) ("Plaintiff is correct that a party must show excusable neglect"); *Scott v. Raudin McCormick, Inc.*, 2010 WL 3125955, at *3 (D. Kan. 2010) (analyzing excusable neglect of opt-ins on a person-by-person basis). Plaintiffs' counsel's general workload in connection with this and other matters is insufficient to establish excusable neglect. *See Est. of Johnson v. Medco Health Sols., Inc.*, 2013 WL 12109420, at *4 (M.D.N.C. 2013) ("[C]ounsel's busy caseload is insufficient to demonstrate excusable neglect."). Plaintiffs have not provided any reason for any Plaintiff's failure to timely respond to the RFAs. Absent such threshold showing, which Plaintiffs do not attempt, a Rule 6(b) extension is improper.

---

[1] Such facts likewise render this situation distinct from *Alvarez v. Gov't Emps. Ins. Co.*, No. 24 Civ. 00722 (D. Md. April 13, 2026), where a court allowed withdrawal of admissions during the discovery period. (ECF No. 200.)

We thank the Court for its attention to this matter.

Respectfully submitted,

*/s/Gerald L. Maatman, Jr.*
Gerald L. Maatman, Jr.

CC: All other counsel of record (via ECF)