**Duane Morris®**

FIRM and AFFILIATE OFFICES

GERALD L. MAATMAN, JR.
DIRECT DIAL: +1 312 499 6710
PERSONAL FAX: +1 312 279 6780
E-MAIL: GMaatman@duanemorris.com

April 24, 2026

Magistrate Judge Steven I. Locke
United States District Court for the Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

Dear Magistrate Judge Locke:

Defendant Government Employees Insurance Company ("GEICO") respectfully submits the following response to Plaintiffs' letter dated April 20, 2026 (ECF No. 170) (the "Motion".)

**Background.** The Protective Order entered in *Alvarez v. Gov't Emps. Ins. Co.*, No. 24 Civ. 722 (D. Md.) ("*Alvarez*") expressly prohibits using documents designated as "confidential" outside of that litigation, permitting use "for no other purpose." (ECF No. 123, § 4(a).) Section 4(b) allows a Party to request waiver from that default rule and, if the producing party objects to use of confidential documents in other proceedings, seek court permission "for good cause shown." (*Id.*)

In connection with GEICO's motion for decertification in this matter, Plaintiffs requested to use seven documents produced in *Alvarez*. Even though fact discovery is closed in *Fischer*, GEICO agreed to produce five of the documents because, even though outside the scope of discovery, which already closed, the documents had some potential relevance to one of the *Fischer* custodians. GEICO declined to produce the other two documents in this case, or to waive application of the *Alvarez* protective order as to those two documents, because the documents are not connected to *Fischer* or relevant to the Plaintiffs or opt-in Plaintiffs in *Fischer*.

On April 20, 2026, Plaintiffs filed this letter Motion seeking permission to submit the documents with their response to GEICO's motion for decertification or an order requiring GEICO to produce the documents in this case. (ECF No. 170.) On April 21, 2026, Plaintiffs filed a nearly identical motion in *Alvarez* seeking the same relief from Magistrate Judge Crawford. (*See* ECF No. 203.) GEICO responded to Plaintiffs' duplicative motion in *Alvarez* asserting that this Court, the first-filed jurisdiction, is the more appropriate court to determine the issue. (ECF No. 209.)

**No Good Cause Exists Because Both Documents Are Irrelevant And Non-Responsive.** The two documents at issue are not relevant to the claims or defenses presented in this case, are not responsive to Plaintiffs' discovery requests, and Plaintiffs' request for their production is untimely. As a result, Plaintiffs' requests should be denied.

To obtain relief from the *Alvarez* Protective Order, Plaintiffs bear the burden of establishing that good cause exists, which requires specific facts – and not conclusory assertions – showing that the documents are relevant and responsive to discovery. *See Gratton v. United Parcel Serv., Inc.*, Case No. 07-CV-3071, 2008 WL 4934056, at *3 (E.D.N.Y. Nov. 14, 2008) (quoting *Gelb v. Am. Tel. & Tel. Co.*, 813 F. Supp. 1022, 1034 (S.D.N.Y. 1993) ("A showing of good cause requires a 'particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'"); *see Rofail v. United States,* 227 F.R.D. 53, 54-55 (E.D.N.Y. 2005) (noting that good cause must be shown through particular and specific facts, not conclusory assertions); *see, e.g., In re Zimmer M/L Taper Hip Prosthesis or M/L Taper Hip Prosthesis With*

*Kinectiv Tech. & Versys Femoral Head Prods. Liab. Litig.*, 2020 WL 1989397, at \*1 (S.D.N.Y. Apr. 27, 2020) (holding that, if documents are not relevant or responsive to discovery, no such good cause exists).  Plaintiffs have not met their burden here because the documents are not relevant, responsive, and should not be produced in this action.

**First**, the scope of permissible discovery under the Federal Rules of Civil Procedure is generally limited to "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1).  Plaintiffs have not and cannot establish relevance and thus cannot show good cause here.  This lawsuit is limited to GEICO's current and former SIU investigators who lived and worked in New York.  As Plaintiffs themselves acknowledge, *Fischer* and *Alvarez* concern different plaintiffs, with *Fischer* covering New York SIU investigators, while *Alvarez* covers SIU investigators outside New York. (Letter at 1 n.1.)  Given the limited geographic scope at issue in this case, discovery in this matter was properly and expressly limited to "Collective Members," defined as individuals working "in New York." (Pls.' Ex. 7 at 2.)

The Goss email (Pls.' Ex. 3) and Auto Damage Presentation (Pls.' Ex. 5) are unconnected and irrelevant to the Plaintiffs and opt-in Plaintiffs in *this* matter because they concern Region 3 (not New York) or Auto Damage (not SIU), *i.e.*, separate sectors of the company, that had no connection to Plaintiffs or opt-ins during the relevant period.  The Goss email was drafted in 2021 when Goss was a Manager in Region 3 and was responsible for overseeing investigators in the Southeast region of the United States, which did not include New York. (Ex. A, Goss Dep. at 20:6-23; Ex. B, Goss Decl. ¶ 2 (confirming his scope as South Carolina, Georgia, Alabama, Mississippi, Louisiana, Arkansas, and Tennessee).)  Goss did not manage New York Plaintiffs, who were New York SIU investigators, or any other investigators outside of Region 3, while serving in that role.  This case concerns only New York, and Goss did not directly or indirectly supervise any New York investigators at the time.

