# EXHIBIT 17

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF NEW YORK

KEITH FISCHER, MICHAEL        )
O'SULLIVAN, JOHN MOESER,       )
LOUIS PIA, THOMAS BARDEN,      )
CONSTANCE MANGAN, and          )
CHARISE JONES, individually    )
and on behalf of all others    )
similarly situated,            )
                               )
                Plaintiffs,    )No.2:23-CV-
                               )02848
        vs.                    )
                               )
GOVERNMENT EMPLOYEES           )
INSURANCE COMPANY d/b/a        )
GEICO,                         )
                               )
                Defendants.    )
--------------------------------

REMOTE VIDEOTAPED DEPOSITION OF

KAREN GOTTERBARN

Monday, December 15, 2025

Reported by:

LISA M. MURACO, RPR, CCR-NJ

JOB NO. J13928128



                    Monday, December 15, 2025

                    10:45 a.m.


        REMOTE Deposition of KAREN GOTTERBARN, held VIA ZOOM, before LISA M. MURACO, a Registered Professional Reporter, CR-NJ, a Notary Public of the State of New York, New Jersey, Florida, and Massachusetts.



KAREN GOTTERBARN
KEITH FISCHER, et al. vs GEICO

December 15, 2025
3

A P P E A R A N C E S:

(REMOTE)


    OUTTEN & GOLDEN LLP

    Attorneys for Plaintiff

            685 Third Avenue

            25th Floor

            New York, NY 10017

    BY:    JARRON McALLISTER, ESQ.




    DUANE MORRIS LLP

    Attorneys for Defendant

            190 South LaSalle Street, Suite 3700

            Chicago, Illinois 60603

    BY:    GREGORY TSONIS, ESQ.



IT IS HEREBY STIPULATED AND AGREED by and between the attorneys for the respective parties herein, that filing and sealing be and the same are hereby waived.

IT IS FURTHER STIPULATED AND AGREED that all objections, except as to the form of the question, shall be reserved to the time of the trial.

IT IS FURTHER STIPULATED AND AGREED that the within deposition may be sworn to and signed before any officer authorized to administer an oath, with the same force and effect as if signed and sworn to before the Court.

- oOo -



K. GOTTERBARN

K A R E N   G O T T E R B A R N, called as a witness, having been duly sworn by a Notary Public, was examined and testified as follows:

EXAMINATION BY

MR. TSONIS:

Q.    All right.

Good morning, Ms. Gotterbarn.

A.    Good morning.

Q.    My name is Greg Tsonis and I am an attorney for Geico, and I will be taking your deposition today.

Can you just for the record state and spell your name and your current address.

A.    My name is Karen Gotterbarn. K-A-R-E-N, G-O-T-T-E-R-B-A-R-N.

My address is 15 Michael, F as in Frank, Street, Locust Valley, New York.

I'm sorry.  My phone is going crazy. There.  11560.

My phone just went crazy.  I fixed it.

Q.    Got it.  All right.

A.    Okay.

Q.    Well, thank you.



K. GOTTERBARN

When did you begin working for Geico?

A.    March 20, 1995.

Q.    And when did your employment with Geico end?                                                                   10:57

A.    January 1, 2021.

Q.    Did you retire from Geico?

A.    Yes, I did.

Q.    Do you have an understanding of the time period, I guess, that's relevant for purposes of this lawsuit?                                           10:57

A.    Yes.

Q.    What's your understanding?

A.    That it's from the years 2017 to 2024.  However, I was only there until the end of 2020.                                                          10:57

Q.    That's great.

So I will -- my questions, I guess, throughout the course of the day are primarily focused on that time period from 2017 to the end of your employment, okay?                              10:57

A.    Yes.

Q.    So if I want to talk about, I guess, a period prior to 2017, I'll specifically ask                        10:58



K. GOTTERBARN

Were you able to record as much, I guess, premium time, premium payment time as you wanted to when you were under that compensation structure?

A.    Yes.

Q.    All right.

Did you record all of the hours that you worked in excess of 40 while you were working under that compensation structure?

MR. McALLISTER:  Objection.

You can answer.

A.    Did I record all the hours --

Q.    Correct.

A.    -- is the question?

Yes, when I was getting premium pay, I was recording all of my hours.

Q.    Okay.

So just so I'm clear, as part of this lawsuit we said that you're alleging that you worked certain time that you believe that you should compensated for, but that you did not record in Geico's timekeeping system, right?

A.    Yes.



K. GOTTERBARN

Q.    All right.

Now, just to make sure I'm clear, those claims do not encompass this time period for which you were being paid premium payments; is that right?    12:12

MR. McALLISTER:  Objection.

You can answer.

A.    Yes.

Q.    Okay.    12:12

So if we scroll -- and I'm going to jump ahead here.  You can ignore the blurred screen here for a little bit.

A.    Okay.

Q.    But if we go to the beginning of    12:12
2020, or actually maybe the very end of 2019.

So can you see this?

A.    Can you make it a tiny bit bigger.

Q.    Yes, I will.

A.    Okay.    12:13

Q.    Yes.

So first, do you see at the top here the pay period says from November 23, 2019, to December 6, 2019?

And I can zoom in on that.    12:13



                        K. GOTTERBARN

            What do you mean by phone calls?

      A.     If I'm calling her, she can see that
it's after the regular workday.

      Q.     I see --                                       12:33

      A.     -- basic 7.75 that she would think
or know that we were working.

      Q.     Okay.

            And is that, I guess, the same basis
for why you're saying e-mails are --                        12:33

            (Multiple speakers.)

      A.     Timestamps, yes.

      Q.     I see.

            So timestamps on e-mails would
indicate if you were working past the close of              12:33
normal business hours?

      A.     They might, yes.

      Q.     Well, is that the basis for you
claiming that your supervisor could have
knowledge that you were working, but not                    12:33
recording it?

      A.     Yes.

      Q.     And you referenced SICM.

            What do you mean by that?

      A.     Putting entries into the system.              12:33



K. GOTTERBARN

MR. McALLISTER:  Maybe give us like five or so minutes, just to double-check to see if I have any redirect questions.

MR. TSONIS:  That's fine.          03:25

MR. McALLISTER:  Come back at 3:30 or 2:30 Central.

MR. TSONIS:  All right.  That works. Thank you.

(Recess is taken.)          03:25

MR. McALLISTER:  I have no further questions.

THE WITNESS:  Oh.

MR. TSONIS:  Okay.

(Time Noted:  3:25 p.m.)

                    ---------------------

                    KAREN GOTTERBARN


Subscribed and sworn to before me this          day of                    2025.


------------------------------------------



C E R T I F I C A T E

STATE OF NEW YORK    )

                     ) ss.:

COUNTY OF NEW YORK   )

         I, LISA M. MURACO, a Notary Public within and for the State of New York, do hereby certify:

         That KAREN GOTTERBARN, the witness whose deposition is hereinbefore set forth, was duly sworn by me and that such deposition is a true record of the testimony given by such witness.

         I further certify that I am not related to any of the parties to this action by blood or marriage; and that I am in no way interested in the outcome of this matter.

         IN WITNESS WHEREOF, I have hereunto set my hand this 20th day of December, 2025.

                              LISA M. MURACO

