# EXHIBIT 20

Vinesign Document ID: 249F0538-5EC2-4CC8-949B-4C3341120243

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KEITH FISCHER, MICHAEL O'SULLIVAN, JOHN MOESER, LOUIS PIA, THOMAS BARDEN, CONSTANCE MANGAN, and CHARISE JONES, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br>        v.<br><br>GOVERNMENT EMPLOYEES INSURANCE COMPANY,<br><br>        Defendant. | Case No. 2:23-CV-02848 (SJB) (SIL) |

**PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST SET OF
INTERROGATORIES TO OPT-IN PLAINTIFF MICHAEL MANZOLILLO**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Michael Manzolillo ("Plaintiff"), by and through his attorneys, Outten & Golden LLP, hereby submits the following objections and responses to Defendant's First Set of Interrogatories, dated October 31, 2025.

**PRELIMINARY STATEMENT**

All responses to the following Interrogatories are based on information currently known to Plaintiff and are provided without prejudice to Plaintiff's right to submit evidence of any subsequently discovered facts and information, should such become known. Plaintiff anticipates that as investigation and trial preparation continue, it is possible that additional facts may become known, which may in turn warrant additions to or changes in the responses provided herein. These responses are made in a good faith effort to supply such information as is presently known to Plaintiff. These responses and objections are made without prejudice to, and are not a waiver of, Plaintiff's right to rely on other facts or documents at trial.

Plaintiff reserves all objections to the competence, relevance, materiality, or admissibility

The signed document can be validated at https://app.vinesign.com/Verify

at trial of any information or documents requested or identified by any party. The inadvertent disclosure of any privileged information shall not be deemed to be a waiver of any applicable privilege with respect to such information or any other information.

The production of information and/or documents pursuant to this response is made without waiving, or intending to waive, but on the contrary reserving and intending to reserve: (a) the right to object on any grounds to the use of information produced pursuant to this response in this or any other action or proceeding; (b) the right to object on any and all grounds, at any time, to other interrogatories or other discovery mechanisms or proceedings; and (c) the right at any time to revise, correct, or supplement this response.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

Plaintiff objects to Defendant's Definitions and Instructions to the extent they exceed the discovery obligations set forth in Federal Rule 26(b), which requires discovery to be "relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Plaintiff further objects to Defendant's Definitions and Instructions to the extent that they impose a discovery obligation to supply information that is not required by the Federal Rules of Civil Procedure or Local Rules and requests privileged information, such as information that tends to disclose the mental impressions of counsel or the identities of potential witnesses.

Plaintiff will respond to requests herein based on a diligent search and/or reasonable inquiry, as specified herein.

## RESPONSES AND OBJECTIONS TO SPECIFIC INTERROGATORIES

## INTERROGATORY NO. 1:

2

Identify any workweeks during the Relevant Period for which you seek unpaid wages and/or overtime compensation in this action and, for each workweek, describe the hours for which you seek unpaid wages and/or overtime compensation including the dates on which you worked such hours, the activities you performed during such hours, and the start and stop times for such hours.

**RESPONSE:**

Plaintiff objects on the grounds of proportionality because this Interrogatory seeks to impose a burden on Plaintiff that is inconsistent with the standard set forth in *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946), and its progeny.  Defendant is alleged in this case to have maintained inadequate records of work, and damages at trial in this case will be based on a "just and reasonable inference" that can be drawn from available evidence, including documents and data that are in Defendant's custody and control, not all of which have been produced in discovery.  Accordingly, it is not Plaintiffs' burden to specify their hours in every single workweek, as this Interrogatory asks, and the likely benefit of any attempt by an individual Plaintiff or Opt-in Plaintiff to state a "precise number of hours" does not outweigh the burden involved in doing so.  This Interrogatory seeks information that is unreasonably cumulative or duplicative and overburdensome and is grossly disproportionate to the needs of the case and minimally probative of the issues in the case, for the reasons above.  This Interrogatory is further unreasonably cumulative and overburdensome to the extent that GEICO served effectively the same request on each of the 60 individual Plaintiffs or Opt-in Plaintiffs in this case, and engaged in dilatory conduct by waiting until just over five weeks before the close of Phase II discovery to serve 35 sets of discovery on the same day.

Based on these objections, Plaintiff responds that the workweeks for which Plaintiff seeks damages will be those in which Plaintiff worked more than 40 hours, which can only be

3

determined through a review of the timekeeping records which GEICO has objected to producing.  The hours for which Plaintiff seeks damages will be those attributed to Plaintiff by Plaintiffs' damages expert based on a projection that can only be completed through an analysis of the SICM data which GEICO has objected to producing.

