# EXHIBIT 52

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

KEITH FISCHER, MICHAEL O'SULLIVAN, JOHN MOESER, LOUIS PIA, THOMAS BARDEN, CONSTANCE MANGAN, and CHARISE JONES, individually and on behalf of all others similarly situated,

                    CIVIL ACTION NO. 23 Civ. 02848 (GRB) (ARL)

                    Plaintiffs,

vs.

GOVERNMENT EMPLOYEES INSURANCE COMPANY d/b/a GEICO,

                    Defendant.
_____

                    - - -

            DEPOSITION OF THERESA BISHOP

                FRIDAY, NOVEMBER 7, 2025

                    — — —

        Video-recorded deposition of THERESA BISHOP taken remotely, before Donna W. Dratwa, Registered Merit Reporter, Certified Realtime Reporter, CA CSR 14949, and Notary Public, commencing at 9:00 a.m. EST, on the above date.

A P P E A R A N C E S:


ATTORNEYS FOR PLAINTIFFS:


      OUTTEN & GOLDEN LLP
      BY: JARRON D. MCALLISTER, ESQUIRE
      685 Third Avenue
      25th Floor
      New York, New York 10017
      212.245.1000
      Jmcallister@outtengolden.com


      OUTTEN & GOLDEN LLP
      BY: RYAN COWDIN, ESQUIRE
      1225 New York Avenue NW
      Suite 1200B
      Washington, DC 20005
      202.847.4400
      Rcowdin@outtengolden.com


ATTORNEYS FOR DEFENDANT:


      Duane Morris LLP
      BY: GREGORY TSONIS, ESQUIRE
      190 South LaSalle Street
      Suite 3700
      Chicago, Illinois 60603-3433
      312.499.6779
      Gtsonis@duanemorris.com

THERESA BISHOP                                                    JOB NO. 2093930
NOVEMBER 07, 2025

                        I N D E X

  EXAMINATION                              PAGE
EXAMINATION                               5
BY MR. MCALLISTER
EXAMINATION                              207
BY MR. TSONIS
EXAMINATION                              215
BY MR. MCALLISTER
EXAMINATION                              217
BY MR. COWDIN


  EXHIBITS                                PAGE
Plaintiff's Exhibit 1,                   24
Declaration of Theresa Bishop
Plaintiff's Exhibit 2, E-mail           116
Correspondence
Plaintiff's Exhibit 3, E-mail           123
Correspondence
Plaintiff's Exhibit 4, E-mail           126
Correspondence
Plaintiff's Exhibit 5, E-mail           130
Correspondence
Plaintiff's Exhibit 6, E-mail           145
Correspondence
Plaintiff's Exhibit 7, E-mail           153
Correspondence
Plaintiff's Exhibit 8, Audit            164
Guidelines
Plaintiff's Exhibit 9, E-mail           172
Correspondence
Plaintiff's Exhibit 10, Region          184
2, 2022, Strategy and Vision
Plaintiff's Exhibit 11, E-mail          194
Correspondence

P R O C E E D I N G S

THE COURT REPORTER:  Would counsel please state their appearances for the record, please.

MR. MCALLISTER:  Good morning.  My name is Jarron McAllister.  I am an attorney at Outten & Golden, representing the Plaintiffs in this matter.

MR. COWDIN:  And I'm Ryan Cowdin, also an attorney from Outten & Golden also representing Plaintiffs in this matter.

MR. TSONIS:  Good morning.  Gregory Tsonis on behalf of Defendant GEICO from Duane Morris, LLP.

THE COURT REPORTER:  The attorneys appearing in the deposition acknowledge that I am not physically present in the deposition room, that I will be reporting on this deposition remotely, and that I will administer the oath to the witness remotely.

The parties and their counsel further agree that while I am a licensed notary

court reporter, the witness may be in a state where I am not licensed.  The parties stipulate this deposition may be taken before me.

If any party does have an objection to this manner of reporting or anything stated above, please state so now.  Hearing none, we can proceed.

Do you solemnly swear or affirm that the testimony you are about to give in these proceedings will be the truth, the whole truth, and nothing but the truth?

THE WITNESS:  Yes.

T H E R E S A  B I S H O P,

having first been duly sworn, was examined and testified as follows:

EXAMINATION

BY MR. MCALLISTER:

Q.    Good morning, Ms. Bishop.

A.    Good morning.

Q.    -- on this Friday.  As you know, my name is Jarron McAllister.  I am an attorney at Outten & Golden, and we represent Plaintiffs in

THERESA BISHOP                                                    JOB NO. 2093930
NOVEMBER 07, 2025

metrics.  Do you talk about hours, like, hours generally or timekeeping with Courtney?

