# EXHIBIT 54

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

KEITH FISCHER, MICHAEL          ) Case No. 23 Civ. 02848
O'SULLIVAN, JOHN MOESER,        ) (SJB)(SLT)
LOUIS PIA, THOMAS BARDEN,       )
CONSTANCE MANGAN, and CHARISE)
JONES, individually and on      )
behalf of all others            )
similarly situated,             )
                                )
                    Plaintiffs, )
                                )
v.                              )
                                )
GOVERNMENT EMPLOYEES            )
INSURANCE COMPANY, d/b/a        )
GEICO,                          )
                                )
                    Defendant.  )
_____)


REMOTE VIDEO-RECORDED DEPOSITION OF SARAH GREENMAN


Date:                    Thursday, October 16, 2025

Time:                    10:06 a.m. Eastern

Location:                Steno Connect Videoconference

Stenographer:            Amy E. Simmons,

                         RDR, CRR, CRC, CSR

REMOTE VIDEO-RECORDED DEPOSITION OF SARAH GREENMAN

BE IT REMEMBERED that the remote video-recorded deposition of SARAH GREENMAN was taken via Steno Connect videoconference by the attorney for the Plaintiff, before Amy E. Simmons, on Thursday, the 16th day of October, 2025, commencing at the hour of 10:06 a.m. in the above-entitled matter.

A P P E A R A N C E S

(All Parties Appearing Via Steno Connect Videoconference)

For the Plaintiffs:

          OUTTEN & GOLDEN LLP
          By: Michael J. Scimone, Esq.
          685 Third Avenue, 25th Floor
          New York, NY 10017
          Telephone:  212.245.1000
          Facsimile:  646.509.2060
          mscimone@outtengolden.com

For the Defendant:

          DUANE MORRIS LLP
          By: Gregory Tsonis, Esq.
          190 South LaSalle Street, Suite 3700
          Chicago, IL 60603-3433
          Telephone:  312.499.6779
          Facsimile:  312.896.5652
          gtsonis@duanemorris.com

Videographer:    Shelby Minchew, Steno

I N D E X

E X A M I N A T I O N

SARAH GREENMAN                                                   PAGE

By:  Mr. Scimone................................7, 301

     Mr. Tsonis................................297, 302

E X H I B I T S

NO.                                                             PAGE

  Exhibit 1       Email Chain, Bates Nos. G014970 and      28
                  14971 (2 pages)

  Exhibit 2       Email Chain, Bates Nos. G014959 and      53
                  14960 (2 pages)

  Exhibit 3       Email Chain, Bates No. G021647           60
                  (1 page)

  Exhibit 4       Email, Bates No. G014977 (1 page)        65

  Exhibit 5       Email Chain, Bates No. G017301           73
                  (1 page)

  Exhibit 6       Email Chain, Bates Nos. G016344          81
                  through 16348 (5 pages)

  Exhibit 7       Performance Appraisal, Albert L.         113
                  Brust, Bates Nos. G006721 and 6722
                  (2 pages)

  Exhibit 8       Email, Bates No. G017336 (1 page)        133

  Exhibit 9       Email, Bates Nos. G014991 and 14992      154
                  (2 pages)

  Exhibit 10      Email, Bates No. G015016 (1 page)        159

SARAH GREENMAN                                                    JOB NO. 2016452
OCTOBER 16, 2025

E X H I B I T S (continued)

NO.                                                              PAGE

Exhibit 11    Email Chain, Bates Nos. G014980      167
              through 14982 (3 pages)

Exhibit 12    Email Chain, Bates Nos. G017531 and  174
              17532 (2 pages)

Exhibit 13    Email Chain, Bates Nos. G015041 and  177
              15042 (2 pages)

Exhibit 14    Email, Bates No. G021725 (1 page)    187

Exhibit 15    Email Chain, Bates Nos. G015043 and  194
              15044 (2 pages)

Exhibit 16    Email, Bates No. G015019 (1 page)    199

Exhibit 17    Declaration of Sarah Greenman        206
              (6 pages)

Exhibit 18    Email, Bates No. G014983 (1 page)    232

Exhibit 19    Email Chain, Bates Nos. G015036 and  235
              15037 (2 pages)

Exhibit 20    Email Chain, Bates Nos. G017938 and  261
              17939 (2 pages)

Exhibit 21    Compensation Contents, Bates Nos.    271
              G000028 through 43 (16 pages)

Exhibit 22    Email Chain, Bates Nos. G017489 and  284
              17490 (2 pages)

Exhibit 23    Deposition Transcript of Al Brust    294

STENOGRAPHER'S NOTE:  All quotations from exhibits are reflected in the manner in which they were read into the record and do not necessarily denote an exact quote from the document.

Quotation marks are used for clarity and do not necessarily reflect a direct quote.

P R O C E E D I N G S

THE VIDEOGRAPHER:  Good morning.  We are on the record at 10:06 a.m. Eastern Time, October 16th, 2025, to begin the deposition of Sarah Greenman in the matter of Keith Fischer, et al., vs. Government Employees Insurance company.

The venue of this case is United States District Court, Eastern District of New York.  The Case No. is 23 Civ. 02848(SJB)(SLT).

This deposition is taking place via Zoom. The legal videographer is Shelby Minchew, here on behalf of Steno, whose business address is 315 West 9th Street, Suite 807, Los Angeles, California 90015.

Would counsel please identify yourselves and state whom you represent.

