# EXHIBIT 58

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF NEW YORK

KEITH FISCHER, MICHAEL O'SULLIVAN, )
JOHN MOESER, LOUIS PIA, THOMAS     )
BARDEN, CONSTANCE MANGAN, and      )
CHARISE JONES, individually and on )
behalf of all others similarly     )
situated,                          )
                                   )
            Plaintiffs,            ) Case No.
                                   ) 2:23 Civ. 2848
        vs.                        ) (GRB)(ARL)
                                   )
GOVERNMENT EMPLOYEES INSURANCE      )
COMPANY d/b/a GEICO,               )
                                   )
            Defendant.             )
------------------------------------)

* CONTAINS CONFIDENTIAL PORTIONS *

VIDEOTAPED DEPOSITION OF JOHN E. MOESER

Garden City, New York

Friday, August 2, 2024

Reported by:

KRISTIN KOCH, RPR, RMR, CRR

JOB NO. J11541506



August 2, 2024

11:04 a.m.

Videotaped Deposition of JOHN E. MOESER, held at the offices of Esquire Deposition Solutions, 1225 Franklin Avenue, Garden City, New York, before Kristin Koch, a Registered Professional Reporter, Registered Merit Reporter, Certified Realtime Reporter and Notary Public of the State of New York.



A P P E A R A N C E S:


     OUTTEN & GOLDEN LLP

     Attorneys for Plaintiffs

          685 Third Avenue

          New York, New York 10017

     BY:   MICHAEL J. SCIMONE, ESQ.

           SABINE JEAN, ESQ.




     DUANE MORRIS LLP

     Attorneys for Defendant

          1540 Broadway

          New York, New York 10036

     BY:   MARIA CACERES-BONEAU, ESQ.

           GREGORY SLOTNICK, ESQ.

           - and -

          190 South LaSalle Street

          Chicago, Illinois 60603

     BY:   TIFFANY E. ALBERTY, ESQ. (Via Zoom)


ALSO PRESENT:

JONATHAN JUAREZ, Videographer

SAMANTHA JACOBSON, GEICO (Via Zoom)



J. Moeser

THE VIDEOGRAPHER:  We are now on the record.  My name is Jonathan Juarez.  I am a legal videographer for Esquire.

Today's date is August 2nd, 2024, and the time is 11:04 a.m.  This deposition is taking place at 1225 Franklin Avenue, Garden City, New York, in the matter of Keith Fischer versus Government Employees Insurance Company.  The deponent is John Moeser.

Counsel, please, identify yourselves for the record.

MS. CACERES-BONEAU:  Maria Caceres-Boneau on behalf of GEICO.

MR. SLOTNICK:  Greg Slotnick on behalf of GEICO as well.

MR. SCIMONE:  Michael Scimone with Outten & Golden on behalf of plaintiffs.

MS. JEAN:  Sabine Jean, Outten & Golden, on behalf of plaintiffs.

THE VIDEOGRAPHER:  The court reporter is Kristin Koch and will now swear in the witness.

*      *      *



J. Moeser

J O H N   E.   M O E S E R,

    called as a witness, having been duly sworn

    by a Notary Public, was examined and

    testified as follows:

EXAMINATION BY

MS. CACERES-BONEAU:

    Q.    Could you state and spell your name for the record.

    A.    John Moeser, M-O-E-S-E-R.

    Q.    And what is your current address?

    A.    18 Red Maple Road, Ridge, New York.

    Q.    My name is Maria Caceres-Boneau and I will be taking your deposition today.  I will be asking a series of questions and what you will do today is provide truthful responses to the questions.  My questions and your answers will be recorded by the court reporter and obviously by the videographer as well.  Because the court reporter is recording us, it's important that we answer verbally and rather than with uh-huhs and uh-uhs, like yes, no, verbally.  Do you understand that?

