# EXHIBIT 60

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
-------------------------------
KEITH FISCHER, MICHAEL
O'SULLIVAN, JOHN MOESER, LOUIS
PIA, THOMAS BARDEN, CONSTANCE
MANGAN, and CHARISE JONES,
Individually and on behalf of
All others similarly situated,

                Plaintiffs,

        vs.          No. 2:23 Civ. 2848(GRB)(ARL)

GOVERNMENT EMPLOYEES INSURANCE
COMPANY d/b/a GEICO,

                Defendant.
-------------------------------




    VIDEOTAPED DEPOSITION OF MICHAEL O'SULLIVAN

                New York, New York

            Monday, August 26, 2024






Reported by:
Yaffa Kaplan
JOB NO. 11574176



August 26, 2024

10:00 a.m.


        Deposition of MICHAEL O'SULLIVAN, held at the offices of Esquire Deposition Solutions, 1225 Franklin Avenue, Garden City, New York, pursuant to Replace, before Yaffa Kaplan, a Notary Public of the State of New York.



A P P E A R A N C E S:


     OUTTEN & GOLDEN LLP

     Attorneys for Plaintiffs

          685 Third Avenue, 25th Floor

          New York, New York 10017

     BY:   SABINE JEAN, ESQ.


     DUANE MORRIS LLP

     Attorneys for Defendant

          190 South LaSalle Street, Suite 3700

          Chicago, Illinois 60603

     BY:   TIFFANY E. ALBERTY, ESQ.


ALSO PRESENT:

     JOSEPH BARLETTA - Videographer



IT IS HEREBY STIPULATED AND AGREED, by and between counsel for the respective parties hereto, that the filing, sealing and certification of the within deposition shall be and the same are hereby waived;

IT IS FURTHER STIPULATED AND AGREED that all objections, except as to the form of the question, shall be reserved to the time of the trial;

IT IS FURTHER STIPULATED AND AGREED that the within deposition may be signed before any Notary Public with the same force and effect as if signed and sworn to before the Court.



THE VIDEOGRAPHER:  We are on the record, and the time now is approximately 10:00 a.m. Today's date is August 26, 2024.

This is the video deposition of Michael O'Sullivan in the matter of Keith Fischer et al v. Government Employees Insurance Company. Index number 2:203cv02848 (GRB)(ARL) in the United States District Court, Eastern District of New York.

My name is Joseph Barletta, legal videographer with Shereck Video in association with Esquire.  Today we are at the office of Esquire Deposition Solutions located at 1225 Franklin, Avenue, Garden City, New York.

Will counsels please voice identify yourselves and state whom you represent.

MS. JEAN:  Sabine Jean from Outten & Golden, representing plaintiffs.

MS. ALBERTY:  Tiffany Alberty on behalf of defendants with Duane Morris.

THE VIDEOGRAPHER:  Thank you.  The court reporter is Yaffa Kaplan with Esquire.

Please swear in the witness.

M I C H A E L   O ' S U L L I V A N , called as a



M. O'Sullivan

witness, having been duly sworn by a Notary Public, was examined and testified as follows:

EXAMINATION BY

MS. ALBERTY:

Q.    What is your name and address?

A.    Michael O'Sullivan, 205 Elsie Avenue, Merrick, New York 11566.

Q.    Good morning, Mr. O'Sullivan.

A.    Good morning.

Q.    I know I previously introduced myself off the record and then I also introduced myself on, but my name is Tiffany Alberty.  I represent GEICO in this matter.

Today I am going to be asking you a series of questions about you, your background, your time and experience at GEICO.

Have you ever been deposed before?

A.    No.

Q.    And then let the record reflect that this deposition is taken pursuant to notice and also agreement by the parties.

What I am going to do is I am just going to go through some ground rules for us to cover at the very beginning, so you familiarize yourself



800.211.DEPO (3376)
EsquireSolutions.com

MICHAEL O'SULLIVAN
Keith Fischer, et al. vs GEICO

August 26, 2024
67

M. O'Sullivan

referencing to in paragraph number 5?

A.    I don't know.

Q.    As far as when you said management would have provided you this information, as to whom in management?  Do you know?

A.    I don't know.

Q.    Let's flip to Page Number 3 of your declaration under paragraph 8.

So it states, "I only entered 7.75 working hours per day, five days a week, regardless of how many hours I actually worked.  I only entered this amount of time because I understood, based on conversations with my supervisor, that GEICO would not authorize overtime pay, 'just for typing.'  Meaning, writing my case reports as required -- as required by my job."

