# EXHIBIT 62

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KEITH FISCHER, MICHAEL O'SULLIVAN, JOHN MOESER, LOUIS PIA, THOMAS BARDEN, CONSTANCE MANGAN, and CHARISE JONES, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOVERNMENT EMPLOYEES INSURANCE COMPANY d/b/a GEICO,<br><br>Defendant. | Case No. 2:23-CV-02848 (SJB) (SLT) |

**DEFENDANT'S FIRST SET OF REQUESTS FOR ADMISSION**
**TO OPT-IN PLAINTIFF KENNETH F. BAKER**

Defendant Government Employees Insurance Company ("GEICO" or "Defendant"), by its attorneys and pursuant to Rule 36 of the Federal Rules of Civil Procedure and the Local Rules of this Court, hereby propounds the following Requests for Admission (the "Requests") on Opt-In Plaintiff Kenneth F. Baker ("Plaintiff"). Defendant requests that Plaintiff admit the following in writing and under oath within thirty (30) days.

**DEFINITIONS AND INSTRUCTIONS**

As used herein, the following terms shall have the meanings indicated:

1.      "You," "Your" or "Plaintiff" means Opt-In Plaintiff Kenneth F. Baker unless otherwise specified, and each of Plaintiff's present and former agents, investigators, representatives, attorneys, and any other person acting or purporting to act on Plaintiff's behalf.

2.      "Defendant" or "GEICO" refers to the named defendant in this action, Government Employees Insurance Company.

1

3.    "Person" shall mean and include a natural person, individual, partnership, firm, corporation, or any kind of business or legal entity, its agents or employees.

4.    "Document" or "Documents" shall mean all materials within the full scope of the Federal Rules of Civil Procedure and includes, without limitation and by way of illustration only: notes; data; itineraries; correspondence, communications of any nature including electronic mail (e-mail), telegrams; memoranda; notebooks of any character; documents of any character; summaries of records of personal conversations; calendars; diaries; logs; routing slips or memoranda; reports; publications; photographs; minutes or records of meetings; transcripts of oral testimony or statements; reports and/or summaries of interviews; written statements; affidavits; reports and/or summaries of investigations; agreements and contracts, including all modifications and/or revisions thereof; reports and/or summaries of negotiations; court papers; brochures; pamphlets; press releases; drafts of, revisions of drafts of, translations of any documents; tape recordings; records and dictation belts; computer disks; all papers, tapes, or any other permanent records or tangible items similar to the foregoing, however denominated.  Any document with any marks on any sheet or side thereof, including by way of illustration only and without limitation, initials, highlighting, stamped indicia, any comment or any notation of any character and not part of the original text, or any reproduction thereof, is to be considered a separate document for purposes of these Requests.

5.    Singular and plural nouns shall be construed to bring within the scope of these Requests the broadest response possible.

6.    "Any," "each," "the," "every," and "all" shall be construed to bring within the scope of these Requests the broadest response possible.

2

7.      "Relate to" shall be given the broadest meaning possible, and shall mean pertain to, bear upon, in support of, evidence of, affects, concerns, touches upon, consists of, refers to, reflects, involves and be in any way legally, logically or factually connected with the matter discussed.  All conjugations of the verb "to relate" shall be interpreted in the same manner.

8.      "Complaint" or "Litigation" refers to the complaint and case filed in the U.S. District Court for the Eastern District of New York in the pending action captioned as *Keith Fischer, et al. v. Government Employees Insurance Company,* Case No. 2:23-CV-02848-SJB-ST.

9.      These Requests call for information that is known, available to you, or reasonably available to you, or in the possession, custody, or control of your attorneys, agents, consultants, representatives, investigators, or any other person(s) acting or purporting to act on your behalf.

10.     Answer each Request in full.  If you cannot do so after conducting a reasonable investigation, then you shall answer to the fullest extent possible, and shall include in your response a description of your investigation, to date, an explanation as to why you cannot answer completely, and all knowledge, information, or beliefs you have concerning the unanswered portion of the Request.

11.     If you claim any form of privilege, whether based on statute or otherwise, as a ground for not answering any Request, state the nature of the privilege claimed (*e.g.,* attorney-client, work product, or other) and set forth all facts upon which the claim of privilege is based, in sufficient detail to enable the parties and the Court to determine whether the privilege applies.

12.     The fact that your investigation is ongoing, or that discovery is not complete, shall not be used as an excuse for failing to provide responses that are as full and complete as possible as of the date of answer.

3

13.    Unless otherwise instructed, your responses shall encompass the period from April 17, 2017, through the date of your responses (the "Relevant Time Period").

## REQUESTS FOR ADMISSION

### REQUEST FOR ADMISSION NO. 1:

Admit that Defendant paid you for all hours that you recorded in Defendant's timekeeping system.

**Admitted:**          ___

**Not Admitted:**          ___

### REQUEST FOR ADMISSION NO. 2:

Admit that you do not have any written records reflecting amount(s) of time you worked each week that you did not record in Defendant's timekeeping system.

**Admitted:**          ___

**Not Admitted:**          ___

### REQUEST FOR ADMISSION NO. 3:

Admit that, if you reported work hours to a supervisor or manager, you were paid for those hours.

**Admitted:**          ___

**Not Admitted:**          ___

### REQUEST FOR ADMISSION NO. 4:

Admit that you have no personal knowledge as to whether Defendant intentionally violated any wage and hour laws.

**Admitted:**          ___

**Not Admitted:**          ___

**REQUEST FOR ADMISSION NO. 5:**

Admit that, during the Relevant Time Period, you did not work more than forty (40) hours for Defendant during any workweek.

**Admitted:**            ___

**Not Admitted:**            ___

**REQUEST FOR ADMISSION NO. 6:**

Admit that, during the Relevant Time Period, there were some workweeks during which you did not work more than forty (40) hours for Defendant.

**Admitted:**            ___

**Not Admitted:**            ___

**REQUEST FOR ADMISSION NO. 7:**

Admit that you did not complain to Defendant that you worked overtime during the Relevant Time Period without compensation.

**Admitted:**            ___

**Not Admitted:**            ___

**REQUEST FOR ADMISSION NO. 8:**

Admit that no manager or supervisor in Defendant's Special Investigations Unit instructed you to work off-the-clock at any point during the Relevant Time Period.

**Admitted:**            ___

**Not Admitted:**            ___

**REQUEST FOR ADMISSION NO. 9:**

Admit that, throughout your employment with Defendant, Defendant maintained a written policy requiring that you accurately record all of your hours worked in Defendant's timekeeping system.

**Admitted:**          ___

**Not Admitted:**          ___

## REQUEST FOR ADMISSION NO. 10:

Admit that, to the extent you claim you are owed unpaid overtime wages, you failed to adhere to the policy or policies described in Request No. 9.

**Admitted:**          ___

**Not Admitted:**          ___

## REQUEST FOR ADMISSION NO. 11:

Admit that, throughout your employment with Defendant, Defendant maintained a written policy forbidding "off the clock" work.

**Admitted:**          ___

**Not Admitted:**          ___

## REQUEST FOR ADMISSION NO. 12:

Admit that, to the extent you claim you are owed unpaid overtime wages, you failed to adhere to the policy or policies described in Request No 11.

**Admitted:**          ___

**Not Admitted:**          ___

## REQUEST FOR ADMISSION NO. 13:

Admit that, during the Relevant Time Period, you had the ability to "flex" your schedule such that you could adjust your work start time and/or end time so long as your weekly work hours totaled approximately 38.75 hours.

**Admitted:**          ___

**Not Admitted:**          ___

**REQUEST FOR ADMISSION NO. 14:**

Admit that, to the extent you entered weekly work hours over forty (40) into GEICO's timekeeping system during the Relevant Time Period, GEICO paid you for all such hours at one-and-one-half times your hourly rate of pay.

**Admitted:**     ___

**Not Admitted:**     ___

**REQUEST FOR ADMISSION NO. 15:**

Admit that different cases required different amounts of time by you to investigate.

**Admitted:**     ___

**Not Admitted:**     ___

**REQUEST FOR ADMISSION NO. 16:**

Admit that you did not enter the amount(s) of time you spent on investigative tasks into GEICO's Special Investigation Case Management ("SICM") system.

**Admitted:**     ___

**Not Admitted:**     ___

**REQUEST FOR ADMISSION NO. 17:**

Admit that recording overtime hours in GEICO's timekeeping system did not cause your annual performance rating to fall under a score of three out of five.

**Admitted:**     ___

**Not Admitted:**     ___

**REQUEST FOR ADMISSION NO. 18:**

Admit that you did not inform your supervisor of every task you performed for each case you investigated or the corresponding amount of time you spent on each task.

**Admitted:**     ___

7

**Not Admitted:** \_\_\_

### REQUEST FOR ADMISSION NO. 19:

Admit that each case that you investigated required the performance of different investigative tasks.

**Admitted:** \_\_\_

**Not Admitted:** \_\_\_

### REQUEST FOR ADMISSION NO. 20:

Admit that the number of hours that you contend you worked in a workweek varied due to factors other than the number of cases assigned to you.

**Admitted:** \_\_\_

**Not Admitted:** \_\_\_

### REQUEST FOR ADMISSION NO. 21:

Admit that you reported to a supervisor who never denied your overtime request(s).

**Admitted:** \_\_\_

**Not Admitted:** \_\_\_

### REQUEST FOR ADMISSION NO. 22:

Admit that your supervisor(s) approved overtime when you followed the supervisor's communicated practice for requesting overtime.

**Admitted:** \_\_\_

**Not Admitted:** \_\_\_

### REQUEST FOR ADMISSION NO. 23:

Admit that your supervisor(s) did not know the times when you began and ended your work on every day that you worked.

**Admitted:** \_\_\_

**Not Admitted:** ___

**REQUEST FOR ADMISSION NO. 24:**

Admit that you could be assigned a case and close that same case within a 24-hour time period.

**Admitted:** ___

**Not Admitted:** ___

**REQUEST FOR ADMISSION NO. 25:**

Admit that, after the COVID-19 pandemic started in or around March 2020, the amount of time you spent working in the field substantially decreased.

**Admitted:** ___

**Not Admitted:** ___

**REQUEST FOR ADMISSION NO. 26:**

Admit that, in any workweek that you contend you worked more than 38.75 hours, you never reported any hours over 38.75 to your supervisor, manager, or human resources.

**Admitted:** ___

**Not Admitted:** ___

**REQUEST FOR ADMISSION NO. 27:**

Admit that, by working off the clock as you allege, you received a more favorable rating on your annual Performance Assessment.

**Admitted:** ___

**Not Admitted:** ___

**REQUEST FOR ADMISSION NO. 28:**

Admit that you have no personal knowledge as to whether your SIU manager(s) was aware of the number of hours you worked each week during the Relevant Time Period.

**Admitted:** ___

**Not Admitted:** ___

DATED: October 31, 2025

Respectfully submitted,

/s/ *Gerald L. Maatman, Jr.* .
Gerald L. Maatman, Jr.
Jennifer A. Riley
Gregory Tsonis (*admitted pro hac vice*)
Tiffany E. Alberty (*admitted pro hac vice*)
Justin R. Donoho (*admitted pro hac vice*)
DUANE MORRIS LLP
190 South LaSalle Street, Suite 3700
Chicago, IL 60603
T: 312-499-6700
F: 312-499-6701
GMaatman@duanemorris.com
JARiley@duanemorris.com
GTsonis@duanemorris.com
TEAlberty@duanemorris.com
JDonoho@duanemorris.com

Gregory S. Slotnick
DUANE MORRIS LLP
22 Vanderbilt
335 Madison Avenue, 23rd Floor
New York, NY 10017
T: 212-471-1856
F: 212-202-5384
GSSlotnick@duanemorris.com

*Attorneys for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that he served a copy of the foregoing **Defendant's First**

**Set of Requests for Admission to Opt-In Plaintiff Kenneth F. Baker** on the following via email

on this 31st day of October 2025:

MICHAEL J. SCIMONE
JARRON D. MCALLISTER
SABINE JEAN
**OUTTEN & GOLDEN LLP**
685 Third Avenue, 25th Floor
New York, NY 10017
Telephone: (212) 245-1000
Facsimile: (646) 509-2060
mscimone@outtengolden.com
jmcallister@outtengolden.com
sjean@outtengolden.com

RYAN C. COWDIN
**OUTTEN & GOLDEN LLP**
1225 New York Avenue, NW Suite 1200B
Washington, DC 20005
Telephone: (202) 847-4409
rcowdin@outtengolden.com

TROY L. KESSLER
GARRETT D. KASKE
**KESSLER MATURA P.C.**
534 Broadhollow Road, Ste 275
Melville, NY 11747
Telephone: (631) 499-9100
Facsimile: (631) 499-9120
tkessler@kesslermatura.com
gkaske@kesslermatura.com

*Attorneys for Plaintiffs*

By: */s/ Gerald L. Maatman, Jr.*
Gerald L. Maatman, Jr.

11

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

KEITH FISCHER, MICHAEL
O'SULLIVAN, JOHN MOESER, LOUIS PIA,
THOMAS BARDEN, CONSTANCE
MANGAN, and CHARISE JONES,
individually and on behalf of all others
similarly situated,

       Plaintiffs,

       v.

GOVERNMENT EMPLOYEES
INSURANCE COMPANY,

       Defendant.

Case No. 2:23-CV-02848 (SJB) (SIL)

**PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST SET OF
REQUESTS FOR ADMISSION TO OPT-IN PLAINTIFF KENNETH BAKER**

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Kenneth Baker ("Plaintiff"),

by and through their attorneys, Outten & Golden LLP, hereby submits the following objections

and responses to Defendant's First Amended Set of Requests for Admission, dated October 31,

2025.

**PRELIMINARY STATEMENT**

All responses to the following Requests for Admission are based on information currently

known to Plaintiff and are provided without prejudice to Plaintiff's right to submit evidence of any

subsequently discovered facts and information, should such become known.  Plaintiff anticipates

that as investigation and trial preparation continue, it is possible that additional facts may become

known, which may in turn warrant additions to or changes in the responses provided herein.  These

responses are made in a good faith effort to supply such information as is presently known to

Plaintiff.  These responses and objections are made without prejudice to, and are not a waiver of,

1

Plaintiff's right to rely on other facts or documents at trial.

Plaintiff reserves all objections to the competence, relevance, materiality, or admissibility at trial of any information or documents requested or identified by any party. The inadvertent disclosure of any privileged information shall not be deemed to be a waiver of any applicable privilege with respect to such information or any other information.

The production of information and/or documents pursuant to this response is made without waiving, or intending to waive, but on the contrary reserving and intending to reserve: (a) the right to object on any grounds to the use of information produced pursuant to this response in this or any other action or proceeding; (b) the right to object on any and all grounds, at any time, to other interrogatories or other discovery mechanisms or proceedings; and (c) the right at any time to revise, correct, or supplement this response.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

Plaintiff objects to Defendant's Definitions and Instructions to the extent they exceed the discovery obligations set forth in Federal Rule 36, which requires only admission relating to "facts, the application of law to fact, or opinions about either" and "the genuineness of any described documents." Plaintiff further objects to Defendant's Definitions and Instructions to the extent that they impose a discovery obligation to supply information that is not required by the Federal Rules of Civil Procedure or Local Rules and requests privileged information, such as information that tends to disclose the mental impressions of counsel or the identities of potential witnesses.

## RESPONSES AND OBJECTIONS TO SPECIFIC REQUESTS FOR ADMISSION
## REQUEST FOR ADMISSION NO. 1:

Admit that Defendant paid you for all hours that you recorded in Defendant's timekeeping system.

**RESPONSE:**

Plaintiff admits to having no direct knowledge of any hours they recorded in GEICO's timekeeping system that were underpaid.  This admission is irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked. Plaintiff does not yet have complete access to GEICO's timekeeping records, which GEICO has objected to producing, and therefore their response is not based on a review of those records (though that review, again, is irrelevant to Plaintiffs' claims).  Plaintiff reserves the right to amend their answer following a review of those records, should the Court compel GEICO to produce them.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 2:**

Admit that you do not have any written records reflecting amount(s) of time you worked each week that you did not record in Defendant's timekeeping system.

**RESPONSE:**

Plaintiff admits that they do not have written records reflecting unrecorded amount(s) of time they worked during each week.

**REQUEST FOR ADMISSION NO. 3:**

Admit that, if you reported work hours to a supervisor or manager, you were paid for those hours.

**RESPONSE:**

Plaintiff denies the premise of this request, because they did not specifically report all hours

3

worked to their supervisor or manager.  This denial is irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 4:**

Admit that you have no personal knowledge as to whether Defendant intentionally violated any wage and hour laws.

**RESPONSE:**

Plaintiff objects to this request because it seeks an admission that is irrelevant to the claims or defenses in the case.  The Fair Labor Standards Act does not require proof of "intent[]" to violate the law.  Liability attaches to an underpayment if an employer "(a) requires, (b) knows about, or (c) should have known about [unpaid hours] through the exercise of reasonable diligence." *Perry v. City of New York*, 78 F.4th 502, 512-13 (2d Cir. 2023).  Plaintiff is entitled to a third year of FLSA liability if an employer "willfully" violated the law, which means "it either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the Act." *Id.* at 516.  And liquidated damages apply if the employer is unable to establish, to the satisfaction of the Court,[1] that it acted in

---

[1]    Good faith is a question for the Court. *See Perry v. City of New York*, No. 13 Civ. 1015, 2019 U.S. Dist. LEXIS 220519, at *9 (S.D.N.Y. Dec. 23, 2019) (holding "that the court's discretion to deny liquidate[d] damages is negated by a jury's finding of willfulness" based on the Second Circuit's *Pollis* case); *see also Pollis v. New Sch. for Soc. Research*, 132 F.3d 115, 120 (2d Cir. 1997) (making similar determination under the Equal Pay Act).  The majority of circuit courts that have considered the question have held that a jury's willfulness finding precludes a finding of good faith. *See Black v. SettlePou, P.C.*, 732 F.3d 492, 501 (5th Cir. 2013) ("Because the jury found that [defendant] acted willfully in violating the FLSA,

4

good faith.  29 U.S.C. § 260.  None of these standards require Plaintiff to prove intent.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 5:**

Admit that, during the Relevant Time Period, you did not work more than forty (40) hours for Defendant during any workweek.

**RESPONSE:**

Denied.  Plaintiff worked more than 40 hours in multiple workweeks throughout the course of their employment with GEICO.

**REQUEST FOR ADMISSION NO. 6:**

Admit that, during the Relevant Time Period, there were some workweeks during which you did not work more than forty (40) hours for Defendant.

**RESPONSE:**

Admit that Plaintiff worked fewer than 40 hours in some workweeks in which Plaintiff

---

[defendant] cannot show that it acted in good faith."); *Herman v. Palo Grp. Foster Home, Inc.*, 183 F.3d 468, 474 (6th Cir. 1999) ("a finding of willfulness is dispositive of the liquidated-damages issue"); *Chao v. A-One Med. Servs., Inc.*, 346 F.3d 908, 920 (9th Cir. 2003) ("a finding of good faith is plainly inconsistent with a finding of willfulness"); *Brinkman v. Dep't of Corr. of State of Kan.*, 21 F.3d 370, 373 (10th Cir. 1994) (finding that the "district court properly awarded liquidated damages based upon the jury's finding of willfulness"); *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1166 (11th Cir. 2008) ("in an FLSA case a jury's finding in deciding . . . that the employer acted willfully precludes the court from finding that the employer acted in good faith"); *see also Ellison v. United States*, 25 Cl. Ct. 481, 499 (1992) (finding in Equal Pay Act case that "The evidence cannot support a finding that the willful failure to promote plaintiff constituted good faith action"); *E.E.O.C. v. Madison Cmty. Unit Sch. Dist. No. 12*, 818 F.2d 577, 586 (7th Cir. 1987) (finding in Equal Pay Act case that, "If [defendant] was acting reasonably and in good faith, it could hardly be guilty of violating the law either intentionally or with reckless disregard for the legality of its conduct.").

worked less than a full schedule due to, e.g., holidays or other time off from work.

**REQUEST FOR ADMISSION NO. 7:**

Admit that you did not complain to Defendant that you worked overtime during the Relevant Time Period without compensation.

**RESPONSE:**

Plaintiff admits that they did not complain to Defendant that they worked overtime during the Relevant Time Period without compensation.

**REQUEST FOR ADMISSION NO. 8:**

Admit that no manager or supervisor in Defendant's Special Investigations Unit instructed you to work off-the-clock at any point during the Relevant Time Period.

**RESPONSE:**

Plaintiff admits that no manager or supervisor in GEICO's Special Investigations Unit specifically told them to work off the clock. GEICO managers and supervisors, however, told Plaintiff that overtime was not available. This admission is largely irrelevant to proof of the claims in this action, which concerns whether GEICO knew or should have known that Plaintiff worked off the clock as a result of its system of incentives to underreport hours worked and disincentives to accurately report hours worked.

**REQUEST FOR ADMISSION NO. 9:**

Admit that, throughout your employment with Defendant, Defendant maintained a written policy requiring that you accurately record all of your hours worked in Defendant's timekeeping system.

**RESPONSE:**

Plaintiff is aware of and admits the existence of GEICO's timekeeping policies reflected

6

at G00041.  That admission is largely irrelevant to Plaintiff's allegations, which are that GEICO knowingly caused Plaintiffs to not record all of their work hours by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 10:**

Admit that, to the extent you claim you are owed unpaid overtime wages, you failed to adhere to the policy or policies described in Request No. 9.

**RESPONSE:**

Plaintiff admits that by not recording all hours worked in GEICO's timekeeping system, they did not comply with the policy described in their response to Request 9.  That admission is largely irrelevant to Plaintiff's allegations, which are that GEICO knowingly caused Plaintiffs to not record all of their work hours by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 11:**

Admit that, throughout your employment with Defendant, Defendant maintained a written policy forbidding "off the clock" work.

**RESPONSE:**

Plaintiff is aware of and admits the existence of GEICO's timekeeping policies reflected

7

at G000062.  That admission is irrelevant to Plaintiff's allegations, which are that GEICO knowingly caused Plaintiffs to not record all of their work hours by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 12:**

Admit that, to the extent you claim you are owed unpaid overtime wages, you failed to adhere to the policy or policies described in Request No 11.

**RESPONSE:**

Plaintiff admits that by not recording all hours worked in GEICO's timekeeping system, they did not comply with GEICO's policy described in their response to Request 11.  That admission is irrelevant to Plaintiff's allegations, which are that GEICO knowingly caused Plaintiffs to not record all of their work hours by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 13:**

Admit that, during the Relevant Time Period, you had the ability to "flex" your schedule such that you could adjust your work start time and/or end time so long as your weekly work hours totaled approximately 38.75 hours.

8

**RESPONSE:**

Plaintiff admits that they could adjust work hours during the week, up to a total of 38.75 hours. That admission is largely irrelevant to Plaintiff's allegations, which are that GEICO knowingly caused Plaintiffs to not record all of their work hours by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 14:**

Admit that, to the extent you entered weekly work hours over forty (40) into GEICO's timekeeping system during the Relevant Time Period, GEICO paid you for all such hours at one-and-one-half times your hourly rate of pay.

**RESPONSE:**

Plaintiff admits to having no direct knowledge of any hours over forty (40) they recorded in GEICO's timekeeping system that were unpaid. This admission is irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked. Plaintiff does not yet have complete access to GEICO's timekeeping records, which GEICO has objected to producing, and therefore their response is not based on a review of those records (though that review, again, is irrelevant to Plaintiffs' claims). Plaintiff reserves the right to amend their answer following a review of those records, should the Court compel GEICO to produce them.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to

distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 15:**

Admit that different cases required different amounts of time by you to investigate.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 16:**

Admit that you did not enter the amount(s) of time you spent on investigative tasks into GEICO's Special Investigation Case Management ("SICM") system.

**RESPONSE:**

Admit. This admission is largely irrelevant to Plaintiffs' contentions about the SICM system, which are that it reflected timestamps for particular tasks that, taken as a whole, were one source of knowledge that GEICO supervisors could have used (and at times, did use) to identify off-the-clock work. *See* S. Greenman Tr. 285:24-288:11.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 17:**

Admit that recording overtime hours in GEICO's timekeeping system did not cause your annual performance rating to fall under a score of three out of five.

**RESPONSE:**

Plaintiff has made a reasonable inquiry into this matter and based on the information available, Plaintiff lacks sufficient knowledge to answer this request, because they lack access to

10

sufficient SICM data to model how their performance metrics would change if they had reported all of their overtime hours. This admission is irrelevant to the claims in this action because of its specificity, which narrowly focuses on whether entering their overtime hours in GEICO's timekeeping system caused them to fall under a score of three out of five, rather than whether GEICO knowingly created a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

**REQUEST FOR ADMISSION NO. 18:**

Admit that you did not inform your supervisor of every task you performed for each case you investigated or the corresponding amount of time you spent on each task.

**RESPONSE:**

Deny that Plaintiff did not inform their supervisor of the tasks they performed, insofar as those tasks had to be recorded in SICM; but admit that Plaintiff did not (and GEICO did not require Plaintiff to) separately quantify the time spent on every task to the extent Plaintiff's hours did not exceed 38.75 per week. This admission is largely irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 19:**

Admit that each case that you investigated required the performance of different investigative tasks.

**RESPONSE:**

Plaintiff denies that each case investigated required the performance of unique investigative tasks. Investigating cases required several common elements such as reviewing the claim file and running background checks. Plaintiff admits that cases they investigated were not identical and often required different investigative tasks based on those facts. This admission is irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 20:**

Admit that the number of hours that you contend you worked in a workweek varied due to factors other than the number of cases assigned to you.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 21:**

Admit that you reported to a supervisor who never denied your overtime request(s).

**RESPONSE:**

Plaintiff has made a reasonable inquiry into this matter and based on the information available, Plaintiff lacks sufficient knowledge to answer this request because, to the best of their recollection, Plaintiff did not request overtime. This request is irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of

12

incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 22:**

Admit that your supervisor(s) approved overtime when you followed the supervisor's communicated practice for requesting overtime.

**RESPONSE:**

Plaintiff has made a reasonable inquiry into this matter and based on the information available, Plaintiff lacks sufficient knowledge to answer this request because, to the best of their recollection, Plaintiff did not request overtime.  This request is irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 23:**

Admit that your supervisor(s) did not know the times when you began and ended your work on every day that you worked.

**RESPONSE:**

Plaintiff has made a reasonable inquiry into this matter and based on the information available, Plaintiff lacks sufficient knowledge to answer this request, as they do not know the extent to which their supervisor reviewed SICM entries, timekeeping entries, or other information that

13

could have informed them of Plaintiff's work time.

**REQUEST FOR ADMISSION NO. 24:**

Admit that you could be assigned a case and close that same case within a 24-hour time period.

**RESPONSE:**

Plaintiff admits that some cases could be closed within 24 hours of when they were assigned, but this was not true for other cases.

**REQUEST FOR ADMISSION NO. 25:**

Admit that, after the COVID-19 pandemic started in or around March 2020, the amount of time you spent working in the field substantially decreased.

**RESPONSE:**

Plaintiff admits that they followed GEICO's COVID-19 pandemic protocols starting in or around March 2020, which limited the types of activities that required fieldwork.

**REQUEST FOR ADMISSION NO. 26:**

Admit that, in any workweek that you contend you worked more than 38.75 hours, you never reported any hours over 38.75 to your supervisor, manager, or human resources.

**RESPONSE:**

Plaintiff has made a reasonable inquiry into this matter and based on the information available, Plaintiff lacks sufficient knowledge to answer this request because they do not have complete records that would show weeks when they reported more than 38.75 hours. This Request is irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked. Plaintiff does not yet have complete access to GEICO's

14

timekeeping records, which GEICO has objected to producing, and therefore their response is not based on a review of those records (which, again, is irrelevant to Plaintiffs' claims). Plaintiff reserves the right to amend their answer following a review of those records, should the Court compel GEICO to produce them.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 27:**

Admit that, by working off the clock as you allege, you received a more favorable rating on your annual Performance Assessment.

**RESPONSE:**

Plaintiff has made a reasonable inquiry into this matter and based on the information available, Plaintiff lacks sufficient knowledge to answer this request, as they are without SICM data that would allow them to model alternative hypothetical scenarios; however, Plaintiff worked off the clock to avoid receiving a performance rating below of 3 out of 5 so Plaintiff would not be fired.

**REQUEST FOR ADMISSION NO. 28:**

Admit that you have no personal knowledge as to whether your SIU manager(s) was aware of the number of hours you worked each week during the Relevant Time Period.

**RESPONSE:**

Plaintiff admits to having no personal knowledge as to whether their SIU manager(s) was aware of the number of hours they worked each week during the Relevant Time Period FLSA. Plaintiff objects that this request seeks to distract from the relevant facts and liability standards in

15

this case, because liability attaches to an underpayment if an employer "(a) requires, (b) knows about, or (c) should have known about through the exercise of reasonable diligence," *Perry v. City of New York*, 78 F.4th 502, 512-13 (2d Cir. 2023), and does not require Plaintiffs to have any specific personal knowledge of managers' knowledge or constructive knowledge.

Respectfully submitted,

Dated: January 5, 2026        By:    /s/ Michael J. Scimone

Michael J. Scimone
Jarron D. McAllister
**OUTTEN & GOLDEN LLP**
685 Third Avenue, 25th Floor
New York, NY 10017
Telephone: 212-245-1000
Fax: 646-509-2060
mscimone@outtengolden.com
jmcallister@outtengolden.com

Ryan Cowdin*
**OUTTEN & GOLDEN LLP**
1225 New York Avenue NW
Suite 1200B
Washington, DC 20005
Telephone: 202-929-0636
Fax: 202-847-4410
rcowdin@outtengolden.com

Kaelyn Mahar*
**OUTTEN & GOLDEN LLP**
One California Street, 12th Floor
San Francisco, CA 94111
Telephone: 415-715-1787
Fax: 415-638-8810
kmahar@outtengolden.com

Troy L. Kessler
Garrett Kaske
**KESSLER MATURA P.C.**
534 Broadhollow Road, Suite 275
Melville, NY 11747
Telephone: 631-499-9100
Facsimile: 800-451-0874
tkessler@kesslermatura.com
gkaske@kesslermatura.com

* Admitted *Pro Hac Vice*

*Attorneys for Plaintiffs and the Putative Class and Collective*

17

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

<table>
<tr><td>
KEITH FISCHER, MICHAEL O'SULLIVAN, JOHN MOESER, LOUIS PIA, THOMAS BARDEN, CONSTANCE MANGAN, and CHARISE JONES, individually and on behalf of all others similarly situated,<br><br>
       Plaintiffs,<br><br>
       v.<br><br>
GOVERNMENT EMPLOYEES INSURANCE COMPANY,<br><br>
       Defendant.
</td><td>
Case No. 2:23-CV-02848 (SJB) (SIL)
</td></tr>
</table>

**PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST SET OF REQUESTS FOR ADMISSION TO OPT-IN PLAINTIFF LINDSAY MARIE BUZAK**

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Lindsay Marie Buzak ("Plaintiff"), by and through their attorneys, Outten & Golden LLP, hereby submits the following objections and responses to Defendant's First Amended Set of Requests for Admission, dated October 31, 2025.

**PRELIMINARY STATEMENT**

All responses to the following Requests for Admission are based on information currently known to Plaintiff and are provided without prejudice to Plaintiff's right to submit evidence of any subsequently discovered facts and information, should such become known. Plaintiff anticipates that as investigation and trial preparation continue, it is possible that additional facts may become known, which may in turn warrant additions to or changes in the responses provided herein. These responses are made in a good faith effort to supply such information as is presently known to Plaintiff. These responses and objections are made without prejudice to, and

are not a waiver of, Plaintiff's right to rely on other facts or documents at trial.

Plaintiff reserves all objections to the competence, relevance, materiality, or admissibility at trial of any information or documents requested or identified by any party. The inadvertent disclosure of any privileged information shall not be deemed to be a waiver of any applicable privilege with respect to such information or any other information.

The production of information and/or documents pursuant to this response is made without waiving, or intending to waive, but on the contrary reserving and intending to reserve: (a) the right to object on any grounds to the use of information produced pursuant to this response in this or any other action or proceeding; (b) the right to object on any and all grounds, at any time, to other interrogatories or other discovery mechanisms or proceedings; and (c) the right at any time to revise, correct, or supplement this response.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

Plaintiff objects to Defendant's Definitions and Instructions to the extent they exceed the discovery obligations set forth in Federal Rule 36, which requires only admission relating to "facts, the application of law to fact, or opinions about either" and "the genuineness of any described documents." Plaintiff further objects to Defendant's Definitions and Instructions to the extent that they impose a discovery obligation to supply information that is not required by the Federal Rules of Civil Procedure or Local Rules and requests privileged information, such as information that tends to disclose the mental impressions of counsel or the identities of potential witnesses.

## RESPONSES AND OBJECTIONS TO SPECIFIC REQUESTS FOR ADMISSION

## REQUEST FOR ADMISSION NO. 1:

Admit that Defendant paid you for all hours that you recorded in Defendant's timekeeping system.

2

**RESPONSE:**

Plaintiff admits to having no direct knowledge of any hours they recorded in GEICO's timekeeping system that were underpaid. This admission is irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked. Plaintiff does not yet have complete access to GEICO's timekeeping records, which GEICO has objected to producing, and therefore their response is not based on a review of those records (though that review, again, is irrelevant to Plaintiffs' claims). Plaintiff reserves the right to amend their answer following a review of those records, should the Court compel GEICO to produce them.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 2:**

Admit that you do not have any written records reflecting amount(s) of time you worked each week that you did not record in Defendant's timekeeping system.

**RESPONSE:**

Plaintiff admits that they do not have written records reflecting unrecorded amount(s) of time they worked during each week.

**REQUEST FOR ADMISSION NO. 3:**

Admit that, if you reported work hours to a supervisor or manager, you were paid for those hours.

**RESPONSE:**

Plaintiff denies the premise of this request, because they did not specifically report all hours

3

worked to their supervisor or manager. This denial is irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 4:**

Admit that you have no personal knowledge as to whether Defendant intentionally violated any wage and hour laws.

**RESPONSE:**

Plaintiff objects to this request because it seeks an admission that is irrelevant to the claims or defenses in the case. The Fair Labor Standards Act do not require proof of "intent[]" to violate the law. Liability attaches to an underpayment if an employer "(a) requires, (b) knows about, or (c) should have known about [unpaid hours] through the exercise of reasonable diligence." *Perry v. City of New York*, 78 F.4th 502, 512-13 (2d Cir. 2023). Plaintiff is entitled to a third year of FLSA liability if an employer "willfully" violated the law, which means "it either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the Act." *Id.* at 516. And liquidated damages apply if the employer is unable to establish, to the satisfaction of the

_____

4

Court,[1] that it acted in good faith. 29 U.S.C. § 260. None of these standards require Plaintiff to prove intent.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

## REQUEST FOR ADMISSION NO. 5:

Admit that, during the Relevant Time Period, you did not work more than forty (40) hours for Defendant during any workweek.

## RESPONSE:

Denied. Plaintiff worked more than 40 hours in multiple workweeks throughout the course of their employment with GEICO.

## REQUEST FOR ADMISSION NO. 6:

_____

[1]     Good faith is a question for the Court. *See Perry v. City of New York*, No. 13 Civ. 1015, 2019 U.S. Dist. LEXIS 220519, at *9 (S.D.N.Y. Dec. 23, 2019) (holding "that the court's discretion to deny liquidate[d] damages is negated by a jury's finding of willfulness" based on the Second Circuit's *Pollis* case); *see also Pollis v. New Sch. for Soc. Research*, 132 F.3d 115, 120 (2d Cir. 1997) (making similar determination under the Equal Pay Act). The majority of circuit courts that have considered the question have held that a jury's willfulness finding precludes a finding of good faith. *See Black v. SettlePou, P.C.*, 732 F.3d 492, 501 (5th Cir. 2013) ("Because the jury found that [defendant] acted willfully in violating the FLSA, [defendant] cannot show that it acted in good faith."); *Herman v. Palo Grp. Foster Home, Inc.*, 183 F.3d 468, 474 (6th Cir. 1999) ("a finding of willfulness is dispositive of the liquidated-damages issue"); *Chao v. A-One Med. Servs., Inc.*, 346 F.3d 908, 920 (9th Cir. 2003) ("a finding of good faith is plainly inconsistent with a finding of willfulness"); *Brinkman v. Dep't of Corr. of State of Kan.*, 21 F.3d 370, 373 (10th Cir. 1994) (finding that the "district court properly awarded liquidated damages based upon the jury's finding of willfulness"); *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1166 (11th Cir. 2008) ("in an FLSA case a jury's finding in deciding . . . that the employer acted willfully precludes the court from finding that the employer acted in good faith"); *see also Ellison v. United States*, 25 Cl. Ct. 481, 499 (1992) (finding in Equal Pay Act case that "The evidence cannot support a finding that the willful failure to promote plaintiff constituted good faith action"); *E.E.O.C. v. Madison Cmty. Unit Sch. Dist. No. 12*, 818 F.2d 577, 586 (7th Cir. 1987) (finding in Equal Pay Act case that, "If [defendant] was acting reasonably and in good faith, it could hardly be guilty of violating the law either intentionally or with reckless disregard for the legality of its conduct.").

5

Admit that, during the Relevant Time Period, there were some workweeks during which you did not work more than forty (40) hours for Defendant.

**RESPONSE:**

Admit that Plaintiff worked fewer than 40 hours in some workweeks in which Plaintiff worked less than a full schedule due to, e.g., holidays or other time off from work.

**REQUEST FOR ADMISSION NO. 7:**

Admit that you did not complain to Defendant that you worked overtime during the Relevant Time Period without compensation.

**RESPONSE:**

Plaintiff admits that they did not complain to Defendant that they worked overtime during the Relevant Time Period without compensation.

**REQUEST FOR ADMISSION NO. 8:**

Admit that no manager or supervisor in Defendant's Special Investigations Unit instructed you to work off-the-clock at any point during the Relevant Time Period.

**RESPONSE:**

Plaintiff admits that no manager or supervisor in GEICO's Special Investigations Unit specifically told them to work off the clock. GEICO managers and supervisors, however, told Plaintiff that no overtime was available. This admission is largely irrelevant to proof of the claims in this action, which concerns whether GEICO knew or should have known that Plaintiff worked off the clock as a result of its system of incentives to underreport hours worked and disincentives to accurately report hours worked.

**REQUEST FOR ADMISSION NO. 9:**

Admit that, throughout your employment with Defendant, Defendant maintained a written policy requiring that you accurately record all of your hours worked in Defendant's timekeeping

6

system.

**RESPONSE:**

Plaintiff is aware of and admits the existence of GEICO's timekeeping policies reflected at G00041.  That admission is largely irrelevant to Plaintiff's allegations, which are that GEICO knowingly caused Plaintiffs to not record all of their work hours by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 10:**

Admit that, to the extent you claim you are owed unpaid overtime wages, you failed to adhere to the policy or policies described in Request No. 9.

**RESPONSE:**

Plaintiff admits that by not recording all hours worked in GEICO's timekeeping system, they did not comply with the policy described in their response to Request 9.  That admission is largely irrelevant to Plaintiff's allegations, which are that GEICO knowingly caused Plaintiffs to not record all of their work hours by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 11:**

Admit that, throughout your employment with Defendant, Defendant maintained a written policy forbidding "off the clock" work.

7

**RESPONSE:**

Plaintiff is aware of and admits the existence of GEICO's timekeeping policies reflected at G000062. That admission is irrelevant to Plaintiff's allegations, which are that GEICO knowingly caused Plaintiffs to not record all of their work hours by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 12:**

Admit that, to the extent you claim you are owed unpaid overtime wages, you failed to adhere to the policy or policies described in Request No 11.

**RESPONSE:**

Plaintiff admits that by not recording all hours worked in GEICO's timekeeping system, they did not comply with GEICO's policy described in their response to Request 11. That admission is irrelevant to Plaintiff's allegations, which are that GEICO knowingly caused Plaintiffs to not record all of their work hours by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 13:**

Admit that, during the Relevant Time Period, you had the ability to "flex" your schedule such that you could adjust your work start time and/or end time so long as your weekly work hours totaled approximately 38.75 hours.

8

**RESPONSE:**

Plaintiff admits that they could adjust work hours in any day up to 7.75 hours, with supervisor pre-approval.  That admission is largely irrelevant to Plaintiff's allegations, which are that GEICO knowingly caused Plaintiffs to not record all of their work hours by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 14:**

Admit that, to the extent you entered weekly work hours over forty (40) into GEICO's timekeeping system during the Relevant Time Period, GEICO paid you for all such hours at one-and-one-half times your hourly rate of pay.

**RESPONSE:**

Plaintiff admits to having no direct knowledge of any hours over forty (40) they recorded in GEICO's timekeeping system that were unpaid.  This admission is irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.  Plaintiff does not yet have complete access to GEICO's timekeeping records, which GEICO has objected to producing, and therefore their response is not based on a review of those records (though that review, again, is irrelevant to Plaintiffs' claims).  Plaintiff reserves the right to amend their answer following a review of those records, should the Court compel GEICO to produce them.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to

9

distract the factfinder and the Court by misdirecting their attention away from the relevant facts

and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 15:**

Admit that different cases required different amounts of time by you to investigate.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 16:**

Admit that you did not enter the amount(s) of time you spent on investigative tasks into

GEICO's Special Investigation Case Management ("SICM") system.

**RESPONSE:**

Admit.  This admission is largely irrelevant to Plaintiffs' contentions about the SICM

system, which are that it reflected timestamps for particular tasks that, taken as a whole, were

one source of knowledge that GEICO supervisors could have used (and at times, did use) to

identify off-the-clock work.  *See* S. Greenman Tr. 285:24-288:11.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to

distract the factfinder and the Court by misdirecting their attention away from the relevant facts

and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 17:**

Admit that recording overtime hours in GEICO's timekeeping system did not cause your

annual performance rating to fall under a score of three out of five.

**RESPONSE:**

Plaintiff has made a reasonable inquiry into this matter and based on the information

available, Plaintiff lacks sufficient knowledge to answer this request, because they lack access to

sufficient SICM data to model how their performance metrics would change if they had reported

10

all of their overtime hours.  This admission is irrelevant to the claims in this action because of its specificity, which narrowly focuses on whether entering their overtime hours in GEICO's timekeeping system caused them to fall under a score of three out of five, rather than whether GEICO knowingly created a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

**REQUEST FOR ADMISSION NO. 18:**

Admit that you did not inform your supervisor of every task you performed for each case you investigated or the corresponding amount of time you spent on each task.

**RESPONSE:**

Deny that Plaintiff did not inform their supervisor of the tasks they performed, insofar as those tasks had to be recorded in SICM and deny that Plaintiff did not inform their supervisor of the time spent on those tasks on those occasions when Plaintiff requested overtime; but admit that Plaintiff did not (and GEICO did not require Plaintiff to) separately quantify the time spent on every task to the extent Plaintiff's hours did not exceed 38.75 per week.  This admission is largely irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 19:**

Admit that each case that you investigated required the performance of different investigative tasks.

**RESPONSE:**

11

Plaintiff denies that each case investigated required the performance of unique investigative tasks.  Investigating cases required several common elements such as reviewing the claim file and running background checks.  Plaintiff admits that cases they investigated were not identical and often required different investigative tasks based on those facts.  This admission is irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 20:**

Admit that the number of hours that you contend you worked in a workweek varied due to factors other than the number of cases assigned to you.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 21:**

Admit that you reported to a supervisor who never denied your overtime request(s).

**RESPONSE:**

Plaintiff has made a reasonable inquiry into this matter and based on the information available, Plaintiff lacks sufficient knowledge to answer this request because, to the best of their recollection, Plaintiff does not remember whether they requested overtime and does not remember whether it was approved.  This request is irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 22:**

Admit that your supervisor(s) approved overtime when you followed the supervisor's communicated practice for requesting overtime.

**RESPONSE:**

Plaintiff has made a reasonable inquiry into this matter and based on the information available, Plaintiff lacks sufficient knowledge to answer this request because, to the best of their recollection, Plaintiff does not remember whether they requested overtime and does not remember whether it was approved.  This request is irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 23:**

Admit that your supervisor(s) did not know the times when you began and ended your work on every day that you worked.

**RESPONSE:**

Plaintiff has made a reasonable inquiry into this matter and based on the information available, Plaintiff lacks sufficient knowledge to answer this request, as they do not know the extent to which their supervisor reviewed SICM entries, timekeeping entries, or other information that could have informed them of Plaintiff's work time.

13

**REQUEST FOR ADMISSION NO. 24:**

Admit that you could be assigned a case and close that same case within a 24-hour time period.

**RESPONSE:**

Plaintiff admits that some cases could be closed within 24 hours of when they were assigned, but this was not true for other cases.

**REQUEST FOR ADMISSION NO. 25:**

Admit that, after the COVID-19 pandemic started in or around March 2020, the amount of time you spent working in the field substantially decreased.

**RESPONSE:**

Plaintiff admits that they followed GEICO's COVID-19 pandemic protocols starting in or around March 2020, which limited the types of activities that required fieldwork.

**REQUEST FOR ADMISSION NO. 26:**

Admit that, in any workweek that you contend you worked more than 38.75 hours, you never reported any hours over 38.75 to your supervisor, manager, or human resources.

**RESPONSE:**

Plaintiff has made a reasonable inquiry into this matter and based on the information available, Plaintiff lacks sufficient knowledge to answer this request because they do not have complete records that would show weeks when they reported more than 38.75 hours. This Request is irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked. Plaintiff does not yet have complete access to GEICO's timekeeping records, which GEICO has objected to producing, and therefore their response is not based on a review of those records (which, again, is irrelevant to

14

Plaintiffs' claims).  Plaintiff reserves the right to amend their answer following a review of those records, should the Court compel GEICO to produce them.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 27:**

Admit that, by working off the clock as you allege, you received a more favorable rating on your annual Performance Assessment.

**RESPONSE:**

Plaintiff has made a reasonable inquiry into this matter and based on the information available, Plaintiff lacks sufficient knowledge to answer this request, as they are without SICM data that would allow them to model alternative hypothetical scenarios; however, Plaintiff worked off the clock to avoid receiving a performance rating below of 3 out of 5 so Plaintiff would not be fired.

**REQUEST FOR ADMISSION NO. 28:**

Admit that you have no personal knowledge as to whether your SIU manager(s) was aware of the number of hours you worked each week during the Relevant Time Period.

**RESPONSE:**

Plaintiff admits to having no personal knowledge as to whether their SIU manager(s) was aware of the number of hours they worked each week during the Relevant Time Period FLSA. Plaintiff objects that this request seeks to distract from the relevant facts and liability standards in this case, because liability attaches to an underpayment if an employer "(a) requires, (b) knows about, or (c) should have known about through the exercise of reasonable diligence," *Perry v. City of New York*, 78 F.4th 502, 512-13 (2d Cir. 2023), and does not require Plaintiffs to have any

specific personal knowledge of managers' knowledge or constructive knowledge.

Respectfully submitted,

Dated: December 1, 2025          By:    /s/ Michael J. Scimone

Michael J. Scimone
Jarron D. McAllister
**OUTTEN & GOLDEN LLP**
685 Third Avenue, 25th Floor
New York, NY 10017
Telephone: 212-245-1000
Fax: 646-509-2060
mscimone@outtengolden.com
jmcallister@outtengolden.com

Ryan Cowdin*
**OUTTEN & GOLDEN LLP**
1225 New York Avenue NW
Suite 1200B
Washington, DC 20005
Telephone: 202-929-0636
Fax: 202-847-4410
rcowdin@outtengolden.com

Kaelyn Mahar
**OUTTEN & GOLDEN LLP**
One California Street, 12th Floor
San Francisco, CA 94111
Telephone: 415-715-1787
Fax: 415-638-8810
kmahar@outtengolden.com

Troy L. Kessler
Garrett Kaske
**KESSLER MATURA P.C.**
534 Broadhollow Road, Suite 275
Melville, NY 11747
Telephone: 631-499-9100
Facsimile: 800-451-0874
tkessler@kesslermatura.com
gkaske@kesslermatura.com

16

\* Admitted *Pro Hac Vice*

*Attorneys for Plaintiffs and the Putative Class and Collective*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| KEITH FISCHER, MICHAEL O'SULLIVAN, JOHN MOESER, LOUIS PIA, THOMAS BARDEN, CONSTANCE MANGAN, and CHARISE JONES, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOVERNMENT EMPLOYEES INSURANCE COMPANY,<br><br>Defendant. | Case No. 2:23-CV-02848 (SJB) (SIL) |

**PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST SET OF REQUESTS FOR ADMISSION TO OPT-IN PLAINTIFF ARLANA CRANSTON**

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Arlana Cranston ("Plaintiff"), by and through their attorneys, Outten & Golden LLP, hereby submits the following objections and responses to Defendant's First Amended Set of Requests for Admission, dated October 31, 2025.

**PRELIMINARY STATEMENT**

All responses to the following Requests for Admission are based on information currently known to Plaintiff and are provided without prejudice to Plaintiff's right to submit evidence of any subsequently discovered facts and information, should such become known. Plaintiff anticipates that as investigation and trial preparation continue, it is possible that additional facts may become known, which may in turn warrant additions to or changes in the responses provided herein. These responses are made in a good faith effort to supply such information as is presently known to Plaintiff. These responses and objections are made without prejudice to, and

are not a waiver of, Plaintiff's right to rely on other facts or documents at trial.

Plaintiff reserves all objections to the competence, relevance, materiality, or admissibility at trial of any information or documents requested or identified by any party. The inadvertent disclosure of any privileged information shall not be deemed to be a waiver of any applicable privilege with respect to such information or any other information.

The production of information and/or documents pursuant to this response is made without waiving, or intending to waive, but on the contrary reserving and intending to reserve: (a) the right to object on any grounds to the use of information produced pursuant to this response in this or any other action or proceeding; (b) the right to object on any and all grounds, at any time, to other interrogatories or other discovery mechanisms or proceedings; and (c) the right at any time to revise, correct, or supplement this response.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

Plaintiff objects to Defendant's Definitions and Instructions to the extent they exceed the discovery obligations set forth in Federal Rule 36, which requires only admission relating to "facts, the application of law to fact, or opinions about either" and "the genuineness of any described documents." Plaintiff further objects to Defendant's Definitions and Instructions to the extent that they impose a discovery obligation to supply information that is not required by the Federal Rules of Civil Procedure or Local Rules and requests privileged information, such as information that tends to disclose the mental impressions of counsel or the identities of potential witnesses.

## RESPONSES AND OBJECTIONS TO SPECIFIC REQUESTS FOR ADMISSION
## REQUEST FOR ADMISSION NO. 1:

Admit that Defendant paid you for all hours that you recorded in Defendant's timekeeping system.

2

**RESPONSE:**

Plaintiff admits to having no direct knowledge of any hours they recorded in GEICO's timekeeping system that were underpaid. This admission is irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked. Plaintiff does not yet have complete access to GEICO's timekeeping records, which GEICO has objected to producing, and therefore their response is not based on a review of those records (though that review, again, is irrelevant to Plaintiffs' claims). Plaintiff reserves the right to amend their answer following a review of those records, should the Court compel GEICO to produce them.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 2:**

Admit that you do not have any written records reflecting amount(s) of time you worked each week that you did not record in Defendant's timekeeping system.

**RESPONSE:**

Plaintiff admits that they do not have written records reflecting unrecorded amount(s) of time they worked during each week.

**REQUEST FOR ADMISSION NO. 3:**

Admit that, if you reported work hours to a supervisor or manager, you were paid for those hours.

**RESPONSE:**

Plaintiff denies the premise of this request, because they did not specifically report all hours

3

worked to their supervisor or manager.  This denial is irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 4:**

Admit that you have no personal knowledge as to whether Defendant intentionally violated any wage and hour laws.

**RESPONSE:**

Plaintiff objects to this request because it seeks an admission that is irrelevant to the claims or defenses in the case.  The Fair Labor Standards Act does not require proof of "intent[]" to violate the law.  Liability attaches to an underpayment if an employer "(a) requires, (b) knows about, or (c) should have known about [unpaid hours] through the exercise of reasonable diligence." *Perry v. City of New York*, 78 F.4th 502, 512-13 (2d Cir. 2023).  Plaintiff is entitled to a third year of FLSA liability if an employer "willfully" violated the law, which means "it either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the Act." *Id.* at 516.  And liquidated damages apply if the employer is unable to establish, to the

_____

4

satisfaction of the Court,[1] that it acted in good faith.  29 U.S.C. § 260.  None of these standards

require Plaintiff to prove intent.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to

distract the factfinder and the Court by misdirecting their attention away from the relevant facts

and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 5:**

Admit that, during the Relevant Time Period, you did not work more than forty (40) hours

for Defendant during any workweek.

**RESPONSE:**

Denied.  Plaintiff worked more than 40 hours in multiple workweeks throughout the course

of their employment with GEICO.

**REQUEST FOR ADMISSION NO. 6:**

---------------------------------

[1]    Good faith is a question for the Court.  *See Perry v. City of New York*, No. 13 Civ. 1015, 2019 U.S. Dist. LEXIS 220519, at *9 (S.D.N.Y. Dec. 23, 2019) (holding "that the court's discretion to deny liquidate[d] damages is negated by a jury's finding of willfulness" based on the Second Circuit's *Pollis* case); *see also Pollis v. New Sch. for Soc. Research*, 132 F.3d 115, 120 (2d Cir. 1997) (making similar determination under the Equal Pay Act).  The majority of circuit courts that have considered the question have held that a jury's willfulness finding precludes a finding of good faith.  *See Black v. SettlePou, P.C.*, 732 F.3d 492, 501 (5th Cir. 2013) ("Because the jury found that [defendant] acted willfully in violating the FLSA, [defendant] cannot show that it acted in good faith."); *Herman v. Palo Grp. Foster Home, Inc.*, 183 F.3d 468, 474 (6th Cir. 1999) ("a finding of willfulness is dispositive of the liquidated-damages issue"); *Chao v. A-One Med. Servs., Inc.*, 346 F.3d 908, 920 (9th Cir. 2003) ("a finding of good faith is plainly inconsistent with a finding of willfulness"); *Brinkman v. Dep't of Corr. of State of Kan.*, 21 F.3d 370, 373 (10th Cir. 1994) (finding that the "district court properly awarded liquidated damages based upon the jury's finding of willfulness"); *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1166 (11th Cir. 2008) ("in an FLSA case a jury's finding in deciding . . . that the employer acted willfully precludes the court from finding that the employer acted in good faith"); *see also Ellison v. United States*, 25 Cl. Ct. 481, 499 (1992) (finding in Equal Pay Act case that "The evidence cannot support a finding that the willful failure to promote plaintiff constituted good faith action"); *E.E.O.C. v. Madison Cmty. Unit Sch. Dist. No. 12*, 818 F.2d 577, 586 (7th Cir. 1987) (finding in Equal Pay Act case that, "If [defendant] was acting reasonably and in good faith, it could hardly be guilty of violating the law either intentionally or with reckless disregard for the legality of its conduct.").

5

Admit that, during the Relevant Time Period, there were some workweeks during which you did not work more than forty (40) hours for Defendant.

**RESPONSE:**

Admit that Plaintiff worked fewer than 40 hours in some workweeks in which Plaintiff worked less than a full schedule due to, e.g., holidays or other time off from work.

**REQUEST FOR ADMISSION NO. 7:**

Admit that you did not complain to Defendant that you worked overtime during the Relevant Time Period without compensation.

**RESPONSE:**

Plaintiff admits that they did not complain to Defendant that they worked overtime during the Relevant Time Period without compensation.

**REQUEST FOR ADMISSION NO. 8:**

Admit that no manager or supervisor in Defendant's Special Investigations Unit instructed you to work off-the-clock at any point during the Relevant Time Period.

**RESPONSE:**

Plaintiff admits that no manager or supervisor in GEICO's Special Investigations Unit specifically told them to work off the clock.  GEICO managers and supervisors, however, told Plaintiff that overtime should be limited.  This admission is largely irrelevant to proof of the claims in this action, which concerns whether GEICO knew or should have known that Plaintiff worked off the clock as a result of its system of incentives to underreport hours worked and disincentives to accurately report hours worked.

**REQUEST FOR ADMISSION NO. 9:**

Admit that, throughout your employment with Defendant, Defendant maintained a written policy requiring that you accurately record all of your hours worked in Defendant's timekeeping

6

system.

**RESPONSE:**

Plaintiff is aware of and admits the existence of GEICO's timekeeping policies reflected at G00041. That admission is largely irrelevant to Plaintiff's allegations, which are that GEICO knowingly caused Plaintiffs to not record all of their work hours by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 10:**

Admit that, to the extent you claim you are owed unpaid overtime wages, you failed to adhere to the policy or policies described in Request No. 9.

**RESPONSE:**

Plaintiff admits that by not recording all hours worked in GEICO's timekeeping system, they did not comply with the policy described in their response to Request 9. That admission is largely irrelevant to Plaintiff's allegations, which are that GEICO knowingly caused Plaintiffs to not record all of their work hours by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 11:**

Admit that, throughout your employment with Defendant, Defendant maintained a written policy forbidding "off the clock" work.

**RESPONSE:**

Plaintiff is aware of and admits the existence of GEICO's timekeeping policies reflected at G000062. That admission is irrelevant to Plaintiff's allegations, which are that GEICO knowingly caused Plaintiffs to not record all of their work hours by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 12:**

Admit that, to the extent you claim you are owed unpaid overtime wages, you failed to adhere to the policy or policies described in Request No 11.

**RESPONSE:**

Plaintiff admits that by not recording all hours worked in GEICO's timekeeping system, they did not comply with GEICO's policy described in their response to Request 11. That admission is irrelevant to Plaintiff's allegations, which are that GEICO knowingly caused Plaintiffs to not record all of their work hours by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 13:**

Admit that, during the Relevant Time Period, you had the ability to "flex" your schedule such that you could adjust your work start time and/or end time so long as your weekly work hours totaled approximately 38.75 hours.

8

**RESPONSE:**

Plaintiff admits that they could adjust work hours in any day up to 7.75 hours with supervisor pre-approval.  That admission is largely irrelevant to Plaintiff's allegations, which are that GEICO knowingly caused Plaintiffs to not record all of their work hours by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 14:**

Admit that, to the extent you entered weekly work hours over forty (40) into GEICO's timekeeping system during the Relevant Time Period, GEICO paid you for all such hours at one-and-one-half times your hourly rate of pay.

**RESPONSE:**

Plaintiff admits to having no direct knowledge of any hours over forty (40) they recorded in GEICO's timekeeping system that were unpaid.  This admission is irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.  Plaintiff does not yet have complete access to GEICO's timekeeping records, which GEICO has objected to producing, and therefore their response is not based on a review of those records (though that review, again, is irrelevant to Plaintiffs' claims).  Plaintiff reserves the right to amend their answer following a review of those records, should the Court compel GEICO to produce them.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to

9

distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 15:**

Admit that different cases required different amounts of time by you to investigate.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 16:**

Admit that you did not enter the amount(s) of time you spent on investigative tasks into GEICO's Special Investigation Case Management ("SICM") system.

**RESPONSE:**

Admit.  This admission is largely irrelevant to Plaintiffs' contentions about the SICM system, which are that it reflected timestamps for particular tasks that, taken as a whole, were one source of knowledge that GEICO supervisors could have used (and at times, did use) to identify off-the-clock work.  *See* S. Greenman Tr. 285:24-288:11.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 17:**

Admit that recording overtime hours in GEICO's timekeeping system did not cause your annual performance rating to fall under a score of three out of five.

**RESPONSE:**

Plaintiff lacks sufficient knowledge to answer this request, because they lack access to sufficient SICM data to model how their performance metrics would change if they had reported all of their overtime hours.  This admission is irrelevant to the claims in this action because of its

10

specificity, which narrowly focuses on whether entering their overtime hours in GEICO's

timekeeping system caused them to fall under a score of three out of five, rather than whether

GEICO knowingly created a system of incentives to underreport hours worked and disincentives to

accurately report hours worked.

**REQUEST FOR ADMISSION NO. 18:**

Admit that you did not inform your supervisor of every task you performed for each case

you investigated or the corresponding amount of time you spent on each task.

**RESPONSE:**

Deny that Plaintiff did not inform their supervisor of the tasks they performed, insofar as

those tasks had to be recorded in SICM and deny that Plaintiff did not inform their supervisor of

the time spent on those tasks on those occasions when Plaintiff requested overtime; but admit

that Plaintiff did not (and GEICO did not require Plaintiff to) separately quantify the time spent

on every task to the extent Plaintiff's hours did not exceed 38.75 per week.  This admission is

largely irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to

not record by knowingly creating a system of incentives to underreport hours worked and

disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to

distract the factfinder and the Court by misdirecting their attention away from the relevant facts

and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 19:**

Admit that each case that you investigated required the performance of different

investigative tasks.

**RESPONSE:**

Plaintiff denies that each case investigated required the performance of unique

investigative tasks.  Investigating cases required several common elements such as reviewing the claim file and running background checks.  Plaintiff admits that cases they investigated were not identical and often required different investigative tasks based on those facts.  This admission is irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 20:**

Admit that the number of hours that you contend you worked in a workweek varied due to factors other than the number of cases assigned to you.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 21:**

Admit that you reported to a supervisor who never denied your overtime request(s).

**RESPONSE:**

Plaintiff lacks sufficient knowledge to answer this request because, to the best of their recollection, Plaintiff did not request overtime.  This request is irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts

and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 22:**

Admit that your supervisor(s) approved overtime when you followed the supervisor's communicated practice for requesting overtime.

**RESPONSE:**

Plaintiff lacks sufficient knowledge to answer this request because, to the best of their recollection, Plaintiff did not request overtime. This request is irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 23:**

Admit that your supervisor(s) did not know the times when you began and ended your work on every day that you worked.

**RESPONSE:**

Plaintiff lacks sufficient knowledge to answer this request, as they do not know the extent to which their supervisor reviewed SICM entries, timekeeping entries, or other information that could have informed them of Plaintiff's work time.

**REQUEST FOR ADMISSION NO. 24:**

Admit that you could be assigned a case and close that same case within a 24-hour time period.

**RESPONSE:**

13

Plaintiff admits that some cases could be closed within 24 hours of when they were assigned, but this was not true for other cases.

**REQUEST FOR ADMISSION NO. 25:**

Admit that, after the COVID-19 pandemic started in or around March 2020, the amount of time you spent working in the field substantially decreased.

**RESPONSE:**

Plaintiff admits that they followed GEICO's COVID-19 pandemic protocols starting in or around March 2020, which limited the types of activities that required fieldwork.

**REQUEST FOR ADMISSION NO. 26:**

Admit that, in any workweek that you contend you worked more than 38.75 hours, you never reported any hours over 38.75 to your supervisor, manager, or human resources.

**RESPONSE:**

Plaintiff lacks sufficient knowledge to answer this request because they do not have complete records that would show weeks when they reported more than 38.75 hours. This Request is irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked. Plaintiff does not yet have complete access to GEICO's timekeeping records, which GEICO has objected to producing, and therefore their response is not based on a review of those records (which, again, is irrelevant to Plaintiffs' claims). Plaintiff reserves the right to amend their answer following a review of those records, should the Court compel GEICO to produce them.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

14

**REQUEST FOR ADMISSION NO. 27:**

Admit that, by working off the clock as you allege, you received a more favorable rating on your annual Performance Assessment.

**RESPONSE:**

Plaintiff lacks sufficient knowledge to answer this request, as they are without SICM data that would allow them to model alternative hypothetical scenarios; however, Plaintiff worked off the clock to avoid receiving a performance rating below of 3 out of 5 so Plaintiff would not be fired.

**REQUEST FOR ADMISSION NO. 28:**

Admit that you have no personal knowledge as to whether your SIU manager(s) was aware of the number of hours you worked each week during the Relevant Time Period.

**RESPONSE:**

Plaintiff admits to having no personal knowledge as to whether their SIU manager(s) was aware of the number of hours they worked each week during the Relevant Time Period FLSA. Plaintiff objects that this request seeks to distract from the relevant facts and liability standards in this case, because liability attaches to an underpayment if an employer "(a) requires, (b) knows about, or (c) should have known about through the exercise of reasonable diligence," *Perry v. City of New York*, 78 F.4th 502, 512-13 (2d Cir. 2023), and does not require Plaintiffs to have any specific personal knowledge of managers' knowledge or constructive knowledge.

Respectfully submitted,

Dated: November 26, 2025        By:    */s/ Michael J. Scimone*

15

Michael J. Scimone
Jarron D. McAllister
**OUTTEN & GOLDEN LLP**
685 Third Avenue, 25th Floor
New York, NY 10017
Telephone: 212-245-1000
Fax: 646-509-2060
mscimone@outtengolden.com
jmcallister@outtengolden.com

Ryan Cowdin*
**OUTTEN & GOLDEN LLP**
1225 New York Avenue NW
Suite 1200B
Washington, DC 20005
Telephone: 202-929-0636
Fax: 202-847-4410
rcowdin@outtengolden.com

Kaelyn Mahar
**OUTTEN & GOLDEN LLP**
One California Street, 12th Floor
San Francisco, CA 94111
Telephone: 415-715-1787
Fax: 415-638-8810
kmahar@outtengolden.com

Troy L. Kessler
Garrett Kaske
**KESSLER MATURA P.C.**
534 Broadhollow Road, Suite 275
Melville, NY 11747
Telephone: 631-499-9100
Facsimile: 800-451-0874
tkessler@kesslermatura.com
gkaske@kesslermatura.com
* Admitted *Pro Hac Vice*

*Attorneys for Plaintiffs and the Putative Class and Collective*

16

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| KEITH FISCHER, MICHAEL O'SULLIVAN, JOHN MOESER, LOUIS PIA, THOMAS BARDEN, CONSTANCE MANGAN, and CHARISE JONES, individually and on behalf of all others similarly situated,<br><br>       Plaintiffs,<br><br>       v.<br><br>GOVERNMENT EMPLOYEES INSURANCE COMPANY,<br><br>       Defendant. | Case No. 2:23-CV-02848 (SJB) (SIL) |

**PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST SET OF
REQUESTS FOR ADMISSION TO OPT-IN PLAINTIFF CRISTOBAL CRUZ**

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Cristobal Cruz ("Plaintiff"),

by and through their attorneys, Outten & Golden LLP, hereby submits the following objections

and responses to Defendant's First Amended Set of Requests for Admission, dated October 31,

2025.

**PRELIMINARY STATEMENT**

All responses to the following Requests for Admission are based on information currently

known to Plaintiff and are provided without prejudice to Plaintiff's right to submit evidence of

any subsequently discovered facts and information, should such become known.  Plaintiff

anticipates that as investigation and trial preparation continue, it is possible that additional facts

may become known, which may in turn warrant additions to or changes in the responses

provided herein.  These responses are made in a good faith effort to supply such information as is

presently known to Plaintiff.  These responses and objections are made without prejudice to, and

are not a waiver of, Plaintiff's right to rely on other facts or documents at trial.

Plaintiff reserves all objections to the competence, relevance, materiality, or admissibility at trial of any information or documents requested or identified by any party. The inadvertent disclosure of any privileged information shall not be deemed to be a waiver of any applicable privilege with respect to such information or any other information.

The production of information and/or documents pursuant to this response is made without waiving, or intending to waive, but on the contrary reserving and intending to reserve: (a) the right to object on any grounds to the use of information produced pursuant to this response in this or any other action or proceeding; (b) the right to object on any and all grounds, at any time, to other interrogatories or other discovery mechanisms or proceedings; and (c) the right at any time to revise, correct, or supplement this response.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

Plaintiff objects to Defendant's Definitions and Instructions to the extent they exceed the discovery obligations set forth in Federal Rule 36, which requires only admission relating to "facts, the application of law to fact, or opinions about either" and "the genuineness of any described documents." Plaintiff further objects to Defendant's Definitions and Instructions to the extent that they impose a discovery obligation to supply information that is not required by the Federal Rules of Civil Procedure or Local Rules and requests privileged information, such as information that tends to disclose the mental impressions of counsel or the identities of potential witnesses.

## RESPONSES AND OBJECTIONS TO SPECIFIC REQUESTS FOR ADMISSION
## REQUEST FOR ADMISSION NO. 1:

Admit that Defendant paid you for all hours that you recorded in Defendant's timekeeping system.

2

**RESPONSE:**

Plaintiff admits to having no direct knowledge of any hours they recorded in GEICO's timekeeping system that were underpaid.  This admission is irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked. Plaintiff does not yet have complete access to GEICO's timekeeping records, which GEICO has objected to producing, and therefore their response is not based on a review of those records (though that review, again, is irrelevant to Plaintiffs' claims).  Plaintiff reserves the right to amend their answer following a review of those records, should the Court compel GEICO to produce them.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 2:**

Admit that you do not have any written records reflecting amount(s) of time you worked each week that you did not record in Defendant's timekeeping system.

**RESPONSE:**

Plaintiff admits that they do not have written records reflecting unrecorded amount(s) of time they worked during each week.

**REQUEST FOR ADMISSION NO. 3:**

Admit that, if you reported work hours to a supervisor or manager, you were paid for those hours.

**RESPONSE:**

Plaintiff denies the premise of this request, because they did not specifically report all hours

3

worked to their supervisor or manager. This denial is irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 4:**

Admit that you have no personal knowledge as to whether Defendant intentionally violated any wage and hour laws.

**RESPONSE:**

Plaintiff objects to this request because it seeks an admission that is irrelevant to the claims or defenses in the case. The Fair Labor Standards Act does not require proof of "intent[]" to violate the law. Liability attaches to an underpayment if an employer "(a) requires, (b) knows about, or (c) should have known about [unpaid hours] through the exercise of reasonable diligence." *Perry v. City of New York*, 78 F.4th 502, 512-13 (2d Cir. 2023). Plaintiff is entitled to a third year of FLSA liability if an employer "willfully" violated the law, which means "it either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the Act." *Id.* at 516. And liquidated damages apply if the employer is unable to establish, to the

_____

4

satisfaction of the Court,[1] that it acted in good faith.  29 U.S.C. § 260.  None of these standards require Plaintiff to prove intent.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 5:**

Admit that, during the Relevant Time Period, you did not work more than forty (40) hours for Defendant during any workweek.

**RESPONSE:**

Denied.  Plaintiff worked more than 40 hours in multiple workweeks throughout the course of their employment with GEICO.

**REQUEST FOR ADMISSION NO. 6:**

_____

[1]    Good faith is a question for the Court.  *See Perry v. City of New York*, No. 13 Civ. 1015, 2019 U.S. Dist. LEXIS 220519, at *9 (S.D.N.Y. Dec. 23, 2019) (holding "that the court's discretion to deny liquidate[d] damages is negated by a jury's finding of willfulness" based on the Second Circuit's *Pollis* case); *see also Pollis v. New Sch. for Soc. Research*, 132 F.3d 115, 120 (2d Cir. 1997) (making similar determination under the Equal Pay Act).  The majority of circuit courts that have considered the question have held that a jury's willfulness finding precludes a finding of good faith.  *See Black v. SettlePou, P.C.*, 732 F.3d 492, 501 (5th Cir. 2013) ("Because the jury found that [defendant] acted willfully in violating the FLSA, [defendant] cannot show that it acted in good faith."); *Herman v. Palo Grp. Foster Home, Inc.*, 183 F.3d 468, 474 (6th Cir. 1999) ("a finding of willfulness is dispositive of the liquidated-damages issue"); *Chao v. A-One Med. Servs., Inc.*, 346 F.3d 908, 920 (9th Cir. 2003) ("a finding of good faith is plainly inconsistent with a finding of willfulness"); *Brinkman v. Dep't of Corr. of State of Kan.*, 21 F.3d 370, 373 (10th Cir. 1994) (finding that the "district court properly awarded liquidated damages based upon the jury's finding of willfulness"); *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1166 (11th Cir. 2008) ("in an FLSA case a jury's finding in deciding . . . that the employer acted willfully precludes the court from finding that the employer acted in good faith"); *see also Ellison v. United States*, 25 Cl. Ct. 481, 499 (1992) (finding in Equal Pay Act case that "The evidence cannot support a finding that the willful failure to promote plaintiff constituted good faith action"); *E.E.O.C. v. Madison Cmty. Unit Sch. Dist. No. 12*, 818 F.2d 577, 586 (7th Cir. 1987) (finding in Equal Pay Act case that, "If [defendant] was acting reasonably and in good faith, it could hardly be guilty of violating the law either intentionally or with reckless disregard for the legality of its conduct.").

5

Admit that, during the Relevant Time Period, there were some workweeks during which you did not work more than forty (40) hours for Defendant.

**RESPONSE:**

Admit that Plaintiff worked fewer than 40 hours in some workweeks in which Plaintiff worked less than a full schedule due to, e.g., holidays or other time off from work.

**REQUEST FOR ADMISSION NO. 7:**

Admit that you did not complain to Defendant that you worked overtime during the Relevant Time Period without compensation.

**RESPONSE:**

Plaintiff admits that they did not complain to Defendant that they worked overtime during the Relevant Time Period without compensation.

**REQUEST FOR ADMISSION NO. 8:**

Admit that no manager or supervisor in Defendant's Special Investigations Unit instructed you to work off-the-clock at any point during the Relevant Time Period.

**RESPONSE:**

Plaintiff admits that no manager or supervisor in GEICO's Special Investigations Unit specifically told them to work off the clock.  GEICO managers and supervisors, however, told Plaintiff that overtime was not available.  This admission is largely irrelevant to proof of the claims in this action, which concerns whether GEICO knew or should have known that Plaintiff worked off the clock as a result of its system of incentives to underreport hours worked and disincentives to accurately report hours worked.

**REQUEST FOR ADMISSION NO. 9:**

Admit that, throughout your employment with Defendant, Defendant maintained a written policy requiring that you accurately record all of your hours worked in Defendant's timekeeping

6

system.

**RESPONSE:**

Plaintiff is aware of and admits the existence of GEICO's timekeeping policies reflected at G00041.  That admission is largely irrelevant to Plaintiff's allegations, which are that GEICO knowingly caused Plaintiffs to not record all of their work hours by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 10:**

Admit that, to the extent you claim you are owed unpaid overtime wages, you failed to adhere to the policy or policies described in Request No. 9.

**RESPONSE:**

Plaintiff admits that by not recording all hours worked in GEICO's timekeeping system, they did not comply with the policy described in their response to Request 9.  That admission is largely irrelevant to Plaintiff's allegations, which are that GEICO knowingly caused Plaintiffs to not record all of their work hours by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 11:**

Admit that, throughout your employment with Defendant, Defendant maintained a written policy forbidding "off the clock" work.

7

**RESPONSE:**

Plaintiff is aware of and admits the existence of GEICO's timekeeping policies reflected at G000062. That admission is irrelevant to Plaintiff's allegations, which are that GEICO knowingly caused Plaintiffs to not record all of their work hours by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 12:**

Admit that, to the extent you claim you are owed unpaid overtime wages, you failed to adhere to the policy or policies described in Request No 11.

**RESPONSE:**

Plaintiff admits that by not recording all hours worked in GEICO's timekeeping system, they did not comply with GEICO's policy described in their response to Request 11. That admission is irrelevant to Plaintiff's allegations, which are that GEICO knowingly caused Plaintiffs to not record all of their work hours by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 13:**

Admit that, during the Relevant Time Period, you had the ability to "flex" your schedule such that you could adjust your work start time and/or end time so long as your weekly work hours totaled approximately 38.75 hours.

**RESPONSE:**

Plaintiff admits that they could adjust work hours during the week, up to a total of 38.75 hours. That admission is largely irrelevant to Plaintiff's allegations, which are that GEICO knowingly caused Plaintiffs to not record all of their work hours by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 14:**

Admit that, to the extent you entered weekly work hours over forty (40) into GEICO's timekeeping system during the Relevant Time Period, GEICO paid you for all such hours at one-and-one-half times your hourly rate of pay.

**RESPONSE:**

Plaintiff admits to having no direct knowledge of any hours over forty (40) they recorded in GEICO's timekeeping system that were unpaid. This admission is irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked. Plaintiff does not yet have complete access to GEICO's timekeeping records, which GEICO has objected to producing, and therefore their response is not based on a review of those records (though that review, again, is irrelevant to Plaintiffs' claims). Plaintiff reserves the right to amend their answer following a review of those records, should the Court compel GEICO to produce them.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts

9

and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 15:**

Admit that different cases required different amounts of time by you to investigate.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 16:**

Admit that you did not enter the amount(s) of time you spent on investigative tasks into GEICO's Special Investigation Case Management ("SICM") system.

**RESPONSE:**

Admit. This admission is largely irrelevant to Plaintiffs' contentions about the SICM system, which are that it reflected timestamps for particular tasks that, taken as a whole, were one source of knowledge that GEICO supervisors could have used (and at times, did use) to identify off-the-clock work. *See* S. Greenman Tr. 285:24-288:11.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 17:**

Admit that recording overtime hours in GEICO's timekeeping system did not cause your annual performance rating to fall under a score of three out of five.

**RESPONSE:**

Plaintiff has made a reasonable inquiry into this matter and based on the information available, Plaintiff lacks sufficient knowledge to answer this request, because they lack access to sufficient SICM data to model how their performance metrics would change if they had reported all of their overtime hours. This admission is irrelevant to the claims in this action because of its

10

specificity, which narrowly focuses on whether entering their overtime hours in GEICO's timekeeping system caused them to fall under a score of three out of five, rather than whether GEICO knowingly created a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

**REQUEST FOR ADMISSION NO. 18:**

Admit that you did not inform your supervisor of every task you performed for each case you investigated or the corresponding amount of time you spent on each task.

**RESPONSE:**

Deny that Plaintiff did not inform their supervisor of the tasks they performed, insofar as those tasks had to be recorded in SICM and deny that Plaintiff did not inform their supervisor of the time spent on those tasks on those occasions when Plaintiff requested overtime; but admit that Plaintiff did not (and GEICO did not require Plaintiff to) separately quantify the time spent on every task to the extent Plaintiff's hours did not exceed 38.75 per week. This admission is largely irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 19:**

Admit that each case that you investigated required the performance of different investigative tasks.

**RESPONSE:**

Plaintiff denies that each case investigated required the performance of unique

11

investigative tasks.  Investigating cases required several common elements such as reviewing the claim file and running background checks.  Plaintiff admits that cases they investigated were not identical and often required different investigative tasks based on those facts.  This admission is irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 20:**

Admit that the number of hours that you contend you worked in a workweek varied due to factors other than the number of cases assigned to you.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 21:**

Admit that you reported to a supervisor who never denied your overtime request(s).

**RESPONSE:**

Plaintiff admits that their supervisor(s) never denied a request for overtime, to the best of their recollection.  This admission is irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

12

**REQUEST FOR ADMISSION NO. 22:**

Admit that your supervisor(s) approved overtime when you followed the supervisor's communicated practice for requesting overtime.

**RESPONSE:**

Plaintiff admits that their supervisor(s) approved overtime on at least one occasion when Plaintiff requested overtime. This admission is irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 23:**

Admit that your supervisor(s) did not know the times when you began and ended your work on every day that you worked.

**RESPONSE:**

Plaintiff has made a reasonable inquiry into this matter and based on the information available, Plaintiff lacks sufficient knowledge to answer this request, as they do not know the extent to which their supervisor reviewed SICM entries, timekeeping entries, or other information that could have informed them of Plaintiff's work time.

**REQUEST FOR ADMISSION NO. 24:**

Admit that you could be assigned a case and close that same case within a 24-hour time period.

**RESPONSE:**

Plaintiff admits that some cases could be closed within 24 hours of when they were

13

assigned, but this was not true for other cases.

**REQUEST FOR ADMISSION NO. 25:**

Admit that, after the COVID-19 pandemic started in or around March 2020, the amount of time you spent working in the field substantially decreased.

**RESPONSE:**

Plaintiff admits that they followed GEICO's COVID-19 pandemic protocols starting in or around March 2020, which limited the types of activities that required fieldwork.

**REQUEST FOR ADMISSION NO. 26:**

Admit that, in any workweek that you contend you worked more than 38.75 hours, you never reported any hours over 38.75 to your supervisor, manager, or human resources.

**RESPONSE:**

Plaintiff has made a reasonable inquiry into this matter and based on the information available, Plaintiff lacks sufficient knowledge to answer this request because they do not have complete records that would show weeks when they reported more than 38.75 hours. This Request is irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked. Plaintiff does not yet have complete access to GEICO's timekeeping records, which GEICO has objected to producing, and therefore their response is not based on a review of those records (which, again, is irrelevant to Plaintiffs' claims). Plaintiff reserves the right to amend their answer following a review of those records, should the Court compel GEICO to produce them.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

14

**REQUEST FOR ADMISSION NO. 27:**

Admit that, by working off the clock as you allege, you received a more favorable rating on your annual Performance Assessment.

**RESPONSE:**

Plaintiff has made a reasonable inquiry into this matter and based on the information available, Plaintiff lacks sufficient knowledge to answer this request, as they are without SICM data that would allow them to model alternative hypothetical scenarios; however, Plaintiff worked off the clock to avoid receiving a performance rating below of 3 out of 5 so Plaintiff would not be fired.

**REQUEST FOR ADMISSION NO. 28:**

Admit that you have no personal knowledge as to whether your SIU manager(s) was aware of the number of hours you worked each week during the Relevant Time Period.

**RESPONSE:**

Plaintiff admits to having no personal knowledge as to whether their SIU manager(s) was aware of the number of hours they worked each week during the Relevant Time Period FLSA. Plaintiff objects that this request seeks to distract from the relevant facts and liability standards in this case, because liability attaches to an underpayment if an employer "(a) requires, (b) knows about, or (c) should have known about through the exercise of reasonable diligence," *Perry v. City of New York*, 78 F.4th 502, 512-13 (2d Cir. 2023), and does not require Plaintiffs to have any specific personal knowledge of managers' knowledge or constructive knowledge.

Respectfully submitted,

Dated: December 3, 2025          By:    */s/ Michael J. Scimone*

15

Michael J. Scimone
Jarron D. McAllister
**OUTTEN & GOLDEN LLP**
685 Third Avenue, 25th Floor
New York, NY 10017
Telephone: 212-245-1000
Fax: 646-509-2060
mscimone@outtengolden.com
jmcallister@outtengolden.com

Ryan Cowdin*
**OUTTEN & GOLDEN LLP**
1225 New York Avenue NW
Suite 1200B
Washington, DC 20005
Telephone: 202-929-0636
Fax: 202-847-4410
rcowdin@outtengolden.com

Kaelyn Mahar
**OUTTEN & GOLDEN LLP**
One California Street, 12th Floor
San Francisco, CA 94111
Telephone: 415-715-1787
Fax: 415-638-8810
kmahar@outtengolden.com

Troy L. Kessler
Garrett Kaske
**KESSLER MATURA P.C.**
534 Broadhollow Road, Suite 275
Melville, NY 11747
Telephone: 631-499-9100
Facsimile: 800-451-0874
tkessler@kesslermatura.com
gkaske@kesslermatura.com
* Admitted *Pro Hac Vice*

*Attorneys for Plaintiffs and the Putative Class and
Collective*

16

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

<table>
<tr><td>KEITH FISCHER, MICHAEL O'SULLIVAN, JOHN MOESER, LOUIS PIA, THOMAS BARDEN, CONSTANCE MANGAN, and CHARISE JONES, individually and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br><br>      v.<br><br>GOVERNMENT EMPLOYEES INSURANCE COMPANY,<br><br>      Defendant.</td><td>Case No. 2:23-CV-02848 (SJB) (SIL)</td></tr>
</table>

**PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST SET OF REQUESTS FOR ADMISSION TO OPT-IN PLAINTIFF DARIO DeMEO**

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Dario DeMeo ("Plaintiff"), by and through their attorneys, Outten & Golden LLP, hereby submits the following objections and responses to Defendant's First Amended Set of Requests for Admission, dated October 31, 2025.

**PRELIMINARY STATEMENT**

All responses to the following Requests for Admission are based on information currently known to Plaintiff and are provided without prejudice to Plaintiff's right to submit evidence of any subsequently discovered facts and information, should such become known. Plaintiff anticipates that as investigation and trial preparation continue, it is possible that additional facts may become known, which may in turn warrant additions to or changes in the responses provided herein. These responses are made in a good faith effort to supply such information as is presently known to Plaintiff. These responses and objections are made without prejudice to, and are not a waiver of,

Plaintiff's right to rely on other facts or documents at trial.

Plaintiff reserves all objections to the competence, relevance, materiality, or admissibility at trial of any information or documents requested or identified by any party. The inadvertent disclosure of any privileged information shall not be deemed to be a waiver of any applicable privilege with respect to such information or any other information.

The production of information and/or documents pursuant to this response is made without waiving, or intending to waive, but on the contrary reserving and intending to reserve: (a) the right to object on any grounds to the use of information produced pursuant to this response in this or any other action or proceeding; (b) the right to object on any and all grounds, at any time, to other interrogatories or other discovery mechanisms or proceedings; and (c) the right at any time to revise, correct, or supplement this response.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

Plaintiff objects to Defendant's Definitions and Instructions to the extent they exceed the discovery obligations set forth in Federal Rule 36, which requires only admission relating to "facts, the application of law to fact, or opinions about either" and "the genuineness of any described documents." Plaintiff further objects to Defendant's Definitions and Instructions to the extent that they impose a discovery obligation to supply information that is not required by the Federal Rules of Civil Procedure or Local Rules and requests privileged information, such as information that tends to disclose the mental impressions of counsel or the identities of potential witnesses.

## RESPONSES AND OBJECTIONS TO SPECIFIC REQUESTS FOR ADMISSION

### REQUEST FOR ADMISSION NO. 1:

Admit that Defendant paid you for all hours that you recorded in Defendant's timekeeping system.

### RESPONSE:

Plaintiff admits to having no direct knowledge of any hours they recorded in GEICO's timekeeping system that were underpaid. This admission is irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked. Plaintiff does not yet have complete access to GEICO's timekeeping records, which GEICO has objected to producing, and therefore their response is not based on a review of those records (though that review, again, is irrelevant to Plaintiffs' claims). Plaintiff reserves the right to amend their answer following a review of those records, should the Court compel GEICO to produce them.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

### REQUEST FOR ADMISSION NO. 2:

Admit that you do not have any written records reflecting amount(s) of time you worked each week that you did not record in Defendant's timekeeping system.

### RESPONSE:

Plaintiff admits that they do not have written records reflecting unrecorded amount(s) of time they worked during each week.

3

**REQUEST FOR ADMISSION NO. 3:**

Admit that, if you reported work hours to a supervisor or manager, you were paid for those hours.

**RESPONSE:**

Plaintiff denies the premise of this request, because they did not specifically report all hours worked to their supervisor or manager. This denial is irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 4:**

Admit that you have no personal knowledge as to whether Defendant intentionally violated any wage and hour laws.

**RESPONSE:**

Plaintiff objects to this request because it seeks an admission that is irrelevant to the claims or defenses in the case. The Fair Labor Standards Act do not require proof of "intent[]" to violate the law. Liability attaches to an underpayment if an employer "(a) requires, (b) knows about, or (c) should have known about [unpaid hours] through the exercise of reasonable diligence." *Perry v. City of New York*, 78 F.4th 502, 512-13 (2d Cir. 2023). Plaintiff is entitled to a third year of FLSA liability if an employer "willfully" violated the law, which means "it either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the Act." *Id.* at 516. And liquidated

4

damages apply if the employer is unable to establish, to the satisfaction of the Court,[1] that it acted in good faith. 29 U.S.C. § 260. None of these standards require Plaintiff to prove intent.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

## REQUEST FOR ADMISSION NO. 5:

Admit that, during the Relevant Time Period, you did not work more than forty (40) hours for Defendant during any workweek.

## RESPONSE:

Denied. Plaintiff worked more than 40 hours in multiple workweeks throughout the course of their employment with GEICO.

---

[1]    Good faith is a question for the Court. *See Perry v. City of New York*, No. 13 Civ. 1015, 2019 U.S. Dist. LEXIS 220519, at *9 (S.D.N.Y. Dec. 23, 2019) (holding "that the court's discretion to deny liquidate[d] damages is negated by a jury's finding of willfulness" based on the Second Circuit's *Pollis* case); *see also Pollis v. New Sch. for Soc. Research*, 132 F.3d 115, 120 (2d Cir. 1997) (making similar determination under the Equal Pay Act). The majority of circuit courts that have considered the question have held that a jury's willfulness finding precludes a finding of good faith. *See Black v. SettlePou, P.C.*, 732 F.3d 492, 501 (5th Cir. 2013) ("Because the jury found that [defendant] acted willfully in violating the FLSA, [defendant] cannot show that it acted in good faith."); *Herman v. Palo Grp. Foster Home, Inc.*, 183 F.3d 468, 474 (6th Cir. 1999) ("a finding of willfulness is dispositive of the liquidated-damages issue"); *Chao v. A-One Med. Servs., Inc.*, 346 F.3d 908, 920 (9th Cir. 2003) ("a finding of good faith is plainly inconsistent with a finding of willfulness"); *Brinkman v. Dep't of Corr. of State of Kan.*, 21 F.3d 370, 373 (10th Cir. 1994) (finding that the "district court properly awarded liquidated damages based upon the jury's finding of willfulness"); *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1166 (11th Cir. 2008) ("in an FLSA case a jury's finding in deciding . . . that the employer acted willfully precludes the court from finding that the employer acted in good faith"); *see also Ellison v. United States*, 25 Cl. Ct. 481, 499 (1992) (finding in Equal Pay Act case that "The evidence cannot support a finding that the willful failure to promote plaintiff constituted good faith action"); *E.E.O.C. v. Madison Cmty. Unit Sch. Dist. No. 12*, 818 F.2d 577, 586 (7th Cir. 1987) (finding in Equal Pay Act case that, "If [defendant] was acting reasonably and in good faith, it could hardly be guilty of violating the law either intentionally or with reckless disregard for the legality of its conduct.").

**REQUEST FOR ADMISSION NO. 6:**

Admit that, during the Relevant Time Period, there were some workweeks during which you did not work more than forty (40) hours for Defendant.

**RESPONSE:**

Admit that Plaintiff worked fewer than 40 hours in some workweeks in which Plaintiff worked less than a full schedule due to, e.g., holidays or other time off from work.

**REQUEST FOR ADMISSION NO. 7:**

Admit that you did not complain to Defendant that you worked overtime during the Relevant Time Period without compensation.

**RESPONSE:**

Plaintiff denies that they did not complain to Defendant that they needed to work overtime during the Relevant Time Period without compensation. Plaintiff admits that he has complained at least once to his supervisors, Nichole Matthew and Chris Griffin, during one-on-one calls about the need to work more than 38.75 hours per week to complete his tasks, but generally tries to "flex" his time to avoid working overtime.

**REQUEST FOR ADMISSION NO. 8:**

Admit that no manager or supervisor in Defendant's Special Investigations Unit instructed you to work off-the-clock at any point during the Relevant Time Period.

**RESPONSE:**

Plaintiff admits that no manager or supervisor in GEICO's Special Investigations Unit specifically told them to work off the clock. GEICO managers and supervisors, however, told Plaintiff that overtime should be limited, either saying that he should "adjust" his time accordingly or that he should "do whatever he needed to do" to get the work done. This admission is largely

6

irrelevant to proof of the claims in this action, which concerns whether GEICO knew or should have known that Plaintiff worked off the clock as a result of its system of incentives to underreport hours worked and disincentives to accurately report hours worked.

**REQUEST FOR ADMISSION NO. 9:**

Admit that, throughout your employment with Defendant, Defendant maintained a written policy requiring that you accurately record all of your hours worked in Defendant's timekeeping system.

**RESPONSE:**

Plaintiff is aware of and admits the existence of GEICO's timekeeping policies reflected at G00041. That admission is largely irrelevant to Plaintiff's allegations, which are that GEICO knowingly caused Plaintiffs to not record all of their work hours by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 10:**

Admit that, to the extent you claim you are owed unpaid overtime wages, you failed to adhere to the policy or policies described in Request No. 9.

**RESPONSE:**

Plaintiff admits that by not recording all hours worked in GEICO's timekeeping system, they did not comply with the policy described in their response to Request 9. That admission is largely irrelevant to Plaintiff's allegations, which are that GEICO knowingly caused Plaintiffs to not record all of their work hours by knowingly creating a system of incentives to underreport

7

hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 11:**

Admit that, throughout your employment with Defendant, Defendant maintained a written policy forbidding "off the clock" work.

**RESPONSE:**

Plaintiff is aware of and admits the existence of GEICO's timekeeping policies reflected at G000062. That admission is irrelevant to Plaintiff's allegations, which are that GEICO knowingly caused Plaintiffs to not record all of their work hours by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 12:**

Admit that, to the extent you claim you are owed unpaid overtime wages, you failed to adhere to the policy or policies described in Request No 11.

**RESPONSE:**

Plaintiff admits that by not recording all hours worked in GEICO's timekeeping system, they did not comply with GEICO's policy described in their response to Request 11. That admission is irrelevant to Plaintiff's allegations, which are that GEICO knowingly caused Plaintiffs to not record all of their work hours by knowingly creating a system of incentives to

8

underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking

to distract the factfinder and the Court by misdirecting their attention away from the relevant facts

and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 13:**

Admit that, during the Relevant Time Period, you had the ability to "flex" your schedule

such that you could adjust your work start time and/or end time so long as your weekly work hours

totaled approximately 38.75 hours.

**RESPONSE:**

Plaintiff admits that they could adjust work hours during the week, up to a total of 38.75

hours.   That admission is largely irrelevant to Plaintiff's allegations, which are that GEICO

knowingly caused Plaintiffs to not record all of their work hours by knowingly creating a system

of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking

to distract the factfinder and the Court by misdirecting their attention away from the relevant facts

and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 14:**

Admit that, to the extent you entered weekly work hours over forty (40) into GEICO's

timekeeping system during the Relevant Time Period, GEICO paid you for all such hours at one-

and-one-half times your hourly rate of pay.

**RESPONSE:**

Plaintiff admits to having no direct knowledge of any hours over forty (40) they recorded in

GEICO's timekeeping system that were unpaid.  This admission is irrelevant to the claims in this

action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.  Plaintiff does not yet have complete access to GEICO's timekeeping records, which GEICO has objected to producing, and therefore their response is not based on a review of those records (though that review, again, is irrelevant to Plaintiffs' claims).  Plaintiff reserves the right to amend their answer following a review of those records, should the Court compel GEICO to produce them.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 15:**

Admit that different cases required different amounts of time by you to investigate.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 16:**

Admit that you did not enter the amount(s) of time you spent on investigative tasks into GEICO's Special Investigation Case Management ("SICM") system.

**RESPONSE:**

Admit.  This admission is largely irrelevant to Plaintiffs' contentions about the SICM system, which are that it reflected timestamps for particular tasks that, taken as a whole, were one source of knowledge that GEICO supervisors could have used (and at times, did use) to identify off-the-clock work.  *See* S. Greenman Tr. 285:24-288:11.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to

10

distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 17:**

Admit that recording overtime hours in GEICO's timekeeping system did not cause your annual performance rating to fall under a score of three out of five.

**RESPONSE:**

Plaintiff has made a reasonable inquiry into this matter and based on the information available, Plaintiff lacks sufficient knowledge to answer this request, because they lack access to sufficient SICM data to model how their performance metrics would change if they had reported all of their overtime hours. This admission is irrelevant to the claims in this action because of its specificity, which narrowly focuses on whether entering their overtime hours in GEICO's timekeeping system caused them to fall under a score of three out of five, rather than whether GEICO knowingly created a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

**REQUEST FOR ADMISSION NO. 18:**

Admit that you did not inform your supervisor of every task you performed for each case you investigated or the corresponding amount of time you spent on each task.

**RESPONSE:**

Deny that Plaintiff did not inform their supervisor of the tasks they performed, insofar as those tasks had to be recorded in SICM; but admit that Plaintiff did not (and GEICO did not require Plaintiff to) separately quantify the time spent on every task to the extent Plaintiff's hours did not exceed 38.75 per week. This admission is largely irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of

11

incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 19:**

Admit that each case that you investigated required the performance of different investigative tasks.

**RESPONSE:**

Plaintiff denies that each case investigated required the performance of unique investigative tasks. Investigating cases required several common elements such as reviewing the claim file and running background checks. Plaintiff admits that cases they investigated were not identical and often required different investigative tasks based on those facts. This admission is irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 20:**

Admit that the number of hours that you contend you worked in a workweek varied due to factors other than the number of cases assigned to you.

**RESPONSE:**

Admit.

12

**REQUEST FOR ADMISSION NO. 21:**

Admit that you reported to a supervisor who never denied your overtime request(s).

**RESPONSE:**

Plaintiff has made a reasonable inquiry into this matter and based on the information available, Plaintiff lacks sufficient knowledge to answer this request because, to the best of their recollection, Plaintiff did not request overtime. This request is irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 22:**

Admit that your supervisor(s) approved overtime when you followed the supervisor's communicated practice for requesting overtime.

**RESPONSE:**

Plaintiff has made a reasonable inquiry into this matter and based on the information available, Plaintiff lacks sufficient knowledge to answer this request because, to the best of their recollection, Plaintiff did not request overtime. This request is irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

13

**REQUEST FOR ADMISSION NO. 23:**

Admit that your supervisor(s) did not know the times when you began and ended your work on every day that you worked.

**RESPONSE:**

Plaintiff has made a reasonable inquiry into this matter and based on the information available, Plaintiff lacks sufficient knowledge to answer this request, as they do not know the extent to which their supervisor reviewed SICM entries, timekeeping entries, or other information that could have informed them of Plaintiff's work time.

**REQUEST FOR ADMISSION NO. 24:**

Admit that you could be assigned a case and close that same case within a 24-hour time period.

**RESPONSE:**

Plaintiff admits that some cases could be closed within 24 hours of when they were assigned, but this was not true for other cases.

**REQUEST FOR ADMISSION NO. 25:**

Admit that, after the COVID-19 pandemic started in or around March 2020, the amount of time you spent working in the field substantially decreased.

**RESPONSE:**

Plaintiff admits that they followed GEICO's COVID-19 pandemic protocols starting in or around March 2020, which limited the types of activities that required fieldwork.

**REQUEST FOR ADMISSION NO. 26:**

Admit that, in any workweek that you contend you worked more than 38.75 hours, you never reported any hours over 38.75 to your supervisor, manager, or human resources.

14

**RESPONSE:**

Plaintiff has made a reasonable inquiry into this matter and based on the information available, Plaintiff lacks sufficient knowledge to answer this request because they do not have complete records that would show weeks when they reported more than 38.75 hours.  This Request is irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.  Plaintiff does not yet have complete access to GEICO's timekeeping records, which GEICO has objected to producing, and therefore their response is not based on a review of those records (which, again, is irrelevant to Plaintiffs' claims).  Plaintiff reserves the right to amend their answer following a review of those records, should the Court compel GEICO to produce them.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 27:**

Admit that, by working off the clock as you allege, you received a more favorable rating on your annual Performance Assessment.

**RESPONSE:**

Plaintiff has made a reasonable inquiry into this matter and based on the information available, Plaintiff lacks sufficient knowledge to answer this request, as they are without SICM data that would allow them to model alternative hypothetical scenarios; however, Plaintiff worked off the clock to avoid receiving a performance rating below of 3 out of 5 so Plaintiff would not be fired.

15

**REQUEST FOR ADMISSION NO. 28:**

Admit that you have no personal knowledge as to whether your SIU manager(s) was aware of the number of hours you worked each week during the Relevant Time Period.

**RESPONSE:**

Plaintiff admits to having no personal knowledge as to whether their SIU manager(s) was aware of the number of hours they worked each week during the Relevant Time Period FLSA. Plaintiff objects that this request seeks to distract from the relevant facts and liability standards in this case, because liability attaches to an underpayment if an employer "(a) requires, (b) knows about, or (c) should have known about through the exercise of reasonable diligence," *Perry v. City of New York*, 78 F.4th 502, 512-13 (2d Cir. 2023), and does not require Plaintiffs to have any specific personal knowledge of managers' knowledge or constructive knowledge.

Respectfully submitted,

Dated: December 2, 2025          By:    */s/ Michael J. Scimone*

Michael J. Scimone
Jarron D. McAllister
**OUTTEN & GOLDEN LLP**
685 Third Avenue, 25th Floor
New York, NY 10017
Telephone: 212-245-1000
Fax: 646-509-2060
mscimone@outtengolden.com
jmcallister@outtengolden.com

16

Ryan Cowdin*
**OUTTEN & GOLDEN LLP**
1225 New York Avenue NW
Suite 1200B
Washington, DC 20005
Telephone: 202-929-0636
Fax: 202-847-4410
rcowdin@outtengolden.com

Kaelyn Mahar
**OUTTEN & GOLDEN LLP**
One California Street, 12th Floor
San Francisco, CA 94111
Telephone: 415-715-1787
Fax: 415-638-8810
kmahar@outtengolden.com

Troy L. Kessler
Garrett Kaske
**KESSLER MATURA P.C.**
534 Broadhollow Road, Suite 275
Melville, NY 11747
Telephone: 631-499-9100
Facsimile: 800-451-0874
tkessler@kesslermatura.com
gkaske@kesslermatura.com
* Admitted *Pro Hac Vice*

*Attorneys for Plaintiffs and the Putative Class and Collective*

17

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

KEITH FISCHER, MICHAEL
O'SULLIVAN, JOHN MOESER, LOUIS PIA,
THOMAS BARDEN, CONSTANCE
MANGAN, and CHARISE JONES,
individually and on behalf of all others
similarly situated,

       Plaintiffs,

       v.

       GOVERNMENT EMPLOYEES
INSURANCE COMPANY,

       Defendant.

Case No. 2:23-CV-02848 (SJB) (SIL)

**PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST SET OF
REQUESTS FOR ADMISSION TO OPT-IN PLAINTIFF JOHN DIBLOSI**

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, John Diblosi ("Plaintiff"), by

and through their attorneys, Outten & Golden LLP, hereby submits the following objections and

responses to Defendant's First Amended Set of Requests for Admission, dated October 31, 2025.

## PRELIMINARY STATEMENT

All responses to the following Requests for Admission are based on information currently

known to Plaintiff and are provided without prejudice to Plaintiff's right to submit evidence of

any subsequently discovered facts and information, should such become known.  Plaintiff

anticipates that as investigation and trial preparation continue, it is possible that additional facts

may become known, which may in turn warrant additions to or changes in the responses

provided herein.  These responses are made in a good faith effort to supply such information as is

presently known to Plaintiff.  These responses and objections are made without prejudice to, and

are not a waiver of, Plaintiff's right to rely on other facts or documents at trial.

1

Plaintiff reserves all objections to the competence, relevance, materiality, or admissibility at trial of any information or documents requested or identified by any party. The inadvertent disclosure of any privileged information shall not be deemed to be a waiver of any applicable privilege with respect to such information or any other information.

The production of information and/or documents pursuant to this response is made without waiving, or intending to waive, but on the contrary reserving and intending to reserve: (a) the right to object on any grounds to the use of information produced pursuant to this response in this or any other action or proceeding; (b) the right to object on any and all grounds, at any time, to other interrogatories or other discovery mechanisms or proceedings; and (c) the right at any time to revise, correct, or supplement this response.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

Plaintiff objects to Defendant's Definitions and Instructions to the extent they exceed the discovery obligations set forth in Federal Rule 36, which requires only admission relating to "facts, the application of law to fact, or opinions about either" and "the genuineness of any described documents." Plaintiff further objects to Defendant's Definitions and Instructions to the extent that they impose a discovery obligation to supply information that is not required by the Federal Rules of Civil Procedure or Local Rules and requests privileged information, such as information that tends to disclose the mental impressions of counsel or the identities of potential witnesses.

## RESPONSES AND OBJECTIONS TO SPECIFIC REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:**

Admit that Defendant paid you for all hours that you recorded in Defendant's timekeeping system.

**RESPONSE:**

Plaintiff admits to having no direct knowledge of any hours they recorded in GEICO's timekeeping system that were underpaid. This admission is irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked. Plaintiff does not yet have complete access to GEICO's timekeeping records, which GEICO has objected to producing, and therefore their response is not based on a review of those records (though that review, again, is irrelevant to Plaintiffs' claims). Plaintiff reserves the right to amend their answer following a review of those records, should the Court compel GEICO to produce them.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 2:**

Admit that you do not have any written records reflecting amount(s) of time you worked each week that you did not record in Defendant's timekeeping system.

**RESPONSE:**

Plaintiff admits that they do not have written records reflecting unrecorded amount(s) of time they worked during each week.

3

**REQUEST FOR ADMISSION NO. 3:**

Admit that, if you reported work hours to a supervisor or manager, you were paid for those hours.

**RESPONSE:**

Plaintiff denies the premise of this request, because they did not specifically report all hours worked to their supervisor or manager because they were instructed to not work beyond scheduled hours. This denial is irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 4:**

Admit that you have no personal knowledge as to whether Defendant intentionally violated any wage and hour laws.

**RESPONSE:**

Plaintiff objects to this request because it seeks an admission that is irrelevant to the claims or defenses in the case. The Fair Labor Standards Act does not require proof of "intent[]" to violate the law. Liability attaches to an underpayment if an employer "(a) requires, (b) knows about, or (c) should have known about [unpaid hours] through the exercise of reasonable diligence." *Perry v. City of New York*, 78 F.4th 502, 512-13 (2d Cir. 2023). Plaintiff is entitled to a third year of FLSA liability if an employer "willfully" violated the law, which means "it either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the

4

Act." *Id.* at 516. And liquidated damages apply if the employer is unable to establish, to the satisfaction of the Court,[1] that it acted in good faith. 29 U.S.C. § 260. None of these standards require Plaintiff to prove intent.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 5:**

Admit that, during the Relevant Time Period, you did not work more than forty (40) hours for Defendant during any workweek.

**RESPONSE:**

Denied. Plaintiff worked more than 40 hours in multiple workweeks throughout the course

---

[1]    Good faith is a question for the Court. *See Perry v. City of New York*, No. 13 Civ. 1015, 2019 U.S. Dist. LEXIS 220519, at *9 (S.D.N.Y. Dec. 23, 2019) (holding "that the court's discretion to deny liquidate[d] damages is negated by a jury's finding of willfulness" based on the Second Circuit's *Pollis* case); *see also Pollis v. New Sch. for Soc. Research*, 132 F.3d 115, 120 (2d Cir. 1997) (making similar determination under the Equal Pay Act). The majority of circuit courts that have considered the question have held that a jury's willfulness finding precludes a finding of good faith. *See Black v. SettlePou, P.C.*, 732 F.3d 492, 501 (5th Cir. 2013) ("Because the jury found that [defendant] acted willfully in violating the FLSA, [defendant] cannot show that it acted in good faith."); *Herman v. Palo Grp. Foster Home, Inc.*, 183 F.3d 468, 474 (6th Cir. 1999) ("a finding of willfulness is dispositive of the liquidated-damages issue"); *Chao v. A-One Med. Servs., Inc.*, 346 F.3d 908, 920 (9th Cir. 2003) ("a finding of good faith is plainly inconsistent with a finding of willfulness"); *Brinkman v. Dep't of Corr. of State of Kan.*, 21 F.3d 370, 373 (10th Cir. 1994) (finding that the "district court properly awarded liquidated damages based upon the jury's finding of willfulness"); *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1166 (11th Cir. 2008) ("in an FLSA case a jury's finding in deciding . . . that the employer acted willfully precludes the court from finding that the employer acted in good faith"); *see also Ellison v. United States*, 25 Cl. Ct. 481, 499 (1992) (finding in Equal Pay Act case that "The evidence cannot support a finding that the willful failure to promote plaintiff constituted good faith action"); *E.E.O.C. v. Madison Cmty. Unit Sch. Dist. No. 12*, 818 F.2d 577, 586 (7th Cir. 1987) (finding in Equal Pay Act case that, "If [defendant] was acting reasonably and in good faith, it could hardly be guilty of violating the law either intentionally or with reckless disregard for the legality of its conduct.").

of their employment with GEICO.

**REQUEST FOR ADMISSION NO. 6:**

Admit that, during the Relevant Time Period, there were some workweeks during which you did not work more than forty (40) hours for Defendant.

**RESPONSE:**

Plaintiff admits they worked fewer than 40 hours in some workweeks in which Plaintiff worked less than a full schedule due to, e.g., holidays or other time off from work.

**REQUEST FOR ADMISSION NO. 7:**

Admit that you did not complain to Defendant that you worked overtime during the Relevant Time Period without compensation.

**RESPONSE:**

Plaintiff admits that they did not complain to Defendant that they worked overtime without compensation during the Relevant Time Period.

**REQUEST FOR ADMISSION NO. 8:**

Admit that no manager or supervisor in Defendant's Special Investigations Unit instructed you to work off-the-clock at any point during the Relevant Time Period.

**RESPONSE:**

Plaintiff admits that no manager or supervisor in GEICO's Special Investigations Unit specifically told them to work off the clock. GEICO managers and supervisors, however, instructed him to not work more than 40 hours each week and never told Plaintiff that overtime was available. This admission is largely irrelevant to proof of the claims in this action, which concerns whether GEICO knew or should have known that Plaintiff worked off the clock as a result of its system of incentives to underreport hours worked and disincentives to accurately report

6

hours worked.

**REQUEST FOR ADMISSION NO. 9:**

Admit that, throughout your employment with Defendant, Defendant maintained a written policy requiring that you accurately record all of your hours worked in Defendant's timekeeping system.

**RESPONSE:**

Plaintiff is aware of and admits the existence of GEICO's timekeeping policies reflected at G00041. That admission is largely irrelevant to Plaintiff's allegations, which are that GEICO knowingly caused Plaintiffs to not record all of their work hours by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 10:**

Admit that, to the extent you claim you are owed unpaid overtime wages, you failed to adhere to the policy or policies described in Request No. 9.

**RESPONSE:**

Plaintiff admits that by not recording all hours worked in GEICO's timekeeping system, they did not comply with the policy described in their response to Request 9. That admission is largely irrelevant to Plaintiff's allegations, which are that GEICO knowingly caused Plaintiffs to not record all of their work hours by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking

7

to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 11:**

Admit that, throughout your employment with Defendant, Defendant maintained a written policy forbidding "off the clock" work.

**RESPONSE:**

Plaintiff is aware of and admits the existence of GEICO's timekeeping policies reflected at G000062.  That admission is irrelevant to Plaintiff's allegations, which are that GEICO knowingly caused Plaintiffs to not record all of their work hours by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 12:**

Admit that, to the extent you claim you are owed unpaid overtime wages, you failed to adhere to the policy or policies described in Request No 11.

**RESPONSE:**

Plaintiff admits that by not recording all hours worked in GEICO's timekeeping system, they did not comply with GEICO's policy described in their response to Request 11.  That admission is irrelevant to Plaintiff's allegations, which are that GEICO knowingly caused Plaintiffs to not record all of their work hours by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking

8

to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 13:**

Admit that, during the Relevant Time Period, you had the ability to "flex" your schedule such that you could adjust your work start time and/or end time so long as your weekly work hours totaled approximately 38.75 hours.

**RESPONSE:**

Plaintiff admits that they could adjust work hours during the week, up to a total of 38.75 hours in a week. That admission is largely irrelevant to Plaintiff's allegations, which are that GEICO knowingly caused Plaintiffs to not record all of their work hours by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 14:**

Admit that, to the extent you entered weekly work hours over forty (40) into GEICO's timekeeping system during the Relevant Time Period, GEICO paid you for all such hours at one-and-one-half times your hourly rate of pay.

**RESPONSE:**

Plaintiff admits to having no direct knowledge of any hours over forty (40) they recorded in GEICO's timekeeping system that were unpaid. This admission is irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a

9

system of incentives to underreport hours worked and disincentives to accurately report hours worked.  Plaintiff does not yet have complete access to GEICO's timekeeping records, which GEICO has objected to producing, and therefore their response is not based on a review of those records (though that review, again, is irrelevant to Plaintiffs' claims).  Plaintiff reserves the right to amend their answer following a review of those records, should the Court compel GEICO to produce them.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 15:**

Admit that different cases required different amounts of time by you to investigate.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 16:**

Admit that you did not enter the amount(s) of time you spent on investigative tasks into GEICO's Special Investigation Case Management ("SICM") system.

**RESPONSE:**

Admit.  This admission is largely irrelevant to Plaintiffs' contentions about the SICM system, which are that it reflected timestamps for particular tasks that, taken as a whole, were one source of knowledge that GEICO supervisors could have used (and at times, did use) to identify off-the-clock work.  *See* S. Greenman Tr. 285:24-288:11.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts

10

and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 17:**

Admit that recording overtime hours in GEICO's timekeeping system did not cause your annual performance rating to fall under a score of three out of five.

**RESPONSE:**

Plaintiff has made a reasonable inquiry into this matter and based on the information available, Plaintiff lacks sufficient knowledge to answer this request, because they lack access to sufficient SICM data to model how their performance metrics would change if they had reported all of their overtime hours.  This admission is irrelevant to the claims in this action because of its specificity, which narrowly focuses on whether entering their overtime hours in GEICO's timekeeping system caused them to fall under a score of three out of five, rather than whether GEICO knowingly created a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

**REQUEST FOR ADMISSION NO. 18:**

Admit that you did not inform your supervisor of every task you performed for each case you investigated or the corresponding amount of time you spent on each task.

**RESPONSE:**

Deny that Plaintiff did not inform their supervisor of the tasks they performed, insofar as those tasks had to be recorded in SICM; but admit that Plaintiff did not (and GEICO did not require Plaintiff to) separately quantify the time spent on every task to the extent Plaintiff's hours did not exceed 38.75 per week.  This admission is largely irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

11

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 19:**

Admit that each case that you investigated required the performance of different investigative tasks.

**RESPONSE:**

Plaintiff denies that each case investigated required the performance of unique investigative tasks. Investigating cases required several common elements such as reviewing the claim file and running background checks. Plaintiff admits that cases they investigated were not identical and often required different investigative tasks based on those facts. This admission is irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 20:**

Admit that the number of hours that you contend you worked in a workweek varied due to factors other than the number of cases assigned to you.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 21:**

12

Admit that you reported to a supervisor who never denied your overtime request(s).

**RESPONSE:**

Plaintiff has made a reasonable inquiry into this matter and based on the information available, Plaintiff lacks sufficient knowledge to answer this request because, to the best of their recollection, Plaintiff did not request overtime.   This request is irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 22:**

Admit that your supervisor(s) approved overtime when you followed the supervisor's communicated practice for requesting overtime.

**RESPONSE:**

Plaintiff has made a reasonable inquiry into this matter and based on the information available, Plaintiff lacks sufficient knowledge to answer this request because, to the best of their recollection, Plaintiff did not request overtime.  This request is irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts

13

and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 23:**

Admit that your supervisor(s) did not know the times when you began and ended your work on every day that you worked.

**RESPONSE:**

Plaintiff has made a reasonable inquiry into this matter and based on the information available, Plaintiff lacks sufficient knowledge to answer this request, as they do not know the extent to which their supervisor reviewed SICM entries, timekeeping entries, or other information that could have informed them of Plaintiff's work time.

**REQUEST FOR ADMISSION NO. 24:**

Admit that you could be assigned a case and close that same case within a 24-hour time period.

**RESPONSE:**

Plaintiff admits that some cases could be closed within 24 hours of when they were assigned, but this was not true for other cases.

**REQUEST FOR ADMISSION NO. 25:**

Admit that, after the COVID-19 pandemic started in or around March 2020, the amount of time you spent working in the field substantially decreased.

**RESPONSE:**

Because Plaintiff was hired in November 2021, after the date in the request, and the amount of time spent working in the field was approximately the same throughout his employment, Plaintiff cannot admit or deny this request.

**REQUEST FOR ADMISSION NO. 26:**

14

Admit that, in any workweek that you contend you worked more than 38.75 hours, you never reported any hours over 38.75 to your supervisor, manager, or human resources.

**RESPONSE:**

Plaintiff has made a reasonable inquiry into this matter and based on the information available, Plaintiff lacks sufficient knowledge to answer this request because they do not have complete records that would show weeks when they reported more than 38.75 hours.  This Request is irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.  Plaintiff does not yet have complete access to GEICO's timekeeping records, which GEICO has objected to producing, and therefore their response is not based on a review of those records (which, again, is irrelevant to Plaintiffs' claims).  Plaintiff reserves the right to amend their answer following a review of those records, should the Court compel GEICO to produce them.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 27:**

Admit that, by working off the clock as you allege, you received a more favorable rating on your annual Performance Assessment.

**RESPONSE:**

Plaintiff has made a reasonable inquiry into this matter and based on the information available, Plaintiff lacks sufficient knowledge to answer this request, as they are without SICM data that would allow them to model alternative hypothetical scenarios; however, Plaintiff

15

worked off the clock to avoid receiving a performance rating below of 3 out of 5 so Plaintiff would not be fired.

**REQUEST FOR ADMISSION NO. 28:**

Admit that you have no personal knowledge as to whether your SIU manager(s) was aware of the number of hours you worked each week during the Relevant Time Period.

**RESPONSE:**

Plaintiff admits to having no personal knowledge as to whether their SIU manager(s) was aware of the number of hours they worked each week during the Relevant Time Period FLSA. Plaintiff objects that this request seeks to distract from the relevant facts and liability standards in this case, because liability attaches to an underpayment if an employer "(a) requires, (b) knows about, or (c) should have known about through the exercise of reasonable diligence," *Perry v. City of New York*, 78 F.4th 502, 512-13 (2d Cir. 2023), and does not require Plaintiffs to have any specific personal knowledge of managers' knowledge or constructive knowledge.

Respectfully submitted,

Dated: December 9, 2025          By:    */s/ Michael J. Scimone*

Michael J. Scimone
Jarron D. McAllister
**OUTTEN & GOLDEN LLP**
685 Third Avenue, 25th Floor
New York, NY 10017
Telephone: 212-245-1000
Fax: 646-509-2060
mscimone@outtengolden.com
jmcallister@outtengolden.com

16

Ryan Cowdin*
**OUTTEN & GOLDEN LLP**
1225 New York Avenue NW
Suite 1200B
Washington, DC 20005
Telephone: 202-929-0636
Fax: 202-847-4410
rcowdin@outtengolden.com

Kaelyn Mahar
**OUTTEN & GOLDEN LLP**
One California Street, 12th Floor
San Francisco, CA 94111
Telephone: 415-715-1787
Fax: 415-638-8810
kmahar@outtengolden.com

Troy L. Kessler
Garrett Kaske
**KESSLER MATURA P.C.**
534 Broadhollow Road, Suite 275
Melville, NY 11747
Telephone: 631-499-9100
Facsimile: 800-451-0874
tkessler@kesslermatura.com
gkaske@kesslermatura.com
* Admitted *Pro Hac Vice*

*Attorneys for Plaintiffs and the Putative Class and Collective*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

KEITH FISCHER, MICHAEL O'SULLIVAN, JOHN MOESER, LOUIS PIA, THOMAS BARDEN, CONSTANCE MANGAN, and CHARISE JONES, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

GOVERNMENT EMPLOYEES INSURANCE COMPANY,

Defendant.

Case No. 2:23-CV-02848 (SJB) (SIL)

**PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST SET OF
REQUESTS FOR ADMISSION TO OPT-IN PLAINTIFF KEVIN DUX**

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Kevin Dux ("Plaintiff"), by and through their attorneys, Outten & Golden LLP, hereby submits the following objections and responses to Defendant's First Amended Set of Requests for Admission, dated October 31, 2025.

**PRELIMINARY STATEMENT**

All responses to the following Requests for Admission are based on information currently known to Plaintiff and are provided without prejudice to Plaintiff's right to submit evidence of any subsequently discovered facts and information, should such become known.  Plaintiff anticipates that as investigation and trial preparation continue, it is possible that additional facts may become known, which may in turn warrant additions to or changes in the responses provided herein.  These responses are made in a good faith effort to supply such information as is presently known to Plaintiff.  These responses and objections are made without prejudice to, and are not a waiver of, Plaintiff's right to rely on other facts or documents at trial.

Plaintiff reserves all objections to the competence, relevance, materiality, or admissibility at trial of any information or documents requested or identified by any party. The inadvertent disclosure of any privileged information shall not be deemed to be a waiver of any applicable privilege with respect to such information or any other information.

The production of information and/or documents pursuant to this response is made without waiving, or intending to waive, but on the contrary reserving and intending to reserve: (a) the right to object on any grounds to the use of information produced pursuant to this response in this or any other action or proceeding; (b) the right to object on any and all grounds, at any time, to other interrogatories or other discovery mechanisms or proceedings; and (c) the right at any time to revise, correct, or supplement this response.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

Plaintiff objects to Defendant's Definitions and Instructions to the extent they exceed the discovery obligations set forth in Federal Rule 36, which requires only admission relating to "facts, the application of law to fact, or opinions about either" and "the genuineness of any described documents." Plaintiff further objects to Defendant's Definitions and Instructions to the extent that they impose a discovery obligation to supply information that is not required by the Federal Rules of Civil Procedure or Local Rules and requests privileged information, such as information that tends to disclose the mental impressions of counsel or the identities of potential witnesses.

## RESPONSES AND OBJECTIONS TO SPECIFIC REQUESTS FOR ADMISSION

## REQUEST FOR ADMISSION NO. 1:

Admit that Defendant paid you for all hours that you recorded in Defendant's timekeeping system.

**RESPONSE:**

Plaintiff admits to having no direct knowledge of any hours they recorded in GEICO's timekeeping system that were underpaid.  This admission is irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked. Plaintiff does not yet have complete access to GEICO's timekeeping records, which GEICO has objected to producing, and therefore their response is not based on a review of those records (though that review, again, is irrelevant to Plaintiffs' claims).  Plaintiff reserves the right to amend their answer following a review of those records, should the Court compel GEICO to produce them.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 2:**

Admit that you do not have any written records reflecting amount(s) of time you worked each week that you did not record in Defendant's timekeeping system.

**RESPONSE:**

Plaintiff admits that they do not have written records reflecting unrecorded amount(s) of time they worked during each week.

**REQUEST FOR ADMISSION NO. 3:**

Admit that, if you reported work hours to a supervisor or manager, you were paid for those hours.

**RESPONSE:**

Plaintiff denies the premise of this request, because they did not specifically report all hours worked to their supervisor or manager.  This denial is irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 4:**

Admit that you have no personal knowledge as to whether Defendant intentionally violated any wage and hour laws.

**RESPONSE:**

Plaintiff objects to this request because it seeks an admission that is irrelevant to the claims or defenses in the case.  The Fair Labor Standards Act does not require proof of "intent[]" to violate the law.  Liability attaches to an underpayment if an employer "(a) requires, (b) knows about, or (c) should have known about [unpaid hours] through the exercise of reasonable diligence." *Perry v. City of New York*, 78 F.4th 502, 512-13 (2d Cir. 2023).  Plaintiff is entitled to a third year of FLSA liability if an employer "willfully" violated the law, which means "it either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the Act." *Id.* at 516.  And liquidated damages apply if the employer is unable to establish, to the satisfaction of the Court,[1] that it acted in good faith.  29 U.S.C. § 260.  None of these standards

---

[1]    Good faith is a question for the Court.  *See Perry v. City of New York*, No. 13 Civ. 1015, 2019 U.S. Dist. LEXIS 220519, at *9 (S.D.N.Y. Dec. 23, 2019) (holding "that the court's

4

require Plaintiff to prove intent.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 5:**

Admit that, during the Relevant Time Period, you did not work more than forty (40) hours for Defendant during any workweek.

**RESPONSE:**

Denied.  Plaintiff worked more than 40 hours in multiple workweeks throughout the course of their employment with GEICO.

**REQUEST FOR ADMISSION NO. 6:**

Admit that, during the Relevant Time Period, there were some workweeks during which

---

discretion to deny liquidate[d] damages is negated by a jury's finding of willfulness" based on the Second Circuit's *Pollis* case); *see also Pollis v. New Sch. for Soc. Research*, 132 F.3d 115, 120 (2d Cir. 1997) (making similar determination under the Equal Pay Act).  The majority of circuit courts that have considered the question have held that a jury's willfulness finding precludes a finding of good faith.  *See Black v. SettlePou, P.C.*, 732 F.3d 492, 501 (5th Cir. 2013) ("Because the jury found that [defendant] acted willfully in violating the FLSA, [defendant] cannot show that it acted in good faith."); *Herman v. Palo Grp. Foster Home, Inc.*, 183 F.3d 468, 474 (6th Cir. 1999) ("a finding of willfulness is dispositive of the liquidated-damages issue"); *Chao v. A-One Med. Servs., Inc.*, 346 F.3d 908, 920 (9th Cir. 2003) ("a finding of good faith is plainly inconsistent with a finding of willfulness"); *Brinkman v. Dep't of Corr. of State of Kan.*, 21 F.3d 370, 373 (10th Cir. 1994) (finding that the "district court properly awarded liquidated damages based upon the jury's finding of willfulness"); *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1166 (11th Cir. 2008) ("in an FLSA case a jury's finding in deciding . . . that the employer acted willfully precludes the court from finding that the employer acted in good faith"); *see also Ellison v. United States*, 25 Cl. Ct. 481, 499 (1992) (finding in Equal Pay Act case that "The evidence cannot support a finding that the willful failure to promote plaintiff constituted good faith action"); *E.E.O.C. v. Madison Cmty. Unit Sch. Dist. No. 12*, 818 F.2d 577, 586 (7th Cir. 1987) (finding in Equal Pay Act case that, "If [defendant] was acting reasonably and in good faith, it could hardly be guilty of violating the law either intentionally or with reckless disregard for the legality of its conduct.").

5

you did not work more than forty (40) hours for Defendant.

**RESPONSE:**

Admit that Plaintiff worked fewer than 40 hours in some workweeks in which Plaintiff worked less than a full schedule due to, e.g., holidays or other time off from work.

**REQUEST FOR ADMISSION NO. 7:**

Admit that you did not complain to Defendant that you worked overtime during the Relevant Time Period without compensation.

**RESPONSE:**

Plaintiff admits that they did not complain to Defendant that they worked overtime during the Relevant Time Period without compensation.

**REQUEST FOR ADMISSION NO. 8:**

Admit that no manager or supervisor in Defendant's Special Investigations Unit instructed you to work off-the-clock at any point during the Relevant Time Period.

**RESPONSE:**

Plaintiff admits that no manager or supervisor in GEICO's Special Investigations Unit specifically told them to work off the clock.  GEICO managers and supervisors, however, told Plaintiff that they would not approve overtime, overtime should be limited, and during some periods, that overtime was not available.  This admission is largely irrelevant to proof of the claims in this action, which concerns whether GEICO knew or should have known that Plaintiff worked off the clock as a result of its system of incentives to underreport hours worked and disincentives to accurately report hours worked.

**REQUEST FOR ADMISSION NO. 9:**

Admit that, throughout your employment with Defendant, Defendant maintained a written

6

policy requiring that you accurately record all of your hours worked in Defendant's timekeeping system.

**RESPONSE:**

Plaintiff is aware of and admits the existence of GEICO's timekeeping policies reflected at G00041. That admission is largely irrelevant to Plaintiff's allegations, which are that GEICO knowingly caused Plaintiffs to not record all of their work hours by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 10:**

Admit that, to the extent you claim you are owed unpaid overtime wages, you failed to adhere to the policy or policies described in Request No. 9.

**RESPONSE:**

Plaintiff admits that by not recording all hours worked in GEICO's timekeeping system, they did not comply with the policy described in their response to Request 9. That admission is largely irrelevant to Plaintiff's allegations, which are that GEICO knowingly caused Plaintiffs to not record all of their work hours by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

7

**REQUEST FOR ADMISSION NO. 11:**

Admit that, throughout your employment with Defendant, Defendant maintained a written policy forbidding "off the clock" work.

**RESPONSE:**

Plaintiff is aware of and admits the existence of GEICO's timekeeping policies reflected at G000062.  That admission is irrelevant to Plaintiff's allegations, which are that GEICO knowingly caused Plaintiffs to not record all of their work hours by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 12:**

Admit that, to the extent you claim you are owed unpaid overtime wages, you failed to adhere to the policy or policies described in Request No 11.

**RESPONSE:**

Plaintiff admits that by not recording all hours worked in GEICO's timekeeping system, they did not comply with GEICO's policy described in their response to Request 11.  That admission is irrelevant to Plaintiff's allegations, which are that GEICO knowingly caused Plaintiffs to not record all of their work hours by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

8

**REQUEST FOR ADMISSION NO. 13:**

Admit that, during the Relevant Time Period, you had the ability to "flex" your schedule such that you could adjust your work start time and/or end time so long as your weekly work hours totaled approximately 38.75 hours.

**RESPONSE:**

Plaintiff admits that they could adjust work hours during the week, up to a total of 38.75 hours. That admission is largely irrelevant to Plaintiff's allegations, which are that GEICO knowingly caused Plaintiffs to not record all of their work hours by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 14:**

Admit that, to the extent you entered weekly work hours over forty (40) into GEICO's timekeeping system during the Relevant Time Period, GEICO paid you for all such hours at one-and-one-half times your hourly rate of pay.

**RESPONSE:**

Plaintiff admits to having no direct knowledge of any hours over forty (40) they recorded in GEICO's timekeeping system that were unpaid. This admission is irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked. Plaintiff does not yet have complete access to GEICO's timekeeping records, which GEICO has objected to producing, and therefore their response is not based on a review of those

9

records (though that review, again, is irrelevant to Plaintiffs' claims).  Plaintiff reserves the right to amend their answer following a review of those records, should the Court compel GEICO to produce them.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 15:**

Admit that different cases required different amounts of time by you to investigate.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 16:**

Admit that you did not enter the amount(s) of time you spent on investigative tasks into GEICO's Special Investigation Case Management ("SICM") system.

**RESPONSE:**

Admit.  This admission is largely irrelevant to Plaintiffs' contentions about the SICM system, which are that it reflected timestamps for particular tasks that, taken as a whole, were one source of knowledge that GEICO supervisors could have used (and at times, did use) to identify off-the-clock work.  *See* S. Greenman Tr. 285:24-288:11.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 17:**

Admit that recording overtime hours in GEICO's timekeeping system did not cause your

10

annual performance rating to fall under a score of three out of five.

**RESPONSE:**

Plaintiff has made a reasonable inquiry into this matter and based on the information available, Plaintiff lacks sufficient knowledge to answer this request, because they lack access to sufficient SICM data to model how their performance metrics would change if they had reported all of their overtime hours.  This admission is irrelevant to the claims in this action because of its specificity, which narrowly focuses on whether entering their overtime hours in GEICO's timekeeping system caused them to fall under a score of three out of five, rather than whether GEICO knowingly created a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

**REQUEST FOR ADMISSION NO. 18:**

Admit that you did not inform your supervisor of every task you performed for each case you investigated or the corresponding amount of time you spent on each task.

**RESPONSE:**

Deny that Plaintiff did not inform their supervisor of the tasks they performed, insofar as those tasks had to be recorded in SICM; but admit that Plaintiff did not (and GEICO did not require Plaintiff to) separately quantify the time spent on every task to the extent Plaintiff's hours did not exceed 38.75 per week.  This admission is largely irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

11

**REQUEST FOR ADMISSION NO. 19:**

Admit that each case that you investigated required the performance of different investigative tasks.

**RESPONSE:**

Plaintiff denies that each case investigated required the performance of unique investigative tasks. Investigating cases required several common elements such as reviewing the claim file and running background checks. Plaintiff admits that cases they investigated were not identical and often required different investigative tasks based on those facts. This admission is irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 20:**

Admit that the number of hours that you contend you worked in a workweek varied due to factors other than the number of cases assigned to you.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 21:**

Admit that you reported to a supervisor who never denied your overtime request(s).

**RESPONSE:**

Plaintiff has made a reasonable inquiry into this matter and based on the information

12

available, Plaintiff lacks sufficient knowledge to answer this request because, to the best of their

recollection, Plaintiff does not remember whether they have requested overtime.  This request is

irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not

record by knowingly creating a system of incentives to underreport hours worked and disincentives

to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to

distract the factfinder and the Court by misdirecting their attention away from the relevant facts

and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 22:**

Admit that your supervisor(s) approved overtime when you followed the supervisor's

communicated practice for requesting overtime.

**RESPONSE:**

Plaintiff has made a reasonable inquiry into this matter and based on the information

available, Plaintiff lacks sufficient knowledge to answer this request because, to the best of their

recollection, Plaintiff does not remember whether they have requested overtime.  This request is

irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not

record by knowingly creating a system of incentives to underreport hours worked and disincentives

to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to

distract the factfinder and the Court by misdirecting their attention away from the relevant facts

and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 23:**

Admit that your supervisor(s) did not know the times when you began and ended your work

13

on every day that you worked.

**RESPONSE:**

Plaintiff has made a reasonable inquiry into this matter and based on the information available, Plaintiff lacks sufficient knowledge to answer this request, as they do not know the extent to which their supervisor reviewed SICM entries, timekeeping entries, or other information that could have informed them of Plaintiff's work time.

**REQUEST FOR ADMISSION NO. 24:**

Admit that you could be assigned a case and close that same case within a 24-hour time period.

**RESPONSE:**

Plaintiff admits that some cases could be closed within 24 hours of when they were assigned, but this was not true for other cases.

**REQUEST FOR ADMISSION NO. 25:**

Admit that, after the COVID-19 pandemic started in or around March 2020, the amount of time you spent working in the field substantially decreased.

**RESPONSE:**

Plaintiff admits that they followed GEICO's COVID-19 pandemic protocols starting in or around March 2020, which limited the types of activities that required fieldwork.

**REQUEST FOR ADMISSION NO. 26:**

Admit that, in any workweek that you contend you worked more than 38.75 hours, you never reported any hours over 38.75 to your supervisor, manager, or human resources.

**RESPONSE:**

Plaintiff has made a reasonable inquiry into this matter and based on the information

14

available, Plaintiff lacks sufficient knowledge to answer this request because they do not have complete records that would show weeks when they reported more than 38.75 hours.  This Request is irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.  Plaintiff does not yet have complete access to GEICO's timekeeping records, which GEICO has objected to producing, and therefore their response is not based on a review of those records (which, again, is irrelevant to Plaintiffs' claims).  Plaintiff reserves the right to amend their answer following a review of those records, should the Court compel GEICO to produce them.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 27:**

Admit that, by working off the clock as you allege, you received a more favorable rating on your annual Performance Assessment.

**RESPONSE:**

Plaintiff has made a reasonable inquiry into this matter and based on the information available, Plaintiff lacks sufficient knowledge to answer this request, as they are without SICM data that would allow them to model alternative hypothetical scenarios; however, Plaintiff worked off the clock to avoid receiving a performance rating below of 3 out of 5 so Plaintiff would not be fired.

**REQUEST FOR ADMISSION NO. 28:**

Admit that you have no personal knowledge as to whether your SIU manager(s) was aware

of the number of hours you worked each week during the Relevant Time Period.

**RESPONSE:**

Plaintiff admits to having no personal knowledge as to whether their SIU manager(s) was aware of the number of hours they worked each week during the Relevant Time Period FLSA. Plaintiff objects that this request seeks to distract from the relevant facts and liability standards in this case, because liability attaches to an underpayment if an employer "(a) requires, (b) knows about, or (c) should have known about through the exercise of reasonable diligence," *Perry v. City of New York*, 78 F.4th 502, 512-13 (2d Cir. 2023), and does not require Plaintiffs to have any specific personal knowledge of managers' knowledge or constructive knowledge.

Respectfully submitted,

Dated: December 5, 2025          By:   */s/ Michael J. Scimone*

Michael J. Scimone
Jarron D. McAllister
**OUTTEN & GOLDEN LLP**
685 Third Avenue, 25th Floor
New York, NY 10017
Telephone: 212-245-1000
Fax: 646-509-2060
mscimone@outtengolden.com
jmcallister@outtengolden.com

Ryan Cowdin*
**OUTTEN & GOLDEN LLP**
1225 New York Avenue NW
Suite 1200B
Washington, DC 20005
Telephone: 202-929-0636
Fax: 202-847-4410
rcowdin@outtengolden.com

16

Kaelyn Mahar
**OUTTEN & GOLDEN LLP**
One California Street, 12th Floor
San Francisco, CA 94111
Telephone: 415-715-1787
Fax: 415-638-8810
kmahar@outtengolden.com

Troy L. Kessler
Garrett Kaske
**KESSLER MATURA P.C.**
534 Broadhollow Road, Suite 275
Melville, NY 11747
Telephone: 631-499-9100
Facsimile: 800-451-0874
tkessler@kesslermatura.com
gkaske@kesslermatura.com
* Admitted *Pro Hac Vice*

*Attorneys for Plaintiffs and the Putative Class and Collective*

17

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

KEITH FISCHER, MICHAEL
O'SULLIVAN, JOHN MOESER, LOUIS PIA,
THOMAS BARDEN, CONSTANCE
MANGAN, and CHARISE JONES,
individually and on behalf of all others
similarly situated,

        Plaintiffs,

        v.

        GOVERNMENT EMPLOYEES
INSURANCE COMPANY,

        Defendant.

Case No. 2:23-CV-02848 (SJB) (SIL)

## PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST SET OF
## REQUESTS FOR ADMISSION TO OPT-IN PLAINTIFF SHEENA FAUBLAS

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Sheena Faublas ("Plaintiff"),

by and through their attorneys, Outten & Golden LLP, hereby submits the following objections

and responses to Defendant's First Amended Set of Requests for Admission, dated October 31,

2025.

## PRELIMINARY STATEMENT

All responses to the following Requests for Admission are based on information currently

known to Plaintiff and are provided without prejudice to Plaintiff's right to submit evidence of

any subsequently discovered facts and information, should such become known.  Plaintiff

anticipates that as investigation and trial preparation continue, it is possible that additional facts

may become known, which may in turn warrant additions to or changes in the responses

provided herein.  These responses are made in a good faith effort to supply such information as is

presently known to Plaintiff.  These responses and objections are made without prejudice to, and

1

are not a waiver of, Plaintiff's right to rely on other facts or documents at trial.

Plaintiff reserves all objections to the competence, relevance, materiality, or admissibility at trial of any information or documents requested or identified by any party.  The inadvertent disclosure of any privileged information shall not be deemed to be a waiver of any applicable privilege with respect to such information or any other information.

The production of information and/or documents pursuant to this response is made without waiving, or intending to waive, but on the contrary reserving and intending to reserve: (a) the right to object on any grounds to the use of information produced pursuant to this response in this or any other action or proceeding; (b) the right to object on any and all grounds, at any time, to other interrogatories or other discovery mechanisms or proceedings; and (c) the right at any time to revise, correct, or supplement this response.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

Plaintiff objects to Defendant's Definitions and Instructions to the extent they exceed the discovery obligations set forth in Federal Rule 36, which requires only admission relating to "facts, the application of law to fact, or opinions about either" and "the genuineness of any described documents."  Plaintiff further objects to Defendant's Definitions and Instructions to the extent that they impose a discovery obligation to supply information that is not required by the Federal Rules of Civil Procedure or Local Rules and requests privileged information, such as information that tends to disclose the mental impressions of counsel or the identities of potential witnesses.

## RESPONSES AND OBJECTIONS TO SPECIFIC REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:**

Admit that Defendant paid you for all hours that you recorded in Defendant's timekeeping system.

**RESPONSE:**

Plaintiff admits to having no direct knowledge of any hours they recorded in GEICO's timekeeping system that were underpaid.  This admission is irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked. Plaintiff does not yet have complete access to GEICO's timekeeping records, which GEICO has objected to producing, and therefore their response is not based on a review of those records (though that review, again, is irrelevant to Plaintiffs' claims).  Plaintiff reserves the right to amend their answer following a review of those records, should the Court compel GEICO to produce them.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 2:**

Admit that you do not have any written records reflecting amount(s) of time you worked each week that you did not record in Defendant's timekeeping system.

**RESPONSE:**

Plaintiff admits that they do not have written records reflecting unrecorded amount(s) of time they worked during each week.

3

**REQUEST FOR ADMISSION NO. 3:**

Admit that, if you reported work hours to a supervisor or manager, you were paid for those

hours.

**RESPONSE:**

Plaintiff denies the premise of this request, because they did not specifically report all hours

worked to their supervisor or manager.  This denial is irrelevant to the claims in this action, which

concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of

incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to

distract the factfinder and the Court by misdirecting their attention away from the relevant facts

and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 4:**

Admit that you have no personal knowledge as to whether Defendant intentionally violated

any wage and hour laws.

**RESPONSE:**

Plaintiff objects to this request because it seeks an admission that is irrelevant to the claims

or defenses in the case.  The Fair Labor Standards Act does not require proof of "intent[]" to

violate the law.  Liability attaches to an underpayment if an employer "(a) requires, (b) knows

about, or (c) should have known about [unpaid hours] through the exercise of reasonable

diligence." *Perry v. City of New York*, 78 F.4th 502, 512-13 (2d Cir. 2023).  Plaintiff is entitled to a

third year of FLSA liability if an employer "willfully" violated the law, which means "it either

knew or showed reckless disregard for the matter of whether its conduct was prohibited by the

Act." *Id.* at 516.  And liquidated damages apply if the employer is unable to establish, to the

4

satisfaction of the Court,[1] that it acted in good faith.  29 U.S.C. § 260.  None of these standards require Plaintiff to prove intent.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

## REQUEST FOR ADMISSION NO. 5:

Admit that, during the Relevant Time Period, you did not work more than forty (40) hours for Defendant during any workweek.

## RESPONSE:

Denied.  Plaintiff worked more than 40 hours in multiple workweeks throughout the course of their employment with GEICO.

---

[1]     Good faith is a question for the Court.  *See Perry v. City of New York*, No. 13 Civ. 1015, 2019 U.S. Dist. LEXIS 220519, at *9 (S.D.N.Y. Dec. 23, 2019) (holding "that the court's discretion to deny liquidate[d] damages is negated by a jury's finding of willfulness" based on the Second Circuit's *Pollis* case); *see also Pollis v. New Sch. for Soc. Research*, 132 F.3d 115, 120 (2d Cir. 1997) (making similar determination under the Equal Pay Act).  The majority of circuit courts that have considered the question have held that a jury's willfulness finding precludes a finding of good faith.  *See Black v. SettlePou, P.C.*, 732 F.3d 492, 501 (5th Cir. 2013) ("Because the jury found that [defendant] acted willfully in violating the FLSA, [defendant] cannot show that it acted in good faith."); *Herman v. Palo Grp. Foster Home, Inc.*, 183 F.3d 468, 474 (6th Cir. 1999) ("a finding of willfulness is dispositive of the liquidated-damages issue"); *Chao v. A-One Med. Servs., Inc.*, 346 F.3d 908, 920 (9th Cir. 2003) ("a finding of good faith is plainly inconsistent with a finding of willfulness"); *Brinkman v. Dep't of Corr. of State of Kan.*, 21 F.3d 370, 373 (10th Cir. 1994) (finding that the "district court properly awarded liquidated damages based upon the jury's finding of willfulness"); *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1166 (11th Cir. 2008) ("in an FLSA case a jury's finding in deciding . . . that the employer acted willfully precludes the court from finding that the employer acted in good faith"); *see also Ellison v. United States*, 25 Cl. Ct. 481, 499 (1992) (finding in Equal Pay Act case that "The evidence cannot support a finding that the willful failure to promote plaintiff constituted good faith action"); *E.E.O.C. v. Madison Cmty. Unit Sch. Dist. No. 12*, 818 F.2d 577, 586 (7th Cir. 1987) (finding in Equal Pay Act case that, "If [defendant] was acting reasonably and in good faith, it could hardly be guilty of violating the law either intentionally or with reckless disregard for the legality of its conduct.").

**REQUEST FOR ADMISSION NO. 6:**

Admit that, during the Relevant Time Period, there were some workweeks during which you did not work more than forty (40) hours for Defendant.

**RESPONSE:**

Admit that Plaintiff worked fewer than 40 hours in some workweeks in which Plaintiff worked less than a full schedule due to, e.g., holidays or other time off from work.

**REQUEST FOR ADMISSION NO. 7:**

Admit that you did not complain to Defendant that you worked overtime during the Relevant Time Period without compensation.

**RESPONSE:**

Plaintiff admits that they did not complain to Defendant that they worked overtime during the Relevant Time Period without compensation.

**REQUEST FOR ADMISSION NO. 8:**

Admit that no manager or supervisor in Defendant's Special Investigations Unit instructed you to work off-the-clock at any point during the Relevant Time Period.

**RESPONSE:**

Plaintiff admits that no manager or supervisor in GEICO's Special Investigations Unit specifically told them to work off the clock. GEICO managers and supervisors, however, told Plaintiff that overtime was not available. This admission is largely irrelevant to proof of the claims in this action, which concerns whether GEICO knew or should have known that Plaintiff worked off the clock as a result of its system of incentives to underreport hours worked and disincentives to accurately report hours worked.

**REQUEST FOR ADMISSION NO. 9:**

6

Admit that, throughout your employment with Defendant, Defendant maintained a written policy requiring that you accurately record all of your hours worked in Defendant's timekeeping system.

**RESPONSE:**

Plaintiff is aware of and admits the existence of GEICO's timekeeping policies reflected at G00041.  That admission is largely irrelevant to Plaintiff's allegations, which are that GEICO knowingly caused Plaintiffs to not record all of their work hours by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 10:**

Admit that, to the extent you claim you are owed unpaid overtime wages, you failed to adhere to the policy or policies described in Request No. 9.

**RESPONSE:**

Plaintiff admits that by not recording all hours worked in GEICO's timekeeping system, they did not comply with the policy described in their response to Request 9.  That admission is largely irrelevant to Plaintiff's allegations, which are that GEICO knowingly caused Plaintiffs to not record all of their work hours by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

7

**REQUEST FOR ADMISSION NO. 11:**

Admit that, throughout your employment with Defendant, Defendant maintained a written policy forbidding "off the clock" work.

**RESPONSE:**

Plaintiff is aware of and admits the existence of GEICO's timekeeping policies reflected at G000062.  That admission is irrelevant to Plaintiff's allegations, which are that GEICO knowingly caused Plaintiffs to not record all of their work hours by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 12:**

Admit that, to the extent you claim you are owed unpaid overtime wages, you failed to adhere to the policy or policies described in Request No 11.

**RESPONSE:**

Plaintiff admits that by not recording all hours worked in GEICO's timekeeping system, they did not comply with GEICO's policy described in their response to Request 11.  That admission is irrelevant to Plaintiff's allegations, which are that GEICO knowingly caused Plaintiffs to not record all of their work hours by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

8

**REQUEST FOR ADMISSION NO. 13:**

Admit that, during the Relevant Time Period, you had the ability to "flex" your schedule such that you could adjust your work start time and/or end time so long as your weekly work hours totaled approximately 38.75 hours.

**RESPONSE:**

Plaintiff admits that they could adjust work hours during the week, up to a total of 38.75 hours. That admission is largely irrelevant to Plaintiff's allegations, which are that GEICO knowingly caused Plaintiffs to not record all of their work hours by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 14:**

Admit that, to the extent you entered weekly work hours over forty (40) into GEICO's timekeeping system during the Relevant Time Period, GEICO paid you for all such hours at one-and-one-half times your hourly rate of pay.

**RESPONSE:**

Plaintiff admits to having no direct knowledge of any hours over forty (40) they recorded in GEICO's timekeeping system that were unpaid. This admission is irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked. Plaintiff does not yet have complete access to GEICO's timekeeping records, which GEICO has objected to producing, and therefore their response is not based on a review of those

9

records (though that review, again, is irrelevant to Plaintiffs' claims). Plaintiff reserves the right to amend their answer following a review of those records, should the Court compel GEICO to produce them.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 15:**

Admit that different cases required different amounts of time by you to investigate.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 16:**

Admit that you did not enter the amount(s) of time you spent on investigative tasks into GEICO's Special Investigation Case Management ("SICM") system.

**RESPONSE:**

Admit. This admission is largely irrelevant to Plaintiffs' contentions about the SICM system, which are that it reflected timestamps for particular tasks that, taken as a whole, were one source of knowledge that GEICO supervisors could have used (and at times, did use) to identify off-the-clock work. *See* S. Greenman Tr. 285:24-288:11.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 17:**

Admit that recording overtime hours in GEICO's timekeeping system did not cause your

10

annual performance rating to fall under a score of three out of five.

**RESPONSE:**

Plaintiff has made a reasonable inquiry into this matter and based on the information available, Plaintiff lacks sufficient knowledge to answer this request, because they lack access to sufficient SICM data to model how their performance metrics would change if they had reported all of their overtime hours. This admission is irrelevant to the claims in this action because of its specificity, which narrowly focuses on whether entering their overtime hours in GEICO's timekeeping system caused them to fall under a score of three out of five, rather than whether GEICO knowingly created a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

**REQUEST FOR ADMISSION NO. 18:**

Admit that you did not inform your supervisor of every task you performed for each case you investigated or the corresponding amount of time you spent on each task.

**RESPONSE:**

Deny that Plaintiff did not inform their supervisor of the tasks they performed, insofar as those tasks had to be recorded in SICM and deny that Plaintiff did not inform their supervisor of the time spent on those tasks on those occasions when Plaintiff requested overtime; but admit that Plaintiff did not (and GEICO did not require Plaintiff to) separately quantify the time spent on every task to the extent Plaintiff's hours did not exceed 38.75 per week. This admission is largely irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to

11

distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 19:**

Admit that each case that you investigated required the performance of different investigative tasks.

**RESPONSE:**

Plaintiff denies that each case investigated required the performance of unique investigative tasks.  Investigating cases required several common elements such as reviewing the claim file and running background checks.  Plaintiff admits that cases they investigated were not identical and often required different investigative tasks based on those facts.  This admission is irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 20:**

Admit that the number of hours that you contend you worked in a workweek varied due to factors other than the number of cases assigned to you.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 21:**

Admit that you reported to a supervisor who never denied your overtime request(s).

12

**RESPONSE:**

Plaintiff denies that their supervisor(s) never denied a request for overtime.  Plaintiff asked Danielle Perdomo, their supervisor, for overtime on several occasions.  In response, Perdomo denied these requests. This denial is irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 22:**

Admit that your supervisor(s) approved overtime when you followed the supervisor's communicated practice for requesting overtime.

**RESPONSE:**

Plaintiff denies that their supervisor(s) approved overtime.  This denial is irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 23:**

Admit that your supervisor(s) did not know the times when you began and ended your work on every day that you worked.

13

**RESPONSE:**

Plaintiff has made a reasonable inquiry into this matter and based on the information available, Plaintiff lacks sufficient knowledge to answer this request, as they do not know the extent to which their supervisor reviewed SICM entries, timekeeping entries, or other information that could have informed them of Plaintiff's work time.

**REQUEST FOR ADMISSION NO. 24:**

Admit that you could be assigned a case and close that same case within a 24-hour time period.

**RESPONSE:**

Plaintiff admits that some cases could be closed within 24 hours of when they were assigned, but this was not true for other cases.

**REQUEST FOR ADMISSION NO. 25:**

Admit that, after the COVID-19 pandemic started in or around March 2020, the amount of time you spent working in the field substantially decreased.

**RESPONSE:**

Plaintiff admits that they followed GEICO's COVID-19 pandemic protocols starting in or around March 2020, which limited the types of activities that required fieldwork.

**REQUEST FOR ADMISSION NO. 26:**

Admit that, in any workweek that you contend you worked more than 38.75 hours, you never reported any hours over 38.75 to your supervisor, manager, or human resources.

**RESPONSE:**

Plaintiff has made a reasonable inquiry into this matter and based on the information available, Plaintiff lacks sufficient knowledge to answer this request because they do not have

14

complete records that would show weeks when they reported more than 38.75 hours.  This

Request is irrelevant to the claims in this action, which concern time that GEICO caused

Plaintiffs to not record by knowingly creating a system of incentives to underreport hours

worked and disincentives to accurately report hours worked.  Plaintiff does not yet have

complete access to GEICO's timekeeping records, which GEICO has objected to producing, and

therefore their response is not based on a review of those records (which, again, is irrelevant to

Plaintiffs' claims).  Plaintiff reserves the right to amend their answer following a review of those

records, should the Court compel GEICO to produce them.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking

to distract the factfinder and the Court by misdirecting their attention away from the relevant

facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 27:**

Admit that, by working off the clock as you allege, you received a more favorable rating

on your annual Performance Assessment.

**RESPONSE:**

Plaintiff has made a reasonable inquiry into this matter and based on the information

available, Plaintiff lacks sufficient knowledge to answer this request, as they are without SICM

data that would allow them to model alternative hypothetical scenarios; however, Plaintiff

worked off the clock to avoid receiving a performance rating below of 3 out of 5 so Plaintiff

would not be fired.

**REQUEST FOR ADMISSION NO. 28:**

Admit that you have no personal knowledge as to whether your SIU manager(s) was aware

of the number of hours you worked each week during the Relevant Time Period.

15

**RESPONSE:**

Plaintiff admits to having no personal knowledge as to whether their SIU manager(s) was aware of the number of hours they worked each week during the Relevant Time Period FLSA. Plaintiff objects that this request seeks to distract from the relevant facts and liability standards in this case, because liability attaches to an underpayment if an employer "(a) requires, (b) knows about, or (c) should have known about through the exercise of reasonable diligence," *Perry v. City of New York*, 78 F.4th 502, 512-13 (2d Cir. 2023), and does not require Plaintiffs to have any specific personal knowledge of managers' knowledge or constructive knowledge.

Respectfully submitted,

Dated: December 1, 2025          By:     /s/ Michael J. Scimone

Michael J. Scimone
Jarron D. McAllister
**OUTTEN & GOLDEN LLP**
685 Third Avenue, 25th Floor
New York, NY 10017
Telephone: 212-245-1000
Fax: 646-509-2060
mscimone@outtengolden.com
jmcallister@outtengolden.com

Ryan Cowdin*
**OUTTEN & GOLDEN LLP**
1225 New York Avenue NW
Suite 1200B
Washington, DC 20005
Telephone: 202-929-0636
Fax: 202-847-4410
rcowdin@outtengolden.com

16

Kaelyn Mahar
**OUTTEN & GOLDEN LLP**
One California Street, 12th Floor
San Francisco, CA 94111
Telephone: 415-715-1787
Fax: 415-638-8810
kmahar@outtengolden.com

Troy L. Kessler
Garrett Kaske
**KESSLER MATURA P.C.**
534 Broadhollow Road, Suite 275
Melville, NY 11747
Telephone: 631-499-9100
Facsimile: 800-451-0874
tkessler@kesslermatura.com
gkaske@kesslermatura.com
* Admitted *Pro Hac Vice*

*Attorneys for Plaintiffs and the Putative Class and Collective*

17

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

KEITH FISCHER, MICHAEL
O'SULLIVAN, JOHN MOESER, LOUIS PIA,
THOMAS BARDEN, CONSTANCE
MANGAN, and CHARISE JONES,
individually and on behalf of all others
similarly situated,

        Plaintiffs,

v.

        GOVERNMENT EMPLOYEES
INSURANCE COMPANY,

        Defendant.

Case No. 2:23-CV-02848 (SJB) (SIL)

**PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST SET OF
REQUESTS FOR ADMISSION TO OPT-IN PLAINTIFF KAREN GOTTERBARN**

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Karen Gotterbarn ("Plaintiff"),

by and through their attorneys, Outten & Golden LLP, hereby submits the following objections

and responses to Defendant's First Amended Set of Requests for Admission, dated October 31,

2025.

**PRELIMINARY STATEMENT**

All responses to the following Requests for Admission are based on information currently

known to Plaintiff and are provided without prejudice to Plaintiff's right to submit evidence of any

subsequently discovered facts and information, should such become known.  Plaintiff anticipates

that as investigation and trial preparation continue, it is possible that additional facts may become

known, which may in turn warrant additions to or changes in the responses provided herein.  These

responses are made in a good faith effort to supply such information as is presently known to

Plaintiff.  These responses and objections are made without prejudice to, and are not a waiver of,

1

Plaintiff's right to rely on other facts or documents at trial.

Plaintiff reserves all objections to the competence, relevance, materiality, or admissibility at trial of any information or documents requested or identified by any party. The inadvertent disclosure of any privileged information shall not be deemed to be a waiver of any applicable privilege with respect to such information or any other information.

The production of information and/or documents pursuant to this response is made without waiving, or intending to waive, but on the contrary reserving and intending to reserve: (a) the right to object on any grounds to the use of information produced pursuant to this response in this or any other action or proceeding; (b) the right to object on any and all grounds, at any time, to other interrogatories or other discovery mechanisms or proceedings; and (c) the right at any time to revise, correct, or supplement this response.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

Plaintiff objects to Defendant's Definitions and Instructions to the extent they exceed the discovery obligations set forth in Federal Rule 36, which requires only admission relating to "facts, the application of law to fact, or opinions about either" and "the genuineness of any described documents." Plaintiff further objects to Defendant's Definitions and Instructions to the extent that they impose a discovery obligation to supply information that is not required by the Federal Rules of Civil Procedure or Local Rules and requests privileged information, such as information that tends to disclose the mental impressions of counsel or the identities of potential witnesses.

**RESPONSES AND OBJECTIONS TO SPECIFIC REQUESTS FOR ADMISSION**

**REQUEST FOR ADMISSION NO. 1:**

Admit that Defendant paid you for all hours that you recorded in Defendant's timekeeping system.

**RESPONSE:**

Plaintiff admits to having no direct knowledge of any hours they recorded in GEICO's timekeeping system that were underpaid. This admission is irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked. Plaintiff does not yet have complete access to GEICO's timekeeping records, which GEICO has objected to producing, and therefore their response is not based on a review of those records (though that review, again, is irrelevant to Plaintiffs' claims). Plaintiff reserves the right to amend their answer following a review of those records, should the Court compel GEICO to produce them.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 2:**

Admit that you do not have any written records reflecting amount(s) of time you worked each week that you did not record in Defendant's timekeeping system.

**RESPONSE:**

Plaintiff admits that they do not have written records reflecting unrecorded amount(s) of time they worked during each week.

3

**REQUEST FOR ADMISSION NO. 3:**

Admit that, if you reported work hours to a supervisor or manager, you were paid for those hours.

**RESPONSE:**

Plaintiff denies the premise of this request, because they did not specifically report all hours worked to their supervisor or manager. This denial is irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 4:**

Admit that you have no personal knowledge as to whether Defendant intentionally violated any wage and hour laws.

**RESPONSE:**

Plaintiff objects to this request because it seeks an admission that is irrelevant to the claims or defenses in the case. The Fair Labor Standards Act does not require proof of "intent[]" to violate the law. Liability attaches to an underpayment if an employer "(a) requires, (b) knows about, or (c) should have known about [unpaid hours] through the exercise of reasonable diligence." *Perry v. City of New York*, 78 F.4th 502, 512-13 (2d Cir. 2023). Plaintiff is entitled to a third year of FLSA liability if an employer "willfully" violated the law, which means "it either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the Act." *Id.* at 516. And liquidated

4

damages apply if the employer is unable to establish, to the satisfaction of the Court,[1] that it acted in good faith.  29 U.S.C. § 260.  None of these standards require Plaintiff to prove intent.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 5:**

Admit that, during the Relevant Time Period, you did not work more than forty (40) hours for Defendant during any workweek.

**RESPONSE:**

Denied.  Plaintiff worked more than 40 hours in multiple workweeks throughout the course of their employment with GEICO.

---

[1]    Good faith is a question for the Court.  *See Perry v. City of New York*, No. 13 Civ. 1015, 2019 U.S. Dist. LEXIS 220519, at *9 (S.D.N.Y. Dec. 23, 2019) (holding "that the court's discretion to deny liquidate[d] damages is negated by a jury's finding of willfulness" based on the Second Circuit's *Pollis* case); *see also Pollis v. New Sch. for Soc. Research*, 132 F.3d 115, 120 (2d Cir. 1997) (making similar determination under the Equal Pay Act).  The majority of circuit courts that have considered the question have held that a jury's willfulness finding precludes a finding of good faith.  *See Black v. SettlePou, P.C.*, 732 F.3d 492, 501 (5th Cir. 2013) ("Because the jury found that [defendant] acted willfully in violating the FLSA, [defendant] cannot show that it acted in good faith."); *Herman v. Palo Grp. Foster Home, Inc.*, 183 F.3d 468, 474 (6th Cir. 1999) ("a finding of willfulness is dispositive of the liquidated-damages issue"); *Chao v. A-One Med. Servs., Inc.*, 346 F.3d 908, 920 (9th Cir. 2003) ("a finding of good faith is plainly inconsistent with a finding of willfulness"); *Brinkman v. Dep't of Corr. of State of Kan.*, 21 F.3d 370, 373 (10th Cir. 1994) (finding that the "district court properly awarded liquidated damages based upon the jury's finding of willfulness"); *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1166 (11th Cir. 2008) ("in an FLSA case a jury's finding in deciding . . . that the employer acted willfully precludes the court from finding that the employer acted in good faith"); *see also Ellison v. United States*, 25 Cl. Ct. 481, 499 (1992) (finding in Equal Pay Act case that "The evidence cannot support a finding that the willful failure to promote plaintiff constituted good faith action"); *E.E.O.C. v. Madison Cmty. Unit Sch. Dist. No. 12*, 818 F.2d 577, 586 (7th Cir. 1987) (finding in Equal Pay Act case that, "If [defendant] was acting reasonably and in good faith, it could hardly be guilty of violating the law either intentionally or with reckless disregard for the legality of its conduct.").

5

**REQUEST FOR ADMISSION NO. 6:**

Admit that, during the Relevant Time Period, there were some workweeks during which you did not work more than forty (40) hours for Defendant.

**RESPONSE:**

Admit that Plaintiff worked fewer than 40 hours in some workweeks in which Plaintiff worked less than a full schedule due to, e.g., holidays or other time off from work.

**REQUEST FOR ADMISSION NO. 7:**

Admit that you did not complain to Defendant that you worked overtime during the Relevant Time Period without compensation.

**RESPONSE:**

Plaintiff denies that they did not complain to Defendant that they worked overtime during the Relevant Time Period without compensation.  Plaintiff mentioned that she was working off the clock to Danielle Perdomo, Plaintiff's supervisor, on at least one occasion.

**REQUEST FOR ADMISSION NO. 8:**

Admit that no manager or supervisor in Defendant's Special Investigations Unit instructed you to work off-the-clock at any point during the Relevant Time Period.

**RESPONSE:**

Plaintiff admits that no manager or supervisor in GEICO's Special Investigations Unit specifically told them to work off the clock.  GEICO managers and supervisors, however, told Plaintiff that overtime was not generally available.  This admission is largely irrelevant to proof of the claims in this action, which concerns whether GEICO knew or should have known that Plaintiff worked off the clock as a result of its system of incentives to underreport hours worked and disincentives to accurately report hours worked.

6

**REQUEST FOR ADMISSION NO. 9:**

Admit that, throughout your employment with Defendant, Defendant maintained a written policy requiring that you accurately record all of your hours worked in Defendant's timekeeping system.

**RESPONSE:**

Plaintiff is aware of and admits the existence of GEICO's timekeeping policies reflected at G00041.  That admission is largely irrelevant to Plaintiff's allegations, which are that GEICO knowingly caused Plaintiffs to not record all of their work hours by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 10:**

Admit that, to the extent you claim you are owed unpaid overtime wages, you failed to adhere to the policy or policies described in Request No. 9.

**RESPONSE:**

Plaintiff admits that by not recording all hours worked in GEICO's timekeeping system, they did not comply with the policy described in their response to Request 9.  That admission is largely irrelevant to Plaintiff's allegations, which are that GEICO knowingly caused Plaintiffs to not record all of their work hours by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts

7

and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 11:**

Admit that, throughout your employment with Defendant, Defendant maintained a written policy forbidding "off the clock" work.

**RESPONSE:**

Plaintiff is aware of and admits the existence of GEICO's timekeeping policies reflected at G000062.  That admission is irrelevant to Plaintiff's allegations, which are that GEICO knowingly caused Plaintiffs to not record all of their work hours by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 12:**

Admit that, to the extent you claim you are owed unpaid overtime wages, you failed to adhere to the policy or policies described in Request No 11.

**RESPONSE:**

Plaintiff admits that by not recording all hours worked in GEICO's timekeeping system, they did not comply with GEICO's policy described in their response to Request 11.  That admission is irrelevant to Plaintiff's allegations, which are that GEICO knowingly caused Plaintiffs to not record all of their work hours by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant

8

facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 13:**

Admit that, during the Relevant Time Period, you had the ability to "flex" your schedule such that you could adjust your work start time and/or end time so long as your weekly work hours totaled approximately 38.75 hours.

**RESPONSE:**

Plaintiff admits that they could adjust work hours during the week, up to a total of 38.75 hours. That admission is largely irrelevant to Plaintiff's allegations, which are that GEICO knowingly caused Plaintiffs to not record all of their work hours by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 14:**

Admit that, to the extent you entered weekly work hours over forty (40) into GEICO's timekeeping system during the Relevant Time Period, GEICO paid you for all such hours at one-and-one-half times your hourly rate of pay.

**RESPONSE:**

Plaintiff admits to having no direct knowledge of any hours over forty (40) they recorded in GEICO's timekeeping system that were unpaid. This admission is irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked. Plaintiff does not yet have complete access to GEICO's timekeeping records, which

9

GEICO has objected to producing, and therefore their response is not based on a review of those records (though that review, again, is irrelevant to Plaintiffs' claims).  Plaintiff reserves the right to amend their answer following a review of those records, should the Court compel GEICO to produce them.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 15:**

Admit that different cases required different amounts of time by you to investigate.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 16:**

Admit that you did not enter the amount(s) of time you spent on investigative tasks into GEICO's Special Investigation Case Management ("SICM") system.

**RESPONSE:**

Admit.  This admission is largely irrelevant to Plaintiffs' contentions about the SICM system, which are that it reflected timestamps for particular tasks that, taken as a whole, were one source of knowledge that GEICO supervisors could have used (and at times, did use) to identify off-the-clock work.  *See* S. Greenman Tr. 285:24-288:11.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

10

**REQUEST FOR ADMISSION NO. 17:**

Admit that recording overtime hours in GEICO's timekeeping system did not cause your annual performance rating to fall under a score of three out of five.

**RESPONSE:**

Plaintiff has made a reasonable inquiry into this matter and based on the information available, Plaintiff lacks sufficient knowledge to answer this request, because they lack access to sufficient SICM data to model how their performance metrics would change if they had reported all of their overtime hours. This admission is irrelevant to the claims in this action because of its specificity, which narrowly focuses on whether entering their overtime hours in GEICO's timekeeping system caused them to fall under a score of three out of five, rather than whether GEICO knowingly created a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

**REQUEST FOR ADMISSION NO. 18:**

Admit that you did not inform your supervisor of every task you performed for each case you investigated or the corresponding amount of time you spent on each task.

**RESPONSE:**

Deny that Plaintiff did not inform their supervisor of the tasks they performed, insofar as those tasks had to be recorded in SICM and deny that Plaintiff did not inform their supervisor of the time spent on those tasks on those occasions when Plaintiff requested overtime; but admit that Plaintiff did not (and GEICO did not require Plaintiff to) separately quantify the time spent on every task to the extent Plaintiff's hours did not exceed 38.75 per week. This admission is largely irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to

11

accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 19:**

Admit that each case that you investigated required the performance of different investigative tasks.

**RESPONSE:**

Plaintiff denies that each case investigated required the performance of unique investigative tasks.  Investigating cases required several common elements such as reviewing the claim file and running background checks.  Plaintiff admits that cases they investigated were not identical and often required different investigative tasks based on those facts.  This admission is irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 20:**

Admit that the number of hours that you contend you worked in a workweek varied due to factors other than the number of cases assigned to you.

**RESPONSE:**

Admit.

12

**REQUEST FOR ADMISSION NO. 21:**

Admit that you reported to a supervisor who never denied your overtime request(s).

**RESPONSE:**

Plaintiff has made a reasonable inquiry into this matter and based on the information available, Plaintiff lacks sufficient knowledge to answer this request because, to the best of their recollection, Plaintiff did not request overtime.  This request is irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 22:**

Admit that your supervisor(s) approved overtime when you followed the supervisor's communicated practice for requesting overtime.

**RESPONSE:**

Plaintiff has made a reasonable inquiry into this matter and based on the information available, Plaintiff lacks sufficient knowledge to answer this request because, to the best of their recollection, Plaintiff did not request overtime.  This request is irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

13

**REQUEST FOR ADMISSION NO. 23:**

Admit that your supervisor(s) did not know the times when you began and ended your work on every day that you worked.

**RESPONSE:**

Plaintiff has made a reasonable inquiry into this matter and based on the information available, Plaintiff lacks sufficient knowledge to answer this request, as they do not know the extent to which their supervisor reviewed SICM entries, timekeeping entries, or other information that could have informed them of Plaintiff's work time.

**REQUEST FOR ADMISSION NO. 24:**

Admit that you could be assigned a case and close that same case within a 24-hour time period.

**RESPONSE:**

Plaintiff admits that some cases could be closed within 24 hours of when they were assigned, but this was not true for other cases.

**REQUEST FOR ADMISSION NO. 25:**

Admit that, after the COVID-19 pandemic started in or around March 2020, the amount of time you spent working in the field substantially decreased.

**RESPONSE:**

Plaintiff admits that they followed GEICO's COVID-19 pandemic protocols starting in or around March 2020, which limited the types of activities that required fieldwork.

**REQUEST FOR ADMISSION NO. 26:**

Admit that, in any workweek that you contend you worked more than 38.75 hours, you never reported any hours over 38.75 to your supervisor, manager, or human resources.

14

**RESPONSE:**

Plaintiff has made a reasonable inquiry into this matter and based on the information available, Plaintiff lacks sufficient knowledge to answer this request because they do not have complete records that would show weeks when they reported more than 38.75 hours.  This Request is irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.  Plaintiff does not yet have complete access to GEICO's timekeeping records, which GEICO has objected to producing, and therefore their response is not based on a review of those records (which, again, is irrelevant to Plaintiffs' claims).  Plaintiff reserves the right to amend their answer following a review of those records, should the Court compel GEICO to produce them.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 27:**

Admit that, by working off the clock as you allege, you received a more favorable rating on your annual Performance Assessment.

**RESPONSE:**

Plaintiff has made a reasonable inquiry into this matter and based on the information available, Plaintiff lacks sufficient knowledge to answer this request, as they are without SICM data that would allow them to model alternative hypothetical scenarios; however, Plaintiff worked off the clock to avoid receiving a performance rating below of 3 out of 5 so Plaintiff would not be fired.

**REQUEST FOR ADMISSION NO. 28:**

Admit that you have no personal knowledge as to whether your SIU manager(s) was aware of the number of hours you worked each week during the Relevant Time Period.

**RESPONSE:**

Plaintiff admits to having no personal knowledge as to whether their SIU manager(s) was aware of the number of hours they worked each week during the Relevant Time Period FLSA. Plaintiff objects that this request seeks to distract from the relevant facts and liability standards in this case, because liability attaches to an underpayment if an employer "(a) requires, (b) knows about, or (c) should have known about through the exercise of reasonable diligence," *Perry v. City of New York*, 78 F.4th 502, 512-13 (2d Cir. 2023), and does not require Plaintiffs to have any specific personal knowledge of managers' knowledge or constructive knowledge.

16

Respectfully submitted,

Dated: December 12, 2025          By:    */s/ Michael J. Scimone*

Michael J. Scimone
Jarron D. McAllister
**OUTTEN & GOLDEN LLP**
685 Third Avenue, 25th Floor
New York, NY 10017
Telephone: 212-245-1000
Fax: 646-509-2060
mscimone@outtengolden.com
jmcallister@outtengolden.com

Ryan Cowdin*
**OUTTEN & GOLDEN LLP**
1225 New York Avenue NW
Suite 1200B
Washington, DC 20005
Telephone: 202-929-0636
Fax: 202-847-4410
rcowdin@outtengolden.com

Kaelyn Mahar
**OUTTEN & GOLDEN LLP**
One California Street, 12th Floor
San Francisco, CA 94111
Telephone: 415-715-1787
Fax: 415-638-8810
kmahar@outtengolden.com

Troy L. Kessler
Garrett Kaske
**KESSLER MATURA P.C.**
534 Broadhollow Road, Suite 275
Melville, NY 11747
Telephone: 631-499-9100
Facsimile: 800-451-0874
tkessler@kesslermatura.com
gkaske@kesslermatura.com
* Admitted *Pro Hac Vice*

*Attorneys for Plaintiffs and the Putative Class and Collective*

17

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NEW YORK

KEITH FISCHER, MICHAEL
O'SULLIVAN, JOHN MOESER, LOUIS PIA,
THOMAS BARDEN, CONSTANCE
MANGAN, and CHARISE JONES,
individually and on behalf of all others
similarly situated,

       Plaintiffs,

       v.

GOVERNMENT EMPLOYEES
INSURANCE COMPANY,

       Defendant.

Case No. 2:23-CV-02848 (SJB) (SIL)

## PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST SET OF REQUESTS FOR ADMISSION TO OPT-IN PLAINTIFF ANGELA GRESHAM

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Angela Gresham ("Plaintiff"), by and through her attorneys, Outten & Golden LLP, hereby submits the following objections and responses to Defendant's First Amended Set of Requests for Admission, dated October 31, 2025.

## PRELIMINARY STATEMENT

All responses to the following Requests for Admission are based on information currently known to Plaintiff and are provided without prejudice to Plaintiff's right to submit evidence of any subsequently discovered facts and information, should such become known. Plaintiff anticipates that as investigation and trial preparation continue, it is possible that additional facts may become known, which may in turn warrant additions to or changes in the responses provided herein. These responses are made in a good faith effort to supply such information as is presently known to Plaintiff. These responses and objections are made without prejudice to, and

are not a waiver of, Plaintiff's right to rely on other facts or documents at trial.

Plaintiff reserves all objections to the competence, relevance, materiality, or admissibility at trial of any information or documents requested or identified by any party. The inadvertent disclosure of any privileged information shall not be deemed to be a waiver of any applicable privilege with respect to such information or any other information.

The production of information and/or documents pursuant to this response is made without waiving, or intending to waive, but on the contrary reserving and intending to reserve: (a) the right to object on any grounds to the use of information produced pursuant to this response in this or any other action or proceeding; (b) the right to object on any and all grounds, at any time, to other interrogatories or other discovery mechanisms or proceedings; and (c) the right at any time to revise, correct, or supplement this response.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

Plaintiff objects to Defendant's Definitions and Instructions to the extent they exceed the discovery obligations set forth in Federal Rule 36, which requires only admission relating to "facts, the application of law to fact, or opinions about either" and "the genuineness of any described documents." Plaintiff further objects to Defendant's Definitions and Instructions to the extent that they impose a discovery obligation to supply information that is not required by the Federal Rules of Civil Procedure or Local Rules and requests privileged information, such as information that tends to disclose the mental impressions of counsel or the identities of potential witnesses.

## RESPONSES AND OBJECTIONS TO SPECIFIC REQUESTS FOR ADMISSION

## REQUEST FOR ADMISSION NO. 1:

Admit that Defendant paid you for all hours that you recorded in Defendant's timekeeping system.

2

**RESPONSE:**

Plaintiff admits to having no direct knowledge of any hours they recorded in GEICO's

timekeeping system that were underpaid.  This admission is irrelevant to the claims in this action,

which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of

incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff does not yet have complete access to GEICO's timekeeping records, which GEICO has

objected to producing, and therefore their response is not based on a review of those records

(though that review, again, is irrelevant to Plaintiffs' claims).  Plaintiff reserves the right to amend

their answer following a review of those records, should the Court compel GEICO to produce

them.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to

distract the factfinder and the Court by misdirecting their attention away from the relevant facts

and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 2:**

Admit that you do not have any written records reflecting amount(s) of time you worked

each week that you did not record in Defendant's timekeeping system.

**RESPONSE:**

Plaintiff admits that they do not have written records reflecting unrecorded amount(s) of

time they worked during each week.

**REQUEST FOR ADMISSION NO. 3:**

Admit that, if you reported work hours to a supervisor or manager, you were paid for those

hours.

**RESPONSE:**

Plaintiff denies the premise of this request, because they did not specifically report all hours

3

worked to their supervisor or manager.  Plaintiff further denies that they were paid for hours that they generally reported to a supervisor or manager, because Plaintiff reported that they were working off the clock but Plaintiff was not paid for any additional hours as a result of that report.  This denial is irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 4:**

Admit that you have no personal knowledge as to whether Defendant intentionally violated any wage and hour laws.

**RESPONSE:**

Plaintiff objects to this request because it seeks an admission that is irrelevant to the claims or defenses in the case.  The Fair Labor Standards Act does not require proof of "intent[]" to violate the law.  Liability attaches to an underpayment if an employer "(a) requires, (b) knows about, or (c) should have known about [unpaid hours] through the exercise of reasonable diligence." *Perry v. City of New York*, 78 F.4th 502, 512-13 (2d Cir. 2023).  Plaintiff is entitled to a third year of FLSA liability if an employer "willfully" violated the law, which means "it either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the Act." *Id.* at 516.  And liquidated damages apply if the employer is unable to establish, to the

––––––––––––––––––––––

4

satisfaction of the Court,[1] that it acted in good faith.  29 U.S.C. § 260.  None of these standards require Plaintiff to prove intent.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 5:**

Admit that, during the Relevant Time Period, you did not work more than forty (40) hours for Defendant during any workweek.

**RESPONSE:**

Denied.  Plaintiff worked more than 40 hours in multiple workweeks throughout the course of their employment with GEICO.

**REQUEST FOR ADMISSION NO. 6:**

_____

[1]    Good faith is a question for the Court.  *See Perry v. City of New York*, No. 13 Civ. 1015, 2019 U.S. Dist. LEXIS 220519, at *9 (S.D.N.Y. Dec. 23, 2019) (holding "that the court's discretion to deny liquidate[d] damages is negated by a jury's finding of willfulness" based on the Second Circuit's *Pollis* case); *see also Pollis v. New Sch. for Soc. Research*, 132 F.3d 115, 120 (2d Cir. 1997) (making similar determination under the Equal Pay Act).  The majority of circuit courts that have considered the question have held that a jury's willfulness finding precludes a finding of good faith.  *See Black v. SettlePou, P.C.*, 732 F.3d 492, 501 (5th Cir. 2013) ("Because the jury found that [defendant] acted willfully in violating the FLSA, [defendant] cannot show that it acted in good faith."); *Herman v. Palo Grp. Foster Home, Inc.*, 183 F.3d 468, 474 (6th Cir. 1999) ("a finding of willfulness is dispositive of the liquidated-damages issue"); *Chao v. A-One Med. Servs., Inc.*, 346 F.3d 908, 920 (9th Cir. 2003) ("a finding of good faith is plainly inconsistent with a finding of willfulness"); *Brinkman v. Dep't of Corr. of State of Kan.*, 21 F.3d 370, 373 (10th Cir. 1994) (finding that the "district court properly awarded liquidated damages based upon the jury's finding of willfulness"); *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1166 (11th Cir. 2008) ("in an FLSA case a jury's finding in deciding . . . that the employer acted willfully precludes the court from finding that the employer acted in good faith"); *see also Ellison v. United States*, 25 Cl. Ct. 481, 499 (1992) (finding in Equal Pay Act case that "The evidence cannot support a finding that the willful failure to promote plaintiff constituted good faith action"); *E.E.O.C. v. Madison Cmty. Unit Sch. Dist. No. 12*, 818 F.2d 577, 586 (7th Cir. 1987) (finding in Equal Pay Act case that, "If [defendant] was acting reasonably and in good faith, it could hardly be guilty of violating the law either intentionally or with reckless disregard for the legality of its conduct.").

Admit that, during the Relevant Time Period, there were some workweeks during which you did not work more than forty (40) hours for Defendant.

**RESPONSE:**

Admit that Plaintiff worked fewer than 40 hours in some workweeks in which Plaintiff worked less than a full schedule due to, e.g., holidays or other time off from work.

**REQUEST FOR ADMISSION NO. 7:**

Admit that you did not complain to Defendant that you worked overtime during the Relevant Time Period without compensation.

**RESPONSE:**

Plaintiff denies that they did not complain to Defendant that they worked overtime during the Relevant Time Period without compensation.  Plaintiff indicated to her supervisor that she was working off the clock to manage her workload.

**REQUEST FOR ADMISSION NO. 8:**

Admit that no manager or supervisor in Defendant's Special Investigations Unit instructed you to work off-the-clock at any point during the Relevant Time Period.

**RESPONSE:**

Plaintiff admits that no manager or supervisor in GEICO's Special Investigations Unit specifically told them to work off the clock.  GEICO managers and supervisors, however, told Plaintiff that overtime was not available or that overtime was limited, when it was available. This admission is largely irrelevant to proof of the claims in this action, which concerns whether GEICO knew or should have known that Plaintiff worked off the clock as a result of its system of incentives to underreport hours worked and disincentives to accurately report hours worked.

**REQUEST FOR ADMISSION NO. 9:**

Admit that, throughout your employment with Defendant, Defendant maintained a written

6

policy requiring that you accurately record all of your hours worked in Defendant's timekeeping system.

**RESPONSE:**

Plaintiff is aware of and admits the existence of GEICO's timekeeping policies reflected at G00041. That admission is largely irrelevant to Plaintiff's allegations, which are that GEICO knowingly caused Plaintiffs to not record all of their work hours by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 10:**

Admit that, to the extent you claim you are owed unpaid overtime wages, you failed to adhere to the policy or policies described in Request No. 9.

**RESPONSE:**

Plaintiff admits that by not recording all hours worked in GEICO's timekeeping system, they did not comply with the policy described in their response to Request 9. That admission is largely irrelevant to Plaintiff's allegations, which are that GEICO knowingly caused Plaintiffs to not record all of their work hours by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 11:**

Admit that, throughout your employment with Defendant, Defendant maintained a written

7

policy forbidding "off the clock" work.

**RESPONSE:**

Plaintiff is aware of and admits the existence of GEICO's timekeeping policies reflected at G000062. That admission is irrelevant to Plaintiff's allegations, which are that GEICO knowingly caused Plaintiffs to not record all of their work hours by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 12:**

Admit that, to the extent you claim you are owed unpaid overtime wages, you failed to adhere to the policy or policies described in Request No 11.

**RESPONSE:**

Plaintiff admits that by not recording all hours worked in GEICO's timekeeping system, they did not comply with GEICO's policy described in their response to Request 11. That admission is irrelevant to Plaintiff's allegations, which are that GEICO knowingly caused Plaintiffs to not record all of their work hours by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 13:**

Admit that, during the Relevant Time Period, you had the ability to "flex" your schedule such that you could adjust your work start time and/or end time so long as your weekly work hours

8

totaled approximately 38.75 hours.

**RESPONSE:**

Plaintiff admits that they could adjust work hours during the week, up to a total of 38.75 hours. That admission is largely irrelevant to Plaintiff's allegations, which are that GEICO knowingly caused Plaintiffs to not record all of their work hours by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 14:**

Admit that, to the extent you entered weekly work hours over forty (40) into GEICO's timekeeping system during the Relevant Time Period, GEICO paid you for all such hours at one-and-one-half times your hourly rate of pay.

**RESPONSE:**

Plaintiff admits to having no direct knowledge of any hours over forty (40) they recorded in GEICO's timekeeping system that were unpaid.  This admission is irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.  Plaintiff does not yet have complete access to GEICO's timekeeping records, which GEICO has objected to producing, and therefore their response is not based on a review of those records (though that review, again, is irrelevant to Plaintiffs' claims).  Plaintiff reserves the right to amend their answer following a review of those records, should the Court compel GEICO to produce them.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to

9

distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 15:**

Admit that different cases required different amounts of time by you to investigate.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 16:**

Admit that you did not enter the amount(s) of time you spent on investigative tasks into GEICO's Special Investigation Case Management ("SICM") system.

**RESPONSE:**

Admit. This admission is largely irrelevant to Plaintiffs' contentions about the SICM system, which are that it reflected timestamps for particular tasks that, taken as a whole, were one source of knowledge that GEICO supervisors could have used (and at times, did use) to identify off-the-clock work. *See* S. Greenman Tr. 285:24-288:11.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 17:**

Admit that recording overtime hours in GEICO's timekeeping system did not cause your annual performance rating to fall under a score of three out of five.

**RESPONSE:**

Plaintiff has made a reasonable inquiry into this matter and based on the information available, Plaintiff lacks sufficient knowledge to answer this request, because they lack access to sufficient SICM data to model how their performance metrics would change if they had reported

10

all of their overtime hours.  This admission is irrelevant to the claims in this action because of its specificity, which narrowly focuses on whether entering their overtime hours in GEICO's timekeeping system caused them to fall under a score of three out of five, rather than whether GEICO knowingly created a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

**REQUEST FOR ADMISSION NO. 18:**

Admit that you did not inform your supervisor of every task you performed for each case you investigated or the corresponding amount of time you spent on each task.

**RESPONSE:**

Deny that Plaintiff did not inform their supervisor of the tasks they performed, insofar as those tasks had to be recorded in SICM, but admit that Plaintiff did not (and GEICO did not require Plaintiff to) separately quantify the time spent on every task to the extent Plaintiff's hours did not exceed 38.75 per week.  This admission is largely irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 19:**

Admit that each case that you investigated required the performance of different investigative tasks.

**RESPONSE:**

Plaintiff denies that each case investigated required the performance of unique investigative tasks.  Investigating cases required several common elements such as reviewing the

11

claim file and running background checks.  Plaintiff admits that cases they investigated were not identical and often required different investigative tasks based on those facts.  This admission is irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 20:**

Admit that the number of hours that you contend you worked in a workweek varied due to factors other than the number of cases assigned to you.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 21:**

Admit that you reported to a supervisor who never denied your overtime request(s).

**RESPONSE:**

Plaintiff has made a reasonable inquiry into this matter and based on the information available, Plaintiff lacks sufficient knowledge to answer this request because, to the best of their recollection, Plaintiff did not request overtime.  This request is irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts

12

and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 22:**

Admit that your supervisor(s) approved overtime when you followed the supervisor's communicated practice for requesting overtime.

**RESPONSE:**

Plaintiff has made a reasonable inquiry into this matter and based on the information available, Plaintiff lacks sufficient knowledge to answer this request because, to the best of their recollection, Plaintiff did not request overtime. This request is irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 23:**

Admit that your supervisor(s) did not know the times when you began and ended your work on every day that you worked.

**RESPONSE:**

Plaintiff has made a reasonable inquiry into this matter and based on the information available, Plaintiff lacks sufficient knowledge to answer this request, as they do not know the extent to which their supervisor reviewed SICM entries, timekeeping entries, or other information that could have informed them of Plaintiff's work time.

**REQUEST FOR ADMISSION NO. 24:**

Admit that you could be assigned a case and close that same case within a 24-hour time

13

period.

**RESPONSE:**

Plaintiff admits that some cases could be closed within 24 hours of when they were assigned, but this was not true for other cases.

**REQUEST FOR ADMISSION NO. 25:**

Admit that, after the COVID-19 pandemic started in or around March 2020, the amount of time you spent working in the field substantially decreased.

**RESPONSE:**

Plaintiff admits that they followed GEICO's COVID-19 pandemic protocols starting in or around March 2020, which limited the types of activities that required fieldwork.

**REQUEST FOR ADMISSION NO. 26:**

Admit that, in any workweek that you contend you worked more than 38.75 hours, you never reported any hours over 38.75 to your supervisor, manager, or human resources.

**RESPONSE:**

Plaintiff has made a reasonable inquiry into this matter and based on the information available, Plaintiff lacks sufficient knowledge to answer this request because they do not have complete records that would show weeks when they reported more than 38.75 hours.  This Request is irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.  Plaintiff does not yet have complete access to GEICO's timekeeping records, which GEICO has objected to producing, and therefore their response is not based on a review of those records (which, again, is irrelevant to Plaintiffs' claims).  Plaintiff reserves the right to amend their answer following a review of those records, should the Court compel GEICO to produce them.

14

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 27:**

Admit that, by working off the clock as you allege, you received a more favorable rating on your annual Performance Assessment.

**RESPONSE:**

Plaintiff has made a reasonable inquiry into this matter and based on the information available, Plaintiff lacks sufficient knowledge to answer this request, as they are without SICM data that would allow them to model alternative hypothetical scenarios; however, Plaintiff worked off the clock to avoid receiving a performance rating below of 3 out of 5 so Plaintiff would not be fired.

**REQUEST FOR ADMISSION NO. 28:**

Admit that you have no personal knowledge as to whether your SIU manager(s) was aware of the number of hours you worked each week during the Relevant Time Period.

**RESPONSE:**

Plaintiff denies having no personal knowledge as to whether their SIU manager(s) was aware of the number of hours they worked each week during the Relevant Time Period FLSA. Plaintiff was required to be "online" on GEICO's internal messaging platform throughout their shift. Plaintiff objects that this request seeks to distract from the relevant facts and liability standards in this case, because liability attaches to an underpayment if an employer "(a) requires, (b) knows about, or (c) should have known about through the exercise of reasonable diligence," *Perry v. City of New York*, 78 F.4th 502, 512-13 (2d Cir. 2023), and does not require Plaintiffs to have any specific personal knowledge of managers' knowledge or constructive knowledge.

Respectfully submitted,

Dated: November 26, 2025      By:    */s/ Michael J. Scimone*

Michael J. Scimone
Jarron D. McAllister
**OUTTEN & GOLDEN LLP**
685 Third Avenue, 25th Floor
New York, NY 10017
Telephone: 212-245-1000
Fax: 646-509-2060
mscimone@outtengolden.com
jmcallister@outtengolden.com

Ryan Cowdin*
**OUTTEN & GOLDEN LLP**
1225 New York Avenue NW
Suite 1200B
Washington, DC 20005
Telephone: 202-929-0636
Fax: 202-847-4410
rcowdin@outtengolden.com

Kaelyn Mahar
**OUTTEN & GOLDEN LLP**
One California Street, 12th Floor
San Francisco, CA 94111
Telephone: 415-715-1787
Fax: 415-638-8810
kmahar@outtengolden.com

Troy L. Kessler
Garrett Kaske
**KESSLER MATURA P.C.**
534 Broadhollow Road, Suite 275
Melville, NY 11747
Telephone: 631-499-9100
Facsimile: 800-451-0874
tkessler@kesslermatura.com
gkaske@kesslermatura.com

16

\* Admitted *Pro Hac Vice*

*Attorneys for Plaintiffs and the Putative Class and Collective*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| KEITH FISCHER, MICHAEL O'SULLIVAN, JOHN MOESER, LOUIS PIA, THOMAS BARDEN, CONSTANCE MANGAN, and CHARISE JONES, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>    GOVERNMENT EMPLOYEES INSURANCE COMPANY,<br><br>    Defendant. | Case No. 2:23-CV-02848 (SJB) (SIL) |

**PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST SET OF REQUESTS FOR ADMISSION TO OPT-IN PLAINTIFF CHRISTOPHER HIRSCH**

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Christopher Hirsch ("Plaintiff"), by and through his attorneys hereby submits the following objections and responses to Defendant's First Amended Set of Requests for Admission, dated October 31, 2025.

## PRELIMINARY STATEMENT

All responses to the following Requests for Admission are based on information currently known to Plaintiff and are provided without prejudice to Plaintiff's right to submit evidence of any subsequently discovered facts and information, should such become known. Plaintiff anticipates that as investigation and trial preparation continue, it is possible that additional facts may become known, which may in turn warrant additions to or changes in the responses provided herein. These responses are made in a good faith effort to supply such information as is presently known to Plaintiff. These responses and objections are made without prejudice to, and are not a waiver of, Plaintiff's right to rely on other facts or documents at trial.

1

Plaintiff reserves all objections to the competence, relevance, materiality, or admissibility at trial of any information or documents requested or identified by any party.  The inadvertent disclosure of any privileged information shall not be deemed to be a waiver of any applicable privilege with respect to such information or any other information.

The production of information and/or documents pursuant to this response is made without waiving, or intending to waive, but on the contrary reserving and intending to reserve: (a) the right to object on any grounds to the use of information produced pursuant to this response in this or any other action or proceeding; (b) the right to object on any and all grounds, at any time, to other interrogatories or other discovery mechanisms or proceedings; and (c) the right at any time to revise, correct, or supplement this response.

### **OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

Plaintiff objects to Defendant's Definitions and Instructions to the extent they exceed the discovery obligations set forth in Federal Rule 36, which requires only admission relating to "facts, the application of law to fact, or opinions about either" and "the genuineness of any described documents."  Plaintiff further objects to Defendant's Definitions and Instructions to the extent that they impose a discovery obligation to supply information that is not required by the Federal Rules of Civil Procedure or Local Rules and requests privileged information, such as information that tends to disclose the mental impressions of counsel or the identities of potential witnesses.

### **RESPONSES AND OBJECTIONS TO SPECIFIC REQUESTS FOR ADMISSION**
### **REQUEST FOR ADMISSION NO. 1:**

Admit that Defendant paid you for all hours that you recorded in Defendant's timekeeping

system.

**RESPONSE:**

Plaintiff admits to having no direct knowledge of any hours he recorded in GEICO's timekeeping system that were underpaid. This admission is irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked. Plaintiff does not yet have complete access to GEICO's timekeeping records, which GEICO has objected to producing, and therefore this response is not based on a review of those records (though that review, again, is irrelevant to Plaintiffs' claims). Plaintiff reserves the right to amend his answer following a review of those records, should the Court compel GEICO to produce them.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 2:**

Admit that you do not have any written records reflecting amount(s) of time you worked each week that you did not record in Defendant's timekeeping system.

**RESPONSE:**

Plaintiff admits that he does not have written records reflecting unrecorded amount(s) of time he worked during each week.

**REQUEST FOR ADMISSION NO. 3:**

Admit that, if you reported work hours to a supervisor or manager, you were paid for those hours.

3

**RESPONSE:**

Plaintiff denies the premise of this request, because he did not specifically report all hours worked to his supervisor or manager.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 4:**

Admit that you have no personal knowledge as to whether Defendant intentionally violated any wage and hour laws.

**RESPONSE:**

Plaintiff objects to this request because it seeks an admission that is irrelevant to the claims or defenses in the case. The Fair Labor Standards Act does not require proof of "intent[]" to violate the law. Liability attaches to an underpayment if an employer "(a) requires, (b) knows about, or (c) should have known about [unpaid hours] through the exercise of reasonable diligence." *Perry v. City of New York*, 78 F.4th 502, 512-13 (2d Cir. 2023). Plaintiff is entitled to a third year of FLSA liability if an employer "willfully" violated the law, which means "it either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the Act." *Id.* at 516. And liquidated damages apply if the employer is unable to establish, to the satisfaction of the Court,[1] that it acted in good faith. 29 U.S.C. § 260. None of these standards

---

[1] Good faith is a question for the Court. *See Perry v. City of New York*, No. 13 Civ. 1015, 2019 U.S. Dist. LEXIS 220519, at *9 (S.D.N.Y. Dec. 23, 2019) (holding "that the court's discretion to deny liquidate[d] damages is negated by a jury's finding of willfulness" based on the Second Circuit's *Pollis* case); *see also Pollis v. New Sch. for Soc. Research*, 132 F.3d 115, 120 (2d Cir. 1997) (making similar determination under the Equal Pay Act). The majority of circuit courts that have considered the question have held that a jury's willfulness finding

4

require Plaintiff to prove intent.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 5:**

Admit that, during the Relevant Time Period, you did not work more than forty (40) hours for Defendant during any workweek.

**RESPONSE:**

Denied. Plaintiff worked more than 40 hours in multiple workweeks throughout the course of his employment with GEICO.

**REQUEST FOR ADMISSION NO. 6:**

Admit that, during the Relevant Time Period, there were some workweeks during which

---

precludes a finding of good faith. *See Black v. SettlePou, P.C.*, 732 F.3d 492, 501 (5th Cir. 2013) ("Because the jury found that [defendant] acted willfully in violating the FLSA, [defendant] cannot show that it acted in good faith."); *Herman v. Palo Grp. Foster Home, Inc.*, 183 F.3d 468, 474 (6th Cir. 1999) ("a finding of willfulness is dispositive of the liquidated-damages issue"); *Chao v. A-One Med. Servs., Inc.*, 346 F.3d 908, 920 (9th Cir. 2003) ("a finding of good faith is plainly inconsistent with a finding of willfulness"); *Brinkman v. Dep't of Corr. of State of Kan.*, 21 F.3d 370, 373 (10th Cir. 1994) (finding that the "district court properly awarded liquidated damages based upon the jury's finding of willfulness"); *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1166 (11th Cir. 2008) ("in an FLSA case a jury's finding in deciding . . . that the employer acted willfully precludes the court from finding that the employer acted in good faith"); *see also Ellison v. United States*, 25 Cl. Ct. 481, 499 (1992) (finding in Equal Pay Act case that "The evidence cannot support a finding that the willful failure to promote plaintiff constituted good faith action"); *E.E.O.C. v. Madison Cmty. Unit Sch. Dist. No. 12*, 818 F.2d 577, 586 (7th Cir. 1987) (finding in Equal Pay Act case that, "If [defendant] was acting reasonably and in good faith, it could hardly be guilty of violating the law either intentionally or with reckless disregard for the legality of its conduct.").

5

you did not work more than forty (40) hours for Defendant.

**RESPONSE:**

Admit that Plaintiff worked fewer than 40 hours in some workweeks in which Plaintiff worked less than a full schedule due to, e.g., holidays or other time off from work.

**REQUEST FOR ADMISSION NO. 7:**

Admit that you did not complain to Defendant that you worked overtime during the Relevant Time Period without compensation.

**RESPONSE:**

Plaintiff admits that he did not complain to Defendant that he worked overtime during the Relevant Time Period without compensation.

**REQUEST FOR ADMISSION NO. 8:**

Admit that no manager or supervisor in Defendant's Special Investigations Unit instructed you to work off-the-clock at any point during the Relevant Time Period.

**RESPONSE:**

Plaintiff admits that no manager or supervisor in GEICO's Special Investigations Unit specifically told him to work off the clock. GEICO managers and supervisors, however, told Plaintiff that overtime was not available. This admission is largely irrelevant to proof of the claims in this action, which concerns whether GEICO knew or should have known that Plaintiff worked off the clock as a result of its system of incentives to underreport hours worked and disincentives to accurately report hours worked.

**REQUEST FOR ADMISSION NO. 9:**

Admit that, throughout your employment with Defendant, Defendant maintained a written

6

policy requiring that you accurately record all of your hours worked in Defendant's timekeeping system.

**RESPONSE:**

Plaintiff is aware of and admits the existence of GEICO's timekeeping policies reflected at G00041.  That admission is largely irrelevant to Plaintiff's allegations, which are that GEICO knowingly caused Plaintiffs to not record all of his work hours by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 10:**

Admit that, to the extent you claim you are owed unpaid overtime wages, you failed to adhere to the policy or policies described in Request No. 9.

**RESPONSE:**

Plaintiff admits that by not recording all hours worked in GEICO's timekeeping system, he did not comply with the policy described in his response to Request 9.  That admission is largely irrelevant to Plaintiff's allegations, which are that GEICO knowingly caused Plaintiffs to not record all of his work hours by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 11:**

Admit that, throughout your employment with Defendant, Defendant maintained a written policy forbidding "off the clock" work.

**RESPONSE:**

Plaintiff is aware of and admits the existence of GEICO's timekeeping policies reflected at G000062.  That admission is irrelevant to Plaintiff's allegations, which are that GEICO knowingly caused Plaintiffs to not record all of their work hours by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 12:**

Admit that, to the extent you claim you are owed unpaid overtime wages, you failed to adhere to the policy or policies described in Request No 11.

**RESPONSE:**

Plaintiff admits that by not recording all hours worked in GEICO's timekeeping system, he did not comply with GEICO's policy described in his response to Request 11.  That admission is irrelevant to Plaintiff's allegations, which are that GEICO knowingly caused Plaintiffs to not record all of their work hours by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

8

**REQUEST FOR ADMISSION NO. 13:**

Admit that, during the Relevant Time Period, you had the ability to "flex" your schedule such that you could adjust your work start time and/or end time so long as your weekly work hours totaled approximately 38.75 hours.

**RESPONSE:**

Denied.  Plaintiff did not have the ability to "flex" his schedule due to his excessive case load.   That denial is largely irrelevant to Plaintiff's allegations, which are that GEICO knowingly caused Plaintiffs to not record all of their work hours by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 14:**

Admit that, to the extent you entered weekly work hours over forty (40) into GEICO's timekeeping system during the Relevant Time Period, GEICO paid you for all such hours at one-and-one-half times your hourly rate of pay.

**RESPONSE:**

Plaintiff admits to having no direct knowledge of any hours over forty (40) he recorded in GEICO's timekeeping system that were unpaid.  This admission is irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.  Plaintiff does not yet have complete access to GEICO's timekeeping records, which GEICO has objected to producing, and therefore his response is not based on a review of those

9

records (though that review, again, is irrelevant to Plaintiffs' claims).  Plaintiff reserves the right to amend his answer following a review of those records, should the Court compel GEICO to produce them.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 15:**

Admit that different cases required different amounts of time by you to investigate.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 16:**

Admit that you did not enter the amount(s) of time you spent on investigative tasks into GEICO's Special Investigation Case Management ("SICM") system.

**RESPONSE:**

Admit.  This admission is largely irrelevant to Plaintiffs' contentions about the SICM system, which are that it reflected timestamps for particular tasks that, taken as a whole, were one source of knowledge that GEICO supervisors could have used (and at times, did use) to identify off-the-clock work.  *See* S. Greenman Tr. 285:24-288:11.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 17:**

Admit that recording overtime hours in GEICO's timekeeping system did not cause your

10

annual performance rating to fall under a score of three out of five.

**RESPONSE:**

Plaintiff has made a reasonable inquiry into this matter and based on the information available, Plaintiff lacks sufficient knowledge to answer this request, because he lacks access to sufficient SICM data to model how his performance metrics would change if he had reported all of his overtime hours.  This admission is irrelevant to the claims in this action because of its specificity, which narrowly focuses on whether entering Plaintiff's overtime hours in GEICO's timekeeping system caused him to fall under a score of three out of five, rather than whether GEICO knowingly created a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

**REQUEST FOR ADMISSION NO. 18:**

Admit that you did not inform your supervisor of every task you performed for each case you investigated or the corresponding amount of time you spent on each task.

**RESPONSE:**

Deny that Plaintiff did not inform his supervisor of the tasks he performed.  Plaintiff recalls that his supervisor, Bradley Waltman, frequently messaged Plaintiff over WebEx to ask for status updates on Plaintiff's investigative tasks.  Plaintiff admits that he did not (and GEICO did not require Plaintiff to) separately quantify the time spent on every task to the extent Plaintiff's hours did not exceed 38.75 per week. This admission is largely irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to

11

distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 19:**

Admit that each case that you investigated required the performance of different investigative tasks.

**RESPONSE:**

Plaintiff denies that each case investigated required the performance of unique investigative tasks.  Investigating cases required several common elements such as reviewing the claim file and running background checks.  Plaintiff admits that cases he investigated were not identical and often required different investigative tasks based on those facts.  This admission is irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 20:**

Admit that the number of hours that you contend you worked in a workweek varied due to factors other than the number of cases assigned to you.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 21:**

Admit that you reported to a supervisor who never denied your overtime request(s).

12

**RESPONSE:**

Plaintiff admits that his supervisor never denied a request for overtime because, to the best of his recollection, Plaintiff did not request overtime.  This admission is irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 22:**

Admit that your supervisor(s) approved overtime when you followed the supervisor's communicated practice for requesting overtime.

**RESPONSE:**

Plaintiff has made a reasonable inquiry into this matter and based on the information available, Plaintiff lacks sufficient knowledge to answer this request because, to the best of his recollection, Plaintiff did not request overtime. This admission is irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

13

**REQUEST FOR ADMISSION NO. 23:**

Admit that your supervisor(s) did not know the times when you began and ended your work on every day that you worked.

**RESPONSE:**

Plaintiff has made a reasonable inquiry into this matter and based on the information available, Plaintiff lacks sufficient knowledge to answer this request, as he does not know the extent to which his supervisor reviewed SICM entries, timekeeping entries, or other information that could have informed them of Plaintiff's work time.

**REQUEST FOR ADMISSION NO. 24:**

Admit that you could be assigned a case and close that same case within a 24-hour time period.

**RESPONSE:**

Plaintiff admits that some cases could be closed within 24 hours of when they were assigned, but this was not true for other cases.

**REQUEST FOR ADMISSION NO. 25:**

Admit that, after the COVID-19 pandemic started in or around March 2020, the amount of time you spent working in the field substantially decreased.

**RESPONSE:**

Plaintiff admits that he followed GEICO's COVID-19 pandemic protocols starting in or around March 2020, which limited the types of activities that required fieldwork.

**REQUEST FOR ADMISSION NO. 26:**

Admit that, in any workweek that you contend you worked more than 38.75 hours, you never reported any hours over 38.75 to your supervisor, manager, or human resources.

14

**RESPONSE:**

Plaintiff has made a reasonable inquiry into this matter and based on the information available, Plaintiff lacks sufficient knowledge to answer this request because he does not have complete records that would show weeks when he reported more than 38.75 hours.  This Request is irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.  Plaintiff does not yet have complete access to GEICO's timekeeping records, which GEICO has objected to producing, and therefore his response is not based on a review of those records (which, again, is irrelevant to Plaintiffs' claims).  Plaintiff reserves the right to amend his answer following a review of those records.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 27:**

Admit that, by working off the clock as you allege, you received a more favorable rating on your annual Performance Assessment.

**RESPONSE:**

Plaintiff has made a reasonable inquiry into this matter and based on the information available, Plaintiff lacks sufficient knowledge to answer this request, as he is without SICM data that would allow him to model alternative hypothetical scenarios; however, Plaintiff worked off the clock to avoid receiving a performance rating below of 3 out of 5 so Plaintiff would not be fired.

15

**REQUEST FOR ADMISSION NO. 28:**

Admit that you have no personal knowledge as to whether your SIU manager(s) was aware of the number of hours you worked each week during the Relevant Time Period.

**RESPONSE:**

Plaintiff admits to having no personal knowledge as to whether his SIU manager(s) was aware of the number of hours he worked each week during the Relevant Time Period. Plaintiff objects that this request seeks to distract from the relevant facts and liability standards in this case, because liability attaches to an underpayment if an employer "(a) requires, (b) knows about, or (c) should have known about through the exercise of reasonable diligence," *Perry v. City of New York*, 78 F.4th 502, 512-13 (2d Cir. 2023), and does not require Plaintiffs to have any specific personal knowledge of managers' knowledge or constructive knowledge.

Respectfully submitted,

Dated: January 23, 2026          By:    */s/ Michael J. Scimone*

Michael J. Scimone
Jarron D. McAllister
Zarka Shabir DSouza
**OUTTEN & GOLDEN LLP**
685 Third Avenue, 25th Floor
New York, NY 10017
Telephone: 212-245-1000
Fax: 646-509-2060
mscimone@outtengolden.com
jmcallister@outtengolden.com
zdsouza@outtengolden.com

16

Ryan Cowdin\*
**OUTTEN & GOLDEN LLP**
1225 New York Avenue NW
Suite 1200B
Washington, DC 20005
Telephone: 202-929-0636
Fax: 202-847-4410
rcowdin@outtengolden.com

Kaelyn Mahar
**OUTTEN & GOLDEN LLP**
One California Street, 12th Floor
San Francisco, CA 94111
Telephone: 415-715-1787
Fax: 415-638-8810
kmahar@outtengolden.com

Troy L. Kessler
Garrett Kaske
**KESSLER MATURA P.C.**
534 Broadhollow Road, Suite 275
Melville, NY 11747
Telephone: 631-499-9100
Facsimile: 800-451-0874
tkessler@kesslermatura.com
gkaske@kesslermatura.com
\* Admitted *Pro Hac Vice*

*Attorneys for Plaintiffs and the Putative Class and Collective*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KEITH FISCHER, MICHAEL O'SULLIVAN, JOHN MOESER, LOUIS PIA, THOMAS BARDEN, CONSTANCE MANGAN, and CHARISE JONES, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>        v.<br><br>GOVERNMENT EMPLOYEES INSURANCE COMPANY,<br><br>        Defendant. | Case No. 2:23-CV-02848 (SJB) (SIL) |

**PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST SET OF
REQUESTS FOR ADMISSION TO OPT-IN PLAINTIFF JOSEPH KRATTINGER**

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Joseph Krattinger ("Plaintiff"),

by and through their attorneys, Outten & Golden LLP, hereby submits the following objections

and responses to Defendant's First Amended Set of Requests for Admission, dated October 31,

2025.

**PRELIMINARY STATEMENT**

All responses to the following Requests for Admission are based on information currently

known to Plaintiff and are provided without prejudice to Plaintiff's right to submit evidence of

any subsequently discovered facts and information, should such become known. Plaintiff

anticipates that as investigation and trial preparation continue, it is possible that additional facts

may become known, which may in turn warrant additions to or changes in the responses

provided herein. These responses are made in a good faith effort to supply such information as is

presently known to Plaintiff. These responses and objections are made without prejudice to, and

1

are not a waiver of, Plaintiff's right to rely on other facts or documents at trial.

Plaintiff reserves all objections to the competence, relevance, materiality, or admissibility at trial of any information or documents requested or identified by any party. The inadvertent disclosure of any privileged information shall not be deemed to be a waiver of any applicable privilege with respect to such information or any other information.

The production of information and/or documents pursuant to this response is made without waiving, or intending to waive, but on the contrary reserving and intending to reserve: (a) the right to object on any grounds to the use of information produced pursuant to this response in this or any other action or proceeding; (b) the right to object on any and all grounds, at any time, to other interrogatories or other discovery mechanisms or proceedings; and (c) the right at any time to revise, correct, or supplement this response.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

Plaintiff objects to Defendant's Definitions and Instructions to the extent they exceed the discovery obligations set forth in Federal Rule 36, which requires only admission relating to "facts, the application of law to fact, or opinions about either" and "the genuineness of any described documents." Plaintiff further objects to Defendant's Definitions and Instructions to the extent that they impose a discovery obligation to supply information that is not required by the Federal Rules of Civil Procedure or Local Rules and requests privileged information, such as information that tends to disclose the mental impressions of counsel or the identities of potential witnesses.

2

**RESPONSES AND OBJECTIONS TO SPECIFIC REQUESTS FOR ADMISSION**

**REQUEST FOR ADMISSION NO. 1:**

Admit that Defendant paid you for all hours that you recorded in Defendant's timekeeping system.

**RESPONSE:**

Plaintiff admits to having no direct knowledge of any hours they recorded in GEICO's timekeeping system that were underpaid. This admission is irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked. Plaintiff does not yet have complete access to GEICO's timekeeping records, which GEICO has objected to producing, and therefore their response is not based on a review of those records (though that review, again, is irrelevant to Plaintiffs' claims). Plaintiff reserves the right to amend their answer following a review of those records, should the Court compel GEICO to produce them.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 2:**

Admit that you do not have any written records reflecting amount(s) of time you worked each week that you did not record in Defendant's timekeeping system.

**RESPONSE:**

Plaintiff admits that they do not have written records reflecting unrecorded amount(s) of time they worked during each week.

3

**REQUEST FOR ADMISSION NO. 3:**

Admit that, if you reported work hours to a supervisor or manager, you were paid for those hours.

**RESPONSE:**

Plaintiff denies the premise of this request, because they did not specifically report all hours worked to their supervisor or manager.  This denial is irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 4:**

Admit that you have no personal knowledge as to whether Defendant intentionally violated any wage and hour laws.

**RESPONSE:**

Plaintiff objects to this request because it seeks an admission that is irrelevant to the claims or defenses in the case.  The Fair Labor Standards Act does not require proof of "intent[]" to violate the law.  Liability attaches to an underpayment if an employer "(a) requires, (b) knows about, or (c) should have known about [unpaid hours] through the exercise of reasonable diligence." *Perry v. City of New York*, 78 F.4th 502, 512-13 (2d Cir. 2023).  Plaintiff is entitled to a third year of FLSA liability if an employer "willfully" violated the law, which means "it either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the Act." *Id.* at 516.  And liquidated damages apply if the employer is unable to establish, to the

4

satisfaction of the Court,[1] that it acted in good faith.  29 U.S.C. § 260.  None of these standards

require Plaintiff to prove intent.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to

distract the factfinder and the Court by misdirecting their attention away from the relevant facts

and legal standards that apply to this action.

## REQUEST FOR ADMISSION NO. 5:

Admit that, during the Relevant Time Period, you did not work more than forty (40) hours

for Defendant during any workweek.

## RESPONSE:

Denied.  Plaintiff worked more than 40 hours in multiple workweeks throughout the course

of their employment with GEICO.

---

[1]    Good faith is a question for the Court.  *See Perry v. City of New York*, No. 13 Civ. 1015, 2019 U.S. Dist. LEXIS 220519, at *9 (S.D.N.Y. Dec. 23, 2019) (holding "that the court's discretion to deny liquidate[d] damages is negated by a jury's finding of willfulness" based on the Second Circuit's *Pollis* case); *see also Pollis v. New Sch. for Soc. Research*, 132 F.3d 115, 120 (2d Cir. 1997) (making similar determination under the Equal Pay Act).  The majority of circuit courts that have considered the question have held that a jury's willfulness finding precludes a finding of good faith.  *See Black v. SettlePou, P.C.*, 732 F.3d 492, 501 (5th Cir. 2013) ("Because the jury found that [defendant] acted willfully in violating the FLSA, [defendant] cannot show that it acted in good faith."); *Herman v. Palo Grp. Foster Home, Inc.*, 183 F.3d 468, 474 (6th Cir. 1999) ("a finding of willfulness is dispositive of the liquidated-damages issue"); *Chao v. A-One Med. Servs., Inc.*, 346 F.3d 908, 920 (9th Cir. 2003) ("a finding of good faith is plainly inconsistent with a finding of willfulness"); *Brinkman v. Dep't of Corr. of State of Kan.*, 21 F.3d 370, 373 (10th Cir. 1994) (finding that the "district court properly awarded liquidated damages based upon the jury's finding of willfulness"); *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1166 (11th Cir. 2008) ("in an FLSA case a jury's finding in deciding . . . that the employer acted willfully precludes the court from finding that the employer acted in good faith"); *see also Ellison v. United States*, 25 Cl. Ct. 481, 499 (1992) (finding in Equal Pay Act case that "The evidence cannot support a finding that the willful failure to promote plaintiff constituted good faith action"); *E.E.O.C. v. Madison Cmty. Unit Sch. Dist. No. 12*, 818 F.2d 577, 586 (7th Cir. 1987) (finding in Equal Pay Act case that, "If [defendant] was acting reasonably and in good faith, it could hardly be guilty of violating the law either intentionally or with reckless disregard for the legality of its conduct.").

**REQUEST FOR ADMISSION NO. 6:**

Admit that, during the Relevant Time Period, there were some workweeks during which you did not work more than forty (40) hours for Defendant.

**RESPONSE:**

Admit that Plaintiff worked fewer than 40 hours in some workweeks in which Plaintiff worked less than a full schedule due to, e.g., holidays or other time off from work.

**REQUEST FOR ADMISSION NO. 7:**

Admit that you did not complain to Defendant that you worked overtime during the Relevant Time Period without compensation.

**RESPONSE:**

Plaintiff admits that they did not complain to Defendant that they worked overtime during the Relevant Time Period without compensation.

**REQUEST FOR ADMISSION NO. 8:**

Admit that no manager or supervisor in Defendant's Special Investigations Unit instructed you to work off-the-clock at any point during the Relevant Time Period.

**RESPONSE:**

Plaintiff admits that no manager or supervisor in GEICO's Special Investigations Unit specifically told them to work off the clock. GEICO managers and supervisors, however, told Plaintiff that overtime was not available. This admission is largely irrelevant to proof of the claims in this action, which concerns whether GEICO knew or should have known that Plaintiff worked off the clock as a result of its system of incentives to underreport hours worked and disincentives to accurately report hours worked.

**REQUEST FOR ADMISSION NO. 9:**

6

Admit that, throughout your employment with Defendant, Defendant maintained a written policy requiring that you accurately record all of your hours worked in Defendant's timekeeping system.

**RESPONSE:**

Plaintiff is aware of and admits the existence of GEICO's timekeeping policies reflected at G00041. That admission is largely irrelevant to Plaintiff's allegations, which are that GEICO knowingly caused Plaintiffs to not record all of their work hours by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 10:**

Admit that, to the extent you claim you are owed unpaid overtime wages, you failed to adhere to the policy or policies described in Request No. 9.

**RESPONSE:**

Plaintiff admits that by not recording all hours worked in GEICO's timekeeping system, they did not comply with the policy described in their response to Request 9. That admission is largely irrelevant to Plaintiff's allegations, which are that GEICO knowingly caused Plaintiffs to not record all of their work hours by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

7

**REQUEST FOR ADMISSION NO. 11:**

Admit that, throughout your employment with Defendant, Defendant maintained a written policy forbidding "off the clock" work.

**RESPONSE:**

Plaintiff is aware of and admits the existence of GEICO's timekeeping policies reflected at G000062.  That admission is irrelevant to Plaintiff's allegations, which are that GEICO knowingly caused Plaintiffs to not record all of their work hours by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 12:**

Admit that, to the extent you claim you are owed unpaid overtime wages, you failed to adhere to the policy or policies described in Request No 11.

**RESPONSE:**

Plaintiff admits that by not recording all hours worked in GEICO's timekeeping system, they did not comply with GEICO's policy described in their response to Request 11.  That admission is irrelevant to Plaintiff's allegations, which are that GEICO knowingly caused Plaintiffs to not record all of their work hours by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 13:**

Admit that, during the Relevant Time Period, you had the ability to "flex" your schedule such that you could adjust your work start time and/or end time so long as your weekly work hours totaled approximately 38.75 hours.

**RESPONSE:**

Plaintiff admits that they could adjust work hours during the week, up to a total of 38.75 hours. That admission is largely irrelevant to Plaintiff's allegations, which are that GEICO knowingly caused Plaintiffs to not record all of their work hours by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 14:**

Admit that, to the extent you entered weekly work hours over forty (40) into GEICO's timekeeping system during the Relevant Time Period, GEICO paid you for all such hours at one-and-one-half times your hourly rate of pay.

**RESPONSE:**

Plaintiff admits to having no direct knowledge of any hours over forty (40) they recorded in GEICO's timekeeping system that were unpaid. This admission is irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked. Plaintiff does not yet have complete access to GEICO's timekeeping records, which GEICO has objected to producing, and therefore their response is not based on a review of those

9

records (though that review, again, is irrelevant to Plaintiffs' claims). Plaintiff reserves the right to

amend their answer following a review of those records, should the Court compel GEICO to

produce them.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to

distract the factfinder and the Court by misdirecting their attention away from the relevant facts

and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 15:**

Admit that different cases required different amounts of time by you to investigate.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 16:**

Admit that you did not enter the amount(s) of time you spent on investigative tasks into

GEICO's Special Investigation Case Management ("SICM") system.

**RESPONSE:**

Admit. This admission is largely irrelevant to Plaintiffs' contentions about the SICM

system, which are that it reflected timestamps for particular tasks that, taken as a whole, were

one source of knowledge that GEICO supervisors could have used (and at times, did use) to

identify off-the-clock work. *See* S. Greenman Tr. 285:24-288:11.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to

distract the factfinder and the Court by misdirecting their attention away from the relevant facts

and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 17:**

Admit that recording overtime hours in GEICO's timekeeping system did not cause your

10

annual performance rating to fall under a score of three out of five.

**RESPONSE:**

Plaintiff has made a reasonable inquiry into this matter and based on the information available, Plaintiff lacks sufficient knowledge to answer this request, because they lack access to sufficient SICM data to model how their performance metrics would change if they had reported all of their overtime hours.  This admission is irrelevant to the claims in this action because of its specificity, which narrowly focuses on whether entering their overtime hours in GEICO's timekeeping system caused them to fall under a score of three out of five, rather than whether GEICO knowingly created a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

**REQUEST FOR ADMISSION NO. 18:**

Admit that you did not inform your supervisor of every task you performed for each case you investigated or the corresponding amount of time you spent on each task.

**RESPONSE:**

Deny that Plaintiff did not inform their supervisor of the tasks they performed, insofar as those tasks had to be recorded in SICM and deny that Plaintiff did not inform their supervisor of the time spent on those tasks on those occasions when Plaintiff requested overtime; but admit that Plaintiff did not (and GEICO did not require Plaintiff to) separately quantify the time spent on every task to the extent Plaintiff's hours did not exceed 38.75 per week.  This admission is largely irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to

11

distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

## REQUEST FOR ADMISSION NO. 19:

Admit that each case that you investigated required the performance of different investigative tasks.

## RESPONSE:

Plaintiff denies that each case investigated required the performance of unique investigative tasks.  Investigating cases required several common elements such as reviewing the claim file and running background checks.  Plaintiff admits that cases they investigated were not identical and often required different investigative tasks based on those facts.  This admission is irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

## REQUEST FOR ADMISSION NO. 20:

Admit that the number of hours that you contend you worked in a workweek varied due to factors other than the number of cases assigned to you.

## RESPONSE:

Admit.

## REQUEST FOR ADMISSION NO. 21:

Admit that you reported to a supervisor who never denied your overtime request(s).

12

**RESPONSE:**

Plaintiff has made a reasonable inquiry into this matter and based on the information available, Plaintiff lacks sufficient knowledge to answer this request because, to the best of their recollection, Plaintiff did not request overtime. This request is irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 22:**

Admit that your supervisor(s) approved overtime when you followed the supervisor's communicated practice for requesting overtime.

**RESPONSE:**

Plaintiff has made a reasonable inquiry into this matter and based on the information available, Plaintiff lacks sufficient knowledge to answer this request because, to the best of their recollection, Plaintiff did not request overtime. This request is irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 23:**

Admit that your supervisor(s) did not know the times when you began and ended your work on every day that you worked.

**RESPONSE:**

Plaintiff has made a reasonable inquiry into this matter and based on the information available, Plaintiff lacks sufficient knowledge to answer this request, as they do not know the extent to which their supervisor reviewed SICM entries, timekeeping entries, or other information that could have informed them of Plaintiff's work time.

**REQUEST FOR ADMISSION NO. 24:**

Admit that you could be assigned a case and close that same case within a 24-hour time period.

**RESPONSE:**

Plaintiff admits that some cases could be closed within 24 hours of when they were assigned, but this was not true for other cases.

**REQUEST FOR ADMISSION NO. 25:**

Admit that, after the COVID-19 pandemic started in or around March 2020, the amount of time you spent working in the field substantially decreased.

**RESPONSE:**

Plaintiff admits that they followed GEICO's COVID-19 pandemic protocols starting in or around March 2020, which limited the types of activities that required fieldwork.

**REQUEST FOR ADMISSION NO. 26:**

Admit that, in any workweek that you contend you worked more than 38.75 hours, you never reported any hours over 38.75 to your supervisor, manager, or human resources.

14

**RESPONSE:**

Plaintiff has made a reasonable inquiry into this matter and based on the information available, Plaintiff lacks sufficient knowledge to answer this request because they do not have complete records that would show weeks when they reported more than 38.75 hours.  This Request is irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.  Plaintiff does not yet have complete access to GEICO's timekeeping records, which GEICO has objected to producing, and therefore their response is not based on a review of those records (which, again, is irrelevant to Plaintiffs' claims).  Plaintiff reserves the right to amend their answer following a review of those records, should the Court compel GEICO to produce them.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 27:**

Admit that, by working off the clock as you allege, you received a more favorable rating on your annual Performance Assessment.

**RESPONSE:**

Plaintiff has made a reasonable inquiry into this matter and based on the information available, Plaintiff lacks sufficient knowledge to answer this request, as they are without SICM data that would allow them to model alternative hypothetical scenarios; however, Plaintiff worked off the clock to avoid receiving a performance rating below of 3 out of 5 so Plaintiff would not be fired.

15

**REQUEST FOR ADMISSION NO. 28:**

Admit that you have no personal knowledge as to whether your SIU manager(s) was aware of the number of hours you worked each week during the Relevant Time Period.

**RESPONSE:**

Plaintiff admits to having no personal knowledge as to whether their SIU manager(s) was aware of the number of hours they worked each week during the Relevant Time Period FLSA. Plaintiff objects that this request seeks to distract from the relevant facts and liability standards in this case, because liability attaches to an underpayment if an employer "(a) requires, (b) knows about, or (c) should have known about through the exercise of reasonable diligence," *Perry v. City of New York*, 78 F.4th 502, 512-13 (2d Cir. 2023), and does not require Plaintiffs to have any specific personal knowledge of managers' knowledge or constructive knowledge.

16

Respectfully submitted,

Dated: December 5, 2025          By:     /s/ Michael J. Scimone

Michael J. Scimone
Jarron D. McAllister
**OUTTEN & GOLDEN LLP**
685 Third Avenue, 25th Floor
New York, NY 10017
Telephone: 212-245-1000
Fax: 646-509-2060
mscimone@outtengolden.com
jmcallister@outtengolden.com

Ryan Cowdin*
**OUTTEN & GOLDEN LLP**
1225 New York Avenue NW
Suite 1200B
Washington, DC 20005
Telephone: 202-929-0636
Fax: 202-847-4410
rcowdin@outtengolden.com

Kaelyn Mahar
**OUTTEN & GOLDEN LLP**
One California Street, 12th Floor
San Francisco, CA 94111
Telephone: 415-715-1787
Fax: 415-638-8810
kmahar@outtengolden.com

Troy L. Kessler
Garrett Kaske
**KESSLER MATURA P.C.**
534 Broadhollow Road, Suite 275
Melville, NY 11747
Telephone: 631-499-9100
Facsimile: 800-451-0874
tkessler@kesslermatura.com
gkaske@kesslermatura.com
* Admitted *Pro Hac Vice*

*Attorneys for Plaintiffs and the Putative Class and Collective*

17

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| KEITH FISCHER, MICHAEL O'SULLIVAN, JOHN MOESER, LOUIS PIA, THOMAS BARDEN, CONSTANCE MANGAN, and CHARISE JONES, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>GOVERNMENT EMPLOYEES INSURANCE COMPANY,<br><br>        Defendant. | Case No. 2:23-CV-02848 (SJB) (SIL) |

**PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST SET OF
REQUESTS FOR ADMISSION TO OPT-IN PLAINTIFF JEFFREY LEWONKA**

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Jeffrey Lewonka ("Plaintiff"), by and through their attorneys, Outten & Golden LLP, hereby submits the following objections and responses to Defendant's First Amended Set of Requests for Admission, dated October 31, 2025.

**PRELIMINARY STATEMENT**

All responses to the following Requests for Admission are based on information currently known to Plaintiff and are provided without prejudice to Plaintiff's right to submit evidence of any subsequently discovered facts and information, should such become known. Plaintiff anticipates that as investigation and trial preparation continue, it is possible that additional facts may become known, which may in turn warrant additions to or changes in the responses provided herein. These responses are made in a good faith effort to supply such information as is presently known to Plaintiff. These responses and objections are made without prejudice to, and

are not a waiver of, Plaintiff's right to rely on other facts or documents at trial.

Plaintiff reserves all objections to the competence, relevance, materiality, or admissibility at trial of any information or documents requested or identified by any party. The inadvertent disclosure of any privileged information shall not be deemed to be a waiver of any applicable privilege with respect to such information or any other information.

The production of information and/or documents pursuant to this response is made without waiving, or intending to waive, but on the contrary reserving and intending to reserve: (a) the right to object on any grounds to the use of information produced pursuant to this response in this or any other action or proceeding; (b) the right to object on any and all grounds, at any time, to other interrogatories or other discovery mechanisms or proceedings; and (c) the right at any time to revise, correct, or supplement this response.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

Plaintiff objects to Defendant's Definitions and Instructions to the extent they exceed the discovery obligations set forth in Federal Rule 36, which requires only admission relating to "facts, the application of law to fact, or opinions about either" and "the genuineness of any described documents." Plaintiff further objects to Defendant's Definitions and Instructions to the extent that they impose a discovery obligation to supply information that is not required by the Federal Rules of Civil Procedure or Local Rules and requests privileged information, such as information that tends to disclose the mental impressions of counsel or the identities of potential witnesses.

## RESPONSES AND OBJECTIONS TO SPECIFIC REQUESTS FOR ADMISSION

## REQUEST FOR ADMISSION NO. 1:

Admit that Defendant paid you for all hours that you recorded in Defendant's timekeeping system.

2

**RESPONSE:**

Plaintiff admits to having no direct knowledge of any hours they recorded in GEICO's

timekeeping system that were underpaid.  This admission is irrelevant to the claims in this action,

which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of

incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff does not yet have complete access to GEICO's timekeeping records, which GEICO has

objected to producing, and therefore their response is not based on a review of those records

(though that review, again, is irrelevant to Plaintiffs' claims).  Plaintiff reserves the right to amend

their answer following a review of those records, should the Court compel GEICO to produce

them.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to

distract the factfinder and the Court by misdirecting their attention away from the relevant facts

and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 2:**

Admit that you do not have any written records reflecting amount(s) of time you worked

each week that you did not record in Defendant's timekeeping system.

**RESPONSE:**

Plaintiff admits that they do not have written records reflecting unrecorded amount(s) of

time they worked during each week.

**REQUEST FOR ADMISSION NO. 3:**

Admit that, if you reported work hours to a supervisor or manager, you were paid for those

hours.

**RESPONSE:**

Plaintiff denies the premise of this request, because they did not specifically report all hours

3

worked to their supervisor or manager.  This denial is irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 4:**

Admit that you have no personal knowledge as to whether Defendant intentionally violated any wage and hour laws.

**RESPONSE:**

Plaintiff objects to this request because it seeks an admission that is irrelevant to the claims or defenses in the case.  The Fair Labor Standards Act does not require proof of "intent[]" to violate the law.  Liability attaches to an underpayment if an employer "(a) requires, (b) knows about, or (c) should have known about [unpaid hours] through the exercise of reasonable diligence."  *Perry v. City of New York*, 78 F.4th 502, 512-13 (2d Cir. 2023).  Plaintiff is entitled to a third year of FLSA liability if an employer "willfully" violated the law, which means "it either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the Act."  *Id.* at 516.  And liquidated damages apply if the employer is unable to establish, to the

_____

4

satisfaction of the Court,[1] that it acted in good faith. 29 U.S.C. § 260. None of these standards require Plaintiff to prove intent.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 5:**

Admit that, during the Relevant Time Period, you did not work more than forty (40) hours for Defendant during any workweek.

**RESPONSE:**

Denied. Plaintiff worked more than 40 hours in multiple workweeks throughout the course of their employment with GEICO.

**REQUEST FOR ADMISSION NO. 6:**

_____

[1]    Good faith is a question for the Court. *See Perry v. City of New York*, No. 13 Civ. 1015, 2019 U.S. Dist. LEXIS 220519, at *9 (S.D.N.Y. Dec. 23, 2019) (holding "that the court's discretion to deny liquidate[d] damages is negated by a jury's finding of willfulness" based on the Second Circuit's *Pollis* case); *see also Pollis v. New Sch. for Soc. Research*, 132 F.3d 115, 120 (2d Cir. 1997) (making similar determination under the Equal Pay Act). The majority of circuit courts that have considered the question have held that a jury's willfulness finding precludes a finding of good faith. *See Black v. SettlePou, P.C.*, 732 F.3d 492, 501 (5th Cir. 2013) ("Because the jury found that [defendant] acted willfully in violating the FLSA, [defendant] cannot show that it acted in good faith."); *Herman v. Palo Grp. Foster Home, Inc.*, 183 F.3d 468, 474 (6th Cir. 1999) ("a finding of willfulness is dispositive of the liquidated-damages issue"); *Chao v. A-One Med. Servs., Inc.*, 346 F.3d 908, 920 (9th Cir. 2003) ("a finding of good faith is plainly inconsistent with a finding of willfulness"); *Brinkman v. Dep't of Corr. of State of Kan.*, 21 F.3d 370, 373 (10th Cir. 1994) (finding that the "district court properly awarded liquidated damages based upon the jury's finding of willfulness"); *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1166 (11th Cir. 2008) ("in an FLSA case a jury's finding in deciding . . . that the employer acted willfully precludes the court from finding that the employer acted in good faith"); *see also Ellison v. United States*, 25 Cl. Ct. 481, 499 (1992) (finding in Equal Pay Act case that "The evidence cannot support a finding that the willful failure to promote plaintiff constituted good faith action"); *E.E.O.C. v. Madison Cmty. Unit Sch. Dist. No. 12*, 818 F.2d 577, 586 (7th Cir. 1987) (finding in Equal Pay Act case that, "If [defendant] was acting reasonably and in good faith, it could hardly be guilty of violating the law either intentionally or with reckless disregard for the legality of its conduct.").

5

Admit that, during the Relevant Time Period, there were some workweeks during which you did not work more than forty (40) hours for Defendant.

**RESPONSE:**

Admit that Plaintiff worked fewer than 40 hours in some workweeks in which Plaintiff worked less than a full schedule due to, e.g., holidays or other time off from work.

**REQUEST FOR ADMISSION NO. 7:**

Admit that you did not complain to Defendant that you worked overtime during the Relevant Time Period without compensation.

**RESPONSE:**

Plaintiff admits that they did not complain to Defendant that they worked overtime during the Relevant Time Period without compensation.

**REQUEST FOR ADMISSION NO. 8:**

Admit that no manager or supervisor in Defendant's Special Investigations Unit instructed you to work off-the-clock at any point during the Relevant Time Period.

**RESPONSE:**

Plaintiff admits that no manager or supervisor in GEICO's Special Investigations Unit specifically told them to work off the clock. GEICO managers and supervisors, however, told Plaintiff that overtime was not available. This admission is largely irrelevant to proof of the claims in this action, which concerns whether GEICO knew or should have known that Plaintiff worked off the clock as a result of its system of incentives to underreport hours worked and disincentives to accurately report hours worked.

**REQUEST FOR ADMISSION NO. 9:**

Admit that, throughout your employment with Defendant, Defendant maintained a written policy requiring that you accurately record all of your hours worked in Defendant's timekeeping

6

system.

**RESPONSE:**

Plaintiff is aware of and admits the existence of GEICO's timekeeping policies reflected at G00041. That admission is largely irrelevant to Plaintiff's allegations, which are that GEICO knowingly caused Plaintiffs to not record all of their work hours by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 10:**

Admit that, to the extent you claim you are owed unpaid overtime wages, you failed to adhere to the policy or policies described in Request No. 9.

**RESPONSE:**

Plaintiff admits that by not recording all hours worked in GEICO's timekeeping system, they did not comply with the policy described in their response to Request 9. That admission is largely irrelevant to Plaintiff's allegations, which are that GEICO knowingly caused Plaintiffs to not record all of their work hours by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 11:**

Admit that, throughout your employment with Defendant, Defendant maintained a written policy forbidding "off the clock" work.

7

**RESPONSE:**

Plaintiff is aware of and admits the existence of GEICO's timekeeping policies reflected at G000062. That admission is irrelevant to Plaintiff's allegations, which are that GEICO knowingly caused Plaintiffs to not record all of their work hours by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 12:**

Admit that, to the extent you claim you are owed unpaid overtime wages, you failed to adhere to the policy or policies described in Request No 11.

**RESPONSE:**

Plaintiff admits that by not recording all hours worked in GEICO's timekeeping system, they did not comply with GEICO's policy described in their response to Request 11. That admission is irrelevant to Plaintiff's allegations, which are that GEICO knowingly caused Plaintiffs to not record all of their work hours by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 13:**

Admit that, during the Relevant Time Period, you had the ability to "flex" your schedule such that you could adjust your work start time and/or end time so long as your weekly work hours totaled approximately 38.75 hours.

8

**RESPONSE:**

Plaintiff admits that they could adjust work hours during the week, up to a total of 38.75 hours. That admission is largely irrelevant to Plaintiff's allegations, which are that GEICO knowingly caused Plaintiffs to not record all of their work hours by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 14:**

Admit that, to the extent you entered weekly work hours over forty (40) into GEICO's timekeeping system during the Relevant Time Period, GEICO paid you for all such hours at one-and-one-half times your hourly rate of pay.

**RESPONSE:**

Plaintiff admits to having no direct knowledge of any hours over forty (40) they recorded in GEICO's timekeeping system that were unpaid. This admission is irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked. Plaintiff does not yet have complete access to GEICO's timekeeping records, which GEICO has objected to producing, and therefore their response is not based on a review of those records (though that review, again, is irrelevant to Plaintiffs' claims). Plaintiff reserves the right to amend their answer following a review of those records, should the Court compel GEICO to produce them.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts

9

and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 15:**

Admit that different cases required different amounts of time by you to investigate.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 16:**

Admit that you did not enter the amount(s) of time you spent on investigative tasks into GEICO's Special Investigation Case Management ("SICM") system.

**RESPONSE:**

Admit.  This admission is largely irrelevant to Plaintiffs' contentions about the SICM system, which are that it reflected timestamps for particular tasks that, taken as a whole, were one source of knowledge that GEICO supervisors could have used (and at times, did use) to identify off-the-clock work.  *See* S. Greenman Tr. 285:24-288:11.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 17:**

Admit that recording overtime hours in GEICO's timekeeping system did not cause your annual performance rating to fall under a score of three out of five.

**RESPONSE:**

Plaintiff has made a reasonable inquiry into this matter and based on the information available, Plaintiff lacks sufficient knowledge to answer this request, because they lack access to sufficient SICM data to model how their performance metrics would change if they had reported all of their overtime hours.  This admission is irrelevant to the claims in this action because of its

10

specificity, which narrowly focuses on whether entering their overtime hours in GEICO's

timekeeping system caused them to fall under a score of three out of five, rather than whether

GEICO knowingly created a system of incentives to underreport hours worked and disincentives to

accurately report hours worked.

**REQUEST FOR ADMISSION NO. 18:**

Admit that you did not inform your supervisor of every task you performed for each case

you investigated or the corresponding amount of time you spent on each task.

**RESPONSE:**

Deny that Plaintiff did not inform their supervisor of the tasks they performed, insofar as

those tasks had to be recorded in SICM and deny that Plaintiff did not inform their supervisor of

the time spent on those tasks on those occasions when Plaintiff requested overtime; but admit

that Plaintiff did not (and GEICO did not require Plaintiff to) separately quantify the time spent

on every task to the extent Plaintiff's hours did not exceed 38.75 per week.  This admission is

largely irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to

not record by knowingly creating a system of incentives to underreport hours worked and

disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to

distract the factfinder and the Court by misdirecting their attention away from the relevant facts

and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 19:**

Admit that each case that you investigated required the performance of different

investigative tasks.

**RESPONSE:**

Plaintiff denies that each case investigated required the performance of unique

11

investigative tasks.  Investigating cases required several common elements such as reviewing the claim file and running background checks.  Plaintiff admits that cases they investigated were not identical and often required different investigative tasks based on those facts.  This admission is irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 20:**

Admit that the number of hours that you contend you worked in a workweek varied due to factors other than the number of cases assigned to you.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 21:**

Admit that you reported to a supervisor who never denied your overtime request(s).

**RESPONSE:**

Plaintiff admits that their supervisor(s) never denied a request for overtime.  However, Plaintiff asked his manager, Bill Newport, for overtime in departmental meetings in 2018 and 2019; Newport rejected those requests. This admission is irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts

12

and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 22:**

Admit that your supervisor(s) approved overtime when you followed the supervisor's communicated practice for requesting overtime.

**RESPONSE:**

Plaintiff admits that their supervisor(s) approved overtime at least once when Plaintiff requested overtime. This admission is irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 23:**

Admit that your supervisor(s) did not know the times when you began and ended your work on every day that you worked.

**RESPONSE:**

Plaintiff has made a reasonable inquiry into this matter and based on the information available, Plaintiff lacks sufficient knowledge to answer this request, as they do not know the extent to which their supervisor reviewed SICM entries, timekeeping entries, or other information that could have informed them of Plaintiff's work time.

**REQUEST FOR ADMISSION NO. 24:**

Admit that you could be assigned a case and close that same case within a 24-hour time period.

**RESPONSE:**

13

Plaintiff admits that some cases could be closed within 24 hours of when they were assigned, but this was not true for other cases.

**REQUEST FOR ADMISSION NO. 25:**

Admit that, after the COVID-19 pandemic started in or around March 2020, the amount of time you spent working in the field substantially decreased.

**RESPONSE:**

Plaintiff admits that they followed GEICO's COVID-19 pandemic protocols starting in or around March 2020, which limited the types of activities that required fieldwork.

**REQUEST FOR ADMISSION NO. 26:**

Admit that, in any workweek that you contend you worked more than 38.75 hours, you never reported any hours over 38.75 to your supervisor, manager, or human resources.

**RESPONSE:**

Plaintiff has made a reasonable inquiry into this matter and based on the information available, Plaintiff lacks sufficient knowledge to answer this request because they do not have complete records that would show weeks when they reported more than 38.75 hours.  This Request is irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.  Plaintiff does not yet have complete access to GEICO's timekeeping records, which GEICO has objected to producing, and therefore their response is not based on a review of those records (which, again, is irrelevant to Plaintiffs' claims).  Plaintiff reserves the right to amend their answer following a review of those records, should the Court compel GEICO to produce them.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant

14

facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 27:**

Admit that, by working off the clock as you allege, you received a more favorable rating on your annual Performance Assessment.

**RESPONSE:**

Plaintiff has made a reasonable inquiry into this matter and based on the information available, Plaintiff lacks sufficient knowledge to answer this request, as they are without SICM data that would allow them to model alternative hypothetical scenarios; however, Plaintiff worked off the clock to avoid receiving a performance rating below of 3 out of 5 so Plaintiff would not be fired.

**REQUEST FOR ADMISSION NO. 28:**

Admit that you have no personal knowledge as to whether your SIU manager(s) was aware of the number of hours you worked each week during the Relevant Time Period.

**RESPONSE:**

Plaintiff admits to having no personal knowledge as to whether their SIU manager(s) was aware of the number of hours they worked each week during the Relevant Time Period FLSA. Plaintiff objects that this request seeks to distract from the relevant facts and liability standards in this case, because liability attaches to an underpayment if an employer "(a) requires, (b) knows about, or (c) should have known about through the exercise of reasonable diligence," *Perry v. City of New York*, 78 F.4th 502, 512-13 (2d Cir. 2023), and does not require Plaintiffs to have any specific personal knowledge of managers' knowledge or constructive knowledge.

Respectfully submitted,

Dated: November 26, 2025         By:    */s/ Michael J. Scimone*

15

Michael J. Scimone
Jarron D. McAllister
**OUTTEN & GOLDEN LLP**
685 Third Avenue, 25th Floor
New York, NY 10017
Telephone: 212-245-1000
Fax: 646-509-2060
mscimone@outtengolden.com
jmcallister@outtengolden.com

Ryan Cowdin*
**OUTTEN & GOLDEN LLP**
1225 New York Avenue NW
Suite 1200B
Washington, DC 20005
Telephone: 202-929-0636
Fax: 202-847-4410
rcowdin@outtengolden.com

Kaelyn Mahar
**OUTTEN & GOLDEN LLP**
One California Street, 12th Floor
San Francisco, CA 94111
Telephone: 415-715-1787
Fax: 415-638-8810
kmahar@outtengolden.com

Troy L. Kessler
Garrett Kaske
**KESSLER MATURA P.C.**
534 Broadhollow Road, Suite 275
Melville, NY 11747
Telephone: 631-499-9100
Facsimile: 800-451-0874
tkessler@kesslermatura.com
gkaske@kesslermatura.com

* Admitted *Pro Hac Vice*

*Attorneys for Plaintiffs and the Putative Class and Collective*

16

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| KEITH FISCHER, MICHAEL O'SULLIVAN, JOHN MOESER, LOUIS PIA, THOMAS BARDEN, CONSTANCE MANGAN, and CHARISE JONES, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> GOVERNMENT EMPLOYEES INSURANCE COMPANY, <br><br> Defendant. | Case No. 2:23-CV-02848 (SJB) (SLT) |

**PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST SET OF
REQUESTS FOR ADMISSION TO OPT-IN PLAINTIFF MICHAEL MANZOLILLO**

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Michael Manzolillo ("Plaintiff"), by and through his attorneys, Outten & Golden LLP, hereby submits the following objections and responses to Defendant's First Amended Set of Requests for Admission, dated October 31, 2025.

**PRELIMINARY STATEMENT**

All responses to the following Requests for Admission are based on information currently known to Plaintiff and are provided without prejudice to Plaintiff's right to submit evidence of any subsequently discovered facts and information, should such become known. Plaintiff anticipates that as investigation and trial preparation continue, it is possible that additional facts may become known, which may in turn warrant additions to or changes in the responses provided herein. These responses are made in a good faith effort to supply such information as is presently known to Plaintiff. These responses and objections are made without prejudice to, and

are not a waiver of, Plaintiff's right to rely on other facts or documents at trial.

Plaintiff reserves all objections to the competence, relevance, materiality, or admissibility at trial of any information or documents requested or identified by any party.  The inadvertent disclosure of any privileged information shall not be deemed to be a waiver of any applicable privilege with respect to such information or any other information.

The production of information and/or documents pursuant to this response is made without waiving, or intending to waive, but on the contrary reserving and intending to reserve: (a) the right to object on any grounds to the use of information produced pursuant to this response in this or any other action or proceeding; (b) the right to object on any and all grounds, at any time, to other interrogatories or other discovery mechanisms or proceedings; and (c) the right at any time to revise, correct, or supplement this response.

### OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

Plaintiff objects to Defendant's Definitions and Instructions to the extent they exceed the discovery obligations set forth in Federal Rule 36, which requires only admission relating to "facts, the application of law to fact, or opinions about either" and "the genuineness of any described documents."  Plaintiff further objects to Defendant's Definitions and Instructions to the extent that they impose a discovery obligation to supply information that is not required by the Federal Rules of Civil Procedure or Local Rules and requests privileged information, such as information that tends to disclose the mental impressions of counsel or the identities of potential witnesses.

### RESPONSES AND OBJECTIONS TO SPECIFIC REQUESTS FOR ADMISSION
### REQUEST FOR ADMISSION NO. 1:

Admit that Defendant paid you for all hours that you recorded in Defendant's timekeeping system.

2

**RESPONSE:**

Plaintiff admits to having no direct knowledge of any hours they recorded in GEICO's timekeeping system that were underpaid. This admission is irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked. Plaintiff does not yet have complete access to GEICO's timekeeping records, which GEICO has objected to producing, and therefore their response is not based on a review of those records (though that review, again, is irrelevant to Plaintiffs' claims). Plaintiff reserves the right to amend their answer following a review of those records, should the Court compel GEICO to produce them.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 2:**

Admit that you do not have any written records reflecting amount(s) of time you worked each week that you did not record in Defendant's timekeeping system.

**RESPONSE:**

Plaintiff admits that they do not have written records reflecting unrecorded amount(s) of time they worked during each week.

**REQUEST FOR ADMISSION NO. 3:**

Admit that, if you reported work hours to a supervisor or manager, you were paid for those hours.

**RESPONSE:**

Plaintiff denies the premise of this request, because they did not specifically report all hours

3

worked to their supervisor or manager. This denial is irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 4:**

Admit that you have no personal knowledge as to whether Defendant intentionally violated any wage and hour laws.

**RESPONSE:**

Plaintiff objects to this request because it seeks an admission that is irrelevant to the claims or defenses in the case. The Fair Labor Standards Act does not require proof of "intent[]" to violate the law. Liability attaches to an underpayment if an employer "(a) requires, (b) knows about, or (c) should have known about [unpaid hours] through the exercise of reasonable diligence." *Perry v. City of New York*, 78 F.4th 502, 512-13 (2d Cir. 2023). Plaintiff is entitled to a third year of FLSA liability if an employer "willfully" violated the law, which means "it either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the Act." *Id.* at 516. And liquidated damages apply if the employer is unable to establish, to the

———————————————

4

satisfaction of the Court,[1] that it acted in good faith.  29 U.S.C. § 260.  None of these standards require Plaintiff to prove intent.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 5:**

Admit that, during the Relevant Time Period, you did not work more than forty (40) hours for Defendant during any workweek.

**RESPONSE:**

Denied.  Plaintiff worked more than 40 hours in multiple workweeks throughout the course of their employment with GEICO.

**REQUEST FOR ADMISSION NO. 6:**

_____

[1]    Good faith is a question for the Court.  *See Perry v. City of New York*, No. 13 Civ. 1015, 2019 U.S. Dist. LEXIS 220519, at \*9 (S.D.N.Y. Dec. 23, 2019) (holding "that the court's discretion to deny liquidate[d] damages is negated by a jury's finding of willfulness" based on the Second Circuit's *Pollis* case); *see also Pollis v. New Sch. for Soc. Research*, 132 F.3d 115, 120 (2d Cir. 1997) (making similar determination under the Equal Pay Act).  The majority of circuit courts that have considered the question have held that a jury's willfulness finding precludes a finding of good faith.  *See Black v. SettlePou, P.C.*, 732 F.3d 492, 501 (5th Cir. 2013) ("Because the jury found that [defendant] acted willfully in violating the FLSA, [defendant] cannot show that it acted in good faith."); *Herman v. Palo Grp. Foster Home, Inc.*, 183 F.3d 468, 474 (6th Cir. 1999) ("a finding of willfulness is dispositive of the liquidated-damages issue"); *Chao v. A-One Med. Servs., Inc.*, 346 F.3d 908, 920 (9th Cir. 2003) ("a finding of good faith is plainly inconsistent with a finding of willfulness"); *Brinkman v. Dep't of Corr. of State of Kan.*, 21 F.3d 370, 373 (10th Cir. 1994) (finding that the "district court properly awarded liquidated damages based upon the jury's finding of willfulness"); *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1166 (11th Cir. 2008) ("in an FLSA case a jury's finding in deciding . . . that the employer acted willfully precludes the court from finding that the employer acted in good faith"); *see also Ellison v. United States*, 25 Cl. Ct. 481, 499 (1992) (finding in Equal Pay Act case that "The evidence cannot support a finding that the willful failure to promote plaintiff constituted good faith action"); *E.E.O.C. v. Madison Cmty. Unit Sch. Dist. No. 12*, 818 F.2d 577, 586 (7th Cir. 1987) (finding in Equal Pay Act case that, "If [defendant] was acting reasonably and in good faith, it could hardly be guilty of violating the law either intentionally or with reckless disregard for the legality of its conduct.").

Admit that, during the Relevant Time Period, there were some workweeks during which you did not work more than forty (40) hours for Defendant.

**RESPONSE:**

Admit that Plaintiff worked fewer than 40 hours in some workweeks in which Plaintiff worked less than a full schedule due to, e.g., holidays or other time off from work.

**REQUEST FOR ADMISSION NO. 7:**

Admit that you did not complain to Defendant that you worked overtime during the Relevant Time Period without compensation.

**RESPONSE:**

Plaintiff admits that they did not complain to Defendant that they worked overtime during the Relevant Time Period without compensation.

**REQUEST FOR ADMISSION NO. 8:**

Admit that no manager or supervisor in Defendant's Special Investigations Unit instructed you to work off-the-clock at any point during the Relevant Time Period.

**RESPONSE:**

Plaintiff admits that no manager or supervisor in GEICO's Special Investigations Unit specifically told them to work off the clock. GEICO managers and supervisors, however, told Plaintiff that overtime was not available. This admission is largely irrelevant to proof of the claims in this action, which concerns whether GEICO knew or should have known that Plaintiff worked off the clock as a result of its system of incentives to underreport hours worked and disincentives to accurately report hours worked.

**REQUEST FOR ADMISSION NO. 9:**

Admit that, throughout your employment with Defendant, Defendant maintained a written policy requiring that you accurately record all of your hours worked in Defendant's timekeeping

6

system.

**RESPONSE:**

Plaintiff is aware of and admits the existence of GEICO's timekeeping policies reflected at G00041. That admission is largely irrelevant to Plaintiff's allegations, which are that GEICO knowingly caused Plaintiffs to not record all of their work hours by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 10:**

Admit that, to the extent you claim you are owed unpaid overtime wages, you failed to adhere to the policy or policies described in Request No. 9.

**RESPONSE:**

Plaintiff admits that by not recording all hours worked in GEICO's timekeeping system, they did not comply with the policy described in their response to Request 9. That admission is largely irrelevant to Plaintiff's allegations, which are that GEICO knowingly caused Plaintiffs to not record all of their work hours by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 11:**

Admit that, throughout your employment with Defendant, Defendant maintained a written policy forbidding "off the clock" work.

7

**RESPONSE:**

Plaintiff is aware of and admits the existence of GEICO's timekeeping policies reflected at G000062. That admission is irrelevant to Plaintiff's allegations, which are that GEICO knowingly caused Plaintiffs to not record all of their work hours by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 12:**

Admit that, to the extent you claim you are owed unpaid overtime wages, you failed to adhere to the policy or policies described in Request No 11.

**RESPONSE:**

Plaintiff admits that by not recording all hours worked in GEICO's timekeeping system, they did not comply with GEICO's policy described in their response to Request 11. That admission is irrelevant to Plaintiff's allegations, which are that GEICO knowingly caused Plaintiffs to not record all of their work hours by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 13:**

Admit that, during the Relevant Time Period, you had the ability to "flex" your schedule such that you could adjust your work start time and/or end time so long as your weekly work hours totaled approximately 38.75 hours.

8

**RESPONSE:**

Plaintiff admits that they could adjust work hours during the week, up to a total of 38.75 hours. That admission is largely irrelevant to Plaintiff's allegations, which are that GEICO knowingly caused Plaintiffs to not record all of their work hours by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 14:**

Admit that, to the extent you entered weekly work hours over forty (40) into GEICO's timekeeping system during the Relevant Time Period, GEICO paid you for all such hours at one-and-one-half times your hourly rate of pay.

**RESPONSE:**

Plaintiff admits to having no direct knowledge of any hours over forty (40) they recorded in GEICO's timekeeping system that were unpaid. This admission is irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked. Plaintiff does not yet have complete access to GEICO's timekeeping records, which GEICO has objected to producing, and therefore their response is not based on a review of those records (though that review, again, is irrelevant to Plaintiffs' claims). Plaintiff reserves the right to amend their answer following a review of those records, should the Court compel GEICO to produce them.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts

9

and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 15:**

Admit that different cases required different amounts of time by you to investigate.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 16:**

Admit that you did not enter the amount(s) of time you spent on investigative tasks into GEICO's Special Investigation Case Management ("SICM") system.

**RESPONSE:**

Admit.  This admission is largely irrelevant to Plaintiffs' contentions about the SICM system, which are that it reflected timestamps for particular tasks that, taken as a whole, were one source of knowledge that GEICO supervisors could have used (and at times, did use) to identify off-the-clock work.  *See* S. Greenman Tr. 285:24-288:11.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 17:**

Admit that recording overtime hours in GEICO's timekeeping system did not cause your annual performance rating to fall under a score of three out of five.

**RESPONSE:**

Plaintiff has made a reasonable inquiry into this matter and based on the information available, Plaintiff lacks sufficient knowledge to answer this request, because they lack access to sufficient SICM data to model how their performance metrics would change if they had reported all of their overtime hours.  This admission is irrelevant to the claims in this action because of its

10

specificity, which narrowly focuses on whether entering their overtime hours in GEICO's timekeeping system caused them to fall under a score of three out of five, rather than whether GEICO knowingly created a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

**REQUEST FOR ADMISSION NO. 18:**

Admit that you did not inform your supervisor of every task you performed for each case you investigated or the corresponding amount of time you spent on each task.

**RESPONSE:**

Deny that Plaintiff did not inform their supervisor of the tasks they performed, insofar as those tasks had to be recorded in SICM and deny that Plaintiff did not inform their supervisor of the time spent on those tasks on those occasions when Plaintiff requested overtime; but admit that Plaintiff did not (and GEICO did not require Plaintiff to) separately quantify the time spent on every task to the extent Plaintiff's hours did not exceed 38.75 per week.  This admission is largely irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 19:**

Admit that each case that you investigated required the performance of different investigative tasks.

**RESPONSE:**

Plaintiff denies that each case investigated required the performance of unique

11

investigative tasks.  Investigating cases required several common elements such as reviewing the claim file and running background checks.  Plaintiff admits that cases they investigated were not identical and often required different investigative tasks based on those facts.  This admission is irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 20:**

Admit that the number of hours that you contend you worked in a workweek varied due to factors other than the number of cases assigned to you.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 21:**

Admit that you reported to a supervisor who never denied your overtime request(s).

**RESPONSE:**

Plaintiff has made a reasonable inquiry into this matter and based on the information available, Plaintiff lacks sufficient knowledge to answer this request because, to the best of their recollection, Plaintiff did not request overtime. This request is irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to

12

distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 22:**

Admit that your supervisor(s) approved overtime when you followed the supervisor's communicated practice for requesting overtime.

**RESPONSE:**

Plaintiff has made a reasonable inquiry into this matter and based on the information available, Plaintiff lacks sufficient knowledge to answer this request because, to the best of their recollection, Plaintiff did not request overtime. This request is irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 23:**

Admit that your supervisor(s) did not know the times when you began and ended your work on every day that you worked.

**RESPONSE:**

Plaintiff has made a reasonable inquiry into this matter and based on the information available, Plaintiff lacks sufficient knowledge to answer this request, as they do not know the extent to which their supervisor reviewed SICM entries, timekeeping entries, or other information that could have informed them of Plaintiff's work time.

**REQUEST FOR ADMISSION NO. 24:**

13

Admit that you could be assigned a case and close that same case within a 24-hour time period.

**RESPONSE:**

Plaintiff admits that some cases could be closed within 24 hours of when they were assigned, but this was not true for other cases.

**REQUEST FOR ADMISSION NO. 25:**

Admit that, after the COVID-19 pandemic started in or around March 2020, the amount of time you spent working in the field substantially decreased.

**RESPONSE:**

Plaintiff admits that they followed GEICO's COVID-19 pandemic protocols starting in or around March 2020, which limited the types of activities that required fieldwork.

**REQUEST FOR ADMISSION NO. 26:**

Admit that, in any workweek that you contend you worked more than 38.75 hours, you never reported any hours over 38.75 to your supervisor, manager, or human resources.

**RESPONSE:**

Plaintiff has made a reasonable inquiry into this matter and based on the information available, Plaintiff lacks sufficient knowledge to answer this request because they do not have complete records that would show weeks when they reported more than 38.75 hours. This Request is irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked. Plaintiff does not yet have complete access to GEICO's timekeeping records, which GEICO has objected to producing, and therefore their response is not based on a review of those records (which, again, is irrelevant to Plaintiffs' claims). Plaintiff reserves the right to amend their answer following a review of those

14

records, should the Court compel GEICO to produce them.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 27:**

Admit that, by working off the clock as you allege, you received a more favorable rating on your annual Performance Assessment.

**RESPONSE:**

Plaintiff has made a reasonable inquiry into this matter and based on the information available, Plaintiff lacks sufficient knowledge to answer this request, as they are without SICM data that would allow them to model alternative hypothetical scenarios; however, Plaintiff worked off the clock to avoid receiving a performance rating below of 3 out of 5 so Plaintiff would not be fired.

**REQUEST FOR ADMISSION NO. 28:**

Admit that you have no personal knowledge as to whether your SIU manager(s) was aware of the number of hours you worked each week during the Relevant Time Period.

**RESPONSE:**

Plaintiff denies having no personal knowledge as to whether their SIU manager(s) was aware of the number of hours they worked each week during the Relevant Time Period FLSA. Plaintiff was told by his superiors that they were tracking when he logged on and logged off. Plaintiff objects that this request seeks to distract from the relevant facts and liability standards in this case, because liability attaches to an underpayment if an employer "(a) requires, (b) knows about, or (c) should have known about through the exercise of reasonable diligence," *Perry v. City of New York*, 78 F.4th 502, 512-13 (2d Cir. 2023), and does not require Plaintiffs to have any

15

specific personal knowledge of managers' knowledge or constructive knowledge.


Respectfully submitted,

Dated: November 26, 2025          By:   */s/ Michael J. Scimone*

Michael J. Scimone
Jarron D. McAllister
**OUTTEN & GOLDEN LLP**
685 Third Avenue, 25th Floor
New York, NY 10017
Telephone: 212-245-1000
Fax: 646-509-2060
mscimone@outtengolden.com
jmcallister@outtengolden.com

Ryan Cowdin*
**OUTTEN & GOLDEN LLP**
1225 New York Avenue NW
Suite 1200B
Washington, DC 20005
Telephone: 202-929-0636
Fax: 202-847-4410
rcowdin@outtengolden.com

Kaelyn Mahar
**OUTTEN & GOLDEN LLP**
One California Street, 12th Floor
San Francisco, CA 94111
Telephone: 415-715-1787
Fax: 415-638-8810
kmahar@outtengolden.com

Troy L. Kessler
Garrett Kaske
**KESSLER MATURA P.C.**
534 Broadhollow Road, Suite 275
Melville, NY 11747
Telephone: 631-499-9100
Facsimile: 800-451-0874
tkessler@kesslermatura.com
gkaske@kesslermatura.com

16

\* Admitted *Pro Hac Vice*

*Attorneys for Plaintiffs and the Putative Class and Collective*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

<table>
<tr>
<td>
KEITH FISCHER, MICHAEL O'SULLIVAN, JOHN MOESER, LOUIS PIA, THOMAS BARDEN, CONSTANCE MANGAN, and CHARISE JONES, individually and on behalf of all others similarly situated,<br><br>
  Plaintiffs,<br><br>
  v.<br><br>
GOVERNMENT EMPLOYEES INSURANCE COMPANY,<br><br>
  Defendant.
</td>
<td>
Case No. 2:23-CV-02848 (SJB) (SIL)
</td>
</tr>
</table>

**PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST SET OF REQUESTS FOR ADMISSION TO OPT-IN PLAINTIFF JOHN C. McEVOY**

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, John C. McEvoy ("Plaintiff"), by and through their attorneys, Outten & Golden LLP, hereby submits the following objections and responses to Defendant's First Amended Set of Requests for Admission, dated October 31, 2025.

**PRELIMINARY STATEMENT**

All responses to the following Requests for Admission are based on information currently known to Plaintiff and are provided without prejudice to Plaintiff's right to submit evidence of any subsequently discovered facts and information, should such become known. Plaintiff anticipates that as investigation and trial preparation continue, it is possible that additional facts may become known, which may in turn warrant additions to or changes in the responses provided herein. These responses are made in a good faith effort to supply such information as is presently known to Plaintiff. These responses and objections are made without prejudice to, and are not a waiver of,

1

Plaintiff's right to rely on other facts or documents at trial.

Plaintiff reserves all objections to the competence, relevance, materiality, or admissibility at trial of any information or documents requested or identified by any party.  The inadvertent disclosure of any privileged information shall not be deemed to be a waiver of any applicable privilege with respect to such information or any other information.

The production of information and/or documents pursuant to this response is made without waiving, or intending to waive, but on the contrary reserving and intending to reserve: (a) the right to object on any grounds to the use of information produced pursuant to this response in this or any other action or proceeding; (b) the right to object on any and all grounds, at any time, to other interrogatories or other discovery mechanisms or proceedings; and (c) the right at any time to revise, correct, or supplement this response.

## **OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

Plaintiff objects to Defendant's Definitions and Instructions to the extent they exceed the discovery obligations set forth in Federal Rule 36, which requires only admission relating to "facts, the application of law to fact, or opinions about either" and "the genuineness of any described documents."  Plaintiff further objects to Defendant's Definitions and Instructions to the extent that they impose a discovery obligation to supply information that is not required by the Federal Rules of Civil Procedure or Local Rules and requests privileged information, such as information that tends to disclose the mental impressions of counsel or the identities of potential witnesses.

2

## RESPONSES AND OBJECTIONS TO SPECIFIC REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:**

Admit that Defendant paid you for all hours that you recorded in Defendant's timekeeping system.

**RESPONSE:**

Plaintiff admits to having no direct knowledge of any hours they recorded in GEICO's timekeeping system that were underpaid. This admission is irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked. Plaintiff does not yet have complete access to GEICO's timekeeping records, which GEICO has objected to producing, and therefore their response is not based on a review of those records (though that review, again, is irrelevant to Plaintiffs' claims). Plaintiff reserves the right to amend their answer following a review of those records, should the Court compel GEICO to produce them.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 2:**

Admit that you do not have any written records reflecting amount(s) of time you worked each week that you did not record in Defendant's timekeeping system.

**RESPONSE:**

Plaintiff admits that they do not have written records reflecting unrecorded amount(s) of time they worked during each week.

3

**REQUEST FOR ADMISSION NO. 3:**

Admit that, if you reported work hours to a supervisor or manager, you were paid for those hours.

**RESPONSE:**

Plaintiff denies the premise of this request, because they did not specifically report all hours worked to their supervisor or manager. This denial is irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 4:**

Admit that you have no personal knowledge as to whether Defendant intentionally violated any wage and hour laws.

**RESPONSE:**

Plaintiff objects to this request because it seeks an admission that is irrelevant to the claims or defenses in the case. The Fair Labor Standards Act do not require proof of "intent[]" to violate the law. Liability attaches to an underpayment if an employer "(a) requires, (b) knows about, or (c) should have known about [unpaid hours] through the exercise of reasonable diligence." *Perry v. City of New York*, 78 F.4th 502, 512-13 (2d Cir. 2023). Plaintiff is entitled to a third year of FLSA liability if an employer "willfully" violated the law, which means "it either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the Act." *Id.* at 516. And liquidated

4

damages apply if the employer is unable to establish, to the satisfaction of the Court,[1] that it acted in good faith.  29 U.S.C. § 260.  None of these standards require Plaintiff to prove intent.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

## REQUEST FOR ADMISSION NO. 5:

Admit that, during the Relevant Time Period, you did not work more than forty (40) hours for Defendant during any workweek.

## RESPONSE:

Denied.  Plaintiff worked more than 40 hours in multiple workweeks throughout the course of their employment with GEICO.

---

[1]     Good faith is a question for the Court.  *See Perry v. City of New York*, No. 13 Civ. 1015, 2019 U.S. Dist. LEXIS 220519, at *9 (S.D.N.Y. Dec. 23, 2019) (holding "that the court's discretion to deny liquidate[d] damages is negated by a jury's finding of willfulness" based on the Second Circuit's *Pollis* case); *see also Pollis v. New Sch. for Soc. Research*, 132 F.3d 115, 120 (2d Cir. 1997) (making similar determination under the Equal Pay Act).  The majority of circuit courts that have considered the question have held that a jury's willfulness finding precludes a finding of good faith.  *See Black v. SettlePou, P.C.*, 732 F.3d 492, 501 (5th Cir. 2013) ("Because the jury found that [defendant] acted willfully in violating the FLSA, [defendant] cannot show that it acted in good faith."); *Herman v. Palo Grp. Foster Home, Inc.*, 183 F.3d 468, 474 (6th Cir. 1999) ("a finding of willfulness is dispositive of the liquidated-damages issue"); *Chao v. A-One Med. Servs., Inc.*, 346 F.3d 908, 920 (9th Cir. 2003) ("a finding of good faith is plainly inconsistent with a finding of willfulness"); *Brinkman v. Dep't of Corr. of State of Kan.*, 21 F.3d 370, 373 (10th Cir. 1994) (finding that the "district court properly awarded liquidated damages based upon the jury's finding of willfulness"); *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1166 (11th Cir. 2008) ("in an FLSA case a jury's finding in deciding . . . that the employer acted willfully precludes the court from finding that the employer acted in good faith"); *see also Ellison v. United States*, 25 Cl. Ct. 481, 499 (1992) (finding in Equal Pay Act case that "The evidence cannot support a finding that the willful failure to promote plaintiff constituted good faith action"); *E.E.O.C. v. Madison Cmty. Unit Sch. Dist. No. 12*, 818 F.2d 577, 586 (7th Cir. 1987) (finding in Equal Pay Act case that, "If [defendant] was acting reasonably and in good faith, it could hardly be guilty of violating the law either intentionally or with reckless disregard for the legality of its conduct.").

**REQUEST FOR ADMISSION NO. 6:**

Admit that, during the Relevant Time Period, there were some workweeks during which you did not work more than forty (40) hours for Defendant.

**RESPONSE:**

Admit that Plaintiff worked fewer than 40 hours in some workweeks in which Plaintiff worked less than a full schedule due to, e.g., holidays or other time off from work.

**REQUEST FOR ADMISSION NO. 7:**

Admit that you did not complain to Defendant that you worked overtime during the Relevant Time Period without compensation.

**RESPONSE:**

Plaintiff admits that they did not complaint to Defendant that they worked overtime during the Relevant Time Period without compensation.

**REQUEST FOR ADMISSION NO. 8:**

Admit that no manager or supervisor in Defendant's Special Investigations Unit instructed you to work off-the-clock at any point during the Relevant Time Period.

**RESPONSE:**

Plaintiff admits that no manager or supervisor in GEICO's Special Investigations Unit specifically told them to work off the clock. GEICO managers and supervisors, however, told Plaintiff that overtime was limited. This admission is largely irrelevant to proof of the claims in this action, which concerns whether GEICO knew or should have known that Plaintiff worked off the clock as a result of its system of incentives to underreport hours worked and disincentives to accurately report hours worked.

**REQUEST FOR ADMISSION NO. 9:**

6

Admit that, throughout your employment with Defendant, Defendant maintained a written policy requiring that you accurately record all of your hours worked in Defendant's timekeeping system.

**RESPONSE:**

Plaintiff is aware of and admits the existence of GEICO's timekeeping policies reflected at G00041.  That admission is largely irrelevant to Plaintiff's allegations, which are that GEICO knowingly caused Plaintiffs to not record all of their work hours by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 10:**

Admit that, to the extent you claim you are owed unpaid overtime wages, you failed to adhere to the policy or policies described in Request No. 9.

**RESPONSE:**

Plaintiff admits that by not recording all hours worked in GEICO's timekeeping system, they did not comply with the policy described in their response to Request 9.  That admission is largely irrelevant to Plaintiff's allegations, which are that GEICO knowingly caused Plaintiffs to not record all of their work hours by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

7

**REQUEST FOR ADMISSION NO. 11:**

Admit that, throughout your employment with Defendant, Defendant maintained a written policy forbidding "off the clock" work.

**RESPONSE:**

Plaintiff is aware of and admits the existence of GEICO's timekeeping policies reflected at G000062.  That admission is irrelevant to Plaintiff's allegations, which are that GEICO knowingly caused Plaintiffs to not record all of their work hours by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 12:**

Admit that, to the extent you claim you are owed unpaid overtime wages, you failed to adhere to the policy or policies described in Request No 11.

**RESPONSE:**

Plaintiff admits that by not recording all hours worked in GEICO's timekeeping system, they did not comply with GEICO's policy described in their response to Request 11.  That admission is irrelevant to Plaintiff's allegations, which are that GEICO knowingly caused Plaintiffs to not record all of their work hours by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

8

**REQUEST FOR ADMISSION NO. 13:**

Admit that, during the Relevant Time Period, you had the ability to "flex" your schedule such that you could adjust your work start time and/or end time so long as your weekly work hours totaled approximately 38.75 hours.

**RESPONSE:**

Plaintiff admits that they could adjust work hours during the week, up to a total of 38.75 hours. That admission is largely irrelevant to Plaintiff's allegations, which are that GEICO knowingly caused Plaintiffs to not record all of their work hours by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 14:**

Admit that, to the extent you entered weekly work hours over forty (40) into GEICO's timekeeping system during the Relevant Time Period, GEICO paid you for all such hours at one-and-one-half times your hourly rate of pay.

**RESPONSE:**

Plaintiff admits to having no direct knowledge of any hours over forty (40) they recorded in GEICO's timekeeping system that were unpaid. This admission is irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked. Plaintiff does not yet have complete access to GEICO's timekeeping records, which GEICO has objected to producing, and therefore their response is not based on a review of those

9

records (though that review, again, is irrelevant to Plaintiffs' claims). Plaintiff reserves the right to amend their answer following a review of those records, should the Court compel GEICO to produce them.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 15:**

Admit that different cases required different amounts of time by you to investigate.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 16:**

Admit that you did not enter the amount(s) of time you spent on investigative tasks into GEICO's Special Investigation Case Management ("SICM") system.

**RESPONSE:**

Admit. This admission is largely irrelevant to Plaintiffs' contentions about the SICM system, which are that it reflected timestamps for particular tasks that, taken as a whole, were one source of knowledge that GEICO supervisors could have used (and at times, did use) to identify off-the-clock work. *See* S. Greenman Tr. 285:24-288:11.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 17:**

Admit that recording overtime hours in GEICO's timekeeping system did not cause your

10

annual performance rating to fall under a score of three out of five.

**RESPONSE:**

Plaintiff has made a reasonable inquiry into this matter and based on the information available, Plaintiff lacks sufficient knowledge to answer this request, because they lack access to sufficient SICM data to model how their performance metrics would change if they had reported all of their overtime hours. This admission is irrelevant to the claims in this action because of its specificity, which narrowly focuses on whether entering their overtime hours in GEICO's timekeeping system caused them to fall under a score of three out of five, rather than whether GEICO knowingly created a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

**REQUEST FOR ADMISSION NO. 18:**

Admit that you did not inform your supervisor of every task you performed for each case you investigated or the corresponding amount of time you spent on each task.

**RESPONSE:**

Deny that Plaintiff did not inform their supervisor of the tasks they performed, insofar as those tasks had to be recorded in SICM; but admit that Plaintiff did not (and GEICO did not require Plaintiff to) separately quantify the time spent on every task to the extent Plaintiff's hours did not exceed 38.75 per week. This admission is largely irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

11

**REQUEST FOR ADMISSION NO. 19:**

Admit that each case that you investigated required the performance of different investigative tasks.

**RESPONSE:**

Plaintiff denies that each case investigated required the performance of unique investigative tasks.  Investigating cases required several common elements such as reviewing the claim file and running background checks.  Plaintiff admits that cases they investigated were not identical and often required different investigative tasks based on those facts.  This admission is irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 20:**

Admit that the number of hours that you contend you worked in a workweek varied due to factors other than the number of cases assigned to you.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 21:**

Admit that you reported to a supervisor who never denied your overtime request(s).

**RESPONSE:**

Plaintiff admits that their supervisor never denied a request for overtime, to the best of their

12

recollection.  This admission is irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 22:**

Admit that your supervisor(s) approved overtime when you followed the supervisor's communicated practice for requesting overtime.

**RESPONSE:**

Plaintiff admits that their supervisor never denied a request for overtime, to the best of their recollection.  But Plaintiff does recall at least one instance when Plaintiff submitted for overtime and their supervisor shared that the request was denied by someone in upper management in the Woodbury office.  This admission is irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 23:**

Admit that your supervisor(s) did not know the times when you began and ended your work on every day that you worked.

**RESPONSE:**

13

Plaintiff has made a reasonable inquiry into this matter and based on the information available, Plaintiff lacks sufficient knowledge to answer this request, as they do not know the extent to which their supervisor reviewed SICM entries, timekeeping entries, or other information that could have informed them of Plaintiff's work time.

**REQUEST FOR ADMISSION NO. 24:**

Admit that you could be assigned a case and close that same case within a 24-hour time period.

**RESPONSE:**

Plaintiff admits that some cases could be closed within 24 hours of when they were assigned, but this was not true for other cases.

**REQUEST FOR ADMISSION NO. 25:**

Admit that, after the COVID-19 pandemic started in or around March 2020, the amount of time you spent working in the field substantially decreased.

**RESPONSE:**

Plaintiff did not .

**REQUEST FOR ADMISSION NO. 26:**

Admit that, in any workweek that you contend you worked more than 38.75 hours, you never reported any hours over 38.75 to your supervisor, manager, or human resources.

**RESPONSE:**

Plaintiff has made a reasonable inquiry into this matter and based on the information available, Plaintiff lacks sufficient knowledge to answer this request because they do not have complete records that would show weeks when they reported more than 38.75 hours.  This Request is irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not

14

record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.  Plaintiff does not yet have complete access to GEICO's timekeeping records, which GEICO has objected to producing, and therefore their response is not based on a review of those records (which, again, is irrelevant to Plaintiffs' claims).  Plaintiff reserves the right to amend their answer following a review of those records, should the Court compel GEICO to produce them.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 27:**

Admit that, by working off the clock as you allege, you received a more favorable rating on your annual Performance Assessment.

**RESPONSE:**

Plaintiff has made a reasonable inquiry into this matter and based on the information available, Plaintiff lacks sufficient knowledge to answer this request, as they are without SICM data that would allow them to model alternative hypothetical scenarios; however, Plaintiff worked off the clock to avoid receiving a performance rating below of 3 out of 5 so Plaintiff would not be fired.

**REQUEST FOR ADMISSION NO. 28:**

Admit that you have no personal knowledge as to whether your SIU manager(s) was aware of the number of hours you worked each week during the Relevant Time Period.

**RESPONSE:**

Plaintiff admits to having no personal knowledge as to whether their SIU manager(s) was

15

aware of the number of hours they worked each week during the Relevant Time Period FLSA.

Plaintiff objects that this request seeks to distract from the relevant facts and liability standards in

this case, because liability attaches to an underpayment if an employer "(a) requires, (b) knows

about, or (c) should have known about through the exercise of reasonable diligence," *Perry v. City

of New York*, 78 F.4th 502, 512-13 (2d Cir. 2023), and does not require Plaintiffs to have any specific

personal knowledge of managers' knowledge or constructive knowledge.


                                          Respectfully submitted,

Dated: December 15, 2025          By:     */s/ Michael J. Scimone*

                                          Michael J. Scimone
                                          Jarron D. McAllister
                                          **OUTTEN & GOLDEN LLP**
                                          685 Third Avenue, 25th Floor
                                          New York, NY 10017
                                          Telephone: 212-245-1000
                                          Fax: 646-509-2060
                                          mscimone@outtengolden.com
                                          jmcallister@outtengolden.com

                                          Ryan Cowdin*
                                          **OUTTEN & GOLDEN LLP**
                                          1225 New York Avenue NW
                                          Suite 1200B
                                          Washington, DC 20005
                                          Telephone: 202-929-0636
                                          Fax: 202-847-4410
                                          rcowdin@outtengolden.com

                                          Kaelyn Mahar*
                                          **OUTTEN & GOLDEN LLP**
                                          One California Street, 12th Floor
                                          San Francisco, CA 94111
                                          Telephone: 415-715-1787
                                          Fax: 415-638-8810
                                          kmahar@outtengolden.com

16

Troy L. Kessler
Garrett Kaske
**KESSLER MATURA P.C.**
534 Broadhollow Road, Suite 275
Melville, NY 11747
Telephone: 631-499-9100
Facsimile: 800-451-0874
tkessler@kesslermatura.com
gkaske@kesslermatura.com
\* Admitted *Pro Hac Vice*

*Attorneys for Plaintiffs and the Putative Class and Collective*

17

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

KEITH FISCHER, MICHAEL O'SULLIVAN, JOHN MOESER, LOUIS PIA, THOMAS BARDEN, CONSTANCE MANGAN, and CHARISE JONES, individually and on behalf of all others similarly situated,

      Plaintiffs,

      v.

GOVERNMENT EMPLOYEES INSURANCE COMPANY,

      Defendant.

Case No. 2:23-CV-02848 (SJB) (SIL)

### PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST SET OF REQUESTS FOR ADMISSION TO OPT-IN PLAINTIFF MATTHEW MCNALLY

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Matthew McNally ("Plaintiff"), by and through his attorneys, Outten & Golden LLP, hereby submits the following objections and responses to Defendant's First Amended Set of Requests for Admission, dated October 31, 2025.

### PRELIMINARY STATEMENT

All responses to the following Requests for Admission are based on information currently known to Plaintiff and are provided without prejudice to Plaintiff's right to submit evidence of any subsequently discovered facts and information, should such become known. Plaintiff anticipates that as investigation and trial preparation continue, it is possible that additional facts may become known, which may in turn warrant additions to or changes in the responses provided herein. These responses are made in a good faith effort to supply such information as is presently known to Plaintiff. These responses and objections are made without prejudice to, and

are not a waiver of, Plaintiff's right to rely on other facts or documents at trial.

Plaintiff reserves all objections to the competence, relevance, materiality, or admissibility at trial of any information or documents requested or identified by any party. The inadvertent disclosure of any privileged information shall not be deemed to be a waiver of any applicable privilege with respect to such information or any other information.

The production of information and/or documents pursuant to this response is made without waiving, or intending to waive, but on the contrary reserving and intending to reserve: (a) the right to object on any grounds to the use of information produced pursuant to this response in this or any other action or proceeding; (b) the right to object on any and all grounds, at any time, to other interrogatories or other discovery mechanisms or proceedings; and (c) the right at any time to revise, correct, or supplement this response.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

Plaintiff objects to Defendant's Definitions and Instructions to the extent they exceed the discovery obligations set forth in Federal Rule 36, which requires only admission relating to "facts, the application of law to fact, or opinions about either" and "the genuineness of any described documents." Plaintiff further objects to Defendant's Definitions and Instructions to the extent that they impose a discovery obligation to supply information that is not required by the Federal Rules of Civil Procedure or Local Rules and requests privileged information, such as information that tends to disclose the mental impressions of counsel or the identities of potential witnesses.

## RESPONSES AND OBJECTIONS TO SPECIFIC REQUESTS FOR ADMISSION

## REQUEST FOR ADMISSION NO. 1:

Admit that Defendant paid you for all hours that you recorded in Defendant's timekeeping system.

2

**RESPONSE:**

Plaintiff admits to having no direct knowledge of any hours they recorded in GEICO's timekeeping system that were underpaid. This admission is irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked. Plaintiff does not yet have complete access to GEICO's timekeeping records, which GEICO has objected to producing, and therefore their response is not based on a review of those records (though that review, again, is irrelevant to Plaintiffs' claims). Plaintiff reserves the right to amend their answer following a review of those records, should the Court compel GEICO to produce them.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 2:**

Admit that you do not have any written records reflecting amount(s) of time you worked each week that you did not record in Defendant's timekeeping system.

**RESPONSE:**

Plaintiff admits that they do not have written records reflecting unrecorded amount(s) of time they worked during each week.

**REQUEST FOR ADMISSION NO. 3:**

Admit that, if you reported work hours to a supervisor or manager, you were paid for those hours.

**RESPONSE:**

Plaintiff denies the premise of this request, because they did not specifically report all hours

3

worked to their supervisor or manager.  This denial is irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 4:**

Admit that you have no personal knowledge as to whether Defendant intentionally violated any wage and hour laws.

**RESPONSE:**

Plaintiff objects to this request because it seeks an admission that is irrelevant to the claims or defenses in the case.  The Fair Labor Standards Act does not require proof of "intent[]" to violate the law.  Liability attaches to an underpayment if an employer "(a) requires, (b) knows about, or (c) should have known about [unpaid hours] through the exercise of reasonable diligence." *Perry v. City of New York*, 78 F.4th 502, 512-13 (2d Cir. 2023).  Plaintiff is entitled to a third year of FLSA liability if an employer "willfully" violated the law, which means "it either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the Act." *Id.* at 516.  And liquidated damages apply if the employer is unable to establish, to the

---

4

satisfaction of the Court,[1] that it acted in good faith.  29 U.S.C. § 260.  None of these standards require Plaintiff to prove intent.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 5:**

Admit that, during the Relevant Time Period, you did not work more than forty (40) hours for Defendant during any workweek.

**RESPONSE:**

Denied.  Plaintiff worked more than 40 hours in multiple workweeks throughout the course of their employment with GEICO.

**REQUEST FOR ADMISSION NO. 6:**

_____

[1]      Good faith is a question for the Court.  *See Perry v. City of New York*, No. 13 Civ. 1015, 2019 U.S. Dist. LEXIS 220519, at *9 (S.D.N.Y. Dec. 23, 2019) (holding "that the court's discretion to deny liquidate[d] damages is negated by a jury's finding of willfulness" based on the Second Circuit's *Pollis* case); *see also Pollis v. New Sch. for Soc. Research*, 132 F.3d 115, 120 (2d Cir. 1997) (making similar determination under the Equal Pay Act).  The majority of circuit courts that have considered the question have held that a jury's willfulness finding precludes a finding of good faith.  *See Black v. SettlePou, P.C.*, 732 F.3d 492, 501 (5th Cir. 2013) ("Because the jury found that [defendant] acted willfully in violating the FLSA, [defendant] cannot show that it acted in good faith."); *Herman v. Palo Grp. Foster Home, Inc.*, 183 F.3d 468, 474 (6th Cir. 1999) ("a finding of willfulness is dispositive of the liquidated-damages issue"); *Chao v. A-One Med. Servs., Inc.*, 346 F.3d 908, 920 (9th Cir. 2003) ("a finding of good faith is plainly inconsistent with a finding of willfulness"); *Brinkman v. Dep't of Corr. of State of Kan.*, 21 F.3d 370, 373 (10th Cir. 1994) (finding that the "district court properly awarded liquidated damages based upon the jury's finding of willfulness"); *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1166 (11th Cir. 2008) ("in an FLSA case a jury's finding in deciding . . . that the employer acted willfully precludes the court from finding that the employer acted in good faith"); *see also Ellison v. United States*, 25 Cl. Ct. 481, 499 (1992) (finding in Equal Pay Act case that "The evidence cannot support a finding that the willful failure to promote plaintiff constituted good faith action"); *E.E.O.C. v. Madison Cmty. Unit Sch. Dist. No. 12*, 818 F.2d 577, 586 (7th Cir. 1987) (finding in Equal Pay Act case that, "If [defendant] was acting reasonably and in good faith, it could hardly be guilty of violating the law either intentionally or with reckless disregard for the legality of its conduct.").

5

Admit that, during the Relevant Time Period, there were some workweeks during which you did not work more than forty (40) hours for Defendant.

**RESPONSE:**

Admit that Plaintiff worked fewer than 40 hours in some workweeks in which Plaintiff worked less than a full schedule due to, e.g., holidays or other time off from work.

**REQUEST FOR ADMISSION NO. 7:**

Admit that you did not complain to Defendant that you worked overtime during the Relevant Time Period without compensation.

**RESPONSE:**

Plaintiff admits that they did not complain to Defendant that they worked overtime during the Relevant Time Period without compensation.

**REQUEST FOR ADMISSION NO. 8:**

Admit that no manager or supervisor in Defendant's Special Investigations Unit instructed you to work off-the-clock at any point during the Relevant Time Period.

**RESPONSE:**

Plaintiff admits that no manager or supervisor in GEICO's Special Investigations Unit specifically told them to work off the clock.  GEICO managers and supervisors, however, told Plaintiff that overtime was not available.  This admission is largely irrelevant to proof of the claims in this action, which concerns whether GEICO knew or should have known that Plaintiff worked off the clock as a result of its system of incentives to underreport hours worked and disincentives to accurately report hours worked.

**REQUEST FOR ADMISSION NO. 9:**

Admit that, throughout your employment with Defendant, Defendant maintained a written policy requiring that you accurately record all of your hours worked in Defendant's timekeeping

6

system.

**RESPONSE:**

Plaintiff is aware of and admits the existence of GEICO's timekeeping policies reflected at G00041. That admission is largely irrelevant to Plaintiff's allegations, which are that GEICO knowingly caused Plaintiffs to not record all of their work hours by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 10:**

Admit that, to the extent you claim you are owed unpaid overtime wages, you failed to adhere to the policy or policies described in Request No. 9.

**RESPONSE:**

Plaintiff admits that by not recording all hours worked in GEICO's timekeeping system, they did not comply with the policy described in their response to Request 9. That admission is largely irrelevant to Plaintiff's allegations, which are that GEICO knowingly caused Plaintiffs to not record all of their work hours by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 11:**

Admit that, throughout your employment with Defendant, Defendant maintained a written policy forbidding "off the clock" work.

7

**RESPONSE:**

Plaintiff is aware of and admits the existence of GEICO's timekeeping policies reflected at G000062. That admission is irrelevant to Plaintiff's allegations, which are that GEICO knowingly caused Plaintiffs to not record all of their work hours by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 12:**

Admit that, to the extent you claim you are owed unpaid overtime wages, you failed to adhere to the policy or policies described in Request No 11.

**RESPONSE:**

Plaintiff admits that by not recording all hours worked in GEICO's timekeeping system, they did not comply with GEICO's policy described in their response to Request 11. That admission is irrelevant to Plaintiff's allegations, which are that GEICO knowingly caused Plaintiffs to not record all of their work hours by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 13:**

Admit that, during the Relevant Time Period, you had the ability to "flex" your schedule such that you could adjust your work start time and/or end time so long as your weekly work hours totaled approximately 38.75 hours.

8

**RESPONSE:**

Plaintiff admits that they could adjust work hours in any day up to 7.75 hours.  That

admission is largely irrelevant to Plaintiff's allegations, which are that GEICO knowingly caused

Plaintiffs to not record all of their work hours by knowingly creating a system of incentives to

underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking

to distract the factfinder and the Court by misdirecting their attention away from the relevant

facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 14:**

Admit that, to the extent you entered weekly work hours over forty (40) into GEICO's

timekeeping system during the Relevant Time Period, GEICO paid you for all such hours at one-

and-one-half times your hourly rate of pay.

**RESPONSE:**

Plaintiff admits to having no direct knowledge of any hours over forty (40) they recorded in

GEICO's timekeeping system that were unpaid.  This admission is irrelevant to the claims in this

action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a

system of incentives to underreport hours worked and disincentives to accurately report hours

worked.  Plaintiff does not yet have complete access to GEICO's timekeeping records, which

GEICO has objected to producing, and therefore their response is not based on a review of those

records (though that review, again, is irrelevant to Plaintiffs' claims).  Plaintiff reserves the right to

amend their answer following a review of those records, should the Court compel GEICO to

produce them.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to

distract the factfinder and the Court by misdirecting their attention away from the relevant facts

9

and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 15:**

Admit that different cases required different amounts of time by you to investigate.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 16:**

Admit that you did not enter the amount(s) of time you spent on investigative tasks into GEICO's Special Investigation Case Management ("SICM") system.

**RESPONSE:**

Admit. This admission is largely irrelevant to Plaintiffs' contentions about the SICM system, which are that it reflected timestamps for particular tasks that, taken as a whole, were one source of knowledge that GEICO supervisors could have used (and at times, did use) to identify off-the-clock work. *See* S. Greenman Tr. 285:24-288:11.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 17:**

Admit that recording overtime hours in GEICO's timekeeping system did not cause your annual performance rating to fall under a score of three out of five.

**RESPONSE:**

Plaintiff has made a reasonable inquiry into this matter and based on the information available, Plaintiff lacks sufficient knowledge to answer this request, because they lack access to sufficient SICM data to model how their performance metrics would change if they had reported all of their overtime hours. This admission is irrelevant to the claims in this action because of its

10

specificity, which narrowly focuses on whether entering their overtime hours in GEICO's timekeeping system caused them to fall under a score of three out of five, rather than whether GEICO knowingly created a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

**REQUEST FOR ADMISSION NO. 18:**

Admit that you did not inform your supervisor of every task you performed for each case you investigated or the corresponding amount of time you spent on each task.

**RESPONSE:**

Deny that Plaintiff did not inform their supervisor of the tasks they performed, insofar as those tasks had to be recorded in SICM and deny that Plaintiff did not inform their supervisor of the time spent on those tasks on those occasions when Plaintiff requested overtime; but admit that Plaintiff did not (and GEICO did not require Plaintiff to) separately quantify the time spent on every task to the extent Plaintiff's hours did not exceed 38.75 per week. This admission is largely irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 19:**

Admit that each case that you investigated required the performance of different investigative tasks.

**RESPONSE:**

Plaintiff denies that each case investigated required the performance of unique

11

investigative tasks. Investigating cases required several common elements such as reviewing the claim file and running background checks. Plaintiff admits that cases they investigated were not identical and often required different investigative tasks based on those facts. This admission is irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 20:**

Admit that the number of hours that you contend you worked in a workweek varied due to factors other than the number of cases assigned to you.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 21:**

Admit that you reported to a supervisor who never denied your overtime request(s).

**RESPONSE:**

Plaintiff has made a reasonable inquiry into this matter and based on the information available, Plaintiff lacks sufficient knowledge to answer this request because, to the best of their recollection, Plaintiff did not request overtime. This request is irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to

12

distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 22:**

Admit that your supervisor(s) approved overtime when you followed the supervisor's communicated practice for requesting overtime.

**RESPONSE:**

Plaintiff has made a reasonable inquiry into this matter and based on the information available, Plaintiff lacks sufficient knowledge to answer this request because, to the best of their recollection, Plaintiff did not request overtime. This request is irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 23:**

Admit that your supervisor(s) did not know the times when you began and ended your work on every day that you worked.

**RESPONSE:**

Plaintiff has made a reasonable inquiry into this matter and based on the information available, Plaintiff lacks sufficient knowledge to answer this request, as they do not know the extent to which their supervisor reviewed SICM entries, timekeeping entries, or other information that could have informed them of Plaintiff's work time.

**REQUEST FOR ADMISSION NO. 24:**

13

Admit that you could be assigned a case and close that same case within a 24-hour time period.

**RESPONSE:**

Plaintiff admits that some cases could be closed within 24 hours of when they were assigned, but this was not true for other cases.

**REQUEST FOR ADMISSION NO. 25:**

Admit that, after the COVID-19 pandemic started in or around March 2020, the amount of time you spent working in the field substantially decreased.

**RESPONSE:**

Plaintiff admits that they followed GEICO's COVID-19 pandemic protocols starting in or around March 2020, which limited the types of activities that required fieldwork.

**REQUEST FOR ADMISSION NO. 26:**

Admit that, in any workweek that you contend you worked more than 38.75 hours, you never reported any hours over 38.75 to your supervisor, manager, or human resources.

**RESPONSE:**

Plaintiff has made a reasonable inquiry into this matter and based on the information available, Plaintiff lacks sufficient knowledge to answer this request because they do not have complete records that would show weeks when they reported more than 38.75 hours.  This Request is irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.  Plaintiff does not yet have complete access to GEICO's timekeeping records, which GEICO has objected to producing, and therefore their response is not based on a review of those records (which, again, is irrelevant to Plaintiffs' claims).  Plaintiff reserves the right to amend their answer following a review of those

14

records, should the Court compel GEICO to produce them.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 27:**

Admit that, by working off the clock as you allege, you received a more favorable rating on your annual Performance Assessment.

**RESPONSE:**

Plaintiff has made a reasonable inquiry into this matter and based on the information available, Plaintiff lacks sufficient knowledge to answer this request, as they are without SICM data that would allow them to model alternative hypothetical scenarios; however, Plaintiff worked off the clock to avoid receiving a performance rating below of 3 out of 5 so Plaintiff would not be fired.

**REQUEST FOR ADMISSION NO. 28:**

Admit that you have no personal knowledge as to whether your SIU manager(s) was aware of the number of hours you worked each week during the Relevant Time Period.

**RESPONSE:**

Plaintiff denies having no personal knowledge admits to having no personal knowledge as to whether their SIU manager(s) was aware of the number of hours they worked each week during the Relevant Time Period FLSA. Plaintiff's SIU Manager, Michael McConnell, asked Plaintiff about a timestamp from a Saturday, on which Plaintiff did not record time, in the SICM system. This conversation took place in or about the summer of 2023. Plaintiff objects that this request seeks to distract from the relevant facts and liability standards in this case, because liability attaches to an underpayment if an employer "(a) requires, (b) knows about, or (c) should

15

have known about through the exercise of reasonable diligence," *Perry v. City of New York*, 78 F.4th 502, 512-13 (2d Cir. 2023), and does not require Plaintiffs to have any specific personal knowledge of managers' knowledge or constructive knowledge.

Respectfully submitted,

Dated: November 26, 2025        By:   */s/ Michael J. Scimone*

Michael J. Scimone
Jarron D. McAllister
**OUTTEN & GOLDEN LLP**
685 Third Avenue, 25th Floor
New York, NY 10017
Telephone: 212-245-1000
Fax: 646-509-2060
mscimone@outtengolden.com
jmcallister@outtengolden.com

Ryan Cowdin*
**OUTTEN & GOLDEN LLP**
1225 New York Avenue NW
Suite 1200B
Washington, DC 20005
Telephone: 202-929-0636
Fax: 202-847-4410
rcowdin@outtengolden.com

Kaelyn Mahar
**OUTTEN & GOLDEN LLP**
One California Street, 12th Floor
San Francisco, CA 94111
Telephone: 415-715-1787
Fax: 415-638-8810
kmahar@outtengolden.com

16

Troy L. Kessler
Garrett Kaske
**KESSLER MATURA P.C.**
534 Broadhollow Road, Suite 275
Melville, NY 11747
Telephone: 631-499-9100
Facsimile: 800-451-0874
tkessler@kesslermatura.com
gkaske@kesslermatura.com
* Admitted *Pro Hac Vice*

*Attorneys for Plaintiffs and the Putative Class and Collective*

17

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| KEITH FISCHER, MICHAEL O'SULLIVAN, JOHN MOESER, LOUIS PIA, THOMAS BARDEN, CONSTANCE MANGAN, and CHARISE JONES, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>GOVERNMENT EMPLOYEES INSURANCE COMPANY,<br><br>    Defendant. | Case No. 2:23-CV-02848 (SJB) (SIL) |

**PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST SET OF REQUESTS FOR ADMISSION TO OPT-IN PLAINTIFF PATRICIA OHRNBERGER**

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Patricia Ohrnberger ("Plaintiff"), by and through their attorneys, Outten & Golden LLP, hereby submits the following objections and responses to Defendant's First Amended Set of Requests for Admission, dated October 31, 2025.

## PRELIMINARY STATEMENT

All responses to the following Requests for Admission are based on information currently known to Plaintiff and are provided without prejudice to Plaintiff's right to submit evidence of any subsequently discovered facts and information, should such become known. Plaintiff anticipates that as investigation and trial preparation continue, it is possible that additional facts may become known, which may in turn warrant additions to or changes in the responses provided herein. These responses are made in a good faith effort to supply such information as is presently known to Plaintiff. These responses and objections are made without prejudice to, and are not a waiver of,

1

Plaintiff's right to rely on other facts or documents at trial.

Plaintiff reserves all objections to the competence, relevance, materiality, or admissibility at trial of any information or documents requested or identified by any party.  The inadvertent disclosure of any privileged information shall not be deemed to be a waiver of any applicable privilege with respect to such information or any other information.

The production of information and/or documents pursuant to this response is made without waiving, or intending to waive, but on the contrary reserving and intending to reserve: (a) the right to object on any grounds to the use of information produced pursuant to this response in this or any other action or proceeding; (b) the right to object on any and all grounds, at any time, to other interrogatories or other discovery mechanisms or proceedings; and (c) the right at any time to revise, correct, or supplement this response.

## **OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

Plaintiff objects to Defendant's Definitions and Instructions to the extent they exceed the discovery obligations set forth in Federal Rule 36, which requires only admission relating to "facts, the application of law to fact, or opinions about either" and "the genuineness of any described documents."  Plaintiff further objects to Defendant's Definitions and Instructions to the extent that they impose a discovery obligation to supply information that is not required by the Federal Rules of Civil Procedure or Local Rules and requests privileged information, such as information that tends to disclose the mental impressions of counsel or the identities of potential witnesses.

2

**RESPONSES AND OBJECTIONS TO SPECIFIC REQUESTS FOR ADMISSION**

**REQUEST FOR ADMISSION NO. 1:**

Admit that Defendant paid you for all hours that you recorded in Defendant's timekeeping system.

**RESPONSE:**

Plaintiff admits to having no direct knowledge of any hours they recorded in GEICO's timekeeping system that were underpaid. This admission is irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked. Plaintiff does not yet have complete access to GEICO's timekeeping records, which GEICO has objected to producing, and therefore their response is not based on a review of those records (though that review, again, is irrelevant to Plaintiffs' claims). Plaintiff reserves the right to amend their answer following a review of those records, should the Court compel GEICO to produce them.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 2:**

Admit that you do not have any written records reflecting amount(s) of time you worked each week that you did not record in Defendant's timekeeping system.

**RESPONSE:**

Plaintiff admits that they do not have written records reflecting unrecorded amount(s) of time they worked during each week.

3

**REQUEST FOR ADMISSION NO. 3:**

Admit that, if you reported work hours to a supervisor or manager, you were paid for those hours.

**RESPONSE:**

Plaintiff denies the premise of this request, because they did not specifically report all hours worked to their supervisor or manager. This denial is irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 4:**

Admit that you have no personal knowledge as to whether Defendant intentionally violated any wage and hour laws.

**RESPONSE:**

Plaintiff objects to this request because it seeks an admission that is irrelevant to the claims or defenses in the case. The Fair Labor Standards Act does not require proof of "intent[]" to violate the law. Liability attaches to an underpayment if an employer "(a) requires, (b) knows about, or (c) should have known about [unpaid hours] through the exercise of reasonable diligence." *Perry v. City of New York*, 78 F.4th 502, 512-13 (2d Cir. 2023). Plaintiff is entitled to a third year of FLSA liability if an employer "willfully" violated the law, which means "it either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the Act." *Id.* at 516. And liquidated

4

damages apply if the employer is unable to establish, to the satisfaction of the Court,[1] that it acted in good faith.  29 U.S.C. § 260.  None of these standards require Plaintiff to prove intent.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

## REQUEST FOR ADMISSION NO. 5:

Admit that, during the Relevant Time Period, you did not work more than forty (40) hours for Defendant during any workweek.

## RESPONSE:

Denied.  Plaintiff worked more than 40 hours in multiple workweeks throughout the course of their employment with GEICO.

---

[1]     Good faith is a question for the Court.  *See Perry v. City of New York*, No. 13 Civ. 1015, 2019 U.S. Dist. LEXIS 220519, at *9 (S.D.N.Y. Dec. 23, 2019) (holding "that the court's discretion to deny liquidate[d] damages is negated by a jury's finding of willfulness" based on the Second Circuit's *Pollis* case); *see also Pollis v. New Sch. for Soc. Research*, 132 F.3d 115, 120 (2d Cir. 1997) (making similar determination under the Equal Pay Act).  The majority of circuit courts that have considered the question have held that a jury's willfulness finding precludes a finding of good faith.  *See Black v. SettlePou, P.C.*, 732 F.3d 492, 501 (5th Cir. 2013) ("Because the jury found that [defendant] acted willfully in violating the FLSA, [defendant] cannot show that it acted in good faith."); *Herman v. Palo Grp. Foster Home, Inc.*, 183 F.3d 468, 474 (6th Cir. 1999) ("a finding of willfulness is dispositive of the liquidated-damages issue"); *Chao v. A-One Med. Servs., Inc.*, 346 F.3d 908, 920 (9th Cir. 2003) ("a finding of good faith is plainly inconsistent with a finding of willfulness"); *Brinkman v. Dep't of Corr. of State of Kan.*, 21 F.3d 370, 373 (10th Cir. 1994) (finding that the "district court properly awarded liquidated damages based upon the jury's finding of willfulness"); *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1166 (11th Cir. 2008) ("in an FLSA case a jury's finding in deciding . . . that the employer acted willfully precludes the court from finding that the employer acted in good faith"); *see also Ellison v. United States*, 25 Cl. Ct. 481, 499 (1992) (finding in Equal Pay Act case that "The evidence cannot support a finding that the willful failure to promote plaintiff constituted good faith action"); *E.E.O.C. v. Madison Cmty. Unit Sch. Dist. No. 12*, 818 F.2d 577, 586 (7th Cir. 1987) (finding in Equal Pay Act case that, "If [defendant] was acting reasonably and in good faith, it could hardly be guilty of violating the law either intentionally or with reckless disregard for the legality of its conduct.").

5

**REQUEST FOR ADMISSION NO. 6:**

Admit that, during the Relevant Time Period, there were some workweeks during which you did not work more than forty (40) hours for Defendant.

**RESPONSE:**

Admit that Plaintiff worked fewer than 40 hours in some workweeks in which Plaintiff worked less than a full schedule due to, e.g., holidays or other time off from work.

**REQUEST FOR ADMISSION NO. 7:**

Admit that you did not complain to Defendant that you worked overtime during the Relevant Time Period without compensation.

**RESPONSE:**

Plaintiff admits that they did not complain to Defendant that they worked overtime during the Relevant Time Period without compensation.

**REQUEST FOR ADMISSION NO. 8:**

Admit that no manager or supervisor in Defendant's Special Investigations Unit instructed you to work off-the-clock at any point during the Relevant Time Period.

**RESPONSE:**

Plaintiff admits that no manager or supervisor in GEICO's Special Investigations Unit specifically told them to work off the clock. GEICO managers and supervisors, however, told Plaintiff that overtime was not available. This admission is largely irrelevant to proof of the claims in this action, which concerns whether GEICO knew or should have known that Plaintiff worked off the clock as a result of its system of incentives to underreport hours worked and disincentives to accurately report hours worked.

**REQUEST FOR ADMISSION NO. 9:**

6

Admit that, throughout your employment with Defendant, Defendant maintained a written policy requiring that you accurately record all of your hours worked in Defendant's timekeeping system.

**RESPONSE:**

Plaintiff is aware of and admits the existence of GEICO's timekeeping policies reflected at G00041. That admission is largely irrelevant to Plaintiff's allegations, which are that GEICO knowingly caused Plaintiffs to not record all of their work hours by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 10:**

Admit that, to the extent you claim you are owed unpaid overtime wages, you failed to adhere to the policy or policies described in Request No. 9.

**RESPONSE:**

Plaintiff admits that by not recording all hours worked in GEICO's timekeeping system, they did not comply with the policy described in their response to Request 9. That admission is largely irrelevant to Plaintiff's allegations, which are that GEICO knowingly caused Plaintiffs to not record all of their work hours by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

7

**REQUEST FOR ADMISSION NO. 11:**

Admit that, throughout your employment with Defendant, Defendant maintained a written policy forbidding "off the clock" work.

**RESPONSE:**

Plaintiff is aware of and admits the existence of GEICO's timekeeping policies reflected at G000062.  That admission is irrelevant to Plaintiff's allegations, which are that GEICO knowingly caused Plaintiffs to not record all of their work hours by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 12:**

Admit that, to the extent you claim you are owed unpaid overtime wages, you failed to adhere to the policy or policies described in Request No 11.

**RESPONSE:**

Plaintiff admits that by not recording all hours worked in GEICO's timekeeping system, they did not comply with GEICO's policy described in their response to Request 11.  That admission is irrelevant to Plaintiff's allegations, which are that GEICO knowingly caused Plaintiffs to not record all of their work hours by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

8

**REQUEST FOR ADMISSION NO. 13:**

Admit that, during the Relevant Time Period, you had the ability to "flex" your schedule such that you could adjust your work start time and/or end time so long as your weekly work hours totaled approximately 38.75 hours.

**RESPONSE:**

Plaintiff admits that they could adjust work hours during the week, up to a total of 38.75 hours. That admission is largely irrelevant to Plaintiff's allegations, which are that GEICO knowingly caused Plaintiffs to not record all of their work hours by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 14:**

Admit that, to the extent you entered weekly work hours over forty (40) into GEICO's timekeeping system during the Relevant Time Period, GEICO paid you for all such hours at one-and-one-half times your hourly rate of pay.

**RESPONSE:**

Plaintiff admits to having no direct knowledge of any hours over forty (40) they recorded in GEICO's timekeeping system that were unpaid. This admission is irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked. Plaintiff does not yet have complete access to GEICO's timekeeping records, which GEICO has objected to producing, and therefore their response is not based on a review of those

9

records (though that review, again, is irrelevant to Plaintiffs' claims). Plaintiff reserves the right to amend their answer following a review of those records, should the Court compel GEICO to produce them.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 15:**

Admit that different cases required different amounts of time by you to investigate.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 16:**

Admit that you did not enter the amount(s) of time you spent on investigative tasks into GEICO's Special Investigation Case Management ("SICM") system.

**RESPONSE:**

Admit. This admission is largely irrelevant to Plaintiffs' contentions about the SICM system, which are that it reflected timestamps for particular tasks that, taken as a whole, were one source of knowledge that GEICO supervisors could have used (and at times, did use) to identify off-the-clock work. *See* S. Greenman Tr. 285:24-288:11.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 17:**

Admit that recording overtime hours in GEICO's timekeeping system did not cause your

10

annual performance rating to fall under a score of three out of five.

**RESPONSE:**

Plaintiff has made a reasonable inquiry into this matter and based on the information available, Plaintiff lacks sufficient knowledge to answer this request, because they lack access to sufficient SICM data to model how their performance metrics would change if they had reported all of their overtime hours. This admission is irrelevant to the claims in this action because of its specificity, which narrowly focuses on whether entering their overtime hours in GEICO's timekeeping system caused them to fall under a score of three out of five, rather than whether GEICO knowingly created a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

**REQUEST FOR ADMISSION NO. 18:**

Admit that you did not inform your supervisor of every task you performed for each case you investigated or the corresponding amount of time you spent on each task.

**RESPONSE:**

Deny that Plaintiff did not inform their supervisor of the tasks they performed, insofar as those tasks had to be recorded in SICM and deny that Plaintiff did not inform their supervisor of the time spent on those tasks on those occasions when Plaintiff requested overtime; but admit that Plaintiff did not (and GEICO did not require Plaintiff to) separately quantify the time spent on every task to the extent Plaintiff's hours did not exceed 38.75 per week. This admission is largely irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to

11

distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 19:**

Admit that each case that you investigated required the performance of different investigative tasks.

**RESPONSE:**

Plaintiff denies that each case investigated required the performance of unique investigative tasks.  Investigating cases required several common elements such as reviewing the claim file and running background checks.  Plaintiff admits that cases they investigated were not identical and often required different investigative tasks based on those facts.  This admission is irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 20:**

Admit that the number of hours that you contend you worked in a workweek varied due to factors other than the number of cases assigned to you.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 21:**

Admit that you reported to a supervisor who never denied your overtime request(s).

**RESPONSE:**

Plaintiff admits that their supervisor(s) never denied a request for overtime, to the best of their recollection. This admission is irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 22:**

Admit that your supervisor(s) approved overtime when you followed the supervisor's communicated practice for requesting overtime.

**RESPONSE:**

Plaintiff admits that their supervisor(s) approved overtime on at least one occasion when Plaintiff requested overtime. This admission is irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 23:**

Admit that your supervisor(s) did not know the times when you began and ended your work on every day that you worked.

**RESPONSE:**

13

Plaintiff has made a reasonable inquiry into this matter and based on the information available, Plaintiff lacks sufficient knowledge to answer this request, as they do not know the extent to which their supervisor reviewed SICM entries, timekeeping entries, or other information that could have informed them of Plaintiff's work time.

**REQUEST FOR ADMISSION NO. 24:**

Admit that you could be assigned a case and close that same case within a 24-hour time period.

**RESPONSE:**

Plaintiff admits that some cases could be closed within 24 hours of when they were assigned, but this was not true for other cases.

**REQUEST FOR ADMISSION NO. 25:**

Admit that, after the COVID-19 pandemic started in or around March 2020, the amount of time you spent working in the field substantially decreased.

**RESPONSE:**

Plaintiff admits that they followed GEICO's COVID-19 pandemic protocols starting in or around March 2020, which limited the types of activities that required fieldwork.

**REQUEST FOR ADMISSION NO. 26:**

Admit that, in any workweek that you contend you worked more than 38.75 hours, you never reported any hours over 38.75 to your supervisor, manager, or human resources.

**RESPONSE:**

Plaintiff has made a reasonable inquiry into this matter and based on the information available, Plaintiff lacks sufficient knowledge to answer this request because they do not have complete records that would show weeks when they reported more than 38.75 hours.  This Request

14

is irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.  Plaintiff does not yet have complete access to GEICO's timekeeping records, which GEICO has objected to producing, and therefore their response is not based on a review of those records (which, again, is irrelevant to Plaintiffs' claims).  Plaintiff reserves the right to amend their answer following a review of those records, should the Court compel GEICO to produce them.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 27:**

Admit that, by working off the clock as you allege, you received a more favorable rating on your annual Performance Assessment.

**RESPONSE:**

Plaintiff has made a reasonable inquiry into this matter and based on the information available, Plaintiff lacks sufficient knowledge to answer this request, as they are without SICM data that would allow them to model alternative hypothetical scenarios; however, Plaintiff worked off the clock to avoid receiving a performance rating below of 3 out of 5 so Plaintiff would not be fired.

**REQUEST FOR ADMISSION NO. 28:**

Admit that you have no personal knowledge as to whether your SIU manager(s) was aware of the number of hours you worked each week during the Relevant Time Period.

**RESPONSE:**

15

Plaintiff admits to having no personal knowledge as to whether their SIU manager(s) was aware of the number of hours they worked each week during the Relevant Time Period FLSA. Plaintiff objects that this request seeks to distract from the relevant facts and liability standards in this case, because liability attaches to an underpayment if an employer "(a) requires, (b) knows about, or (c) should have known about through the exercise of reasonable diligence," *Perry v. City of New York*, 78 F.4th 502, 512-13 (2d Cir. 2023), and does not require Plaintiffs to have any specific personal knowledge of managers' knowledge or constructive knowledge.

Respectfully submitted,

Dated: December 8, 2025        By:    */s/ Michael J. Scimone*

Michael J. Scimone
Jarron D. McAllister
**OUTTEN & GOLDEN LLP**
685 Third Avenue, 25th Floor
New York, NY 10017
Telephone: 212-245-1000
Fax: 646-509-2060
mscimone@outtengolden.com
jmcallister@outtengolden.com

Ryan Cowdin*
**OUTTEN & GOLDEN LLP**
1225 New York Avenue NW
Suite 1200B
Washington, DC 20005
Telephone: 202-929-0636
Fax: 202-847-4410
rcowdin@outtengolden.com

16

Kaelyn Mahar*
**OUTTEN & GOLDEN LLP**
One California Street, 12th Floor
San Francisco, CA 94111
Telephone: 415-715-1787
Fax: 415-638-8810
kmahar@outtengolden.com

Troy L. Kessler
Garrett Kaske
**KESSLER MATURA P.C.**
534 Broadhollow Road, Suite 275
Melville, NY 11747
Telephone: 631-499-9100
Facsimile: 800-451-0874
tkessler@kesslermatura.com
gkaske@kesslermatura.com
* Admitted *Pro Hac Vice*

*Attorneys for Plaintiffs and the Putative Class and Collective*

17

Case 2:23-cv-02848-SJB-SIL    Document 173-65    Filed 04/24/26    Page 299 of 398 PageID #: 12403

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| KEITH FISCHER, MICHAEL O'SULLIVAN, JOHN MOESER, LOUIS PIA, THOMAS BARDEN, CONSTANCE MANGAN, and CHARISE JONES, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOVERNMENT EMPLOYEES INSURANCE COMPANY,<br><br>Defendant. | Case No. 2:23-CV-02848 (SJB) (SIL) |

**PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST SET OF
<u>REQUESTS FOR ADMISSION TO OPT-IN PLAINTIFF THERESA SARLO</u>**

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Theresa Sarlo ("Plaintiff"), by and through their attorneys, Outten & Golden LLP, hereby submits the following objections and responses to Defendant's First Amended Set of Requests for Admission, dated October 31, 2025.

**<u>PRELIMINARY STATEMENT</u>**

All responses to the following Requests for Admission are based on information currently known to Plaintiff and are provided without prejudice to Plaintiff's right to submit evidence of any subsequently discovered facts and information, should such become known. Plaintiff anticipates that as investigation and trial preparation continue, it is possible that additional facts may become known, which may in turn warrant additions to or changes in the responses provided herein. These responses are made in a good faith effort to supply such information as is presently known to Plaintiff. These responses and objections are made without prejudice to, and

1

are not a waiver of, Plaintiff's right to rely on other facts or documents at trial.

Plaintiff reserves all objections to the competence, relevance, materiality, or admissibility at trial of any information or documents requested or identified by any party. The inadvertent disclosure of any privileged information shall not be deemed to be a waiver of any applicable privilege with respect to such information or any other information.

The production of information and/or documents pursuant to this response is made without waiving, or intending to waive, but on the contrary reserving and intending to reserve: (a) the right to object on any grounds to the use of information produced pursuant to this response in this or any other action or proceeding; (b) the right to object on any and all grounds, at any time, to other interrogatories or other discovery mechanisms or proceedings; and (c) the right at any time to revise, correct, or supplement this response.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

Plaintiff objects to Defendant's Definitions and Instructions to the extent they exceed the discovery obligations set forth in Federal Rule 36, which requires only admission relating to "facts, the application of law to fact, or opinions about either" and "the genuineness of any described documents." Plaintiff further objects to Defendant's Definitions and Instructions to the extent that they impose a discovery obligation to supply information that is not required by the Federal Rules of Civil Procedure or Local Rules and requests privileged information, such as information that tends to disclose the mental impressions of counsel or the identities of potential witnesses.

## RESPONSES AND OBJECTIONS TO SPECIFIC REQUESTS FOR ADMISSION

## REQUEST FOR ADMISSION NO. 1:

Admit that Defendant paid you for all hours that you recorded in Defendant's timekeeping system.

2

**RESPONSE:**

Plaintiff admits to having no direct knowledge of any hours they recorded in GEICO's timekeeping system that were underpaid. This admission is irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked. Plaintiff does not yet have complete access to GEICO's timekeeping records, which GEICO has objected to producing, and therefore their response is not based on a review of those records (though that review, again, is irrelevant to Plaintiffs' claims). Plaintiff reserves the right to amend their answer following a review of those records, should the Court compel GEICO to produce them.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 2:**

Admit that you do not have any written records reflecting amount(s) of time you worked each week that you did not record in Defendant's timekeeping system.

**RESPONSE:**

Plaintiff admits that they do not have written records reflecting unrecorded amount(s) of time they worked during each week.

**REQUEST FOR ADMISSION NO. 3:**

Admit that, if you reported work hours to a supervisor or manager, you were paid for those hours.

**RESPONSE:**

Plaintiff denies the premise of this request, because they did not specifically report all hours

3

worked to their supervisor or manager. This denial is irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 4:**

Admit that you have no personal knowledge as to whether Defendant intentionally violated any wage and hour laws.

**RESPONSE:**

Plaintiff objects to this request because it seeks an admission that is irrelevant to the claims or defenses in the case. The Fair Labor Standards Act do not require proof of "intent[]" to violate the law. Liability attaches to an underpayment if an employer "(a) requires, (b) knows about, or (c) should have known about [unpaid hours] through the exercise of reasonable diligence." *Perry v. City of New York*, 78 F.4th 502, 512-13 (2d Cir. 2023). Plaintiff is entitled to a third year of FLSA liability if an employer "willfully" violated the law, which means "it either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the Act." *Id.* at 516. And liquidated damages apply if the employer is unable to establish, to the satisfaction of the

_____

4

Court,[1] that it acted in good faith. 29 U.S.C. § 260. None of these standards require Plaintiff to prove intent.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 5:**

Admit that, during the Relevant Time Period, you did not work more than forty (40) hours for Defendant during any workweek.

**RESPONSE:**

Denied. Plaintiff worked more than 40 hours in multiple workweeks throughout the course of their employment with GEICO.

**REQUEST FOR ADMISSION NO. 6:**

_____

[1]    Good faith is a question for the Court. *See Perry v. City of New York*, No. 13 Civ. 1015, 2019 U.S. Dist. LEXIS 220519, at *9 (S.D.N.Y. Dec. 23, 2019) (holding "that the court's discretion to deny liquidate[d] damages is negated by a jury's finding of willfulness" based on the Second Circuit's *Pollis* case); *see also Pollis v. New Sch. for Soc. Research*, 132 F.3d 115, 120 (2d Cir. 1997) (making similar determination under the Equal Pay Act). The majority of circuit courts that have considered the question have held that a jury's willfulness finding precludes a finding of good faith. *See Black v. SettlePou, P.C.*, 732 F.3d 492, 501 (5th Cir. 2013) ("Because the jury found that [defendant] acted willfully in violating the FLSA, [defendant] cannot show that it acted in good faith."); *Herman v. Palo Grp. Foster Home, Inc.*, 183 F.3d 468, 474 (6th Cir. 1999) ("a finding of willfulness is dispositive of the liquidated-damages issue"); *Chao v. A-One Med. Servs., Inc.*, 346 F.3d 908, 920 (9th Cir. 2003) ("a finding of good faith is plainly inconsistent with a finding of willfulness"); *Brinkman v. Dep't of Corr. of State of Kan.*, 21 F.3d 370, 373 (10th Cir. 1994) (finding that the "district court properly awarded liquidated damages based upon the jury's finding of willfulness"); *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1166 (11th Cir. 2008) ("in an FLSA case a jury's finding in deciding . . . that the employer acted willfully precludes the court from finding that the employer acted in good faith"); *see also Ellison v. United States*, 25 Cl. Ct. 481, 499 (1992) (finding in Equal Pay Act case that "The evidence cannot support a finding that the willful failure to promote plaintiff constituted good faith action"); *E.E.O.C. v. Madison Cmty. Unit Sch. Dist. No. 12*, 818 F.2d 577, 586 (7th Cir. 1987) (finding in Equal Pay Act case that, "If [defendant] was acting reasonably and in good faith, it could hardly be guilty of violating the law either intentionally or with reckless disregard for the legality of its conduct.").

5

Admit that, during the Relevant Time Period, there were some workweeks during which you did not work more than forty (40) hours for Defendant.

**RESPONSE:**

Admit that Plaintiff worked fewer than 40 hours in some workweeks in which Plaintiff worked less than a full schedule due to, e.g., holidays or other time off from work.

**REQUEST FOR ADMISSION NO. 7:**

Admit that you did not complain to Defendant that you worked overtime during the Relevant Time Period without compensation.

**RESPONSE:**

Plaintiff admits that they did not complaint to Defendant that they worked overtime during the Relevant Time Period without compensation.

**REQUEST FOR ADMISSION NO. 8:**

Admit that no manager or supervisor in Defendant's Special Investigations Unit instructed you to work off-the-clock at any point during the Relevant Time Period.

**RESPONSE:**

Plaintiff admits that no manager or supervisor in GEICO's Special Investigations Unit specifically told them to work off the clock.  GEICO managers and supervisors, however, told Plaintiff that overtime was not available.  This admission is largely irrelevant to proof of the claims in this action, which concerns whether GEICO knew or should have known that Plaintiff worked off the clock as a result of its system of incentives to underreport hours worked and disincentives to accurately report hours worked.

**REQUEST FOR ADMISSION NO. 9:**

Admit that, throughout your employment with Defendant, Defendant maintained a written policy requiring that you accurately record all of your hours worked in Defendant's timekeeping

6

system.

**RESPONSE:**

Plaintiff is aware of and admits the existence of GEICO's timekeeping policies reflected at G00041. That admission is largely irrelevant to Plaintiff's allegations, which are that GEICO knowingly caused Plaintiffs to not record all of their work hours by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 10:**

Admit that, to the extent you claim you are owed unpaid overtime wages, you failed to adhere to the policy or policies described in Request No. 9.

**RESPONSE:**

Plaintiff admits that by not recording all hours worked in GEICO's timekeeping system, they did not comply with the policy described in their response to Request 9. That admission is largely irrelevant to Plaintiff's allegations, which are that GEICO knowingly caused Plaintiffs to not record all of their work hours by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 11:**

Admit that, throughout your employment with Defendant, Defendant maintained a written policy forbidding "off the clock" work.

7

**RESPONSE:**

Plaintiff is aware of and admits the existence of GEICO's timekeeping policies reflected at G000062.  That admission is irrelevant to Plaintiff's allegations, which are that GEICO knowingly caused Plaintiffs to not record all of their work hours by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 12:**

Admit that, to the extent you claim you are owed unpaid overtime wages, you failed to adhere to the policy or policies described in Request No 11.

**RESPONSE:**

Plaintiff admits that by not recording all hours worked in GEICO's timekeeping system, they did not comply with GEICO's policy described in their response to Request 11.  That admission is irrelevant to Plaintiff's allegations, which are that GEICO knowingly caused Plaintiffs to not record all of their work hours by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 13:**

Admit that, during the Relevant Time Period, you had the ability to "flex" your schedule such that you could adjust your work start time and/or end time so long as your weekly work hours totaled approximately 38.75 hours.

8

**RESPONSE:**

Plaintiff admits that they could adjust work hours during the week, up to a total of 38.75 hours.  That admission is largely irrelevant to Plaintiff's allegations, which are that GEICO knowingly caused Plaintiffs to not record all of their work hours by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 14:**

Admit that, to the extent you entered weekly work hours over forty (40) into GEICO's timekeeping system during the Relevant Time Period, GEICO paid you for all such hours at one-and-one-half times your hourly rate of pay.

**RESPONSE:**

Plaintiff admits to having no direct knowledge of any hours over forty (40) they recorded in GEICO's timekeeping system that were unpaid.  This admission is irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.  Plaintiff does not yet have complete access to GEICO's timekeeping records, which GEICO has objected to producing, and therefore their response is not based on a review of those records (though that review, again, is irrelevant to Plaintiffs' claims).  Plaintiff reserves the right to amend their answer following a review of those records, should the Court compel GEICO to produce them.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts

9

and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 15:**

Admit that different cases required different amounts of time by you to investigate.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 16:**

Admit that you did not enter the amount(s) of time you spent on investigative tasks into GEICO's Special Investigation Case Management ("SICM") system.

**RESPONSE:**

Admit.  This admission is largely irrelevant to Plaintiffs' contentions about the SICM system, which are that it reflected timestamps for particular tasks that, taken as a whole, were one source of knowledge that GEICO supervisors could have used (and at times, did use) to identify off-the-clock work.  *See* S. Greenman Tr. 285:24-288:11.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 17:**

Admit that recording overtime hours in GEICO's timekeeping system did not cause your annual performance rating to fall under a score of three out of five.

**RESPONSE:**

Plaintiff has made a reasonable inquiry into this matter and based on the information available, Plaintiff lacks sufficient knowledge to answer this request, because they lack access to sufficient SICM data to model how their performance metrics would change if they had reported all of their overtime hours.  This admission is irrelevant to the claims in this action because of its

10

specificity, which narrowly focuses on whether entering their overtime hours in GEICO's timekeeping system caused them to fall under a score of three out of five, rather than whether GEICO knowingly created a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

**REQUEST FOR ADMISSION NO. 18:**

Admit that you did not inform your supervisor of every task you performed for each case you investigated or the corresponding amount of time you spent on each task.

**RESPONSE:**

Deny that Plaintiff did not inform their supervisor of the tasks they performed, insofar as those tasks had to be recorded in SICM; but admit that Plaintiff did not (and GEICO did not require Plaintiff to) separately quantify the time spent on every task to the extent Plaintiff's hours did not exceed 38.75 per week. This admission is largely irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 19:**

Admit that each case that you investigated required the performance of different investigative tasks.

**RESPONSE:**

Plaintiff denies that each case investigated required the performance of unique investigative tasks. Investigating cases required several common elements such as reviewing the claim file and running background checks. Plaintiff admits that cases they investigated were not

11

identical and often required different investigative tasks based on those facts.  This admission is irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 20:**

Admit that the number of hours that you contend you worked in a workweek varied due to factors other than the number of cases assigned to you.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 21:**

Admit that you reported to a supervisor who never denied your overtime request(s).

**RESPONSE:**

Plaintiff has made a reasonable inquiry into this matter and based on the information available, Plaintiff lacks sufficient knowledge to answer this request because, to the best of their recollection, Plaintiff did not request overtime.  This request is irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

12

**REQUEST FOR ADMISSION NO. 22:**

Admit that your supervisor(s) approved overtime when you followed the supervisor's communicated practice for requesting overtime.

**RESPONSE:**

Plaintiff has made a reasonable inquiry into this matter and based on the information available, Plaintiff lacks sufficient knowledge to answer this request because, to the best of their recollection, Plaintiff did not request overtime. This request is irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 23:**

Admit that your supervisor(s) did not know the times when you began and ended your work on every day that you worked.

**RESPONSE:**

Plaintiff has made a reasonable inquiry into this matter and based on the information available, Plaintiff lacks sufficient knowledge to answer this request, as they do not know the extent to which their supervisor reviewed SICM entries, timekeeping entries, or other information that could have informed them of Plaintiff's work time.

**REQUEST FOR ADMISSION NO. 24:**

Admit that you could be assigned a case and close that same case within a 24-hour time period.

13

**RESPONSE:**

Plaintiff admits that some cases could be closed within 24 hours of when they were assigned, but this was not true for other cases.

**REQUEST FOR ADMISSION NO. 25:**

Admit that, after the COVID-19 pandemic started in or around March 2020, the amount of time you spent working in the field substantially decreased.

**RESPONSE:**

Plaintiff did not .

**REQUEST FOR ADMISSION NO. 26:**

Admit that, in any workweek that you contend you worked more than 38.75 hours, you never reported any hours over 38.75 to your supervisor, manager, or human resources.

**RESPONSE:**

Plaintiff has made a reasonable inquiry into this matter and based on the information available, Plaintiff lacks sufficient knowledge to answer this request because they do not have complete records that would show weeks when they reported more than 38.75 hours. This Request is irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked. Plaintiff does not yet have complete access to GEICO's timekeeping records, which GEICO has objected to producing, and therefore their response is not based on a review of those records (which, again, is irrelevant to Plaintiffs' claims). Plaintiff reserves the right to amend their answer following a review of those records, should the Court compel GEICO to produce them.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant

14

facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 27:**

Admit that, by working off the clock as you allege, you received a more favorable rating on your annual Performance Assessment.

**RESPONSE:**

Plaintiff has made a reasonable inquiry into this matter and based on the information available, Plaintiff lacks sufficient knowledge to answer this request, as they are without SICM data that would allow them to model alternative hypothetical scenarios; however, Plaintiff worked off the clock to avoid receiving a performance rating below of 3 out of 5 so Plaintiff would not be fired.

**REQUEST FOR ADMISSION NO. 28:**

Admit that you have no personal knowledge as to whether your SIU manager(s) was aware of the number of hours you worked each week during the Relevant Time Period.

**RESPONSE:**

Plaintiff admits to having no personal knowledge as to whether their SIU manager(s) was aware of the number of hours they worked each week during the Relevant Time Period FLSA. Plaintiff objects that this request seeks to distract from the relevant facts and liability standards in this case, because liability attaches to an underpayment if an employer "(a) requires, (b) knows about, or (c) should have known about through the exercise of reasonable diligence," *Perry v. City of New York*, 78 F.4th 502, 512-13 (2d Cir. 2023), and does not require Plaintiffs to have any specific personal knowledge of managers' knowledge or constructive knowledge.

Respectfully submitted,

Dated: December 5, 2025          By:    */s/ Michael J. Scimone*

15

Michael J. Scimone
Jarron D. McAllister
**OUTTEN & GOLDEN LLP**
685 Third Avenue, 25th Floor
New York, NY 10017
Telephone: 212-245-1000
Fax: 646-509-2060
mscimone@outtengolden.com
jmcallister@outtengolden.com

Ryan Cowdin*
**OUTTEN & GOLDEN LLP**
1225 New York Avenue NW
Suite 1200B
Washington, DC 20005
Telephone: 202-929-0636
Fax: 202-847-4410
rcowdin@outtengolden.com

Kaelyn Mahar*
**OUTTEN & GOLDEN LLP**
One California Street, 12th Floor
San Francisco, CA 94111
Telephone: 415-715-1787
Fax: 415-638-8810
kmahar@outtengolden.com

Troy L. Kessler
Garrett Kaske
**KESSLER MATURA P.C.**
534 Broadhollow Road, Suite 275
Melville, NY 11747
Telephone: 631-499-9100
Facsimile: 800-451-0874
tkessler@kesslermatura.com
gkaske@kesslermatura.com
* Admitted *Pro Hac Vice*

*Attorneys for Plaintiffs and the Putative Class and Collective*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| KEITH FISCHER, MICHAEL O'SULLIVAN, JOHN MOESER, LOUIS PIA, THOMAS BARDEN, CONSTANCE MANGAN, and CHARISE JONES, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOVERNMENT EMPLOYEES INSURANCE COMPANY,<br><br>Defendant. | Case No. 2:23-CV-02848 (SJB) (SIL) |

**PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST SET OF
REQUESTS FOR ADMISSION TO OPT-IN PLAINTIFF JASON SNAIR**

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Jason Snair ("Plaintiff"), by and through his attorneys, Outten & Golden LLP, hereby submits the following objections and responses to Defendant's First Amended Set of Requests for Admission, dated October 31, 2025.

**PRELIMINARY STATEMENT**

All responses to the following Requests for Admission are based on information currently known to Plaintiff and are provided without prejudice to Plaintiff's right to submit evidence of any subsequently discovered facts and information, should such become known. Plaintiff anticipates that as investigation and trial preparation continue, it is possible that additional facts may become known, which may in turn warrant additions to or changes in the responses provided herein. These responses are made in a good faith effort to supply such information as is presently known to Plaintiff. These responses and objections are made without prejudice to, and are not a waiver of, Plaintiff's right to rely on other facts or documents at trial.

Plaintiff reserves all objections to the competence, relevance, materiality, or admissibility at trial of any information or documents requested or identified by any party. The inadvertent disclosure of any privileged information shall not be deemed to be a waiver of any applicable privilege with respect to such information or any other information.

The production of information and/or documents pursuant to this response is made without waiving, or intending to waive, but on the contrary reserving and intending to reserve: (a) the right to object on any grounds to the use of information produced pursuant to this response in this or any other action or proceeding; (b) the right to object on any and all grounds, at any time, to other interrogatories or other discovery mechanisms or proceedings; and (c) the right at any time to revise, correct, or supplement this response.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

Plaintiff objects to Defendant's Definitions and Instructions to the extent they exceed the discovery obligations set forth in Federal Rule 36, which requires only admission relating to "facts, the application of law to fact, or opinions about either" and "the genuineness of any described documents." Plaintiff further objects to Defendant's Definitions and Instructions to the extent that they impose a discovery obligation to supply information that is not required by the Federal Rules of Civil Procedure or Local Rules and requests privileged information, such as information that tends to disclose the mental impressions of counsel or the identities of potential witnesses.

## RESPONSES AND OBJECTIONS TO SPECIFIC REQUESTS FOR ADMISSION

### REQUEST FOR ADMISSION NO. 1:

Admit that Defendant paid you for all hours that you recorded in Defendant's timekeeping system.

### RESPONSE:

2

Plaintiff admits to having no direct knowledge of any hours they recorded in GEICO's timekeeping system that were underpaid.  This admission is irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked. Plaintiff does not yet have complete access to GEICO's timekeeping records, which GEICO has objected to producing, and therefore their response is not based on a review of those records (though that review, again, is irrelevant to Plaintiffs' claims).  Plaintiff reserves the right to amend their answer following a review of those records, should the Court compel GEICO to produce them.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 2:**

Admit that you do not have any written records reflecting amount(s) of time you worked each week that you did not record in Defendant's timekeeping system.

**RESPONSE:**

Plaintiff admits that they do not have written records reflecting unrecorded amount(s) of time they worked during each week.

**REQUEST FOR ADMISSION NO. 3:**

Admit that, if you reported work hours to a supervisor or manager, you were paid for those hours.

**RESPONSE:**

Plaintiff denies the premise of this request, because they did not specifically report all hours worked to their supervisor or manager. Plaintiff further denies that they were paid for hours that

3

they generally reported to a supervisor or manager, because Plaintiff reported that he worked off the clock to Doreen Bogoff, his supervisor, but was not paid for any additional hours as a result of that report.  This denial is irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 4:**

Admit that you have no personal knowledge as to whether Defendant intentionally violated any wage and hour laws.

**RESPONSE:**

Plaintiff objects to this request because it seeks an admission that is irrelevant to the claims or defenses in the case.  The Fair Labor Standards Act does not require proof of "intent[]" to violate the law.  Liability attaches to an underpayment if an employer "(a) requires, (b) knows about, or (c) should have known about [unpaid hours] through the exercise of reasonable diligence." *Perry v. City of New York*, 78 F.4th 502, 512-13 (2d Cir. 2023).  Plaintiff is entitled to a third year of FLSA liability if an employer "willfully" violated the law, which means "it either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the Act." *Id.* at 516.  And liquidated damages apply if the employer is unable to establish, to the

_____

4

satisfaction of the Court,[1] that it acted in good faith.  29 U.S.C. § 260.  None of these standards require Plaintiff to prove intent.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

## REQUEST FOR ADMISSION NO. 5:

Admit that, during the Relevant Time Period, you did not work more than forty (40) hours for Defendant during any workweek.

## RESPONSE:

Denied.  Plaintiff worked more than 40 hours in multiple workweeks throughout the course of their employment with GEICO.

## REQUEST FOR ADMISSION NO. 6:

---------------------------------

[1]    Good faith is a question for the Court.  *See Perry v. City of New York*, No. 13 Civ. 1015, 2019 U.S. Dist. LEXIS 220519, at *9 (S.D.N.Y. Dec. 23, 2019) (holding "that the court's discretion to deny liquidate[d] damages is negated by a jury's finding of willfulness" based on the Second Circuit's *Pollis* case); *see also Pollis v. New Sch. for Soc. Research*, 132 F.3d 115, 120 (2d Cir. 1997) (making similar determination under the Equal Pay Act).  The majority of circuit courts that have considered the question have held that a jury's willfulness finding precludes a finding of good faith.  *See Black v. SettlePou, P.C.*, 732 F.3d 492, 501 (5th Cir. 2013) ("Because the jury found that [defendant] acted willfully in violating the FLSA, [defendant] cannot show that it acted in good faith."); *Herman v. Palo Grp. Foster Home, Inc.*, 183 F.3d 468, 474 (6th Cir. 1999) ("a finding of willfulness is dispositive of the liquidated-damages issue"); *Chao v. A-One Med. Servs., Inc.*, 346 F.3d 908, 920 (9th Cir. 2003) ("a finding of good faith is plainly inconsistent with a finding of willfulness"); *Brinkman v. Dep't of Corr. of State of Kan.*, 21 F.3d 370, 373 (10th Cir. 1994) (finding that the "district court properly awarded liquidated damages based upon the jury's finding of willfulness"); *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1166 (11th Cir. 2008) ("in an FLSA case a jury's finding in deciding . . . that the employer acted willfully precludes the court from finding that the employer acted in good faith"); *see also Ellison v. United States*, 25 Cl. Ct. 481, 499 (1992) (finding in Equal Pay Act case that "The evidence cannot support a finding that the willful failure to promote plaintiff constituted good faith action"); *E.E.O.C. v. Madison Cmty. Unit Sch. Dist. No. 12*, 818 F.2d 577, 586 (7th Cir. 1987) (finding in Equal Pay Act case that, "If [defendant] was acting reasonably and in good faith, it could hardly be guilty of violating the law either intentionally or with reckless disregard for the legality of its conduct.").

Admit that, during the Relevant Time Period, there were some workweeks during which you did not work more than forty (40) hours for Defendant.

**RESPONSE:**

Admit that Plaintiff worked fewer than 40 hours in some workweeks in which Plaintiff worked less than a full schedule due to, e.g., holidays or other time off from work.

**REQUEST FOR ADMISSION NO. 7:**

Admit that you did not complain to Defendant that you worked overtime during the Relevant Time Period without compensation.

**RESPONSE:**

Plaintiff denies that they did not complain to Defendant that they worked overtime during the Relevant Time Period without compensation. Plaintiff recalls raising the issue of off-the-clock work to Bogoff, his supervisor, in at least one team-wide meeting that occurred over Zoom or WebX.

**REQUEST FOR ADMISSION NO. 8:**

Admit that no manager or supervisor in Defendant's Special Investigations Unit instructed you to work off-the-clock at any point during the Relevant Time Period.

**RESPONSE:**

Plaintiff admits that no manager or supervisor in GEICO's Special Investigations Unit specifically told them to work off the clock. GEICO managers and supervisors, however, told Plaintiff that they would not approve overtime. This admission is largely irrelevant to proof of the claims in this action, which concerns whether GEICO knew or should have known that Plaintiff worked off the clock as a result of its system of incentives to underreport hours worked and disincentives to accurately report hours worked.

**REQUEST FOR ADMISSION NO. 9:**

6

Admit that, throughout your employment with Defendant, Defendant maintained a written policy requiring that you accurately record all of your hours worked in Defendant's timekeeping system.

**RESPONSE:**

Plaintiff is aware of and admits the existence of GEICO's timekeeping policies reflected at G00041. That admission is largely irrelevant to Plaintiff's allegations, which are that GEICO knowingly caused Plaintiffs to not record all of their work hours by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 10:**

Admit that, to the extent you claim you are owed unpaid overtime wages, you failed to adhere to the policy or policies described in Request No. 9.

**RESPONSE:**

Plaintiff admits that by not recording all hours worked in GEICO's timekeeping system, they did not comply with the policy described in their response to Request 9. That admission is largely irrelevant to Plaintiff's allegations, which are that GEICO knowingly caused Plaintiffs to not record all of their work hours by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 11:**

7

Admit that, throughout your employment with Defendant, Defendant maintained a written policy forbidding "off the clock" work.

**RESPONSE:**

Plaintiff is aware of and admits the existence of GEICO's timekeeping policies reflected at G000062.  That admission is irrelevant to Plaintiff's allegations, which are that GEICO knowingly caused Plaintiffs to not record all of their work hours by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 12:**

Admit that, to the extent you claim you are owed unpaid overtime wages, you failed to adhere to the policy or policies described in Request No 11.

**RESPONSE:**

Plaintiff admits that by not recording all hours worked in GEICO's timekeeping system, they did not comply with GEICO's policy described in their response to Request 11.  That admission is irrelevant to Plaintiff's allegations, which are that GEICO knowingly caused Plaintiffs to not record all of their work hours by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 13:**

Admit that, during the Relevant Time Period, you had the ability to "flex" your schedule

8

such that you could adjust your work start time and/or end time so long as your weekly work hours totaled approximately 38.75 hours.

**RESPONSE:**

Plaintiff admits that they could adjust work hours during the week, up to a total of 38.75 hours. That admission is largely irrelevant to Plaintiff's allegations, which are that GEICO knowingly caused Plaintiffs to not record all of their work hours by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 14:**

Admit that, to the extent you entered weekly work hours over forty (40) into GEICO's timekeeping system during the Relevant Time Period, GEICO paid you for all such hours at one-and-one-half times your hourly rate of pay.

**RESPONSE:**

Plaintiff admits to having no direct knowledge of any hours over forty (40) they recorded in GEICO's timekeeping system that were unpaid. This admission is irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked. Plaintiff does not yet have complete access to GEICO's timekeeping records, which GEICO has objected to producing, and therefore their response is not based on a review of those records (though that review, again, is irrelevant to Plaintiffs' claims). Plaintiff reserves the right to amend their answer following a review of those records, should the Court compel GEICO to produce them.

9

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 15:**

Admit that different cases required different amounts of time by you to investigate.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 16:**

Admit that you did not enter the amount(s) of time you spent on investigative tasks into GEICO's Special Investigation Case Management ("SICM") system.

**RESPONSE:**

Admit. This admission is largely irrelevant to Plaintiffs' contentions about the SICM system, which are that it reflected timestamps for particular tasks that, taken as a whole, were one source of knowledge that GEICO supervisors could have used (and at times, did use) to identify off-the-clock work. *See* S. Greenman Tr. 285:24-288:11.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 17:**

Admit that recording overtime hours in GEICO's timekeeping system did not cause your annual performance rating to fall under a score of three out of five.

**RESPONSE:**

Plaintiff has made a reasonable inquiry into this matter and based on the information available, Plaintiff lacks sufficient knowledge to answer this request, because they lack access to

sufficient SICM data to model how their performance metrics would change if they had reported all of their overtime hours.  This admission is irrelevant to the claims in this action because of its specificity, which narrowly focuses on whether entering their overtime hours in GEICO's timekeeping system caused them to fall under a score of three out of five, rather than whether GEICO knowingly created a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

**REQUEST FOR ADMISSION NO. 18:**

Admit that you did not inform your supervisor of every task you performed for each case you investigated or the corresponding amount of time you spent on each task.

**RESPONSE:**

Deny that Plaintiff did not inform their supervisor of the tasks they performed, insofar as those tasks had to be recorded in SICM, but admit that Plaintiff did not (and GEICO did not require Plaintiff to) separately quantify the time spent on every task to the extent Plaintiff's hours did not exceed 38.75 per week.  This admission is largely irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 19:**

Admit that each case that you investigated required the performance of different investigative tasks.

**RESPONSE:**

Plaintiff denies that each case investigated required the performance of unique

11

investigative tasks.  Investigating cases required several common elements such as reviewing the

claim file and running background checks.  Plaintiff admits that cases they investigated were not

identical and often required different investigative tasks based on those facts.  This admission is

irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not

record by knowingly creating a system of incentives to underreport hours worked and disincentives

to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to

distract the factfinder and the Court by misdirecting their attention away from the relevant facts

and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 20:**

Admit that the number of hours that you contend you worked in a workweek varied due to

factors other than the number of cases assigned to you.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 21:**

Admit that you reported to a supervisor who never denied your overtime request(s).

**RESPONSE:**

Plaintiff has made a reasonable inquiry into this matter and based on the information

available, Plaintiff lacks sufficient knowledge to answer this request because, to the best of their

recollection, Plaintiff did not request overtime.  This request is irrelevant to the claims in this

action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a

system of incentives to underreport hours worked and disincentives to accurately report hours

worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to

12

distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 22:**

Admit that your supervisor(s) approved overtime when you followed the supervisor's communicated practice for requesting overtime.

**RESPONSE:**

Plaintiff has made a reasonable inquiry into this matter and based on the information available, Plaintiff lacks sufficient knowledge to answer this request because, to the best of their recollection, Plaintiff did not request overtime.  This request is irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 23:**

Admit that your supervisor(s) did not know the times when you began and ended your work on every day that you worked.

**RESPONSE:**

Plaintiff has made a reasonable inquiry into this matter and based on the information available, Plaintiff lacks sufficient knowledge to answer this request, as they do not know the extent to which their supervisor reviewed SICM entries, timekeeping entries, or other information that could have informed them of Plaintiff's work time.

**REQUEST FOR ADMISSION NO. 24:**

13

Admit that you could be assigned a case and close that same case within a 24-hour time period.

**RESPONSE:**

Plaintiff admits that some cases could be closed within 24 hours of when they were assigned, but this was not true for other cases.

**REQUEST FOR ADMISSION NO. 25:**

Admit that, after the COVID-19 pandemic started in or around March 2020, the amount of time you spent working in the field substantially decreased.

**RESPONSE:**

Plaintiff admits that they followed GEICO's COVID-19 pandemic protocols starting in or around March 2020, which limited the types of activities that required fieldwork.

**REQUEST FOR ADMISSION NO. 26:**

Admit that, in any workweek that you contend you worked more than 38.75 hours, you never reported any hours over 38.75 to your supervisor, manager, or human resources.

**RESPONSE:**

Plaintiff has made a reasonable inquiry into this matter and based on the information available, Plaintiff lacks sufficient knowledge to answer this request because they do not have complete records that would show weeks when they reported more than 38.75 hours. This Request is irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked. Plaintiff does not yet have complete access to GEICO's timekeeping records, which GEICO has objected to producing, and therefore their response is not based on a review of those records (which, again, is irrelevant to Plaintiffs' claims). Plaintiff reserves the right to amend their answer following a review of those

14

records, should the Court compel GEICO to produce them.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 27:**

Admit that, by working off the clock as you allege, you received a more favorable rating on your annual Performance Assessment.

**RESPONSE:**

Plaintiff has made a reasonable inquiry into this matter and based on the information available, Plaintiff lacks sufficient knowledge to answer this request, as they are without SICM data that would allow them to model alternative hypothetical scenarios; however, Plaintiff worked off the clock to avoid receiving a performance rating below of 3 out of 5 so Plaintiff would not be fired.

**REQUEST FOR ADMISSION NO. 28:**

Admit that you have no personal knowledge as to whether your SIU manager(s) was aware of the number of hours you worked each week during the Relevant Time Period.

**RESPONSE:**

Plaintiff admits to having no personal knowledge as to whether their SIU manager(s) was aware of the number of hours they worked each week during the Relevant Time Period FLSA. Plaintiff objects that this request seeks to distract from the relevant facts and liability standards in this case, because liability attaches to an underpayment if an employer "(a) requires, (b) knows about, or (c) should have known about through the exercise of reasonable diligence," *Perry v. City of New York*, 78 F.4th 502, 512-13 (2d Cir. 2023), and does not require Plaintiffs to have any specific personal knowledge of managers' knowledge or constructive knowledge.

15

Respectfully submitted,

Dated: November 26, 2025          By:    */s/ Michael J. Scimone*

Michael J. Scimone
Jarron D. McAllister
**OUTTEN & GOLDEN LLP**
685 Third Avenue, 25th Floor
New York, NY 10017
Telephone: 212-245-1000
Fax: 646-509-2060
mscimone@outtengolden.com
jmcallister@outtengolden.com

Ryan Cowdin\*
**OUTTEN & GOLDEN LLP**
1225 New York Avenue NW
Suite 1200B
Washington, DC 20005
Telephone: 202-929-0636
Fax: 202-847-4410
rcowdin@outtengolden.com

Kaelyn Mahar
**OUTTEN & GOLDEN LLP**
One California Street, 12th Floor
San Francisco, CA 94111
Telephone: 415-715-1787
Fax: 415-638-8810
kmahar@outtengolden.com

Troy L. Kessler
Garrett Kaske
**KESSLER MATURA P.C.**
534 Broadhollow Road, Suite 275
Melville, NY 11747
Telephone: 631-499-9100
Facsimile: 800-451-0874
tkessler@kesslermatura.com
gkaske@kesslermatura.com

\* Admitted *Pro Hac Vice*

*Attorneys for Plaintiffs and the Putative Class and Collective*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

KEITH FISCHER, MICHAEL O'SULLIVAN,
JOHN MOESER, LOUIS PIA, THOMAS
BARDEN, CONSTANCE MANGAN, and
CHARISE JONES, individually and on behalf
of all others similarly situated,

      Plaintiffs,

      v.

GOVERNMENT EMPLOYEES
INSURANCE COMPANY,

      Defendant.

Case No. 2:23-CV-02848 (SJB) (SIL)

**PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST SET OF
REQUESTS FOR ADMISSION TO OPT-IN PLAINTIFF STEPHEN P. STEMMLER**

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Stephen P. Stemmler

("Plaintiff"), by and through their attorneys, Outten & Golden LLP, hereby submits the following

objections and responses to Defendant's First Amended Set of Requests for Admission, dated

October 31, 2025.

## PRELIMINARY STATEMENT

All responses to the following Requests for Admission are based on information currently

known to Plaintiff and are provided without prejudice to Plaintiff's right to submit evidence of any

subsequently discovered facts and information, should such become known.  Plaintiff anticipates

that as investigation and trial preparation continue, it is possible that additional facts may become

known, which may in turn warrant additions to or changes in the responses provided herein.  These

responses are made in a good faith effort to supply such information as is presently known to

Plaintiff.  These responses and objections are made without prejudice to, and are not a waiver of,

1

Plaintiff's right to rely on other facts or documents at trial.

Plaintiff reserves all objections to the competence, relevance, materiality, or admissibility at trial of any information or documents requested or identified by any party. The inadvertent disclosure of any privileged information shall not be deemed to be a waiver of any applicable privilege with respect to such information or any other information.

The production of information and/or documents pursuant to this response is made without waiving, or intending to waive, but on the contrary reserving and intending to reserve: (a) the right to object on any grounds to the use of information produced pursuant to this response in this or any other action or proceeding; (b) the right to object on any and all grounds, at any time, to other interrogatories or other discovery mechanisms or proceedings; and (c) the right at any time to revise, correct, or supplement this response.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

Plaintiff objects to Defendant's Definitions and Instructions to the extent they exceed the discovery obligations set forth in Federal Rule 36, which requires only admission relating to "facts, the application of law to fact, or opinions about either" and "the genuineness of any described documents." Plaintiff further objects to Defendant's Definitions and Instructions to the extent that they impose a discovery obligation to supply information that is not required by the Federal Rules of Civil Procedure or Local Rules and requests privileged information, such as information that tends to disclose the mental impressions of counsel or the identities of potential witnesses.

2

**RESPONSES AND OBJECTIONS TO SPECIFIC REQUESTS FOR ADMISSION**

**REQUEST FOR ADMISSION NO. 1:**

Admit that Defendant paid you for all hours that you recorded in Defendant's timekeeping system.

**RESPONSE:**

Plaintiff admits to having no direct knowledge of any hours they recorded in GEICO's timekeeping system that were underpaid.  This admission is irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked. Plaintiff does not yet have complete access to GEICO's timekeeping records, which GEICO has objected to producing, and therefore their response is not based on a review of those records (though that review, again, is irrelevant to Plaintiffs' claims).  Plaintiff reserves the right to amend their answer following a review of those records, should the Court compel GEICO to produce them.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 2:**

Admit that you do not have any written records reflecting amount(s) of time you worked each week that you did not record in Defendant's timekeeping system.

**RESPONSE:**

Plaintiff admits that they do not have written records reflecting unrecorded amount(s) of time they worked during each week.

3

**REQUEST FOR ADMISSION NO. 3:**

Admit that, if you reported work hours to a supervisor or manager, you were paid for those hours.

**RESPONSE:**

Plaintiff denies the premise of this request, because they did not specifically report all hours worked to their supervisor or manager. This denial is irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 4:**

Admit that you have no personal knowledge as to whether Defendant intentionally violated any wage and hour laws.

**RESPONSE:**

Plaintiff objects to this request because it seeks an admission that is irrelevant to the claims or defenses in the case. The Fair Labor Standards Act do not require proof of "intent[]" to violate the law. Liability attaches to an underpayment if an employer "(a) requires, (b) knows about, or (c) should have known about [unpaid hours] through the exercise of reasonable diligence." *Perry v. City of New York*, 78 F.4th 502, 512-13 (2d Cir. 2023). Plaintiff is entitled to a third year of FLSA liability if an employer "willfully" violated the law, which means "it either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the Act." *Id.* at 516. And liquidated

4

damages apply if the employer is unable to establish, to the satisfaction of the Court,[1] that it acted in good faith. 29 U.S.C. § 260. None of these standards require Plaintiff to prove intent.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 5:**

Admit that, during the Relevant Time Period, you did not work more than forty (40) hours for Defendant during any workweek.

**RESPONSE:**

Denied. Plaintiff worked more than 40 hours in multiple workweeks throughout the course of their employment with GEICO.

---

[1] Good faith is a question for the Court. *See Perry v. City of New York*, No. 13 Civ. 1015, 2019 U.S. Dist. LEXIS 220519, at *9 (S.D.N.Y. Dec. 23, 2019) (holding "that the court's discretion to deny liquidate[d] damages is negated by a jury's finding of willfulness" based on the Second Circuit's *Pollis* case); *see also Pollis v. New Sch. for Soc. Research*, 132 F.3d 115, 120 (2d Cir. 1997) (making similar determination under the Equal Pay Act). The majority of circuit courts that have considered the question have held that a jury's willfulness finding precludes a finding of good faith. *See Black v. SettlePou, P.C.*, 732 F.3d 492, 501 (5th Cir. 2013) ("Because the jury found that [defendant] acted willfully in violating the FLSA, [defendant] cannot show that it acted in good faith."); *Herman v. Palo Grp. Foster Home, Inc.*, 183 F.3d 468, 474 (6th Cir. 1999) ("a finding of willfulness is dispositive of the liquidated-damages issue"); *Chao v. A-One Med. Servs., Inc.*, 346 F.3d 908, 920 (9th Cir. 2003) ("a finding of good faith is plainly inconsistent with a finding of willfulness"); *Brinkman v. Dep't of Corr. of State of Kan.*, 21 F.3d 370, 373 (10th Cir. 1994) (finding that the "district court properly awarded liquidated damages based upon the jury's finding of willfulness"); *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1166 (11th Cir. 2008) ("in an FLSA case a jury's finding in deciding . . . that the employer acted willfully precludes the court from finding that the employer acted in good faith"); *see also Ellison v. United States*, 25 Cl. Ct. 481, 499 (1992) (finding in Equal Pay Act case that "The evidence cannot support a finding that the willful failure to promote plaintiff constituted good faith action"); *E.E.O.C. v. Madison Cmty. Unit Sch. Dist. No. 12*, 818 F.2d 577, 586 (7th Cir. 1987) (finding in Equal Pay Act case that, "If [defendant] was acting reasonably and in good faith, it could hardly be guilty of violating the law either intentionally or with reckless disregard for the legality of its conduct.").

5

**REQUEST FOR ADMISSION NO. 6:**

Admit that, during the Relevant Time Period, there were some workweeks during which you did not work more than forty (40) hours for Defendant.

**RESPONSE:**

Admit that Plaintiff worked fewer than 40 hours in some workweeks in which Plaintiff worked less than a full schedule due to, e.g., holidays or other time off from work.

**REQUEST FOR ADMISSION NO. 7:**

Admit that you did not complain to Defendant that you worked overtime during the Relevant Time Period without compensation.

**RESPONSE:**

Plaintiff denies that they did not complain to Defendant that they worked overtime during the Relevant Time Period without compensation.  During the Relevant Time Period, Plaintiff complained to Toni D'Agata and Dara Campbell, his supervisors, during team meetings and in one-on-one emails and phone calls about working overtime hours and how more time was needed to complete all work assigned.

**REQUEST FOR ADMISSION NO. 8:**

Admit that no manager or supervisor in Defendant's Special Investigations Unit instructed you to work off-the-clock at any point during the Relevant Time Period.

**RESPONSE:**

Plaintiff admits that no manager or supervisor in GEICO's Special Investigations Unit specifically told them to work off the clock.  GEICO managers and supervisors, however, told Plaintiff that overtime was limited or would not be approved.  This admission is largely irrelevant to proof of the claims in this action, which concerns whether GEICO knew or should have known

6

that Plaintiff worked off the clock as a result of its system of incentives to underreport hours worked and disincentives to accurately report hours worked.

## REQUEST FOR ADMISSION NO. 9:

Admit that, throughout your employment with Defendant, Defendant maintained a written policy requiring that you accurately record all of your hours worked in Defendant's timekeeping system.

## RESPONSE:

Plaintiff is aware of and admits the existence of GEICO's timekeeping policies reflected at G00041.  That admission is largely irrelevant to Plaintiff's allegations, which are that GEICO knowingly caused Plaintiffs to not record all of their work hours by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

## REQUEST FOR ADMISSION NO. 10:

Admit that, to the extent you claim you are owed unpaid overtime wages, you failed to adhere to the policy or policies described in Request No. 9.

## RESPONSE:

Plaintiff admits that by not recording all hours worked in GEICO's timekeeping system, they did not comply with the policy described in their response to Request 9.  That admission is largely irrelevant to Plaintiff's allegations, which are that GEICO knowingly caused Plaintiffs to not record all of their work hours by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

7

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 11:**

Admit that, throughout your employment with Defendant, Defendant maintained a written policy forbidding "off the clock" work.

**RESPONSE:**

Plaintiff is aware of and admits the existence of GEICO's timekeeping policies reflected at G000062. That admission is irrelevant to Plaintiff's allegations, which are that GEICO knowingly caused Plaintiffs to not record all of their work hours by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 12:**

Admit that, to the extent you claim you are owed unpaid overtime wages, you failed to adhere to the policy or policies described in Request No 11.

**RESPONSE:**

Plaintiff admits that by not recording all hours worked in GEICO's timekeeping system, they did not comply with GEICO's policy described in their response to Request 11. That admission is irrelevant to Plaintiff's allegations, which are that GEICO knowingly caused Plaintiffs to not record all of their work hours by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

8

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 13:**

Admit that, during the Relevant Time Period, you had the ability to "flex" your schedule such that you could adjust your work start time and/or end time so long as your weekly work hours totaled approximately 38.75 hours.

**RESPONSE:**

Plaintiff admits that they could adjust work hours during the week, up to a total of 38.75 hours. That admission is largely irrelevant to Plaintiff's allegations, which are that GEICO knowingly caused Plaintiffs to not record all of their work hours by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 14:**

Admit that, to the extent you entered weekly work hours over forty (40) into GEICO's timekeeping system during the Relevant Time Period, GEICO paid you for all such hours at one-and-one-half times your hourly rate of pay.

**RESPONSE:**

Plaintiff admits to having no direct knowledge of any hours over forty (40) they recorded in GEICO's timekeeping system that were unpaid. This admission is irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a

9

system of incentives to underreport hours worked and disincentives to accurately report hours worked.  Plaintiff does not yet have complete access to GEICO's timekeeping records, which GEICO has objected to producing, and therefore their response is not based on a review of those records (though that review, again, is irrelevant to Plaintiffs' claims).  Plaintiff reserves the right to amend their answer following a review of those records, should the Court compel GEICO to produce them.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 15:**

Admit that different cases required different amounts of time by you to investigate.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 16:**

Admit that you did not enter the amount(s) of time you spent on investigative tasks into GEICO's Special Investigation Case Management ("SICM") system.

**RESPONSE:**

Admit.  This admission is largely irrelevant to Plaintiffs' contentions about the SICM system, which are that it reflected timestamps for particular tasks that, taken as a whole, were one source of knowledge that GEICO supervisors could have used (and at times, did use) to identify off-the-clock work.  *See* S. Greenman Tr. 285:24-288:11.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and

10

legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 17:**

Admit that recording overtime hours in GEICO's timekeeping system did not cause your annual performance rating to fall under a score of three out of five.

**RESPONSE:**

Plaintiff has made a reasonable inquiry into this matter and based on the information available, Plaintiff lacks sufficient knowledge to answer this request, because they lack access to sufficient SICM data to model how their performance metrics would change if they had reported all of their overtime hours. This admission is irrelevant to the claims in this action because of its specificity, which narrowly focuses on whether entering their overtime hours in GEICO's timekeeping system caused them to fall under a score of three out of five, rather than whether GEICO knowingly created a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

**REQUEST FOR ADMISSION NO. 18:**

Admit that you did not inform your supervisor of every task you performed for each case you investigated or the corresponding amount of time you spent on each task.

**RESPONSE:**

Deny that Plaintiff did not inform their supervisor of the tasks they performed, insofar as those tasks had to be recorded in SICM; but admit that Plaintiff did not (and GEICO did not require Plaintiff to) separately quantify the time spent on every task to the extent Plaintiff's hours did not exceed 38.75 per week. This admission is largely irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

11

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 19:**

Admit that each case that you investigated required the performance of different investigative tasks.

**RESPONSE:**

Plaintiff denies that each case investigated required the performance of unique investigative tasks. Investigating cases required several common elements such as reviewing the claim file and running background checks. Plaintiff admits that cases they investigated were not identical and often required different investigative tasks based on those facts. This admission is irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 20:**

Admit that the number of hours that you contend you worked in a workweek varied due to factors other than the number of cases assigned to you.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 21:**

12

Admit that you reported to a supervisor who never denied your overtime request(s).

**RESPONSE:**

Plaintiff denies that their supervisors never denied their requests for overtime. Plaintiff requested overtime from Toni D'Agata and Dara Campbell during the Relevant Time Period. Plaintiff's requests were denied more than once. This denial is irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 22:**

Admit that your supervisor(s) approved overtime when you followed the supervisor's communicated practice for requesting overtime.

**RESPONSE:**

Plaintiff admits to the extent that their supervisors approved an overtime request at least once, but otherwise denies to the extent that most requests for overtime were denied, to the best of their recollection. This request is irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 23:**

13

Admit that your supervisor(s) did not know the times when you began and ended your work on every day that you worked.

**RESPONSE:**

Plaintiff has made a reasonable inquiry into this matter and based on the information available, Plaintiff lacks sufficient knowledge to answer this request, as they do not know the extent to which their supervisor reviewed SICM entries, timekeeping entries, or other information that could have informed them of Plaintiff's work time.

**REQUEST FOR ADMISSION NO. 24:**

Admit that you could be assigned a case and close that same case within a 24-hour time period.

**RESPONSE:**

Plaintiff admits that some cases could be closed within 24 hours of when they were assigned, but this was not true for other cases.

**REQUEST FOR ADMISSION NO. 25:**

Admit that, after the COVID-19 pandemic started in or around March 2020, the amount of time you spent working in the field substantially decreased.

**RESPONSE:**

Plaintiff admits that they followed GEICO's COVID-19 pandemic protocols starting in or around March 2020, which limited the types of activities that required fieldwork.

**REQUEST FOR ADMISSION NO. 26:**

Admit that, in any workweek that you contend you worked more than 38.75 hours, you never reported any hours over 38.75 to your supervisor, manager, or human resources.

**RESPONSE:**

14

Plaintiff has made a reasonable inquiry into this matter and based on the information available, Plaintiff lacks sufficient knowledge to answer this request because they do not have complete records that would show weeks when they reported more than 38.75 hours. This Request is irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked. Plaintiff does not yet have complete access to GEICO's timekeeping records, which GEICO has objected to producing, and therefore their response is not based on a review of those records (which, again, is irrelevant to Plaintiffs' claims). Plaintiff reserves the right to amend their answer following a review of those records, should the Court compel GEICO to produce them.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 27:**

Admit that, by working off the clock as you allege, you received a more favorable rating on your annual Performance Assessment.

**RESPONSE:**

Plaintiff has made a reasonable inquiry into this matter and based on the information available, Plaintiff lacks sufficient knowledge to answer this request, as they are without SICM data that would allow them to model alternative hypothetical scenarios; however, Plaintiff worked off the clock to avoid receiving a performance rating below of 3 out of 5 so Plaintiff would not be fired.

**REQUEST FOR ADMISSION NO. 28:**

15

Admit that you have no personal knowledge as to whether your SIU manager(s) was aware of the number of hours you worked each week during the Relevant Time Period.

**RESPONSE:**

Plaintiff admits to having no personal knowledge as to whether their SIU manager(s) was aware of the number of hours they worked each week during the Relevant Time Period. Plaintiff objects that this request seeks to distract from the relevant facts and liability standards in this case, because liability attaches to an underpayment if an employer "(a) requires, (b) knows about, or (c) should have known about through the exercise of reasonable diligence," *Perry v. City of New York*, 78 F.4th 502, 512-13 (2d Cir. 2023), and does not require Plaintiffs to have any specific personal knowledge of managers' knowledge or constructive knowledge.

Respectfully submitted,

Dated: December 22, 2025     By:     /s/ Michael J. Scimone

Michael J. Scimone
Jarron D. McAllister
**OUTTEN & GOLDEN LLP**
685 Third Avenue, 25th Floor
New York, NY 10017
Telephone: 212-245-1000
Fax: 646-509-2060
mscimone@outtengolden.com
jmcallister@outtengolden.com

Ryan Cowdin*
**OUTTEN & GOLDEN LLP**
1225 New York Avenue NW
Suite 1200B
Washington, DC 20005
Telephone: 202-929-0636
Fax: 202-847-4410
rcowdin@outtengolden.com

16

Kaelyn Mahar*
**OUTTEN & GOLDEN LLP**
One California Street, 12th Floor
San Francisco, CA 94111
Telephone: 415-715-1787
Fax: 415-638-8810
kmahar@outtengolden.com

Troy L. Kessler
Garrett Kaske
**KESSLER MATURA P.C.**
534 Broadhollow Road, Suite 275
Melville, NY 11747
Telephone: 631-499-9100
Facsimile: 800-451-0874
tkessler@kesslermatura.com
gkaske@kesslermatura.com

* Admitted *Pro Hac Vice*

*Attorneys for Plaintiffs and the Putative Class and Collective*

17

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

KEITH FISCHER, MICHAEL O'SULLIVAN, JOHN MOESER, LOUIS PIA, THOMAS BARDEN, CONSTANCE MANGAN, and CHARISE JONES, individually and on behalf of all others similarly situated,

       Plaintiffs,

       v.

GOVERNMENT EMPLOYEES INSURANCE COMPANY,

       Defendant.

Case No. 2:23-CV-02848 (SJB) (SIL)

**PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST SET OF REQUESTS FOR ADMISSION TO OPT-IN PLAINTIFF ERIC STEPHENS**

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Eric Stephens ("Plaintiff"), by and through their attorneys, Outten & Golden LLP, hereby submits the following objections and responses to Defendant's First Amended Set of Requests for Admission, dated October 31, 2025.

## PRELIMINARY STATEMENT

All responses to the following Requests for Admission are based on information currently known to Plaintiff and are provided without prejudice to Plaintiff's right to submit evidence of any subsequently discovered facts and information, should such become known. Plaintiff anticipates that as investigation and trial preparation continue, it is possible that additional facts may become known, which may in turn warrant additions to or changes in the responses provided herein. These responses are made in a good faith effort to supply such information as is presently known to Plaintiff. These responses and objections are made without prejudice to, and

1

are not a waiver of, Plaintiff's right to rely on other facts or documents at trial.

Plaintiff reserves all objections to the competence, relevance, materiality, or admissibility at trial of any information or documents requested or identified by any party. The inadvertent disclosure of any privileged information shall not be deemed to be a waiver of any applicable privilege with respect to such information or any other information.

The production of information and/or documents pursuant to this response is made without waiving, or intending to waive, but on the contrary reserving and intending to reserve: (a) the right to object on any grounds to the use of information produced pursuant to this response in this or any other action or proceeding; (b) the right to object on any and all grounds, at any time, to other interrogatories or other discovery mechanisms or proceedings; and (c) the right at any time to revise, correct, or supplement this response.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

Plaintiff objects to Defendant's Definitions and Instructions to the extent they exceed the discovery obligations set forth in Federal Rule 36, which requires only admission relating to "facts, the application of law to fact, or opinions about either" and "the genuineness of any described documents." Plaintiff further objects to Defendant's Definitions and Instructions to the extent that they impose a discovery obligation to supply information that is not required by the Federal Rules of Civil Procedure or Local Rules and requests privileged information, such as information that tends to disclose the mental impressions of counsel or the identities of potential witnesses.

2

## RESPONSES AND OBJECTIONS TO SPECIFIC REQUESTS FOR ADMISSION

### REQUEST FOR ADMISSION NO. 1:

Admit that Defendant paid you for all hours that you recorded in Defendant's timekeeping system.

### RESPONSE:

Plaintiff admits to having no direct knowledge of any hours they recorded in GEICO's timekeeping system that were underpaid. This admission is irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked. Plaintiff does not yet have complete access to GEICO's timekeeping records, which GEICO has objected to producing, and therefore their response is not based on a review of those records (though that review, again, is irrelevant to Plaintiffs' claims). Plaintiff reserves the right to amend their answer following a review of those records, should the Court compel GEICO to produce them.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

### REQUEST FOR ADMISSION NO. 2:

Admit that you do not have any written records reflecting amount(s) of time you worked each week that you did not record in Defendant's timekeeping system.

### RESPONSE:

Plaintiff admits that they do not have written records reflecting unrecorded amount(s) of time they worked during each week.

3

**REQUEST FOR ADMISSION NO. 3:**

Admit that, if you reported work hours to a supervisor or manager, you were paid for those hours.

**RESPONSE:**

Plaintiff denies the premise of this request, because they did not specifically report all hours worked to their supervisor or manager. This denial is irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 4:**

Admit that you have no personal knowledge as to whether Defendant intentionally violated any wage and hour laws.

**RESPONSE:**

Plaintiff objects to this request because it seeks an admission that is irrelevant to the claims or defenses in the case. The Fair Labor Standards Act does not require proof of "intent[]" to violate the law. Liability attaches to an underpayment if an employer "(a) requires, (b) knows about, or (c) should have known about [unpaid hours] through the exercise of reasonable diligence." *Perry v. City of New York*, 78 F.4th 502, 512-13 (2d Cir. 2023). Plaintiff is entitled to a third year of FLSA liability if an employer "willfully" violated the law, which means "it either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the Act." *Id.* at 516. And liquidated damages apply if the employer is unable to establish, to the

4

satisfaction of the Court,[1] that it acted in good faith.  29 U.S.C. § 260.  None of these standards require Plaintiff to prove intent.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

## REQUEST FOR ADMISSION NO. 5:

Admit that, during the Relevant Time Period, you did not work more than forty (40) hours for Defendant during any workweek.

## RESPONSE:

Denied.  Plaintiff worked more than 40 hours in multiple workweeks throughout the course of their employment with GEICO.

---

[1]    Good faith is a question for the Court.  *See Perry v. City of New York*, No. 13 Civ. 1015, 2019 U.S. Dist. LEXIS 220519, at *9 (S.D.N.Y. Dec. 23, 2019) (holding "that the court's discretion to deny liquidate[d] damages is negated by a jury's finding of willfulness" based on the Second Circuit's *Pollis* case); *see also Pollis v. New Sch. for Soc. Research*, 132 F.3d 115, 120 (2d Cir. 1997) (making similar determination under the Equal Pay Act).  The majority of circuit courts that have considered the question have held that a jury's willfulness finding precludes a finding of good faith.  *See Black v. SettlePou, P.C.*, 732 F.3d 492, 501 (5th Cir. 2013) ("Because the jury found that [defendant] acted willfully in violating the FLSA, [defendant] cannot show that it acted in good faith."); *Herman v. Palo Grp. Foster Home, Inc.*, 183 F.3d 468, 474 (6th Cir. 1999) ("a finding of willfulness is dispositive of the liquidated-damages issue"); *Chao v. A-One Med. Servs., Inc.*, 346 F.3d 908, 920 (9th Cir. 2003) ("a finding of good faith is plainly inconsistent with a finding of willfulness"); *Brinkman v. Dep't of Corr. of State of Kan.*, 21 F.3d 370, 373 (10th Cir. 1994) (finding that the "district court properly awarded liquidated damages based upon the jury's finding of willfulness"); *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1166 (11th Cir. 2008) ("in an FLSA case a jury's finding in deciding . . . that the employer acted willfully precludes the court from finding that the employer acted in good faith"); *see also Ellison v. United States*, 25 Cl. Ct. 481, 499 (1992) (finding in Equal Pay Act case that "The evidence cannot support a finding that the willful failure to promote plaintiff constituted good faith action"); *E.E.O.C. v. Madison Cmty. Unit Sch. Dist. No. 12*, 818 F.2d 577, 586 (7th Cir. 1987) (finding in Equal Pay Act case that, "If [defendant] was acting reasonably and in good faith, it could hardly be guilty of violating the law either intentionally or with reckless disregard for the legality of its conduct.").

5

**REQUEST FOR ADMISSION NO. 6:**

Admit that, during the Relevant Time Period, there were some workweeks during which you did not work more than forty (40) hours for Defendant.

**RESPONSE:**

Admit that Plaintiff worked fewer than 40 hours in some workweeks in which Plaintiff worked less than a full schedule due to, e.g., holidays or other time off from work.

**REQUEST FOR ADMISSION NO. 7:**

Admit that you did not complain to Defendant that you worked overtime during the Relevant Time Period without compensation.

**RESPONSE:**

Plaintiff denies that they did not complain to Defendant that they worked overtime during the Relevant Time Period without compensation. Plaintiff recalls occasionally complaining that he was working outside of his regular hours in conversations between 2018 and 2019 with his supervisor, Matthew Lubs.

**REQUEST FOR ADMISSION NO. 8:**

Admit that no manager or supervisor in Defendant's Special Investigations Unit instructed you to work off-the-clock at any point during the Relevant Time Period.

**RESPONSE:**

Plaintiff admits that no manager or supervisor in GEICO's Special Investigations Unit specifically told them to work off the clock.  GEICO managers and supervisors, however, told Plaintiff that overtime was not available.  This admission is largely irrelevant to proof of the claims in this action, which concerns whether GEICO knew or should have known that Plaintiff worked off the clock as a result of its system of incentives to underreport hours worked and

6

disincentives to accurately report hours worked.

**REQUEST FOR ADMISSION NO. 9:**

Admit that, throughout your employment with Defendant, Defendant maintained a written policy requiring that you accurately record all of your hours worked in Defendant's timekeeping system.

**RESPONSE:**

Plaintiff is aware of and admits the existence of GEICO's timekeeping policies reflected at G00041.  That admission is largely irrelevant to Plaintiff's allegations, which are that GEICO knowingly caused Plaintiffs to not record all of their work hours by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 10:**

Admit that, to the extent you claim you are owed unpaid overtime wages, you failed to adhere to the policy or policies described in Request No. 9.

**RESPONSE:**

Plaintiff admits that by not recording all hours worked in GEICO's timekeeping system, they did not comply with the policy described in their response to Request 9.  That admission is largely irrelevant to Plaintiff's allegations, which are that GEICO knowingly caused Plaintiffs to not record all of their work hours by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking

7

to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 11:**

Admit that, throughout your employment with Defendant, Defendant maintained a written policy forbidding "off the clock" work.

**RESPONSE:**

Plaintiff is aware of and admits the existence of GEICO's timekeeping policies reflected at G000062. That admission is irrelevant to Plaintiff's allegations, which are that GEICO knowingly caused Plaintiffs to not record all of their work hours by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 12:**

Admit that, to the extent you claim you are owed unpaid overtime wages, you failed to adhere to the policy or policies described in Request No 11.

**RESPONSE:**

Plaintiff admits that by not recording all hours worked in GEICO's timekeeping system, they did not comply with GEICO's policy described in their response to Request 11. That admission is irrelevant to Plaintiff's allegations, which are that GEICO knowingly caused Plaintiffs to not record all of their work hours by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking

to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 13:**

Admit that, during the Relevant Time Period, you had the ability to "flex" your schedule such that you could adjust your work start time and/or end time so long as your weekly work hours totaled approximately 38.75 hours.

**RESPONSE:**

Plaintiff admits that they could adjust work hours during the week, up to a total of 38.75 hours. That admission is largely irrelevant to Plaintiff's allegations, which are that GEICO knowingly caused Plaintiffs to not record all of their work hours by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 14:**

Admit that, to the extent you entered weekly work hours over forty (40) into GEICO's timekeeping system during the Relevant Time Period, GEICO paid you for all such hours at one-and-one-half times your hourly rate of pay.

**RESPONSE:**

Plaintiff admits to having no direct knowledge of any hours over forty (40) they recorded in GEICO's timekeeping system that were unpaid. This admission is irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours

9

worked.  Plaintiff does not yet have complete access to GEICO's timekeeping records, which GEICO has objected to producing, and therefore their response is not based on a review of those records (though that review, again, is irrelevant to Plaintiffs' claims).  Plaintiff reserves the right to amend their answer following a review of those records, should the Court compel GEICO to produce them.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 15:**

Admit that different cases required different amounts of time by you to investigate.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 16:**

Admit that you did not enter the amount(s) of time you spent on investigative tasks into GEICO's Special Investigation Case Management ("SICM") system.

**RESPONSE:**

Admit.  This admission is largely irrelevant to Plaintiffs' contentions about the SICM system, which are that it reflected timestamps for particular tasks that, taken as a whole, were one source of knowledge that GEICO supervisors could have used (and at times, did use) to identify off-the-clock work.  *See* S. Greenman Tr. 285:24-288:11.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

10

**REQUEST FOR ADMISSION NO. 17:**

Admit that recording overtime hours in GEICO's timekeeping system did not cause your annual performance rating to fall under a score of three out of five.

**RESPONSE:**

Plaintiff has made a reasonable inquiry into this matter and based on the information available, Plaintiff lacks sufficient knowledge to answer this request, because they lack access to sufficient SICM data to model how their performance metrics would change if they had reported all of their overtime hours. This admission is irrelevant to the claims in this action because of its specificity, which narrowly focuses on whether entering their overtime hours in GEICO's timekeeping system caused them to fall under a score of three out of five, rather than whether GEICO knowingly created a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

**REQUEST FOR ADMISSION NO. 18:**

Admit that you did not inform your supervisor of every task you performed for each case you investigated or the corresponding amount of time you spent on each task.

**RESPONSE:**

Deny that Plaintiff did not inform their supervisor of the tasks they performed, insofar as those tasks had to be recorded in SICM and deny that Plaintiff did not inform their supervisor of the time spent on those tasks on those occasions when Plaintiff requested overtime; but admit that Plaintiff did not (and GEICO did not require Plaintiff to) separately quantify the time spent on every task to the extent Plaintiff's hours did not exceed 38.75 per week. This admission is largely irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and

11

disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 19:**

Admit that each case that you investigated required the performance of different investigative tasks.

**RESPONSE:**

Plaintiff denies that each case investigated required the performance of unique investigative tasks.  Investigating cases required several common elements such as reviewing the claim file and running background checks.  Plaintiff admits that cases they investigated were not identical and often required different investigative tasks based on those facts.  This admission is irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 20:**

Admit that the number of hours that you contend you worked in a workweek varied due to factors other than the number of cases assigned to you.

**RESPONSE:**

Admit.

12

**REQUEST FOR ADMISSION NO. 21:**

Admit that you reported to a supervisor who never denied your overtime request(s).

**RESPONSE:**

Plaintiff admits that their supervisor(s) never denied a request for overtime, to the best of their recollection.  This admission is irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 22:**

Admit that your supervisor(s) approved overtime when you followed the supervisor's communicated practice for requesting overtime.

**RESPONSE:**

Plaintiff admits that their supervisor(s) approved overtime on several occasions when Plaintiff requested overtime.  This admission is irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 23:**

Admit that your supervisor(s) did not know the times when you began and ended your work

13

on every day that you worked.

**RESPONSE:**

Plaintiff has made a reasonable inquiry into this matter and based on the information available, Plaintiff lacks sufficient knowledge to answer this request, as they do not know the extent to which their supervisor reviewed SICM entries, timekeeping entries, or other information that could have informed them of Plaintiff's work time.

**REQUEST FOR ADMISSION NO. 24:**

Admit that you could be assigned a case and close that same case within a 24-hour time period.

**RESPONSE:**

Plaintiff admits that some cases could be closed within 24 hours of when they were assigned, but this was not true for other cases.

**REQUEST FOR ADMISSION NO. 25:**

Admit that, after the COVID-19 pandemic started in or around March 2020, the amount of time you spent working in the field substantially decreased.

**RESPONSE:**

Plaintiff admits that they followed GEICO's COVID-19 pandemic protocols starting in or around March 2020, which limited the types of activities that required fieldwork.

**REQUEST FOR ADMISSION NO. 26:**

Admit that, in any workweek that you contend you worked more than 38.75 hours, you never reported any hours over 38.75 to your supervisor, manager, or human resources.

**RESPONSE:**

Plaintiff has made a reasonable inquiry into this matter and based on the information

14

available, Plaintiff lacks sufficient knowledge to answer this request because they do not have complete records that would show weeks when they reported more than 38.75 hours.  This Request is irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.  Plaintiff does not yet have complete access to GEICO's timekeeping records, which GEICO has objected to producing, and therefore their response is not based on a review of those records (which, again, is irrelevant to Plaintiffs' claims).  Plaintiff reserves the right to amend their answer following a review of those records, should the Court compel GEICO to produce them.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 27:**

Admit that, by working off the clock as you allege, you received a more favorable rating on your annual Performance Assessment.

**RESPONSE:**

Plaintiff has made a reasonable inquiry into this matter and based on the information available, Plaintiff lacks sufficient knowledge to answer this request, as they are without SICM data that would allow them to model alternative hypothetical scenarios; however, Plaintiff worked off the clock to avoid receiving a performance rating below of 3 out of 5 so Plaintiff would not be fired.

**REQUEST FOR ADMISSION NO. 28:**

Admit that you have no personal knowledge as to whether your SIU manager(s) was aware

15

of the number of hours you worked each week during the Relevant Time Period.

**RESPONSE:**

Plaintiff admits to having no personal knowledge as to whether their SIU manager(s) was aware of the number of hours they worked each week during the Relevant Time Period FLSA. Plaintiff objects that this request seeks to distract from the relevant facts and liability standards in this case, because liability attaches to an underpayment if an employer "(a) requires, (b) knows about, or (c) should have known about through the exercise of reasonable diligence," *Perry v. City of New York*, 78 F.4th 502, 512-13 (2d Cir. 2023), and does not require Plaintiffs to have any specific personal knowledge of managers' knowledge or constructive knowledge.

Respectfully submitted,

Dated: December 5, 2025          By:     /s/ Michael J. Scimone

Michael J. Scimone
Jarron D. McAllister
**OUTTEN & GOLDEN LLP**
685 Third Avenue, 25th Floor
New York, NY 10017
Telephone: 212-245-1000
Fax: 646-509-2060
mscimone@outtengolden.com
jmcallister@outtengolden.com

Ryan Cowdin*
**OUTTEN & GOLDEN LLP**
1225 New York Avenue NW
Suite 1200B
Washington, DC 20005
Telephone: 202-929-0636
Fax: 202-847-4410
rcowdin@outtengolden.com

Kaelyn Mahar
**OUTTEN & GOLDEN LLP**
One California Street, 12th Floor
San Francisco, CA 94111
Telephone: 415-715-1787
Fax: 415-638-8810
kmahar@outtengolden.com

Troy L. Kessler
Garrett Kaske
**KESSLER MATURA P.C.**
534 Broadhollow Road, Suite 275
Melville, NY 11747
Telephone: 631-499-9100
Facsimile: 800-451-0874
tkessler@kesslermatura.com
gkaske@kesslermatura.com

* Admitted *Pro Hac Vice*

*Attorneys for Plaintiffs and the Putative Class and Collective*

17

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| KEITH FISCHER, MICHAEL O'SULLIVAN, JOHN MOESER, LOUIS PIA, THOMAS BARDEN, CONSTANCE MANGAN, and CHARISE JONES, individually and on behalf of all others similarly situated,<br><br>　　　Plaintiffs,<br><br>　　　v.<br><br>　　　GOVERNMENT EMPLOYEES INSURANCE COMPANY,<br><br>　　　Defendant. | Case No. 2:23-CV-02848 (SJB) (SIL) |

**PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST SET OF REQUESTS FOR ADMISSION TO OPT-IN PLAINTIFF BRIAN TRENTOWSKI**

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Brian Trentowski ("Plaintiff"), by and through their attorneys, Outten & Golden LLP, hereby submits the following objections and responses to Defendant's First Amended Set of Requests for Admission, dated October 31, 2025.

**PRELIMINARY STATEMENT**

All responses to the following Requests for Admission are based on information currently known to Plaintiff and are provided without prejudice to Plaintiff's right to submit evidence of any subsequently discovered facts and information, should such become known. Plaintiff anticipates that as investigation and trial preparation continue, it is possible that additional facts may become known, which may in turn warrant additions to or changes in the responses provided herein. These responses are made in a good faith effort to supply such information as is presently known to Plaintiff. These responses and objections are made without prejudice to, and

1

are not a waiver of, Plaintiff's right to rely on other facts or documents at trial.

Plaintiff reserves all objections to the competence, relevance, materiality, or admissibility at trial of any information or documents requested or identified by any party. The inadvertent disclosure of any privileged information shall not be deemed to be a waiver of any applicable privilege with respect to such information or any other information.

The production of information and/or documents pursuant to this response is made without waiving, or intending to waive, but on the contrary reserving and intending to reserve: (a) the right to object on any grounds to the use of information produced pursuant to this response in this or any other action or proceeding; (b) the right to object on any and all grounds, at any time, to other interrogatories or other discovery mechanisms or proceedings; and (c) the right at any time to revise, correct, or supplement this response.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

Plaintiff objects to Defendant's Definitions and Instructions to the extent they exceed the discovery obligations set forth in Federal Rule 36, which requires only admission relating to "facts, the application of law to fact, or opinions about either" and "the genuineness of any described documents." Plaintiff further objects to Defendant's Definitions and Instructions to the extent that they impose a discovery obligation to supply information that is not required by the Federal Rules of Civil Procedure or Local Rules and requests privileged information, such as information that tends to disclose the mental impressions of counsel or the identities of potential witnesses.

2

## RESPONSES AND OBJECTIONS TO SPECIFIC REQUESTS FOR ADMISSION

### REQUEST FOR ADMISSION NO. 1:

Admit that Defendant paid you for all hours that you recorded in Defendant's timekeeping system.

### RESPONSE:

Plaintiff admits to having no direct knowledge of any hours they recorded in GEICO's timekeeping system that were underpaid.  This admission is irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked. Plaintiff does not yet have complete access to GEICO's timekeeping records, which GEICO has objected to producing, and therefore their response is not based on a review of those records (though that review, again, is irrelevant to Plaintiffs' claims).  Plaintiff reserves the right to amend their answer following a review of those records, should the Court compel GEICO to produce them.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

### REQUEST FOR ADMISSION NO. 2:

Admit that you do not have any written records reflecting amount(s) of time you worked each week that you did not record in Defendant's timekeeping system.

### RESPONSE:

Plaintiff admits that they do not have written records reflecting unrecorded amount(s) of time they worked during each week.

3

**REQUEST FOR ADMISSION NO. 3:**

Admit that, if you reported work hours to a supervisor or manager, you were paid for those hours.

**RESPONSE:**

Plaintiff denies the premise of this request, because they did not specifically report all hours worked to their supervisor or manager. This denial is irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 4:**

Admit that you have no personal knowledge as to whether Defendant intentionally violated any wage and hour laws.

**RESPONSE:**

Plaintiff objects to this request because it seeks an admission that is irrelevant to the claims or defenses in the case. The Fair Labor Standards Act does not require proof of "intent[]" to violate the law. Liability attaches to an underpayment if an employer "(a) requires, (b) knows about, or (c) should have known about [unpaid hours] through the exercise of reasonable diligence." *Perry v. City of New York*, 78 F.4th 502, 512-13 (2d Cir. 2023). Plaintiff is entitled to a third year of FLSA liability if an employer "willfully" violated the law, which means "it either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the Act." *Id.* at 516. And liquidated damages apply if the employer is unable to establish, to the

4

satisfaction of the Court,[1] that it acted in good faith.  29 U.S.C. § 260.  None of these standards

require Plaintiff to prove intent.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to

distract the factfinder and the Court by misdirecting their attention away from the relevant facts

and legal standards that apply to this action.

## REQUEST FOR ADMISSION NO. 5:

Admit that, during the Relevant Time Period, you did not work more than forty (40) hours

for Defendant during any workweek.

## RESPONSE:

Denied.  Plaintiff worked more than 40 hours in multiple workweeks throughout the course

of their employment with GEICO.

---

[1]    Good faith is a question for the Court.  *See Perry v. City of New York*, No. 13 Civ. 1015, 2019 U.S. Dist. LEXIS 220519, at *9 (S.D.N.Y. Dec. 23, 2019) (holding "that the court's discretion to deny liquidate[d] damages is negated by a jury's finding of willfulness" based on the Second Circuit's *Pollis* case); *see also Pollis v. New Sch. for Soc. Research*, 132 F.3d 115, 120 (2d Cir. 1997) (making similar determination under the Equal Pay Act).  The majority of circuit courts that have considered the question have held that a jury's willfulness finding precludes a finding of good faith.  *See Black v. SettlePou, P.C.*, 732 F.3d 492, 501 (5th Cir. 2013) ("Because the jury found that [defendant] acted willfully in violating the FLSA, [defendant] cannot show that it acted in good faith."); *Herman v. Palo Grp. Foster Home, Inc.*, 183 F.3d 468, 474 (6th Cir. 1999) ("a finding of willfulness is dispositive of the liquidated-damages issue"); *Chao v. A-One Med. Servs., Inc.*, 346 F.3d 908, 920 (9th Cir. 2003) ("a finding of good faith is plainly inconsistent with a finding of willfulness"); *Brinkman v. Dep't of Corr. of State of Kan.*, 21 F.3d 370, 373 (10th Cir. 1994) (finding that the "district court properly awarded liquidated damages based upon the jury's finding of willfulness"); *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1166 (11th Cir. 2008) ("in an FLSA case a jury's finding in deciding . . . that the employer acted willfully precludes the court from finding that the employer acted in good faith"); *see also Ellison v. United States*, 25 Cl. Ct. 481, 499 (1992) (finding in Equal Pay Act case that "The evidence cannot support a finding that the willful failure to promote plaintiff constituted good faith action"); *E.E.O.C. v. Madison Cmty. Unit Sch. Dist. No. 12*, 818 F.2d 577, 586 (7th Cir. 1987) (finding in Equal Pay Act case that, "If [defendant] was acting reasonably and in good faith, it could hardly be guilty of violating the law either intentionally or with reckless disregard for the legality of its conduct.").

5

**REQUEST FOR ADMISSION NO. 6:**

Admit that, during the Relevant Time Period, there were some workweeks during which you did not work more than forty (40) hours for Defendant.

**RESPONSE:**

Admit that Plaintiff worked fewer than 40 hours in some workweeks in which Plaintiff worked less than a full schedule due to, e.g., holidays or other time off from work.

**REQUEST FOR ADMISSION NO. 7:**

Admit that you did not complain to Defendant that you worked overtime during the Relevant Time Period without compensation.

**RESPONSE:**

Plaintiff admits that they did not complain to Defendant that they worked overtime during the Relevant Time Period without compensation.

**REQUEST FOR ADMISSION NO. 8:**

Admit that no manager or supervisor in Defendant's Special Investigations Unit instructed you to work off-the-clock at any point during the Relevant Time Period.

**RESPONSE:**

Plaintiff admits that no manager or supervisor in GEICO's Special Investigations Unit specifically told them to work off the clock. GEICO managers and supervisors, however, told Plaintiff that overtime was not available. This admission is largely irrelevant to proof of the claims in this action, which concerns whether GEICO knew or should have known that Plaintiff worked off the clock as a result of its system of incentives to underreport hours worked and disincentives to accurately report hours worked.

**REQUEST FOR ADMISSION NO. 9:**

6

Admit that, throughout your employment with Defendant, Defendant maintained a written policy requiring that you accurately record all of your hours worked in Defendant's timekeeping system.

**RESPONSE:**

Plaintiff is aware of and admits the existence of GEICO's timekeeping policies reflected at G00041.  That admission is largely irrelevant to Plaintiff's allegations, which are that GEICO knowingly caused Plaintiffs to not record all of their work hours by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 10:**

Admit that, to the extent you claim you are owed unpaid overtime wages, you failed to adhere to the policy or policies described in Request No. 9.

**RESPONSE:**

Plaintiff admits that by not recording all hours worked in GEICO's timekeeping system, they did not comply with the policy described in their response to Request 9.  That admission is largely irrelevant to Plaintiff's allegations, which are that GEICO knowingly caused Plaintiffs to not record all of their work hours by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

7

**REQUEST FOR ADMISSION NO. 11:**

Admit that, throughout your employment with Defendant, Defendant maintained a written policy forbidding "off the clock" work.

**RESPONSE:**

Plaintiff is aware of and admits the existence of GEICO's timekeeping policies reflected at G000062. That admission is irrelevant to Plaintiff's allegations, which are that GEICO knowingly caused Plaintiffs to not record all of their work hours by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 12:**

Admit that, to the extent you claim you are owed unpaid overtime wages, you failed to adhere to the policy or policies described in Request No 11.

**RESPONSE:**

Plaintiff admits that by not recording all hours worked in GEICO's timekeeping system, they did not comply with GEICO's policy described in their response to Request 11. That admission is irrelevant to Plaintiff's allegations, which are that GEICO knowingly caused Plaintiffs to not record all of their work hours by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

8

**REQUEST FOR ADMISSION NO. 13:**

Admit that, during the Relevant Time Period, you had the ability to "flex" your schedule such that you could adjust your work start time and/or end time so long as your weekly work hours totaled approximately 38.75 hours.

**RESPONSE:**

Plaintiff admits that they could adjust work hours during the week, up to a total of 38.75 hours. That admission is largely irrelevant to Plaintiff's allegations, which are that GEICO knowingly caused Plaintiffs to not record all of their work hours by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 14:**

Admit that, to the extent you entered weekly work hours over forty (40) into GEICO's timekeeping system during the Relevant Time Period, GEICO paid you for all such hours at one-and-one-half times your hourly rate of pay.

**RESPONSE:**

Plaintiff admits to having no direct knowledge of any hours over forty (40) they recorded in GEICO's timekeeping system that were unpaid. This admission is irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked. Plaintiff does not yet have complete access to GEICO's timekeeping records, which GEICO has objected to producing, and therefore their response is not based on a review of those

9

records (though that review, again, is irrelevant to Plaintiffs' claims).  Plaintiff reserves the right to

amend their answer following a review of those records, should the Court compel GEICO to

produce them.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to

distract the factfinder and the Court by misdirecting their attention away from the relevant facts

and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 15:**

Admit that different cases required different amounts of time by you to investigate.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 16:**

Admit that you did not enter the amount(s) of time you spent on investigative tasks into

GEICO's Special Investigation Case Management ("SICM") system.

**RESPONSE:**

Admit.  This admission is largely irrelevant to Plaintiffs' contentions about the SICM

system, which are that it reflected timestamps for particular tasks that, taken as a whole, were

one source of knowledge that GEICO supervisors could have used (and at times, did use) to

identify off-the-clock work.  *See* S. Greenman Tr. 285:24-288:11.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to

distract the factfinder and the Court by misdirecting their attention away from the relevant facts

and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 17:**

Admit that recording overtime hours in GEICO's timekeeping system did not cause your

10

annual performance rating to fall under a score of three out of five.

**RESPONSE:**

Plaintiff has made a reasonable inquiry into this matter and based on the information available, Plaintiff lacks sufficient knowledge to answer this request, because they lack access to sufficient SICM data to model how their performance metrics would change if they had reported all of their overtime hours.  This admission is irrelevant to the claims in this action because of its specificity, which narrowly focuses on whether entering their overtime hours in GEICO's timekeeping system caused them to fall under a score of three out of five, rather than whether GEICO knowingly created a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

**REQUEST FOR ADMISSION NO. 18:**

Admit that you did not inform your supervisor of every task you performed for each case you investigated or the corresponding amount of time you spent on each task.

**RESPONSE:**

Deny that Plaintiff did not inform their supervisor of the tasks they performed, insofar as those tasks had to be recorded in SICM and deny that Plaintiff did not inform their supervisor of the time spent on those tasks on those occasions when Plaintiff requested overtime; but admit that Plaintiff did not (and GEICO did not require Plaintiff to) separately quantify the time spent on every task to the extent Plaintiff's hours did not exceed 38.75 per week.  This admission is largely irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to

11

distract the factfinder and the Court by misdirecting their attention away from the relevant facts

and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 19:**

Admit that each case that you investigated required the performance of different

investigative tasks.

**RESPONSE:**

Plaintiff denies that each case investigated required the performance of unique

investigative tasks.  Investigating cases required several common elements such as reviewing the

claim file and running background checks.  Plaintiff admits that cases they investigated were not

identical and often required different investigative tasks based on those facts.  This admission is

irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not

record by knowingly creating a system of incentives to underreport hours worked and disincentives

to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to

distract the factfinder and the Court by misdirecting their attention away from the relevant facts

and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 20:**

Admit that the number of hours that you contend you worked in a workweek varied due to

factors other than the number of cases assigned to you.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 21:**

Admit that you reported to a supervisor who never denied your overtime request(s).

12

**RESPONSE:**

Plaintiff denies that their supervisor(s) never denied a request for overtime.  Between

2018 and 2019, Plaintiff asked Brian Portnoy, his supervisor, for overtime on several occasions;

however, Portnoy denied his requests.  Plaintiff also recalls asking for overtime after 2019 during

team or group meetings.  These requests were denied.  This denial is irrelevant to the claims in

this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a

system of incentives to underreport hours worked and disincentives to accurately report hours

worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to

distract the factfinder and the Court by misdirecting their attention away from the relevant facts

and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 22:**

Admit that your supervisor(s) approved overtime when you followed the supervisor's

communicated practice for requesting overtime.

**RESPONSE:**

Plaintiff denies that their supervisor(s) approved overtime.  This denial is irrelevant to the

claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly

creating a system of incentives to underreport hours worked and disincentives to accurately report

hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to

distract the factfinder and the Court by misdirecting their attention away from the relevant facts

and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 23:**

13

Admit that your supervisor(s) did not know the times when you began and ended your work on every day that you worked.

**RESPONSE:**

Plaintiff has made a reasonable inquiry into this matter and based on the information available, Plaintiff lacks sufficient knowledge to answer this request, as they do not know the extent to which their supervisor reviewed SICM entries, timekeeping entries, or other information that could have informed them of Plaintiff's work time.

**REQUEST FOR ADMISSION NO. 24:**

Admit that you could be assigned a case and close that same case within a 24-hour time period.

**RESPONSE:**

Plaintiff admits that some cases could be closed within 24 hours of when they were assigned, but this was not true for other cases.

**REQUEST FOR ADMISSION NO. 25:**

Admit that, after the COVID-19 pandemic started in or around March 2020, the amount of time you spent working in the field substantially decreased.

**RESPONSE:**

Plaintiff admits that they followed GEICO's COVID-19 pandemic protocols starting in or around March 2020, which limited the types of activities that required fieldwork.

**REQUEST FOR ADMISSION NO. 26:**

Admit that, in any workweek that you contend you worked more than 38.75 hours, you never reported any hours over 38.75 to your supervisor, manager, or human resources.

**RESPONSE:**

14

Plaintiff has made a reasonable inquiry into this matter and based on the information available, Plaintiff lacks sufficient knowledge to answer this request because they do not have complete records that would show weeks when they reported more than 38.75 hours.  This Request is irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.  Plaintiff does not yet have complete access to GEICO's timekeeping records, which GEICO has objected to producing, and therefore their response is not based on a review of those records (which, again, is irrelevant to Plaintiffs' claims).  Plaintiff reserves the right to amend their answer following a review of those records, should the Court compel GEICO to produce them.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 27:**

Admit that, by working off the clock as you allege, you received a more favorable rating on your annual Performance Assessment.

**RESPONSE:**

Plaintiff has made a reasonable inquiry into this matter and based on the information available, Plaintiff lacks sufficient knowledge to answer this request, as they are without SICM data that would allow them to model alternative hypothetical scenarios; however, Plaintiff worked off the clock to avoid receiving a performance rating below of 3 out of 5 so Plaintiff would not be fired.

**REQUEST FOR ADMISSION NO. 28:**

15

Admit that you have no personal knowledge as to whether your SIU manager(s) was aware of the number of hours you worked each week during the Relevant Time Period.

**RESPONSE:**

Plaintiff denies having no personal knowledge admits to having no personal knowledge as to whether their SIU manager(s) was aware of the number of hours they worked each week during the Relevant Time Period FLSA.  Beginning around 2020, Plaintiff was instructed to contact his supervisor(s) at the beginning and end of his shift each day.  Plaintiff objects that this request seeks to distract from the relevant facts and liability standards in this case, because liability attaches to an underpayment if an employer "(a) requires, (b) knows about, or (c) should have known about through the exercise of reasonable diligence," *Perry v. City of New York*, 78 F.4th 502, 512-13 (2d Cir. 2023), and does not require Plaintiffs to have any specific personal knowledge of managers' knowledge or constructive knowledge.

16

Respectfully submitted,

Dated: December 22, 2025          By:    /s/ Michael J. Scimone

Michael J. Scimone
Jarron D. McAllister
**OUTTEN & GOLDEN LLP**
685 Third Avenue, 25th Floor
New York, NY 10017
Telephone: 212-245-1000
Fax: 646-509-2060
mscimone@outtengolden.com
jmcallister@outtengolden.com

Ryan Cowdin*
**OUTTEN & GOLDEN LLP**
1225 New York Avenue NW
Suite 1200B
Washington, DC 20005
Telephone: 202-929-0636
Fax: 202-847-4410
rcowdin@outtengolden.com

Kaelyn Mahar
**OUTTEN & GOLDEN LLP**
One California Street, 12th Floor
San Francisco, CA 94111
Telephone: 415-715-1787
Fax: 415-638-8810
kmahar@outtengolden.com

Troy L. Kessler
Garrett Kaske
**KESSLER MATURA P.C.**
534 Broadhollow Road, Suite 275
Melville, NY 11747
Telephone: 631-499-9100
Facsimile: 800-451-0874
tkessler@kesslermatura.com
gkaske@kesslermatura.com
* Admitted *Pro Hac Vice*

*Attorneys for Plaintiffs and the Putative Class and Collective*

17

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| KEITH FISCHER, MICHAEL O'SULLIVAN, JOHN MOESER, LOUIS PIA, THOMAS BARDEN, CONSTANCE MANGAN, and CHARISE JONES, individually and on behalf of all others similarly situated,<br><br>          Plaintiffs,<br><br>     v.<br><br>GOVERNMENT EMPLOYEES INSURANCE COMPANY,<br><br>          Defendant. | Case No. 2:23-CV-02848 (SJB) (SIL) |

## PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST SET OF REQUESTS FOR ADMISSION TO OPT-IN PLAINTIFF LINDSAY VOLK

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Lindsay Volk ("Plaintiff"), by and through her attorneys, Outten & Golden LLP, hereby submits the following objections and responses to Defendant's First Amended Set of Requests for Admission, dated October 31, 2025.

## PRELIMINARY STATEMENT

All responses to the following Requests for Admission are based on information currently known to Plaintiff and are provided without prejudice to Plaintiff's right to submit evidence of any subsequently discovered facts and information, should such become known. Plaintiff anticipates that as investigation and trial preparation continue, it is possible that additional facts may become known, which may in turn warrant additions to or changes in the responses provided herein. These responses are made in a good faith effort to supply such information as is presently known to Plaintiff. These responses and objections are made without prejudice to, and

are not a waiver of, Plaintiff's right to rely on other facts or documents at trial.

Plaintiff reserves all objections to the competence, relevance, materiality, or admissibility at trial of any information or documents requested or identified by any party.  The inadvertent disclosure of any privileged information shall not be deemed to be a waiver of any applicable privilege with respect to such information or any other information.

The production of information and/or documents pursuant to this response is made without waiving, or intending to waive, but on the contrary reserving and intending to reserve: (a) the right to object on any grounds to the use of information produced pursuant to this response in this or any other action or proceeding; (b) the right to object on any and all grounds, at any time, to other interrogatories or other discovery mechanisms or proceedings; and (c) the right at any time to revise, correct, or supplement this response.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

Plaintiff objects to Defendant's Definitions and Instructions to the extent they exceed the discovery obligations set forth in Federal Rule 36, which requires only admission relating to "facts, the application of law to fact, or opinions about either" and "the genuineness of any described documents."  Plaintiff further objects to Defendant's Definitions and Instructions to the extent that they impose a discovery obligation to supply information that is not required by the Federal Rules of Civil Procedure or Local Rules and requests privileged information, such as information that tends to disclose the mental impressions of counsel or the identities of potential witnesses.

## RESPONSES AND OBJECTIONS TO SPECIFIC REQUESTS FOR ADMISSION
## REQUEST FOR ADMISSION NO. 1:

Admit that Defendant paid you for all hours that you recorded in Defendant's timekeeping system.

2

**RESPONSE:**

Plaintiff admits to having no direct knowledge of any hours they recorded in GEICO's timekeeping system that were underpaid. This admission is irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked. Plaintiff does not yet have complete access to GEICO's timekeeping records, which GEICO has objected to producing, and therefore their response is not based on a review of those records (though that review, again, is irrelevant to Plaintiffs' claims). Plaintiff reserves the right to amend their answer following a review of those records, should the Court compel GEICO to produce them.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 2:**

Admit that you do not have any written records reflecting amount(s) of time you worked each week that you did not record in Defendant's timekeeping system.

**RESPONSE:**

Plaintiff admits that they do not have written records reflecting unrecorded amount(s) of time they worked during each week.

**REQUEST FOR ADMISSION NO. 3:**

Admit that, if you reported work hours to a supervisor or manager, you were paid for those hours.

**RESPONSE:**

Plaintiff denies the premise of this request, because they did not specifically report all hours

3

worked to their supervisor or manager. This denial is irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 4:**

Admit that you have no personal knowledge as to whether Defendant intentionally violated any wage and hour laws.

**RESPONSE:**

Plaintiff objects to this request because it seeks an admission that is irrelevant to the claims or defenses in the case. The Fair Labor Standards Act does not require proof of "intent[]" to violate the law. Liability attaches to an underpayment if an employer "(a) requires, (b) knows about, or (c) should have known about [unpaid hours] through the exercise of reasonable diligence." *Perry v. City of New York*, 78 F.4th 502, 512-13 (2d Cir. 2023). Plaintiff is entitled to a third year of FLSA liability if an employer "willfully" violated the law, which means "it either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the Act." *Id.* at 516. And liquidated damages apply if the employer is unable to establish, to the

_____

satisfaction of the Court,[1] that it acted in good faith.  29 U.S.C. § 260.  None of these standards

require Plaintiff to prove intent.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to

distract the factfinder and the Court by misdirecting their attention away from the relevant facts

and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 5:**

Admit that, during the Relevant Time Period, you did not work more than forty (40) hours

for Defendant during any workweek.

**RESPONSE:**

Denied.  Plaintiff worked more than 40 hours in multiple workweeks throughout the course

of their employment with GEICO.

**REQUEST FOR ADMISSION NO. 6:**

---

[1]    Good faith is a question for the Court.  *See Perry v. City of New York*, No. 13 Civ. 1015, 2019 U.S. Dist. LEXIS 220519, at *9 (S.D.N.Y. Dec. 23, 2019) (holding "that the court's discretion to deny liquidate[d] damages is negated by a jury's finding of willfulness" based on the Second Circuit's *Pollis* case); *see also Pollis v. New Sch. for Soc. Research*, 132 F.3d 115, 120 (2d Cir. 1997) (making similar determination under the Equal Pay Act).  The majority of circuit courts that have considered the question have held that a jury's willfulness finding precludes a finding of good faith.  *See Black v. SettlePou, P.C.*, 732 F.3d 492, 501 (5th Cir. 2013) ("Because the jury found that [defendant] acted willfully in violating the FLSA, [defendant] cannot show that it acted in good faith."); *Herman v. Palo Grp. Foster Home, Inc.*, 183 F.3d 468, 474 (6th Cir. 1999) ("a finding of willfulness is dispositive of the liquidated-damages issue"); *Chao v. A-One Med. Servs., Inc.*, 346 F.3d 908, 920 (9th Cir. 2003) ("a finding of good faith is plainly inconsistent with a finding of willfulness"); *Brinkman v. Dep't of Corr. of State of Kan.*, 21 F.3d 370, 373 (10th Cir. 1994) (finding that the "district court properly awarded liquidated damages based upon the jury's finding of willfulness"); *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1166 (11th Cir. 2008) ("in an FLSA case a jury's finding in deciding . . . that the employer acted willfully precludes the court from finding that the employer acted in good faith"); *see also Ellison v. United States*, 25 Cl. Ct. 481, 499 (1992) (finding in Equal Pay Act case that "The evidence cannot support a finding that the willful failure to promote plaintiff constituted good faith action"); *E.E.O.C. v. Madison Cmty. Unit Sch. Dist. No. 12*, 818 F.2d 577, 586 (7th Cir. 1987) (finding in Equal Pay Act case that, "If [defendant] was acting reasonably and in good faith, it could hardly be guilty of violating the law either intentionally or with reckless disregard for the legality of its conduct.").

5

Admit that, during the Relevant Time Period, there were some workweeks during which you did not work more than forty (40) hours for Defendant.

**RESPONSE:**

Admit that Plaintiff worked fewer than 40 hours in some workweeks in which Plaintiff worked less than a full schedule due to, e.g., holidays or other time off from work.

**REQUEST FOR ADMISSION NO. 7:**

Admit that you did not complain to Defendant that you worked overtime during the Relevant Time Period without compensation.

**RESPONSE:**

Plaintiff admits that they did not complain to Defendant that they worked overtime during the Relevant Time Period without compensation.

**REQUEST FOR ADMISSION NO. 8:**

Admit that no manager or supervisor in Defendant's Special Investigations Unit instructed you to work off-the-clock at any point during the Relevant Time Period.

**RESPONSE:**

Plaintiff admits that no manager or supervisor in GEICO's Special Investigations Unit specifically told them to work off the clock.  GEICO managers and supervisors, however, told Plaintiff that overtime was unavailable.  This admission is largely irrelevant to proof of the claims in this action, which concerns whether GEICO knew or should have known that Plaintiff worked off the clock as a result of its system of incentives to underreport hours worked and disincentives to accurately report hours worked.

**REQUEST FOR ADMISSION NO. 9:**

Admit that, throughout your employment with Defendant, Defendant maintained a written policy requiring that you accurately record all of your hours worked in Defendant's timekeeping

6

system.

**RESPONSE:**

Plaintiff is aware of and admits the existence of GEICO's timekeeping policies reflected at G00041.  That admission is largely irrelevant to Plaintiff's allegations, which are that GEICO knowingly caused Plaintiffs to not record all of their work hours by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 10:**

Admit that, to the extent you claim you are owed unpaid overtime wages, you failed to adhere to the policy or policies described in Request No. 9.

**RESPONSE:**

Plaintiff admits that by not recording all hours worked in GEICO's timekeeping system, they did not comply with the policy described in their response to Request 9.  That admission is largely irrelevant to Plaintiff's allegations, which are that GEICO knowingly caused Plaintiffs to not record all of their work hours by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 11:**

Admit that, throughout your employment with Defendant, Defendant maintained a written policy forbidding "off the clock" work.

7

**RESPONSE:**

Plaintiff is aware of and admits the existence of GEICO's timekeeping policies reflected at G000062. That admission is irrelevant to Plaintiff's allegations, which are that GEICO knowingly caused Plaintiffs to not record all of their work hours by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 12:**

Admit that, to the extent you claim you are owed unpaid overtime wages, you failed to adhere to the policy or policies described in Request No 11.

**RESPONSE:**

Plaintiff admits that by not recording all hours worked in GEICO's timekeeping system, they did not comply with GEICO's policy described in their response to Request 11. That admission is irrelevant to Plaintiff's allegations, which are that GEICO knowingly caused Plaintiffs to not record all of their work hours by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 13:**

Admit that, during the Relevant Time Period, you had the ability to "flex" your schedule such that you could adjust your work start time and/or end time so long as your weekly work hours totaled approximately 38.75 hours.

8

**RESPONSE:**

Plaintiff admits that they could adjust work hours during the week, up to a total of 38.75 hours. That admission is largely irrelevant to Plaintiff's allegations, which are that GEICO knowingly caused Plaintiffs to not record all of their work hours by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 14:**

Admit that, to the extent you entered weekly work hours over forty (40) into GEICO's timekeeping system during the Relevant Time Period, GEICO paid you for all such hours at one-and-one-half times your hourly rate of pay.

**RESPONSE:**

Plaintiff admits to having no direct knowledge of any hours over forty (40) they recorded in GEICO's timekeeping system that were unpaid. This admission is irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked. Plaintiff does not yet have complete access to GEICO's timekeeping records, which GEICO has objected to producing, and therefore their response is not based on a review of those records (though that review, again, is irrelevant to Plaintiffs' claims). Plaintiff reserves the right to amend their answer following a review of those records, should the Court compel GEICO to produce them.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts

9

and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 15:**

Admit that different cases required different amounts of time by you to investigate.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 16:**

Admit that you did not enter the amount(s) of time you spent on investigative tasks into GEICO's Special Investigation Case Management ("SICM") system.

**RESPONSE:**

Admit.  This admission is largely irrelevant to Plaintiffs' contentions about the SICM system, which are that it reflected timestamps for particular tasks that, taken as a whole, were one source of knowledge that GEICO supervisors could have used (and at times, did use) to identify off-the-clock work.  *See* S. Greenman Tr. 285:24-288:11.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 17:**

Admit that recording overtime hours in GEICO's timekeeping system did not cause your annual performance rating to fall under a score of three out of five.

**RESPONSE:**

Plaintiff has made a reasonable inquiry into this matter and based on the information available, Plaintiff lacks sufficient knowledge to answer this request, because they lack access to sufficient SICM data to model how their performance metrics would change if they had reported all of their overtime hours.  This admission is irrelevant to the claims in this action because of its

10

specificity, which narrowly focuses on whether entering their overtime hours in GEICO's

timekeeping system caused them to fall under a score of three out of five, rather than whether

GEICO knowingly created a system of incentives to underreport hours worked and disincentives to

accurately report hours worked.

**REQUEST FOR ADMISSION NO. 18:**

Admit that you did not inform your supervisor of every task you performed for each case

you investigated or the corresponding amount of time you spent on each task.

**RESPONSE:**

Deny that Plaintiff did not inform their supervisor of the tasks they performed, insofar as

those tasks had to be recorded in SICM and deny that Plaintiff did not inform their supervisor of

the time spent on those tasks on those occasions when Plaintiff requested overtime; but admit

that Plaintiff did not (and GEICO did not require Plaintiff to) separately quantify the time spent

on every task to the extent Plaintiff's hours did not exceed 38.75 per week.  This admission is

largely irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to

not record by knowingly creating a system of incentives to underreport hours worked and

disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to

distract the factfinder and the Court by misdirecting their attention away from the relevant facts

and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 19:**

Admit that each case that you investigated required the performance of different

investigative tasks.

**RESPONSE:**

Plaintiff denies that each case investigated required the performance of unique

investigative tasks.  Investigating cases required several common elements such as reviewing the claim file and running background checks.  Plaintiff admits that cases they investigated were not identical and often required different investigative tasks based on those facts.  This admission is irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 20:**

Admit that the number of hours that you contend you worked in a workweek varied due to factors other than the number of cases assigned to you.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 21:**

Admit that you reported to a supervisor who never denied your overtime request(s).

**RESPONSE:**

Plaintiff denies that their supervisor(s) never denied a request for overtime.  Plaintiff recalls asking for overtime during a department-wide meeting; Plaintiff was told that overtime would not be given. This denial is irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts

12

and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 22:**

Admit that your supervisor(s) approved overtime when you followed the supervisor's communicated practice for requesting overtime.

**RESPONSE:**

Plaintiff admits that their supervisor(s) approved overtime once when Plaintiff requested overtime. This admission is irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 23:**

Admit that your supervisor(s) did not know the times when you began and ended your work on every day that you worked.

**RESPONSE:**

Plaintiff has made a reasonable inquiry into this matter and based on the information available, Plaintiff lacks sufficient knowledge to answer this request, as they do not know the extent to which their supervisor reviewed SICM entries, timekeeping entries, or other information that could have informed them of Plaintiff's work time.

**REQUEST FOR ADMISSION NO. 24:**

Admit that you could be assigned a case and close that same case within a 24-hour time period.

**RESPONSE:**

13

Plaintiff admits that some cases could be closed within 24 hours of when they were assigned, but this was not true for other cases.

**REQUEST FOR ADMISSION NO. 25:**

Admit that, after the COVID-19 pandemic started in or around March 2020, the amount of time you spent working in the field substantially decreased.

**RESPONSE:**

Plaintiff admits that they followed GEICO's COVID-19 pandemic protocols starting in or around March 2020, which limited the types of activities that required fieldwork.

**REQUEST FOR ADMISSION NO. 26:**

Admit that, in any workweek that you contend you worked more than 38.75 hours, you never reported any hours over 38.75 to your supervisor, manager, or human resources.

**RESPONSE:**

Plaintiff has made a reasonable inquiry into this matter and based on the information available, Plaintiff lacks sufficient knowledge to answer this request because they do not have complete records that would show weeks when they reported more than 38.75 hours.  This Request is irrelevant to the claims in this action, which concern time that GEICO caused Plaintiffs to not record by knowingly creating a system of incentives to underreport hours worked and disincentives to accurately report hours worked.  Plaintiff does not yet have complete access to GEICO's timekeeping records, which GEICO has objected to producing, and therefore their response is not based on a review of those records (which, again, is irrelevant to Plaintiffs' claims).  Plaintiff reserves the right to amend their answer following a review of those records, should the Court compel GEICO to produce them.

Plaintiff further objects that this request is part of GEICO's litigation strategy of seeking to distract the factfinder and the Court by misdirecting their attention away from the relevant

14

facts and legal standards that apply to this action.

**REQUEST FOR ADMISSION NO. 27:**

Admit that, by working off the clock as you allege, you received a more favorable rating on your annual Performance Assessment.

**RESPONSE:**

Plaintiff has made a reasonable inquiry into this matter and based on the information available, Plaintiff lacks sufficient knowledge to answer this request, as they are without SICM data that would allow them to model alternative hypothetical scenarios; however, Plaintiff worked off the clock to avoid receiving a performance rating below of 3 out of 5 so Plaintiff would not be fired.

**REQUEST FOR ADMISSION NO. 28:**

Admit that you have no personal knowledge as to whether your SIU manager(s) was aware of the number of hours you worked each week during the Relevant Time Period.

**RESPONSE:**

Plaintiff admits to having no personal knowledge as to whether their SIU manager(s) was aware of the number of hours they worked each week during the Relevant Time Period FLSA. Plaintiff objects that this request seeks to distract from the relevant facts and liability standards in this case, because liability attaches to an underpayment if an employer "(a) requires, (b) knows about, or (c) should have known about through the exercise of reasonable diligence," *Perry v. City of New York*, 78 F.4th 502, 512-13 (2d Cir. 2023), and does not require Plaintiffs to have any specific personal knowledge of managers' knowledge or constructive knowledge.

Respectfully submitted,

Dated: November 26, 2025        By:    */s/ Michael J. Scimone*

15

Michael J. Scimone
Jarron D. McAllister
**OUTTEN & GOLDEN LLP**
685 Third Avenue, 25th Floor
New York, NY 10017
Telephone: 212-245-1000
Fax: 646-509-2060
mscimone@outtengolden.com
jmcallister@outtengolden.com

Ryan Cowdin*
**OUTTEN & GOLDEN LLP**
1225 New York Avenue NW
Suite 1200B
Washington, DC 20005
Telephone: 202-929-0636
Fax: 202-847-4410
rcowdin@outtengolden.com

Kaelyn Mahar
**OUTTEN & GOLDEN LLP**
One California Street, 12th Floor
San Francisco, CA 94111
Telephone: 415-715-1787
Fax: 415-638-8810
kmahar@outtengolden.com

Troy L. Kessler
Garrett Kaske
**KESSLER MATURA P.C.**
534 Broadhollow Road, Suite 275
Melville, NY 11747
Telephone: 631-499-9100
Facsimile: 800-451-0874
tkessler@kesslermatura.com
gkaske@kesslermatura.com
* Admitted *Pro Hac Vice*

*Attorneys for Plaintiffs and the Putative Class and Collective*

16