# Exhibit KK
# (Part 1 of 3)

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| KEITH FISCHER, MICHAEL O'SULLIVAN, JOHN MOESER, LOUIS PIA, THOMAS BARDEN, CONSTANCE MANGAN, CHARISE JONES, and ASHLEY ALVAREZ individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>GOVERNMENT EMPLOYEES INSURANCE COMPANY d/b/a GEICO,<br><br>        Defendant. | Case No. 23 Civ. 2848 (GRB) (ARL) |

**OPT-IN PLAINTIFF JOSEPH COSTANZA'S RESPONSES TO
THE COURT'S INTERROGATORIES**

**INTERROGATORY NO. 1:**

During what period of time did you work for the Defendant?

**RESPONSE TO INTERROGATORY NO. 1:**

Opt-In Plaintiff Joseph Costanza ("Plaintiff") has been employed by GEICO as a Special

Investigator since about September 30, 2019.

**INTERROGATORY NO. 2:**

Who was your immediate supervisor?

**RESPONSE TO INTERROGATORY NO. 2**:

Plaintiff's current immediate supervisor is Teresa Bishop.  Dara Campbell was his

supervisor from to Ms. Bishop.

Doc ID: edfca03c4f77d3a3319ac2f6be34c874403382bb

**INTERROGATORY NO. 3:**

Did you have a regularly scheduled work period? If so, specify.

**RESPONSE TO INTERROGATORY NO. 3**:

Plaintiff's regular schedule for GEICO was supposed to be from 7:30 am to 3:45 pm, Monday through Friday.  To get all his work done in the times allotted by GEICO, however, Plaintiff has regularly worked an extra five to 10 hours per week.

**INTERROGATORY NO. 4:**

What was your title or position? Briefly describe your job duties.

**RESPONSE TO INTERROGATORY NO. 4:**

Plaintiff is employed as a Special Investigator, specifically a Senior Field Security Investigator.  His main job duties are to investigate claims of suspected insurance fraud.  GEICO assigns cases of suspected insurance fraud to Special Investigators, who are responsible for documenting evidence of fraud.  As part of this process, his job duties include, among other things, reviewing case files; running background checks; examining provider billing reports; driving out to medical facilities, accident scenes, theft sites, and various meeting locations; gathering evidence; interviewing witnesses and law enforcement; confirming police reports; canvassing and surveilling scenes; conducting examinations under oath; and writing and submitting reports about these cases.

**INTERROGATORY NO. 5:**

What was your regular rate of pay?

**RESPONSE TO INTERROGATORY NO. 5:**

Plaintiff's regular rate of pay, since January 28, 2023, has been $44.54.  His regular rate of pay was $39.48 from July 30, 2022, through January 27, 2023.  It was $38.24 from January

2

29, 2022, through January 26, 2023.  It was $34.40 from July 3, 2021, through January 28, 2022.

It was $33.56 from February 26, 2021, through July 30, 2021.  It was $32.58 when he started

with GEICO through February 26, 2021.

**INTERROGATORY NO. 6:**

What is the nature of your claim? (Check all that apply.)

**RESPONSE TO INTERROGATORY NO. 6:**

☒Off-the-clock work (Defendant failed to record, or prohibited you from recording, all

of your working time);

☐Misclassification (Defendant mistakenly classified you as exempt from overtime);

☐Misclassification (Defendant failed to correctly calculate your compensation);

☐Other (Please describe).

**INTERROGATORY NO. 7:**

Provide an accounting of your claim, including:

    a)  Dates

    b)  Regular hours worked

    c)  Over-time hours worked

    d)  Pay received versus pay claimed

    e)  Total amount claimed

**RESPONSE TO INTERROGATORY NO. 7:**

From September 2019 through March 2020, my regular hours worked were

approximately 43 to 45 hours per week.  From April 2020 through January 2023, my regular

hours worked were approximately 48 to 50 hours per week.  Since January 2023, my regular

hours worked were approximately 38.75 to 44 hours per week.

Doc ID: edfca03c4f77d3a3319ac2f6be34c874403382bb

Nearly throughout the entirety of my employment, I have entered only 38.75 hours in the timekeeping system, and I have only been paid for 38.75 hours (presently $1,725.93 per week). There were a few exceptions, however, where GEICO paid me for pre-authorized amounts of overtime. This occurred from May 23, 2020, through July 17, 2020, when GEICO paid me an extra 10 hours of pay per week. Then from July 18, 2020, through July 31, 2020, where GEICO paid me an extra 24 hours of pay. Additionally, throughout 2023, some of my work beyond 38.75 has been paid. Through December 1, 2023, GEICO paid me $517.88 in overtime wages and $1,180.45 in non-overtime wages for work performed beyond the standard 38.75.

In sum, for the periods described above, my best estimate is that I am owed approximately $88,432.88 in unpaid wages. This is based on my best recollection over a period of several years and my last regular rate of pay, so it is possible that records and other documents in GEICO's possession could refresh my recollection and cause me to revise this estimate to be more precise. This amount does not include liquidated damages, which would add another $88,432.88 in damages, and does not include amounts for attorneys' fees or costs, pre-judgment interest, and post-judgment interest as provided by law.

**INTERROGATORY NO. 8:**

If you have brought this case as a collective action:

a) Describe the class of employees you seek to include in this action.

b) Has an opt-in notice been filed for every potential opt-in Plaintiff who has identified himself or herself as a person who wishes to join this action?

**RESPONSE TO INTERROGATORY NO. 8:**

a) Plaintiffs seek to send notice to a potential collective consisting of all current and former non-exempt classified employees of GEICO who worked as Special Investigators

4

Doc ID: edfca03c4f77d3a3319ac2f6be34c874403382bb

(regardless of variations in title[1]) throughout the United States during the time period from three years prior to the filing of the complaint until resolution of this action, and additionally including all periods of tolling agreed to between the Parties to this action.[2]

b) Written consent to join this action has been filed on behalf of every potential Plaintiff who has expressed their wish to join this action as of the date of this response. Further opt-in notices may be filed by potential opt-in Plaintiffs if the Court decides on Plaintiffs' forthcoming 216(b) Motion to send notice of this action to potential opt-in Plaintiffs.

**INTERROGATORY NO. 9:**

Please specify all attorney's fees and costs incurred to date. With respect to attorney's fees, please provide the hourly rate(s) sought and the number of hours expended by each person who has billed time to this case.

**RESPONSE TO INTERROGATORY NO. 9:**

As of December 20, 2023, for Outten & Golden LLP and December 20, 2023 for Kessler Matura P.C., Plaintiffs' counsel has incurred attorneys' fees and advanced costs in the amounts summarized below:

---

[1]    As of this writing, Plaintiffs are aware of the following variant job titles used for Special Investigators: Special Investigators, Special Investigator Trainers, SIU Investigators, Security Investigators, Senior Outside Security Investigators, Outside Field Investigators, Medical Investigators, Medical Fraud Investigators, Inside Medical Investigators, and Lead Investigators.

[2]    The Parties entered a partial tolling agreement before Plaintiffs filed this lawsuit. This agreement tolls the claims of Thomas Barden, Louis Caniglia, Jr., Louis Caniglia, Sr., Craig Costanzo, Danielle Ennis, Keith Fischer, Margaret Fisher, Anthony Geraci, Mark Giambalvo, John Gillen, Michael Grey, Daniel King, Constance Mangan, George McManus, John Moeser, Joseph Neenan, Michael O'Sullivan, Michael Reed and Mark Sowell as of July 29, 2022, and tolls the claims of Louis Pia and Evan Teatum as of December 6, 2022.

Doc ID: edfca03c4f77d3a3319ac2f6be34c874403382bb

| Firm | Fees | Hours | Costs |
|------|------|-------|-------|
| Outten & Golden LLP | $ 497,430.00 | 1,089.60 | $ 7,986.41 |
| Kessler Matura P.C. | $  15,450.0 | 39.9 | $    0.00 |
| **TOTAL** | **$ 512,880.00** | **1,129.50** | **$ 7,986.41** |
| **GRAND TOTAL: $520,866.40** | | | |

| Outten & Golden LLP | | |
|---|---|---|
| | Hours | Fees |
| Attorneys | 931.6 | $ 445,067.50 |
| Staff | 158 | $  52,362.50 |
| Total | 1,089.6 | $ 497,430.00 |

| Kessler Matura P.C. | | |
|---|---|---|
| | Hours | Fees |
| Attorneys | 33.4 | $  14,475.00 |
| Staff | 6.5 | $     975.00 |
| Total | 39.9 | $  15,450.00 |

| Outten & Golden LLP Attorneys | | | | |
|---|---|---|---|---|
| Attorney | Title | Rate | Hours | Total |
| Justin M. Swartz | Partner | $1,150.00 | 8.5 | $   9,775.00 |
| Michael J. Scimone | Partner | $  800.00 | 187.2 | $149,760.00 |
| Sabine Jean | Associate | $  450.00 | 127.6 | $ 57,420.00 |
| Theanne Liu Svedman | Associate | $  375.00 | 393.4 | $147,525.00 |
| Jarron D. McAllister | Associate | $  375.00 | 214.9 | $ 80,587.50 |
| | | Totals: | 931.6 | $445,067.50 |

| Outten & Golden LLP Staff | | | | |
|---|---|---|---|---|
| Support Staff | Title | Rate | Hours | Total |
| Jennifer LaMarch | Managing Clerk | $ 350.00 | 6.5 | $ 2,275.00 |
| Michaela Dougherty | Paralegal | $ 350.00 | 19.9 | $ 6,965.00 |
| Naomi Campusano | Paralegal | $ 350.00 | 14.1 | $ 4,935.00 |
| Christopher Truong | Paralegal | $ 325.00 | 94.8 | $30,810.00 |
| Vincent Yang | Paralegal | $ 325.00 | 12.9 | $ 4,192.50 |
| Alec Martin | Paralegal | $ 325.00 | 9.8 | $ 3,185.00 |
| | | Totals: | 158 | $52,362.50 |

6

Doc ID: edfca03c4f77d3a3319ac2f6be34c874403382bb

| Kessler Matura P.C. | | | | |
|---|---|---|---|---|
| Attorney/Staff | Title | Rate | Hours | Total |
| Troy L. Kessler | Partner | $ 625.00 | 1.4 | $ 875.00 |
| Garrett Kaske | Associate | $ 425.00 | 32 | $ 13,600.00 |
| Kristine Jimenez | Paralegal | $ 150.00 | 6.5 | $ 975.00 |
| | | Totals: | 39.93 | $ 15,450.00 |

| Outten & Golden LLP Costs Summary | |
|---|---|
| Categories | Costs |
| Court Filing Fees | $ 208.00 |
| Document Management/Hosting | $ 16.58 |
| FedEx/UPS Charges | $ 245.92 |
| Legal Research | $ 655.51 |
| Mediation Costs | $6,794.19 |
| Process Server Costs | $ 303.57 |
| Grand Total | $8,223.77 |

**INTERROGATORY NO. 10:**

When did you (or your attorney) first complain to your employer about alleged violations of the FLSA?

**RESPONSE TO INTERROGATORY NO. 10:**

Plaintiff did not make a complaint to GEICO about the alleged violations of the FLSA.

**INTERROGATORY NO. 11:**

Was this complaint written or oral? (If a written complaint, please attach a copy).

**RESPONSE TO INTERROGATORY NO. 11:**

Not applicable.

**INTERROGATORY NO. 12:**

What was your employer's response? (If a written response, please attach a copy).

**RESPONSE TO INTERROGATORY NO. 12:**

Not applicable.

