# Exhibit LL

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

KEITH FISCHER, MICHAEL O'SULLIVAN,
JOHN MOESER, LOUIS PIA, THOMAS
BARDEN, CONSTANCE MANGAN, CHARISE
JONES, and ASHLEY ALVAREZ individually
and on behalf of all others similarly situated,

          Plaintiffs,

      v.

GOVERNMENT EMPLOYEES INSURANCE
COMPANY d/b/a GEICO,

          Defendant.

Case No. 23 Civ. 2848 (GRB) (ARL)

---

## OPT-IN PLAINTIFF SCOTT BRADY'S RESPONSES TO THE COURT'S INTERROGATORIES

**INTERROGATORY NO. 1:**

During what period of time did you work for the Defendant?

**RESPONSE TO INTERROGATORY NO. 1:**

See attached Declaration of Scott Brady.

**INTERROGATORY NO. 2:**

Who was your immediate supervisor?

**RESPONSE TO INTERROGATORY NO. 2:**

See attached Declaration of Scott Brady.

**INTERROGATORY NO. 3:**

Did you have a regularly scheduled work period? If so, specify.

**RESPONSE TO INTERROGATORY NO. 3**:

See attached Declaration of Scott Brady.

**INTERROGATORY NO. 4:**

What was your title or position? Briefly describe your job duties.

**RESPONSE TO INTERROGATORY NO. 4:**

See attached Declaration of Scott Brady.

**INTERROGATORY NO. 5:**

What was your regular rate of pay?

**RESPONSE TO INTERROGATORY NO. 5:**

See attached Declaration of Scott Brady.

**INTERROGATORY NO. 6:**

What is the nature of your claim? (Check all that apply.)

**RESPONSE TO INTERROGATORY NO. 6:**

☒Off-the-clock work (Defendant failed to record, or prohibited you from recording, all

of your working time);

☐Misclassification (Defendant mistakenly classified you as exempt from overtime);

☐Misclassification (Defendant failed to correctly calculate your compensation);

☐Other (Please describe).

**INTERROGATORY NO. 7:**

Provide an accounting of your claim, including:

    a)  Dates

    b)  Regular hours worked

    c)  Over-time hours worked

d) Pay received versus pay claimed

e) Total amount claimed

**RESPONSE TO INTERROGATORY NO. 7:**

See attached Declaration of Scott Brady.

**INTERROGATORY NO. 8:**

If you have brought this case as a collective action:

a) Describe the class of employees you seek to include in this action.

b) Has an opt-in notice been filed for every potential opt-in Plaintiff who has identified himself or herself as a person who wishes to join this action?

**RESPONSE TO INTERROGATORY NO. 8:**

a) Plaintiffs seek to send notice to a potential collective consisting of all current and former non-exempt classified employees of GEICO who worked as Special Investigators (regardless of variations in title[1]) throughout the United States during the time period from three years prior to the filing of the complaint until resolution of this action, and additionally including all periods of tolling agreed to between the Parties to this action.[2]

b) Written consent to join this action has been filed on behalf of every potential Plaintiff who has expressed their wish to join this action as of the date of this response. Further

---

[1] As of this writing, Plaintiffs are aware of the following variant job titles used for Special Investigators: Special Investigators, Special Investigator Trainers, SIU Investigators, Security Investigators, Senior Outside Security Investigators, Outside Field Investigators, Medical Investigators, Medical Fraud Investigators, Inside Medical Investigators, and Lead Investigators.

[2] The Parties entered a partial tolling agreement before Plaintiffs filed this lawsuit. This agreement tolls the claims of Thomas Barden, Louis Caniglia, Jr., Louis Caniglia, Sr., Craig Costanzo, Danielle Ennis, Keith Fischer, Margaret Fisher, Anthony Geraci, Mark Giambalvo, John Gillen, Michael Grey, Daniel King, Constance Mangan, George McManus, John Moeser, Joseph Neenan, Michael O'Sullivan, Michael Reed and Mark Sowell as of July 29, 2022, and tolls the claims of Louis Pia and Evan Teatum as of December 6, 2022.

3

opt-in notices may be filed by potential opt-in Plaintiffs if the Court decides on Plaintiffs' forthcoming 216(b) Motion to send notice of this action to potential opt-in Plaintiffs.

**INTERROGATORY NO. 9:**

Please specify all attorney's fees and costs incurred to date. With respect to attorney's fees, please provide the hourly rate(s) sought and the number of hours expended by each person who has billed time to this case.

**RESPONSE TO INTERROGATORY NO. 9:**

As of October 31, 2023 for Outten & Golden LLP and November 1, 2023 for Kessler Matura P.C., Plaintiffs' counsel has incurred attorneys' fees and advanced costs in the amounts summarized below:

| Firm | Fees | Hours | Costs |
|---|---|---|---|
| Outten & Golden LLP | $ 347,077.50 | 759.1 | $ 7,986.41 |
| Kessler Matura P.C. | $ 11,152.50 | 28.3 | $ 0.00 |
| **TOTAL** | **$358,230.00** | **787.4** | **$ 7,986.41** |
| **GRAND TOTAL: $366,216.41** | | | |

| Outten & Golden LLP | Hours | Fees |
|---|---|---|
| Attorneys | 682.7 | $ 322,247.50 |
| Staff | 76.4 | $ 24,830.00 |
| Total | 759.1 | $ 347,077.50 |

| Kessler Matura P.C. | Hours | Fees |
|---|---|---|
| Attorneys | 24.1 | $ 10,522.50 |
| Staff | 4.2 | $ 630.00 |
| Total | 28.3 | $ 11,152.50 |

| Outten & Golden LLP | | | | | |
|---|---|---|---|---|---|
| Attorney/Staff | Initials | Title | Rate | Hours | Total |
| Michael J. Scimone | MJS | Partner | $ 800.00 | 131.4 | $ 105,120.00 |
| Justin M. Swartz | JMS | Partner | $ 1,150.00 | 7.9 | $ 9,085.00 |
| Theanne Liu Svedman | TXL | Associate | $ 375.00 | 338.0 | $ 126,750.00 |

| Jarron D. McAllister | JDM | Associate | $ | 375.00 | 148.5 | $ | 55,687.50 |
| Sabine Jean | SXJ | Associate | $ | 450.00 | 56.9 | $ | 25,605.00 |
| Christopher Truong | CXT | Paralegal | $ | 325.00 | 63.7 | $ | 20,702.50 |
| Michaela Dougherty | MDX | Paralegal | $ | 325.00 | 12.7 | $ | 4,127.50 |
| | | | Totals: | | 759.1 | $ | 347,077.50 |

| Kessler Matura P.C. | | | | |
|---|---|---|---|---|
| Attorney/Staff | Title | Rate | Hours | Total |
| Troy L. Kessler | Partner | $625.00 | 1.4 | $ 875.00 |
| Garrett Kaske | Associate | $425.00 | 22.7 | $ 9,647.50 |
| Kristine Jimenez | Paralegal | $150.00 | 4.2 | $ 630.00 |
| | | Totals: | 28.3 | $ 11,152.00 |

| Outten & Golden LLP | Costs |
|---|---|
| FedEx/UPS Charges | $ 46.64 |
| Filing Fees | $ 247.00 |
| Legal Research | $ 595.01 |
| Mediation Costs | $ 6,794.19 |
| Process Server | $ 303.57 |
| Total | $ 7,986.41 |

**INTERROGATORY NO. 10:**

When did you (or your attorney) first complain to your employer about alleged violations

of the FLSA?

**RESPONSE TO INTERROGATORY NO. 10:**

See attached Declaration of Scott Brady.

**INTERROGATORY NO. 11:**

Was this complaint written or oral? (If a written complaint, please attach a copy).

**RESPONSE TO INTERROGATORY NO. 11:**

See attached Declaration of Scott Brady.

**INTERROGATORY NO. 12:**

What was your employer's response? (If a written response, please attach a copy).

5

**RESPONSE TO INTERROGATORY NO. 12:**

See attached Declaration of Scott Brady.

Dated: November 9, 2023           */s/Michael J. Scimone*
       New York, NY              Michael J. Scimone

                                 Michael J. Scimone
                                 Sabine Jean
                                 Jarron D. McAllister
                                 **OUTTEN & GOLDEN LLP**
                                 685 Third Avenue, 25th Floor
                                 New York, NY 10017
                                 Telephone: 212-245-1000
                                 Facsimile: 646-509-2060
                                 mscimone@outtengolden.com
                                 sjean@outtengolden.com
                                 jmcallister@outtengolden.com

                                 Theanne Liu Svedman
                                 **OUTTEN & GOLDEN LLP**
                                 1225 New York Ave NW, Suite 1200B
                                 Washington, DC 20005
                                 Telephone: (202) 847-4400
                                 Facsimile: (202) 847-4410
                                 tliusvedman@outtengolden.com

                                 Troy L. Kessler
                                 Garrett Kaske
                                 **KESSLER MATURA P.C.**
                                 534 Broadhollow Road, Suite 275
                                 Melville, New York 11747
                                 Telephone: (631) 499-9100
                                 Facsimile: (631) 499-9120
                                 tkessler@kesslermatura.com
                                 gkaske@kesslermatura.com

                                 *Attorneys for Plaintiffs and the Putative Class
                                 and Collective*

6

**VERIFICATION**

I, Scott Brady, have read the foregoing **OPT-IN PLAINTIFF SCOTT BRADY'S**

**RESPONSES TO THE COURT'S INTERROGATORIES** and know the contents thereof.

My responses as stated in the foregoing document are true of my own knowledge, expect

as to those matters that are stated on information and belief, and as to those matters, I believe

them to be true.

I declare, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.

Dated: 11/09/2023

Signature: _Scott Brady_

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

KEITH FISCHER, MICHAEL O'SULLIVAN, JOHN MOESER, LOUIS PIA, THOMAS BARDEN, CONSTANCE MANGAN, CHARISE JONES, and ASHLEY ALVAREZ individually and on behalf of all others similarly situated,

Plaintiffs,

v.

GOVERNMENT EMPLOYEES INSURANCE COMPANY d/b/a GEICO.,

Defendant.

No. 23 Civ. 02848 (GRB) (ARL)

## DECLARATION OF SCOTT BRADY

I, Scott Brady, declare, based on personal knowledge and under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following is true and correct:

**Employment History and Job Duties**

1.      I have been employed as a Special Investigator at GEICO from around 2016 or 2017 to the present.  I have worked remotely throughout my tenure, either in the field or from my home in West Islip, New York and am assigned to GEICO's Melville office in Suffolk County, New York.

2.      I formerly reported to Gerard Cassagne and Toni D'Agata.  My current immediate supervisor is Theresa Bishop.

3.      As a Special Investigator my main job duties are to investigate claims of suspected insurance fraud.  GEICO assigns cases of suspected insurance fraud to Special Investigators, who are responsible for documenting evidence of fraud.  As part of this process,

my job duties include, among other things, reviewing case files; running background checks; driving out to accident scenes, or theft sites; gathering evidence; interviewing witnesses and law enforcement; confirming police reports; canvassing and surveilling scenes; conducting examinations under oath; and writing and submitting reports about my findings in cases. I have been a Level 66 Special Investigator since 2018, which involves some additional job duties such as reviewing vehicles' event data recorders and occasionally training and answering questions from lower-level Special Investigators.

4. From January 2020 to early in 2023, GEICO classified me and other Special Investigators as non-exempt employees who were eligible for overtime pay at one and one-half times my regular rate if I worked over 40 hours a week.

5. This year, it was explained to me that as a Level 66 Special Investigator, I am now exempt from overtime such that I do not clock in and out, even though my job duties are largely the same. In fact, GEICO no longer requires me to train Special Investigators. My current regular rate of pay is $47.45 per hour.

6. As both a Level 65 and Level 66 Special Investigator, I have no supervisory authority over other Special Investigators and do not have authority to set other employees' schedules, to direct their work, or to hire, fire, or discipline other employees.

**My Schedule and Unpaid Wages and Overtime**

7. As a non-exempt employee, GEICO required me to use a web-based timekeeping program to submit my time on a weekly basis.

8. I only entered 7.75 hours per day, five days a week. regardless of how many hours I actually worked. My understanding from conversations with my supervisors was that GEICO

- 2 -

did not authorize overtime if I needed to work on my regular caseload.  GEICO authorized overtime only if it had additional cases to assign me.

9.    GEICO did not provide me with a regularly scheduled work period, but has recently stated that Special Investigators may not start working before 6:00 A.M.  Prior to March 2020 I worked approximately 49 hours a week on average.

10.    Starting in March 2020, the COVID-19 pandemic halted field operations, so all of my work was done remotely until sometime in 2021 when GEICO permitted me to review vehicles' event data recorders in the field.  GEICO increased my caseload significantly after March 2020 through 2021.  My overtime hours increased substantially as a result.  I worked from approximately 7:00 A.M. to 5:30 or 6:00 P.M., then I would have dinner and work again from approximately 7:00-10:00 P.M. or 11:00 P.M.

11.    In 2022, I recall starting work from 7:00-8:00 A.M. and working until 7:00-8:00 P.M.  From January 2023 to August 2023, I worked from 7:00-8:00 A.M. until 5:00-5:30 P.M. Since September 2023, I work from 7:00 A.M. to 3:30 P.M.

12.    From 2017 to March 2020, my regular hours worked were approximately 49 hours per week; from March 2020 through December 2021 my regular hours worked were approximately 71 hours per week; and in 2022 my regular hours worked were approximately 60 hours per week. My most recent regular rate of pay is $47.45 per hour.  During nearly all of this time, I entered only 38.75 hours in the timekeeping system, and I was only paid for 38.75 hours ($1,838.69 per week).  In sum, for the periods described above, my best estimate is that I am owed approximately $268,578.71 in unpaid wages.  This is based on my best recollection over a period of several years and my last regular rate of pay, so it is possible that records and other documents in GEICO's possession could refresh my recollection and cause me to revise this

- 3 -

estimate to be more precise.  This amount does not include liquidated damages, which would add

another $268,578.71 in damages, and does not include amounts for attorneys' fees or costs, pre-

judgment interest, and post-judgment interest as provided by law.

**GEICO's Overtime Pay Practices**

13.     Before I was recently reclassified as exempt from overtime, GEICO required me

to seek approval from my supervisor to submit any hours worked above 38.75.  My

understanding was that GEICO only provided overtime pay when it had additional work to offer

me, not for my regular casework.  Accordingly, GEICO failed to record all of my hours worked

during my tenure, and I was not paid for hours, including overtime hours, that I worked off the

clock.

14.     GEICO also had a variety of performance metrics that I was required to meet to

remain in good standing.  These performance metrics and ratings changed constantly, but to the

best of my recollection GEICO generally evaluated me based on how many hours it took me to

complete a case task, how often I made an entry in a case report, how many days I took to close a

case, and how many cases I completed within a month.  These metrics put a lot of pressure on

me to work as much as needed to meet these goals and deadlines.

15.     I recall having phone calls with my supervisor in late 2020 through 2021 and

complaining about my caseload.  I was never admonished for working too many hours, and was

just told that GEICO knew that it was busy for Special Investigators, to hang in there, and that it

would change soon.

16.     As a result of the competing pressures that GEICO placed on me to do more

work, meet demanding performance metrics, and limit my work schedule to non-overtime hours,

- 4 -

I regularly performed work for GEICO that I did not report in the company's timekeeping system. As a result, I was not paid for overtime hours that I worked off the clock.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:     11/09/2023
        West Islip, New York

*Scott Brady*

Scott Brady

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

---

KEITH FISCHER, MICHAEL O'SULLIVAN,
JOHN MOESER, LOUIS PIA, THOMAS
BARDEN, CONSTANCE MANGAN, CHARISE
JONES, and ASHLEY ALVAREZ individually
and on behalf of all others similarly situated,

                 Plaintiffs,

    v.

GOVERNMENT EMPLOYEES INSURANCE
COMPANY d/b/a GEICO,

                 Defendant.

Case No. 23 Civ. 2848 (GRB) (ARL)

---

## OPT-IN PLAINTIFF LOUIS CANIGLIA, SR.'S RESPONSES TO THE COURT'S INTERROGATORIES

**INTERROGATORY NO. 1:**

During what period of time did you work for the Defendant?

**RESPONSE TO INTERROGATORY NO. 1:**

See attached Declaration of Louis Caniglia, Sr.

**INTERROGATORY NO. 2:**

Who was your immediate supervisor?

**RESPONSE TO INTERROGATORY NO. 2:**

See attached Declaration of Louis Caniglia, Sr.

**INTERROGATORY NO. 3:**

Did you have a regularly scheduled work period? If so, specify.

Doc ID: c14392515920f3fa315e24a87c404e25f362ee57

**RESPONSE TO INTERROGATORY NO. 3**:

See attached Declaration of Louis Caniglia, Sr.

**INTERROGATORY NO. 4:**

What was your title or position? Briefly describe your job duties.

**RESPONSE TO INTERROGATORY NO. 4:**

See attached Declaration of Louis Caniglia, Sr.

**INTERROGATORY NO. 5:**

What was your regular rate of pay?

**RESPONSE TO INTERROGATORY NO. 5:**

See attached Declaration of Louis Caniglia, Sr.

**INTERROGATORY NO. 6:**

What is the nature of your claim? (Check all that apply.)

**RESPONSE TO INTERROGATORY NO. 6:**

☒Off-the-clock work (Defendant failed to record, or prohibited you from recording, all

of your working time);

☐Misclassification (Defendant mistakenly classified you as exempt from overtime);

☐Misclassification (Defendant failed to correctly calculate your compensation);

☐Other (Please describe).

**INTERROGATORY NO. 7:**

Provide an accounting of your claim, including:

a) Dates

b) Regular hours worked

c) Over-time hours worked

2

Doc ID: c14392515920f3fa315e24a87c404e25f362ee57

d)  Pay received versus pay claimed

e)  Total amount claimed

**RESPONSE TO INTERROGATORY NO. 7:**

See attached Declaration of Louis Caniglia, Sr.

**INTERROGATORY NO. 8:**

If you have brought this case as a collective action:

a)  Describe the class of employees you seek to include in this action.

b)  Has an opt-in notice been filed for every potential opt-in Plaintiff who has identified himself or herself as a person who wishes to join this action?

**RESPONSE TO INTERROGATORY NO. 8:**

a)  Plaintiffs seek to send notice to a potential collective consisting of all current and former non-exempt classified employees of GEICO who worked as Special Investigators (regardless of variations in title[1]) throughout the United States during the time period from three years prior to the filing of the complaint until resolution of this action, and additionally including all periods of tolling agreed to between the Parties to this action.[2]

b)  Written consent to join this action has been filed on behalf of every potential Plaintiff who has expressed their wish to join this action as of the date of this response.  Further

---

[1]    As of this writing, Plaintiffs are aware of the following variant job titles used for Special Investigators: Special Investigators, Special Investigator Trainers, SIU Investigators, Security Investigators, Senior Outside Security Investigators, Outside Field Investigators, Medical Investigators, Medical Fraud Investigators, Inside Medical Investigators, and Lead Investigators.

[2]    The Parties entered a partial tolling agreement before Plaintiffs filed this lawsuit.  This agreement tolls the claims of Thomas Barden, Louis Caniglia, Jr., Louis Caniglia, Sr., Craig Costanzo, Danielle Ennis, Keith Fischer, Margaret Fisher, Anthony Geraci, Mark Giambalvo, John Gillen, Michael Grey, Daniel King, Constance Mangan, George McManus, John Moeser, Joseph Neenan, Michael O'Sullivan, Michael Reed and Mark Sowell as of July 29, 2022, and tolls the claims of Louis Pia and Evan Teatum as of December 6, 2022.

3

Doc ID: c14392515920f3fa315e24a87c404e25f362ee57

opt-in notices may be filed by potential opt-in Plaintiffs if the Court decides on Plaintiffs' forthcoming 216(b) Motion to send notice of this action to potential opt-in Plaintiffs.

**INTERROGATORY NO. 9:**

Please specify all attorney's fees and costs incurred to date. With respect to attorney's fees, please provide the hourly rate(s) sought and the number of hours expended by each person who has billed time to this case.

**RESPONSE TO INTERROGATORY NO. 9:**

As of October 31, 2023 for Outten & Golden LLP and November 1, 2023 for Kessler Matura P.C., Plaintiffs' counsel has incurred attorneys' fees and advanced costs in the amounts summarized below:

| Firm | Fees | Hours | Costs |
|---|---|---|---|
| Outten & Golden LLP | $ 347,077.50 | 759.1 | $ 7,986.41 |
| Kessler Matura P.C. | $ 11,152.50 | 28.3 | $ 0.00 |
| **TOTAL** | **$358,230.00** | **787.4** | **$ 7,986.41** |
| **GRAND TOTAL: $366,216.41** | | | |

| Outten & Golden LLP | | |
|---|---|---|
| | Hours | Fees |
| Attorneys | 682.7 | $ 322,247.50 |
| Staff | 76.4 | $ 24,830.00 |
| Total | 759.1 | $ 347,077.50 |

| Kessler Matura P.C. | | |
|---|---|---|
| | Hours | Fees |
| Attorneys | 24.1 | $ 10,522.50 |
| Staff | 4.2 | $ 630.00 |
| Total | 28.3 | $ 11,152.50 |

| Outten & Golden LLP | | | | | |
|---|---|---|---|---|---|
| Attorney/Staff | Initials | Title | Rate | Hours | Total |
| Michael J. Scimone | MJS | Partner | $ 800.00 | 131.4 | $ 105,120.00 |
| Justin M. Swartz | JMS | Partner | $ 1,150.00 | 7.9 | $ 9,085.00 |
| Theanne Liu Svedman | TXL | Associate | $ 375.00 | 338.0 | $ 126,750.00 |

4

Doc ID: c14392515920f3fa315e24a87c404e25f362ee57

| Jarron D. McAllister | JDM | Associate | $ | 375.00 | 148.5 | $ | 55,687.50 |
|---|---|---|---|---|---|---|---|
| Sabine Jean | SXJ | Associate | $ | 450.00 | 56.9 | $ | 25,605.00 |
| Christopher Truong | CXT | Paralegal | $ | 325.00 | 63.7 | $ | 20,702.50 |
| Michaela Dougherty | MDX | Paralegal | $ | 325.00 | 12.7 | $ | 4,127.50 |
| | | | Totals: | | 759.1 | $ | 347,077.50 |

| Kessler Matura P.C. | | | | |
|---|---|---|---|---|
| Attorney/Staff | Title | Rate | Hours | Total |
| Troy L. Kessler | Partner | $625.00 | 1.4 | $ 875.00 |
| Garrett Kaske | Associate | $425.00 | 22.7 | $ 9,647.50 |
| Kristine Jimenez | Paralegal | $150.00 | 4.2 | $ 630.00 |
| | | Totals: | 28.3 | $ 11,152.00 |

| Outten & Golden LLP | Costs |
|---|---|
| FedEx/UPS Charges | $ 46.64 |
| Filing Fees | $ 247.00 |
| Legal Research | $ 595.01 |
| Mediation Costs | $ 6,794.19 |
| Process Server | $ 303.57 |
| Total | $ 7,986.41 |

**INTERROGATORY NO. 10:**

When did you (or your attorney) first complain to your employer about alleged violations of the FLSA?

**RESPONSE TO INTERROGATORY NO. 10:**

See attached Declaration of Louis Caniglia, Sr.

**INTERROGATORY NO. 11:**

Was this complaint written or oral? (If a written complaint, please attach a copy).

**RESPONSE TO INTERROGATORY NO. 11:**

See attached Declaration of Louis Caniglia, Sr.

**INTERROGATORY NO. 12:**

What was your employer's response? (If a written response, please attach a copy).

5

Doc ID: c14392515920f3fa315e24a87c404e25f362ee57

**RESPONSE TO INTERROGATORY NO. 12:**

       See attached Declaration of Louis Caniglia, Sr.

Dated: November 14, 2023                             */s/Michael J. Scimone*
      New York, NY                                 Michael J. Scimone

                                           Michael J. Scimone
Sabine Jean
Jarron D. McAllister
**OUTTEN & GOLDEN LLP**
685 Third Avenue, 25th Floor
New York, NY 10017
Telephone: 212-245-1000
Facsimile: 646-509-2060
mscimone@outtengolden.com
sjean@outtengolden.com
jmcallister@outtengolden.com

Theanne Liu Svedman
**OUTTEN & GOLDEN LLP**
1225 New York Ave NW, Suite 1200B
Washington, DC 20005
Telephone: (202) 847-4400
Facsimile: (202) 847-4410
tliusvedman@outtengolden.com

Troy L. Kessler
Garrett Kaske
**KESSLER MATURA P.C.**
534 Broadhollow Road, Suite 275
Melville, New York 11747
Telephone: (631) 499-9100
Facsimile: (631) 499-9120
tkessler@kesslermatura.com
gkaske@kesslermatura.com

*Attorneys for Plaintiffs and the Putative Class
and Collective*

6

Doc ID: c14392515920f3fa315e24a87c404e25f362ee57

## <u>VERIFICATION</u>

I, Louis Caniglia, Sr., have read the foregoing **OPT-IN PLAINTIFF LOUIS CANIGLIA, SR.'S RESPONSES TO THE COURT'S INTERROGATORIES** and know the contents thereof.

My responses as stated in the foregoing document are true of my own knowledge, expect as to those matters that are stated on information and belief, and as to those matters, I believe them to be true.

I declare, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.


Dated:<u>11 / 14 / 2023</u>




Signature:<u>　　　　　　　　　</u>

7

Doc ID: c14392515920f3fa315e24a87c404e25f362ee57

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

KEITH FISCHER, MICHAEL O'SULLIVAN, JOHN MOESER, LOUIS PIA, THOMAS BARDEN, CONSTANCE MANGAN, CHARISE JONES, and ASHLEY ALVAREZ individually and on behalf of all others similarly situated,

Plaintiffs,

v.

GOVERNMENT EMPLOYEES INSURANCE COMPANY d/b/a GEICO.,

Defendant.

No. 23 Civ. 02848 (GRB) (ARL)

## DECLARATION OF LOUIS CANIGLIA, SR.

I, Louis Caniglia, Sr., declare, based on personal knowledge and under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following is true and correct:

**Employment History and Job Duties**

1.      I was employed as a Special Investigator at GEICO from about 2001 through November 2020.

2.      I worked remotely throughout my tenure, either in the field or from my home in Nanuet, New York and was assigned to GEICO's Woodbury office in Nassau County, New York.  I primarily covered investigations in Rockland, Westchester, Bronx, and Orange Counties.

3.      I reported to Dara Campbell, who was my immediate supervisor.  Bill Newport was the manager of the Special Investigation Unit at the GEICO Woodbury office.

