# EXHIBIT 68

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

|  |  |
|---|---|
| ASHLEY ALVAREZ and MARK SOWELL, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>GOVERNMENT EMPLOYEES INSURANCE COMPANY,<br><br>　　　　　Defendant. | Case No. 1:24-CV-00722 (GLR)<br><br>District Judge George Levi Russell, III |

**STIPULATED PROTECTIVE ORDER
REGARDING CONFIDENTIALITY**

Plaintiffs Ashley Alvarez and Mark Sowell (together, "Plaintiffs") and Defendant Government Employees Insurance Company ("Defendant") (collectively, the "Parties") in the above-captioned action have sought and may continue to seek discovery of documents, information, or other materials that may contain non-public, confidential, competitively sensitive, or proprietary information of a party or of a third party.

The Parties wish to ensure that confidential information shall be used only for the purposes of this action and shall not be disclosed or used in any other way. Accordingly, pursuant to Fed. R. Civ. P. 26(c), the Parties have conferred, stipulated and agreed to the terms, and jointly moved this Court for entry of the following Protective Order ("Order"), and the Court finds that, in light of the nature of the non-public, confidential, competitively sensitive, proprietary information that may be sought in discovery, good cause exists for entry of the Order.

IT IS SO ORDERED that this Order shall be entered and limit the disclosure and use of certain discovered information in the above-captioned action (the "Litigation") as hereafter provided:

Case 2:23-cv-02848-SJB-SIL    Document 175-4    Filed 04/24/26    Page 3 of 17 PageID
Case 1:24-cv-00722-GLR    Document 123    Filed 01/30/25    Page 2 of 16
#: 13431

1.    **SCOPE**

a.    This Order shall govern all documents, the information contained therein, and all other information produced or disclosed during discovery in this Litigation whether revealed in a document, deposition, other testimony, discovery response, or otherwise ("Discovery Material"), by any party in this Litigation (the "Producing Party") to any other party (the "Receiving Party"). This Order is binding upon the Parties to the Litigation, as well as their respective attorneys, agents, representatives, officers, and employees and others as set forth in this Order.

b.    Any Producing Party shall have the right to identify and designate as "Confidential" any document or other material, or any testimony it gives in this proceeding, which it believes in good faith constitutes, reflects or discloses its confidential, private, or proprietary information understood to be confidential pursuant to Rule 26(c) of the Federal Rules of Civil Procedure ("Confidential Information"). "Confidential Information" shall not include documents or information that are publicly available or that are obtained independently by the Receiving Party from a person lawfully in possession of those documents, except that this limitation does not eliminate the application of Paragraph 1(d). As used herein, "Confidential" includes both documents designated as "CONFIDENTIAL" and "CONFIDENTIAL-ATTORNEYS' EYES ONLY." Nothing in this document shall be construed to permit the mass, indiscriminate, or blanket labeling of documents as Confidential Information.

c.    Confidential Information designated as "CONFIDENTIAL-ATTORNEYS' EYES ONLY" are documents the Producing Party believes in good faith constitute, reflect, or disclose highly sensitive confidential or proprietary information, which the Producing Party deems requires protection beyond that provided by the "CONFIDENTIAL" designation. Information or documents that are available to the public or generally made available to Defendant's non-

2

management employees at-large may not be designated "CONFIDENTIAL-ATTORNEYS'

EYES ONLY." The designation, "CONFIDENTIAL-ATTORNEYS' EYES ONLY" is reserved

for information that, if disclosed, would likely have a material adverse impact on the designating

party.

d.    Any party to this Litigation and any third party may designate as Confidential

documents or information produced by another party or third party, in which case the designating

party shall be deemed a Producing Party for purposes of this Order as to the documents or

information designated pursuant to this provision.

e.    This Order does not preclude the Parties from entering into further written

agreements or stipulated orders with respect to ESI or other discovery issues.

