# EXHIBIT 69

| From: | Tsonis, Gregory |
|---|---|
| Sent: | Friday, April 10, 2026 4:11 PM |
| To: | Scimone, Michael; Cowdin, Ryan C.; S-GM-Alvarez v. GEICO; S-GM-Fischer v. GEICO |
| Cc: | Geico-O&G@outtengolden.com |
| Subject: | RE: Fischer v. GEICO - Briefing with Alvarez Exhibits - Request to Waive Objection |

Michael,

Your contentions as to the purported relevance of the two disputed documents are without merit and rely upon mischaracterizing deposition testimony.  We do not agree that GA0010734-56 and GA0011613-15 are relevant to *Fischer*, and believe that their *lack* of relevance is established by the record.  Further, Plaintiffs cannot transform improper catch-all Request for Production 35, to which GEICO objected and which clearly violates the Federal Rules of Civil Procedure, into a compliant Request by attempting to apply it to two documents.

As to the five documents GEICO agrees to produce in *Fischer*, the production was served a short while ago.  It does not appear that your allusion to "trust[ing] that [GEICO] will accept them as timely" is a request to extend today's deadline to serve Plaintiffs' Opposition to GEICO's Motion for Decertification, but let me know if incorrect.  To the extent you are proposing to replace only the *Alvarez* bates labels with *Fischer* bates labels (for the five documents GEICO produced today) prior to the fully-briefed motion being filed on the docket, we have no objection.

As to the two remaining documents on which the parties disagree, Plaintiffs appear to understand GEICO's position that in the absence of Court permission and in light of its objections, use of the documents in *Fischer* would violate the *Alvarez* protective order, and GEICO reserves all rights.  Should Plaintiffs seek to establish good cause under Section 4(b) with the Court, and GEICO will oppose any such motion when brought.

Regards,

Greg

**Gregory Tsonis**
Partner

Duane Morris LLP
190 South LaSalle Street, Suite 3700
Chicago, IL 60603-3433
**P:** +1 312 499 6779
**F:** +1 312 896 5652

GTsonis@duanemorris.com
www.duanemorris.com

Visit www.duanemorrisinstitute.com for information on training on employment, labor, benefits and immigration.

---

**From:** Scimone, Michael <mscimone@outtengolden.com>
**Sent:** Friday, April 10, 2026 3:30 PM
**To:** Tsonis, Gregory <GTsonis@duanemorris.com>; Cowdin, Ryan C. <rcowdin@outtengolden.com>; S-GM-Alvarez v. GEICO <S-GM-AlvarezvGEICO@duanemorris.com>; S-GM-Fischer v. GEICO <S-GM-FischervGEICO@duanemorris.com>
**Cc:** Geico-O&G@outtengolden.com <Geico-OG@outtengolden.com>
**Subject:** RE: Fischer v. GEICO - Briefing with Alvarez Exhibits - Request to Waive Objection

1

Greg,

We appreciate the partial agreement.  A few other parts of this require comment.

While you don't state your "facial" objection to RFP 35, looking back, GEICO objected that the request was vague and overbroad.  But we are not asking you to respond to a "facial" request, but rather a request as applied to specific documents.  Having identified the bates numbers, it can't be vague what we're seeking, and that request is specific, not overbroad.  The fact that the documents did not hit on search terms in *Fischer* is irrelevant because relevance and responsiveness are not dictated by the process used to locate documents, either under the FRCP or the parties' ESI protocol.

Moreover, GA0010734-56 is a training on "tracking and/or keeping records of Hours worked" and Mr. Goss's testimony was that it was presented to SIU managers to then train their supervisors on the new Workday App.  RFP 9.  Several Investigators in Fischer have testified to using that app.  It's also a document that relates to "applications . . . including but not limited to Workday," which GEICO used to record Collective Members' hours.  RFP 18.  We don't see how GEICO can maintain a responsiveness objection in light of that.  Please explain.

As for GA0011613-15, it is a "[c]ommunication[] . . . relating to . . . Collective Members that relate[s] to . . . Defendant's knowledge of overtime worked by Collective Members."  To anticipate an argument, the fact that it only expresses "concern" about the possibility of an overtime lawsuit like the Auto Damage suit *Rieske*, as Scott Goss explained, does not make it any less "relate[d] to" knowledge of overtime.  Perceiving a risk that "hidden" overtime might be worked is relevant to constructive knowledge, as explained in *Perry v. New York*.  Again, we see no valid basis for your objection.

