# EXHIBIT 72

Case 2:23-cv-02848-SJB-SIL   Document 175-8   Filed 04/24/26   Page 2 of 12 PageID #: 13476

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF NEW YORK

KEITH FISCHER, MICHAEL            )
O'SULLIVAN, JOHN MOESER, LOUIS    )
PIA, THOMAS BARDEN, CONSTANCE     )
MANGAN, and CHARISE JONES,        )
individually and on behalf of all )
others similarly situated,        )
                                  )
          Plaintiffs,             )
                                  ) No. 2:23-cv-2848
   -v-                            )
                                  )
GOVERNMENT EMPLOYEES INSURANCE    )
COMPANY d/b/a GEICO,              )
                                  )
          Defendant.              )

Friday, January 10, 2025

Oral videoconference deposition of CRAIG COSTANZO, held pursuant to Notice via Zoom with all parties participating remotely, commencing at 10:00 a.m. Central Time, on the above date, before Andrew R. Pitts, Certified Shorthand Reporter.

Andrew R. Pitts, CSR, RPR
License No.:  084-4575
Esquire Deposition Solutions



REMOTE APPEARANCES:

On behalf of the Plaintiffs:

OUTTEN & GOLDEN, LLP
685 Third Avenue - 25th Floor
New York, New York  10017
(347) 390-2121
Email: zdsouza@outtengolden.com
        sjean@outtengolden.com
BY:  ZARKA SHABIR DSOUZA, ESQUIRE
     SABINE JEAN, ESQUIRE


On behalf of the Defendant GEICO:

DUANE MORRIS, LLP
190 South LaSalle Street - Suite 3700
Chicago, Illinois  60603-3433
(312) 499-6779
Email:  gtsonis@duanemorris.com
BY:  GREGORY TSONIS, ESQUIRE



ALSO PRESENT:

    MEGAN SCZYGELSKI, Legal Videographer.



(Whereupon, the following proceedings were taken via videoconference.)

THE VIDEOGRAPHER:  Good morning.  I am now started the recording, and we are now on the record.  The time is 10:01 a.m. Central on Friday, January 10th, 2025.  This begins the videoconference deposition of Craig Costanzo taken in the matter of Keith Fischer, et al., versus Government Employees Insurance Company doing business as Geico filed in the United States District Court for the Eastern District of New York, Case No. 23-cv-2848.

My name is Megan Sczygelski.  I'm your remote videographer today.  The court reporter is Andrew Pitts.  We are representing Esquire Deposition Solutions.

Will everyone present please identify themselves and state who you represent, after which the court reporter will swear in the witness.

MS. DSOUZA:  Hi.  This is Zarka DSouza from the law firm Outten & Golden on behalf of the Plaintiffs.

MR. TSONIS:  Gregory Tsonis on behalf of Defendant Geico, from Duane Morris LLP.

MS. JEAN:  Sabine Jean from Outten & Golden on behalf of the Plaintiffs.



COURT REPORTER:  Okay.  Mr. Costanzo, please raise your right hand to be sworn in.

(Whereupon, the witness was administered an oath.)

COURT REPORTER:  Okay.  Great.  Sworn.  You may lower your hand.  I will mute myself, and Counsel, you may proceed.

MR. TSONIS:  Thank you.

CRAIG COSTANZO, called as a witness herein, having been first administered an oath, was examined and testified remotely via videoconference as follows:

EXAMINATION

BY MR. TSONIS:

Q.    Good morning, Mr. Costanzo.  How are you?

A.    Good morning.  How are you?

Q.    I'm well, thank you.  My name is Greg Tsonis, as you heard, and I'm a lawyer for Geico. I will be the one that is taking your deposition today.

Before we get started, just a couple of foundational things, then I'll go over some basic ground rules, but can you state and spell your name for the record.

A.    My name is Craig Costanzo; C-R-A-I-G,



scene canvas, it still takes time to review and then look up the addresses, figure out who it is, make phone calls to those business to see if they have video.

It -- is it faster, or is it faster to go knock from this door, walk to the next door, knock on that door?  It -- it depends on each case.  It may be faster, but it may not be.

Q.    But there are certain circumstances where it could be faster certainly?

A.    It could be, yes.

Q.    Okay.

MS. DSOUZA:  Objection.  Sorry, Craig, just give me a minute to object when -- before you answer.

THE WITNESS:  Okay.

BY MR. TSONIS:

Q.    Okay.  And then paragraph 13 here, it references the return to normal field operations in November '21, and you say, "My overtime hours decreased somewhat as a result, but my case load has still required me to work overtime.  I estimate that since November '21, I work about 42 to 45 hours a week on average because I have generally worked about one to two extra hours a day."

Do you see that?



