# Outten&Golden

Hon. Steven I. Locke

United States Magistrate Judge

United District Court, Eastern District of New York

Courtroom 820

100 Federal Plaza

Central Islip, NY 11722

May 27, 2026

**Via ECF**

Re:  ***Fischer, et al. v. Gov't Emps. Ins. Co. d/b/a GEICO*, Case No. 23 Civ. 02848**

Dear Judge Locke:

Plaintiffs respectfully request an extension of the existing Phase III discovery deadlines in this matter pursuant to Fed. R. Civ. P. 6(b), Fed. R. Civ. P. 16(b)(4), and Your Honor's Individual Motion Practices, Rules 1(C) & 2(B).  If granted, this request will key Phase III deadlines (related to expert reports and damages) to the Court's ruling on Defendant's pending motion for decertification of the FLSA collective.  As discussed below, Defendant Government Employees Insurance Company ("GEICO") refuses to consent to the proposed motion unless Plaintiffs agree to further expand the already substantial scope of opt-in discovery.

The parties previously submitted a joint motion to extend the discovery schedule on January 7, 2026, ECF No. 158, and then a superseding joint motion on March 17, 2026, ECF No. 166.  The Court granted the latter motion by minute order on March 18, 2026.  This is Plaintiffs' first unilateral request to extend the Phase III discovery deadlines.

Good cause supports this motion.  First, there are two pending events that potentially impact the full scope of expert and damages discovery in this matter.  The first such event is GEICO's motion to decertify the FLSA collective.  This motion has been fully briefed as of April 24, 2026.  Although Plaintiffs strongly oppose this motion, should the Court grant it, then expert work related to the collective will not be necessary (or will be substantially altered, depending on whether other procedural vehicles, such as joinder, are permitted).  The second event is the pending petition for interlocutory appeal, which could greatly impact the scope of damages.  On February 20, 2026, this Court denied Plaintiffs' motion for class certification.  Plaintiffs filed a timely Rule 23(f) petition at the United States Court of Appeals for the Second Circuit on March

**New York**                                    **San Francisco**                                    **Washington, DC**
685 Third Avenue, 25th Floor            1 California Street, 12th Floor        1225 New York Avenue NW, Suite 1200B
New York, NY 10017                          San Francisco, CA 94111                    Washington, DC 20005
(212) 245-1000                                  (415) 322-1391                                  (202) 914-5097

Outten & Golden LLP
outtengolden.com

Hon. Steven I. Locke
May 27, 2026
Page 2 of 3

6, 2026, and GEICO filed its response to that petition on March 16, 2026.  If the Court of Appeals accepts that petition, and if Plaintiffs later prevail on class certification, then the relevant scope of damages discovery may ultimately be expanded to the putative class.  If the Court of Appeals decides to accept the petition in the next few months, the parties can meet and confer to discuss what impact, if any, that decision should have on the discovery schedule.

Second, Plaintiffs need additional time for expert discovery.  Plaintiffs' expert report is currently due June 1, 2026.  Although a substantial amount of data has been produced, Plaintiffs need additional time to work through potential data errors and omissions and determine if the existing datasets are sufficient for producing expert reports.  Plaintiffs have been working with their data experts to process data first produced to Plaintiffs two days before GEICO filed its motion for decertification – on March 3, 2026.  As discussed in Plaintiffs' opposition to that motion (served April 10, 2026), Plaintiffs discovered in the middle of briefing (on March 26, 2026) that GEICO failed to produce all the data it relied on.  *See* ECF No. 174-1 at 17.  After Plaintiffs notified GEICO of the error, GEICO produced the remaining raw data on March 30, 2026.  Plaintiffs are still processing that data and preparing a list of questions for GEICO's review to determine if further data discovery is needed.  Plaintiffs hope to complete all data analysis for damages and expert work by the end of June.  Should all data issues be resolved, Plaintiffs anticipate being able to produce a report for the existing FLSA collective thereafter.

Taking these considerations into account, Plaintiffs believe that keying Phase III expert and damages discovery to the Court's ruling on GEICO's decertification motion is the most efficient course.  The new proposed deadlines are set out below.

Plaintiffs sought GEICO's consent to this motion by email on May 18, 2026 and May 21, 2026.  GEICO refused to consent via email, and counsel conferred telephonically on May 27, 2026.  While GEICO agreed that tying the completion of Phase III discovery to the Court's ruling on decertification would be appropriate, it conditioned its consent on Plaintiffs agreement to have *all* remaining opt-in Plaintiffs deposed.  *See* Ex. A.  This request (raised for the first time in response to Plaintiffs' request for consent to its proposed extension) is contrary to GEICO's request in Phase II to depose only a sample of opt-in Plaintiffs.  (*See* Electronic Order, Dec. 2, 2025 (acknowledging a sample of opt-in testimony is appropriate and noting that "Defendant **does not seek** to depose every opt-in Plaintiff" (emphasis added))).  It also ignores the fact that *the vast majority of* opt-ins currently in the case have already been subject to written discovery and have provided testimony related to their damages.  *See, e.g.*, Ex. B (Opt-in Plaintiff Manzanillo's response to GEICO's Interrogatory No. 11, providing off-the-clock hours estimate).[1]

---

[1]    Plaintiffs maintain the position that the enormous amount of opt-in discovery that has already taken place, which includes 18 opt-in plaintiff depositions and 42 sets of comprehensive written discovery responses for a 45-person collective (in total, there have been 25 plaintiff depositions and 49 sets of written discovery served out of 52 Plaintiffs when including the 7 named Plaintiffs), is out of proportion to the needs of the case.  *See* Fed. R. Civ. P. 26(b)(1) (listing proportionality factors that courts must consider).

Hon. Steven I. Locke
May 27, 2026
Page 3 of 3

Plaintiffs therefore request that the Court revise the existing discovery schedule as follows:

| Deadline | Existing | Proposed |
|---|---|---|
| Plaintiffs' Disclosures | June 1, 2026 | 45 days after ruling on decertification motion |
| Defendants' Disclosures | July 15, 2026 | 90 days after ruling on decertification motion |
| Rebuttal Disclosures | September 1, 2026 | 120 days after ruling on decertification motion |
| Phase III Complete | September 30, 2026 | 165 days after ruling on decertification motion |

All other deadlines in the parties' Amended Pre-Trial Scheduling Order, ECF No. 73, which was approved and entered by the Court (*see* September 10, 2024 Text Order), remain unchanged.

For these reasons, Plaintiffs request the Court enter the proposed scheduling order submitted contemporaneously with this motion.

Respectfully Submitted,

Michael J. Scimone

c:      All Counsel of Record (via ECF)