Plaintiffs contend that the Auto Damage presentation is relevant, citing Goss's testimony, because "the presentation was given by members of GEICO's Auto Damage division to SIU managers, who then trained SIU supervisors throughout the department on the application." (Ltr. at 2.)  That is incorrect and not what Goss testified.  Rather, Goss testified that *he* was "part of the audience" that received the presentation from Auto Damage and Goss stated "*I* repeated it to *my* supervisors" – which, again, were in Region 3, not New York. (Ex. A, Goss Dep. at 90:9-16) (emphasis added).)  Further, Goss testified that much of the content did not pertain to SIU. (*Id*. at 89:2-7; 92:4-12; 99:10-17; 103:25-104:7.)  Goss later confirmed that the communication of the presentation was limited to his Region 3 supervisors, not to New York SIU personnel. (*Id*. at 90:9-21; 108:22-25.)  Whatever potential relevance either document has in the *Alvarez* litigation, they have no relevance to claims asserted by New York plaintiffs in this case.

**Second**, the documents are not responsive to discovery served in this case.  There is no obligation to produce documents that are not responsive to any discovery request. *See*, *e.g.*, *MacNamara v. City of New York*, Case No. 04-CV-9216, 2007 WL 1169204, at \*10 (S.D.N.Y. Apr. 20, 2007) (holding that "information [that] is irrelevant to [a party's] claims . . . need not be produced"); *In re Zimmer*, 2020 WL 1989397, at \*1 (denying plaintiffs' request to use discovery from a separate litigation in the instant matter).

Whereas Plaintiffs contend that the Goss email is responsive to *Fischer* RFP No. 23, and the presentation is responsive to *Fischer* RFP No. 18, both requests are limited to documents relating to "Collective Members" – a defined term that in Plaintiffs' discovery requests refers exclusively to "putative collective members, including all persons who work or have worked as a Special Investigator for [GEICO] ***in New York***." (Pls.' Ex. 7 at 2 (emphasis added).)   GEICO agreed to produce five of the seven documents requested because they concerned an SIU Manager, Rene Cubas, who *did* manage New York-based investigators at the time.   The two documents Plaintiffs now seek, however, relate to Region 3 and Scott Goss.   Thus, they are not responsive to Plaintiffs' document requests, and are not relevant to Plaintiffs and Opt-in Plaintiffs.   As a result, there is no basis to require GEICO to produce them for use in this case.   As no good cause for Plaintiffs' request exists, Plaintiffs' Motion should be denied.

***Third***, even if they were relevant, which they are not, Plaintiffs failed to timely request the documents within the discovery period.   Courts recognize that attempts to evade the close of fact discovery through related litigation are improper and prejudicial.   *See Baker v. Orleans Cnty.*, Case No. 96-CV-0503, 1997 WL 211374, at *2 (W.D.N.Y. Apr. 23, 1997) ("On the other hand, inasmuch as discovery is complete in *Gavenda*, discovery in this action is not to be used as a vehicle to bypass the closure of such process in *Gavenda*. Therefore, discovery obtained in this action may not be used in the earlier action.").

Plaintiffs' assertion that GEICO will not be prejudiced by use of the *Alvarez* documents in *Fischer* misses the mark.   Phase I and Phase II fact discovery are closed.   Plaintiffs chose to limit the scope of discovery they requested in this matter to New York, and they elected not to include Goss as an ESI custodian.   Yet, Plaintiffs now impermissibly seek to utilize the differing scope of discovery in *Alvarez* to evade the close of fact discovery and gain a second chance to "re do" their decisions concerning the scope of discovery in this case.   *Baker*, 1997 WL 211374, at *2.   Such approach is fundamentally unfair and prejudicial.   Plaintiffs are not offering to "reopen" discovery for GEICO so that it too can pursue additional discovery in this case.   This Court should not assist Plaintiffs' efforts to seek fact discovery after the time to do so has long passed.

Finally, Plaintiffs' cited authority does not mandate use or production of the documents here.   Plaintiffs' reliance on cases concerning modifications of protective orders is misplaced.   As Plaintiffs concede, the existing protective order permits them to petition the Court, on a showing of good cause, to use the documents. (Ltr. at 1.)   Further, *Marcelletti v. GEICO General Insurance Co.,* 2025 WL 2314763, at *2 (W.D.N.Y. Aug. 12, 2025), supports GEICO's position.   The court in *Marcelletti* previously denied a motion to compel the production of documents from a related case and held that "the documents were outside the scope of relevant discovery and not proportional to the needs of this case." *Id.*   So too, here, the documents at issue are irrelevant to the Plaintiffs' claims in this matter, and the documents are outside the scope of discovery.   Thus, they need not be produced.

As a result, Plaintiffs fail to demonstrate good cause to use these confidential documents outside of the *Alvarez* litigation.   GEICO thus respectfully requests that the Court deny Plaintiffs' Motion and Plaintiffs' request to use Exhibits 3 and 5 in their response in opposition to GEICO's motion for decertification.

We thank the Court for its attention to this matter.

Respectfully submitted,

*/s/Gerald L. Maatman, Jr.*
Gerald L. Maatman, Jr.

CC: All other counsel of record (via ECF)