**INTERROGATORY NO. 2:**

For each workweek during the Relevant Period for which you seek unpaid wages and/or overtime compensation, identify any hours during the workweek that you spent away from work and/or pursuing personal or non-work activities, including the date(s) on which you engaged in such activities and the number of hours you spent away from work on each date.

**RESPONSE:**

Plaintiff incorporates their objections to Interrogatory No. 1 into these objections, and further objects that this Interrogatory is overly broad to the extent it seeks responses about insignificant or insubstantial periods of time, such as bathroom breaks, that should be counted as compensable time, *see* 29 C.F.R. § 785.47, or about rest breaks of less than 20 minutes in duration, which are "customarily paid for as working time" and "must be counted as hours worked."  29 C.F.R. § 785.18.  The Interrogatory is disproportionate to the needs of the case based on the parties' relative access to information as to absences of one or more days, because GEICO has records in its possession (which it has objected to producing) that will show when Plaintiff took leave.  This Interrogatory is further unreasonably cumulative and overburdensome to the extent that GEICO served effectively the same request on each of the 60 individual Plaintiffs or Opt-in Plaintiffs in this case, and engaged in dilatory conduct by waiting until just over five weeks before the close of Phase II discovery to serve 35 sets of discovery on the same day.

Plaintiff responds that the hours for which Plaintiff seeks damages will be those attributed to Plaintiff by Plaintiffs' damages expert based on a projection that can only be completed through an analysis of the SICM data which GEICO has objected to producing.  The number of hours spent doing other activities are not relevant to the issues in the case.

**INTERROGATORY NO. 3:**

Describe in detail any oral or written direction, apart GEICO's Associate Handbook, that you contend dictated the times during which you performed work activities or the manner(s) in which you recorded such activities during the Relevant Time Period, including any oral or written direction that allowed you to vary or "flex" the start and end times of your work.

**RESPONSE:**

Plaintiff objects on the basis of proportionality based on the parties' relative access to information, the importance of the discovery in resolving the issues, and because the burden of the proposed discovery outweighs its likely benefit.  Plaintiff seeks damages for the hours that will be attributed to Plaintiff by Plaintiffs' damages expert based on a projection that can only be completed through an analysis of the SICM data which GEICO has objected to producing.  There is thus no probative value to pinpointing the precise times at which Plaintiff worked on any given day.  The Request is further disproportional because documents responsive to this Request, such as GEICO policies or instructions issued by its own supervisors, are in the possession of Defendant.  This Interrogatory is further unreasonably cumulative and overburdensome to the extent that GEICO served effectively the same request on each of the 60 individual Plaintiffs or Opt-in Plaintiffs in this case, and engaged in dilatory conduct by waiting until just over five weeks before the close of Phase II discovery to serve 35 sets of discovery on the same day. This Interrogatory is further unreasonably cumulative and overburdensome to the extent that GEICO served effectively the same request on each of the 60 individual Plaintiffs or Opt-in Plaintiffs in

5

this case, and engaged in dilatory conduct by waiting until just over five weeks before the close of Phase II discovery to serve 35 sets of discovery on the same day.

Plaintiff does not have any written direction regarding the subject matter of the Interrogatory.  Without waiving these objections, Plaintiff recollects that he received guidance from his supervisor, Brad Waltman, about his shift start and end times and the possibility of working four longer shifts instead of five shorter shifts.  Plaintiff further remembers that he was told by Bradley Waltman to list in an email his hours worked each day (totaling 7.75) or each week (totaling 38.75).

**INTERROGATORY NO. 4:**

Identify and describe with specificity all facts that support or relate to your contention that you failed to accurately record your hours worked during your employment with GEICO during the Relevant Period.

**RESPONSE:**

Plaintiff objects on the basis of proportionality based on the parties' relative access to information, the importance of the discovery in resolving the issues, and because the burden of the proposed discovery outweighs its likely benefit.  This Interrogatory is further unreasonably cumulative and overburdensome to the extent that GEICO served effectively the same request on each of the 60 individual Plaintiffs or Opt-in Plaintiffs in this case, and engaged in dilatory conduct by waiting until just over five weeks before the close of Phase II discovery to serve 35 sets of discovery on the same day.