A.    No.  Not unless a specific situation arises where I need to speak with her, no, that's not a general topic of conversation.

Q.    Had that come up in conversation with Courtney?

A.    About timekeeping?

Q.    Timekeeping or hours.

A.    The only conversation that I've had to have with her regarding that is a situation where Eric David where -- I don't know if you are familiar with Long Island, but Eric lives pretty far out from the boroughs.  He got caught in traffic coming home and it was a Friday of the end of the workweek.  He was over his 40 hours.  So I shot Courtney an e-mail, and I was like, "Hey, just as an FYI, Eric got caught in traffic, he's over 40 for the week."

And other than that, I don't have a specific example of where we have to talk about hours or anything like that.

Q.    When did you have this conversation with Courtney or when did this situation happen with Mr. David?

A.    I don't remember the specific date. It's within the last, like, six months.

Q.    This calendar year.

What was Courtney's response?

A.    "Thanks for the heads-up."

You know, nothing of note.  You know, just as an FYI.  Because, you know, when she gets the time sheets from us.

Q.    And why did you, I guess, give her a note that he would be over 40 hours for the week?

A.    Because it's considered overtime. It's over their 38.75, so just as a courtesy to let her know.

Q.    Okay.  Is there a formal process that you typically have to go through to -- or rather, is there a formal process that you have to go through when one of your investigators is over 40 hours in a week?

A.    As long as it's a business need, you know, there's no issues with it where I have to formally ask or formally tell.  But if they're over 40, I need to let Courtney know that.

Q.    And when you say "business need," what do you mean by that?

THERESA BISHOP
NOVEMBER 07, 2025

JOB NO. 2093930

A.   I mean, you know, sometimes there's instances where they have to work over 40. Again, they get caught in traffic, they get caught on an EUO.  You know, it's a business need to work past the 40 hours.

Q.   And you said you have to formally ask or tell Courtney or your manager?

A.   I have to let her know, yes.

MR. TSONIS:  Objection, misstates testimony.

You can answer.

A.   I do have to let her know if they work over 40 hours, yes.

BY MR. MCALLISTER:

Q.   Is there a policy that requires you to do that?

MR. TSONIS:  Objection, form.

You can answer.

A.   I'm not sure if it's written in the GEICO policy specifically stating that I need to let her know if they work over 40.  It is a policy that they work their 38.75, but it's always, just hey, give me a heads-up type of thing.

BY MR. MCALLISTER:

Q.    Is it an issue if you don't let Courtney know that people are working over 40 in a week?

A.    I don't necessarily think it's an issue.  It's more of a courtesy, because I'm sure she's going to be asked, hey, Eric worked over 40 hours, and I don't want her to be blind-sided and not know why.  I wouldn't necessarily say it's an issue again.  It's just an issue of that for Courtney.

Q.    Have there been times where an investigator worked over 40 and Courtney had follow-up questions for you?

A.    Yeah.  Well, the only time I've had where it's over 40 hours was this instance with Eric, and I wrote her an e-mail, and I said, "Hey, Eric was working on this case in the field, got caught in traffic."

There was no follow-up to it because I gave her the information that she would have needed.

But if I just said, hey, Eric worked 40 hours, I'm sure she would have had a follow-up question, but in that instance, no, there was no follow-up needed.

THERESA BISHOP
NOVEMBER 07, 2025

JOB NO. 2093930

Q.    Thank you.

Okay.  I have no further questions for you today, unless --

MR. TSONIS:  Nothing further on my end.

MR. COWDIN:  This is truly it, but I just want to confirm, because I must have misheard you.

EXAMINATION

BY MR. COWDIN:

Q.    Field today.  Do you supervise any field investigators?

A.    Yes, my entire team right now currently is all field.

MR. COWDIN:  Got it.  Thank you. Appreciate it.  And thanks for --

(Discussion had with court reporter.)

MR. TSONIS:  We will reserve signature, and review and sign.

(Discussion had with court reporter.)

THE COURT REPORTER:  We are going off the record at 3:35 p.m.

(Deposition concluded at 3:35 p.m.)

REPORTER'S DEPOSITION CERTIFICATE

STATE OF FLORIDA)

COUNTY OF LEE    )

I, Donna Dratwa, Certified Realtime Reporter, Registered Merit Reporter, and Notary Public in and for the State of Florida at Large, certify that I was authorized to and did stenographically report the deposition of THERESA BISHOP , that a review of the transcript was requested, and that the transcript is a true and complete record of my stenographic notes.

I further certify that I am not a relative, employee, attorney, or counsel of any of the parties; nor am I a relative or employee of any of the parties' attorney or counsel connected with the action; nor am I financially interested in the action.

DATED this 20th day of November, 2025.

*Donna Dratwa*

Donna Dratwa, RMR, CRR