MR. SCIMONE:  My name is Michael Scimone with the law firm of Outten & Golden.  I represent the plaintiffs and the collective in this case.

MR. MCALLISTER:  My name is Jarron McAllister.  I work at Outten & Golden and I also represent the plaintiffs in this matter.

MR. TSONIS:  Greg Tsonis on behalf of Defendant GEICO with Duane Morris, LLP.

engaged in employment.  So, yes, I would interpret that as a violation.

Q.    And how did you know at the time that that was against GEICO policy?

A.    Because of the discussion, because of Scott's email, reasonable conclusion.

Q.    Okay.  And so you email August 16th.  On September 9th, Rene replies to the email and says, "Sarah, how are you?  I wanted to give this a minute to review.  Check him again.  And if the behavior has continued, let me know."

Do you see that?

A.    Correct.

Q.    Okay.  Do you recall having any other communications with Rene in between these two emails about this issue?

A.    I do not.

Q.    Did you do anything further after emailing Rene in August about it?

A.    I can see in the higher up portion of the email --

Q.    Sorry, just -- I'm sorry to interrupt.  I just want to be -- because I may have not asked the right question.

In between that time, you know, your

SARAH GREENMAN
OCTOBER 16, 2025

JOB NO. 2016452

August email and the September 9th email, did you do anything further besides emailing Rene?

A.   Again, as I can see in the higher up in this exhibit, if you'd scroll up for me, you can see that I have recanted what I did after Rene's email and what I sent to him.

So I reviewed eight closures upon his second email.  But I also noted below, after my initial review, I didn't address it with Joe directly.  I was waiting to discuss it with Rene. But I discussed it in a general staff meeting on 8/26, which would have been ten days after my initial email.

So the only reason I know that's what I did is because that is what is stated in that message there.

Q.   I see.  Okay.

So you reviewed -- after he asked if the behavior had continued, you reviewed and you found that it had, right?

A.   Correct.

Q.   Did anything happen as a result of this, you know, after this last email in time?

A.    I had a direct conversation with Joseph Abrams explaining to him that he is not permitted

to conduct GEICO business while off the clock, and that he must list all of his hours.  And then made sure he understood the expectation, in which he said he did.

That would have been documented -- a documented conversation.

Q.    Was he disciplined in any way?

A.    There was nothing further beyond that conversation, no.

Q.    Did he get paid for that overtime that he worked, or for those hours that he worked?

A.    I believe we made corrections to his timesheet where appropriate, but I don't recall specifically.

MR. SCIMONE:  All right.  Let's take a break here.  I want to just go over my notes and see if there's anything further.

MR. TSONIS:  Okay.

THE VIDEOGRAPHER:  We are now off the record.  The time is 6:02 p.m. Eastern Time.

(Break taken from 6:02 p.m. to 6:10 p.m.)

THE VIDEOGRAPHER:  We are now on the record.  The time is 6:10 p.m. Eastern Time.

Q.    (BY MR. SCIMONE)  Okay.  Ms. Greenman, I just have a couple more questions for you.

SARAH GREENMAN                                           JOB NO. 2016452
OCTOBER 16, 2025

6:24 p.m. Eastern Time.


    (Whereupon the deposition was concluded at 6:24 p.m.)

                         ****

                  (Signature requested.)

SARAH GREENMAN                                                    JOB NO. 2016452
OCTOBER 16, 2025

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

KEITH FISCHER, MICHAEL        ) Case No. 23 Civ. 02848
O'SULLIVAN, JOHN MOESER,      ) (SJB)(SLT)
LOUIS PIA, THOMAS BARDEN,     )
CONSTANCE MANGAN, and CHARISE)
JONES, individually and on    )
behalf of all others          )
similarly situated,           )
                              )
                 Plaintiffs,  )
                              )
v.                            )
                              )
GOVERNMENT EMPLOYEES          )

INSURANCE COMPANY, d/b/a      )

GEICO,                        )

                              )

                 Defendant.   )

_____)

REPORTER'S CERTIFICATION

ORAL DEPOSITION OF

SARAH GREENMAN

OCTOBER 16, 2025

I, Amy E. Simmons, Certified Shorthand Reporter in and for the states of California, Idaho, Oregon, Washington, Utah, and Tennessee, hereby certify to the following:

That the witness, SARAH GREENMAN, was duly sworn by the officer and that the transcript of the oral deposition is a true record of the testimony given by the witness;

SARAH GREENMAN
OCTOBER 16, 2025

JOB NO. 2016452

I further certify that pursuant to FRCP Rule (30(e)(1) that the signature of the deponent:

_____X_____ was requested by the deponent or a party before the completion of the deposition and returned within 30 days from date of receipt of the transcript.  If returned, the attached Changes and Signature Page contains any changes and the reasons therefore;

_____ was not requested by the deponent or a party before the completion of the deposition.

I further certify that I am neither attorney nor counsel for, related to, nor employed by any of the parties to the action in which this testimony was taken.

Further, I am not a relative or employee of any

attorney of record in this cause, nor do I have a

financial interest in the action.

Subscribed and sworn to on this 28th day of June, 2025.

*Amy E. Simmons*

_____

AMY E. SIMMONS

ID CSR No. 685

CA CSR No. 14553

WA CSR No. 22012915

OR CSR No. 22-009

UT CSR No. 14223843-7801

TN CSR No. 1127

RDR, CRR, CRC,

and Notary Public

Steno - NV Firm No. 108F

315 W. 9th Street, Suite 807

Los Angeles, CA 90015