    A.    Yes.

    Q.    Great.  Also, because the court



J. Moeser

immediately, because you couldn't do it while you were in the field unless you sat there with your laptop, which I don't know too many people are gonna do that, but how I did it and other people may have done it differently, but SICM, which was the -- I think it was an acronym for the Special Investigations Case Management system, you could open up a field and actually type in what you were doing there, but the print was so small and didn't have a spell check and I decided not to do that, so I would open up my own Word program and I would keep that case running, and when I came back from like your example from doing a canvass, I would come back to my home office and type it into the Word program and then copy and paste it into the SICM, because you could alter -- not alter, but you could edit a Word program a lot easier than in SICM.

Q.    And did you enter that into SICM on the same day or could you enter it on the next day?

A.    Yeah, you could enter it in the next day, but it would be time stamped for that day. So then -- one -- I'm glad you brought that -- another downgrade was that when they looked into



J. Moeser

it, you know, initially before they changed a lot of the downgrades and systems, I could enter something in that I did two days ago and put down -- what's today?  Today is Friday?  So if I did something on Tuesday, I put it in on Friday, you know, I didn't have to explain why it was doing this, it was more or less common sense that you would see, you know, the time and date that I went to a location compared to when it says that I put it in.  Well, one of the things that they looked at was that I needed to write a whole line that, you know, on this date I went to -- on Tuesday I went there, but I'm putting this in on a Friday.  Does it really help the case?  No.  Does it hurt the case?  No.  But this is one of the downgrades that they would do.  So you could enter it in after you did the task, but it would be time stamped for that time.

Q.    How long did it take for you to copy what you put in your Word document to SICM, like, if you were to -- because you said you typed things into a Word program and then you would copy that in to SICM.  How long did that take?

A.    Not long at all.  I mean, depending on



JOHN E. MOESER  Confidential
Keith Fischer, et al. vs GEICO

August 02, 2024
246

J. Moeser

they threw it out there and said, "okay, let's start doing it this way" and they didn't realize that, well, it may seem small to you on one scale, you know, but when you are doing this over a period of many cases, it adds up, and, you know, it's -- so when they increased it, they were increasing different steps that they wanted you to take that sounded redundant and sounded, you know, not important, but they still wanted you to do it, and if you didn't do it, well, then you were gonna be downgraded on your audit.

Q.    And GEICO adopted that practice of downgrading investigators for backdating cases, did you -- did you backdate entries after that time?

A.    Oh, sure, I had to, yeah.  Yeah.

Q.    Did you try to limit the extent to which you backdated entries?

A.    I tried, yeah, but, you know, unless I was gonna work until 11:00 at night every night, I mean, I would have to put stuff off into the next day.

Q.    Was it your practice, generally speaking, to make at least some kind of entry in



J. Moeser

produced in the case.

MS. CACERES-BONEAU:  Okay.

THE VIDEOGRAPHER:  The time right now is 6:35 p.m. and we are off the record.

(Time noted:  6:35 p.m.)

----------------------

JOHN E. MOESER

Subscribed and sworn to before me
this        day of              2024.

------------------------------------------



C E R T I F I C A T E

STATE OF NEW YORK    )

                     ) ss.:

COUNTY OF NASSAU     )


            I, KRISTIN KOCH, a Notary Public
   within and for the State of New York, do
   hereby certify:
            That JOHN E. MOESER, the witness
   whose deposition is hereinbefore set forth,
   was duly sworn by me and that such
   deposition is a true record of the
   testimony given by such witness.
            I further certify that I am not
   related to any of the parties to this
   action by blood or marriage; and that I am
   in no way interested in the outcome of this
   matter.
            IN WITNESS WHEREOF, I have hereunto
   set my hand this 8th day of August, 2024.



   --------------------------------
            KRISTIN KOCH, RPR, RMR, CRR

ESQUIRE
DEPOSITION SOLUTIONS

800.211.DEPO (3376)
EsquireSolutions.com