Which supervisor are you referring to in paragraph number 8?

A.    Brian Portnoy.

Q.    As to paragraph number 8 for our other supervisors that I believe you testified to, Dara Campbell and Toni D'Agata, do you recall them saying anything to this degree?

A.    No.



                        M. O'Sullivan

          Your response says, in relevant parts,
"That plaintiff further responds, that at least on
one occasion he called his supervisor, Brian
Portnoy, requesting overtime due to case write-ups
he had to complete.  And his supervisor responded
that he can't approve overtime just for typing."

          Is this the same conversation we were
discussing in paragraph 8 of your declaration?

     A.    Yes.

     Q.    And again, you recall this was a phone
conversation, but you don't know when in time it
was?

     A.    I don't recall the time frame.

     Q.    Walk me through the overtime process as
you recall it to be.

     A.    As far as what?  The policy, if we were
going to ask for overtime?

     Q.    Yes.

     A.    If we were going to have to do overtime,
you had to get supervisor approval.

     Q.    Was this always the policy, at least
from 2016 to '22?

     A.    I believe so, yes.

     Q.    So during that time period, say you



M. O'Sullivan

needed to work more time for your cases, you would reach out either to, at that time; Dara Campbell, Toni D'Agata or Brian Portnoy?

A.    Actually, really didn't reach out to them for overtime.  We just -- because it didn't seem like the company was going to pay overtime for typing, so I just typed my cases as required or as needed to get the cases submitted timely.

Q.    Did you ever request OT through those supervisors?

A.    Did I ever request what?

Q.    Did you ever request overtime through those supervisors?

A.    I don't recall with Campbell or D'Agata. Like I said, the one time with Portnoy, it was; he can't authorize overtime for typing.

It was asked once.  And once I realized it wasn't going to happen, I just did my typing as necessary.

Q.    Did you report that conversation that you had with Brian Portnoy to anyone else?

A.    Not that I recall.

Q.    I apologize if I am repeating myself.

To your knowledge, do you recall ever



M. O'Sullivan

requesting overtime outside of this one time period where he said you -- you can't get overtime just for typing?

A.    The only other time I recall getting overtime and being authorized overtime was -- I don't recall what year, but it was during the month of December when GEICO was trying to clear up a back load of social media cases, where they offered overtime above and beyond to do cases.  Above and beyond your regular scheduled cases.

Q.    When overtime was requested and then subsequently approved, was that requested via e-mail?

MS. JEAN:  Objection.

A.    I would say probably was, but I don't recall specifically.

Q.    Do you recall ever -- excuse me -- making an OT request through the Workday portal?

A.    I never did.

Let me just -- I say I never did.  So you are saying work -- overtime through the Workday portal?  Submitting overtime or requesting overtime?

Q.    Requesting overtime.



                    M. O'Sullivan

coaching plan.

        Any written policy described in

performance evaluation metrics and/or a number

scale.

        Any documents involve describing

caseload metrics, including time frames for

case assignments.

        Any documents describing productivity

metrics.

        Any monthly report cards issued by your

supervisors for Michael O'Sullivan.

        Any documents for metrics that would

require a coaching plan.

        And any documents referencing

time-in-progress compliance or TIP compliance,

and any metrics associated with that.

        MS. ALBERTY:  Okay.

        THE VIDEOGRAPHER:  I am going to sign us

off.

        This concludes the video deposition of

Michael O'Sullivan.  The time now is

approximately 3:21 p.m.

        We are off the record.

        (Time noted: 3:21 p.m.)



                        M. O'Sullivan

                  C E R T I F I C A T E

STATE OF NEW YORK      )

                       : ss.

COUNTY OF QUEENS       )


        I, YAFFA KAPLAN, a Notary Public

within and for the State of New York, do

hereby certify:

        That MICHAEL O'SULLIVAN, the witness

whose deposition is hereinbefore set forth,

was duly sworn by me and that such

deposition is a true record of the

testimony given by the witness.

        I further certify that I am not

related to any of the parties to this

action by blood or marriage, and that I am

in no way interested in the outcome of this

matter.

        IN WITNESS WHEREOF, I have hereunto

set my hand this 3rd day of September,

2024.



                        YAFFA KAPLAN

ESQUIRE
DEPOSITION SOLUTIONS

800.211.DEPO (3376)
EsquireSolutions.com