7

Doc ID: edfca03c4f77d3a3319ac2f6be34c874403382bb

Dated: December 29, 2023
New York, NY

*/s/Michael J. Scimone*
Michael J. Scimone

Michael J. Scimone
Sabine Jean
Jarron D. McAllister
**OUTTEN & GOLDEN LLP**
685 Third Avenue, 25th Floor
New York, NY 10017
Telephone: 212-245-1000
Facsimile: 646-509-2060
mscimone@outtengolden.com
sjean@outtengolden.com
jmcallister@outtengolden.com

Theanne Liu Svedman
**OUTTEN & GOLDEN LLP**
1225 New York Ave NW, Suite 1200B
Washington, DC 20005
Telephone: (202) 847-4400
Facsimile: (202) 847-4410
tliusvedman@outtengolden.com

Troy L. Kessler
Garrett Kaske
**KESSLER MATURA P.C.**
534 Broadhollow Road, Suite 275
Melville, New York 11747
Telephone: (631) 499-9100
Facsimile: (631) 499-9120
tkessler@kesslermatura.com
gkaske@kesslermatura.com

*Attorneys for Plaintiffs and the Putative Class and Collective*

8

Doc ID: edfca03c4f77d3a3319ac2f6be34c874403382bb

## VERIFICATION

I, Joseph Costanza, have read the foregoing **PLAINTIFF JOSEPH COSTANZA'S**

**RESPONSES TO THE COURT'S INTERROGATORIES** and know the contents thereof.

My responses as stated in the foregoing document are true of my own knowledge, expect

as to those matters that are stated on information and belief, and as to those matters, I believe

them to be true.

I declare, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.

Dated: 12 / 29 / 2023

Signature: _____

9

 **Dropbox** Sign

Audit trail

| | |
|---|---|
| **Title** | Costanzo Roggs - TO REVIEW - 12.29.23.pdf |
| **File name** | Costanzo%20Roggs%...0-%2012.29.23.pdf |
| **Document ID** | edfca03c4f77d3a3319ac2f6be34c874403382bb |
| **Audit trail date format** | MM / DD / YYYY |
| **Status** | ● Signed |

---

**This document was requested from app.clio.com**

---

## Document History

| | | |
|---|---|---|
| ⤴ SENT | **12 / 29 / 2023** 17:34:59 UTC | Sent for signature to Joseph Costanza (costanza537@verizon.net) from gkaske@kesslermatura.com IP: 69.116.227.78 |
| ◉ VIEWED | **12 / 29 / 2023** 18:03:57 UTC | Viewed by Joseph Costanza (costanza537@verizon.net) IP: 68.237.42.86 |
| ⤶ SIGNED | **12 / 29 / 2023** 18:08:09 UTC | Signed by Joseph Costanza (costanza537@verizon.net) IP: 68.237.42.86 |
| ⊘ COMPLETED | **12 / 29 / 2023** 18:08:09 UTC | The document has been completed. |

Powered by **Dropbox** Sign

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KEITH FISCHER, MICHAEL O'SULLIVAN, JOHN MOESER, LOUIS PIA, THOMAS BARDEN, CONSTANCE MANGAN, and CHARISE JONES, individually and on behalf of all others similarly situated,<br><br>          Plaintiffs,<br>     v.<br><br>GOVERNMENT EMPLOYEES INSURANCE COMPANY,<br><br>          Defendant. | Case No. 2:23-CV-02848 (SJB) (SIL) |

**PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST SET OF INTERROGATORIES TO OPT-IN PLAINTIFF ARLANA CRANSTON**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Arlana Cranston ("Plaintiff"), by and through their attorneys, Outten & Golden LLP, hereby submits the following objections and responses to Defendant's First Set of Interrogatories, dated October 31, 2025.

**PRELIMINARY STATEMENT**

All responses to the following Interrogatories are based on information currently known to Plaintiff and are provided without prejudice to Plaintiff's right to submit evidence of any subsequently discovered facts and information, should such become known. Plaintiff anticipates that as investigation and trial preparation continue, it is possible that additional facts may become known, which may in turn warrant additions to or changes in the responses provided herein. These responses are made in a good faith effort to supply such information as is presently known to Plaintiff. These responses and objections are made without prejudice to, and are not a waiver of, Plaintiff's right to rely on other facts or documents at trial.

The signed document can be validated at https://app.vinesign.com/Verify

Plaintiff reserves all objections to the competence, relevance, materiality, or admissibility at trial of any information or documents requested or identified by any party. The inadvertent disclosure of any privileged information shall not be deemed to be a waiver of any applicable privilege with respect to such information or any other information.

The production of information and/or documents pursuant to this response is made without waiving, or intending to waive, but on the contrary reserving and intending to reserve: (a) the right to object on any grounds to the use of information produced pursuant to this response in this or any other action or proceeding; (b) the right to object on any and all grounds, at any time, to other interrogatories or other discovery mechanisms or proceedings; and (c) the right at any time to revise, correct, or supplement this response.

**OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

Plaintiff objects to Defendant's Definitions and Instructions to the extent they exceed the discovery obligations set forth in Federal Rule 26(b), which requires discovery to be "relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Plaintiff further objects to Defendant's Definitions and Instructions to the extent that they impose a discovery obligation to supply information that is not required by the Federal Rules of Civil Procedure or Local Rules and requests privileged information, such as information that tends to disclose the mental impressions of counsel or the identities of potential witnesses.

Plaintiff will respond to requests herein based on a diligent search and/or reasonable inquiry, as specified herein.

**RESPONSES AND OBJECTIONS TO SPECIFIC INTERROGATORIES**

**INTERROGATORY NO. 1:**

Identify any workweeks during the Relevant Period for which you seek unpaid wages and/or overtime compensation in this action and, for each workweek, describe the hours for which you seek unpaid wages and/or overtime compensation including the dates on which you worked such hours, the activities you performed during such hours, and the start and stop times for such hours.

**RESPONSE:**

Plaintiff objects on the grounds of proportionality because this Interrogatory seeks to impose a burden on Plaintiff that is inconsistent with the standard set forth in *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946), and its progeny. Defendant is alleged in this case to have maintained inadequate records of work, and damages at trial in this case will be based on a "just and reasonable inference" that can be drawn from available evidence, including documents and data that are in Defendant's custody and control, not all of which have been produced in discovery. Accordingly, it is not Plaintiffs' burden to specify their hours in every single workweek, as this Interrogatory asks, and the likely benefit of any attempt by an individual Plaintiff or Opt-in Plaintiff to state a "precise number of hours" does not outweigh the burden involved in doing so. This Interrogatory seeks information that is unreasonably cumulative or duplicative and overburdensome and is grossly disproportionate to the needs of the case and minimally probative of the issues in the case, for the reasons above. This Interrogatory is further unreasonably cumulative and overburdensome to the extent that GEICO served effectively the same request on each of the 60 individual Plaintiffs or Opt-in Plaintiffs in this case, and engaged in dilatory conduct by waiting until just over five weeks before the close of Phase II discovery to serve 35 sets of discovery on the same day.

3

Based on these objections, Plaintiff responds that the workweeks for which Plaintiff seeks damages will be those in which Plaintiff worked more than 40 hours, which can only be determined through a review of the timekeeping records which GEICO has objected to producing.  The hours for which Plaintiff seeks damages will be those attributed to Plaintiff by Plaintiffs' damages expert based on a projection that can only be completed through an analysis of the SICM data which GEICO has objected to producing.

**INTERROGATORY NO. 2:**

For each workweek during the Relevant Period for which you seek unpaid wages and/or overtime compensation, identify any hours during the workweek that you spent away from work and/or pursuing personal or non-work activities, including the date(s) on which you engaged in such activities and the number of hours you spent away from work on each date.

**RESPONSE:**

Plaintiff incorporates their objections to Interrogatory No. 1 into these objections, and further objects that this Interrogatory is overly broad to the extent it seeks responses about insignificant or insubstantial periods of time, such as bathroom breaks, that should be counted as compensable time, *see* 29 C.F.R. § 785.47, or about rest breaks of less than 20 minutes in duration, which are "customarily paid for as working time" and "must be counted as hours worked."  29 C.F.R. § 785.18.  The Interrogatory is disproportionate to the needs of the case based on the parties' relative access to information as to absences of one or more days, because GEICO has records in its possession (which it has objected to producing) that will show when Plaintiff took leave.  This Interrogatory is further unreasonably cumulative and overburdensome to the extent that GEICO served effectively the same request on each of the 60 individual Plaintiffs or Opt-in Plaintiffs in this case, and engaged in dilatory conduct by waiting until just over five weeks before the close of Phase II discovery to serve 35 sets of discovery on the same

4

day.

Plaintiff responds that the hours for which Plaintiff seeks damages will be those attributed to Plaintiff by Plaintiffs' damages expert based on a projection that can only be completed through an analysis of the SICM data which GEICO has objected to producing. The number of hours spent doing other activities are not relevant to the issues in the case.

**INTERROGATORY NO. 3:**

Describe in detail any oral or written direction, apart GEICO's Associate Handbook, that you contend dictated the times during which you performed work activities or the manner(s) in which you recorded such activities during the Relevant Time Period, including any oral or written direction that allowed you to vary or "flex" the start and end times of your work.

**RESPONSE:**

Plaintiff objects on the basis of proportionality based on the parties' relative access to information, the importance of the discovery in resolving the issues, and because the burden of the proposed discovery outweighs its likely benefit. Plaintiff seeks damages for the hours that will be attributed to Plaintiff by Plaintiffs' damages expert based on a projection that can only be completed through an analysis of the SICM data which GEICO has objected to producing. There is thus no probative value to pinpointing the precise times at which Plaintiff worked on any given day. The Request is further disproportional because documents responsive to this Request, such as GEICO policies or instructions issued by its own supervisors, are in the possession of Defendant. This Interrogatory is further unreasonably cumulative and overburdensome to the extent that GEICO served effectively the same request on each of the 60 individual Plaintiffs or Opt-in Plaintiffs in this case, and engaged in dilatory conduct by waiting until just over five weeks before the close of Phase II discovery to serve 35 sets of discovery on the same day.

Plaintiff does not have any written direction regarding the subject matter of the

5

Interrogatory.  Without waiving these objections, before approximately 2023 when GEICO went through a re-organization Plaintiff recalls that Plaintiff's supervisor allowed them to flex their time but that following that re-organization, their supervisor required them to work a set schedule unless they received pre-approval from a supervisor to "flex" time.  Plaintiff believes this policy was sent via email from her supervisor.  Plaintiff further recalls that Plaintiff's supervisor told them that overtime was not available.

**INTERROGATORY NO. 4:**

Identify and describe with specificity all facts that support or relate to your contention that you failed to accurately record your hours worked during your employment with GEICO during the Relevant Period.

**RESPONSE:**

Plaintiff objects on the basis of proportionality based on the parties' relative access to information, the importance of the discovery in resolving the issues, and because the burden of the proposed discovery outweighs its likely benefit.  This Interrogatory is further unreasonably cumulative and overburdensome to the extent that GEICO served effectively the same request on each of the 60 individual Plaintiffs or Opt-in Plaintiffs in this case, and engaged in dilatory conduct by waiting until just over five weeks before the close of Phase II discovery to serve 35 sets of discovery on the same day.

The facts supporting Plaintiff's contention are described in the Complaint, ¶¶ 3-4, and the record evidence has been further identified at length in Plaintiffs' briefing at, e.g. ECF Nos. 98, 144.  Discovery is ongoing, and Plaintiff may introduce further evidence produced in the course of discovery at trial.

**INTERROGATORY NO. 5:**

Identify each person who you believe had actual or constructive knowledge that you

6

worked unpaid overtime hours and, for each person, describe all facts in support of your contention that he or she had actual or constructive knowledge, describe how you believe such person gained that knowledge, and identify the dates and times of the unpaid overtime hours of which you believe such person was aware.

**RESPONSE:**

Plaintiff objects on the basis of proportionality based on the parties' relative access to information and because the burden of the proposed discovery outweighs its likely benefit. Plaintiff objects specifically to identifying non-GEICO employees, who are unlikely to be witnesses in this case, and therefore does not include them in these responses. Plaintiff further objects on proportionality grounds to identifying all non-supervisory coworkers who might be able to corroborate Plaintiff's testimony about hours worked and therefore does not include them in these responses. Plaintiff further objects that they are unable to determine what information is known to others, absent any external observation or manifestation of that knowledge. Plaintiff further objects to this Interrogatory's call for Plaintiff to identify each date and time of the unpaid overtime hours which Plaintiff believes another GEICO employee had actual or constructive knowledge of and incorporates the objections to Interrogatory No. 1 as to that part of the Interrogatory. This Interrogatory is further unreasonably cumulative and overburdensome to the extent that GEICO served effectively the same request on each of the 60 individual Plaintiffs or Opt-in Plaintiffs in this case, and engaged in dilatory conduct by waiting until just over five weeks before the close of Phase II discovery to serve 35 sets of discovery on the same day.