Doc ID: c14392515920f3fa315e24a87c404e25f362ee57

4.      As a Special Investigator my main job duties were to investigate claims of suspected insurance fraud.  GEICO assigns cases of suspected insurance fraud to Special Investigators, who are responsible for documenting evidence of fraud.  As part of this process, my job duties included, among other things, reviewing case files; running background checks; examining provider billing reports; driving out to medical facilities, accident scenes, or theft sites; gathering evidence; interviewing witnesses and law enforcement; confirming police reports; canvassing and surveilling scenes; conducting examinations under oath; and writing and submitting reports about my findings in cases.

5.      Since January 2020, GEICO classified me and other Special Investigators as employees who were eligible for overtime pay at one and one-half times my regular rate if I worked over 40 hours a week.  My last regular rate of pay was $43.29 per hour.

**My Schedule and Unpaid Wages and Overtime**

6.      As an hourly-paid employee, GEICO required me to use a web-based timekeeping program to submit my time on a weekly basis.

7.      GEICO instructed us to only report our scheduled 38.75 hours per week, or 7.75 hours a day, five days a week, in the timekeeping program, which I did, regardless of how many hours I actually worked.

8.      Over the course of the last four years of my employment, my official schedule for GEICO was generally 8:00 am to 4:00 pm.  I also worked approximately three hours each day in addition to that.  I worked about 50 to 55 hours a week on average.

9.      Starting in March 2020, the COVID-19 pandemic halted field operations, so all of my work was done remotely until I retired in approximately November 2020.  GEICO assigned cases using a point-based system.  GEICO inaccurately assumed that remote work could be

Doc ID: c14392515920f3fa315e24a87c404e25f362ee57

completed in substantially less time than in-person field work, so it assigned remote cases fewer points.  Because remote cases were given a lesser point value, GEICO increased my caseload significantly after March 2020.  It seemingly doubled, however I still worked about 50 to 55 weeks on average during this time.

10.    From December 2016 through November 2020, my regular hours worked were approximately 50 to 55 hours per week, and my last regular rate of pay was $43.29 per hour.  During nearly all of this time, I entered only 38.75 hours in the timekeeping system, and I was only paid for 38.75 hours ($1,667.49 per week).  In sum, for the periods described above, with the exception of late May through July 2020 when I was paid overtime, my best estimate is that I am owed approximately $58,678.84 in unpaid wages.  This is based on my best recollection over a period of several years and my last regular rate of pay, so it is possible that records and other documents in GEICO's possession could refresh my recollection and cause me to revise this estimate to be more precise.  This amount does not include liquidated damages, which would add another $58,678.84 in damages, and does not include amounts for attorneys' fees or costs, pre-judgment interest, and post-judgment interest as provided by law.

**GEICO's Overtime Pay Practices**

11.    GEICO required me to seek approval from my supervisor to submit any hours worked above 38.75.  At various times during my employment, we were told that we were not going to get paid for our overtime hours.  For example, after paying some overtime hours in the late winter or early spring of 2020, my supervisor told me that GEICO was no longer going to pay us for the overtime hours we were working.  Accordingly, GEICO failed to record all my hours worked during my tenure, and I was not paid for hours, including overtime hours, that I worked off the clock.

- 3 -

12.     GEICO also had a variety of performance metrics that I was required to meet to remain in good standing.  These performance metrics and ratings changed constantly, but to the best of my recollection GEICO generally evaluated me based on how many hours it took me to complete a case task, how often I made an entry in a case report, how many days I took to close a case, and how many cases I completed within a month.  These metrics put a lot of pressure on me to work as much as needed to meet these goals and deadlines.

13.     Between around May 2020 and November 2020, I had several conversations with my supervisor about the increased workload and GEICO's failure to pay us for all our overtime hours.  My supervisor told me, in sum and substance, that the company just wasn't going to pay us overtime any more.

14.     As a result of the competing pressures that GEICO placed on me to do more work, meet demanding performance metrics, and limit my work schedule to non-overtime hours, I regularly performed work for GEICO that I did not report in the company's timekeeping system.  As a result, I was not paid for overtime hours that I worked off the clock.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:      November 14, 2023
             Nanuet, New York


                                                    _____
                                                    LOUIS CANIGLIA, Sr.

- 4 -

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| KEITH FISCHER, MICHAEL O'SULLIVAN, JOHN MOESER, LOUIS PIA, THOMAS BARDEN, CONSTANCE MANGAN, CHARISE JONES, and ASHLEY ALVAREZ individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOVERNMENT EMPLOYEES INSURANCE COMPANY d/b/a GEICO,<br><br>Defendant. | Case No. 23 Civ. 2848 (GRB) (ARL) |

## OPT-IN PLAINTIFF VITO DINISO'S RESPONSES TO THE COURT'S INTERROGATORIES

**INTERROGATORY NO. 1:**

During what period of time did you work for the Defendant?

**RESPONSE TO INTERROGATORY NO. 1:**

See attached Declaration of Vito DiNiso.

**INTERROGATORY NO. 2:**

Who was your immediate supervisor?

**RESPONSE TO INTERROGATORY NO. 2:**

See attached Declaration of Vito DiNiso.

**INTERROGATORY NO. 3:**

Did you have a regularly scheduled work period? If so, specify.

**RESPONSE TO INTERROGATORY NO. 3**:

See attached Declaration of Vito DiNiso.

**INTERROGATORY NO. 4:**

What was your title or position? Briefly describe your job duties.

**RESPONSE TO INTERROGATORY NO. 4:**

See attached Declaration of Vito DiNiso.

**INTERROGATORY NO. 5:**

What was your regular rate of pay?

**RESPONSE TO INTERROGATORY NO. 5:**

See attached Declaration of Vito DiNiso.

**INTERROGATORY NO. 6:**

What is the nature of your claim? (Check all that apply.)

**RESPONSE TO INTERROGATORY NO. 6:**

☒Off-the-clock work (Defendant failed to record, or prohibited you from recording, all

of your working time);

☐Misclassification (Defendant mistakenly classified you as exempt from overtime);

☐Misclassification (Defendant failed to correctly calculate your compensation);

☐Other (Please describe).

**INTERROGATORY NO. 7:**

Provide an accounting of your claim, including:

 a) Dates

 b) Regular hours worked

 c) Over-time hours worked

2

d)  Pay received versus pay claimed

e)  Total amount claimed

**RESPONSE TO INTERROGATORY NO. 7:**

See attached Declaration of Vito DiNiso.

**INTERROGATORY NO. 8:**

If you have brought this case as a collective action:

a)  Describe the class of employees you seek to include in this action.

b)  Has an opt-in notice been filed for every potential opt-in Plaintiff who has identified

himself or herself as a person who wishes to join this action?

**RESPONSE TO INTERROGATORY NO. 8:**

a)  Plaintiffs seek to send notice to a potential collective consisting of all current and former

non-exempt classified employees of GEICO who worked as Special Investigators

(regardless of variations in title[1]) throughout the United States during the time period

from three years prior to the filing of the complaint until resolution of this action, and

additionally including all periods of tolling agreed to between the Parties to this action.[2]

b)  Written consent to join this action has been filed on behalf of every potential Plaintiff

who has expressed their wish to join this action as of the date of this response.  Further

[1]        As of this writing, Plaintiffs are aware of the following variant job titles used for Special Investigators: Special Investigators, Special Investigator Trainers, SIU Investigators, Security Investigators, Senior Outside Security Investigators, Outside Field Investigators, Medical Investigators, Medical Fraud Investigators, Inside Medical Investigators, and Lead Investigators.

[2]        The Parties entered a partial tolling agreement before Plaintiffs filed this lawsuit.  This agreement tolls the claims of Thomas Barden, Louis Caniglia, Jr., Louis Caniglia, Sr., Craig Costanzo, Danielle Ennis, Keith Fischer, Margaret Fisher, Anthony Geraci, Mark Giambalvo, John Gillen, Michael Grey, Daniel King, Constance Mangan, George McManus, John Moeser, Joseph Neenan, Michael O'Sullivan, Michael Reed and Mark Sowell as of July 29, 2022, and tolls the claims of Louis Pia and Evan Teatum as of December 6, 2022.

3

opt-in notices may be filed by potential opt-in Plaintiffs if the Court decides on Plaintiffs'

forthcoming 216(b) Motion to send notice of this action to potential opt-in Plaintiffs.

**INTERROGATORY NO. 9:**

Please specify all attorney's fees and costs incurred to date. With respect to attorney's

fees, please provide the hourly rate(s) sought and the number of hours expended by each person

who has billed time to this case.

**RESPONSE TO INTERROGATORY NO. 9:**

As of October 31, 2023 for Outten & Golden LLP and November 1, 2023 for Kessler

Matura P.C., Plaintiffs' counsel has incurred attorneys' fees and advanced costs in the amounts

summarized below:

| Firm | Fees | Hours | Costs |
|---|---|---|---|
| Outten & Golden LLP | $ 347,077.50 | 759.1 | $ 7,986.41 |
| Kessler Matura P.C. | $ 11,152.50 | 28.3 | $ 0.00 |
| **TOTAL** | **$358,230.00** | **787.4** | **$ 7,986.41** |
| **GRAND TOTAL: $366,216.41** | | | |

| Outten & Golden LLP | Hours | Fees |
|---|---|---|
| Attorneys | 682.7 | $ 322,247.50 |
| Staff | 76.4 | $ 24,830.00 |
| Total | 759.1 | $ 347,077.50 |

| Kessler Matura P.C. | Hours | Fees |
|---|---|---|
| Attorneys | 24.1 | $ 10,522.50 |
| Staff | 4.2 | $ 630.00 |
| Total | 28.3 | $ 11,152.50 |

| Outten & Golden LLP | | | | | |
|---|---|---|---|---|---|
| Attorney/Staff | Initials | Title | Rate | Hours | Total |
| Michael J. Scimone | MJS | Partner | $ 800.00 | 131.4 | $ 105,120.00 |
| Justin M. Swartz | JMS | Partner | $ 1,150.00 | 7.9 | $ 9,085.00 |
| Theanne Liu Svedman | TXL | Associate | $ 375.00 | 338.0 | $ 126,750.00 |

4

| Jarron D. McAllister | JDM | Associate | $ | 375.00 | 148.5 | $ | 55,687.50 |
|---|---|---|---|---|---|---|---|
| Sabine Jean | SXJ | Associate | $ | 450.00 | 56.9 | $ | 25,605.00 |
| Christopher Truong | CXT | Paralegal | $ | 325.00 | 63.7 | $ | 20,702.50 |
| Michaela Dougherty | MDX | Paralegal | $ | 325.00 | 12.7 | $ | 4,127.50 |
| | | | Totals: | | 759.1 | $ | 347,077.50 |

| Kessler Matura P.C. | | | | |
|---|---|---|---|---|
| Attorney/Staff | Title | Rate | Hours | Total |
| Troy L. Kessler | Partner | $625.00 | 1.4 | $ 875.00 |
| Garrett Kaske | Associate | $425.00 | 22.7 | $ 9,647.50 |
| Kristine Jimenez | Paralegal | $150.00 | 4.2 | $ 630.00 |
| | | Totals: | 28.3 | $ 11,152.00 |

| Outten & Golden LLP | Costs |
|---|---|
| FedEx/UPS Charges | $ 46.64 |
| Filing Fees | $ 247.00 |
| Legal Research | $ 595.01 |
| Mediation Costs | $ 6,794.19 |
| Process Server | $ 303.57 |
| Total | $ 7,986.41 |

**INTERROGATORY NO. 10:**

When did you (or your attorney) first complain to your employer about alleged violations

of the FLSA?

**RESPONSE TO INTERROGATORY NO. 10:**

See attached Declaration of Vito DiNiso.

**INTERROGATORY NO. 11:**

Was this complaint written or oral? (If a written complaint, please attach a copy).

**RESPONSE TO INTERROGATORY NO. 11:**

See attached Declaration of Vito DiNiso.

**INTERROGATORY NO. 12:**

What was your employer's response? (If a written response, please attach a copy).

5

**RESPONSE TO INTERROGATORY NO. 12:**

       See attached Declaration of Vito DiNiso.


Dated: November 7, 2023                    */s/Michael J. Scimone*
       New York, NY                    Michael J. Scimone

                                      Michael J. Scimone
                                      Sabine Jean
                                      Jarron D. McAllister
                                      **OUTTEN & GOLDEN LLP**
                                      685 Third Avenue, 25th Floor
                                      New York, NY 10017
                                      Telephone: 212-245-1000
                                      Facsimile: 646-509-2060
                                      mscimone@outtengolden.com
                                      sjean@outtengolden.com
                                      jmcallister@outtengolden.com

                                      Theanne Liu Svedman
                                      **OUTTEN & GOLDEN LLP**
                                      1225 New York Ave NW, Suite 1200B
                                      Washington, DC 20005
                                      Telephone: (202) 847-4400
                                      Facsimile: (202) 847-4410
                                      tliusvedman@outtengolden.com

                                      Troy L. Kessler
                                      Garrett Kaske
                                      **KESSLER MATURA P.C.**
                                      534 Broadhollow Road, Suite 275
                                      Melville, New York 11747
                                      Telephone: (631) 499-9100
                                      Facsimile: (631) 499-9120
                                      tkessler@kesslermatura.com
                                      gkaske@kesslermatura.com

                                      *Attorneys for Plaintiffs and the Putative Class and Collective*

6

<u>**VERIFICATION**</u>

I, Vito DiNiso, have read the foregoing **OPT-IN PLAINTIFF VITO DINISO'S**

**RESPONSES TO THE COURT'S INTERROGATORIES** and know the contents thereof.

My responses as stated in the foregoing document are true of my own knowledge, expect

as to those matters that are stated on information and belief, and as to those matters, I believe

them to be true.

I declare, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.

Dated: 11/07/2023

Signature: _____

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| KEITH FISCHER, MICHAEL O'SULLIVAN, JOHN MOESER, LOUIS PIA, THOMAS BARDEN, CONSTANCE MANGAN, CHARISE JONES, and ASHLEY ALVAREZ individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOVERNMENT EMPLOYEES INSURANCE COMPANY d/b/a GEICO.,<br><br>Defendant. | No. 23 Civ. 02848 |

**DECLARATION OF VITO DINISO**

I, Vito DiNiso, declare, based on personal knowledge and under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following is true and correct:

**Employment History and Job Duties**

1. I was employed as a Special Investigator at GEICO from January 2009 to May 2023. I worked remotely throughout my tenure, either in the field or from my home in Garden City, New York and was assigned to GEICO's Woodbury (now Melville) office in Nassau County, New York.

2. I reported to Dara Campbell, who was my immediate supervisor.

3. As a Special Investigator my main job duties were to investigate claims of suspected insurance fraud. GEICO assigns cases of suspected insurance fraud to Special Investigators, who are responsible for documenting evidence of fraud. As part of this process, my job duties included, among other things, reviewing case files; running background checks;

examining provider billing reports; driving out to medical facilities, accident scenes, theft sites, and/or police precincts; gathering evidence; interviewing witnesses and law enforcement; confirming police reports; canvassing scenes; conducting examinations under oath; answering telephone calls from the insurer/policy holder; and writing and submitting reports about my findings in cases.

4.       Since January 2020, GEICO classified me and other Special Investigators as non-exempt employees who were eligible for overtime pay at one and one-half times my regular rate if I worked over 40 hours a week.  My last regular rate of pay was $45.65 per hour.

**My Schedule and Unpaid Wages and Overtime**

5.       As a non-exempt employee, GEICO required me to use a web-based timekeeping program to submit my time on a weekly basis.

6.       My supervisor told me that I could only report up to 38.75 hours per week, or 7.75 hours a day, five days a week, in the timekeeping program.  Accordingly, I only entered 7.75 hours per day, five days a week. regardless of how many hours I actually worked.

7.       My regular schedule for GEICO was 7:00 AM to 3:30 PM.  I also worked approximately 1 to 1.5 hours each day in addition to that, including working through most meal and rest breaks.  I worked about 44 to 46 hours a week on average.

8.       Starting in March 2020, the COVID-19 pandemic halted field operations, so all of my work was done remotely until approximately the time that I retired.  GEICO increased my caseload significantly after March 2020.  I continued to work 44 to 46 hours a week on average, resulting in an increased backlog of cases.  This is documented in my email correspondence with my supervisor Dara Campbell, which was produced in this litigation.  *See* Ex. A (Bates No.

- 2 -

P00000065-67).  My caseload increased from 332 cases in 2019 to 564 cases in 2020.  *See* Ex. B
(Bates No. P00000068).

9.      GEICO returned to normal field operations in or about November 2021.  My
caseload still required me to work overtime to keep up with my workload.  I estimate that during
this period I worked about 44 to 46 hours a week on average.

10.     From approximately November 2016 to May 2023, my hours worked were
approximately 44 to 46 hours per week, and my last regular rate of pay was $45.65 per hour.
During nearly all of this time, I entered only 38.75 hours in the timekeeping system, and I was
only paid for 38.75 hours ($1,768.94 per week).  In sum, for the periods described above, my
best estimate is that I am owed approximately $89,381.95 in unpaid wages.  This is based on my
best recollection over a period of several years, so it is possible that records and other documents
in GEICO's possession could refresh my recollection and cause me to revise this estimate to be
more precise.  This amount does not include liquidated damages, which would add another
$89,381.95 in damages, and does not include amounts for attorneys' fees or costs, pre-judgment
interest, and post-judgment interest as provided by law.

**GEICO's Overtime Pay Practices**

11.     GEICO required me to seek approval from my supervisor to submit any hours
worked above 38.75.  GEICO supervisor Dara Campbell frequently reiterated to me and other
Special Investigators that hours above 38.75 to complete regular case work would not be
approved.  Accordingly, I did not record all of my hours worked during my tenure, and I was not
paid for hours, including overtime hours, that I worked off the clock.

12.     GEICO also had a variety of performance metrics that I was required to meet to
remain in good standing.  These performance metrics and ratings changed constantly, but to the

- 3 -

best of my recollection GEICO generally evaluated me based on how many hours it took me to complete a case task, how often I made an entry in a case report, how many days I took to close a case, and how many cases I completed within a month. These metrics put a lot of pressure on me to work as much as needed to meet these goals and deadlines.

13. I regularly complained to my supervisor Dara Campbell about overtime pay and increasing caseload. For example, in October 2022, I complained that "balancing a queue of cases with the work load that has become expected is impossible." I made these complaints verbally and in writing in an email in October 2022, which has been produced in this litigation. *See* Ex. A at P00000066. GEICO's response was "if you don't close quickly we will see your pending go up. Not going to change." *Id.* at P00000067.

14. As a result of the competing pressures that GEICO placed on me to do more work, meet demanding performance metrics, and limit my work schedule to non-overtime hours, I regularly performed work for GEICO that I did not report in the company's timekeeping system. As a result, I was not paid for overtime hours that I worked off the clock.

I declare under penalty of perjury that the foregoing is true and correct.


Dated:    11/07/2023
          Garden City, New York



                                        _____
                                        Vito DiNiso


- 4 -

# Exhibit A



RE: Case load

Campbell, Dara
To  Diniso, Vito

General-Internal

No there has been no mention of overtime.   Here is where the theft team stands:
Al 24
Maria 21
Joe 8

From: Diniso, Vito <VDiNiso@geico.com>
Sent: Tuesday, November 8, 2022 2:30 PM
To: Campbell, Dara <DVetriCampbell@geico.com>
Subject: Case load

Dara,

Is GEICO authorizing overtime to work the excess of cases being assigned?

**GEICO**

**Vito DiNiso** | Senior SIU Investigator
Region 2 Special Investigations Unit
Phone: 516-813-6424 | Fax: 914-613-1356
Email: vdiniso@geico.com

All folders are up to date.    Connected to: Microsoft Exchange

P00000065



RE: Document1

Campbell, Dara
To   Diniso, Vito

↩ Reply    ↩ Reply All    → Forward    ...

Mon 10/31/2022 10:20 AM

General-Internal

(i) You replied to this message on 10/31/2022 10:38 AM.

From: Diniso, Vito <VDiNiso@geico.com>
Sent: Monday, October 31, 2022 9:11 AM
To: Campbell, Dara <DVetriCampbell@geico.com>
Subject: RE: Document1

Dara,

I do remember.  This audit process is completely subjective, I don't agree with the auditor's findings.  The insured lied and I had the proof

Balancing a queue of cases with the work load that has become expected is impossible.  49 cases so far this month, an I'm certain to get at least 2-3 more today.  I think there are about 140 work hours in a month, 50 cases gives me 2.8 hours per case.  That's about enough to complete ICA and backgrounds.

**GEICO**

**Vito DiNiso** | Senior SIU Investigator
Region 2 Special Investigations Unit
Phone: 516-813-6424 | Fax: 914-613-1356
Email: vdiniso@geico.com

Confidentiality Notice:

All folders are up to date.    Connected to: Microsoft Exchange

P00000066

## RE: Document1

**Campbell, Dara**
To  Diniso, Vito

Mon 10/31/2022 10:20 AM

General-Internal

You replied to this message on 10/31/2022 10:38 AM.

The one that says he verified the date of loss?  We took an impact?  You started to follow the lead then dropped it.   Reissue effective 09/23 and you saw car there on 09/25. She had coverage then. Maybe she lied or mixed up her dates but to deny the claim you would have had to show it there during lapse period or had the shop confirm.

On another note we also were downgraded because the evidence did not open.  The auditor said she saw that on a few of your files. You will need to check your RI's going forward so we don't get hit with that.

As far as work load then work the cases and if you don't close as quickly we will see your pending go up.  Not going to change.

Sensitivity: General/Internal

From: Diniso, Vito <VDiNiso@geico.com>
Sent: Monday, October 31, 2022 9:11 AM
To: Campbell, Dara <DVetriCampbell@geico.com>
Subject: RE: Document1

Dara,

P00000067

# Exhibit B

Geico workload

| Year | Count | Note |
|------|-------|------|
| 2014 | 252 | |
| 2015 | 260 | |
| 2016 | 194 | (surgery) |
| 2017 | 231 | |
| 2018 | 305 | |
| 2019 | 332 | |
| 2020 | 564 | Covid: 3/2020 |
| 2021 | 553 | |
| 2022 | 416 | |

P00000068

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| KEITH FISCHER, MICHAEL O'SULLIVAN, JOHN MOESER, LOUIS PIA, THOMAS BARDEN, CONSTANCE MANGAN, CHARISE JONES, and ASHLEY ALVAREZ individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> GOVERNMENT EMPLOYEES INSURANCE COMPANY d/b/a GEICO, <br><br> Defendant. | Case No. 23 Civ. 2848 (GRB) (ARL) |

## OPT-IN PLAINTIFF ANTHONY GERACI'S RESPONSES TO THE COURT'S INTERROGATORIES

**INTERROGATORY NO. 1:**

During what period of time did you work for the Defendant?

**RESPONSE TO INTERROGATORY NO. 1:**

See attached Declaration of Anthony Geraci.

**INTERROGATORY NO. 2:**

Who was your immediate supervisor?

**RESPONSE TO INTERROGATORY NO. 2:**

See attached Declaration of Anthony Geraci.

**INTERROGATORY NO. 3:**

Did you have a regularly scheduled work period? If so, specify.

The signed document can be validated at https://app.vinesign.com/Verify

**RESPONSE TO INTERROGATORY NO. 3**:

See attached Declaration of Anthony Geraci.

**INTERROGATORY NO. 4:**

What was your title or position? Briefly describe your job duties.

**RESPONSE TO INTERROGATORY NO. 4:**

See attached Declaration of Anthony Geraci.

**INTERROGATORY NO. 5:**

What was your regular rate of pay?

**RESPONSE TO INTERROGATORY NO. 5:**

See attached Declaration of Anthony Geraci.

**INTERROGATORY NO. 6:**

What is the nature of your claim? (Check all that apply.)

**RESPONSE TO INTERROGATORY NO. 6:**

☒Off-the-clock work (Defendant failed to record, or prohibited you from recording, all

of your working time);

☐Misclassification (Defendant mistakenly classified you as exempt from overtime);

☐Misclassification (Defendant failed to correctly calculate your compensation);

☐Other (Please describe).

**INTERROGATORY NO. 7:**

Provide an accounting of your claim, including:

a)  Dates

b)  Regular hours worked

c)  Over-time hours worked

2

d)  Pay received versus pay claimed

e)  Total amount claimed

**RESPONSE TO INTERROGATORY NO. 7:**

See attached Declaration of Anthony Geraci.

**INTERROGATORY NO. 8:**

If you have brought this case as a collective action:

a)  Describe the class of employees you seek to include in this action.

b)  Has an opt-in notice been filed for every potential opt-in Plaintiff who has identified

himself or herself as a person who wishes to join this action?

**RESPONSE TO INTERROGATORY NO. 8:**

a)  Plaintiffs seek to send notice to a potential collective consisting of all current and former

non-exempt classified employees of GEICO who worked as Special Investigators

(regardless of variations in title[1]) throughout the United States during the time period

from three years prior to the filing of the complaint until resolution of this action, and

additionally including all periods of tolling agreed to between the Parties to this action.[2]

b)  Written consent to join this action has been filed on behalf of every potential Plaintiff

who has expressed their wish to join this action as of the date of this response.  Further

---

[1]      As of this writing, Plaintiffs are aware of the following variant job titles used for Special Investigators: Special Investigators, Special Investigator Trainers, SIU Investigators, Security Investigators, Senior Outside Security Investigators, Outside Field Investigators, Medical Investigators, Medical Fraud Investigators, Inside Medical Investigators, and Lead Investigators.

[2]      The Parties entered a partial tolling agreement before Plaintiffs filed this lawsuit.  This agreement tolls the claims of Thomas Barden, Louis Caniglia, Jr., Louis Caniglia, Sr., Craig Costanzo, Danielle Ennis, Keith Fischer, Margaret Fisher, Anthony Geraci, Mark Giambalvo, John Gillen, Michael Grey, Daniel King, Constance Mangan, George McManus, John Moeser, Joseph Neenan, Michael O'Sullivan, Michael Reed and Mark Sowell as of July 29, 2022, and tolls the claims of Louis Pia and Evan Teatum as of December 6, 2022.

3

opt-in notices may be filed by potential opt-in Plaintiffs if the Court decides on Plaintiffs'

forthcoming 216(b) Motion to send notice of this action to potential opt-in Plaintiffs.

**INTERROGATORY NO. 9:**

Please specify all attorney's fees and costs incurred to date. With respect to attorney's

fees, please provide the hourly rate(s) sought and the number of hours expended by each person

who has billed time to this case.