**2.    DESIGNATION OF CONFIDENTIALITY**

Documents or information may be designated "Confidential" in the following ways:

a.    A Producing Party shall, if appropriate, designate specific documents as

"Confidential" by marking the first page and each subsequent page of the document containing

any Confidential Information with the legend "CONFIDENTIAL" or "CONFIDENTIAL-

ATTORNEYS' EYES ONLY." All documents produced or disclosed during discovery in this

Litigation shall, if practicable, be identified by Bates number and, to the extent applicable, the

appropriate designation shall be placed near the Bates number. Documents marked "Confidential"

prior to the Parties' execution of this stipulated Order are considered Confidential pursuant to this

Order, and the designation of those earlier produced documents may be made at the top of the page

or elsewhere on the documents in a conspicuous location.

b.    A Producing Party shall, if appropriate, designate interrogatory answers and

responses to requests for admissions as "Confidential" by marking the first page and each page of

Case 2:23-cv-02848-SJB-SIL    Document 175-4    Filed 04/24/26    Page 5 of 17 PageID
Case 1:24-cv-00722-GLR    Document 123    Filed 01/30/25    Page 4 of 16
#: 13433

interrogatory answers or responses to requests for admission containing Confidential Information with the legend: "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY;" alternatively, a Producing Party may mark individual interrogatory answers or responses to requests for admission "Confidential" by adding the same legend to the response to that request.

c.      In the case of deposition testimony and the information contained in depositions (including exhibits), counsel for a party or witness shall designate portions of the transcript (including exhibits) which contain Confidential Information as "Confidential" by making a statement to such effect on the record in the course of the deposition or by letter within 30 calendar days of receipt of the official deposition transcript or copy thereof (or written notification that the transcript is available). As appropriate, the following legend shall be placed on the front of the original deposition transcript and each copy of the transcript containing Confidential Information: "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY." If all or part of a videotaped deposition is designated as "Confidential," the video container shall be labeled with the legend "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY." When a deposition transcript contains Confidential Information, the Producing Party responsible for the "Confidential" designation shall request the stenographic reporter to separate those portions of the transcript containing Confidential Information and bind them separately from the non-confidential portions.

d.      To the extent that any Receiving Party or counsel for the Receiving Party creates, develops, or otherwise establishes or maintains for review on any electronic system information designated "Confidential," that party and/or its counsel must take all necessary steps to ensure that access to such media is properly restricted to those persons who, by the terms of this Order, may have access to Confidential Information, and will affix to any media containing such information

Case 2:23-cv-02848-SJB-SIL    Document 175-4    Filed 04/24/26    Page 6 of 17 PageID
Case 1:24-cv-00722-GLR    Document 123    Filed 01/30/25    Page 5 of 16
#: 13434

a label with the legend as provided for in paragraph 2(a) above, unless the form of media make

affixing "Confidential" impractical.

### 3.    FILING OF CONFIDENTIAL INFORMATION

All documents and materials containing Confidential Information that are filed with the

Court shall be filed either under seal pursuant to an order of the Court that expressly permits the

filing.  Prior to seeking leave to file a document under seal, the filing party shall seek written

permission from the Designating Party to file the document not under seal.  During this process,

the Parties shall consider whether the document may be filed not under seal, with or without

redaction.  If the Designating Party does not respond to such request within one week, or if the

Designating Party gives written permission to do so, the Party making the request may file the

document unsealed.  Any Party or third party seeking to file documents and materials with the

Court under seal as Confidential Information must obtain leave of Court before doing so, pursuant

to Fed. R. Civ. P. 5.2(d), by following the District of Maryland's Procedures for E-filing Sealed

Civil Documents.[1]  When filing a document under seal pursuant to this paragraph in connection

with a motion, the filing party shall file a placeholder containing the words "Confidential

Information – Subject to Motion to Seal" in lieu of the document as part of the motion papers.  In

any motion to seal pursuant to this paragraph, the Designating Party shall at all times bear the

burden of showing that the designated material meets the criteria for sealing, and shall make any

such showing in its response to the motion to seal.