In the absence of an agreement, our intent is to serve our opposition brief today with these documents cited.  We will highlight them so that they can be filed under seal at the appropriate time, and we'll seek the Court's permission to submit them, arguing good cause.

For the documents where we have agreement, if you re-produce them to us for *Fischer*, then we'll need to substitute the new bates numbers in our brief and supporting declaration.  If that's your preference, we can do that and trust that you will accept them as timely, as the substance of the brief will not change.  We think it would be easier to simply waive any objection to using them, which we would deem to be without prejudice to your right to maintain objections on other documents; i.e. we won't argue that you've conceded any ground on the disputed documents by waiving objections on others.


Mike



**Michael Scimone**
Partner
646-825-9806

**From:** Tsonis, Gregory <GTsonis@duanemorris.com>
**Sent:** Friday, April 10, 2026 3:41 PM
**To:** Scimone, Michael <mscimone@outtengolden.com>; Cowdin, Ryan C. <rcowdin@outtengolden.com>; S-GM-Alvarez v. GEICO <S-GM-AlvarezvGEICO@duanemorris.com>; S-GM-Fischer v. GEICO <S-GM-FischervGEICO@duanemorris.com>
**Cc:** Geico-O&G@outtengolden.com <Geico-OG@outtengolden.com>
**Subject:** [EXTERNAL] RE: Fischer v. GEICO - Briefing with Alvarez Exhibits - Request to Waive Objection

Michael,

We never contended that your request violates the Protective Order.  The Protective Order, however, states that "[t]he Parties wish to ensure that confidential information shall be used only for the purposes of this action and shall not be disclosed or used in any other way."  To deviate from that baseline, Plaintiffs can request that GEICO waive objections to using materials from *Alvarez* in *Fischer*, and GEICO can waive its objection to doing so.  When GEICO maintains its objection, in the absence of "permission from the court to use the identified material in either litigation for good cause shown," use of the *Alvarez* materials in *Fischer* would violate the Protective Order.

Plaintiffs are now requesting that GEICO produce the seven *Alvarez* documents identified below in *Fischer*.  As an initial matter, we disagree that all documents are responsive to Plaintiffs' various requests for production, or that facially invalid Request for Production No. 35 ("All Documents relating to Plaintiffs' claims and any defenses Defendant will assert to those claims that have not been provided in response to the requests above") requires production of these documents.  Further, various documents did not hit on the parties' agreed search terms, were not created at the time of ESI review in *Fischer*, and/or are irrelevant to the claims asserted.

Nonetheless, in the interest of avoiding an unnecessary dispute, GEICO will agree to produce GA0010111-18, GA0012309-10, GA0012339, GA0012555-57, and GA0013889-90 in *Fischer*.  GEICO does not agree to produce GA0010734-56 and GA0011613-15 in *Fischer*.  Those documents are not relevant to either New York or the claims asserted by the *Fischer* plaintiffs.

Regards,

Greg

**Gregory Tsonis**
Partner

Duane Morris LLP
190 South LaSalle Street, Suite 3700
Chicago, IL 60603-3433
**P:** +1 312 499 6779
**F:** +1 312 896 5652

GTsonis@duanemorris.com
www.duanemorris.com

Visit www.duanemorrisinstitute.com for information on training on employment, labor, benefits and immigration.

**From:** Scimone, Michael <mscimone@outtengolden.com>
**Sent:** Friday, April 10, 2026 9:51 AM
**To:** Tsonis, Gregory <GTsonis@duanemorris.com>; Cowdin, Ryan C. <rcowdin@outtengolden.com>; S-GM-Alvarez v. GEICO <S-GM-AlvarezvGEICO@duanemorris.com>; S-GM-Fischer v. GEICO <S-GM-FischervGEICO@duanemorris.com>
**Cc:** Geico-O&G@outtengolden.com <Geico-OG@outtengolden.com>
**Subject:** RE: Fischer v. GEICO - Briefing with Alvarez Exhibits - Request to Waive Objection

Greg,

What you call our "stated intent" is a request that GEICO waive an objection to us using the information, which Section 4.b. of the Protective Order expressly contemplates.  Please identify your basis for saying that this request violates the Protective Order.