A.    Yes.

Q.    Is that an accurate statement?

A.    It was at the time, yes.

Q.    Is that an accurate statement now?

A.    I'm not doing that now.

Q.    When did you stop doing that?

A.    They -- they made it very clear.  There was a point, and I can't tell you exactly when, that it was at -- well, part of it is the way they started, they changed -- we were being evaluated against each other for hours worked, and so when they started evaluating us based -- comparing us to everybody else's based on the number of hours worked, it was very clear:  You can't work extra hours, or you're basically tainting the whole system.

So once, you know, they're -- they're measuring us based on each other, I mean, for me to work extra hours is really kind of fudging the system. So I -- I -- you know, then it became pretty clear that I don't want to be, like, cheating the system, and I -- I didn't want to do that.

Q.    Wasn't it fudging the system though, prior to what you're describing, ranking against other investigators?

A.    I --



that.  All right.  Let's go back to this exhibit, and I'll share my screen again.

BY MR. TSONIS:

Q.    Just it's -- all right.  This is the same document we were looking at after the table of contents, Mr. Costanzo.

Do you see here the main section titled Your Employment?

A.    Yes.

Q.    All right.  And do you see Classification of Associates, the subsection, and then the further subsection Non-Exempt Associates?

A.    Yes.

Q.    All right.  And particularly after January 1st of 2020, you were paid a -- you were a non-exempt associate for Geico, right?

A.    Okay.

Q.    All right.  And then it says, "Non-exempt associates are never allowed to work," quote, "off the clock," closed quote.  "Working off the clock violates company policy and will result in disciplinary action up to and including termination of employment."

Do you see that?

A.    Yep.

Q.    All right.  So you understood as of, at the



very least, this date that non-exempt associates and you were never allowed to work off the clock?

A.    I see it now.

Q.    Okay.  Well, earlier, you reference that at some point, they started ranking you against other -- other people, right?

A.    Yes.  Yes.

Q.    And I think you referenced -- and I don't want to put words in your mouth, but did you stop your off the clock work at that point in time?

A.    I did.

Q.    Okay.  So since that date, you have not been working any hours that are not recorded in Workday?

A.    Correct.

Q.    When, approximately, was that date?

A.    I don't know.  I don't know what the date was.

Q.    Who was your supervisor at the time that you stopped?

A.    I'm not sure.

Q.    Was it Dara Campbell?

A.    I don't know if it was Dara or if it was Andrew.

Q.    It was one of those two individuals?



A.    I believe so.

Q.    But you don't know which one?

A.    I don't.

Q.    So it would have -- it would have, though, been some point in 2022 or 2023 then?

A.    I believe so.

Q.    Have you talked to any of the other people that are part of this lawsuit?

A.    I have not.

Q.    Do you have an understanding as to who the other individuals that have joined this lawsuit or that have filed it are?

A.    I saw the -- some names on the one form.

Q.    Do you know any of those people, like Keith Fischer?

A.    No, I don't know him, and I'm not aware -- I believe Mike Reed is, but other than that, I don't --

Q.    Okay.

A.    Yeah, Maria maybe, I think, I heard was in it.

Q.    Maria Munoz?

A.    Yes, but I don't --

Q.    Earlier --

A.    I don't know her very well.



STATE OF ILLINOIS        )
                         ) SS:
COUNTY OF C O O K        )

        I, ANDREW R. PITTS, C.S.R. within and for the County of Cook and State of Illinois, do hereby certify that heretofore, to wit, on Friday the 10th day of January, 2025, personally appeared before me via videoconference, CRAIG COSTANZO, in a cause now pending and undetermined in the United States District Court, For the Eastern District of New York, wherein KEITH FISCHER, MICHAEL O'SULLIVAN, JOHN MOESER, LOUIS PIA, THOMAS BARDEN, CONSTANCE MANGAN, and CHARISE JONES, individually and on behalf of all others similarly situated are the Plaintiffs, and GOVERNMENT EMPLOYEES INSURANCE COMPANY d/b/a GEICO is the Defendant.

        I further certify that the said witness was first duly sworn to testify to the truth, the whole truth and nothing but the truth in the cause aforesaid; that the testimony then given by said witness was reported stenographically by me in the presence of the said witness remotely via videoconference, and afterwards reduced to typewriting by Computer-Aided Transcription, and the foregoing, including the confidential excerpt, is a true and



correct transcript of the remote videoconference testimony so given by said witness as aforesaid.

I further certify that the signature to the foregoing deposition was reserved by counsel for the Deponent.  I further certify that the taking of this deposition was pursuant to Notice, and that there were present via videoconference at the deposition the attorneys hereinbefore mentioned.

I further certify that I am not counsel for nor in any way related to the parties to this suit, nor am I in any way interested in the outcome thereof.

IN TESTIMONY WHEREOF:  I have hereunto set my hand and affixed my seal this 14th day of January, 2025.

*Andrew R. Pitts*
_____

ANDREW R. PITTS, CSR, RPR

CSR, COOK COUNTY, ILLINOIS