The facts supporting Plaintiff's contention are described in the Complaint, ¶¶ 3-4, and the record evidence has been further identified at length in Plaintiffs' briefing at, e.g. ECF Nos. 98, 144.  Discovery is ongoing, and Plaintiff may introduce further evidence produced in the course of discovery at trial.

6

**INTERROGATORY NO. 5:**

Identify each person who you believe had actual or constructive knowledge that you worked unpaid overtime hours and, for each person, describe all facts in support of your contention that he or she had actual or constructive knowledge, describe how you believe such person gained that knowledge, and identify the dates and times of the unpaid overtime hours of which you believe such person was aware.

**RESPONSE:**

Plaintiff objects on the basis of proportionality based on the parties' relative access to information and because the burden of the proposed discovery outweighs its likely benefit. Plaintiff objects specifically to identifying non-GEICO employees, who are unlikely to be witnesses in this case, and therefore does not include them in these responses. Plaintiff further objects on proportionality grounds to identifying all non-supervisory coworkers who might be able to corroborate Plaintiff's testimony about hours worked and therefore does not include them in these responses. Plaintiff further objects that they are unable to determine what information is known to others, absent any external observation or manifestation of that knowledge. Plaintiff further objects to this Interrogatory's call for Plaintiff to identify each date and time of the unpaid overtime hours which Plaintiff believes another GEICO employee had actual or constructive knowledge of and incorporates the objections to Interrogatory No. 1 as to that part of the Interrogatory. This Interrogatory is further unreasonably cumulative and overburdensome to the extent that GEICO served effectively the same request on each of the 60 individual Plaintiffs or Opt-in Plaintiffs in this case, and engaged in dilatory conduct by waiting until just over five weeks before the close of Phase II discovery to serve 35 sets of discovery on the same day.

As to supervisory employees of GEICO, Plaintiff responds that all GEICO supervisory

7

employees with knowledge of the particulars of Plaintiff's employment had at least constructive knowledge that Plaintiff worked off the clock, because GEICO and its supervisory employees should have known that GEICO's system of incentives and disincentives would cause investigators to work off the clock. Plaintiff further identifies the following individuals as having actual knowledge that Plaintiff worked off the clock: Bradley Waltman. In 2021, Plaintiff participated in a team meeting with his supervisor, Mr. Waltman, and other team members. Someone else on Plaintiff's SIU team told Mr. Waltman that members of the team were working off the clock and asked how they could get paid for that additional work. Mr. Waltman responded that overtime was not available to their team, SIU Medical. Plaintiff recollects that the issue of unpaid off-the-clock work also came up in at least one additional Zoom meeting, but he does not recall who, other than Mr. Waltman, was on the call. Discovery is ongoing, and Plaintiff may introduce further evidence produced in the course of discovery at trial.

**INTERROGATORY NO. 6:**

Identify, by full name, address, and telephone number, each person who you claim or believe has knowledge or information relating to your claims or the facts that underlie your claims, and, for each person, state with specificity the knowledge or information that you believe each such person possesses. (This interrogatory expressly includes a request for the identity and location of each person likely to have information relating to your claims regardless of whether you intend to use the information to support your claims in this matter.)

**RESPONSE:**

Plaintiff objects that this Interrogatory is not drafted with reasonable specificity as to the witnesses it asks Plaintiff to identify, and reserves all objections based on proportionality to the extent GEICO revises this request to one that is reasonably specific. Plaintiff objects that contact

8

information for GEICO's supervisory and non-supervisory employees is within the custody and

control of Defendant.  Plaintiff further objects on proportionality grounds to identifying

witnesses whose testimony Plaintiff will not rely on at trial.  This Interrogatory is further

unreasonably cumulative and overburdensome to the extent that GEICO served effectively the

same request on each of the 60 individual Plaintiffs or Opt-in Plaintiffs in this case, and engaged

in dilatory conduct by waiting until just over five weeks before the close of Phase II discovery to

serve 35 sets of discovery on the same day.

Without waiving these objections, Plaintiff incorporates the response to Interrogatory No.

5.  Discovery is ongoing, and Plaintiff may identify further evidence produced in the course of

discovery at trial.