As to supervisory employees of GEICO, Plaintiff responds that all GEICO supervisory employees with knowledge of the particulars of Plaintiff's employment had at least constructive knowledge that Plaintiff worked off the clock, because GEICO and its supervisory employees

7

should have known that GEICO's system of incentives and disincentives would cause investigators to work off the clock.   Discovery is ongoing, and Plaintiff may introduce further evidence produced in the course of discovery at trial.

**INTERROGATORY NO. 6:**

Identify, by full name, address, and telephone number, each person who you claim or believe has knowledge or information relating to your claims or the facts that underlie your claims, and, for each person, state with specificity the knowledge or information that you believe each such person possesses. (This interrogatory expressly includes a request for the identity and location of each person likely to have information relating to your claims regardless of whether you intend to use the information to support your claims in this matter.)

**RESPONSE:**

Plaintiff objects that this Interrogatory is not drafted with reasonable specificity as to the witnesses it asks Plaintiff to identify, and reserves all objections based on proportionality to the extent GEICO revises this request to one that is reasonably specific.  Plaintiff objects that contact information for GEICO's supervisory and non-supervisory employees is within the custody and control of Defendant.  Plaintiff further objects on proportionality grounds to identifying witnesses whose testimony Plaintiff will not rely on at trial.  This Interrogatory is further unreasonably cumulative and overburdensome to the extent that GEICO served effectively the same request on each of the 60 individual Plaintiffs or Opt-in Plaintiffs in this case, and engaged in dilatory conduct by waiting until just over five weeks before the close of Phase II discovery to serve 35 sets of discovery on the same day.

Without waiving these objections, Plaintiff incorporates the response to Interrogatory No. 5.  Discovery is ongoing, and Plaintiff may identify further evidence produced in the course of discovery at trial.

**INTERROGATORY NO. 7:**

For each and every violation of the Fair Labor Standards Act or state labor law that you allege, identify each and every instance you brought the alleged violation to the attention of GEICO or any GEICO employee, including but not limited to your assigned supervisor, SIU manager, or Human Resources, including by describing: (a) the manner by which you notified or informed GEICO or its employee of the violation; (b) the exact date(s) on which you notified or informed GEICO or its employee of the violation; (c) the substance of the report including all facts and details you communicated to GEICO or its employee regarding the alleged violation; (d) all individuals (including their names and titles) with knowledge of the report, including but not limited to the GEICO agent or employee(s) who you notified and any witnesses to the communication; and (e) any documents that relate in any way to any of the foregoing.

**RESPONSE:**

Plaintiff incorporates their objections to Interrogatory Nos. 1, 4, and 5, and further objects that this Interrogatory is unnecessarily duplicative of Interrogatory Nos. 4 and 5. Plaintiff objects on the basis of proportionality based on the parties' relative access to information and because the burden of the proposed discovery outweighs its likely benefit. GEICO is best positioned to interview its own supervisory employees about their interactions with Plaintiff and their knowledge of reports made by Plaintiff. Plaintiff also objects to this Interrogatory because it consists of multiple subparts and exceeds Defendant's allowed limit for Interrogatories under Rule 33(a)(1). This Interrogatory is further unreasonably cumulative and overburdensome to the extent that GEICO served effectively the same request on each of the 60 individual Plaintiffs or Opt-in Plaintiffs in this case, and engaged in dilatory conduct by waiting until just over five weeks before the close of Phase II discovery to serve 35 sets of discovery on the same day.

Without waiving objections, Plaintiff incorporates their responses to Interrogatory Nos. 4 and 5 into this response.

**INTERROGATORY NO. 8:**

Describe with specificity each type of item of damage, loss, or expense you are seeking to recover as a result of this action and, for each, identify the amount(s), provide the supporting calculation(s), and identify any documents that evidence or support your claim.

**RESPONSE:**

Plaintiff incorporates the objections to Interrogatory No. 1.

Plaintiff refers Defendants to the Complaint in this matter for the types of damages Plaintiff seeks to recover, and to Plaintiffs' forthcoming expert report following a complete data production by GEICO.

This Interrogatory is further unreasonably cumulative and overburdensome to the extent that GEICO served effectively the same request on each of the 60 individual Plaintiffs or Opt-in Plaintiffs in this case, and engaged in dilatory conduct by waiting until just over five weeks before the close of Phase II discovery to serve 35 sets of discovery on the same day.

Without waiving these objections, Plaintiff incorporates the response to Interrogatory No. 1.

**INTERROGATORY NO. 9:**

Describe any method by which you could request overtime from any SIU Manager or SIU Supervisor during the Relevant Period, including but not limited to any method for requesting to work overtime or for reporting overtime hours already worked, and, for each, describe the method, the manner by which any such method was communicated to you, and identify the document or person who delivered such communication(s).

**RESPONSE:**

10

Plaintiff objects on the basis of proportionality based on the parties' relative access to information, the importance of the discovery in resolving the issues, and because the burden of the proposed discovery outweighs its likely benefit.  The Request is not proportional because it seeks information in GEICO's possession, or information of which GEICO should already be aware.  This Interrogatory is further unreasonably cumulative and overburdensome to the extent that GEICO served effectively the same request on each of the 60 individual Plaintiffs or Opt-in Plaintiffs in this case, and engaged in dilatory conduct by waiting until just over five weeks before the close of Phase II discovery to serve 35 sets of discovery on the same day.

Based on these objections, Plaintiff will not respond to this Interrogatory.

**INTERROGATORY NO. 10:**

Describe all instances during the Relevant Period in which you requested approval to work overtime and were denied approval to work overtime including by providing, for each instance, (i) the person to whom you made the request; (ii) the date of the request; (iii) the method by which you made the request; and (iv) a description of the response to the request.

**RESPONSE:**

Plaintiff objects on the basis of proportionality based on the parties' relative access to information, the importance of the discovery in resolving the issues, and because the burden of the proposed discovery outweighs its likely benefit.  The Request is not proportional because it seeks information in GEICO's possession, or information of which GEICO should already be aware.  Plaintiff also objects to this Interrogatory because it consists of multiple subparts and exceeds Defendant's allowed limit for Interrogatories under Rule 33(a)(1).  This Interrogatory is further unreasonably cumulative and overburdensome to the extent that GEICO served effectively the same request on each of the 60 individual Plaintiffs or Opt-in Plaintiffs in this case, and engaged in dilatory conduct by waiting until just over five weeks before the close of

11

Phase II discovery to serve 35 sets of discovery on the same day.

Based on these objections, Plaintiff will not respond to this Interrogatory.

**INTERROGATORY NO. 11:**

Describe all instances during the Relevant Period in which you worked overtime without prior approval or authorization, including by providing, for each instance: (i) the date the overtime was worked; (ii) the number of overtime hours worked; (iii) whether you reported the overtime, including the method, e.g., whether you reported the overtime to your supervisor(s), whether you submitted the overtime into GEICO's timekeeping systems, etc.; and (iv) whether you received pay for the overtime.

**RESPONSE:**

Plaintiff incorporates their objections to Interrogatory No 1. Plaintiff also objects to this Interrogatory because it consists of multiple subparts and exceeds Defendant's allowed limit for Interrogatories under Rule 33(a)(1). This Interrogatory is further unreasonably cumulative and overburdensome to the extent that GEICO served effectively the same request on each of the 60 individual Plaintiffs or Opt-in Plaintiffs in this case, and engaged in dilatory conduct by waiting until just over five weeks before the close of Phase II discovery to serve 35 sets of discovery on the same day.

In light of these objections, Plaintiff responds that they generally worked a total of approximately 45 hours per week in complete workweeks that they worked for GEICO.

**INTERROGATORY NO. 12:**

Identify each and every document and/or person that you relied upon or referred to in responding to Defendant's interrogatories or that support or in any way relate to your answers to Defendant's interrogatories.

**RESPONSE:**

12

Plaintiff objects that this Interrogatory appears to be interposed for the improper purpose of needlessly increasing the cost of litigation.  *See* Fed. R. Civ. P. 26(g)(1)(B)(ii).  GEICO's counsel is capable of reviewing the record in this case and determining which evidence supports or relates to Plaintiffs' allegations, and asking Plaintiff to identify "each and every document" that "support[s] or in any way relate[s]" to their answers is unreasonably vague and burdensome and disproportional to the needs of the case.  This Interrogatory is further unreasonably cumulative and overburdensome to the extent that GEICO serves the same request on each of the 60 individual Plaintiffs or Opt-in Plaintiffs in this case, after engaging in dilatory conduct by waiting until just over five weeks before the close of Phase II discovery to serve 35 sets of discovery on the same day.

Based on these objections, Plaintiff will not respond to this Interrogatory.

Respectfully submitted,

Dated: November 26, 2025          By:     */s/ Michael J. Scimone*

Michael J. Scimone
Jarron D. McAllister
**OUTTEN & GOLDEN LLP**
685 Third Avenue, 25th Floor
New York, NY 10017
Telephone: 212-245-1000
Fax: 646-509-2060
mscimone@outtengolden.com
jmcallister@outtengolden.com

Ryan Cowdin*
**OUTTEN & GOLDEN LLP**
1225 New York Avenue NW
Suite 1200B
Washington, DC 20005
Telephone: 202-929-0636
Fax: 202-847-4410
rcowdin@outtengolden.com

13

Kaelyn Mahar
**OUTTEN & GOLDEN LLP**
One California Street, 12th Floor
San Francisco, CA 94111
Telephone: 415-715-1787
Fax: 415-638-8810
kmahar@outtengolden.com

Troy L. Kessler
Garrett Kaske
**KESSLER MATURA P.C.**
534 Broadhollow Road, Suite 275
Melville, NY 11747
Telephone: 631-499-9100
Facsimile: 800-451-0874
tkessler@kesslermatura.com
gkaske@kesslermatura.com
* Admitted *Pro Hac Vice*

*Attorneys for Plaintiffs and the Putative Class and Collective*

14

## <u>VERIFICATION</u>

I, Arlana Cranston, have read the foregoing **Plaintiffs' Responses And Objections To Defendant's First Set Of Interrogatories To Opt-In Plaintiff Arlana Cranston** and know the contents thereof.

My responses as stated in the foregoing document are true of my own knowledge, except as to those matters that are stated on information and belief, and as to those matters, I believe them to be true.

I declare, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.

Dated:      11/26/2025                By: *Arlana Cranston*
                                        Arlana Cranston

15

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KEITH FISCHER, MICHAEL O'SULLIVAN, JOHN MOESER, LOUIS PIA, THOMAS BARDEN, CONSTANCE MANGAN, and CHARISE JONES, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>GOVERNMENT EMPLOYEES INSURANCE COMPANY,<br><br>    Defendant. | Case No. 2:23-CV-02848 (SJB) (SLT) |

**PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST SET OF INTERROGATORIES TO OPT-IN PLAINTIFF DARIO DeMEO**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Dario DeMeo ("Plaintiff"), by and through their attorneys, Outten & Golden LLP, hereby submits the following objections and responses to Defendant's First Set of Interrogatories, dated October 31, 2025.

**PRELIMINARY STATEMENT**

All responses to the following Interrogatories are based on information currently known to Plaintiff and are provided without prejudice to Plaintiff's right to submit evidence of any subsequently discovered facts and information, should such become known. Plaintiff anticipates that as investigation and trial preparation continue, it is possible that additional facts may become known, which may in turn warrant additions to or changes in the responses provided herein. These responses are made in a good faith effort to supply such information as is presently known to Plaintiff. These responses and objections are made without prejudice to, and are not a waiver of, Plaintiff's right to rely on other facts or documents at trial.

Plaintiff reserves all objections to the competence, relevance, materiality, or admissibility at trial of any information or documents requested or identified by any party. The inadvertent disclosure of any privileged information shall not be deemed to be a waiver of any applicable privilege with respect to such information or any other information.