**RESPONSE TO INTERROGATORY NO. 9:**

As of October 31, 2023 for Outten & Golden LLP and November 1, 2023 for Kessler

Matura P.C., Plaintiffs' counsel has incurred attorneys' fees and advanced costs in the amounts

summarized below:

| Firm | Fees | Hours | Costs |
|---|---|---|---|
| Outten & Golden LLP | $ 347,077.50 | 759.1 | $ 7,986.41 |
| Kessler Matura P.C. | $ 11,152.50 | 28.3 | $ 0.00 |
| **TOTAL** | **$358,230.00** | **787.4** | **$ 7,986.41** |
| **GRAND TOTAL: $366,216.41** | | | |

| Outten & Golden LLP | Hours | Fees |
|---|---|---|
| Attorneys | 682.7 | $ 322,247.50 |
| Staff | 76.4 | $ 24,830.00 |
| Total | 759.1 | $ 347,077.50 |

| Kessler Matura P.C. | Hours | Fees |
|---|---|---|
| Attorneys | 24.1 | $ 10,522.50 |
| Staff | 4.2 | $ 630.00 |
| Total | 28.3 | $ 11,152.50 |

| Outten & Golden LLP | | | | | |
|---|---|---|---|---|---|
| Attorney/Staff | Initials | Title | Rate | Hours | Total |
| Michael J. Scimone | MJS | Partner | $ 800.00 | 131.4 | $ 105,120.00 |
| Justin M. Swartz | JMS | Partner | $ 1,150.00 | 7.9 | $ 9,085.00 |
| Theanne Liu Svedman | TXL | Associate | $ 375.00 | 338.0 | $ 126,750.00 |

4

| Jarron D. McAllister | JDM | Associate | $ | 375.00 | 148.5 | $ | 55,687.50 |
|---|---|---|---|---|---|---|---|
| Sabine Jean | SXJ | Associate | $ | 450.00 | 56.9 | $ | 25,605.00 |
| Christopher Truong | CXT | Paralegal | $ | 325.00 | 63.7 | $ | 20,702.50 |
| Michaela Dougherty | MDX | Paralegal | $ | 325.00 | 12.7 | $ | 4,127.50 |
| | | | Totals: | | 759.1 | $ | 347,077.50 |

| Kessler Matura P.C. | | | | |
|---|---|---|---|---|
| Attorney/Staff | Title | Rate | Hours | Total |
| Troy L. Kessler | Partner | $625.00 | 1.4 | $ 875.00 |
| Garrett Kaske | Associate | $425.00 | 22.7 | $ 9,647.50 |
| Kristine Jimenez | Paralegal | $150.00 | 4.2 | $ 630.00 |
| | | Totals: | 28.3 | $ 11,152.00 |

| Outten & Golden LLP | Costs |
|---|---|
| FedEx/UPS Charges | $ 46.64 |
| Filing Fees | $ 247.00 |
| Legal Research | $ 595.01 |
| Mediation Costs | $ 6,794.19 |
| Process Server | $ 303.57 |
| Total | $ 7,986.41 |

**INTERROGATORY NO. 10:**

When did you (or your attorney) first complain to your employer about alleged violations

of the FLSA?

**RESPONSE TO INTERROGATORY NO. 10:**

See attached Declaration of Anthony Geraci.

**INTERROGATORY NO. 11:**

Was this complaint written or oral? (If a written complaint, please attach a copy).

**RESPONSE TO INTERROGATORY NO. 11:**

See attached Declaration of Anthony Geraci.

**INTERROGATORY NO. 11:**

What was your employer's response? (If a written response, please attach a copy).

5

**RESPONSE TO INTERROGATORY NO. 12:**

        See attached Declaration of Anthony Geraci.


Dated: November 6, 2023                */s/Michael J. Scimone*
      New York, NY                   Michael J. Scimone

                                Michael J. Scimone
                                Jarron D. McAllister
                                Sabine Jean
                                **OUTTEN & GOLDEN LLP**
                                685 Third Avenue, 25th Floor
                                New York, NY 10017
                                Telephone: 212-245-1000
                                Facsimile: 646-509-2060
                                mscimone@outtengolden.com
                                jmcallister@outtengolden.com
                                sjean@outtengolden.com

                                Theanne Liu Svedman
                                **OUTTEN & GOLDEN LLP**
                                1225 New York Ave NW, Suite 1200B
                                Washington, DC 20005
                                Telephone: (202) 847-4400
                                Facsimile: (202) 847-4410
                                tliusvedman@outtengolden.com

                                Troy L. Kessler
                                Garrett Kaske
                                **KESSLER MATURA P.C.**
                                534 Broadhollow Road, Suite 275
                                Melville, New York 11747
                                Telephone: (631) 499-9100
                                Facsimile: (631) 499-9120
                                tkessler@kesslermatura.com
                                gkaske@kesslermatura.com

                                *Attorneys for Plaintiffs and the Putative Class and Collective*

## VERIFICATION

I, Anthony Geraci, have read the foregoing **OPT-IN PLAINTIFF ANTHONY GERACI'S RESPONSES TO THE COURT'S INTERROGATORIES** and know the contents thereof.

My responses as stated in the foregoing document are true of my own knowledge, expect as to those matters that are stated on information and belief, and as to those matters, I believe them to be true.

I declare, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.

Dated: 11/06/2023

Signature: *Anthony Geraci*

7

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| KEITH FISCHER, MICHAEL O'SULLIVAN, JOHN MOESER, LOUIS PIA, THOMAS BARDEN, CONSTANCE MANGAN, CHARISE JONES, and ASHLEY ALVAREZ individually and on behalf of all others similarly situated, |  |
|  | No. 23 Civ. 02848 (GRB) (ARL) |
| Plaintiffs, |  |
| v. |  |
| GOVERNMENT EMPLOYEES INSURANCE COMPANY d/b/a GEICO., |  |
| Defendant. |  |

**DECLARATION OF ANTHONY GERACI**

I, Anthony Geraci, declare, based on personal knowledge and under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following is true and correct:

**Employment History and Job Duties**

1.      I was employed as a Special Investigator at GEICO from November 2001 to November 2020.  I worked remotely, either in the field or from my home in Melville and was assigned to GEICO's Woodbury (now Melville) office in Nassau County, New York (Region 2).

2.      I reported to Toni D'Agata, who was my immediate supervisor.

3.      As a Special Investigator my main job duties were to investigate claims of suspected insurance fraud.  GEICO assigns cases of suspected insurance fraud to Special Investigators, who are responsible for documenting evidence of fraud.  As part of this process, my job duties included, among other things, reviewing case files; running background checks; driving out to theft sites; gathering evidence; interviewing witnesses and law enforcement;

confirming police reports; canvassing and surveilling scenes; conducting examinations under oath; and writing and submitting reports about my findings in cases.

4.      Since January 2020, GEICO classified me and other Special Investigators as non-exempt employees who were eligible for overtime pay at one and one-half times my regular rate if I worked over 40 hours a week.  My last regular rate of pay was $42.73 per hour.

**My Schedule and Unpaid Wages and Overtime**

5.      As a non-exempt employee, GEICO required me to use a web-based timekeeping program called Workday to submit my time on a weekly basis.

6.      GEICO told me that overtime needed to be requested and pre-approved, and that requesting overtime would negatively impact my productivity ratings.  The 7.75 hours per day were also pre-populated in Workday when I submitted my time.

7.      GEICO did not provide me with a regularly scheduled work period.  I worked about 42-45 hours a week on average from late 2016 to March 2020.

8.      Starting in March 2020, the COVID-19 pandemic halted field operations, so all of my work was done remotely until I retired.  GEICO increased my caseload significantly after March 2020.  My overtime hours increased substantially as a result, to about 45-50 hours a week on average.

9.      From December 2016 to March 2020, my regular hours worked were approximately 42-45 hours per week, and from March 2020 to November 2020, my regular hours worked were 45-50 hours per week.   My last regular rate of pay was $42.73 per hour. During nearly all of this time, I entered only 38.75 hours in the timekeeping system, and I was only paid for 38.75 hours ($1,655.79 per week).  In sum, for the periods described above, my best estimate is that I am owed approximately $32,661.90 in unpaid wages.  This is based on my

- 2 -

best recollection over a period of several years and my last regular rate of pay, so it is possible that records and other documents in GEICO's possession could refresh my recollection and cause me to revise this estimate to be more precise.

**GEICO's Overtime Pay Practices**

10.     GEICO required me to seek approval from my supervisor to submit any hours worked above 38.75.  I was told that requesting overtime to complete my work would negatively affect my performance metrics and I wanted to remain in good standing.  Accordingly, I worked many hours, including overtime hours off the clock, and GEICO was aware that I was performing this unpaid work.

11.     GEICO had a variety of performance metrics that I was required to meet to remain in good standing.  These performance metrics and ratings changed constantly, but to the best of my recollection GEICO generally evaluated me based on how many hours it took me to complete a case task, how often I made an entry in a case report, how many days I took to close a case, and how many cases I completed within a month.  These metrics put a lot of pressure on me to work as much as needed to meet these goals and deadlines.

12.     I attended "skip-level" meetings with other Special Investigators, meaning that we met directly with the managers above our immediate supervisors.  In Spring 2018, I recall in one of these meetings with Bill Newport and Michael DeGrocco that we raised complaints about our caseloads and overtime hours.  While the managers acknowledged our complaints, GEICO did nothing to adjust our caseloads.

13.     As a result of the competing pressures that GEICO placed on me to do more work, meet demanding performance metrics, and limit my work schedule to non-overtime hours,

- 3 -

I regularly performed work for GEICO that I did not report in the company's timekeeping system.  As a result, I was not paid for overtime hours that I worked off the clock.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:  _____11/06/2023_____
Melville, New York

*Anthony Geraci*
_____
Anthony Geraci

Vinesign Document ID: D482FB66-2386-4CAF-A47C-24FA619E53EE

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

<table>
<tr>
<td>

KEITH FISCHER, MICHAEL O'SULLIVAN, JOHN MOESER, LOUIS PIA, THOMAS BARDEN, CONSTANCE MANGAN, CHARISE JONES, and ASHLEY ALVAREZ individually and on behalf of all others similarly situated,

Plaintiffs,

v.

GOVERNMENT EMPLOYEES INSURANCE COMPANY d/b/a GEICO,

Defendant.

</td>
<td>

Case No. 23 Civ. 2848 (GRB) (ARL)

</td>
</tr>
</table>

## OPT-IN PLAINTIFF MARK GIAMBALVO'S RESPONSES TO THE COURT'S INTERROGATORIES

**INTERROGATORY NO. 1:**

During what period of time did you work for the Defendant?

**RESPONSE TO INTERROGATORY NO. 1:**

See attached Declaration of Mark Giambalvo.

**INTERROGATORY NO. 2:**

Who was your immediate supervisor?

**RESPONSE TO INTERROGATORY NO. 2:**

See attached Declaration of Mark Giambalvo.

**INTERROGATORY NO. 3:**

Did you have a regularly scheduled work period? If so, specify.

The signed document can be validated at https://app.vinesign.com/Verify

**RESPONSE TO INTERROGATORY NO. 3**:

See attached Declaration of Mark Giambalvo.

**INTERROGATORY NO. 4:**

What was your title or position? Briefly describe your job duties.

**RESPONSE TO INTERROGATORY NO. 4:**

See attached Declaration of Mark Giambalvo.

**INTERROGATORY NO. 5:**

What was your regular rate of pay?

**RESPONSE TO INTERROGATORY NO. 5:**

See attached Declaration of Mark Giambalvo.

**INTERROGATORY NO. 6:**

What is the nature of your claim? (Check all that apply.)

**RESPONSE TO INTERROGATORY NO. 6:**

☒Off-the-clock work (Defendant failed to record, or prohibited you from recording, all

of your working time);

☐Misclassification (Defendant mistakenly classified you as exempt from overtime);

☐Misclassification (Defendant failed to correctly calculate your compensation);

☐Other (Please describe).

**INTERROGATORY NO. 7:**

Provide an accounting of your claim, including:

    a) Dates

    b) Regular hours worked

    c) Over-time hours worked

2

d) Pay received versus pay claimed

e) Total amount claimed

**RESPONSE TO INTERROGATORY NO. 7:**

See attached Declaration of Mark Giambalvo.

**INTERROGATORY NO. 8:**

If you have brought this case as a collective action:

a) Describe the class of employees you seek to include in this action.

b) Has an opt-in notice been filed for every potential opt-in Plaintiff who has identified

himself or herself as a person who wishes to join this action?

**RESPONSE TO INTERROGATORY NO. 8:**

a) Plaintiffs seek to send notice to a potential collective consisting of all current and former

non-exempt classified employees of GEICO who worked as Special Investigators

(regardless of variations in title[1]) throughout the United States during the time period

from three years prior to the filing of the complaint until resolution of this action, and

additionally including all periods of tolling agreed to between the Parties to this action.[2]

b) Written consent to join this action has been filed on behalf of every potential Plaintiff

who has expressed their wish to join this action as of the date of this response.  Further

---

[1]    As of this writing, Plaintiffs are aware of the following variant job titles used for Special Investigators: Special Investigators, Special Investigator Trainers, SIU Investigators, Security Investigators, Senior Outside Security Investigators, Outside Field Investigators, Medical Investigators, Medical Fraud Investigators, Inside Medical Investigators, and Lead Investigators.

[2]    The Parties entered a partial tolling agreement before Plaintiffs filed this lawsuit.  This agreement tolls the claims of Thomas Barden, Louis Caniglia, Jr., Louis Caniglia, Sr., Craig Costanzo, Danielle Ennis, Keith Fischer, Margaret Fisher, Anthony Geraci, Mark Giambalvo, John Gillen, Michael Grey, Daniel King, Constance Mangan, George McManus, John Moeser, Joseph Neenan, Michael O'Sullivan, Michael Reed and Mark Sowell as of July 29, 2022, and tolls the claims of Louis Pia and Evan Teatum as of December 6, 2022.

opt-in notices may be filed by potential opt-in Plaintiffs if the Court decides on Plaintiffs'

forthcoming 216(b) Motion to send notice of this action to potential opt-in Plaintiffs.

**INTERROGATORY NO. 9:**

Please specify all attorney's fees and costs incurred to date. With respect to attorney's

fees, please provide the hourly rate(s) sought and the number of hours expended by each person

who has billed time to this case.

**RESPONSE TO INTERROGATORY NO. 9:**

As of October 31, 2023 for Outten & Golden LLP and November 1, 2023 for Kessler

Matura P.C., Plaintiffs' counsel has incurred attorneys' fees and advanced costs in the amounts

summarized below:

| Firm | Fees | Hours | Costs |
|---|---|---|---|
| Outten & Golden LLP | $ 347,077.50 | 759.1 | $ 7,986.41 |
| Kessler Matura P.C. | $ 11,152.50 | 28.3 | $ 0.00 |
| **TOTAL** | **$358,230.00** | **787.4** | **$ 7,986.41** |
| **GRAND TOTAL: $366,216.41** | | | |

| Outten & Golden LLP | Hours | Fees |
|---|---|---|
| Attorneys | 682.7 | $ 322,247.50 |
| Staff | 76.4 | $ 24,830.00 |
| Total | 759.1 | $ 347,077.50 |

| Kessler Matura P.C. | Hours | Fees |
|---|---|---|
| Attorneys | 24.1 | $ 10,522.50 |
| Staff | 4.2 | $ 630.00 |
| Total | 28.3 | $ 11,152.50 |

| Outten & Golden LLP | | | | | |
|---|---|---|---|---|---|
| Attorney/Staff | Initials | Title | Rate | Hours | Total |
| Michael J. Scimone | MJS | Partner | $ 800.00 | 131.4 | $ 105,120.00 |
| Justin M. Swartz | JMS | Partner | $ 1,150.00 | 7.9 | $ 9,085.00 |
| Theanne Liu Svedman | TXL | Associate | $ 375.00 | 338.0 | $ 126,750.00 |

4

| Jarron D. McAllister | JDM | Associate | $ | 375.00 | 148.5 | $ | 55,687.50 |
|---|---|---|---|---|---|---|---|
| Sabine Jean | SXJ | Associate | $ | 450.00 | 56.9 | $ | 25,605.00 |
| Christopher Truong | CXT | Paralegal | $ | 325.00 | 63.7 | $ | 20,702.50 |
| Michaela Dougherty | MDX | Paralegal | $ | 325.00 | 12.7 | $ | 4,127.50 |
| | | | Totals: | | 759.1 | $ | 347,077.50 |

| Kessler Matura P.C. | | | | |
|---|---|---|---|---|
| Attorney/Staff | Title | Rate | Hours | Total |
| Troy L. Kessler | Partner | $625.00 | 1.4 | $ 875.00 |
| Garrett Kaske | Associate | $425.00 | 22.7 | $ 9,647.50 |
| Kristine Jimenez | Paralegal | $150.00 | 4.2 | $ 630.00 |
| | | Totals: | 28.3 | $ 11,152.00 |

| Outten & Golden LLP | Costs |
|---|---|
| FedEx/UPS Charges | $ 46.64 |
| Filing Fees | $ 247.00 |
| Legal Research | $ 595.01 |
| Mediation Costs | $ 6,794.19 |
| Process Server | $ 303.57 |
| Total | $ 7,986.41 |

**INTERROGATORY NO. 10:**

When did you (or your attorney) first complain to your employer about alleged violations

of the FLSA?

**RESPONSE TO INTERROGATORY NO. 10:**

See attached Declaration of Mark Giambalvo.

**INTERROGATORY NO. 11:**

Was this complaint written or oral? (If a written complaint, please attach a copy).

**RESPONSE TO INTERROGATORY NO. 11:**

See attached Declaration of Mark Giambalvo.

**INTERROGATORY NO. 12:**

What was your employer's response? (If a written response, please attach a copy).

5

**RESPONSE TO INTERROGATORY NO. 12:**

See attached Declaration of Mark Giambalvo.

Dated: November 6, 2023                     /s/Michael J. Scimone
New York, NY                                Michael J. Scimone

                                            Michael J. Scimone
                                            Jarron D. McAllister
                                            Sabine Jean
                                            **OUTTEN & GOLDEN LLP**
                                            685 Third Avenue, 25th Floor
                                            New York, NY 10017
                                            Telephone: 212-245-1000
                                            Facsimile: 646-509-2060
                                            mscimone@outtengolden.com
                                            jmcallister@outtengolden.com
                                            sjean@outtengolden.com

                                            Theanne Liu Svedman
                                            **OUTTEN & GOLDEN LLP**
                                            1225 New York Ave NW, Suite 1200B
                                            Washington, DC 20005
                                            Telephone: (202) 847-4400
                                            Facsimile: (202) 847-4410
                                            tliusvedman@outtengolden.com

                                            Troy L. Kessler
                                            Garrett Kaske
                                            **KESSLER MATURA P.C.**
                                            534 Broadhollow Road, Suite 275
                                            Melville, New York 11747
                                            Telephone: (631) 499-9100
                                            Facsimile: (631) 499-9120
                                            tkessler@kesslermatura.com
                                            gkaske@kesslermatura.com

                                            *Attorneys for Plaintiffs and the Putative Class
                                            and Collective*

6

**VERIFICATION**

I, Mark Giambalvo, have read the foregoing **OPT-IN PLAINTIFF MARK GIAMBALVO'S RESPONSES TO THE COURT'S INTERROGATORIES** and know the contents thereof.

My responses as stated in the foregoing document are true of my own knowledge, expect as to those matters that are stated on information and belief, and as to those matters, I believe them to be true.

I declare, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.

Dated:    11/06/2023

Signature: *Mark Giambalvo*

7

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

KEITH FISCHER, MICHAEL O'SULLIVAN,
JOHN MOESER, LOUIS PIA, THOMAS
BARDEN, CONSTANCE MANGAN, CHARISE
JONES, and ASHLEY ALVAREZ individually
and on behalf of all others similarly situated,

               Plaintiffs,

      v.

GOVERNMENT EMPLOYEES INSURANCE
COMPANY d/b/a GEICO.,

               Defendant.

No. 23 Civ. 02848 (GRB) (ARL)

**DECLARATION OF MARK GIAMBALVO**

I, Mark Giambalvo, declare, based on personal knowledge and under penalty of perjury,

pursuant to 28 U.S.C. § 1746, that the following is true and correct:

**Employment History and Job Duties**

1. I was employed as a Special Investigator at GEICO from April 2002 to September

2020. I worked remotely throughout my tenure, either in the field or from my home in Wantagh,

New York and was assigned to GEICO's Woodbury (now Melville) office in Nassau County,

New York.

2. I reported to Toni D'Agata, who was my immediate supervisor.

3. As a Special Investigator my main job duties were to investigate claims of

suspected insurance fraud. GEICO assigns cases of suspected insurance fraud to Special

Investigators, who are responsible for documenting evidence of fraud. As part of this process,

my job duties included, among other things, reviewing case files; running background checks;

driving out to accident scenes or theft sites; gathering evidence; interviewing witnesses and law enforcement; confirming police reports; canvassing and surveilling scenes; conducting examinations under oath; training new Special Investigators; and writing and submitting reports about my findings in cases.

4.      My last regular rate of pay was $45.99 per hour.

**My Schedule and Unpaid Wages and Overtime**

5.      As a non-exempt employee, GEICO required me to use a web-based timekeeping program to submit my time on a weekly basis.

6.      I only entered working 7.75 hours per day, five days a week regardless of how many hours I actually worked.

7.      GEICO expected me to work from 8 A.M. to 4:30 P.M., but I routinely worked more.  I recall from 2018 through 2020, I worked approximately 10 hours each day, Monday through Friday, and another 2-3 hours on Saturdays about once a month to keep up with my work.  I worked about 50-53 hours a week on average.

8.      From 2018 to September 2020, my regular hours worked were approximately 50-53 hours per week, and my last regular rate of pay was $45.99 per hour.  During nearly all of this time, I entered only 38.75 hours in the timekeeping system, and I was only paid for 38.75 hours ($1,782.11 per week).  In sum, for the periods described above, my best estimate is that I am owed at least approximately $47,343.28 in unpaid wages.  This is based on my best recollection over a period of several years, my last regular rate of pay, and does not include any unpaid overtime I may have worked from December 2016 through 2017, so it is possible that records and other documents in GEICO's possession could refresh my recollection and cause me to revise this estimate to be more precise.  This amount also does not include liquidated damages,

- 2 -

which would add at least another $47,343.28 in damages, and does not include amounts for attorneys' fees or costs, pre-judgment interest, and post-judgment interest as provided by law.

**GEICO's Overtime Pay Practices**

9.      GEICO required me to seek approval from my supervisor to submit any hours worked above 38.75.  GEICO required Special Investigators to submit information about our cases, what work needed to be performed on the case, and how much time was required to perform this work, and GEICO supervisors still had the option to deny overtime.  My understanding was that although I was eligible for overtime pay, GEICO's overtime payment rate called "premium pay" was about half of my regular rate of pay.  I was not aware that in January 2020, GEICO changed my overtime pay compensation to 1.5x my regular rate from the prior "premium pay" rate.  Because of the difficult approval process, because I understood that overtime would hurt my ratings, and because I was not aware that I could be paid overtime at 1.5x my regular rate and the lower rate did not seem worthwhile, I did not seek approval of overtime I worked.  Accordingly, GEICO failed to pay me for all of my hours worked during my tenure, including overtime hours, that I worked off the clock.

10.      GEICO had a variety of performance metrics that I was required to meet to remain in good standing.  These performance metrics and ratings changed constantly, but to the best of my recollection GEICO generally evaluated me based on how many hours it took me to complete a case task, how often I made an entry in a case report, how many days I took to close a case, and how many cases I completed within a month.  These metrics put a lot of pressure on me to work as much as needed to meet these goals and deadlines.

11.      In the last ten years, I recall complaining about working overtime without getting paid at meetings with GEICO managers, which occurred about 3-4 times a year.  GEICO's

- 3 -

response was that we would only be paid to work the 7.75 hours a day, so to just "make it work."

I also recall sending my supervisors some emails expressing concerns about my workload, but

my complaint was made through my GEICO work email, so I do not have a copy of my written

complaint in my possession, custody, or control.  I recall that my supervisors did not respond to

my complaints.

12.     As a result of the competing pressures that GEICO placed on me to do more

work, meet demanding performance metrics, and limit my work schedule to non-overtime hours,

I regularly performed work for GEICO that I did not report in the company's timekeeping

system.  As a result, I was not paid for overtime hours that I worked off the clock.

I declare under penalty of perjury that the foregoing is true and correct.


Dated:     11/06/2023
          Wantagh, New York


                                        *Mark Giambalvo*
                                        _____
                                        Mark Giambalvo

- 4 -

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

KEITH FISCHER, MICHAEL O'SULLIVAN, JOHN MOESER, LOUIS PIA, THOMAS BARDEN, CONSTANCE MANGAN, CHARISE JONES, and ASHLEY ALVAREZ individually and on behalf of all others similarly situated,

Plaintiffs,

v.

GOVERNMENT EMPLOYEES INSURANCE COMPANY d/b/a GEICO,

Defendant.

Case No. 23 Civ. 2848 (GRB) (ARL)

---

## OPT-IN PLAINTIFF GEORGE MCMANUS'S RESPONSES TO THE COURT'S INTERROGATORIES

**INTERROGATORY NO. 1:**

During what period of time did you work for the Defendant?

**RESPONSE TO INTERROGATORY NO. 1:**

See attached Declaration of George McManus.

**INTERROGATORY NO. 2:**

Who was your immediate supervisor?

**RESPONSE TO INTERROGATORY NO. 2**:

See attached Declaration of George McManus.

**INTERROGATORY NO. 3:**

Did you have a regularly scheduled work period? If so, specify.

**RESPONSE TO INTERROGATORY NO. 3**:

See attached Declaration of George McManus.

**INTERROGATORY NO. 4:**

What was your title or position? Briefly describe your job duties.

**RESPONSE TO INTERROGATORY NO. 4:**

See attached Declaration of George McManus.

**INTERROGATORY NO. 5:**

What was your regular rate of pay?

**RESPONSE TO INTERROGATORY NO. 5:**

See attached Declaration of George McManus.

**INTERROGATORY NO. 6:**

What is the nature of your claim? (Check all that apply.)

**RESPONSE TO INTERROGATORY NO. 6:**

☒Off-the-clock work (Defendant failed to record, or prohibited you from recording, all

of your working time);

☐Misclassification (Defendant mistakenly classified you as exempt from overtime);

☐Misclassification (Defendant failed to correctly calculate your compensation);

☐Other (Please describe).

**INTERROGATORY NO. 7:**

Provide an accounting of your claim, including:

  a)  Dates

  b)  Regular hours worked

  c)  Over-time hours worked

2

Doc ID: 55d652bbc83fe0ccd57f47fab83fd4ec175b0c55

d) Pay received versus pay claimed

e) Total amount claimed

**RESPONSE TO INTERROGATORY NO. 7:**

See attached Declaration of George McManus.