### 4.    USE OF DISCOVERY MATERIAL

a.    Confidential Information provided by any Party or nonparty in the course of this

Litigation shall be used, except by the Producing Party, solely for the purposes of this Litigation,

---

[1]    Available at https://www.mdd.uscourts.gov/content/sealed-civil-documents

Case 2:23-cv-02848-SJB-SIL    Document 175-4    Filed 04/24/26    Page 7 of 17 PageID
Case 1:24-cv-00722-GLR    Document 123    Filed 01/30/25    Page 6 of 16
#: 13435

including for the purpose of preparation, trial, and appeal of this Litigation, and for no other purpose. Information designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" shall not be disclosed except in accordance with the terms of this Order.

b. Plaintiffs' counsel in this action represent other employees of Defendant prosecuting wage claims in *Fischer v. Gov't Emps. Ins. Co.*, No. 23-CV-02848 (E.D.N.Y.). If either Party believes that Confidential Information produced in this matter is relevant in *Fischer*, they may request that the Producing Party waive any objection to using the identified material in *Fischer*, in which case the material shall retain its "CONFIDENTIAL" designation and will be treated as such in *Fischer* subject to any protective order agreed to by the parties in that matter. An agreement to any such waiver may be given by either Party in writing without the need for a formal stipulation or any action by the Court. If a Party does not waive an objection to using the Confidential Information in *Fischer*, nothing in this agreement shall limit either Party's right to seek permission from the court to use the identified material in either litigation for good cause shown.

c. Nothing in this Order shall be deemed to limit or restrict any Producing Party from using, filing, or disclosing its own documents or its own Confidential Information for any purpose or from authorizing any such use. The Producing Party may withdraw or modify any designation.

**5. DISCLOSURE OF CONFIDENTIAL INFORMATION DESIGNATED "CONFIDENTIAL"**

Access to Confidential Information designated as "CONFIDENTIAL" pursuant to this Order shall be limited to:

a. The Court or any other court exercising jurisdiction with respect to this Litigation, Court personnel, jurors, and qualified persons (including necessary clerical personnel), recording,

6

taking or transcribing testimony and argument at any deposition, hearing, trial, or appeal in this Litigation;

b. Special masters, mediators, or other individuals engaged or consulted in settlement of this Litigation;

c. Outside counsel of record for the Parties in this Litigation (including members or associates of such counsel's firm) or in-house counsel for the Parties, as well as their paralegal, investigative, secretarial, and clerical personnel who are engaged in assisting such counsel in this Litigation;

d. Outside photocopying, data processing, or graphic production services employed by the Parties or their counsel of record to assist in this Litigation;

e. Any individual expert or expert consulting firm retained by counsel of record in connection with this Litigation to the extent necessary for that individual expert or expert consulting firm to prepare a written opinion, to prepare to testify, or to assist counsel of record in the prosecution or defense of this Litigation, provided, however, that (i) such disclosure shall be made only to an individual expert, or to such members, partners, employees or agents of an expert consulting firm as such expert consulting firm shall designate as the persons who will undertake the engagement on behalf of the expert consulting firm (the "Designated Expert Personnel"); (ii) the individual expert or Designated Expert Personnel shall use the information solely in connection with this Litigation; (iii) the individual and/or a representative of each expert consulting firm shall sign the written assurance attached as Exhibit A on behalf of themselves and any Designated Expert Personnel associated with that firm.

f. (i) Any named Plaintiff in this case, but only during such time as he or she remains a Plaintiff in this case; (ii) those persons who, in accordance with applicable procedures, properly

Case 2:23-cv-02848-SJB-SIL    Document 175-4    Filed 04/24/26    Page 9 of 17 PageID
#: 13437
Case 1:24-cv-00722-GLR    Document 123    Filed 01/30/25    Page 8 of 16