Alternatively, we request that GEICO produce the identified documents in the *Fischer* litigation, as they are relevant and responsive to our requests.  These include, at minimum, RFP 35, as well as the other RFPs identified below:

1. GA0010734-56 – Training on timekeeping procedures; **Responsive to RFPs 9, 18**
2. GA0010111-18 – Email about performance management of Investigators, including in NY; **Responsive to RFP 31**
3. GA0011613-15 – Email discussing management concerns about performance metrics, Investigator overtime, litigation re same; **Responsive to RFPs 11, 23**
4. GA0012309-10 – Email discussing availability of overtime by NY manager; **Responsive to RFP 21**
5. GA0012339 – Email with NY manager discussing whether to tell new hires that overtime is available; **Responsive to RFP 23**
6. GA0012555-57 – Email with NY manager discussing "audit" of Investigator's work hours; **Responsive to RFP 28**
7. GA0013889-90 – Email discussing goal packages and performance metrics for Investigators; **Responsive to RFP 11**

If you object to producing these documents in *Fischer*, please state the basis for your objection.

Finally, and if you both decline to waive objections to using the documents *and* object to producing them in *Fischer*, please let us know your position on our anticipated motion in *Fischer* seeking permission to use the identified material, as contemplated by our Protective Order at ¶ 4.b.


Mike



**Michael Scimone**
Partner
646-825-9806

---

**From:** Tsonis, Gregory <GTsonis@duanemorris.com>
**Sent:** Thursday, April 9, 2026 7:13 PM
**To:** Cowdin, Ryan C. <rcowdin@outtengolden.com>; S-GM-Alvarez v. GEICO <S-GM-AlvarezvGEICO@duanemorris.com>; S-GM-Fischer v. GEICO <S-GM-FischervGEICO@duanemorris.com>
**Cc:** Geico-O&G@outtengolden.com <Geico-OG@outtengolden.com>
**Subject:** [EXTERNAL] RE: Fischer v. GEICO - Briefing with Alvarez Exhibits - Request to Waive Objection

Counsel,

4

GEICO's position is that Plaintiffs' stated intent to utilize the documents produced in the *Alvarez* litigation to oppose GEICO's Motion for Decertification in the *Fischer* litigation would be improper and violates the terms of the protective order entered in *Alvarez*.

Accordingly, GEICO does not agree to waive its objections to using that confidential information, produced in connection with the *Alvarez* litigation, in the *Fischer* litigation.

Regards,

Greg

**Gregory Tsonis**
Partner

Duane Morris LLP
190 South LaSalle Street, Suite 3700
Chicago, IL 60603-3433
**P:** +1 312 499 6779
**F:** +1 312 896 5652

GTsonis@duanemorris.com
www.duanemorris.com

Visit www.duanemorrisinstitute.com for information on training on employment, labor, benefits and immigration.

**From:** Cowdin, Ryan C. <rcowdin@outtengolden.com>
**Sent:** Wednesday, April 8, 2026 9:26 PM
**To:** S-GM-Alvarez v. GEICO <S-GM-AlvarezvGEICO@duanemorris.com>; S-GM-Fischer v. GEICO <S-GM-FischervGEICO@duanemorris.com>
**Cc:** Geico-O&G@outtengolden.com <Geico-OG@outtengolden.com>
**Subject:** Fischer v. GEICO - Briefing with Alvarez Exhibits - Request to Waive Objection

Counsel,

We're writing pursuant to Section 4(b) of the protective order in *Alvarez v. GEICO*.  In our forthcoming opposition to GEICO's motion for decertification in *Fischer*, we intend to use the following exhibits marked "confidential" in *Alvarez*.  We ask that GEICO agree to waive any objection to using the confidential information contained in these exhibits in *Fischer*.  As the protective order provides, the documents will retain their "confidential" designation in both matters.

1.  GA0010734-56
2.  GA0010111-18
3.  GA0011613-15
4.  GA0012309-10
5.  GA0012339
6.  GA0012555-57
7.  GA0013889-90

Please provide GEICO's written response by the close of business tomorrow.  Thank you.

Best,
Ryan

**Ryan C. Cowdin**
Associate (he/him/his)

1225 New York Avenue, NW Suite 1200B, Washington, DC 20005

(w) 202-847-4409

rcowdin@outtengolden.com

**outtengolden.com**

# Outten&Golden

This message was sent by the law firm Outten & Golden LLP and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender immediately and delete the message and any attachments.

For more information about Duane Morris, please visit https://www.DuaneMorris.com

Confidentiality Notice: This electronic mail transmission is privileged and confidential and is intended only for the review of the party to whom it is addressed. If you have received this transmission in error, please immediately return it to the sender. Unintended transmission shall not constitute waiver of the attorney-client or any other privilege.