**INTERROGATORY NO. 7:**

For each and every violation of the Fair Labor Standards Act or state labor law that you

allege, identify each and every instance you brought the alleged violation to the attention of GEICO

or any GEICO employee, including but not limited to your assigned supervisor, SIU manager, or

Human Resources, including by describing: (a) the manner by which you notified or informed

GEICO or its employee of the violation; (b) the exact date(s) on which you notified or informed

GEICO or its employee of the violation; (c) the substance of the report including all facts and

details you communicated to GEICO or its employee regarding the alleged violation; (d) all

individuals (including their names and titles) with knowledge of the report, including but not

limited to the GEICO agent or employee(s) who you notified and any witnesses to the

communication; and (e) any documents that relate in any way to any of the foregoing.

**RESPONSE:**

Plaintiff incorporates their objections to Interrogatory Nos. 1, 4, and 5, and further

objects that this Interrogatory is unnecessarily duplicative of Interrogatory Nos. 4 and 5.

9

Plaintiff objects on the basis of proportionality based on the parties' relative access to information and because the burden of the proposed discovery outweighs its likely benefit. GEICO is best positioned to interview its own supervisory employees about their interactions with Plaintiff and their knowledge of reports made by Plaintiff. Plaintiff also objects to this Interrogatory because it consists of multiple subparts and exceeds Defendant's allowed limit for Interrogatories under Rule 33(a)(1). This Interrogatory is further unreasonably cumulative and overburdensome to the extent that GEICO served effectively the same request on each of the 60 individual Plaintiffs or Opt-in Plaintiffs in this case, and engaged in dilatory conduct by waiting until just over five weeks before the close of Phase II discovery to serve 35 sets of discovery on the same day.

Without waiving objections, Plaintiff incorporates their responses to Interrogatory Nos. 4 and 5 into this response.

**INTERROGATORY NO. 8:**

Describe with specificity each type of item of damage, loss, or expense you are seeking to recover as a result of this action and, for each, identify the amount(s), provide the supporting calculation(s), and identify any documents that evidence or support your claim.

**RESPONSE:**

Plaintiff incorporates the objections to Interrogatory No. 1.

Plaintiff refers Defendants to the Complaint in this matter for the types of damages Plaintiff seeks to recover, and to Plaintiffs' forthcoming expert report following a complete data production by GEICO.

This Interrogatory is further unreasonably cumulative and overburdensome to the extent that GEICO served effectively the same request on each of the 60 individual Plaintiffs or Opt-in Plaintiffs in this case, and engaged in dilatory conduct by waiting until just over five weeks

10

before the close of Phase II discovery to serve 35 sets of discovery on the same day.

Without waiving these objections, Plaintiff incorporates the response to Interrogatory No. 1.

**INTERROGATORY NO. 9:**

Describe any method by which you could request overtime from any SIU Manager or SIU Supervisor during the Relevant Period, including but not limited to any method for requesting to work overtime or for reporting overtime hours already worked, and, for each, describe the method, the manner by which any such method was communicated to you, and identify the document or person who delivered such communication(s).

**RESPONSE:**

Plaintiff objects on the basis of proportionality based on the parties' relative access to information, the importance of the discovery in resolving the issues, and because the burden of the proposed discovery outweighs its likely benefit. The Request is not proportional because it seeks information in GEICO's possession, or information of which GEICO should already be aware. This Interrogatory is further unreasonably cumulative and overburdensome to the extent that GEICO served effectively the same request on each of the 60 individual Plaintiffs or Opt-in Plaintiffs in this case, and engaged in dilatory conduct by waiting until just over five weeks before the close of Phase II discovery to serve 35 sets of discovery on the same day.

Based on these objections, Plaintiff will not respond to this Interrogatory.

**INTERROGATORY NO. 10:**

Describe all instances during the Relevant Period in which you requested approval to work overtime and were denied approval to work overtime including by providing, for each instance, (i) the person to whom you made the request; (ii) the date of the request; (iii) the method by which you made the request; and (iv) a description of the response to the request.

11

**RESPONSE:**

Plaintiff objects on the basis of proportionality based on the parties' relative access to information, the importance of the discovery in resolving the issues, and because the burden of the proposed discovery outweighs its likely benefit. The Request is not proportional because it seeks information in GEICO's possession, or information of which GEICO should already be aware. Plaintiff also objects to this Interrogatory because it consists of multiple subparts and exceeds Defendant's allowed limit for Interrogatories under Rule 33(a)(1). This Interrogatory is further unreasonably cumulative and overburdensome to the extent that GEICO served effectively the same request on each of the 60 individual Plaintiffs or Opt-in Plaintiffs in this case, and engaged in dilatory conduct by waiting until just over five weeks before the close of Phase II discovery to serve 35 sets of discovery on the same day.