The production of information and/or documents pursuant to this response is made without waiving, or intending to waive, but on the contrary reserving and intending to reserve: (a) the right to object on any grounds to the use of information produced pursuant to this response in this or any other action or proceeding; (b) the right to object on any and all grounds, at any time, to other interrogatories or other discovery mechanisms or proceedings; and (c) the right at any time to revise, correct, or supplement this response.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

Plaintiff objects to Defendant's Definitions and Instructions to the extent they exceed the discovery obligations set forth in Federal Rule 26(b), which requires discovery to be "relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Plaintiff further objects to Defendant's Definitions and Instructions to the extent that they impose a discovery obligation to supply information that is not required by the Federal Rules of Civil Procedure or Local Rules and requests privileged information, such as information that tends to disclose the mental impressions of counsel or the identities of potential witnesses.

Plaintiff will respond to requests herein based on a diligent search and/or reasonable inquiry, as specified herein.

## RESPONSES AND OBJECTIONS TO SPECIFIC INTERROGATORIES

2

**INTERROGATORY NO. 1:**

Identify any workweeks during the Relevant Period for which you seek unpaid wages and/or overtime compensation in this action and, for each workweek, describe the hours for which you seek unpaid wages and/or overtime compensation including the dates on which you worked such hours, the activities you performed during such hours, and the start and stop times for such hours.

**RESPONSE:**

Plaintiff objects on the grounds of proportionality because this Interrogatory seeks to impose a burden on Plaintiff that is inconsistent with the standard set forth in *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946), and its progeny. Defendant is alleged in this case to have maintained inadequate records of work, and damages at trial in this case will be based on a "just and reasonable inference" that can be drawn from available evidence, including documents and data that are in Defendant's custody and control, not all of which have been produced in discovery. Accordingly, it is not Plaintiffs' burden to specify their hours in every single workweek, as this Interrogatory asks, and the likely benefit of any attempt by an individual Plaintiff or Opt-in Plaintiff to state a "precise number of hours" does not outweigh the burden involved in doing so. This Interrogatory seeks information that is unreasonably cumulative or duplicative and overburdensome and is grossly disproportionate to the needs of the case and minimally probative of the issues in the case, for the reasons above. This Interrogatory is further unreasonably cumulative and overburdensome to the extent that GEICO served effectively the same request on each of the 60 individual Plaintiffs or Opt-in Plaintiffs in this case, and engaged in dilatory conduct by waiting until just over five weeks before the close of Phase II discovery to serve 35 sets of discovery on the same day.

Based on these objections, Plaintiff responds that the workweeks for which Plaintiff seeks damages will be those in which Plaintiff worked more than 40 hours, which can only be determined through a review of the timekeeping records which GEICO has objected to producing. The hours for which Plaintiff seeks damages will be those attributed to Plaintiff by Plaintiffs' damages expert based on a projection that can only be completed through an analysis of the SICM data which GEICO has objected to producing.

**INTERROGATORY NO. 2:**

For each workweek during the Relevant Period for which you seek unpaid wages and/or overtime compensation, identify any hours during the workweek that you spent away from work and/or pursuing personal or non-work activities, including the date(s) on which you engaged in such activities and the number of hours you spent away from work on each date.

**RESPONSE:**

Plaintiff incorporates their objections to Interrogatory No. 1 into these objections, and further objects that this Interrogatory is overly broad to the extent it seeks responses about insignificant or insubstantial periods of time, such as bathroom breaks, that should be counted as compensable time, *see* 29 C.F.R. § 785.47, or about rest breaks of less than 20 minutes in duration, which are "customarily paid for as working time" and "must be counted as hours worked." 29 C.F.R. § 785.18. The Interrogatory is disproportionate to the needs of the case based on the parties' relative access to information as to absences of one or more days, because GEICO has records in its possession (which it has objected to producing) that will show when Plaintiff took leave. This Interrogatory is further unreasonably cumulative and overburdensome to the extent that GEICO served effectively the same request on each of the 60 individual Plaintiffs or Opt-in Plaintiffs in this case, and engaged in dilatory conduct by waiting until just over five weeks before the close of Phase II discovery to serve 35 sets of discovery on the same

4

day.

Plaintiff responds that the hours for which Plaintiff seeks damages will be those attributed to Plaintiff by Plaintiffs' damages expert based on a projection that can only be completed through an analysis of the SICM data which GEICO has objected to producing. The number of hours spent doing other activities are not relevant to the issues in the case.

**INTERROGATORY NO. 3:**

Describe in detail any oral or written direction, apart GEICO's Associate Handbook, that you contend dictated the times during which you performed work activities or the manner(s) in which you recorded such activities during the Relevant Time Period, including any oral or written direction that allowed you to vary or "flex" the start and end times of your work.

**RESPONSE:**

Plaintiff objects on the basis of proportionality based on the parties' relative access to information, the importance of the discovery in resolving the issues, and because the burden of the proposed discovery outweighs its likely benefit. Plaintiff seeks damages for the hours that will be attributed to Plaintiff by Plaintiffs' damages expert based on a projection that can only be completed through an analysis of the SICM data which GEICO has objected to producing. There is thus no probative value to pinpointing the precise times at which Plaintiff worked on any given day. The Request is further disproportional because documents responsive to this Request, such as GEICO policies or instructions issued by its own supervisors, are in the possession of Defendant. This Interrogatory is further unreasonably cumulative and overburdensome to the extent that GEICO served effectively the same request on each of the 60 individual Plaintiffs or Opt-in Plaintiffs in this case, and engaged in dilatory conduct by waiting until just over five weeks before the close of Phase II discovery to serve 35 sets of discovery on the same day.

Plaintiff does not have any written direction regarding the subject matter of the

5

Interrogatory.  Without waiving these objections, Plaintiff recalls policies related to requesting overtime, but does not recall the specific steps.  Further, Plaintiff does not recall specific instruction from supervisors, but does recall a practice that allowed them to "flex" their time, meaning they could work more on one day earlier in the week, and then work less later in the week, so long as their hours totaled 38.75 for that week.

**INTERROGATORY NO. 4:**

Identify and describe with specificity all facts that support or relate to your contention that you failed to accurately record your hours worked during your employment with GEICO during the Relevant Period.

**RESPONSE:**

Plaintiff objects on the basis of proportionality based on the parties' relative access to information, the importance of the discovery in resolving the issues, and because the burden of the proposed discovery outweighs its likely benefit.  This Interrogatory is further unreasonably cumulative and overburdensome to the extent that GEICO served effectively the same request on each of the 60 individual Plaintiffs or Opt-in Plaintiffs in this case, and engaged in dilatory conduct by waiting until just over five weeks before the close of Phase II discovery to serve 35 sets of discovery on the same day.

The facts supporting Plaintiff's contention are described in the Complaint, ¶¶ 3-4, and the record evidence has been further identified at length in Plaintiffs' briefing at, e.g. ECF Nos. 98, 144.  Discovery is ongoing, and Plaintiff may introduce further evidence produced in the course of discovery at trial.

**INTERROGATORY NO. 5:**

Identify each person who you believe had actual or constructive knowledge that you worked unpaid overtime hours and, for each person, describe all facts in support of your contention

6

that he or she had actual or constructive knowledge, describe how you believe such person gained

that knowledge, and identify the dates and times of the unpaid overtime hours of which you believe

such person was aware.

**RESPONSE:**

Plaintiff objects on the basis of proportionality based on the parties' relative access to

information and because the burden of the proposed discovery outweighs its likely benefit.

Plaintiff objects specifically to identifying non-GEICO employees, who are unlikely to be

witnesses in this case, and therefore does not include them in these responses. Plaintiff further

objects on proportionality grounds to identifying all non-supervisory coworkers who might be

able to corroborate Plaintiff's testimony about hours worked and therefore does not include them

in these responses. Plaintiff further objects that they are unable to determine what information is

known to others, absent any external observation or manifestation of that knowledge. Plaintiff

further objects to this Interrogatory's call for Plaintiff to identify each date and time of the

unpaid overtime hours which Plaintiff believes another GEICO employee had actual or

constructive knowledge of and incorporates the objections to Interrogatory No. 1 as to that part

of the Interrogatory. This Interrogatory is further unreasonably cumulative and overburdensome

to the extent that GEICO served effectively the same request on each of the 60 individual

Plaintiffs or Opt-in Plaintiffs in this case, and engaged in dilatory conduct by waiting until just

over five weeks before the close of Phase II discovery to serve 35 sets of discovery on the same

day.

As to supervisory employees of GEICO, Plaintiff responds that all GEICO supervisory

employees with knowledge of the particulars of Plaintiff's employment had at least constructive

knowledge that Plaintiff worked off the clock, because GEICO and its supervisory employees

should have known that GEICO's system of incentives and disincentives would cause

7

investigators to work off the clock.  Plaintiff further identifies the following individuals as having actual knowledge that Plaintiff worked off the clock: Chris Griffin and Nichole Matthew, Plaintiffs' supervisors from approximately the end of 2023 to the present.  Discovery is ongoing, and Plaintiff may introduce further evidence produced in the course of discovery at trial.

**INTERROGATORY NO. 6:**

Identify, by full name, address, and telephone number, each person who you claim or believe has knowledge or information relating to your claims or the facts that underlie your claims, and, for each person, state with specificity the knowledge or information that you believe each such person possesses. (This interrogatory expressly includes a request for the identity and location of each person likely to have information relating to your claims regardless of whether you intend to use the information to support your claims in this matter.)

**RESPONSE:**

Plaintiff objects that this Interrogatory is not drafted with reasonable specificity as to the witnesses it asks Plaintiff to identify, and reserves all objections based on proportionality to the extent GEICO revises this request to one that is reasonably specific.  Plaintiff objects that contact information for GEICO's supervisory and non-supervisory employees is within the custody and control of Defendant.  Plaintiff further objects on proportionality grounds to identifying witnesses whose testimony Plaintiff will not rely on at trial.  This Interrogatory is further unreasonably cumulative and overburdensome to the extent that GEICO served effectively the same request on each of the 60 individual Plaintiffs or Opt-in Plaintiffs in this case, and engaged in dilatory conduct by waiting until just over five weeks before the close of Phase II discovery to serve 35 sets of discovery on the same day.

Without waiving these objections, Plaintiff incorporates the response to Interrogatory No. 5.  Discovery is ongoing, and Plaintiff may identify further evidence produced in the course of

8

discovery at trial.  Further, Plaintiff provides the phone numbers for the following individuals:

Nichole Matthew (757) 233-6174; Chris Griffin (918) 261-0009.

**INTERROGATORY NO. 7:**

For each and every violation of the Fair Labor Standards Act or state labor law that you

allege, identify each and every instance you brought the alleged violation to the attention of GEICO

or any GEICO employee, including but not limited to your assigned supervisor, SIU manager, or

Human Resources, including by describing: (a) the manner by which you notified or informed

GEICO or its employee of the violation; (b) the exact date(s) on which you notified or informed

GEICO or its employee of the violation; (c) the substance of the report including all facts and

details you communicated to GEICO or its employee regarding the alleged violation; (d) all

individuals (including their names and titles) with knowledge of the report, including but not

limited to the GEICO agent or employee(s) who you notified and any witnesses to the

communication; and (e) any documents that relate in any way to any of the foregoing.

**RESPONSE:**

Plaintiff incorporates their objections to Interrogatory Nos. 1, 4, and 5, and further

objects that this Interrogatory is unnecessarily duplicative of Interrogatory Nos. 4 and 5.

Plaintiff objects on the basis of proportionality based on the parties' relative access to

information and because the burden of the proposed discovery outweighs its likely benefit.

GEICO is best positioned to interview its own supervisory employees about their interactions

with Plaintiff and their knowledge of reports made by Plaintiff.  Plaintiff also objects to this

Interrogatory because it consists of multiple subparts and exceeds Defendant's allowed limit for

Interrogatories under Rule 33(a)(1).  This Interrogatory is further unreasonably cumulative and

overburdensome to the extent that GEICO served effectively the same request on each of the 60

individual Plaintiffs or Opt-in Plaintiffs in this case, and engaged in dilatory conduct by waiting

9

until just over five weeks before the close of Phase II discovery to serve 35 sets of discovery on the same day.