**INTERROGATORY NO. 8:**

If you have brought this case as a collective action:

a) Describe the class of employees you seek to include in this action.

b) Has an opt-in notice been filed for every potential opt-in Plaintiff who has identified himself or herself as a person who wishes to join this action?

**RESPONSE TO INTERROGATORY NO. 8:**

a) Plaintiffs seek to send notice to a potential collective consisting of all current and former non-exempt classified employees of GEICO who worked as Special Investigators (regardless of variations in title[1]) throughout the United States during the time period from three years prior to the filing of the complaint until resolution of this action, and additionally including all periods of tolling agreed to between the Parties to this action.[2]

b) Written consent to join this action has been filed on behalf of every potential Plaintiff who has expressed their wish to join this action as of the date of this response. Further

---

[1]    As of this writing, Plaintiffs are aware of the following variant job titles used for Special Investigators: Special Investigators, Special Investigator Trainers, SIU Investigators, Security Investigators, Senior Outside Security Investigators, Outside Field Investigators, Medical Investigators, Medical Fraud Investigators, Inside Medical Investigators, and Lead Investigators.

[2]    The Parties entered a partial tolling agreement before Plaintiffs filed this lawsuit. This agreement tolls the claims of Thomas Barden, Louis Caniglia, Jr., Louis Caniglia, Sr., Craig Costanzo, Danielle Ennis, Keith Fischer, Margaret Fisher, Anthony Geraci, Mark Giambalvo, John Gillen, Michael Grey, Daniel King, Constance Mangan, George McManus, John Moeser, Joseph Neenan, Michael O'Sullivan, Michael Reed and Mark Sowell as of July 29, 2022, and tolls the claims of Louis Pia and Evan Teatum as of December 6, 2022.

3

Doc ID: 55d652bbc83fe0ccd57f47fab83fd4ec175b0c55

opt-in notices may be filed by potential opt-in Plaintiffs if the Court decides on Plaintiffs'

forthcoming 216(b) Motion to send notice of this action to potential opt-in Plaintiffs.

**INTERROGATORY NO. 9:**

Please specify all attorney's fees and costs incurred to date. With respect to attorney's

fees, please provide the hourly rate(s) sought and the number of hours expended by each person

who has billed time to this case.

**RESPONSE TO INTERROGATORY NO. 9:**

As of October 31, 2023 for Outten & Golden LLP and November 1, 2023 for Kessler

Matura P.C., Plaintiffs' counsel has incurred attorneys' fees and advanced costs in the amounts

summarized below:

| Firm | Fees | Hours | Costs |
|------|------|-------|-------|
| Outten & Golden LLP | $ 347,077.50 | 759.1 | $ 7,986.41 |
| Kessler Matura P.C. | $ 11,152.50 | 28.3 | $ 0.00 |
| **TOTAL** | **$358,230.00** | **787.4** | **$ 7,986.41** |
| **GRAND TOTAL: $366,216.41** | | | |

| Outten & Golden LLP | Hours | Fees |
|---------------------|-------|------|
| Attorneys | 682.7 | $ 322,247.50 |
| Staff | 76.4 | $ 24,830.00 |
| Total | 759.1 | $ 347,077.50 |

| Kessler Matura P.C. | Hours | Fees |
|---------------------|-------|------|
| Attorneys | 24.1 | $ 10,522.50 |
| Staff | 4.2 | $ 630.00 |
| Total | 28.3 | $ 11,152.50 |

| Outten & Golden LLP | | | | | |
|---------------------|----------|----------|------|-------|-------|
| Attorney/Staff | Initials | Title | Rate | Hours | Total |
| Michael J. Scimone | MJS | Partner | $ 800.00 | 131.4 | $ 105,120.00 |
| Justin M. Swartz | JMS | Partner | $ 1,150.00 | 7.9 | $ 9,085.00 |
| Theanne Liu Svedman | TXL | Associate | $ 375.00 | 338.0 | $ 126,750.00 |

4

Doc ID: 55d652bbc83fe0ccd57f47fab83fd4ec175b0c55

| Jarron D. McAllister | JDM | Associate | $ | 375.00 | 148.5 | $ | 55,687.50 |
|---|---|---|---|---|---|---|---|
| Sabine Jean | SXJ | Associate | $ | 450.00 | 56.9 | $ | 25,605.00 |
| Christopher Truong | CXT | Paralegal | $ | 325.00 | 63.7 | $ | 20,702.50 |
| Michaela Dougherty | MDX | Paralegal | $ | 325.00 | 12.7 | $ | 4,127.50 |
| | | | Totals: | | 759.1 | $ | 347,077.50 |

| Kessler Matura P.C. | | | | |
|---|---|---|---|---|
| Attorney/Staff | Title | Rate | Hours | Total |
| Troy L. Kessler | Partner | $625.00 | 1.4 | $ 875.00 |
| Garrett Kaske | Associate | $425.00 | 22.7 | $ 9,647.50 |
| Kristine Jimenez | Paralegal | $150.00 | 4.2 | $ 630.00 |
| | | Totals: | 28.3 | $ 11,152.00 |

| Outten & Golden LLP | Costs |
|---|---|
| FedEx/UPS Charges | $ 46.64 |
| Filing Fees | $ 247.00 |
| Legal Research | $ 595.01 |
| Mediation Costs | $ 6,794.19 |
| Process Server | $ 303.57 |
| Total | $ 7,986.41 |

**INTERROGATORY NO. 10:**

When did you (or your attorney) first complain to your employer about alleged violations of the FLSA?

**RESPONSE TO INTERROGATORY NO. 10:**

Plaintiffs' counsel first alerted GEICO to Plaintiff's claims under the FLSA on March 29, 2022.

**INTERROGATORY NO. 11:**

Was this complaint written or oral? (If a written complaint, please attach a copy).

**RESPONSE TO INTERROGATORY NO. 11:**

Plaintiffs' counsel notified GEICO of Plaintiff's claims by letter dated March 29, 2022.

See attached Letter.

5

Doc ID: 55d652bbc83fe0ccd57f47fab83fd4ec175b0c55

**INTERROGATORY NO. 12:**

What was your employer's response? (If a written response, please attach a copy).

**RESPONSE TO INTERROGATORY NO. 12:**

GEICO responded through its counsel on March 31, 2022 and the parties subsequently

engaged in pre-suit discussions over the next year.

Dated: November 7, 2023                    /s/Michael J. Scimone
       New York, NY                         Michael J. Scimone

                                           Michael J. Scimone
                                           Sabine Jean
                                           Jarron D. McAllister
                                         **OUTTEN & GOLDEN LLP**
        685 Third Avenue, 25th Floor
        New York, NY 10017
        Telephone: 212-245-1000
        Facsimile: 646-509-2060
        mscimone@outtengolden.com
        sjean@outtengolden.com
        jmcallister@outtengolden.com

        Theanne Liu Svedman
        **OUTTEN & GOLDEN LLP**
        1225 New York Ave NW, Suite 1200B
        Washington, DC 20005
        Telephone: (202) 847-4400
        Facsimile: (202) 847-4410
        tliusvedman@outtengolden.com

        Troy L. Kessler
        Garrett Kaske
        **KESSLER MATURA P.C.**
        534 Broadhollow Road, Suite 275
        Melville, New York 11747
        Telephone: (631) 499-9100
        Facsimile: (631) 499-9120
        tkessler@kesslermatura.com
        gkaske@kesslermatura.com

        *Attorneys for Plaintiffs and the Putative Class*
        *and Collective*

6

Doc ID: 55d652bbc83fe0ccd57f47fab83fd4ec175b0c55

## **VERIFICATION**

I, George McManus, have read the foregoing **OPT-IN PLAINTIFF GEORGE MCMANUS'S RESPONSES TO THE COURT'S INTERROGATORIES** and know the contents thereof.

My responses as stated in the foregoing document are true of my own knowledge, expect as to those matters that are stated on information and belief, and as to those matters, I believe them to be true.

I declare, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.

Dated: 11 / 07 / 2023

Signature: _George Mc Ma_

7

Doc ID: 55d652bbc83fe0ccd57f47fab83fd4ec175b0c55

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

KEITH FISCHER, MICHAEL O'SULLIVAN,
JOHN MOESER, LOUIS PIA, THOMAS
BARDEN, CONSTANCE MANGAN, CHARISE
JONES, and ASHLEY ALVAREZ individually
and on behalf of all others similarly situated,

Plaintiffs,

v.

GOVERNMENT EMPLOYEES INSURANCE
COMPANY d/b/a GEICO.,

Defendant.

No. 23 Civ. 02848 (GRB) (ARL)

## DECLARATION OF GEORGE MCMANUS

I, George McManus, declare, based on personal knowledge and under penalty of perjury,

pursuant to 28 U.S.C. § 1746, that the following is true and correct:

**Employment History and Job Duties**

1.      I was employed as a Special Investigator at GEICO from 1998 to April 2021.  I

worked remotely, either in the field or from my home in Valley Stream and was assigned to

GEICO's Woodbury office in Nassau County, New York.

2.      I reported to Tony D'Agata, who was my immediate supervisor for a few months

before I retired.  Before Ms. D'Agata, my supervisor was Dara Campbell, for about a year, and

Gerard Cassagne before that.  Bill Newport was the manager of the Special Investigation Unit at

the GEICO Woodbury office.

3.      As a Special Investigator my main job duties were to investigate claims of

suspected insurance fraud.  GEICO assigns cases of suspected insurance fraud to Special

Doc ID: 55d652bbc83fe0ccd57f47fab83fd4ec175b0c55

Investigators, who are responsible for documenting evidence of fraud.  As part of this process,

my job duties included, among other things, reviewing case files; running background checks;

examining provider billing reports; driving out to medical facilities, accident scenes, or police

stations; gathering evidence; interviewing witnesses and law enforcement; confirming police

reports; canvassing and surveilling scenes; conducting examinations under oath; and writing and

submitting reports about my findings in cases.

4.      Since January 2020, GEICO classified me and other Special Investigators as non-

exempt employees who were eligible for overtime pay at one and one-half times my regular rate

if I worked over 40 hours a week.  My last regular rate of pay was $50.76 per hour.

**My Schedule and Unpaid Wages and Overtime**

5.      As a non-exempt employee, GEICO required me to use a web-based timekeeping

program to submit my time on a weekly basis.

6.      We were only expected to report up to 38.75 hours per week, or 7.75 hours a day,

five days a week, in the timekeeping program.  Accordingly, I only entered 7.75 hours per day,

five days a week, regardless of how many hours I actually worked.

7.      My regular schedule for GEICO was supposed to be 8:00 am to 4:00 pm. I also

worked approximately six or more hours each week in addition to that to keep up with my work.

I worked about 43 to 45 hours a week on average.  This remained consistent, even after GEICO

halted field operations in March 2020 in response to the COVID-19 pandemic.

8.      Throughout my employment, my regular hours worked were approximately 43 to

45 hours per week, and last my regular rate of pay was $50.76 per hour.  During nearly all this

time, I entered only 38.75 hours in the timekeeping system, and I was only paid for 38.75 hours

($1,966.95 per week).  In sum, for the periods described above, my best estimate is that I am

Doc ID: 55d652bbc83fe0ccd57f47fab83fd4ec175b0c55

owed approximately $39,225.69 in unpaid wages.  This is based on my best recollection over a period of several years and my last regular rate of pay, so it is possible that records and other documents in GEICO's possession could refresh my recollection and cause me to revise this estimate to be more precise.  This amount does not include liquidated damages, which would add another $39,225.69 in damages, and does not include amounts for attorneys' fees or costs, pre-judgment interest, and post-judgment interest as provided by law.

**GEICO's Overtime Pay Practices**

9.      GEICO required me to seek approval from my supervisor to submit any hours worked above 38.75.  GEICO failed to record all my hours worked during my tenure, and I was not paid for hours, including overtime hours, that I worked off the clock.

10.      GEICO had a variety of performance metrics that I was required to meet to remain in good standing.  These performance metrics and ratings changed constantly, but to the best of my recollection GEICO generally evaluated me based on how many hours it took me to complete a case task, how often I made an entry in a case report, how many days I took to close a case, and how many cases I completed within a month.  These metrics put a lot of pressure on me to work as much as needed to meet these goals and deadlines.

11.      As a result of the competing pressures that GEICO placed on me to do more work, meet demanding performance metrics, and limit my work schedule to non-overtime hours, I regularly performed work for GEICO that I did not report in the company's timekeeping system.  As a result, I was not paid for overtime hours that I worked off the clock.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:    11 / 07 / 2023
        Valley Stream, New York

_____
GEORGE MCMANUS

- 3 -

Doc ID: 55d652bbc83fe0ccd57f47fab83fd4ec175b0c55



Advocates for Workplace Fairness

**CONFIDENTIAL SETTLEMENT COMMUNICATION**
**PURSUANT TO FEDERAL RULE OF EVIDENCE 408**

March 29, 2022

**Via FedEx & E-mail**

Jonathan Shafner
Vice President and General Counsel
Government Employees Insurance Company
5260 Western Avenue
Chevy Chase, MD 20815
jshafner@geico.com

  **Re:**  *Government Employees Insurance Company d/b/a GEICO*
     *Special Investigators' Overtime Claims*

Dear Mr. Shafner:

  We write to inform Government Employees Insurance Company d/b/a/ GEICO ("GEICO") of our clients' claims for unpaid overtime.  Our firm represents nine former GEICO Special Investigators (also known as Security Investigators or Medical Investigators; collectively, "Special Investigators"), who seek to recover unpaid overtime wages on behalf of themselves and other similarly situated employees.

  GEICO currently classifies Special Investigators as non-exempt from overtime.  It reclassified them only after federal courts found GEICO misclassified this same group of employees.[1]  Based on our firm's investigation, it appears GEICO still fails to pay Special Investigators for their overtime hours.  We invite GEICO to engage in pre-litigation discussions to resolve our clients' claims early and avoid protracted and costly litigation.  The following describes Special Investigators' claims in more detail and outlines our proposal for resolution.

  **1.** **GEICO Refuses to Pay Special Investigators Overtime**

  Special Investigators are required to work a substantial number of overtime hours each week but are not paid for all of the hours they work.  Our clients report that GEICO prohibits them from reporting any overtime hours above the 38.75 hours per week, even though they consistently work well past 38.75 hours because of their assigned caseloads.  Failure to complete

---

[1]  *See Calderon v. GEICO Gen. Ins. Co.*, 917 F. Supp. 2d 428, 444 (D. Md. 2012), *aff'd*, 809 F.3d 111 (4th Cir. 2015).

**New York** 685 Third Avenue  25th Floor New York, NY 10017 Tel (212) 245-1000 Fax (646) 509-2060
**San Francisco** One California Street  12th Floor San Francisco, CA 94111 Tel (415) 638-8800 Fax (415) 638-8810
**Washington DC** 601 Massachusetts Ave NW  Suite 200W  Washington, DC 20001 Tel (202) 847-4400 Fax (202) 847-4410

www.outtengolden.com

Doc ID: 55d652bbc83fe0ccd57f47fab83fd4ec175b0c55

Jonathan Shafner
March 29, 2022
Page 2 of 4

case tasks within a set time can negatively impact their performance ratings and evaluations. These performance ratings are used to determine whether Special Investigators receive pay raises or promotions, or, at the other end of the performance scale, whether they will be subject to "coaching" or termination.  This requires Special Investigators to work overtime hours.

GEICO is aware that Special Investigators cannot complete their work without working overtime.  Our clients have discussed their heavy caseloads in various meetings with supervisors and managers at length.  Sometime in 2020, GEICO briefly provided Special Investigators overtime compensation in response to these complaints.  However, in or around June or July 2020, GEICO stopped offering overtime pay without making any change to our clients' caseloads or hours.

## 2.  GEICO's Refusal to Pay Special Investigators Overtime is a Recurrent Practice

This is not the first time GEICO has faced claims that it violated the FLSA and state laws by failing to pay Special Investigators overtime.[2]  The parties ultimately settled those claims in 2016 and 2018 after several years of litigation, and not before the district court in *Calderon* granted conditional certification of a nationwide collective and certification of a New York state law class.[3]  As mentioned earlier, the district court also found that Special Investigators were misclassified, and the Fourth Circuit affirmed.[4]  Even though GEICO has since reclassified its Special Investigators as non-exempt employees, it still refuses to pay them overtime wages.  This pattern provides strong evidentiary support for claims that GEICO acted willfully and in bad faith by failing to pay Special Investigators, entitling them to liquidated damages and an extended statute of limitations under the FLSA.

## 3.  Special Investigators are Open to a Pre-Suit Resolution of their Overtime Claims

In light of the litigation history described above, GEICO is well positioned to appreciate the pros and cons of litigation.  We believe there is substantial value for both parties in exploring the possibility of resolving these claims pre-suit, without expending substantial time or resources on attorneys' fees or costs (which would shift to become GEICO's liability if our clients prevail, *see* 29 U.S.C. § 216(b)).  We therefore invite GEICO to discuss the possibility of settling these claims in private mediation, with any settlement to be approved by a court in the venue of the parties' choosing.  If GEICO is willing to explore that process, we would ask that the parties

---

[2]     *See Calderon et al. v. GEICO Gen. Ins. Co.*, No. 10 Civ. 1958 (D. Md.); *Vetter v. Gov't Emps. Ins. Co.*, No. 13 Civ. 642 (D. Md.); *McDonagh v. Gov't Emps. Ins. Co.* No. 17 Civ. 391 (D. Md.).

[3]     *See Calderon v. Geico Gen. Ins. Co.*, No. 10 Civ. 1958, 2011 WL 98197, at *9 (D. Md. Jan. 12, 2011) (conditionally certifying FLSA collective); *Calderon v. GEICO Gen. Ins. Co.*, 279 F.R.D. 337, 347 (D. Md. 2012) (certifying New York Class).

[4]     *See Calderon v. GEICO Gen. Ins. Co.*, 917 F. Supp. 2d 428, 444 (D. Md. 2012), *aff'd*, 809 F.3d 111 (4th Cir. 2015).

Jonathan Shafner
March 29, 2022
Page 3 of 4

exchange confidential settlement data so that the parties can value the claims and determine a fair settlement value.

*    *    *

Please contact me to discuss these allegations and our proposed settlement process.  We request a response on or before April 20, 2022.

Sincerely,

Michael J. Scimone

cc:    Theanne Liu

Doc ID: 55d652bbc83fe0ccd57f47fab83fd4ec175b0c55

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| KEITH FISCHER, MICHAEL O'SULLIVAN, JOHN MOESER, LOUIS PIA, THOMAS BARDEN, CONSTANCE MANGAN, CHARISE JONES, and ASHLEY ALVAREZ individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> GOVERNMENT EMPLOYEES INSURANCE COMPANY d/b/a GEICO, <br><br> Defendant. | Case No. 23 Civ. 2848 (GRB) (ARL) |

**OPT-IN PLAINTIFF JOSEPH NEENAN'S RESPONSES TO THE COURT'S INTERROGATORIES**

**INTERROGATORY NO. 1:**

During what period of time did you work for the Defendant?

**RESPONSE TO INTERROGATORY NO. 1:**

See attached Declaration of Joseph Neenan.

**INTERROGATORY NO. 2:**

Who was your immediate supervisor?

**RESPONSE TO INTERROGATORY NO. 2**:

See attached Declaration of Joseph Neenan.

**INTERROGATORY NO. 3:**

Did you have a regularly scheduled work period? If so, specify.

**RESPONSE TO INTERROGATORY NO. 3**:

See attached Declaration of Joseph Neenan.

**INTERROGATORY NO. 4:**

What was your title or position? Briefly describe your job duties.

**RESPONSE TO INTERROGATORY NO. 4:**

See attached Declaration of Joseph Neenan.

**INTERROGATORY NO. 5:**

What was your regular rate of pay?

**RESPONSE TO INTERROGATORY NO. 5:**

See attached Declaration of Joseph Neenan.

**INTERROGATORY NO. 6:**

What is the nature of your claim? (Check all that apply.)

**RESPONSE TO INTERROGATORY NO. 6:**

☒Off-the-clock work (Defendant failed to record, or prohibited you from recording, all

of your working time);

☐Misclassification (Defendant mistakenly classified you as exempt from overtime);

☐Misclassification (Defendant failed to correctly calculate your compensation);

☐Other (Please describe).

**INTERROGATORY NO. 7:**

Provide an accounting of your claim, including:

   a)  Dates

   b)  Regular hours worked

   c)  Over-time hours worked

d) Pay received versus pay claimed

e) Total amount claimed

**RESPONSE TO INTERROGATORY NO. 7:**

See attached Declaration of Joseph Neenan.

**INTERROGATORY NO. 8:**

If you have brought this case as a collective action:

a) Describe the class of employees you seek to include in this action.

b) Has an opt-in notice been filed for every potential opt-in Plaintiff who has identified

himself or herself as a person who wishes to join this action?

**RESPONSE TO INTERROGATORY NO. 8:**

a) Plaintiffs seek to send notice to a potential collective consisting of all current and former

non-exempt classified employees of GEICO who worked as Special Investigators

(regardless of variations in title[1]) throughout the United States during the time period

from three years prior to the filing of the complaint until resolution of this action, and

additionally including all periods of tolling agreed to between the Parties to this action.[2]

b) Written consent to join this action has been filed on behalf of every potential Plaintiff

who has expressed their wish to join this action as of the date of this response. Further

---

[1]    As of this writing, Plaintiffs are aware of the following variant job titles used for Special Investigators: Special Investigators, Special Investigator Trainers, SIU Investigators, Security Investigators, Senior Outside Security Investigators, Outside Field Investigators, Medical Investigators, Medical Fraud Investigators, Inside Medical Investigators, and Lead Investigators.

[2]    The Parties entered a partial tolling agreement before Plaintiffs filed this lawsuit. This agreement tolls the claims of Thomas Barden, Louis Caniglia, Jr., Louis Caniglia, Sr., Craig Costanzo, Danielle Ennis, Keith Fischer, Margaret Fisher, Anthony Geraci, Mark Giambalvo, John Gillen, Michael Grey, Daniel King, Constance Mangan, George McManus, John Moeser, Joseph Neenan, Michael O'Sullivan, Michael Reed and Mark Sowell as of July 29, 2022, and tolls the claims of Louis Pia and Evan Teatum as of December 6, 2022.

opt-in notices may be filed by potential opt-in Plaintiffs if the Court decides on Plaintiffs'

forthcoming 216(b) Motion to send notice of this action to potential opt-in Plaintiffs.

## INTERROGATORY NO. 9:

Please specify all attorney's fees and costs incurred to date. With respect to attorney's

fees, please provide the hourly rate(s) sought and the number of hours expended by each person

who has billed time to this case.

## RESPONSE TO INTERROGATORY NO. 9:

As of October 31, 2023 for Outten & Golden LLP and November 1, 2023 for Kessler

Matura P.C., Plaintiffs' counsel has incurred attorneys' fees and advanced costs in the amounts

summarized below:

| Firm | Fees | Hours | Costs |
|---|---|---|---|
| Outten & Golden LLP | $ 347,077.50 | 759.1 | $ 7,986.41 |
| Kessler Matura P.C. | $ 11,152.50 | 28.3 | $ 0.00 |
| **TOTAL** | **$358,230.00** | **787.4** | **$ 7,986.41** |
| **GRAND TOTAL: $366,216.41** | | | |

| Outten & Golden LLP | | |
|---|---|---|
| | Hours | Fees |
| Attorneys | 682.7 | $ 322,247.50 |
| Staff | 76.4 | $ 24,830.00 |
| Total | 759.1 | $ 347,077.50 |

| Kessler Matura P.C. | | |
|---|---|---|
| | Hours | Fees |
| Attorneys | 24.1 | $ 10,522.50 |
| Staff | 4.2 | $ 630.00 |
| Total | 28.3 | $ 11,152.50 |

| Outten & Golden LLP | | | | | |
|---|---|---|---|---|---|
| Attorney/Staff | Initials | Title | Rate | Hours | Total |
| Michael J. Scimone | MJS | Partner | $ 800.00 | 131.4 | $ 105,120.00 |
| Justin M. Swartz | JMS | Partner | $ 1,150.00 | 7.9 | $ 9,085.00 |
| Theanne Liu Svedman | TXL | Associate | $ 375.00 | 338.0 | $ 126,750.00 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Jarron D. McAllister | JDM | Associate | $ | 375.00 | 148.5 | $ | 55,687.50 |
| Sabine Jean | SXJ | Associate | $ | 450.00 | 56.9 | $ | 25,605.00 |
| Christopher Truong | CXT | Paralegal | $ | 325.00 | 63.7 | $ | 20,702.50 |
| Michaela Dougherty | MDX | Paralegal | $ | 325.00 | 12.7 | $ | 4,127.50 |
| | | | Totals: | | 759.1 | $ | 347,077.50 |

| Kessler Matura P.C. | | | | |
|---|---|---|---|---|
| Attorney/Staff | Title | Rate | Hours | Total |
| Troy L. Kessler | Partner | $625.00 | 1.4 | $ 875.00 |
| Garrett Kaske | Associate | $425.00 | 22.7 | $ 9,647.50 |
| Kristine Jimenez | Paralegal | $150.00 | 4.2 | $ 630.00 |
| | | Totals: | 28.3 | $ 11,152.00 |

| Outten & Golden LLP | Costs |
|---|---|
| FedEx/UPS Charges | $ 46.64 |
| Filing Fees | $ 247.00 |
| Legal Research | $ 595.01 |
| Mediation Costs | $ 6,794.19 |
| Process Server | $ 303.57 |
| Total | $ 7,986.41 |

**INTERROGATORY NO. 10:**

When did you (or your attorney) first complain to your employer about alleged violations of the FLSA?

**RESPONSE TO INTERROGATORY NO. 10:**

Plaintiffs' counsel first alerted GEICO to Plaintiff's claims under the FLSA on March 29, 2022.

**INTERROGATORY NO. 11:**

Was this complaint written or oral? (If a written complaint, please attach a copy).

**RESPONSE TO INTERROGATORY NO. 11:**

Plaintiffs' counsel notified GEICO of Plaintiff's claims by letter dated March 29, 2022. See attached Letter.

5

**INTERROGATORY NO. 12:**

What was your employer's response? (If a written response, please attach a copy).

**RESPONSE TO INTERROGATORY NO. 12:**

GEICO responded through its counsel on March 31, 2022 and the parties subsequently

engaged in pre-suit discussions over the next year.