"opt-in" to the case, but only during such time that they have "opt-in" status; and (iii) any employee of Defendant, or any affiliated company of any of them to whom an authorized representative of Defendant chooses to disclose such information, but only to the extent necessary to further the interest of the Parties in this Litigation;

g.      Any person not described in Paragraph 5(f) who (i) authored or is listed as a recipient of the particular material sought to be disclosed to that person; (ii) is currently employed by the Producing Party, but only as to Confidential Information to which the employee is lawfully entitled to have access in connection with his or her employment; (iii) was formerly employed by the Producing Party, but only as to specific material to which the person had access during his or her employment; or (iv) is referred to in the Discovery Material, but only as to the specific Discovery Material in which such person is referenced, discussed, or mentioned;

h.      Any other person to whom the Producing Party agrees in writing or on the record in advance of the disclosure or the Court directs should have access;

i.      Any witness, including a representative designated pursuant to Fed. R. Civ. P. 30(b)(6), called either at trial or at deposition by either party, provided the witness has executed an Agreement of Confidentiality in substantially the form attached hereto as **Exhibit A**;

j.      Any governmental or regulatory agency that has requested such information and is entitled to it by statute or court order; and

k.      The author of the document or the original source of information.

6.      **DISCLOSURE OF CONFIDENTIAL INFORMATION DESIGNATED "CONFIDENTIAL-ATTORNEYS' EYES ONLY"**

Access to information designated as "CONFIDENTIAL-ATTORNEYS' EYES ONLY" pursuant to this Order shall be limited to:

Case 2:23-cv-02848-SJB-SIL    Document 175-4    Filed 04/24/26    Page 10 of 17 PageID
Case 1:24-cv-00722-GLR    Document 123    Filed 01/30/25    Page 9 of 16
#: 13438

a.      Outside counsel of record for the Parties (including members or associates of such counsel's firm) or in-house counsel for the Parties;

b.      Other persons by written consent of the Producing Party and on such conditions as may be consented to; and

c.      Other persons by order of the Court and on such conditions as may be ordered.

**7.      NOTIFICATION OF PROTECTIVE ORDER**

a.      Confidential Information shall not be disclosed, described, or otherwise made available to an individual expert or expert consulting firm described in Paragraph 5(e), unless that expert or firm has executed an Agreement of Confidentiality in substantially the form attached hereto as **Exhibit A**.  The originals of such Agreement shall be maintained by counsel for the party who obtained them until the final resolution of this Litigation and shall be produced to the other party at the time this party produces its expert reports.  This prohibition includes disclosure of the actual confidential material or the information contained in the material, including, but not limited to, any disclosure by counsel or experts.

b.      Confidential Information shall not be disclosed to persons who are non-parties pursuant to 5(b) and 5(g)(i), (ii), (iii), and (iv), unless (1) such persons are first provided with a copy of this Order and (2) disclosing counsel first advises them that they are bound by the provisions of this Order.

**8.      USE OF CONFIDENTIAL INFORMATION IN COURT**

a.      If any Receiving Party plans to utilize any Confidential Information at a court hearing, that Receiving Party will use reasonable efforts to inform the Producing Party of its intent to use such information at least twenty-four (24) hours in advance of the hearing. If no such advance notice is given, the Receiving Party will provide the Producing Party with an opportunity

Case 2:23-cv-02848-SJB-SIL    Document 175-4    Filed 04/24/26    Page 11 of 17 PageID
Case 1:24-cv-00722-GLR    Document 133    Filed 01/30/25    Page 10 of 16
#: 13439

to approach the Court in confidence, whether in chambers or sidebar or such other method as the Court shall direct, regarding the use of the Confidential Information before reference is made to any such Confidential Information on the record.

b. In the event that any information designated as "Confidential" is used in any Court proceeding in this Litigation or any appeal, it shall not lose its status as Confidential.

c. The rules governing the use of Confidential Information at trial shall be determined at a future date.