Based on these objections, Plaintiff will not respond to this Interrogatory.

**INTERROGATORY NO. 11:**

Describe all instances during the Relevant Period in which you worked overtime without prior approval or authorization, including by providing, for each instance: (i) the date the overtime was worked; (ii) the number of overtime hours worked; (iii) whether you reported the overtime, including the method, e.g., whether you reported the overtime to your supervisor(s), whether you submitted the overtime into GEICO's timekeeping systems, etc.; and (iv) whether you received pay for the overtime.

**RESPONSE:**

Plaintiff incorporates their objections to Interrogatory No 1. Plaintiff also objects to this Interrogatory because it consists of multiple subparts and exceeds Defendant's allowed limit for Interrogatories under Rule 33(a)(1). This Interrogatory is further unreasonably cumulative and overburdensome to the extent that GEICO served effectively the same request on each of the 60

12

individual Plaintiffs or Opt-in Plaintiffs in this case, and engaged in dilatory conduct by waiting until just over five weeks before the close of Phase II discovery to serve 35 sets of discovery on the same day.

In light of these objections, Plaintiff responds that they generally worked a total of 49 hours per week in complete workweeks that they worked for GEICO.  Out of those 49 hours, approximately 0 hours per week were typically spent either driving from home to Plaintiff's first appointment as the first task of the day, or from the last appointment to Plaintiff's home as the last task of the day.[1]

**INTERROGATORY NO. 12:**

Identify each and every document and/or person that you relied upon or referred to in responding to Defendant's interrogatories or that support or in any way relate to your answers to Defendant's interrogatories.

**RESPONSE:**

Plaintiff objects that this Interrogatory appears to be interposed for the improper purpose of needlessly increasing the cost of litigation.  *See* Fed. R. Civ. P. 26(g)(1)(B)(ii).  GEICO's counsel is capable of reviewing the record in this case and determining which evidence supports or relates to Plaintiffs' allegations, and asking Plaintiff to identify "each and every document" that "support[s] or in any way relate[s]" to their answers is unreasonably vague and burdensome and disproportional to the needs of the case This Interrogatory is further unreasonably cumulative and overburdensome to the extent that GEICO served effectively the same request on each of the 60 individual Plaintiffs or Opt-in Plaintiffs in this case, and engaged in dilatory conduct by waiting until just over five weeks before the close of Phase II discovery to serve 35

---

[1]    By disclosing these facts, Plaintiff does not concede that this separately-stated travel time is noncompensable, and reserves all arguments as to the compensable nature of all hours estimated in this response.

sets of discovery on the same day.

Based on these objections, Plaintiff will not respond to this Interrogatory.

Respectfully submitted,

Dated: November 25, 2025            By:      */s/ Michael J. Scimone*

Michael J. Scimone
Jarron D. McAllister
**OUTTEN & GOLDEN LLP**
685 Third Avenue, 25th Floor
New York, NY 10017
Telephone: 212-245-1000
Fax: 646-509-2060
mscimone@outtengolden.com
jmcallister@outtengolden.com

Ryan Cowdin*
**OUTTEN & GOLDEN LLP**
1225 New York Avenue NW
Suite 1200B
Washington, DC 20005
Telephone: 202-929-0636
Fax: 202-847-4410
rcowdin@outtengolden.com

Kaelyn Mahar
**OUTTEN & GOLDEN LLP**
One California Street, 12th Floor
San Francisco, CA 94111
Telephone: 415-715-1787
Fax: 415-638-8810
kmahar@outtengolden.com

14

Troy L. Kessler
Garrett Kaske
**KESSLER MATURA P.C.**
534 Broadhollow Road, Suite 275
Melville, NY 11747
Telephone: 631-499-9100
Facsimile: 800-451-0874
tkessler@kesslermatura.com
gkaske@kesslermatura.com
* Admitted *Pro Hac Vice*

*Attorneys for Plaintiffs and the Putative Class and Collective*

15

## <u>VERIFICATION</u>

I, Michael Manzolillo, have read the foregoing **Plaintiffs' Responses And Objections To Defendant's First Set Of Interrogatories To Opt-In Plaintiff Michael Manzolillo** and know the contents thereof.

My responses as stated in the foregoing document are true of my own knowledge, except as to those matters that are stated on information and belief, and as to those matters, I believe them to be true.

I declare, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.

Dated: _____11/26/2025_____                    By: *Michael Manzolillo*
                                                   MICHAEL MANZOLILLO

16