Without waiving objections, Plaintiff incorporates their responses to Interrogatory Nos. 4 and 5 into this response.

**INTERROGATORY NO. 8:**

Describe with specificity each type of item of damage, loss, or expense you are seeking to recover as a result of this action and, for each, identify the amount(s), provide the supporting calculation(s), and identify any documents that evidence or support your claim.

**RESPONSE:**

Plaintiff incorporates the objections to Interrogatory No. 1.

Plaintiff refers Defendants to the Complaint in this matter for the types of damages Plaintiff seeks to recover, and to Plaintiffs' forthcoming expert report following a complete data production by GEICO.

This Interrogatory is further unreasonably cumulative and overburdensome to the extent that GEICO served effectively the same request on each of the 60 individual Plaintiffs or Opt-in Plaintiffs in this case, and engaged in dilatory conduct by waiting until just over five weeks before the close of Phase II discovery to serve 35 sets of discovery on the same day.

Without waiving these objections, Plaintiff incorporates the response to Interrogatory No. 1.

**INTERROGATORY NO. 9:**

Describe any method by which you could request overtime from any SIU Manager or SIU Supervisor during the Relevant Period, including but not limited to any method for requesting to work overtime or for reporting overtime hours already worked, and, for each, describe the method, the manner by which any such method was communicated to you, and identify the document or

10

person who delivered such communication(s).

**RESPONSE:**

Plaintiff objects on the basis of proportionality based on the parties' relative access to information, the importance of the discovery in resolving the issues, and because the burden of the proposed discovery outweighs its likely benefit.  The Request is not proportional because it seeks information in GEICO's possession, or information of which GEICO should already be aware.  This Interrogatory is further unreasonably cumulative and overburdensome to the extent that GEICO served effectively the same request on each of the 60 individual Plaintiffs or Opt-in Plaintiffs in this case, and engaged in dilatory conduct by waiting until just over five weeks before the close of Phase II discovery to serve 35 sets of discovery on the same day.

Based on these objections, Plaintiff will not respond to this Interrogatory.

**INTERROGATORY NO. 10:**

Describe all instances during the Relevant Period in which you requested approval to work overtime and were denied approval to work overtime including by providing, for each instance, (i) the person to whom you made the request; (ii) the date of the request; (iii) the method by which you made the request; and (iv) a description of the response to the request.

**RESPONSE:**

Plaintiff objects on the basis of proportionality based on the parties' relative access to information, the importance of the discovery in resolving the issues, and because the burden of the proposed discovery outweighs its likely benefit.  The Request is not proportional because it seeks information in GEICO's possession, or information of which GEICO should already be aware.  Plaintiff also objects to this Interrogatory because it consists of multiple subparts and exceeds Defendant's allowed limit for Interrogatories under Rule 33(a)(1).  This Interrogatory is further unreasonably cumulative and overburdensome to the extent that GEICO served

11

effectively the same request on each of the 60 individual Plaintiffs or Opt-in Plaintiffs in this case, and engaged in dilatory conduct by waiting until just over five weeks before the close of Phase II discovery to serve 35 sets of discovery on the same day.

Based on these objections, Plaintiff will not respond to this Interrogatory.

**INTERROGATORY NO. 11:**

Describe all instances during the Relevant Period in which you worked overtime without prior approval or authorization, including by providing, for each instance: (i) the date the overtime was worked; (ii) the number of overtime hours worked; (iii) whether you reported the overtime, including the method, e.g., whether you reported the overtime to your supervisor(s), whether you submitted the overtime into GEICO's timekeeping systems, etc.; and (iv) whether you received pay for the overtime.

**RESPONSE:**

Plaintiff incorporates their objections to Interrogatory No 1. Plaintiff also objects to this Interrogatory because it consists of multiple subparts and exceeds Defendant's allowed limit for Interrogatories under Rule 33(a)(1). This Interrogatory is further unreasonably cumulative and overburdensome to the extent that GEICO served effectively the same request on each of the 60 individual Plaintiffs or Opt-in Plaintiffs in this case, and engaged in dilatory conduct by waiting until just over five weeks before the close of Phase II discovery to serve 35 sets of discovery on the same day.

In light of these objections, Plaintiff responds that they generally work a total of 41 hours per week in complete workweeks that they worked for GEICO. Out of those 41 hours, approximately 0 hours per week were typically spent either driving from home to Plaintiff's first appointment as the first task of the day, or from the last appointment to Plaintiff's home as the

12

last task of the day.[1]

## INTERROGATORY NO. 12:

Identify each and every document and/or person that you relied upon or referred to in responding to Defendant's interrogatories or that support or in any way relate to your answers to Defendant's interrogatories.

## RESPONSE:

Plaintiff objects that this Interrogatory appears to be interposed for the improper purpose of needlessly increasing the cost of litigation. *See* Fed. R. Civ. P. 26(g)(1)(B)(ii). GEICO's counsel is capable of reviewing the record in this case and determining which evidence supports or relates to Plaintiffs' allegations, and asking Plaintiff to identify "each and every document" that "support[s] or in any way relate[s]" to their answers is unreasonably vague and burdensome and disproportional to the needs of the case. This Interrogatory is further unreasonably cumulative and overburdensome to the extent that GEICO served effectively the same request on each of the 60 individual Plaintiffs or Opt-in Plaintiffs in this case, and engaged in dilatory conduct by waiting until just over five weeks before the close of Phase II discovery to serve 35 sets of discovery on the same day.

Based on these objections, Plaintiff will not respond to this Interrogatory.

---

[1]    By disclosing these facts, Plaintiff does not concede that this separately-stated travel time is noncompensable, and reserves all arguments as to the compensable nature of all hours estimated in this response.

Respectfully submitted,

Dated: December 1, 2025                    By:        */s/ Michael J. Scimone*

Michael J. Scimone
Jarron D. McAllister
**OUTTEN & GOLDEN LLP**
685 Third Avenue, 25th Floor
New York, NY 10017
Telephone: 212-245-1000
Fax: 646-509-2060
mscimone@outtengolden.com
jmcallister@outtengolden.com

Ryan Cowdin*
**OUTTEN & GOLDEN LLP**
1225 New York Avenue NW
Suite 1200B
Washington, DC 20005
Telephone: 202-929-0636
Fax: 202-847-4410
rcowdin@outtengolden.com

Kaelyn Mahar*
**OUTTEN & GOLDEN LLP**
One California Street, 12th Floor
San Francisco, CA 94111
Telephone: 415-715-1787
Fax: 415-638-8810
kmahar@outtengolden.com

Troy L. Kessler
Garrett Kaske
**KESSLER MATURA P.C.**
534 Broadhollow Road, Suite 275
Melville, NY 11747
Telephone: 631-499-9100
Facsimile: 800-451-0874
tkessler@kesslermatura.com
gkaske@kesslermatura.com

* Admitted *Pro Hac Vice*

*Attorneys for Plaintiffs and the Putative Class and Collective*

14

## <u>VERIFICATION</u>

I, Dario DeMeo, have read the foregoing **Plaintiffs' Responses and Objections to Defendant's First Set of Interrogatories to Opt-In Plaintiff Dario DeMeo** and know the contents thereof.

My responses as stated in the foregoing document are true of my own knowledge, except as to those matters that are stated on information and belief, and as to those matters, I believe them to be true.

I declare, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.


Dated: _____12/01/2025_____          By: _Dario De Meo._
                                          DARIO DeMEO

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KEITH FISCHER, MICHAEL O'SULLIVAN, JOHN MOESER, LOUIS PIA, THOMAS BARDEN, CONSTANCE MANGAN, and CHARISE JONES, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br>    v.<br><br>GOVERNMENT EMPLOYEES INSURANCE COMPANY,<br><br>    Defendant. | Case No. 2:23-CV-02848 (SJB) (SIL) |

**PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST SET OF INTERROGATORIES TO OPT-IN PLAINTIFF KEVIN DUX**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Kevin Dux ("Plaintiff"), by and through their attorneys, Outten & Golden LLP, hereby submits the following objections and responses to Defendant's First Set of Interrogatories, dated October 31, 2025.

**PRELIMINARY STATEMENT**

All responses to the following Interrogatories are based on information currently known to Plaintiff and are provided without prejudice to Plaintiff's right to submit evidence of any subsequently discovered facts and information, should such become known. Plaintiff anticipates that as investigation and trial preparation continue, it is possible that additional facts may become known, which may in turn warrant additions to or changes in the responses provided herein. These responses are made in a good faith effort to supply such information as is presently known to Plaintiff. These responses and objections are made without prejudice to, and are not a waiver of, Plaintiff's right to rely on other facts or documents at trial.

The signed document can be validated at https://app.vinesign.com/Verify

Plaintiff reserves all objections to the competence, relevance, materiality, or admissibility at trial of any information or documents requested or identified by any party. The inadvertent disclosure of any privileged information shall not be deemed to be a waiver of any applicable privilege with respect to such information or any other information.

The production of information and/or documents pursuant to this response is made without waiving, or intending to waive, but on the contrary reserving and intending to reserve: (a) the right to object on any grounds to the use of information produced pursuant to this response in this or any other action or proceeding; (b) the right to object on any and all grounds, at any time, to other interrogatories or other discovery mechanisms or proceedings; and (c) the right at any time to revise, correct, or supplement this response.

**OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

Plaintiff objects to Defendant's Definitions and Instructions to the extent they exceed the discovery obligations set forth in Federal Rule 26(b), which requires discovery to be "relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Plaintiff further objects to Defendant's Definitions and Instructions to the extent that they impose a discovery obligation to supply information that is not required by the Federal Rules of Civil Procedure or Local Rules and requests privileged information, such as information that tends to disclose the mental impressions of counsel or the identities of potential witnesses.

Plaintiff will respond to requests herein based on a diligent search and/or reasonable inquiry, as specified herein.

**RESPONSES AND OBJECTIONS TO SPECIFIC INTERROGATORIES**

2

**INTERROGATORY NO. 1:**

Identify any workweeks during the Relevant Period for which you seek unpaid wages and/or overtime compensation in this action and, for each workweek, describe the hours for which you seek unpaid wages and/or overtime compensation including the dates on which you worked such hours, the activities you performed during such hours, and the start and stop times for such hours.

**RESPONSE:**

Plaintiff objects on the grounds of proportionality because this Interrogatory seeks to impose a burden on Plaintiff that is inconsistent with the standard set forth in *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946), and its progeny.  Defendant is alleged in this case to have maintained inadequate records of work, and damages at trial in this case will be based on a "just and reasonable inference" that can be drawn from available evidence, including documents and data that are in Defendant's custody and control, not all of which have been produced in discovery.  Accordingly, it is not Plaintiffs' burden to specify their hours in every single workweek, as this Interrogatory asks, and the likely benefit of any attempt by an individual Plaintiff or Opt-in Plaintiff to state a "precise number of hours" does not outweigh the burden involved in doing so.  This Interrogatory seeks information that is unreasonably cumulative or duplicative and overburdensome and is grossly disproportionate to the needs of the case and minimally probative of the issues in the case, for the reasons above.  This Interrogatory is further unreasonably cumulative and overburdensome to the extent that GEICO served effectively the same request on each of the 60 individual Plaintiffs or Opt-in Plaintiffs in this case, and engaged in dilatory conduct by waiting until just over five weeks before the close of Phase II discovery to serve 35 sets of discovery on the same day.

3

Based on these objections, Plaintiff responds that the workweeks for which Plaintiff seeks damages will be those in which Plaintiff worked more than 40 hours, which can only be determined through a review of the timekeeping records which GEICO has objected to producing.  The hours for which Plaintiff seeks damages will be those attributed to Plaintiff by Plaintiffs' damages expert based on a projection that can only be completed through an analysis of the SICM data which GEICO has objected to producing.

**INTERROGATORY NO. 2:**

For each workweek during the Relevant Period for which you seek unpaid wages and/or overtime compensation, identify any hours during the workweek that you spent away from work and/or pursuing personal or non-work activities, including the date(s) on which you engaged in such activities and the number of hours you spent away from work on each date.