Dated: November 7, 2023                     */s/Michael J. Scimone*
New York, NY                                Michael J. Scimone

                                            Michael J. Scimone
                                            Sabine Jean
                                            Jarron D. McAllister
                                            **OUTTEN & GOLDEN LLP**
                                            685 Third Avenue, 25th Floor
                                            New York, NY 10017
                                            Telephone: 212-245-1000
                                            Facsimile: 646-509-2060
                                            mscimone@outtengolden.com
                                            sjean@outtengolden.com
                                            jmcallister@outtengolden.com

                                            Theanne Liu Svedman
                                            **OUTTEN & GOLDEN LLP**
                                            1225 New York Ave NW, Suite 1200B
                                            Washington, DC 20005
                                            Telephone: (202) 847-4400
                                            Facsimile: (202) 847-4410
                                            tliusvedman@outtengolden.com

                                            Troy L. Kessler
                                            Garrett Kaske
                                            **KESSLER MATURA P.C.**
                                            534 Broadhollow Road, Suite 275
                                            Melville, New York 11747
                                            Telephone: (631) 499-9100
                                            Facsimile: (631) 499-9120
                                            tkessler@kesslermatura.com
                                            gkaske@kesslermatura.com

6

*Attorneys for Plaintiffs and the Putative Class
and Collective*

7

**VERIFICATION**

I, Joseph Neenan, have read the foregoing **OPT-IN PLAINTIFF JOSEPH NEENAN'S**

**RESPONSES TO THE COURT'S INTERROGATORIES** and know the contents thereof.

My responses as stated in the foregoing document are true of my own knowledge, expect

as to those matters that are stated on information and belief, and as to those matters, I believe

them to be true.

I declare, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.


Dated: 11/07/2023


Signature: *Joseph Neenan*

8

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| KEITH FISCHER, MICHAEL O'SULLIVAN, JOHN MOESER, LOUIS PIA, THOMAS BARDEN, CONSTANCE MANGAN, CHARISE JONES, ASHLEY ALVAREZ individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOVERNMENT EMPLOYEES INSURANCE COMPANY d/b/a GEICO.,<br><br>Defendant. | No. 23 Civ. 02848 (GRB) (ARL) |

## DECLARATION OF JOSEPH NEENAN

I, Joseph Neenan, declare, based on personal knowledge and under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following is true and correct:

**Employment History and Job Duties**

1. I was employed as a Special Investigator at GEICO from approximately November 2001 to September 2019. I worked remotely throughout my tenure, either in the field or from my home in Highland Mills, New York and was assigned to GEICO's Woodbury (now Melville) office in Nassau County, New York.

2. I reported to Rich Kilgin, who was my immediate supervisor.

3. As a Special Investigator my main job duties were to investigate claims of suspected insurance fraud. GEICO assigns cases of suspected insurance fraud to Special Investigators, who are responsible for documenting evidence of fraud. As part of this process, my job duties included, among other things, reviewing case files; running background checks;

examining provider billing reports; driving out to medical facilities, accident scenes, or theft sites; gathering evidence; interviewing witnesses and law enforcement; confirming police reports; canvassing and surveilling scenes; conducting examinations under oath; and writing and submitting reports about my findings in cases.

4.    I left GEICO as a Level 65 Special Investigator. I had no supervisory authority over other Special Investigators and did not have authority to set other employees' schedules, to direct their work, or to hire, fire, or discipline other employees.

5.    I was an opt-in plaintiff in the *Calderon v. GEICO* and *Vetter v. GEICO* lawsuits, which alleged that we were misclassified overtime-exempt employees. Following the *Calderon* and *Vetter* settlements, GEICO reclassified me and other Special Investigators from overtime-exempt to non-exempt.

6.    My last regular rate of pay was approximately $40.05 per hour. I understood that, after the *Calderon* and *Vetter* settlements, GEICO paid me and other Special Investigators overtime at one-half of our regular rate of pay.

**My Schedule and Unpaid Wages and Overtime**

7.    As a non-exempt employee, GEICO required me to use a web-based timekeeping program (Workday) to submit my time on a weekly basis.

8.    I only entered 7.75 hours per day, regardless of how many hours I actually worked. I did not enter more hours into the timekeeping system as my supervisor said doing so would affect my rating, giving me a poor evaluation and negatively affecting my potential for an annual pay increase.

9.      My regular schedule for GEICO was 8:00 AM to 4:30 PM.  I regularly worked without a lunch break.  I regularly worked approximately an additional hour each day.  I worked approximately 47.5 hours a week on average.

10.     From December 2016 to September 2019, my regular hours worked were approximately 47.5 hours per week.  My last regular rate of pay was $40.05 per hour.  During nearly all of this time, I entered only 38.75 hours in the timekeeping system, and I was only paid for 38.75 hours ($1,551.94 per week).  In sum, for the periods described above, my best estimate is that I am owed approximately $21,747.30 in base wages.  This amount does not include liquidated damages, which would add another $21,747.30 in damages, and does not include amounts for attorneys' fees or costs, nor pre-judgment or post-judgment interest as provided by law.  This is based on my best recollection over a period of several years, so it is possible that records and other documents in GEICO's possession could refresh my recollection and cause me to revise this estimate to be more precise.

**GEICO's Overtime Pay Practices**

11.     GEICO required me to seek approval from my supervisor to submit any hours worked above 38.75.  My supervisor frequently reiterated to me and other Special Investigators that hours above 38.75 to complete regular case work would not be approved.  Accordingly, GEICO's system regularly failed to account for all of my hours worked during my tenure, and I was often not paid for hours, including overtime hours, that I worked off the clock.

12.     I did not complain to my supervisor about overtime during my tenure.

13.     GEICO had a variety of performance metrics that I was required to meet to remain in good standing.  These performance metrics changed constantly, but to the best of my recollection GEICO generally evaluated me based on how many hours it took me to complete a

3

case task, how often I made an entry in a case report, how many days I took to close a case, and how many cases I completed within a month. These metrics put a lot of pressure on me to work as much as needed to meet these goals and deadlines.

14. As a result of the competing pressures that GEICO placed on me to do more work, meet demanding performance metrics, and limit my work schedule to non-overtime hours, I regularly performed work for GEICO that I did not report in the company's timekeeping system. As a result, I was not paid for overtime hours that I worked off the clock.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:     11/07/2023
       Lewis, Delaware

*Joseph Neenan*

_____

Joseph Neenan

4

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

KEITH FISCHER, MICHAEL O'SULLIVAN,
JOHN MOESER, LOUIS PIA, THOMAS
BARDEN, CONSTANCE MANGAN, CHARISE
JONES, and ASHLEY ALVAREZ individually
and on behalf of all others similarly situated,

               Plaintiffs,

    v.

GOVERNMENT EMPLOYEES INSURANCE
COMPANY d/b/a GEICO,

               Defendant.

Case No. 23 Civ. 2848 (GRB) (ARL)

---

## OPT-IN PLAINTIFF EVAN TEATUM'S RESPONSES TO THE COURT'S INTERROGATORIES

**INTERROGATORY NO. 1:**

During what period of time did you work for the Defendant?

**RESPONSE TO INTERROGATORY NO. 1:**

See attached Declaration of Evan Teatum.

**INTERROGATORY NO. 2:**

Who was your immediate supervisor?

**RESPONSE TO INTERROGATORY NO. 2:**

See attached Declaration of Evan Teatum.

**INTERROGATORY NO. 3:**

Did you have a regularly scheduled work period? If so, specify.

**RESPONSE TO INTERROGATORY NO. 3**:

See attached Declaration of Evan Teatum.

**INTERROGATORY NO. 4:**

What was your title or position? Briefly describe your job duties.

**RESPONSE TO INTERROGATORY NO. 4:**

See attached Declaration of Evan Teatum.

**INTERROGATORY NO. 5:**

What was your regular rate of pay?

**RESPONSE TO INTERROGATORY NO. 5:**

See attached Declaration of Evan Teatum.

**INTERROGATORY NO. 6:**

What is the nature of your claim? (Check all that apply.)

**RESPONSE TO INTERROGATORY NO. 6:**

☒Off-the-clock work (Defendant failed to record, or prohibited you from recording, all

of your working time);

☐Misclassification (Defendant mistakenly classified you as exempt from overtime);

☐Misclassification (Defendant failed to correctly calculate your compensation);

☐Other (Please describe).

**INTERROGATORY NO. 7:**

Provide an accounting of your claim, including:

   a)  Dates

   b)  Regular hours worked

   c)  Over-time hours worked

d)  Pay received versus pay claimed

e)  Total amount claimed

**RESPONSE TO INTERROGATORY NO. 7:**

See attached Declaration of Evan Teatum.

**INTERROGATORY NO. 8:**

If you have brought this case as a collective action:

a)  Describe the class of employees you seek to include in this action.

b)  Has an opt-in notice been filed for every potential opt-in Plaintiff who has identified

himself or herself as a person who wishes to join this action?

**RESPONSE TO INTERROGATORY NO. 8:**

a)  Plaintiffs seek to send notice to a potential collective consisting of all current and former

non-exempt classified employees of GEICO who worked as Special Investigators

(regardless of variations in title[1]) throughout the United States during the time period

from three years prior to the filing of the complaint until resolution of this action, and

additionally including all periods of tolling agreed to between the Parties to this action.[2]

b)  Written consent to join this action has been filed on behalf of every potential Plaintiff

who has expressed their wish to join this action as of the date of this response.  Further

---

[1]     As of this writing, Plaintiffs are aware of the following variant job titles used for Special Investigators: Special Investigators, Special Investigator Trainers, SIU Investigators, Security Investigators, Senior Outside Security Investigators, Outside Field Investigators, Medical Investigators, Medical Fraud Investigators, Inside Medical Investigators, and Lead Investigators.
[2]     The Parties entered a partial tolling agreement before Plaintiffs filed this lawsuit.  This agreement tolls the claims of Thomas Barden, Louis Caniglia, Jr., Louis Caniglia, Sr., Craig Costanzo, Danielle Ennis, Keith Fischer, Margaret Fisher, Anthony Geraci, Mark Giambalvo, John Gillen, Michael Grey, Daniel King, Constance Mangan, George McManus, John Moeser, Joseph Neenan, Michael O'Sullivan, Michael Reed and Mark Sowell as of July 29, 2022, and tolls the claims of Louis Pia and Evan Teatum as of December 6, 2022.

3

opt-in notices may be filed by potential opt-in Plaintiffs if the Court decides on Plaintiffs' forthcoming 216(b) Motion to send notice of this action to potential opt-in Plaintiffs.

**INTERROGATORY NO. 9:**

Please specify all attorney's fees and costs incurred to date. With respect to attorney's fees, please provide the hourly rate(s) sought and the number of hours expended by each person who has billed time to this case.

**RESPONSE TO INTERROGATORY NO. 9:**

As of October 31, 2023 for Outten & Golden LLP and November 1, 2023 for Kessler Matura P.C., Plaintiffs' counsel has incurred attorneys' fees and advanced costs in the amounts summarized below:

| Firm | Fees | Hours | Costs |
|---|---|---|---|
| Outten & Golden LLP | $ 347,077.50 | 759.1 | $ 7,986.41 |
| Kessler Matura P.C. | $ 11,152.50 | 28.3 | $ 0.00 |
| **TOTAL** | **$358,230.00** | **787.4** | **$ 7,986.41** |
| **GRAND TOTAL: $366,216.41** | | | |

| Outten & Golden LLP | Hours | Fees |
|---|---|---|
| Attorneys | 682.7 | $ 322,247.50 |
| Staff | 76.4 | $ 24,830.00 |
| Total | 759.1 | $ 347,077.50 |

| Kessler Matura P.C. | Hours | Fees |
|---|---|---|
| Attorneys | 24.1 | $ 10,522.50 |
| Staff | 4.2 | $ 630.00 |
| Total | 28.3 | $ 11,152.50 |

| Outten & Golden LLP | | | | | |
|---|---|---|---|---|---|
| Attorney/Staff | Initials | Title | Rate | Hours | Total |
| Michael J. Scimone | MJS | Partner | $ 800.00 | 131.4 | $ 105,120.00 |
| Justin M. Swartz | JMS | Partner | $ 1,150.00 | 7.9 | $ 9,085.00 |
| Theanne Liu Svedman | TXL | Associate | $ 375.00 | 338.0 | $ 126,750.00 |

4

| Jarron D. McAllister | JDM | Associate | $ | 375.00 | 148.5 | $ | 55,687.50 |
|---|---|---|---|---|---|---|---|
| Sabine Jean | SXJ | Associate | $ | 450.00 | 56.9 | $ | 25,605.00 |
| Christopher Truong | CXT | Paralegal | $ | 325.00 | 63.7 | $ | 20,702.50 |
| Michaela Dougherty | MDX | Paralegal | $ | 325.00 | 12.7 | $ | 4,127.50 |
| | | | Totals: | | 759.1 | $ | 347,077.50 |

| Kessler Matura P.C. | | | | |
|---|---|---|---|---|
| Attorney/Staff | Title | Rate | Hours | Total |
| Troy L. Kessler | Partner | $625.00 | 1.4 | $ 875.00 |
| Garrett Kaske | Associate | $425.00 | 22.7 | $ 9,647.50 |
| Kristine Jimenez | Paralegal | $150.00 | 4.2 | $ 630.00 |
| | | Totals: | 28.3 | $ 11,152.00 |

| Outten & Golden LLP | Costs |
|---|---|
| FedEx/UPS Charges | $ 46.64 |
| Filing Fees | $ 247.00 |
| Legal Research | $ 595.01 |
| Mediation Costs | $ 6,794.19 |
| Process Server | $ 303.57 |
| Total | $ 7,986.41 |

**INTERROGATORY NO. 10:**

When did you (or your attorney) first complain to your employer about alleged violations

of the FLSA?

**RESPONSE TO INTERROGATORY NO. 10:**

See attached Declaration of Evan Teatum.

**INTERROGATORY NO. 11:**

Was this complaint written or oral? (If a written complaint, please attach a copy).

**RESPONSE TO INTERROGATORY NO. 11:**

See attached Declaration of Evan Teatum.

**INTERROGATORY NO. 12:**

What was your employer's response? (If a written response, please attach a copy).

5

**RESPONSE TO INTERROGATORY NO. 12:**

   See attached Declaration of Evan Teatum.

Dated: November 8, 2023       */s/Michael J. Scimone*
   New York, NY        Michael J. Scimone

                Michael J. Scimone
                Sabine Jean
                Jarron D. McAllister
                **OUTTEN & GOLDEN LLP**
                685 Third Avenue, 25th Floor
                New York, NY 10017
                Telephone: 212-245-1000
                Facsimile: 646-509-2060
                mscimone@outtengolden.com
                sjean@outtengolden.com
                jmcallister@outtengolden.com

                Theanne Liu Svedman
                **OUTTEN & GOLDEN LLP**
                1225 New York Ave NW, Suite 1200B
                Washington, DC 20005
                Telephone: (202) 847-4400
                Facsimile: (202) 847-4410
                tliusvedman@outtengolden.com

                Troy L. Kessler
                Garrett Kaske
                **KESSLER MATURA P.C.**
                534 Broadhollow Road, Suite 275
                Melville, New York 11747
                Telephone: (631) 499-9100
                Facsimile: (631) 499-9120
                tkessler@kesslermatura.com
                gkaske@kesslermatura.com

                *Attorneys for Plaintiffs and the Putative Class*
                *and Collective*

**VERIFICATION**

I, Evan Teatum, have read the foregoing **OPT-IN PLAINTIFF EVAN TEATUM'S**

**RESPONSES TO THE COURT'S INTERROGATORIES** and know the contents thereof.

My responses as stated in the foregoing document are true of my own knowledge, expect

as to those matters that are stated on information and belief, and as to those matters, I believe

them to be true.

I declare, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.

Dated: 11/08/2023

Signature: _____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

KEITH FISCHER, MICHAEL O'SULLIVAN, JOHN MOESER, LOUIS PIA, THOMAS BARDEN, CONSTANCE MANGAN, CHARISE JONES, and ASHLEY ALVAREZ individually and on behalf of all others similarly situated,

Plaintiffs,

v.

GOVERNMENT EMPLOYEES INSURANCE COMPANY d/b/a GEICO.,

Defendant.

No. 23 Civ. 02848

## DECLARATION OF EVAN TEATUM

I, Evan Teatum, declare, based on personal knowledge and under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following is true and correct:

**Employment History and Job Duties**

1. I was employed as a Special Investigator at GEICO from April 2006 to October 4, 2023. I worked remotely throughout my tenure, either in the field or from my home in Orange County, New York and was assigned to GEICO's Woodbury (now Melville) office in Nassau County, New York.

2. I reported to Dara Campbell, who was my immediate supervisor for the majority of my employment. Rich Anilowski was my immediate supervisor from July to October 2023.

3. As a Special Investigator my main job duties were to investigate claims of suspected insurance fraud. GEICO assigns cases of suspected insurance fraud to Special Investigators, who are responsible for documenting evidence of fraud. As part of this process,

my job duties included, among other things, reviewing case files; running background checks; examining provider billing reports; driving out to medical facilities, accident scenes, or theft sites; gathering evidence; interviewing witnesses and law enforcement; confirming police reports; canvassing and surveilling scenes; conducting examinations under oath; interacting with examiners/filers who were assigned to the claims, interacting with supervisors on a regular basis, make notifications to New York State Division of Finance/Fraud, and writing and submitting reports about my findings in cases to GEICO's specifications.

4.      Since January 2020, GEICO classified me and other Special Investigators as non-exempt employees who were eligible for overtime pay at one and one-half times my regular rate if I worked over 40 hours a week.  My last regular rate of pay was $46.00 per hour.

**My Schedule and Unpaid Wages and Overtime**

5.      As a non-exempt employee, GEICO required me to use a web-based timekeeping program to submit my time on a weekly basis.

6.      My supervisor told me that I could only report up to 38.75 hours per week, or 7.75 hours a day, five days a week, in the timekeeping program.  Accordingly, I only entered 7.75 hours per day, five days a week, regardless of how many hours I actually worked.  It was my understanding that I would have gotten in trouble if I entered my actual hours worked without prior overtime approval from supervisor.  There was a brief period of time in or about May to July 2020 when GEICO began approving some overtime due to the increased caseload from the pandemic, which was a change from their previous practice.  Ex. A (Bates No. P00000120, -122-24).  But in telling us that GEICO would approve some overtime, my supervisors made it clear that it should be limited.  I was also aware that other Special Investigators had been scrutinized in the past when they reported overtime, and this led me to

2

believe that I would get in trouble if I reported all of the time I was working.  In or about July 2020, GEICO told us that it would no longer approve overtime work, and I went back to only reporting 38.75 hours per week for most of my employment.

7.      In or about February to June 2023, GEICO changed its timesheet system and informed us that we were allowed to report time worked for a short period after our scheduled end time.  During that time period I reported small amounts of overtime that were approved. Ex. B (Bates No. P00000095-105).  However, I still understood from GEICO's instructions that significant overtime would not be approved, so I continued to log out of work after my scheduled end time and continue working.  I was still working additional overtime hours most days that I did not report, because I believed that it would not get approved if I put in all my hours.

8.      My regular schedule for GEICO was 9:00 AM to 5:00 PM.  I also worked approximately 4-8 hours at least 3 days per week in addition to that, including working through meal breaks, and another 5-8 hours most weekends to keep up with my work.  I worked about 50.75 to 70.75 hours a week on average.

9.      Starting in March 2020, the COVID-19 pandemic halted field operations, so all of my work was done remotely until approximately November 2021.  GEICO increased my caseload significantly after March 2020.  While my overtime hours did not increase, my caseload nearly doubled as a result.  I was spending longer hours at home rather than in the field.

10.      GEICO returned to normal field operations in or about November 2021.  My overtime hours decreased somewhat as a result, but my caseload still required me to work overtime to keep up with my workload.  I estimate that during this period I worked about 60 hours a week on average.

3

11.     From December 2016 to October 2023, my regular hours worked were approximately 50.75 to 70.75 hours per week, and my last regular pay was $48.44 per hour. During nearly all of this time, I entered only 38.75 hours in the timekeeping system, and I was only paid for 38.75 hours ($1,877.05 per week).  In sum, for the periods described above, my best estimate is that I am owed approximately $313,741.94 in unpaid wages.  This is based on my best recollection over a period of several years, so it is possible that records and other documents in GEICO's possession could refresh my recollection and cause me to revise this estimate to be more precise.  This amount does not include liquidated damages, which would add another $313,741.94 in damages, and does not include amounts for attorneys' fees or costs, pre-judgment interest, and post-judgment interest as provided by law.

**GEICO's Overtime Pay Practices**

12.     GEICO required me to seek approval from my supervisor to submit any hours worked above 38.75.  GEICO supervisor Dara Campbell sometimes reiterated to me and other Special Investigators that hours above 38.75 to complete regular case work would not be approved.  It was my understanding that to be a team player, you did not put in for overtime. Accordingly, I did not record all of my hours worked during my tenure, and I was not paid for hours, including overtime hours, that I worked off the clock.

13.     GEICO also had a variety of performance metrics that I was required to meet to remain in good standing.  These performance metrics and ratings changed constantly, but to the best of my recollection GEICO generally evaluated me based on how many hours it took me to complete a case task, how often I made an entry in a case report, how many days I took to close a case, and how many cases I completed within a month.  These metrics put a lot of pressure on me to work as much as needed to meet these goals and deadlines to remain employed.  I went

4

from earning awards and scoring the highest on performance evaluations, earning a 4.95 out 5 rating on the metrics, s*ee* Ex. C (Bates No. P00000233), to receiving lower scores due to an increased caseload.  These metrics were tied to my compensation.

14.    I complained to my supervisor about overtime and my caseload on several occasions.  I made these complaints verbally and occasionally in writing.  GEICO's response was do the best you can.  My written complaints were made through my GEICO work email and I do not have a copy of my written complaints in my possession, custody, or control.

15.    My caseload increased significantly since 2016.  I went from approximately 187 cases in 2016 and approximately 241 cases in 2017 to approximately 488 cases in 2020 and approximately 484 cases in 2021.  Ex. D (Bates Nos. P00000087-88); Ex. E (Bates No. P000000247).  GEICO constantly changed the audit procedure and made it nearly impossible to succeed.  This resulted in increased pressure, additional workload, and daily changes in procedure.  I had increased scrutiny which ultimately forced me to leave the company before I hit retirement age.

16.    As a result of the competing pressures that GEICO placed on me to do more work, meet demanding performance metrics, and limit my work schedule to non-overtime hours, I regularly performed work for GEICO that I did not report in the company's timekeeping system.  As a result, I was not paid for overtime hours that I worked off the clock.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:    11/08/2023
          Orange County, NY

_Evan Teatum_
Evan Teatum

5

# Exhibit A

Government Employees Insurance Company    One Geico Plaza Washington, DC 20076    +1 (301) 986-3444

| Name | | Employee ID | Pay Period Begin | Pay Period End | Check Date | Check Number |
|---|---|---|---|---|---|---|
| Evan Tealrum | | 125438 | 07/04/2020 | 07/17/2020 | 07/23/2020 | |

| Department | | Location | Job Title | | | Annual Salary |
|---|---|---|---|---|---|---|
| Y135 SIU Long Island 1 | | NY Rockland-Westchester County - NYC JPS | Senior Field Security Investigator | | | 85,496.45 |

| | Gross Pay | Pre Tax Deductions | Employee Taxes | Post Tax Deductions | Net Pay |
|---|---|---|---|---|---|
| Current | 3,617.19 | 1,008.31 | 655.50 | 81.96 | 1,871.42 |
| YTD | 60,964.68 | 24,004.65 | 10,676.89 | 1,226.85 | 25,054.29 |

| Earnings | | | | | | | Employee Taxes | | |
|---|---|---|---|---|---|---|---|---|---|
| Description | Dates | Hours | Rate | Amount | YTD | Description | | Amount | YTD |
| Floating Holiday | | | 0 | | 986.50 | OASDI | | 223.75 | 3,772.08 |
| Holiday Pay | | | 0 | | 1,296.16 | Medicare | | 52.33 | 882.18 |
| Overtime 1.5 | 07/04/2020 - 07/17/2020 | 3.5 | 63.645 | 222.77 | 1,177.46 | Federal Withholding | | 242.95 | 3,917.62 |
| Paid Sick | | | 0 | | 2,282.65 | State Tax - NY | | 125.53 | 1,939.09 |
| Profit Sharing Payout | | | 0 | | 10,646.97 | NY SDI - NYSDI | | 1.20 | 18.00 |
| Quote Referral Program | | | 0 | | 30.00 | New York Paid Family Leave - NYPI | | 9.74 | 149.92 |
| Regular Overtime | 07/04/2020 - 07/17/2020 | 2.5 | 42.43 | 106.08 | 265.20 | | | | |
| Regular Pay | 07/04/2020 - 07/17/2020 | 77.5 | 42.43 | 3,288.34 | 41,716.27 | | | | |
| Vacation | | | 0 | | 2,563.47 | | | | |
| Total: | | 83.5 | | 3,617.19 | 60,964.68 | Total: | | 655.50 | 10,676.89 |

| Pre Tax Deductions | | | | Post Tax Deductions | | | |
|---|---|---|---|---|---|---|---|
| Description | | Amount | YTD | Description | | Amount | YTD |
| 401(k) Catch-Up | | 1,000.00 | 4,360.00 | AD&D | | 4.15 | 62.25 |
| 401(k) | | 0.00 | 14,176.51 | LTD Buy-UP | | 5.06 | 75.20 |
| Delta Dental Standard | | 8.31 | 124.65 | Optional Life | | 10.44 | 154.75 |
| Profit Sharing 401(k) Deferral | | | 5,323.49 | Personal Mileage | | 62.31 | 934.65 |
| Total: | | 1,008.31 | 24,004.65 | Total: | | 81.96 | 1,226.85 |

| Employer Paid Benefits | | | | Taxable Wages | | | |
|---|---|---|---|---|---|---|---|
| Description | | Amount | YTD | Description | | Amount | YTD |
| Associate Assistance Plan - ER | | 0.23 | 3.45 | OASDI - Taxable Wages | | 3,608.88 | 60,840.03 |
| Basic LTD - ER | | 5.81 | 86.35 | Medicare - Taxable Wages | | 3,608.88 | 60,840.03 |
| Delta Dental Standard - ER | | 19.38 | 290.70 | Federal Withholding - Taxable Wages | | 2,608.88 | 36,960.03 |
| Group Life ER | | 1.33 | 19.80 | State Withholding (Work) - Taxable Wages | | 2,608.88 | 36,960.03 |
| Total: | | 26.75 | 400.30 | | | | |

| Absence Plans | | | | | |
|---|---|---|---|---|---|
| Description | | | Accrued | Reduced | Available |
| Floating Holiday | | | 0 | 0 | 0 |
| Paid Sick | | | 4.82 | 0 | 172.98 |
| Vacation | | | 4.47 | 0 | 223.18 |

| Payment Information | | | | | |
|---|---|---|---|---|---|
| Bank | Account Name | Account Number | USD Amount | | Amount |
| Chase Bk | Chase Bk ******1279 | ******1279 | | | 1,871.42  USD |