**9. OBJECTIONS TO CONFIDENTIAL DESIGNATIONS**

A party may challenge the propriety of a Confidential Information designation at the time made, or at any other time. Failure to challenge a Confidential Information designation shall not constitute a waiver of the right to challenge a designation, and shall not preclude a subsequent challenge thereto. In the event a party objects to the designation of any material under this Order, the objecting party shall state its objections in a letter to counsel for the designating party in this Litigation, whereupon the interested parties shall meet and confer in an attempt to resolve any objection. If the objection is not resolved within fourteen (14) days of transmission of that letter, the party challenging the Confidential designation may move the Court for an Order removing the designation with respect to the challenged Discovery Material. If such a motion is made, the designating Party has the burden of demonstrating that the designation is proper. If the designating Party fails to make that showing within thirty (30) days of the objections, the material will not retain its designation. If such motion is made within thirty (30) days of the objections letter, the material will retain its designation until the Court resolves the dispute concerning the designation. If the Producing Party agrees to change the designation, the Producing Party shall send a written notice of the change in designation to all other parties and will notify the Court if necessary to

Case 2:23-cv-02848-SJB-SIL    Document 175-4    Filed 04/24/26    Page 12 of 17 PageID
#: 13440
Case 1:24-cv-00722-GLR    Document 123    Filed 01/30/25    Page 11 of 16

resolve any pending motion regarding "Confidential" designation. Any documents or other materials that have been designated "Confidential" shall be treated in the manner designated until such time as the Court rules that they should not be treated as "Confidential" or the Producing Party agrees to change the designation.

### 10.    PRESERVATION OF RIGHTS AND PRIVILEGES

Nothing contained in this Order shall affect the right, if any, of any party or witness to make any type of objection, claim, or other response to discovery requests, including, without limitation, interrogatories, requests for admissions, requests for production of documents or questions at a deposition. Nor shall this Order be construed as a waiver by any party of any right to withhold any Confidential Information as attorney work product or based on a legally cognizable privilege, or of any right which any party may have to assert such privilege at any stage of this Litigation.

### 11.    RETURN OR DESTRUCTION OF MATERIALS

Within sixty (60) business days after the final resolution of this Litigation, including any appeals related thereto, a Receiving Party shall return all Confidential Information to counsel for the Producing Party, or, in lieu thereof, the Receiving Party shall certify in writing that it has been destroyed. Counsel shall be entitled to retain attorney work product, pleadings and the exhibits thereto, affidavits, motions, briefs, or other papers filed with the Court, even if they contain Confidential Information, so long as they are clearly marked to reflect that they contain information subject to this Order.

### 12.    CORRECTION OF DESIGNATION AND CLAWBACK

a.    A Producing Party that fails to designate Discovery Material as "Confidential" at the time of its production, or fails to designate portions of a transcript within 30 days after a receipt

11

Case 2:23-cv-02848-SJB-SIL    Document 175-4    Filed 04/24/26    Page 13 of 17 PageID
Case 1:24-cv-00722-GLR    Document 123    Filed 01/30/25    Page 12 of 16
#: 13441

of a transcript as provided in Paragraph 2(c), shall be entitled to make a correction to its designation. Such correction and notice thereof shall be made in writing, accompanied by substitute copies of each item of Discovery Material, appropriately designated. Upon receipt of a notice of correction, the Receiving Party shall place the appropriate marking on the document to reflect its altered confidentiality status and certify that the original and all copies of the document have been appropriately marked. The obligation to treat such material pursuant to the corrected designation shall be prospective only, and those individuals who reviewed the mis-designated Discovery Material prior to notice of the mis-designation by the Producing Party shall abide by the provisions of this Order with respect to all future use and disclosure of any information contained in the mis-designated materials.