**RESPONSE:**

Plaintiff incorporates their objections to Interrogatory No. 1 into these objections, and further objects that this Interrogatory is overly broad to the extent it seeks responses about insignificant or insubstantial periods of time, such as bathroom breaks, that should be counted as compensable time, *see* 29 C.F.R. § 785.47, or about rest breaks of less than 20 minutes in duration, which are "customarily paid for as working time" and "must be counted as hours worked."  29 C.F.R. § 785.18.  The Interrogatory is disproportionate to the needs of the case based on the parties' relative access to information as to absences of one or more days, because GEICO has records in its possession (which it has objected to producing) that will show when Plaintiff took leave.  This Interrogatory is further unreasonably cumulative and overburdensome to the extent that GEICO served effectively the same request on each of the 60 individual Plaintiffs or Opt-in Plaintiffs in this case, and engaged in dilatory conduct by waiting until just over five weeks before the close of Phase II discovery to serve 35 sets of discovery on the same

4

day.

Plaintiff responds that the hours for which Plaintiff seeks damages will be those attributed to Plaintiff by Plaintiffs' damages expert based on a projection that can only be completed through an analysis of the SICM data which GEICO has objected to producing. The number of hours spent doing other activities are not relevant to the issues in the case.

**INTERROGATORY NO. 3:**

Describe in detail any oral or written direction, apart GEICO's Associate Handbook, that you contend dictated the times during which you performed work activities or the manner(s) in which you recorded such activities during the Relevant Time Period, including any oral or written direction that allowed you to vary or "flex" the start and end times of your work.

**RESPONSE:**

Plaintiff objects on the basis of proportionality based on the parties' relative access to information, the importance of the discovery in resolving the issues, and because the burden of the proposed discovery outweighs its likely benefit. Plaintiff seeks damages for the hours that will be attributed to Plaintiff by Plaintiffs' damages expert based on a projection that can only be completed through an analysis of the SICM data which GEICO has objected to producing. There is thus no probative value to pinpointing the precise times at which Plaintiff worked on any given day. The Request is further disproportional because documents responsive to this Request, such as GEICO policies or instructions issued by its own supervisors, are in the possession of Defendant. This Interrogatory is further unreasonably cumulative and overburdensome to the extent that GEICO served effectively the same request on each of the 60 individual Plaintiffs or Opt-in Plaintiffs in this case, and engaged in dilatory conduct by waiting until just over five weeks before the close of Phase II discovery to serve 35 sets of discovery on the same day.

Plaintiff does not have any written direction regarding the subject matter of the

5

Interrogatory.    Without waiving these objections, Plaintiff does not recall specific oral instructions regarding the times during which they performed work activities or the manner in which they recorded such activities.

**INTERROGATORY NO. 4:**

Identify and describe with specificity all facts that support or relate to your contention that you failed to accurately record your hours worked during your employment with GEICO during the Relevant Period.

**RESPONSE:**

Plaintiff objects on the basis of proportionality based on the parties' relative access to information, the importance of the discovery in resolving the issues, and because the burden of the proposed discovery outweighs its likely benefit.  This Interrogatory is further unreasonably cumulative and overburdensome to the extent that GEICO served effectively the same request on each of the 60 individual Plaintiffs or Opt-in Plaintiffs in this case, and engaged in dilatory conduct by waiting until just over five weeks before the close of Phase II discovery to serve 35 sets of discovery on the same day.

The facts supporting Plaintiff's contention are described in the Complaint, ¶¶ 3-4, and the record evidence has been further identified at length in Plaintiffs' briefing at, e.g. ECF Nos. 98, 144.  Discovery is ongoing, and Plaintiff may introduce further evidence produced in the course of discovery at trial.

**INTERROGATORY NO. 5:**

Identify each person who you believe had actual or constructive knowledge that you worked unpaid overtime hours and, for each person, describe all facts in support of your contention that he or she had actual or constructive knowledge, describe how you believe such person gained that knowledge, and identify the dates and times of the unpaid overtime hours of which you believe

6

such person was aware.

**RESPONSE:**

Plaintiff objects on the basis of proportionality based on the parties' relative access to information and because the burden of the proposed discovery outweighs its likely benefit. Plaintiff objects specifically to identifying non-GEICO employees, who are unlikely to be witnesses in this case, and therefore does not include them in these responses. Plaintiff further objects on proportionality grounds to identifying all non-supervisory coworkers who might be able to corroborate Plaintiff's testimony about hours worked and therefore does not include them in these responses. Plaintiff further objects that they are unable to determine what information is known to others, absent any external observation or manifestation of that knowledge. Plaintiff further objects to this Interrogatory's call for Plaintiff to identify each date and time of the unpaid overtime hours which Plaintiff believes another GEICO employee had actual or constructive knowledge of and incorporates the objections to Interrogatory No. 1 as to that part of the Interrogatory. This Interrogatory is further unreasonably cumulative and overburdensome to the extent that GEICO served effectively the same request on each of the 60 individual Plaintiffs or Opt-in Plaintiffs in this case, and engaged in dilatory conduct by waiting until just over five weeks before the close of Phase II discovery to serve 35 sets of discovery on the same day.

As to supervisory employees of GEICO, Plaintiff responds that all GEICO supervisory employees with knowledge of the particulars of Plaintiff's employment had at least constructive knowledge that Plaintiff worked off the clock, because GEICO and its supervisory employees should have known that GEICO's system of incentives and disincentives would cause investigators to work off the clock. Plaintiff is not aware of any supervisor's actual knowledge of off-the-clock work. Discovery is ongoing, and Plaintiff may introduce further evidence

7

produced in the course of discovery at trial.

**INTERROGATORY NO. 6:**

Identify, by full name, address, and telephone number, each person who you claim or believe has knowledge or information relating to your claims or the facts that underlie your claims, and, for each person, state with specificity the knowledge or information that you believe each such person possesses. (This interrogatory expressly includes a request for the identity and location of each person likely to have information relating to your claims regardless of whether you intend to use the information to support your claims in this matter.)

**RESPONSE:**

Plaintiff objects that this Interrogatory is not drafted with reasonable specificity as to the witnesses it asks Plaintiff to identify, and reserves all objections based on proportionality to the extent GEICO revises this request to one that is reasonably specific. Plaintiff objects that contact information for GEICO's supervisory and non-supervisory employees is within the custody and control of Defendant. Plaintiff further objects on proportionality grounds to identifying witnesses whose testimony Plaintiff will not rely on at trial. This Interrogatory is further unreasonably cumulative and overburdensome to the extent that GEICO served effectively the same request on each of the 60 individual Plaintiffs or Opt-in Plaintiffs in this case, and engaged in dilatory conduct by waiting until just over five weeks before the close of Phase II discovery to serve 35 sets of discovery on the same day.

Without waiving these objections, Plaintiff incorporates the response to Interrogatory No. 5. Discovery is ongoing, and Plaintiff may identify further evidence produced in the course of discovery at trial.

**INTERROGATORY NO. 7:**

For each and every violation of the Fair Labor Standards Act or state labor law that you

8

allege, identify each and every instance you brought the alleged violation to the attention of GEICO or any GEICO employee, including but not limited to your assigned supervisor, SIU manager, or Human Resources, including by describing: (a) the manner by which you notified or informed GEICO or its employee of the violation; (b) the exact date(s) on which you notified or informed GEICO or its employee of the violation; (c) the substance of the report including all facts and details you communicated to GEICO or its employee regarding the alleged violation; (d) all individuals (including their names and titles) with knowledge of the report, including but not limited to the GEICO agent or employee(s) who you notified and any witnesses to the communication; and (e) any documents that relate in any way to any of the foregoing.

**RESPONSE:**

Plaintiff incorporates their objections to Interrogatory Nos. 1, 4, and 5, and further objects that this Interrogatory is unnecessarily duplicative of Interrogatory Nos. 4 and 5. Plaintiff objects on the basis of proportionality based on the parties' relative access to information and because the burden of the proposed discovery outweighs its likely benefit. GEICO is best positioned to interview its own supervisory employees about their interactions with Plaintiff and their knowledge of reports made by Plaintiff. Plaintiff also objects to this Interrogatory because it consists of multiple subparts and exceeds Defendant's allowed limit for Interrogatories under Rule 33(a)(1). This Interrogatory is further unreasonably cumulative and overburdensome to the extent that GEICO served effectively the same request on each of the 60 individual Plaintiffs or Opt-in Plaintiffs in this case, and engaged in dilatory conduct by waiting until just over five weeks before the close of Phase II discovery to serve 35 sets of discovery on the same day.

Without waiving objections, Plaintiff incorporates their responses to Interrogatory Nos. 4 and 5 into this response.

9

**INTERROGATORY NO. 8:**

Describe with specificity each type of item of damage, loss, or expense you are seeking to recover as a result of this action and, for each, identify the amount(s), provide the supporting calculation(s), and identify any documents that evidence or support your claim.

**RESPONSE:**

Plaintiff incorporates the objections to Interrogatory No. 1.

Plaintiff refers Defendants to the Complaint in this matter for the types of damages Plaintiff seeks to recover, and to Plaintiffs' forthcoming expert report following a complete data production by GEICO.

This Interrogatory is further unreasonably cumulative and overburdensome to the extent that GEICO served effectively the same request on each of the 60 individual Plaintiffs or Opt-in Plaintiffs in this case, and engaged in dilatory conduct by waiting until just over five weeks before the close of Phase II discovery to serve 35 sets of discovery on the same day.

Without waiving these objections, Plaintiff incorporates the response to Interrogatory No. 1.

**INTERROGATORY NO. 9:**

Describe any method by which you could request overtime from any SIU Manager or SIU Supervisor during the Relevant Period, including but not limited to any method for requesting to work overtime or for reporting overtime hours already worked, and, for each, describe the method, the manner by which any such method was communicated to you, and identify the document or person who delivered such communication(s).

**RESPONSE:**

Plaintiff objects on the basis of proportionality based on the parties' relative access to information, the importance of the discovery in resolving the issues, and because the burden of

10

the proposed discovery outweighs its likely benefit.  The Request is not proportional because it seeks information in GEICO's possession, or information of which GEICO should already be aware.  This Interrogatory is further unreasonably cumulative and overburdensome to the extent that GEICO served effectively the same request on each of the 60 individual Plaintiffs or Opt-in Plaintiffs in this case, and engaged in dilatory conduct by waiting until just over five weeks before the close of Phase II discovery to serve 35 sets of discovery on the same day.

Based on these objections, Plaintiff will not respond to this Interrogatory.

**INTERROGATORY NO. 10:**

Describe all instances during the Relevant Period in which you requested approval to work overtime and were denied approval to work overtime including by providing, for each instance, (i) the person to whom you made the request; (ii) the date of the request; (iii) the method by which you made the request; and (iv) a description of the response to the request.

**RESPONSE:**

Plaintiff objects on the basis of proportionality based on the parties' relative access to information, the importance of the discovery in resolving the issues, and because the burden of the proposed discovery outweighs its likely benefit.  The Request is not proportional because it seeks information in GEICO's possession, or information of which GEICO should already be aware.  Plaintiff also objects to this Interrogatory because it consists of multiple subparts and exceeds Defendant's allowed limit for Interrogatories under Rule 33(a)(1).  This Interrogatory is further unreasonably cumulative and overburdensome to the extent that GEICO served effectively the same request on each of the 60 individual Plaintiffs or Opt-in Plaintiffs in this case, and engaged in dilatory conduct by waiting until just over five weeks before the close of Phase II discovery to serve 35 sets of discovery on the same day.

Based on these objections, Plaintiff will not respond to this Interrogatory.

11

**INTERROGATORY NO. 11:**

Describe all instances during the Relevant Period in which you worked overtime without prior approval or authorization, including by providing, for each instance: (i) the date the overtime was worked; (ii) the number of overtime hours worked; (iii) whether you reported the overtime, including the method, e.g., whether you reported the overtime to your supervisor(s), whether you submitted the overtime into GEICO's timekeeping systems, etc.; and (iv) whether you received pay for the overtime.