*28.7 Days* (handwritten)

P00000120

Government Employees Insurance Company    One Geico Plaza Washington, DC 20076    +1 (301) 986-3444

| Name | | | | Pay Begin Date | Pay End Date | Pay Period End | Check Date | Check Number |
|---|---|---|---|---|---|---|---|---|
| Evan Teatum | | | | 125438 | 06/20/2020 | 07/03/2020 | 07/09/2020 | |

| Department | | | | Location | | Title | | Annual Salary |
|---|---|---|---|---|---|---|---|---|
| Y135 SIU Long Island 1 | | | | NY Rockland-Westchester County - NYC UPS | | Senior Field Security Investigator | | 85,496.45 |

| | | | | Total Gross | Pre Tax Deduction | Employee Taxes | Post Tax Deduction | Net Pay |
|---|---|---|---|---|---|---|---|---|
| Current | | | | 3,659.62 | 1,102.10 | 649.57 | 81.96 | 1,825.99 |
| YTD | | | | 57,347.49 | 22,996.34 | 10,023.39 | 1,144.89 | 23,182.87 |

| Earnings | | | | | | Employee Taxes | | |
|---|---|---|---|---|---|---|---|---|
| Description | Dates | Hours | Rate | Amount | YTD | Description | Amount | YTD |
| Floating Holiday | 06/27/2020 - 07/03/2020 | 23.25 | 42.43 | 986.50 | 986.50 | OASDI | 226.38 | 3,548.33 |
| Holiday Pay | 06/27/2020 - 07/03/2020 | 7.75 | 42.43 | 328.84 | 1,296.16 | Medicare | 52.94 | 829.85 |
| Overtime 1.5 | 06/20/2020 - 06/26/2020 | 5 | 63.645 | 318.23 | 954.69 | Federal Withholding | 236.79 | 3,674.67 |
| Paid Sick | | | 0 | | 2,282.65 | State Tax - NY | 122.40 | 1,813.56 |
| Profit Sharing Payout | | | 0 | | 10,646.97 | NY SDI - NYSDI | 1.20 | 16.80 |
| Quote Referral Program | | | 0 | | 30.00 | New York Paid Family Leave - NYPI | 9.86 | 140.18 |
| Regular Overtime | 06/20/2020 - 06/26/2020 | 1.25 | 42.43 | 53.04 | 159.12 | | | |
| Regular Pay | 06/20/2020 - 06/26/2020 | 38.75 | 42.43 | 1,644.17 | 38,427.93 | | | |
| Vacation | 06/27/2020 - 07/03/2020 | 7.75 | 42.43 | 328.84 | 2,563.47 | | | |
| Total: | | 83.75 | | 3,659.62 | 57,347.49 | Total: | 649.57 | 10,023.39 |

| Pre Tax Deductions | | | | Post Tax Deductions | | |
|---|---|---|---|---|---|---|
| Description | Amount | YTD | | Description | Amount | YTD |
| 401(k) Catch-Up | 260.00 | 3,380.00 | | AD&D | 4.15 | 58.10 |
| 401(k) | 833.79 | 14,176.51 | | LTD Buy-UP | 5.06 | 70.14 |
| Delta Dental Standard | 8.31 | 116.34 | | Optional Life | 10.44 | 144.31 |
| Profit Sharing 401(k) Deferral | | 5,323.49 | | Personal Mileage | 62.31 | 872.34 |
| Total: | 1,102.10 | 22,996.34 | | Total: | 81.96 | 1,144.89 |

| Employer Paid Benefits | | | | Taxable Wages | | |
|---|---|---|---|---|---|---|
| Description | Amount | YTD | | Description | Amount | YTD |
| Associate Assistance Plan - ER | 0.23 | 3.22 | | OASDI - Taxable Wages | 3,651.31 | 57,231.15 |
| Basic LTD - ER | 5.81 | 80.54 | | Medicare - Taxable Wages | 3,651.31 | 57,231.15 |
| Delta Dental Standard - ER | 19.38 | 271.32 | | Federal Withholding - Taxable Wages | 2,557.52 | 34,351.15 |
| Group Life ER | 1.33 | 18.47 | | State Withholding (Work) - Taxable Wages | 2,557.52 | 34,351.15 |
| Total: | 26.75 | 373.55 | | | | |

| Absence Plans | | | | | | |
|---|---|---|---|---|---|---|
| Description | | | | Accrued | Reduced | Available |
| Floating Holiday | | | | 0 | 23.25 | 0 |
| Paid Sick | | | | 4.83 | 0 | 168.16 |
| Vacation | | | | 4.47 | 7.75 | 218.71 |

| Payroll Information | | | | | |
|---|---|---|---|---|---|
| Bank | Account Name | | Account Number | USD Amount | Amount |
| Chase Bk | Chase Bk ******1279 | | ******1279 | | 1,825.99    USD |

P00000122

Government Employees Insurance Company    One Geico Plaza Washington, DC 20076    +1 (301) 986-3444

| Name | | Employee ID | Pay Period Begin | Pay Period End | Check Date | Check Number |
|---|---|---|---|---|---|---|
| Evan Teatum | | 125438 | 06/06/2020 | 06/19/2020 | 06/25/2020 | |

| Department | | Location | Job Title | | | Annual Salary |
|---|---|---|---|---|---|---|
| Y135 SIU Long Island 1 | | NY Rockland-Westchester County - NYC UPS | Senior Field Security Investigator | | | 85,496.45 |

| | Gross Pay | Pre-Tax Deductions | Employee Taxes | Post Tax Deductions | Net Pay |
|---|---|---|---|---|---|
| Current | 3,532.32 | 1,363.33 | 569.20 | 81.96 | 1,517.83 |
| YTD | 53,687.87 | 21,894.24 | 9,373.82 | 1,062.93 | 21,356.88 |

### Earnings

| Description | Dates | Hours | Rate | Amount | YTD |
|---|---|---|---|---|---|
| Holiday Pay | | | 0 | | 967.32 |
| Overtime 1.5 | 06/08/2020 - 06/12/2020 | 3 | 63.645 | 190.94 | 636.46 |
| Paid Sick | | | 0 | | 2,282.65 |
| Profit Sharing Payout | | | 0 | | 10,646.97 |
| Quote Referral Program | | | 0 | | 30.00 |
| Regular Overtime | 06/08/2020 - 06/12/2020 | 1.25 | 42.43 | 53.04 | 106.08 |
| Regular Pay | 06/08/2020 - 06/19/2020 | 77.5 | 42.43 | 3,288.34 | 36,783.76 |
| Vacation | | | 0 | | 2,234.63 |
| Total: | | 81.75 | | 3,532.32 | 53,687.67 |

### Employee Taxes

| Description | Amount | YTD |
|---|---|---|
| OASDI | 218.49 | 3,321.95 |
| Medicare | 51.10 | 776.91 |
| Federal Withholding | 190.16 | 3,437.88 |
| State Tax - NY | 98.74 | 1,691.16 |
| NY SDI - NYSDI | 1.20 | 15.60 |
| New York Paid Family Leave - NYPI | 9.51 | 130.32 |
| Total: | 569.20 | 9,373.62 |

### Pre-Tax Deductions

| Description | Amount | YTD |
|---|---|---|
| 401(k) Catch-Up | 260.00 | 3,120.00 |
| 401(k) | 1,095.02 | 13,342.72 |
| Delta Dental Standard | 8.31 | 108.03 |
| Profit Sharing 401(k) Deferral | | 5,323.49 |
| Total: | 1,383.33 | 21,894.24 |

### Post-Tax Deductions

| Description | Amount | YTD |
|---|---|---|
| AD&D | 4.15 | 53.95 |
| LTD Buy-UP | 5.06 | 65.08 |
| Optional Life | 10.44 | 133.87 |
| Personal Mileage | 62.31 | 810.03 |
| Total: | 81.96 | 1,062.93 |

### Employer Paid Benefits

| Description | Amount | YTD |
|---|---|---|
| Associate Assistance Plan - ER | 0.23 | 2.99 |
| Basic LTD - ER | 5.81 | 74.73 |
| Delta Dental Standard - ER | 19.38 | 251.94 |
| Group Life ER | 1.33 | 17.14 |
| Total: | 26.75 | 346.80 |

### Taxable Wages

| Description | Amount | YTD |
|---|---|---|
| OASDI - Taxable Wages | 3,524.01 | 53,579.84 |
| Medicare - Taxable Wages | 3,524.01 | 53,579.84 |
| Federal Withholding - Taxable Wages | 2,168.99 | 31,793.63 |
| State Withholding (Work) - Taxable Wages | 2,168.99 | 31,793.63 |

### Absence Plans

| Description | Accrued | Reduced | Available |
|---|---|---|---|
| Floating Holiday | 0 | 0 | 23.25 |
| Paid Sick | 4.72 | 0 | 163.33 |
| Vacation | 4.47 | 0 | 221.99 |

### Payment Information

| Bank | Account Name | Account Number | USD Amount | Amount |
|---|---|---|---|---|
| Chase Bk | Chase Bk ******1279 | ******1279 | | 1,517.83    USD |

P00000123

Government Employees Insurance Company    One Geico Plaza Washington, DC 20076    +1 (301) 986-3444

| Name | | Employee ID | Pay Period Begin | Pay Period End | Check Date | Check Number |
|---|---|---|---|---|---|---|
| Evan Teatum | | 125438 | 05/23/2020 | 06/05/2020 | 06/11/2020 | |

| Department | | Location | Job Title | | | Annual Salary |
|---|---|---|---|---|---|---|
| Y135 SIU Long Island 1 | | NY Rockland-Westchester County - NYC UPS | Senior Field Security Investigator | | | 85,496.45 |

| | Gross Pay | Pre Tax Deductions | Employee Taxes | Post Tax Deductions | Net Pay |
|---|---|---|---|---|---|
| Current | 3,786.90 | 1,442.25 | 621.13 | 81.96 | 1,641.56 |
| YTD | 50,155.55 | 20,530.91 | 8,804.62 | 980.97 | 19,839.05 |

| Earnings | | | | | | Employee Taxes | | |
|---|---|---|---|---|---|---|---|---|
| Description | Dates | Hours | Rate | Amount | YTD | Description | Amount | YTD |
| Holiday Pay | 05/23/2020 - 05/29/2020 | 7.75 | 42.43 | 328.84 | 967.32 | OASDI | 234.27 | 3,103.48 |
| Overtime 1.5 | 05/30/2020 - 06/05/2020 | 7 | 63.645 | 445.52 | 445.52 | Medicare | 54.79 | 725.81 |
| Paid Sick | | | 0 | | 2,282.65 | Federal Withholding | 211.24 | 3,247.72 |
| Profit Sharing Payout | | | 0 | | 10,646.97 | State Tax - NY | 109.43 | 1,592.42 |
| Quote Referral Program | | | 0 | | 30.00 | NY SDI - NYSDI | 1.20 | 14.40 |
| Regular Overtime | 05/30/2020 - 06/05/2020 | 1.25 | 42.43 | 53.04 | 53.04 | New York Paid Family Leave - NYPI | 10.20 | 120.81 |
| Regular Pay | 05/23/2020 - 06/05/2020 | 69.75 | 42.43 | 2,959.50 | 33,495.42 | | | |
| Vacation | | | 0 | | 2,234.63 | | | |
| Total: | | 85.75 | | 3,786.90 | 50,155.55 | Total: | 621.13 | 8,804.62 |

| Pre Tax Deductions | | | Post Tax Deductions | | |
|---|---|---|---|---|---|
| Description | Amount | YTD | Description | Amount | YTD |
| 401(k) Catch-Up | 260.00 | 2,860.00 | AD&D | 4.15 | 49.80 |
| 401(k) | 1,173.94 | 12,247.70 | LTD Buy-UP | 5.06 | 60.02 |
| Delta Dental Standard | 8.31 | 99.72 | Optional Life | 10.44 | 123.43 |
| Profit Sharing 401(k) Deferral | | 5,323.49 | Personal Mileage | 62.31 | 747.72 |
| Total: | 1,442.25 | 20,530.91 | Total: | 81.96 | 980.97 |

| Employer Paid Benefits | | | Taxable Wages | | |
|---|---|---|---|---|---|
| Description | Amount | YTD | Description | Amount | YTD |
| Associate Assistance Plan - ER | 0.23 | 2.76 | OASDI - Taxable Wages | 3,778.59 | 50,055.83 |
| Basic LTD - ER | 5.81 | 68.92 | Medicare - Taxable Wages | 3,778.59 | 50,055.83 |
| Delta Dental Standard - ER | 19.38 | 232.56 | Federal Withholding - Taxable Wages | 2,344.65 | 29,624.64 |
| Group Life ER | 1.33 | 15.81 | State Withholding (Work) - Taxable Wages | 2,344.65 | 29,624.64 |
| Total: | 26.75 | 320.05 | | | |

| Absence Plans | | | | |
|---|---|---|---|---|
| Description | | Accrued | Reduced | Available |
| Floating Holiday | | 0 | 0 | 23.26 |
| Paid Sick | | 4.95 | 0 | 158.61 |
| Vacation | | 4.47 | 0 | 217.52 |

| Payment Information | | | | | |
|---|---|---|---|---|---|
| Bank | Account Name | Account Number | USD Amount | Amount | |
| Chase Bk | Chase Bk ******1279 | ******1279 | | 1,641.56 | USD |

P00000124

# Exhibit B

Government Employees Insurance Company   One Geico Plaza Washington, DC 20076    +1 (301) 9863444

| Name | | Employee ID | Pay Period Begin | Pay Period End | Check Date | Check Number |
|---|---|---|---|---|---|---|
| Evan Teatum | | 125438 | 06/17/2023 | 06/30/2023 | 07/06/2023 | |

| Department | Location | Job Title | Hourly Rate |
|---|---|---|---|
| SI3800 SIU | NY Rockland-Westchester County - NYC JPS | Senior Field Security Investigator | 48.44 |

| | Gross Pay | Pre-Tax Deductions | Employee Taxes | Post Tax Deductions | Net Pay |
|---|---|---|---|---|---|
| Current | 4,007.20 | 440.80 | 986.71 | 152.06 | 2,427.63 |
| YTD | 53,366.75 | 5,686.61 | 12,965.41 | 1,859.30 | 32,855.43 |

### Earnings

| Description | Dates | Hours | Rate | Amount | YTD |
|---|---|---|---|---|---|
| Floating Holiday | | 0 | | | 750.82 |
| Holiday Pay | | 0 | | | 1,458.41 |
| Overtime 1.5 | 06/24/2023 - 06/30/2023 | 2.483334 | 72.66 | 180.44 | 409.33 |
| Paid Sick | | 0 | | | 1,126.23 |
| Regular Overtime | 06/17/2023 - 06/23/2023 | 0.25 | 48.44 | 12.11 | |
| Regular Overtime | 06/24/2023 - 06/30/2023 | 1.25 | 48.44 | 60.55 | 496.56 |
| Regular Pay | 06/17/2023 - 06/23/2023 | 38.75 | 48.44 | 1,877.05 | |
| Regular Pay | 06/24/2023 - 06/30/2023 | 38.75 | 48.44 | 1,877.05 | 46,959.43 |
| Vacation | | 0 | | | 2,165.97 |
| Total: | | 81.483 | | 4,007.20 | 53,366.75 |

### Employee Taxes

| Description | Amount | YTD |
|---|---|---|
| OASDI | 248.45 | 3,308.74 |
| Medicare | 58.11 | 773.82 |
| Federal Withholding | 486.93 | 6,322.21 |
| State Tax - NY | 173.79 | 2,301.02 |
| NY SDI - NYSDI | 1.20 | 16.80 |
| New York Paid Family Leave - NYPI | 18.23 | 242.82 |
| Total: | 986.71 | 12,965.41 |

### Pre-Tax Deductions

| Description | Amount | YTD |
|---|---|---|
| 401(k) | 440.80 | 5,686.61 |
| Total: | 440.80 | 5,686.61 |

### Post Tax Deductions

| Description | Amount | YTD |
|---|---|---|
| AD&D | 4.15 | 58.10 |
| Accidental Injury Insurance | 2.31 | 30.03 |
| Critical Illness Insurance | 22.93 | 298.09 |
| LTD Buy-UP | 5.63 | 78.16 |
| NY: SDI Offset (EE) | -1.20 | -16.80 |
| Other | 118.24 | 1,411.72 |
| Total: | 152.06 | 1,859.30 |

### Employer Paid Benefits

| Description | Amount | YTD |
|---|---|---|
| Associate Assistance Plan - ER | 0.40 | 5.43 |
| Basic LTD - ER | 6.42 | 89.13 |
| Group Life ER | 1.52 | 21.07 |
| NY: State Disability Insurance - Employer Paid | 1.20 | 16.80 |
| Total: | 9.54 | 132.43 |

### Taxable Wages

| Description | Amount | YTD |
|---|---|---|
| OASDI - Taxable Wages | 4,007.20 | 53,366.75 |
| Medicare - Taxable Wages | 4,007.20 | 53,366.75 |
| Federal Withholding - Taxable Wages | 3,566.40 | 47,680.14 |
| State Withholding (Work) - Taxable Wages | 3,566.40 | 47,680.14 |

### Absence Plans

| Description | Accrued | Reduced | Available |
|---|---|---|---|
| Floating Holiday | 0 | 0 | 0 |
| Sick | 4.7 | 0 | 294.43 |
| Vacation | 5.96 | 0 | 159.28 |

### Payment Information

| Bank | Account Name | Account Number | USD Amount | Amount |
|---|---|---|---|---|
| Chase Bk | Chase Bk ******1279 | ******1279 | | 2,427.63 USD |

For questions or concerns regarding your pay slip, please contact the Payroll Dept. at 301-986-3444 or pasc@geico.com.

P00000095

Government Employees Insurance Company – One Geico Plaza Washington, DC 20076   +1 (301) 9863444

| Name | | Employee ID | Pay Period Begin | Pay Period End | Check Date | Check Number |
|------|---|-------------|------------------|----------------|------------|--------------|
| Evan Teatum | | 125438 | 06/03/2023 | 06/16/2023 | 06/22/2023 | |

| Department | Location | Job Title | | Hourly Rate |
|------------|----------|-----------|---|-------------|
| SI3800 SIU | NY Rockland-Westchester County - NYC JPS | Senior Field Security Investigator | | 48.44 |

| | Gross Pay | Pre-Tax Deductions | Employee Taxes | Post Tax Deductions | Net Pay |
|---|-----------|--------------------|----------------|---------------------|---------|
| Current | 3,846.15 | 423.08 | 933.52 | 152.06 | 2,337.49 |
| YTD | 49,359.55 | 5,245.81 | 11,978.70 | 1,707.24 | 30,427.80 |

| Earnings | | | | | | Employee Taxes | | |
|----------|---|---|---|---|---|----------------|---|---|
| Description | Dates | Hours | Rate | Amount | YTD | Description | Amount | YTD |
| Floating Holiday | | 0 | | | 750.82 | OASDI | 238.46 | 3,060.29 |
| Holiday Pay | | 0 | | | 1,458.41 | Medicare | 55.77 | 715.71 |
| Overtime 1.5 | | 0 | | | 228.89 | Federal Withholding | 455.40 | 5,835.28 |
| Paid Sick | 06/03/2023 - 06/09/2023 | 7.75 | 48.44 | 375.41 | 1,126.23 | State Tax - NY | 165.19 | 2,127.23 |
| Regular Overtime | 06/10/2023 - 06/16/2023 | 0.35 | 48.44 | 16.96 | 423.90 | NY SDI - NYSDI | 1.20 | 15.60 |
| Regular Pay | 06/03/2023 - 08/09/2023 | 32.55000 | 48.44 | 1,576.73 | | New York Paid Family Leave - NYPI | 17.50 | 224.59 |
| Regular Pay | 06/10/2023 - 06/16/2023 | 38.75 | 48.44 | 1,877.05 | 43,205.33 | | | |
| Vacation | | 0 | | | 2,165.97 | | | |
| Total: | | 79.4 | | 3,846.15 | 49,359.55 | Total: | 933.52 | 11,978.70 |

| Pre-Tax Deductions | | | Post Tax Deductions | | |
|--------------------|---|---|---------------------|---|---|
| Description | Amount | YTD | Description | Amount | YTD |
| 401(k) | 423.08 | 5,245.81 | AD&D | 4.15 | 53.95 |
| | | | Accidental Injury Insurance | 2.31 | 27.72 |
| | | | Critical Illness Insurance | 22.93 | 275.16 |
| | | | LTD Buy-UP | 5.63 | 72.53 |
| | | | NY: SDI Offset (EE) | -1.20 | -15.60 |
| | | | Other | 118.24 | 1,293.48 |
| Total: | 423.08 | 5,245.81 | Total: | 152.06 | 1,707.24 |

| Employer Paid Benefits | | | Taxable Wages | | |
|------------------------|---|---|---------------|---|---|
| Description | Amount | YTD | Description | Amount | YTD |
| Associate Assistance Plan - ER | 0.40 | 5.03 | OASDI - Taxable Wages | 3,846.15 | 49,359.55 |
| Basic LTD - ER | 8.42 | 82.71 | Medicare - Taxable Wages | 3,846.15 | 49,359.55 |
| Group Life ER | 1.52 | 19.55 | Federal Withholding - Taxable Wages | 3,423.07 | 44,113.74 |
| NY: State Disability Insurance - Employer Paid | 1.20 | 15.60 | State Withholding (Work) - Taxable Wages | 3,423.07 | 44,113.74 |
| Total: | 9.54 | 122.89 | | | |

| Absence Plans | | | |
|---------------|---|---|---|
| Description | Accrued | Reduced | Available |
| Floating Holiday | 0 | 0 | 0 |
| Sick | 4.58 | 7.75 | 289.73 |
| Vacation | 5.96 | 0 | 153.32 |

| Payment Information | | | | |
|---------------------|---|---|---|---|
| Bank | Account Name | Account Number | USD Amount | Amount |
| Chase Bk | Chase Bk ******1279 | ******1279 | | 2,337.49   USD |

For questions or concerns regarding your pay slip, please contact the Payroll Dept. at 301-986-3444 or pasc@geico.com.

P00000096

Government Employees Insurance Company    One Geico Plaza Washington, DC 20076    +1 (301) 9863444

| Name | | Employee ID | Pay Period From | Pay Period End | Check Date | Check Number |
|---|---|---|---|---|---|---|
| Evan Teatum | | 125438 | 05/20/2023 | 06/02/2023 | 06/08/2023 | |

| Department | | Location | Job Title | | | Hourly Rate |
|---|---|---|---|---|---|---|
| UN3800 SIU | | NY Rockland-Westchester County - NYC JPS | Senior Field Security Investigator | | | 48.44 |

| | | Gross Pay | Pre Tax Deductions | Employee Taxes | Post Tax Deductions | Net Pay |
|---|---|---|---|---|---|---|
| Current | | 3,774.29 | 415.18 | 910.04 | 133.60 | 2,315.47 |
| YTD | | 45,513.40 | 4,822.73 | 11,045.18 | 1,555.18 | 28,090.31 |

### Earnings

| Description | Dates | Hours | Rate | Amount | YTD |
|---|---|---|---|---|---|
| Floating Holiday | 05/20/2023 - 05/26/2023 | 7.75 | 48.44 | 375.41 | 750.82 |
| Holiday Pay | 05/27/2023 - 06/02/2023 | 7.75 | 48.44 | 375.41 | 1,458.41 |
| Overtime 1.5 | | 0 | | | 228.89 |
| Paid Sick | | 0 | | | 750.82 |
| Regular Overtime | | 0 | | | 406.94 |
| Regular Pay | 05/20/2023 - 05/26/2023 | 31.15 | 48.44 | 1,508.91 | |
| Regular Pay | 05/27/2023 - 06/02/2023 | 31.26668 | 48.44 | 1,514.56 | 39,751.55 |
| Vacation | | 0 | | | 2,165.97 |
| Total: | | 77.917 | | 3,774.29 | 45,513.40 |

### Employee Taxes

| Description | Amount | YTD |
|---|---|---|
| OASDI | 234.01 | 2,821.83 |
| Medicare | 54.72 | 659.94 |
| Federal Withholding | 441.33 | 5,379.88 |
| State Tax - NY | 161.61 | 1,962.04 |
| NY SDI - NYSDI | 1.20 | 14.40 |
| New York Paid Family Leave - NYPI | 17.17 | 207.09 |
| Total: | 910.04 | 11,045.18 |

### Pre Tax Deductions

| Description | Amount | YTD |
|---|---|---|
| 401(k) | 415.18 | 4,822.73 |
| Total: | 415.18 | 4,822.73 |

### Post Tax Deductions

| Description | Amount | YTD |
|---|---|---|
| AD&D | 4.15 | 49.80 |
| Accidental Injury Insurance | 2.31 | 25.41 |
| Critical Illness Insurance | 22.93 | 252.23 |
| LTD Buy-UP | 5.63 | 66.90 |
| NY: SDI Offset (EE) | -1.20 | -14.40 |
| Other | 99.78 | 1,175.24 |
| Total: | 133.60 | 1,555.18 |

### Employer Paid Benefits

| Description | Amount | YTD |
|---|---|---|
| Associate Assistance Plan - ER | 0.40 | 4.63 |
| Basic LTD - ER | 6.42 | 76.29 |
| Group Life ER | 1.52 | 18.03 |
| NY: State Disability Insurance - Employer Paid | 1.20 | 14.40 |
| Total: | 9.54 | 113.35 |

### Taxable Wages

| Description | Amount | YTD |
|---|---|---|
| OASDI - Taxable Wages | 3,774.29 | 45,513.40 |
| Medicare - Taxable Wages | 3,774.29 | 45,513.40 |
| Federal Withholding - Taxable Wages | 3,359.11 | 40,690.67 |
| State Withholding (Work) - Taxable Wages | 3,359.11 | 40,690.67 |

### Absence Plan

| Description | Accrued | Reduced | Available |
|---|---|---|---|
| Floating Holiday | 0 | 7.75 | 0 |
| Sick | 4.5 | 0 | 292.9 |
| Vacation | 5.96 | 0 | 147.36 |

### Payment Information

| Bank | Account Name | Account Number | USD Amount | Amount |
|---|---|---|---|---|
| Chase Bk | Chase Bk ******1279 | ******1279 | | 2,315.47   USD |

For questions or concerns regarding your pay slip, please contact the Payroll Dept. at 301-986-3444 or pasc@geico.com.