b.    Pursuant to Federal Rule of Civil Procedure 502(d), the inadvertent production of material protected by the attorney-client privilege or attorney work product protection or any other privilege or protection from disclosure ("Privileged Material") is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. Upon written notification from the Producing Party to the Receiving Party identifying disclosed Privileged Material, the Receiving Party shall refrain from further review of the disclosed Privileged Material; shall within seven (7) days return, sequester, delete or destroy all copies of the disclosed Privileged Material (including any and all descriptions of such Privileged Material in any work-product); shall take reasonable steps to retrieve such Privileged Material if the Receiving Party disclosed it before being notified; and shall make no further use of such Privileged Material (or work product containing such Privileged Material) except as permitted by paragraph 12(d).

c.    If the Receiving Party receives documents, ESI, or other forms of information from the Producing Party, that, upon inspection or review, appears in any respect to contain or constitute

12

Case 2:23-cv-02848-SJB-SIL    Document 175-4    Filed 04/24/26    Page 14 of 17 PageID
Case 1:24-cv-00722-GLR    Document 123    Filed 01/30/25    Page 13 of 16
#: 13442

potentially Privileged Material, the Receiving Party shall immediately stop review of such information, promptly sequester the potentially Privileged Material, and immediately identify the potentially Privileged Material to the Producing Party.

d.      The Receiving Party may object to the designation of disclosed information as Privileged Material by providing written notice of such objection within seven (7) days of receiving a written demand for the return of the disclosed Privileged Material. The Parties must meet and confer in good faith in an attempt to resolve any dispute regarding the designation of information as Privileged Material. If the Parties are unable to resolve any such dispute, the issue shall be resolved by the Court after an *in camera* review of the disclosed Privileged Material and the Parties will request that any submissions pursuant to such dispute be filed under seal. However, the Receiving Party agrees not to argue in connection with a dispute over Privileged Material that the Producing Party did not take reasonable steps to prevent disclosure. Pending resolution of any such dispute by the Court, the Receiving Party shall not use the disclosed Privileged Material, except to resolve a dispute over whether the information is Privileged Material.

e.      This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a Party's right to conduct a review and segregation for withholding from production documents, ESI or information (including metadata) on the basis of relevance or responsiveness to discovery requests, or that is Privileged Material.

f.      If Confidential Information is disclosed by a Receiving Party to anyone other than in a manner authorized by this Order, the Receiving Party responsible for that disclosure must immediately bring all pertinent facts related to that disclosure to the attention of the Designating Party of the Confidential Information, take necessary reasonable steps to prevent further

13

disclosure, including requesting that such receiving person or persons execute the agreement attached as Exhibit A, and cooperate with the Designating Party to take additional steps necessary to limit disclosure, including, if necessary, retrieval of the Confidential Information.

### 13.    NO ADMISSION

A party's compliance with the terms of this Order shall not operate as an admission that any particular document is or is not (a) confidential, (b) privileged, or (c) admissible in evidence at trial.

### 14.    DUTY TO NOTIFY OF RECEIPT OF SUBPOENA

If any Receiving Party receives a subpoena for documents subject to this Order, the person subpoenaed must inform the subpoena's issuer of this Order, provide the subpoena's issuer with the copy of the Order, and give the Producing Party notice of the subpoena within three (3) business days after its receipt and before it produces any documents in response to the subpoena, so that the Producing Party has an opportunity to object prior to the production of any responsive material.

### 15.    APPLICATION OF THIS ORDER TO NON-PARTIES

This Order shall apply to non-parties who provide discovery, by deposition, production of documents or otherwise, in this Litigation, if said non-party requests the protection of this Order as to its Confidential Information and complies with the provisions of this Order.

### 16.    CONTINUING FORCE OF THIS ORDER

Upon final resolution of this Litigation, the provisions of this Order shall continue to be binding. This Court expressly retains jurisdiction over this Litigation for enforcement of the provisions of this Order following the final resolution of this Litigation.

### 17.    CLASS AND COLLECTIVE ACTION MEMBER LISTS

14

Case 2:23-cv-02848-SJB-SIL    Document 175-4    Filed 04/24/26    Page 16 of 17 PageID
#: 13444
Case 1:24-cv-00722-GLR    Document 123    Filed 01/30/25    Page 15 of 16

As conditional certification has been granted, any collective action or class collective list shall be used only for providing notice to the potential members of the conditionally certified collective action and in connection with this Litigation. The list may not be used for any other purpose.