**RESPONSE:**

Plaintiff incorporates their objections to Interrogatory No 1. Plaintiff also objects to this Interrogatory because it consists of multiple subparts and exceeds Defendant's allowed limit for Interrogatories under Rule 33(a)(1). This Interrogatory is further unreasonably cumulative and overburdensome to the extent that GEICO served effectively the same request on each of the 60 individual Plaintiffs or Opt-in Plaintiffs in this case, and engaged in dilatory conduct by waiting until just over five weeks before the close of Phase II discovery to serve 35 sets of discovery on the same day.

In light of these objections, Plaintiff responds that they generally worked a total of 41-50 hours per week in complete workweeks that they worked for GEICO.

**INTERROGATORY NO. 12:**

Identify each and every document and/or person that you relied upon or referred to in responding to Defendant's interrogatories or that support or in any way relate to your answers to Defendant's interrogatories.

**RESPONSE:**

Plaintiff objects that this Interrogatory appears to be interposed for the improper purpose of needlessly increasing the cost of litigation. *See* Fed. R. Civ. P. 26(g)(1)(B)(ii). GEICO's

12

counsel is capable of reviewing the record in this case and determining which evidence supports or relates to Plaintiffs' allegations, and asking Plaintiff to identify "each and every document" that "support[s] or in any way relate[s]" to their answers is unreasonably vague and burdensome and disproportional to the needs of the case.  This Interrogatory is further unreasonably cumulative and overburdensome to the extent that GEICO served effectively the same request on each of the 60 individual Plaintiffs or Opt-in Plaintiffs in this case, and engaged in dilatory conduct by waiting until just over five weeks before the close of Phase II discovery to serve 35 sets of discovery on the same day.

Based on these objections, Plaintiff will not respond to this Interrogatory.


Respectfully submitted,

Dated: December 1, 2025              By:    */s/ Michael J. Scimone*

Michael J. Scimone
Jarron D. McAllister
**OUTTEN & GOLDEN LLP**
685 Third Avenue, 25th Floor
New York, NY 10017
Telephone: 212-245-1000
Fax: 646-509-2060
mscimone@outtengolden.com
jmcallister@outtengolden.com

Ryan Cowdin*
**OUTTEN & GOLDEN LLP**
1225 New York Avenue NW
Suite 1200B
Washington, DC 20005
Telephone: 202-929-0636
Fax: 202-847-4410
rcowdin@outtengolden.com

13

Kaelyn Mahar
**OUTTEN & GOLDEN LLP**
One California Street, 12th Floor
San Francisco, CA 94111
Telephone: 415-715-1787
Fax: 415-638-8810
kmahar@outtengolden.com

Troy L. Kessler
Garrett Kaske
**KESSLER MATURA P.C.**
534 Broadhollow Road, Suite 275
Melville, NY 11747
Telephone: 631-499-9100
Facsimile: 800-451-0874
tkessler@kesslermatura.com
gkaske@kesslermatura.com
* Admitted *Pro Hac Vice*

*Attorneys for Plaintiffs and the Putative Class and Collective*

14

## VERIFICATION

I, Kevin Dux have read the foregoing **Plaintiffs' Responses And Objections To Defendant's First Set Of Interrogatories To Opt-In Plaintiff Kevin Dux** and know the contents thereof.

My responses as stated in the foregoing document are true of my own knowledge, except as to those matters that are stated on information and belief, and as to those matters, I believe them to be true.

I declare, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.

Dated: _____12/02/2025_____       By: _Kevin Dux_____
                                             Kevin Dux

15

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

KEITH FISCHER, MICHAEL O'SULLIVAN,
JOHN MOESER, LOUIS PIA, THOMAS
BARDEN, CONSTANCE MANGAN, and
CHARISE JONES, individually and on behalf
of all others similarly situated,

        Plaintiffs,

        v.

GOVERNMENT EMPLOYEES
INSURANCE COMPANY,

        Defendant.

Case No. 2:23-CV-02848 (SJB) (SIL)

**PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST SET OF
INTERROGATORIES TO OPT-IN PLAINTIFF SHEENA FAUBLAS**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Sheena Faublas
("Plaintiff"), by and through their attorneys, Outten & Golden LLP, hereby submits the
following objections and responses to Defendant's First Set of Interrogatories, dated October 31,
2025.

## PRELIMINARY STATEMENT

All responses to the following Interrogatories are based on information currently known
to Plaintiff and are provided without prejudice to Plaintiff's right to submit evidence of any
subsequently discovered facts and information, should such become known.  Plaintiff anticipates
that as investigation and trial preparation continue, it is possible that additional facts may
become known, which may in turn warrant additions to or changes in the responses provided
herein.  These responses are made in a good faith effort to supply such information as is
presently known to Plaintiff.  These responses and objections are made without prejudice to, and
are not a waiver of, Plaintiff's right to rely on other facts or documents at trial.

Plaintiff reserves all objections to the competence, relevance, materiality, or admissibility at trial of any information or documents requested or identified by any party.  The inadvertent disclosure of any privileged information shall not be deemed to be a waiver of any applicable privilege with respect to such information or any other information.

The production of information and/or documents pursuant to this response is made without waiving, or intending to waive, but on the contrary reserving and intending to reserve: (a) the right to object on any grounds to the use of information produced pursuant to this response in this or any other action or proceeding; (b) the right to object on any and all grounds, at any time, to other interrogatories or other discovery mechanisms or proceedings; and (c) the right at any time to revise, correct, or supplement this response.

### OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

Plaintiff objects to Defendant's Definitions and Instructions to the extent they exceed the discovery obligations set forth in Federal Rule 26(b), which requires discovery to be "relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  Plaintiff further objects to Defendant's Definitions and Instructions to the extent that they impose a discovery obligation to supply information that is not required by the Federal Rules of Civil Procedure or Local Rules and requests privileged information, such as information that tends to disclose the mental impressions of counsel or the identities of potential witnesses.

Plaintiff will respond to requests herein based on a diligent search and/or reasonable inquiry, as specified herein.

### RESPONSES AND OBJECTIONS TO SPECIFIC INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify any workweeks during the Relevant Period for which you seek unpaid wages and/or overtime compensation in this action and, for each workweek, describe the hours for which you seek unpaid wages and/or overtime compensation including the dates on which you worked such hours, the activities you performed during such hours, and the start and stop times for such hours.

**RESPONSE:**

Plaintiff objects on the grounds of proportionality because this Interrogatory seeks to impose a burden on Plaintiff that is inconsistent with the standard set forth in *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946), and its progeny. Defendant is alleged in this case to have maintained inadequate records of work, and damages at trial in this case will be based on a "just and reasonable inference" that can be drawn from available evidence, including documents and data that are in Defendant's custody and control, not all of which have been produced in discovery. Accordingly, it is not Plaintiffs' burden to specify their hours in every single workweek, as this Interrogatory asks, and the likely benefit of any attempt by an individual Plaintiff or Opt-in Plaintiff to state a "precise number of hours" does not outweigh the burden involved in doing so. This Interrogatory seeks information that is unreasonably cumulative or duplicative and overburdensome and is grossly disproportionate to the needs of the case and minimally probative of the issues in the case, for the reasons above. This Interrogatory is further unreasonably cumulative and overburdensome to the extent that GEICO served effectively the same request on each of the 60 individual Plaintiffs or Opt-in Plaintiffs in this case, and engaged in dilatory conduct by waiting until just over five weeks before the close of Phase II discovery to serve 35 sets of discovery on the same day.

3

Based on these objections, Plaintiff responds that the workweeks for which Plaintiff seeks damages will be those in which Plaintiff worked more than 40 hours, which can only be determined through a review of the timekeeping records which GEICO has objected to producing. The hours for which Plaintiff seeks damages will be those attributed to Plaintiff by Plaintiffs' damages expert based on a projection that can only be completed through an analysis of the SICM data which GEICO has objected to producing.

**INTERROGATORY NO. 2:**

For each workweek during the Relevant Period for which you seek unpaid wages and/or overtime compensation, identify any hours during the workweek that you spent away from work and/or pursuing personal or non-work activities, including the date(s) on which you engaged in such activities and the number of hours you spent away from work on each date.

**RESPONSE:**

Plaintiff incorporates their objections to Interrogatory No. 1 into these objections, and further objects that this Interrogatory is overly broad to the extent it seeks responses about insignificant or insubstantial periods of time, such as bathroom breaks, that should be counted as compensable time, *see* 29 C.F.R. § 785.47, or about rest breaks of less than 20 minutes in duration, which are "customarily paid for as working time" and "must be counted as hours worked." 29 C.F.R. § 785.18. The Interrogatory is disproportionate to the needs of the case based on the parties' relative access to information as to absences of one or more days, because GEICO has records in its possession (which it has objected to producing) that will show when Plaintiff took leave. This Interrogatory is further unreasonably cumulative and overburdensome to the extent that GEICO served effectively the same request on each of the 60 individual Plaintiffs or Opt-in Plaintiffs in this case, and engaged in dilatory conduct by waiting until just over five weeks before the close of Phase II discovery to serve 35 sets of discovery on the same

4

day.

Plaintiff responds that the hours for which Plaintiff seeks damages will be those attributed to Plaintiff by Plaintiffs' damages expert based on a projection that can only be completed through an analysis of the SICM data which GEICO has objected to producing. The number of hours spent doing other activities are not relevant to the issues in the case.

**INTERROGATORY NO. 3:**

Describe in detail any oral or written direction, apart GEICO's Associate Handbook, that you contend dictated the times during which you performed work activities or the manner(s) in which you recorded such activities during the Relevant Time Period, including any oral or written direction that allowed you to vary or "flex" the start and end times of your work.

**RESPONSE:**

Plaintiff objects on the basis of proportionality based on the parties' relative access to information, the importance of the discovery in resolving the issues, and because the burden of the proposed discovery outweighs its likely benefit. Plaintiff seeks damages for the hours that will be attributed to Plaintiff by Plaintiffs' damages expert based on a projection that can only be completed through an analysis of the SICM data which GEICO has objected to producing. There is thus no probative value to pinpointing the precise times at which Plaintiff worked on any given day. The Request is further disproportional because documents responsive to this Request, such as GEICO policies or instructions issued by its own supervisors, are in the possession of Defendant. This Interrogatory is further unreasonably cumulative and overburdensome to the extent that GEICO served effectively the same request on each of the 60 individual Plaintiffs or Opt-in Plaintiffs in this case, and engaged in dilatory conduct by waiting until just over five weeks before the close of Phase II discovery to serve 35 sets of discovery on the same day.

Plaintiff does not have any written direction regarding the subject matter of the

5

Interrogatory.  Without waiving these objections, Plaintiff recalls receiving guidance as to the start and end times of her shift.  Plaintiff further remembers being instructed to log her time into GEICO's Workday system at the end of each week or each pay period.  Plaintiff also recalls that she received instructions about securing supervisor approval in order to "flex" her time.

**INTERROGATORY NO. 4:**

Identify and describe with specificity all facts that support or relate to your contention that you failed to accurately record your hours worked during your employment with GEICO during the Relevant Period.

**RESPONSE:**

Plaintiff objects on the basis of proportionality based on the parties' relative access to information, the importance of the discovery in resolving the issues, and because the burden of the proposed discovery outweighs its likely benefit.  This Interrogatory is further unreasonably cumulative and overburdensome to the extent that GEICO served effectively the same request on each of the 60 individual Plaintiffs or Opt-in Plaintiffs in this case, and engaged in dilatory conduct by waiting until just over five weeks before the close of Phase II discovery to serve 35 sets of discovery on the same day.

The facts supporting Plaintiff's contention are described in the Complaint, ¶¶ 3-4, and the record evidence has been further identified at length in Plaintiffs' briefing at, e.g. ECF Nos. 98, 144.  Discovery is ongoing, and Plaintiff may introduce further evidence produced in the course of discovery at trial.

**INTERROGATORY NO. 5:**

Identify each person who you believe had actual or constructive knowledge that you worked unpaid overtime hours and, for each person, describe all facts in support of your contention that he or she had actual or constructive knowledge, describe how you believe such person gained

6

that knowledge, and identify the dates and times of the unpaid overtime hours of which you believe such person was aware.