P00000097

Government Employees Insurance Company  One Geico Plaza Washington, DC 20076   +1 (301) 9863444

| Name | Employee ID | Pay Period Begin | Pay Period End | Check Date | Check Number |
|---|---|---|---|---|---|
| Evan Teaturn | 125438 | 05/06/2023 | 05/19/2023 | 05/25/2023 | |

| Department | Location | Job Title | Hourly Rate |
|---|---|---|---|
| UN3800 SIU | NY Rockland-Westchester County - NYC JPS | Senior Field Security Investigator | 48.44 |

| | Gross Pay | Pre-Tax Deductions | Employee Taxes | Post Tax Deductions | Net Pay |
|---|---|---|---|---|---|
| Current | 3,820.31 | 420.24 | 925.03 | 133.60 | 2,341.44 |
| YTD | 41,739.11 | 4,407.55 | 10,135.14 | 1,421.58 | 25,774.84 |

### Earnings

| Description | Dates | Hours | Rate | Amount | YTD |
|---|---|---|---|---|---|
| Floating Holiday | 05/13/2023 - 05/19/2023 | 7.75 | 48.44 | 375.41 | 375.41 |
| Holiday Pay | | 0 | | | 1,083.00 |
| Overtime 1.5 | | 0 | | | 228.89 |
| Paid Sick | | 0 | | | 750.82 |
| Regular Overtime | 05/06/2023 - 05/12/2023 | 0.9 | 48.44 | 43.60 | 406.94 |
| Regular Pay | 05/06/2023 - 05/12/2023 | 38.75 | 48.44 | 1,877.05 | |
| Regular Pay | 05/13/2023 - 05/19/2023 | 31.46666 | 48.44 | 1,524.25 | 36,728.08 |
| Vacation | | 0 | | | 2,165.97 |
| Total: | | 78.667 | | 3,820.31 | 41,739.11 |

### Employee Taxes

| Description | Amount | YTD |
|---|---|---|
| OASDI | 236.85 | 2,587.82 |
| Medicare | 55.40 | 605.22 |
| Federal Withholding | 450.34 | 4,938.55 |
| State Tax - NY | 163.86 | 1,800.43 |
| NY SDI - NYSDI | 1.20 | 13.20 |
| New York Paid Family Leave - NYPI | 17.38 | 189.92 |
| Total: | 925.03 | 10,135.14 |

### Pre-Tax Deductions

| Description | Amount | YTD |
|---|---|---|
| 401(k) | 420.24 | 4,407.55 |
| Total: | 420.24 | 4,407.55 |

### Post-Tax Deductions

| Description | Amount | YTD |
|---|---|---|
| AD&D | 4.15 | 45.65 |
| Accidental Injury Insurance | 2.31 | 23.10 |
| Critical Illness Insurance | 22.93 | 229.30 |
| LTD Buy-UP | 5.63 | 61.27 |
| NY: SDI Offset (EE) | -1.20 | -13.20 |
| Other | 99.78 | 1,075.46 |
| Total: | 133.60 | 1,421.58 |

### Employer Paid Benefits

| Description | Amount | YTD |
|---|---|---|
| Associate Assistance Plan - ER | 0.40 | 4.23 |
| Basic LTD - ER | 6.42 | 69.87 |
| Group Life ER | 1.52 | 16.51 |
| NY: State Disability Insurance - Employer Paid | 1.20 | 13.20 |
| Total: | 9.54 | 103.81 |

### Taxable Wages

| Description | Amount | YTD |
|---|---|---|
| OASDI - Taxable Wages | 3,820.31 | 41,739.11 |
| Medicare - Taxable Wages | 3,820.31 | 41,739.11 |
| Federal Withholding - Taxable Wages | 3,400.07 | 37,331.56 |
| State Withholding (Work) - Taxable Wages | 3,400.07 | 37,331.56 |

### Absence Plans

| Description | Accrued | Reduced | Available |
|---|---|---|---|
| Floating Holiday | 0 | 7.75 | 7.75 |
| Sick | 4.55 | 0 | 288.4 |
| Vacation | 5.96 | 0 | 141.4 |

### Payment Information

| Bank | Account Name | Account Number | USD Amount | Amount | |
|---|---|---|---|---|---|
| Chase Bk | Chase Bk ******1279 | ******1279 | | 2,341.44 | USD |

For questions or concerns regarding your pay slip, please contact the Payroll Dept. at 301-986-3444 or pasc@geico.com.

P00000098

Government Employees Insurance Company · One Geico Plaza Washington, DC 20076    +1 (301) 9863444

| Name | | Employee ID | Pay Period Begin | Pay Period End | Check Date | Check Number |
|---|---|---|---|---|---|---|
| Evan Tealum | | 125438 | 04/22/2023 | 05/05/2023 | 05/11/2023 | |

| Department | | Location | | Job Title | | Hourly Rate |
|---|---|---|---|---|---|---|
| UN3800 SIU | | NY Rockland-Westchester County - NYC JPS | | Senior Field Security Investigator | | 48.44 |

| | Gross Pay | Pre-Tax Deductions | Employee Taxes | Post-Tax Deductions | Net Pay |
|---|---|---|---|---|---|
| Current | 3,954.33 | 434.98 | 969.25 | 133.60 | 2,416.50 |
| YTD | 37,918.80 | 3,987.31 | 9,210.11 | 1,287.98 | 23,433.40 |

| Earnings | | | | | | Employee Taxes | | |
|---|---|---|---|---|---|---|---|---|
| Description | Dates | Hours | Rate | Amount | YTD | Description | Amount | YTD |
| Holiday Pay | | 0 | | | 1,083.00 | OASDI | 245.17 | 2,350.97 |
| Overtime 1.5 | 04/29/2023 - 05/05/2023 | 0.299999 | 72.66 | 21.80 | 228.89 | Medicare | 57.34 | 549.82 |
| Paid Sick | 04/22/2023 - 04/28/2023 | 7.75 | 48.44 | 375.41 | 750.82 | Federal Withholding | 476.58 | 4,488.21 |
| Regular Overtime | 04/29/2023 - 05/05/2023 | 1.25 | 48.44 | 60.55 | 363.34 | State Tax - NY | 170.97 | 1,636.57 |
| Regular Pay | 04/22/2023 - 04/28/2023 | 33.43333 | 48.44 | 1,619.52 | | NY SDI - NYSDI | 1.20 | 12.00 |
| Regular Pay | 04/29/2023 - 05/05/2023 | 38.75 | 48.44 | 1,877.05 | 33,326.78 | New York Paid Family Leave - NYPI | 17.99 | 172.54 |
| Vacation | | 0 | | | 2,165.97 | | | |
| Total: | | 81.483 | | 3,954.33 | 37,918.80 | Total: | 969.25 | 9,210.11 |

| Pre-Tax Deductions | | | Post-Tax Deductions | | |
|---|---|---|---|---|---|
| Description | Amount | YTD | Description | Amount | YTD |
| 401(k) | 434.98 | 3,987.31 | AD&D | 4.15 | 41.50 |
| | | | Accidental Injury Insurance | 2.31 | 20.79 |
| | | | Critical Illness Insurance | 22.93 | 206.37 |
| | | | LTD Buy-UP | 5.63 | 55.64 |
| | | | NY: SDI Offset (EE) | -1.20 | -12.00 |
| | | | Other | 99.78 | 975.68 |
| Total: | 434.98 | 3,987.31 | Total: | 133.60 | 1,287.98 |

| Employer Paid Benefits | | | Taxable Wages | | |
|---|---|---|---|---|---|
| Description | Amount | YTD | Description | Amount | YTD |
| Associate Assistance Plan - ER | 0.40 | 3.83 | OASDI - Taxable Wages | 3,954.33 | 37,918.80 |
| Basic LTD - ER | 6.42 | 63.45 | Medicare - Taxable Wages | 3,954.33 | 37,918.80 |
| Group Life ER | 1.52 | 14.99 | Federal Withholding - Taxable Wages | 3,519.35 | 33,931.49 |
| NY: State Disability Insurance - Employer Paid | 1.20 | 12.00 | State Withholding (Work) - Taxable Wages | 3,519.35 | 33,931.49 |
| Total: | 9.54 | 94.27 | | | |

| Absence Plans | | | | |
|---|---|---|---|---|
| Description | | Accrued | Reduced | Available |
| Floating Holiday | | 7.75 | 0 | 15.5 |
| Sick | | 4.7 | 7.75 | 283.85 |
| Vacation | | 5.96 | 0 | 135.44 |

| Payment Information | | | | | |
|---|---|---|---|---|---|
| Bank | Account Name | Account Number | USD Amount | Amount | |
| Chase Bk | Chase Bk ******1279 | ******1279 | | 2,416.50 | USD |

For questions or concerns regarding your pay slip, please contact the Payroll Dept. at 301-986-3444 or pasc@geico.com.

P00000099

Government Employees Insurance Company    One Geico Plaza Washington, DC 20076    +1 (301) 9863444

| Name | | Employee ID | Pay Period Begin | Pay Period End | Check Date | Check Number |
|---|---|---|---|---|---|---|
| Evan Teatum | | 125438 | 04/08/2023 | 04/21/2023 | 04/27/2023 | |

| Department | | Location | Job Title | | | Hourly Rate |
|---|---|---|---|---|---|---|
| UN3800 SIU | | NY Rockland-Westchester County - NYC JPS | Senior Field Security Investigator | | | 48.44 |

| | Gross Pay | Pre-Tax Deductions | Employee Taxes | Post Tax Deductions | Net Pay |
|---|---|---|---|---|---|
| Current | 3,904.68 | 429.52 | 952.85 | 133.60 | 2,388.71 |
| YTD | 33,964.47 | 3,552.33 | 8,240.86 | 1,154.38 | 21,016.90 |

### Earnings

| Description | Dates | Hours | Rate | Amount | YTD |
|---|---|---|---|---|---|
| Holiday Pay | | | 0 | | 1,083.00 |
| Overtime 1.5 | 04/15/2023 - 04/21/2023 | 0.95 | 72.66 | 69.03 | 207.09 |
| Paid Sick | | | 0 | | 375.41 |
| Regular Overtime | 04/08/2023 - 04/14/2023 | 0.433333 | 48.44 | 21.00 | |
| Regular Overtime | 04/15/2023 - 04/21/2023 | 1.25 | 48.44 | 60.55 | 302.79 |
| Regular Pay | 04/08/2023 - 04/14/2023 | 38.75 | 48.44 | 1,877.05 | |
| Regular Pay | 04/15/2023 - 04/21/2023 | 38.75 | 48.44 | 1,877.05 | 29,830.21 |
| Vacation | | | 0 | | 2,165.97 |
| Total: | | 80.133 | | 3,904.68 | 33,964.47 |

### Employee Taxes

| Description | Amount | YTD |
|---|---|---|
| OASDI | 242.09 | 2,105.80 |
| Medicare | 56.61 | 492.48 |
| Federal Withholding | 466.86 | 4,011.63 |
| State Tax - NY | 168.32 | 1,465.60 |
| NY SDI - NYSDI | 1.20 | 10.80 |
| New York Paid Family Leave - NYPI | 17.77 | 154.55 |
| Total: | 952.85 | 8,240.86 |

### Pre-Tax Deductions

| Description | Amount | YTD |
|---|---|---|
| 401(k) | 429.52 | 3,552.33 |
| Total: | 429.52 | 3,552.33 |

### Post Tax Deductions

| Description | Amount | YTD |
|---|---|---|
| AD&D | 4.15 | 37.35 |
| Accidental Injury Insurance | 2.31 | 18.48 |
| Critical Illness Insurance | 22.93 | 183.44 |
| LTD Buy-UP | 5.63 | 50.01 |
| NY: SDI Offset (EE) | -1.20 | -10.80 |
| Other | 99.78 | 875.90 |
| Total: | 133.60 | 1,154.38 |

### Employer Paid Benefits

| Description | Amount | YTD |
|---|---|---|
| Associate Assistance Plan - ER | 0.40 | 3.43 |
| Basic LTD - ER | 6.42 | 57.03 |
| Group Life ER | 1.52 | 13.47 |
| NY: State Disability Insurance - Employer Paid | 1.20 | 10.80 |
| Total: | 9.54 | 84.73 |

### Taxable Wages

| Description | Amount | YTD |
|---|---|---|
| OASDI - Taxable Wages | 3,904.68 | 33,964.47 |
| Medicare - Taxable Wages | 3,904.68 | 33,964.47 |
| Federal Withholding - Taxable Wages | 3,475.16 | 30,412.14 |
| State Withholding (Work) - Taxable Wages | 3,475.16 | 30,412.14 |

### Absence Plans

| Description | Accrued | Reduced | Available |
|---|---|---|---|
| Floating Holiday | 0 | 0 | 7.75 |
| Sick | 4.62 | 0 | 266.9 |
| Vacation | 5.96 | 0 | 129.48 |

### Payment Information

| Bank | Account Name | Account Number | USD Amount | Amount | |
|---|---|---|---|---|---|
| Chase Bk | Chase Bk ******1279 | ******1279 | | 2,388.71 | USD |

For questions or concerns regarding your pay slip, please contact the Payroll Dept. at 301-986-3444 or pasc@geico.com.

P00000100

Government Employees Insurance Company    One Geico Plaza Washington, DC 20076    +1 (301) 9863444

| Name | | | Employee ID | Pay Period Begin | Pay Period End | Check Date | Check Number |
|---|---|---|---|---|---|---|---|
| Evan Tealum | | | 125438 | 03/25/2023 | 04/07/2023 | 04/13/2023 | |

| Department | | | Location | | Job Title | | Hourly Rate |
|---|---|---|---|---|---|---|---|
| UN3800 SIU | | | NY Rockland-Westchester County - NYC JPS | | Senior Field Security Investigator | | 48.44 |

| | | | | Gross Pay | Pre-Tax Deductions | Employee Taxes | Post Tax Deductions | | Net Pay |
|---|---|---|---|---|---|---|---|---|---|
| Current | | | | 3,912.34 | 430.36 | 955.39 | 133.60 | | 2,392.99 |
| YTD | | | | 30,059.79 | 3,122.81 | 7,288.01 | 1,020.78 | | 18,628.19 |

| Earnings | | | | | | | Employee Taxes | | |
|---|---|---|---|---|---|---|---|---|---|
| Description | Dates | Hours | Rate | Amount | YTD | Description | | Amount | YTD |
| Holiday Pay | | 0 | | | 1,083.00 | OASDI | | 242.57 | 1,863.71 |
| Overtime 1.5 | | 0 | | | 138.06 | Medicare | | 56.73 | 435.87 |
| Paid Sick | 03/25/2023 - 03/31/2023 | 7.75 | 48.44 | 375.41 | 375.41 | Federal Withholding | | 468.36 | 3,544.77 |
| Regular Overtime | 04/01/2023 - 04/07/2023 | 1.200002 | 48.44 | 58.13 | 221.24 | State Tax - NY | | 168.73 | 1,297.28 |
| Regular Pay | 03/25/2023 - 03/31/2023 | 33.06666 | 48.44 | 1,601.75 | | NY SDI - NYSDI | | 1.20 | 9.60 |
| Regular Pay | 04/01/2023 - 04/07/2023 | 38.75 | 48.44 | 1,877.05 | 26,076.11 | New York Paid Family Leave - NYPI | | 17.80 | 136.78 |
| Vacation | | 0 | | | 2,165.97 | | | | |
| Total: | | 80.767 | | 3,912.34 | 30,059.79 | Total: | | 955.39 | 7,288.01 |

| Pre-Tax Deductions | | | | Post Tax Deductions | | | |
|---|---|---|---|---|---|---|---|
| Description | | Amount | YTD | Description | | Amount | YTD |
| 401(k) | | 430.36 | 3,122.81 | AD&D | | 4.15 | 33.20 |
| | | | | Accidental Injury Insurance | | 2.31 | 16.17 |
| | | | | Critical Illness Insurance | | 22.93 | 160.51 |
| | | | | LTD Buy-UP | | 5.63 | 44.38 |
| | | | | NY: SDI Offset (EE) | | -1.20 | -9.60 |
| | | | | Other | | 99.78 | 776.12 |
| Total: | | 430.36 | 3,122.81 | Total: | | 133.60 | 1,020.78 |

| Employer Paid Benefits | | | | Taxable Wages | | | |
|---|---|---|---|---|---|---|---|
| Description | | Amount | YTD | Description | | Amount | YTD |
| Associate Assistance Plan - ER | | 0.40 | 3.03 | OASDI - Taxable Wages | | 3,912.34 | 30,059.79 |
| Basic LTD - ER | | 6.42 | 50.61 | Medicare - Taxable Wages | | 3,912.34 | 30,059.79 |
| Group Life ER | | 1.52 | 11.95 | Federal Withholding - Taxable Wages | | 3,481.98 | 26,936.98 |
| NY: State Disability Insurance - Employer Paid | | 1.20 | 9.60 | State Withholding (Work) - Taxable Wages | | 3,481.98 | 26,936.98 |
| Total: | | 9.54 | 75.19 | | | | |

| Absence Plans | | | | | Accrued | Reduced | Available |
|---|---|---|---|---|---|---|---|
| Description | | | | | | | |
| Floating Holiday | | | | | 0 | 0 | 7.75 |
| Sick | | | | | 4.66 | 7.75 | 282.28 |
| Vacation | | | | | 5.90 | 0 | 123.52 |

| Payment Information | | | | | |
|---|---|---|---|---|---|
| Bank | Account Name | | Account Number | USD Amount | Amount |
| Chase Bk | Chase Bk ******1279 | | ******1279 | | 2,392.99 USD |

For questions or concerns regarding your pay slip, please contact the Payroll Dept. at 301-986-3444 or pasc@geico.com.

P00000101

Government Employees Insurance Company One Geico Plaza Washington, DC 20076   +1 (301) 9883444

| Name | | Employee ID | Pay Period Begin | Pay Period End | Check Date | Check Number |
|------|--|-------------|------------------|----------------|------------|--------------|
| Evan Tealum | | 125438 | 03/11/2023 | 03/24/2023 | 03/30/2023 | |

| Department | Location | Job Title | Hourly Rate |
|------------|----------|-----------|-------------|
| UN3800 SIU | NY Rockland-Westchester County - NYC JPS | Senior Field Security Investigator | 48.44 |

| | Gross Pay | Pre-Tax Deductions | Employee Taxes | Post Tax Deductions | Net Pay |
|--|-----------|--------------------|-----------------|----------------------|---------|
| Current | 3,952.71 | 434.80 | 968.72 | 133.60 | 2,415.59 |
| YTD | 26,147.45 | 2,692.45 | 6,332.62 | 867.18 | 16,235.20 |

### Earnings

| Description | Dates | Hours | Rate | Amount | YTD |
|-------------|-------|-------|------|--------|-----|
| Holiday Pay | | 0 | | | 1,083.00 |
| Overtime 1.5 | 03/18/2023 - 03/24/2023 | 1.900001 | 72.66 | 138.06 | 138.06 |
| Regular Overtime | 03/18/2023 - 03/24/2023 | 1.25 | 48.44 | 60.55 | 163.11 |
| Regular Pay | 03/11/2023 - 03/17/2023 | 38.75 | 48.44 | 1,877.05 | |
| Regular Pay | 03/18/2023 - 03/24/2023 | 38.75 | 48.44 | 1,877.05 | 22,597.31 |
| Vacation | | 0 | | | 2,165.97 |
| Total: | | 80.65 | | 3,952.71 | 26,147.45 |

### Employee Taxes

| Description | Amount | YTD |
|-------------|--------|-----|
| OASDI | 245.07 | 1,621.14 |
| Medicare | 57.32 | 379.14 |
| Federal Withholding | 476.27 | 3,076.41 |
| State Tax - NY | 170.88 | 1,128.55 |
| NY SDI - NYSDI | 1.20 | 8.40 |
| New York Paid Family Leave - NYPI | 17.98 | 118.98 |
| Total: | 968.72 | 6,332.62 |

### Pre-Tax Deductions

| Description | Amount | YTD |
|-------------|--------|-----|
| 401(k) | 434.80 | 2,692.45 |
| Total: | 434.80 | 2,692.45 |

### Post Tax Deductions

| Description | Amount | YTD |
|-------------|--------|-----|
| AD&D | 4.15 | 29.05 |
| Accidental Injury Insurance | 2.31 | 13.86 |
| Critical Illness Insurance | 22.93 | 137.58 |
| LTD Buy-UP | 5.63 | 38.75 |
| NY: SDI Offset (EE) | -1.20 | -8.40 |
| Other | 99.78 | 676.34 |
| Total: | 133.60 | 867.18 |

### Employer Paid Benefits

| Description | Amount | YTD |
|-------------|--------|-----|
| Associate Assistance Plan - ER | 0.40 | 2.63 |
| Basic LTD - ER | 6.42 | 44.19 |
| Group Life ER | 1.52 | 10.43 |
| NY: State Disability Insurance - Employer Paid | 1.20 | 8.40 |
| Total: | 9.54 | 65.65 |

### Taxable Wages

| Description | Amount | YTD |
|-------------|--------|-----|
| OASDI - Taxable Wages | 3,952.71 | 26,147.45 |
| Medicare - Taxable Wages | 3,952.71 | 26,147.45 |
| Federal Withholding - Taxable Wages | 3,517.91 | 23,455.00 |
| State Withholding (Work) - Taxable Wages | 3,517.91 | 23,455.00 |

### Absence Plans

| Description | Accrued | Reduced | Available |
|-------------|---------|---------|-----------|
| Floating Holiday | 0 | 0 | 7.75 |
| Sick | 4.65 | 0 | 285.37 |
| Vacation | 5.96 | 0 | 117.56 |

### Payment Information

| Bank | Account Name | Account Number | USD Amount | Amount |
|------|--------------|----------------|------------|--------|
| Chase Bk | Chase Bk ******1279 | ******1279 | | 2,415.59 USD |

For questions or concerns regarding your pay slip, please contact the Payroll Dept. at 301-986-3444 or pasc@geico.com.

P00000102

Government Employees Insurance Company - One Geico Plaza Washington, DC 20076   +1 (301) 9863444

| Name | | Employee ID | Pay Period Begin | Pay Period End | Check Date | Check Number |
|---|---|---|---|---|---|---|
| Evan Teatum | | 125438 | 02/25/2023 | 03/10/2023 | 03/16/2023 | |

| Department | Location | Job Title | Hourly Rate |
|---|---|---|---|
| UN3800 SIU | NY Rockland-Westchester County - NYC JPS | Senior Field Security Investigator | 48.44 |

| | Gross Pay | Pre-Tax Deductions | Employee Taxes | Post-Tax Deductions | Net Pay |
|---|---|---|---|---|---|
| Current | 3,814.66 | 419.62 | 923.20 | 133.60 | 2,338.24 |
| YTD | 22,194.74 | 2,257.65 | 5,363.90 | 753.58 | 13,819.61 |

### Earnings

| Description | Dates | Hours | Rate | Amount | YTD |
|---|---|---|---|---|---|
| Holiday Pay | | 0 | | | 1,083.00 |
| Regular Overtime | 02/25/2023 - 03/03/2023 | 0.55 | 48.44 | 26.65 | |
| Regular Overtime | 03/04/2023 - 03/10/2023 | 0.700001 | 48.44 | 33.91 | 102.56 |
| Regular Pay | 02/25/2023 - 03/03/2023 | 38.75 | 48.44 | 1,877.05 | |
| Regular Pay | 03/04/2023 - 03/10/2023 | 38.75 | 48.44 | 1,877.05 | 18,843.21 |
| Vacation | | 0 | | | 2,165.97 |
| Total: | | 78.75 | | 3,814.68 | 22,194.74 |

### Employee Taxes

| Description | Amount | YTD |
|---|---|---|
| OASDI | 236.51 | 1,376.07 |
| Medicare | 55.31 | 321.82 |
| Federal Withholding | 449.24 | 2,600.14 |
| State Tax - NY | 163.58 | 957.67 |
| NY SDI - NYSDI | 1.20 | 7.20 |
| New York Paid Family Leave - NYPI | 17.36 | 101.00 |
| Total: | 923.20 | 5,363.90 |

### Pre-Tax Deductions

| Description | Amount | YTD |
|---|---|---|
| 401(k) | 419.62 | 2,257.65 |
| Total: | 419.62 | 2,257.65 |

### Post-Tax Deductions

| Description | Amount | YTD |
|---|---|---|
| AD&D | 4.15 | 24.90 |
| Accidental Injury Insurance | 2.31 | 11.55 |
| Critical Illness Insurance | 22.93 | 114.65 |
| LTD Buy-UP | 5.63 | 33.12 |
| NY: SDI Offset (EE) | -1.20 | -7.20 |
| Other | 99.78 | 576.56 |
| Total: | 133.60 | 753.58 |

### Employer Paid Benefits

| Description | Amount | YTD |
|---|---|---|
| Associate Assistance Plan - ER | 0.40 | 2.23 |
| Basic LTD - ER | 6.42 | 37.77 |
| Group Life ER | 1.52 | 8.91 |
| NY: State Disability Insurance - Employer Paid | 1.20 | 7.20 |
| Total: | 9.54 | 56.11 |

### Taxable Wages

| Description | Amount | YTD |
|---|---|---|
| OASDI - Taxable Wages | 3,814.66 | 22,194.74 |
| Medicare - Taxable Wages | 3,814.66 | 22,194.74 |
| Federal Withholding - Taxable Wages | 3,395.04 | 19,937.09 |
| State Withholding (Work) - Taxable Wages | 3,395.04 | 19,937.09 |

### Absence Plans

| Description | Accrued | Reduced | Available |
|---|---|---|---|
| Floating Holiday | 0 | 0 | 7.75 |
| Sick | 4.54 | 0 | 280.72 |
| Vacation | 5.96 | 0 | 111.6 |

### Payment Information

| Bank | Account Name | Account Number | USD Amount | Amount | |
|---|---|---|---|---|---|
| Chase Bk | Chase Bk ******1279 | ******1279 | | 2,338.24 | USD |

For questions or concerns regarding your pay slip, please contact the Payroll Dept. at 301-986-3444 or pasc@geico.com.