**18.    CONFIDENTIAL DESIGNATIONS PRIOR TO THE ENTRY OF THIS ORDER**

Once this Order is entered by the Court, any Discovery Material previously designated as Confidential Information in this Litigation shall be protected from disclosure pursuant to the terms of this Order. If any actions subject to this Order are transferred to another Court, any material designated as Confidential Information shall retain that designation, but will be bound by any order entered by the transferee Court.

**19.    MODIFICATION OF ORDER**

This Order is binding on all Parties to this Litigation and on all non-parties who have been served with a copy of this Order, and shall remain in force and effect until modified, superseded, or terminated by consent of the Parties or by order of the Court. This Order shall not prevent a party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders, or from agreeing to modifications of this Order, subject to the approval of the Court.

Nothing in this Order shall prevent a Producing Party from seeking further, greater or lesser protection with respect to the use of any Confidential Information or seeking to prevent Confidential Information from being provided to persons described in paragraphs 5 and 6 of this Order.

**19.    APPLICABILITY TO FUTURE PARTIES TO THIS LITIGATION**

Case 2:23-cv-02848-SJB-SIL   Document 175-4   Filed 04/24/26   Page 17 of 17 PageID
#: 13445
Case 1:24-cv-00722-GLR   Document 123   Filed 01/30/25   Page 16 of 16

The terms of this Order shall be binding upon all current and future parties, including any

"opt-ins," to this Litigation and their counsel.


By:

/s/ Michael J. Scimone_____     /s/ Gerald L. Maatman, Jr._____


**OUTTEN & GOLDEN LLP**             **DUANE MORRIS LLP**
Michael J. Scimone*                 Gerald L. Maatman Jr. (admitted *pro hac vice*)
Sabine Jean*                        gmaatman@duanemorris.com
Jarron D. McAllister*               Jennifer A. Riley (admitted *pro hac vice*)
Zarka S. DSouza*                    jariley@duanemorris.com
685 Third Avenue, 25th Floor        Alex W. Karasik (admitted *pro hac vice*)
New York, NY 10017                  awkarasik@duanemorris.com
Telephone: (212) 245-1000           Tiffany E. Alberty (admitted *pro hac vice*)
Facsimile: (646) 509-2060           tealberty@duanemorris.com
mscimone@outtengolden.com           190 South LaSalle Street, Suite 3700
sjean@outtengolden.com              Chicago, Illinois 60603-3433
jmcallister@outtengolden.com        Tel: (312) 499-6700
zdsouza@outtengolden.com            Fax: (312) 499-6701


**MURPHY ANDERSON, PLLC**           **DUANE MORRIS LLP**
David Rodwin (Fed. Bar No. 18615)   Gregory S. Slotnick (admitted *pro hac vice*)
Arlus J. Stephens (Fed. Bar No. 16036)   gsslotnick@duanemorris.com
1401 K Street NW, Suite 300         1540 Broadway
Washington, DC 2005                 New York, New York 10036-4086
Telephone: (202) 223-2620           Telephone: (212) 471-1876
Facsimile: (202) 296-9600           Fax: (212) 202-6040
astephens@murphypllc.com
drodwin@murphypllc.com              **DUANE MORRIS LLP**
                                    Rebecca S. Bjork (D. MD. Bar No.18304)
*Pro hac vice*                      rsbjork@duanemorris.com
                                    901 New York Avenue N.W., Suite 700 East
*Attorneys for Plaintiffs, the Putative*   Washington, DC 20001-4795
*Classes, and Putative Collective Members*   Telephone: (202) 776-7800
                                    Fax: (202) 776-7801

                                    *Attorneys for Defendant Government*
                                    *Employees Insurance Company*

16