**RESPONSE:**

Plaintiff objects on the basis of proportionality based on the parties' relative access to information and because the burden of the proposed discovery outweighs its likely benefit. Plaintiff objects specifically to identifying non-GEICO employees, who are unlikely to be witnesses in this case, and therefore does not include them in these responses. Plaintiff further objects on proportionality grounds to identifying all non-supervisory coworkers who might be able to corroborate Plaintiff's testimony about hours worked and therefore does not include them in these responses. Plaintiff further objects that they are unable to determine what information is known to others, absent any external observation or manifestation of that knowledge. Plaintiff further objects to this Interrogatory's call for Plaintiff to identify each date and time of the unpaid overtime hours which Plaintiff believes another GEICO employee had actual or constructive knowledge of and incorporates the objections to Interrogatory No. 1 as to that part of the Interrogatory. This Interrogatory is further unreasonably cumulative and overburdensome to the extent that GEICO served effectively the same request on each of the 60 individual Plaintiffs or Opt-in Plaintiffs in this case, and engaged in dilatory conduct by waiting until just over five weeks before the close of Phase II discovery to serve 35 sets of discovery on the same day.

As to supervisory employees of GEICO, Plaintiff responds that all GEICO supervisory employees with knowledge of the particulars of Plaintiff's employment had at least constructive knowledge that Plaintiff worked off the clock, because GEICO and its supervisory employees should have known that GEICO's system of incentives and disincentives would cause investigators to work off the clock. Plaintiff further identifies the following individuals as

7

having actual knowledge that Plaintiff worked off the clock: Danielle Perdomo.  Plaintiff recalls exchanging work-related emails with Perdomo, her supervisor, outside of business hours or speaking about work with Perdomo over the phone outside of business hours. Discovery is ongoing, and Plaintiff may introduce further evidence produced in the course of discovery at trial.

**INTERROGATORY NO. 6:**

Identify, by full name, address, and telephone number, each person who you claim or believe has knowledge or information relating to your claims or the facts that underlie your claims, and, for each person, state with specificity the knowledge or information that you believe each such person possesses. (This interrogatory expressly includes a request for the identity and location of each person likely to have information relating to your claims regardless of whether you intend to use the information to support your claims in this matter.)

**RESPONSE:**

Plaintiff objects that this Interrogatory is not drafted with reasonable specificity as to the witnesses it asks Plaintiff to identify, and reserves all objections based on proportionality to the extent GEICO revises this request to one that is reasonably specific.  Plaintiff objects that contact information for GEICO's supervisory and non-supervisory employees is within the custody and control of Defendant.  Plaintiff further objects on proportionality grounds to identifying witnesses whose testimony Plaintiff will not rely on at trial.  This Interrogatory is further unreasonably cumulative and overburdensome to the extent that GEICO served effectively the same request on each of the 60 individual Plaintiffs or Opt-in Plaintiffs in this case, and engaged in dilatory conduct by waiting until just over five weeks before the close of Phase II discovery to serve 35 sets of discovery on the same day.

Without waiving these objections, Plaintiff incorporates the response to Interrogatory No.

8

5.  Discovery is ongoing, and Plaintiff may identify further evidence produced in the course of discovery at trial.

**INTERROGATORY NO. 7:**

For each and every violation of the Fair Labor Standards Act or state labor law that you allege, identify each and every instance you brought the alleged violation to the attention of GEICO or any GEICO employee, including but not limited to your assigned supervisor, SIU manager, or Human Resources, including by describing: (a) the manner by which you notified or informed GEICO or its employee of the violation; (b) the exact date(s) on which you notified or informed GEICO or its employee of the violation; (c) the substance of the report including all facts and details you communicated to GEICO or its employee regarding the alleged violation; (d) all individuals (including their names and titles) with knowledge of the report, including but not limited to the GEICO agent or employee(s) who you notified and any witnesses to the communication; and (e) any documents that relate in any way to any of the foregoing.

**RESPONSE:**

Plaintiff incorporates their objections to Interrogatory Nos. 1, 4, and 5, and further objects that this Interrogatory is unnecessarily duplicative of Interrogatory Nos. 4 and 5. Plaintiff objects on the basis of proportionality based on the parties' relative access to information and because the burden of the proposed discovery outweighs its likely benefit. GEICO is best positioned to interview its own supervisory employees about their interactions with Plaintiff and their knowledge of reports made by Plaintiff. Plaintiff also objects to this Interrogatory because it consists of multiple subparts and exceeds Defendant's allowed limit for Interrogatories under Rule 33(a)(1). This Interrogatory is further unreasonably cumulative and overburdensome to the extent that GEICO served effectively the same request on each of the 60 individual Plaintiffs or Opt-in Plaintiffs in this case, and engaged in dilatory conduct by waiting

9

until just over five weeks before the close of Phase II discovery to serve 35 sets of discovery on the same day.

Without waiving objections, Plaintiff incorporates their responses to Interrogatory Nos. 4 and 5 into this response.

**INTERROGATORY NO. 8:**

Describe with specificity each type of item of damage, loss, or expense you are seeking to recover as a result of this action and, for each, identify the amount(s), provide the supporting calculation(s), and identify any documents that evidence or support your claim.

**RESPONSE:**

Plaintiff incorporates the objections to Interrogatory No. 1.

Plaintiff refers Defendants to the Complaint in this matter for the types of damages Plaintiff seeks to recover, and to Plaintiffs' forthcoming expert report following a complete data production by GEICO.

This Interrogatory is further unreasonably cumulative and overburdensome to the extent that GEICO served effectively the same request on each of the 60 individual Plaintiffs or Opt-in Plaintiffs in this case, and engaged in dilatory conduct by waiting until just over five weeks before the close of Phase II discovery to serve 35 sets of discovery on the same day.

Without waiving these objections, Plaintiff incorporates the response to Interrogatory No. 1.

**INTERROGATORY NO. 9:**

Describe any method by which you could request overtime from any SIU Manager or SIU Supervisor during the Relevant Period, including but not limited to any method for requesting to work overtime or for reporting overtime hours already worked, and, for each, describe the method, the manner by which any such method was communicated to you, and identify the document or

10

person who delivered such communication(s).

**RESPONSE:**

Plaintiff objects on the basis of proportionality based on the parties' relative access to information, the importance of the discovery in resolving the issues, and because the burden of the proposed discovery outweighs its likely benefit.  The Request is not proportional because it seeks information in GEICO's possession, or information of which GEICO should already be aware.  This Interrogatory is further unreasonably cumulative and overburdensome to the extent that GEICO served effectively the same request on each of the 60 individual Plaintiffs or Opt-in Plaintiffs in this case, and engaged in dilatory conduct by waiting until just over five weeks before the close of Phase II discovery to serve 35 sets of discovery on the same day.

Based on these objections, Plaintiff will not respond to this Interrogatory.

**INTERROGATORY NO. 10:**

Describe all instances during the Relevant Period in which you requested approval to work overtime and were denied approval to work overtime including by providing, for each instance, (i) the person to whom you made the request; (ii) the date of the request; (iii) the method by which you made the request; and (iv) a description of the response to the request.

**RESPONSE:**

Plaintiff objects on the basis of proportionality based on the parties' relative access to information, the importance of the discovery in resolving the issues, and because the burden of the proposed discovery outweighs its likely benefit.  The Request is not proportional because it seeks information in GEICO's possession, or information of which GEICO should already be aware.  Plaintiff also objects to this Interrogatory because it consists of multiple subparts and exceeds Defendant's allowed limit for Interrogatories under Rule 33(a)(1).  This Interrogatory is further unreasonably cumulative and overburdensome to the extent that GEICO served

11

effectively the same request on each of the 60 individual Plaintiffs or Opt-in Plaintiffs in this case, and engaged in dilatory conduct by waiting until just over five weeks before the close of Phase II discovery to serve 35 sets of discovery on the same day.

Based on these objections, Plaintiff will not respond to this Interrogatory.

**INTERROGATORY NO. 11:**

Describe all instances during the Relevant Period in which you worked overtime without prior approval or authorization, including by providing, for each instance: (i) the date the overtime was worked; (ii) the number of overtime hours worked; (iii) whether you reported the overtime, including the method, e.g., whether you reported the overtime to your supervisor(s), whether you submitted the overtime into GEICO's timekeeping systems, etc.; and (iv) whether you received pay for the overtime.

**RESPONSE:**

Plaintiff incorporates their objections to Interrogatory No 1. Plaintiff also objects to this Interrogatory because it consists of multiple subparts and exceeds Defendant's allowed limit for Interrogatories under Rule 33(a)(1). This Interrogatory is further unreasonably cumulative and overburdensome to the extent that GEICO served effectively the same request on each of the 60 individual Plaintiffs or Opt-in Plaintiffs in this case, and engaged in dilatory conduct by waiting until just over five weeks before the close of Phase II discovery to serve 35 sets of discovery on the same day.

In light of these objections, Plaintiff responds that they generally worked a total of fifty-six hours per week in complete workweeks that they worked for GEICO. Out of those fifty-six hours, approximately one to two hours per week were typically spent either driving from home to Plaintiff's first appointment as the first task of the day, or from the last appointment to Plaintiff's

home as the last task of the day.[1]

## INTERROGATORY NO. 12:

Identify each and every document and/or person that you relied upon or referred to in responding to Defendant's interrogatories or that support or in any way relate to your answers to Defendant's interrogatories.

## RESPONSE:

Plaintiff objects that this Interrogatory appears to be interposed for the improper purpose of needlessly increasing the cost of litigation. *See* Fed. R. Civ. P. 26(g)(1)(B)(ii). GEICO's counsel is capable of reviewing the record in this case and determining which evidence supports or relates to Plaintiffs' allegations, and asking Plaintiff to identify "each and every document" that "support[s] or in any way relate[s]" to their answers is unreasonably vague and burdensome and disproportional to the needs of the case. This Interrogatory is further unreasonably cumulative and overburdensome to the extent that GEICO served effectively the same request on each of the 60 individual Plaintiffs or Opt-in Plaintiffs in this case, and engaged in dilatory conduct by waiting until just over five weeks before the close of Phase II discovery to serve 35 sets of discovery on the same day.

Based on these objections, Plaintiff will not respond to this Interrogatory.

Respectfully submitted,

Dated: December 1, 2025            By:        */s/ Michael J. Scimone*

---

[1]    By disclosing these facts, Plaintiff does not concede that this separately-stated travel time is noncompensable, and reserves all arguments as to the compensable nature of all hours estimated in this response.

13

Michael J. Scimone
Jarron D. McAllister
**OUTTEN & GOLDEN LLP**
685 Third Avenue, 25th Floor
New York, NY 10017
Telephone: 212-245-1000
Fax: 646-509-2060
mscimone@outtengolden.com
jmcallister@outtengolden.com

Ryan Cowdin*
**OUTTEN & GOLDEN LLP**
1225 New York Avenue NW
Suite 1200B
Washington, DC 20005
Telephone: 202-929-0636
Fax: 202-847-4410
rcowdin@outtengolden.com

Kaelyn Mahar
**OUTTEN & GOLDEN LLP**
One California Street, 12th Floor
San Francisco, CA 94111
Telephone: 415-715-1787
Fax: 415-638-8810
kmahar@outtengolden.com

Troy L. Kessler
Garrett Kaske
**KESSLER MATURA P.C.**
534 Broadhollow Road, Suite 275
Melville, NY 11747
Telephone: 631-499-9100
Facsimile: 800-451-0874
tkessler@kesslermatura.com
gkaske@kesslermatura.com
* Admitted *Pro Hac Vice*

*Attorneys for Plaintiffs and the Putative Class and Collective*

14

## <u>VERIFICATION</u>

I, Sheena Faublas, have read the foregoing **Plaintiffs' Responses And Objections To Defendant's First Set Of Interrogatories To Opt-In Plaintiff Sheena Faublas** and know the contents thereof.

My responses as stated in the foregoing document are true of my own knowledge, except as to those matters that are stated on information and belief, and as to those matters, I believe them to be true.

I declare, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.

Dated: _____12/01/2025_____      By: *Sheena Faublas*

                                                                   Sheena Faublas

15