P00000103

Government Employees Insurance Company    One Gelco Plaza Washington, DC 20076    +1 (301) 9863444

| Name | | Employee ID | Pay Period Begin | Pay Period End | Check Date | Check Number |
|---|---|---|---|---|---|---|
| Evan Tealum | | 125438 | 02/11/2023 | 02/24/2023 | 03/02/2023 | |

| Department | | Location | Job Title | | | Hourly Rate |
|---|---|---|---|---|---|---|
| UN3800 SIU | | NY Rockland-Westchester County - NYC JPS | Senior Field Security Investigator | | | 48.44 |

| | Gross Pay | Pre-Tax Deductions | Employee Taxes | Post Tax Deductions | Net Pay |
|---|---|---|---|---|---|
| Current | 3,767.02 | 376.71 | 918.03 | 133.60 | 2,338.68 |
| YTD | 18,380.08 | 1,838.03 | 4,440.70 | 619.98 | 11,481.37 |

| Earnings | | | | | | | Employee Taxes | | |
|---|---|---|---|---|---|---|---|---|---|
| Description | Dates | Hours | Rate | Amount | YTD | Description | Amount | YTD |
| Holiday Pay | | 0 | | | 1,083.00 | OASDI | 233.55 | 1,139.56 |
| Regular Overtime | 02/11/2023 - 02/17/2023 | 0.066667 | 48.44 | 3.23 | | Medicare | 54.62 | 266.51 |
| Regular Overtime | 02/18/2023 - 02/24/2023 | 0.199999 | 48.44 | 9.69 | 42.00 | Federal Withholding | 448.20 | 2,150.90 |
| Regular Pay | 02/11/2023 - 02/17/2023 | 38.75 | 48.44 | 1,877.05 | | State Tax - NY | 163.32 | 794.09 |
| Regular Pay | 02/18/2023 - 02/24/2023 | 38.75 | 48.44 | 1,877.05 | 15,089.11 | NY SDI - NYSDI | 1.20 | 6.00 |
| Vacation | | 0 | | | 2,165.97 | New York Paid Family Leave - NYPI | 17.14 | 83.64 |
| Total: | | 77.767 | | 3,767.02 | 18,380.08 | Total: | 918.03 | 4,440.70 |

| Pre-Tax Deductions | | | Post Tax Deductions | | |
|---|---|---|---|---|---|
| Description | Amount | YTD | Description | Amount | YTD |
| 401(k) | 376.71 | 1,838.03 | AD&D | 4.15 | 20.75 |
| | | | Accidental Injury Insurance | 2.31 | 9.24 |
| | | | Critical Illness Insurance | 22.93 | 91.72 |
| | | | LTD Buy-UP | 5.63 | 27.49 |
| | | | NY: SDI Offset (EE) | -1.20 | -6.00 |
| | | | Other | 99.78 | 476.78 |
| Total: | 376.71 | 1,838.03 | Total: | 133.60 | 619.98 |

| Employer Paid Benefits | | | Taxable Wages | | |
|---|---|---|---|---|---|
| Description | Amount | YTD | Description | Amount | YTD |
| Associate Assistance Plan - ER | 0.40 | 1.83 | OASDI - Taxable Wages | 3,767.02 | 18,380.08 |
| Basic LTD - ER | 6.42 | 31.35 | Medicare - Taxable Wages | 3,767.02 | 18,380.08 |
| Group Life ER | 1.52 | 7.39 | Federal Withholding - Taxable Wages | 3,390.31 | 16,542.05 |
| NY: State Disability Insurance - Employer Paid | 1.20 | 6.00 | State Withholding (Work) - Taxable Wages | 3,390.31 | 16,542.05 |
| Total: | 9.54 | 46.57 | | | |

| Absence Plans | | | |
|---|---|---|---|
| Description | Accrued | Reduced | Available |
| Floating Holiday | 0 | 0 | 7.75 |
| Sick | 4.49 | 0 | 276.18 |
| Vacation | 5.96 | 0 | 105.64 |

| Payment Information | | | | |
|---|---|---|---|---|
| Bank | Account Name | Account Number | USD Amount | Amount |
| Chase Bk | Chase Bk ******1279 | ******1279 | | 2,338.68  USD |

For questions or concerns regarding your pay slip, please contact the Payroll Dept. at 301-986-3444 or pasc@gelco.com.

P00000104

*New Pay using Workday New Hire #*

Government Employees Insurance Company - One Geico Plaza Washington, DC 20076    +1 (301) 8863444

| Name | | Employee ID | Pay Period Begin | Pay Period End | Check Date | Check Number |
|---|---|---|---|---|---|---|
| Evan Teatum | | 125438 | 01/28/2023 | 02/10/2023 | 02/16/2023 | |

| Department | Location | Job Title | Hourly Rate |
|---|---|---|---|
| UN3800 SIU | NY Rockland-Westchester County - NYC JPS | Senior Field Security Investigator | 48.44 |

| | Gross Pay | Pre-Tax Deductions | Employee Taxes | Post Tax Deductions | Net Pay |
|---|---|---|---|---|---|
| Current | 3,783.18 | 378.32 | 923.35 | 133.60 | 2,347.91 |
| YTD | 14,613.06 | 1,461.32 | 3,522.67 | 486.38 | 9,142.69 |

### Earnings

| Description | Dates | Hours | Rate | Amount | YTD |
|---|---|---|---|---|---|
| Holiday Pay | | 0 | | | 1,083.00 |
| Regular Overtime | 01/28/2023 - 02/03/2023 | 0.416668 | 48.44 | 20.19 | |
| Regular Overtime | 02/04/2023 - 02/10/2023 | 0.183332 | 48.44 | 8.89 | 29.08 |
| Regular Pay | 01/28/2023 - 02/03/2023 | 38.75 | 48.44 | 1,877.05 | |
| Regular Pay | 02/04/2023 - 02/10/2023 | 38.75 | 48.44 | 1,877.05 | 11,335.01 |
| Vacation | | 0 | | | 2,165.97 |
| Total: | | 78.1 | | 3,783.18 | 14,613.06 |

### Employee Taxes

| Description | Amount | YTD |
|---|---|---|
| OASDI | 234.56 | 906.01 |
| Medicare | 54.86 | 211.89 |
| Federal Withholding | 451.40 | 1,702.70 |
| State Tax - NY | 164.12 | 630.77 |
| NY SDI - NYSDI | 1.20 | 4.80 |
| New York Paid Family Leave - NYPI | 17.21 | 66.50 |
| Total: | 923.35 | 3,522.67 |

### Pre-Tax Deductions

| Description | Amount | YTD |
|---|---|---|
| 401(k) | 378.32 | 1,461.32 |
| Total: | 378.32 | 1,461.32 |

### Post Tax Deductions

| Description | Amount | YTD |
|---|---|---|
| AD&D | 4.15 | 16.60 |
| Accidental Injury Insurance | 2.31 | 6.93 |
| Critical Illness Insurance | 22.93 | 68.79 |
| LTD Buy-UP | 5.63 | 21.86 |
| NY: SDI Offset (EE) | -1.20 | -4.80 |
| Other | 99.78 | 377.00 |
| Total: | 133.60 | 486.38 |

### Employer Paid Benefits

| Description | Amount | YTD |
|---|---|---|
| Associate Assistance Plan - ER | 0.40 | 1.43 |
| Basic LTD - ER | 6.42 | 24.93 |
| Group Life ER | 1.52 | 5.87 |
| NY: State Disability Insurance - Employer Paid | 1.20 | 4.80 |
| Total: | 9.54 | 37.03 |

### Taxable Wages

| Description | Amount | YTD |
|---|---|---|
| OASDI - Taxable Wages | 3,783.18 | 14,613.06 |
| Medicare - Taxable Wages | 3,783.18 | 14,613.06 |
| Federal Withholding - Taxable Wages | 3,404.86 | 13,151.74 |
| State Withholding (Work) - Taxable Wages | 3,404.86 | 13,151.74 |

### Absence Plans

| Description | Accrued | Reduced | Available |
|---|---|---|---|
| Floating Holiday | 7.75 | 0 | 7.75 |
| Sick | 4.51 | 0 | 271.69 |
| Vacation | 5.96 | 0 | 99.68 |

### Payment Information

| Bank | Account Name | Account Number | USD Amount | Amount | |
|---|---|---|---|---|---|
| Chase Bk | Chase Bk ******1279 | ******1279 | | 2,347.91 | USD |

For questions or concerns regarding your pay slip, please contact the Payroll Dept. at 301-988-3444 or pasc@geico.com.

P00000105

# Exhibit C

Case 2:23-cv-02848-SJB-SIL   Document 174-43   Filed 04/24/26   Page 119 of 136 PageID #: 13324



### SIU Investigator Scorecard

| Investigator Position | | Teatum, Evan<br>Field Auto | | | | Supervisor<br>Section Code | | | | Rich Kilgen<br>Y134 | | | | | | | 2018 | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Category | Metric | Jan | Feb | Mar | 1st Quarter Rating | Apr | May | Jun | 2nd Quarter Rating | Jul | Aug | Sep | 3rd Quarter Rating | Oct | Nov | Dec | 4th Quarter Rating | Overall Average |
| | ROLL UP | YES | YES | YES | | YES | YES | YES | | | | | | | | | | |
| Cumulative Rating | | 4.4 | 4.9 | 5.0 | 4.9 | 5.0 | 5.0 | 4.9 | 5.0 | | | | | | | | | 5.0 |
| File Quality | NUMBER OF "S" | 6 | 6 | 6 | 18 | 7 | 6 | 6 | 19 | | | | | | | | | 37 |
| | TOTAL AUDITS | 6 | 6 | 6 | 18 | 7 | 6 | 6 | 19 | | | | | | | | | 37 |
| | % OF "S" | 100.0 | 100.0 | 100.0 | 100.0 | 100.0 | 100.0 | 100.0 | 100.0 | | | | | | | | | 100.00 |
| | Rating | 5.00 | 5.00 | 5.00 | 5.00 | 5.00 | 5.00 | 5.00 | 5.00 | | | | | | | | | 5.00 |
| Adjusted Productivity Ratio | Results | 22.5 | 25.8 | 31.6 | 26.6 | 29.4 | 25.8 | 37.8 | 31.0 | | | | | | | | | 28.8 |
| | Rating | 3.81 | 5.00 | 5.00 | 5.00 | 5.00 | 5.00 | 5.00 | 5.00 | | | | | | | | | 5.00 |
| Case Life(Non EUO Cases) | Results | 11.2 | 9 | 7.5 | 9.2 | 5.9 | 6.5 | 9.2 | 7.2 | | | | | | | | | 8.22 |
| | Rating | 4.16 | 4.60 | 4.90 | 4.55 | 5.00 | 5.00 | 4.56 | 4.96 | | | | | | | | | 4.75 |
| N/A | Results | | | | | | | | | | | | | | | | | |
| | Rating | | | | | | | | | | | | | | | | | |
| | Imact: | | | | | | | | | | | | | | | | | |
| | | 29,792 | 13,776 | 39,389 | | 28,131 | 27,923 | 63,541 | | | | | | | | | | |
| | Closures | | | | | | | | | | | | | | | | | |
| | | 18 | 21 | 31 | | 22 | 24 | 32 | | | | | | | | | | |
| YOUR OVERALL RATING | 4.95 | Comments: | | | | | | | | | | | | | | | | |

| | Goal Ranges | Weight | 1 | 2 | 3 | 4 | 5 |
|---|---|---|---|---|---|---|---|
| Field Auto - Grade 65 - DS | File Quality | 40% | 0 | 87 | 90 | 93 | 96 |
| | Adjusted Productivity Ratio | 40% | 0 | 18 | 20 | 23 | 25 |
| | Case Life(Non EUO Cases) | 20% | 19 | 19 | 16 | 12 | 7 |

SIU / SIU (roll up) / INDEPENDENT AUDITS / Y131 April Neyland / Y133 Chet Janik / Y134 Rich Kilgen / Y135 Dara Campbell / Y136 Toni D'Agata / Y137 Brian Portnoy

P00000233

# Exhibit D



Confidential

P00000087



Confidential

P00000088

# Exhibit E



P00000247

Vinesign Document ID: E70AB2C2-A5DE-4590-9B87-8A966C697675

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KEITH FISCHER, MICHAEL O'SULLIVAN, JOHN MOESER, LOUIS PIA, THOMAS BARDEN, CONSTANCE MANGAN, CHARISE JONES, and ASHLEY ALVAREZ individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOVERNMENT EMPLOYEES INSURANCE COMPANY d/b/a GEICO,<br><br>Defendant. | Case No. 23 Civ. 2848 (GRB) (ARL) |

**OPT-IN PLAINTIFF TED WENDLING'S RESPONSES TO THE COURT'S INTERROGATORIES**

**INTERROGATORY NO. 1:**

During what period of time did you work for the Defendant?

**RESPONSE TO INTERROGATORY NO. 1:**

See attached Declaration of Ted Wendling.

**INTERROGATORY NO. 2:**

Who was your immediate supervisor?

**RESPONSE TO INTERROGATORY NO. 2:**

See attached Declaration of Ted Wendling.

**INTERROGATORY NO. 3:**

Did you have a regularly scheduled work period? If so, specify.

**RESPONSE TO INTERROGATORY NO. 3**:

See attached Declaration of Ted Wendling.

**INTERROGATORY NO. 4:**

What was your title or position? Briefly describe your job duties.

**RESPONSE TO INTERROGATORY NO. 4:**

See attached Declaration of Ted Wendling.

**INTERROGATORY NO. 5:**

What was your regular rate of pay?

**RESPONSE TO INTERROGATORY NO. 5:**

See attached Declaration of Ted Wendling.

**INTERROGATORY NO. 6:**

What is the nature of your claim? (Check all that apply.)

**RESPONSE TO INTERROGATORY NO. 6:**

☒Off-the-clock work (Defendant failed to record, or prohibited you from recording, all

of your working time);

☐Misclassification (Defendant mistakenly classified you as exempt from overtime);

☐Misclassification (Defendant failed to correctly calculate your compensation);

☐Other (Please describe).

**INTERROGATORY NO. 7:**

Provide an accounting of your claim, including:

   a)  Dates

   b)  Regular hours worked

   c)  Over-time hours worked

d) Pay received versus pay claimed

e) Total amount claimed

**RESPONSE TO INTERROGATORY NO. 7:**

See attached Declaration of Ted Wendling.

**INTERROGATORY NO. 8:**

If you have brought this case as a collective action:

a) Describe the class of employees you seek to include in this action.

b) Has an opt-in notice been filed for every potential opt-in Plaintiff who has identified himself or herself as a person who wishes to join this action?

**RESPONSE TO INTERROGATORY NO. 8:**

a) Plaintiffs seek to send notice to a potential collective consisting of all current and former non-exempt classified employees of GEICO who worked as Special Investigators (regardless of variations in title[1]) throughout the United States during the time period from three years prior to the filing of the complaint until resolution of this action, and additionally including all periods of tolling agreed to between the Parties to this action.[2]

b) Written consent to join this action has been filed on behalf of every potential Plaintiff who has expressed their wish to join this action as of the date of this response.  Further

---

[1]    As of this writing, Plaintiffs are aware of the following variant job titles used for Special Investigators: Special Investigators, Special Investigator Trainers, SIU Investigators, Security Investigators, Senior Outside Security Investigators, Outside Field Investigators, Medical Investigators, Medical Fraud Investigators, Inside Medical Investigators, and Lead Investigators.

[2]    The Parties entered a partial tolling agreement before Plaintiffs filed this lawsuit.  This agreement tolls the claims of Thomas Barden, Louis Caniglia, Jr., Louis Caniglia, Sr., Craig Costanzo, Danielle Ennis, Keith Fischer, Margaret Fisher, Anthony Geraci, Mark Giambalvo, John Gillen, Michael Grey, Daniel King, Constance Mangan, George McManus, John Moeser, Joseph Neenan, Michael O'Sullivan, Michael Reed and Mark Sowell as of July 29, 2022, and tolls the claims of Louis Pia and Evan Teatum as of December 6, 2022.

opt-in notices may be filed by potential opt-in Plaintiffs if the Court decides on Plaintiffs'

forthcoming 216(b) Motion to send notice of this action to potential opt-in Plaintiffs.

**INTERROGATORY NO. 9:**

Please specify all attorney's fees and costs incurred to date. With respect to attorney's

fees, please provide the hourly rate(s) sought and the number of hours expended by each person

who has billed time to this case.

**RESPONSE TO INTERROGATORY NO. 9:**

As of October 31, 2023 for Outten & Golden LLP and November 1, 2023 for Kessler

Matura P.C., Plaintiffs' counsel has incurred attorneys' fees and advanced costs in the amounts

summarized below:

| Firm | Fees | Hours | Costs |
|---|---|---|---|
| Outten & Golden LLP | $ 347,077.50 | 759.1 | $ 7,986.41 |
| Kessler Matura P.C. | $ 11,152.50 | 28.3 | $ 0.00 |
| **TOTAL** | **$358,230.00** | **787.4** | **$ 7,986.41** |
| **GRAND TOTAL: $366,216.41** | | | |

| Outten & Golden LLP | | |
|---|---|---|
| | Hours | Fees |
| Attorneys | 682.7 | $ 322,247.50 |
| Staff | 76.4 | $ 24,830.00 |
| Total | 759.1 | $ 347,077.50 |

| Kessler Matura P.C. | | |
|---|---|---|
| | Hours | Fees |
| Attorneys | 24.1 | $ 10,522.50 |
| Staff | 4.2 | $ 630.00 |
| Total | 28.3 | $ 11,152.50 |

| Outten & Golden LLP | | | | | |
|---|---|---|---|---|---|
| Attorney/Staff | Initials | Title | Rate | Hours | Total |
| Michael J. Scimone | MJS | Partner | $ 800.00 | 131.4 | $ 105,120.00 |
| Justin M. Swartz | JMS | Partner | $ 1,150.00 | 7.9 | $ 9,085.00 |
| Theanne Liu Svedman | TXL | Associate | $ 375.00 | 338.0 | $ 126,750.00 |

4

| Jarron D. McAllister | JDM | Associate | $ | 375.00 | 148.5 | $ | 55,687.50 |
|---|---|---|---|---|---|---|---|
| Sabine Jean | SXJ | Associate | $ | 450.00 | 56.9 | $ | 25,605.00 |
| Christopher Truong | CXT | Paralegal | $ | 325.00 | 63.7 | $ | 20,702.50 |
| Michaela Dougherty | MDX | Paralegal | $ | 325.00 | 12.7 | $ | 4,127.50 |
| | | | Totals: | | 759.1 | $ | 347,077.50 |

| Kessler Matura P.C. | | | | |
|---|---|---|---|---|
| Attorney/Staff | Title | Rate | Hours | Total |
| Troy L. Kessler | Partner | $625.00 | 1.4 | $ 875.00 |
| Garrett Kaske | Associate | $425.00 | 22.7 | $ 9,647.50 |
| Kristine Jimenez | Paralegal | $150.00 | 4.2 | $ 630.00 |
| | | Totals: | 28.3 | $ 11,152.00 |

| Outten & Golden LLP | Costs |
|---|---|
| FedEx/UPS Charges | $ 46.64 |
| Filing Fees | $ 247.00 |
| Legal Research | $ 595.01 |
| Mediation Costs | $ 6,794.19 |
| Process Server | $ 303.57 |
| Total | $ 7,986.41 |

**INTERROGATORY NO. 10:**

When did you (or your attorney) first complain to your employer about alleged violations of the FLSA?

**RESPONSE TO INTERROGATORY NO. 10:**

Plaintiffs' counsel first alerted GEICO to Plaintiff's claims under the FLSA on March 29, 2022.

**INTERROGATORY NO. 11:**

Was this complaint written or oral? (If a written complaint, please attach a copy).

**RESPONSE TO INTERROGATORY NO. 11:**

Plaintiffs' counsel notified GEICO of Plaintiff's claims by letter dated March 29, 2022.

See attached Letter.

5

**INTERROGATORY NO. 12:**

What was your employer's response? (If a written response, please attach a copy).

**RESPONSE TO INTERROGATORY NO. 12:**

GEICO responded through its counsel on March 31, 2022 and the parties subsequently

engaged in pre-suit discussions over the next year.

Dated:  November 8,  2023                    /s/Michael J. Scimone
        New York, NY                         Michael J. Scimone

                                             Michael J. Scimone
                                             Sabine Jean
                                             Jarron D. McAllister
                                             **OUTTEN & GOLDEN LLP**
                                             685 Third Avenue, 25th Floor
                                             New York, NY 10017
                                             Telephone: 212-245-1000
                                             Facsimile: 646-509-2060
                                             mscimone@outtengolden.com
                                             sjean@outtengolden.com
                                             jmcallister@outtengolden.com

                                             Theanne Liu Svedman
                                             **OUTTEN & GOLDEN LLP**
                                             1225 New York Ave NW, Suite 1200B
                                             Washington, DC 20005
                                             Telephone: (202) 847-4400
                                             Facsimile: (202) 847-4410
                                             tliusvedman@outtengolden.com

                                             Troy L. Kessler
                                             Garrett Kaske
                                             **KESSLER MATURA P.C.**
                                             534 Broadhollow Road, Suite 275
                                             Melville, New York 11747
                                             Telephone: (631) 499-9100
                                             Facsimile: (631) 499-9120
                                             tkessler@kesslermatura.com
                                             gkaske@kesslermatura.com

6

*Attorneys for Plaintiffs and the Putative Class
and Collective*

7

**VERIFICATION**

I, Ted Wendling, have read the foregoing **OPT-IN PLAINTIFF TED WENDLING'S**

**RESPONSES TO THE COURT'S INTERROGATORIES** and know the contents thereof.

My responses as stated in the foregoing document are true of my own knowledge, expect

as to those matters that are stated on information and belief, and as to those matters, I believe

them to be true.

I declare, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.

Dated: 11/09/2023

Signature:

8

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KEITH FISCHER, MICHAEL O'SULLIVAN, JOHN MOESER, LOUIS PIA, THOMAS BARDEN, CONSTANCE MANGAN, CHARISE JONES, and ASHLEY ALVAREZ individually and on behalf of all others similarly situated, | No. 23 Civ. 02848 (GRB) (ARL) |
| Plaintiffs, | |
| v. | |
| GOVERNMENT EMPLOYEES INSURANCE COMPANY d/b/a GEICO, | |
| Defendant. | |

**DECLARATION OF TED WENDLING**

I, Ted Wendling, declare, based on personal knowledge and under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following is true and correct:

**Employment History and Job Duties**

1.     I have been employed as a Special Investigator at GEICO from approximately September 2019 to the present.  I have worked remotely throughout my tenure, either in the field or from my home in Bethpage, New York and am assigned to GEICO's Woodbury (now Melville) office in Nassau County, New York.

2.     I reported to Toni D'Agata, who was my immediate supervisor, until the end of October 2023.  My current supervisor is Sarah Greenman.

3.     As a Special Investigator my main job duties are to investigate claims of suspected insurance fraud.  GEICO assigns cases of suspected insurance fraud to Special Investigators, who are responsible for documenting evidence of fraud.  As part of this process,

my job duties include, among other things, reviewing case files; running background checks; examining provider billing reports; driving out to medical facilities, accident scenes, or theft sites; gathering evidence; interviewing witnesses and law enforcement; confirming police reports; canvassing and surveilling scenes; conducting examinations under oath; and writing and submitting reports about my findings in cases.

4.      I am a Level 65 Special Investigator.  I have no supervisory authority over other Special Investigators and do not have authority to set other employees' schedules, to direct their work, or to hire, fire or discipline other employees.

5.      Since January 2020, GEICO has classified me and other Special Investigators as non-exempt employees who are eligible for overtime pay at one and one-half times my regular rate if I work over 40 hours a week.  My current regular rate of pay is approximately $40.99 per hour.

6.      I was not an opt-in plaintiff in the *Calderon v. GEICO* and *Vetter v. GEICO* lawsuits.  Following the *Calderon* and *Vetter* settlements, GEICO reclassified me and other Special Investigators from overtime-exempt to non-exempt.

**My Schedule and Unpaid Wages and Overtime**

7.      As a non-exempt employee, GEICO required me to use a web-based timekeeping program (Workday) to submit my time on a weekly basis until in or around February 2023.  In or around February 2023, I began punching in and out daily using Workday.

8.      Before February 2023, I only entered 7.75 hours per day, regardless of how many hours I actually worked.  I did not enter more hours into the timekeeping system as my supervisor said doing so would negatively affect my rating, giving me a poor evaluation and negatively affecting my potential for an annual pay increase.  Since February 2023, my

2

supervisors have reiterated to me that my hours should not go above 7.75 each day, unless otherwise authorized. When I log more than 7.75 hours in a day, I receive a Webex message or other communication encouraging me to log off early during another day in the week such that my hours do not go above 38.75 for the workweek.

9.    Before February 2023, I regularly worked from 7:00 AM to 6:00 PM, without a lunch break. I worked once or twice a month during the weekends for approximately three to four hours each weekend. I worked about 60 hours a week on average. Since February 2023, I have been punching in around 8:00 AM and punching out around 4:30 PM, with a 45-minute lunch break. I currently work about 38.75 hours a week on average.

10.    From September 2019 to February 2023, my regular hours were approximately 57.625 hours per week on average. Since February 2023 to the October 2023, my regular hours worked have been approximately 38.75 hours per week. My current regular rate of pay is $40.99 per hour. During nearly all of this time, I entered only 38.75 hours in the timekeeping system, and I was only paid for 38.75 hours ($1,588.36 per week). In sum, for the periods described above, my best estimate is that I am owed approximately $151,535.44 in base wages. This amount does not include liquidated damages, which would add another $151,535.44 in damages, and does not include amounts for attorneys' fees or costs, nor pre-judgment or post-judgment interest as provided by law. This is based on my best recollection over a period of several years, so it is possible that records and other documents in GEICO's possession could refresh my recollection and cause me to revise this estimate to be more precise.

**GEICO's Overtime Pay Practices**

11.    GEICO requires me to seek approval from my supervisor to submit any hours worked above 38.75. My supervisors, and others I have spoken with, have frequently reiterated

3

to me and other Special Investigators that hours above 38.75 to complete regular case work will not be approved. Accordingly, GEICO's system has failed to account for all of my hours worked during my tenure, and I have not been paid for hours, including overtime hours, that I have worked off the clock.

12.     GEICO has a variety of performance metrics that I am required to meet to remain in good standing. These performance metrics have changed constantly, but to the best of my recollection GEICO generally evaluated me based on how many hours it takes me to complete a case task, how often I make an entry in a case report, how many days I take to close a case, and how many cases I complete within a month. These metrics put a lot of pressure on me to work as much as needed to meet these goals and deadlines.

13.     I did not complain to my supervisor about overtime during my tenure, but I have complained about my caseload and how it has been difficult to manage.

14.     As a result of the competing pressures that GEICO places on me to do more work, meet demanding performance metrics, and limit my work schedule to non-overtime hours, I have regularly performed work for GEICO that I did not report in the company's timekeeping system. As a result, I was not paid for overtime hours that I worked off the clock.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:      11/09/2023
         Bethpage, New York

_____
Ted Wendling

4