# Exhibit A

| | |
|---|---|
| **From:** | Cowdin, Ryan C. |
| **To:** | Tsonis, Gregory |
| **Cc:** | Geico-O&G@outtengolden.com; S-GM-Fischer v. GEICO |
| **Subject:** | RE: Fischer v. Geico - expert deadline extension request |
| **Date:** | Wednesday, May 27, 2026 9:49:39 AM |
| **Attachments:** | image001.png |

Thanks. Please use the below link.

## Microsoft Teams meeting
Join: https://teams.microsoft.com/meet/259172650353323?p=IpI5eTiNTxEz7PWYIh
Meeting ID: 259 172 650 353 323
Passcode: xB2MC2t6

**Ryan C. Cowdin**
Associate (he/him/his)
202-847-4409

**From:** Tsonis, Gregory <GTsonis@duanemorris.com>
**Sent:** Wednesday, May 27, 2026 9:34 AM
**To:** Cowdin, Ryan C. <rcowdin@outtengolden.com>
**Cc:** Geico-O&G@outtengolden.com <Geico-OG@outtengolden.com>; S-GM-Fischer v. GEICO <S-GM-FischervGEICO@duanemorris.com>
**Subject:** [EXTERNAL] Re: Fischer v. Geico - expert deadline extension request

Ryan - I can do 11:30 EST.

**From:** Cowdin, Ryan C. <rcowdin@outtengolden.com>
**Sent:** Tuesday, May 26, 2026 10:19:28 PM
**To:** Tsonis, Gregory <GTsonis@duanemorris.com>
**Cc:** Geico-O&G@outtengolden.com <Geico-OG@outtengolden.com>; S-GM-Fischer v. GEICO <S-GM-FischervGEICO@duanemorris.com>
**Subject:** RE: Fischer v. Geico - expert deadline extension request

Greg,

We will respond substantively, but we also need to file tomorrow. Pursuant to Rule 4(a)(1) of Judge Locke's individual rules, are you available before 12:00 p.m. ET tomorrow to meet and

confer on this topic by telephone or videoconference?

Best,

Ryan

**Ryan C. Cowdin**
Associate (he/him/his)
202-847-4409

**From:** Tsonis, Gregory <GTsonis@duanemorris.com>
**Sent:** Tuesday, May 26, 2026 9:55 PM
**To:** Cowdin, Ryan C. <rcowdin@outtengolden.com>
**Cc:** Geico-O&G@outtengolden.com <Geico-OG@outtengolden.com>; S-GM-Fischer v. GEICO <S-GM-FischervGEICO@duanemorris.com>
**Subject:** [EXTERNAL] RE: Fischer v. Geico - expert deadline extension request

Ryan,

We disagree with Plaintiffs' statements, particularly the representations as to the scope of Phase III discovery and GEICO's prior positions regarding depositions.

Phase III discovery encompasses all discovery "focused on damages," and is not limited to only expert reports. (4/16/24 Order.) Indeed, Plaintiffs previously recognized that a decision on class certification "will clarify the extent of damages discovery needed." (ECF No. 58.) With class certification denied, individualized discovery in Phase III is undoubtedly necessary if the opt-in plaintiffs remain in the case.

As the Court previously recognized, individualized inquiries "go beyond damages and affect liability" such that even if "plaintiffs demonstrate[] an entitlement to overtime compensation, it would only be after individualized inquiries about the employee's peculiar circumstances." (ECF No. 162.) Liability and damages, the Court explained, "will need to be decided based on individualized facts and employment circumstances." (*Id*.) Discovery as to each opt-in plaintiff, therefore, is relevant and necessary to ascertain what claim to overtime compensation, if any, is present for each individual and the extent of that claim, if any. Depositions are the only viable means of acquiring the necessary discovery as to the opt-in plaintiffs' claims prior to trial, in the event they are not dismissed from the case.

Further, GEICO's position is entirely consistent with its prior request to depose only a portion of Phase II plaintiffs. Although Plaintiffs sought to limit GEICO to only five Phase II opt-in depositions, GEICO sought leave to depose half of the Phase II plaintiffs in order to obtain necessary discovery to support its then-forthcoming decertification motion and because it was consistent with what the Court permitted in Phase I. (ECF No. 148.) By contrast, Phase III is separate from Phase I and Phase

II and, by its nature and sequencing, is not limited to testing a sample of opt-in plaintiffs. The only means of assessing each opt-in plaintiff's claimed entitlement to overtime compensation, if any, as to the remaining opt-in plaintiffs who have not yet been deposed, is to obtain his or her deposition. Contrary to Plaintiffs' assertions, GEICO has never taken the position that it would be foreclosed from seeking those depositions in Phase III, ahead of a potential trial, if the Court declines to dismiss the opt-in plaintiffs without prejudice.

Modification of Phase III discovery deadlines to connect them to a decision on GEICO's decertification motion is warranted to encompass the possibility that such discovery is needed. Given Plaintiffs' position that such discovery is outside the scope of Phase III discovery, modification of Phase III discovery deadlines is unnecessary and GEICO will seek leave to take such discovery, if necessary, following the Court's order on decertification. Plaintiffs' allusion to "lingering data and metrics issues" and reference to their pending Rule 23(f) petition do not warrant postponing Plaintiffs' expert disclosure deadline of June 1, 2026, on which the parties jointly agreed on March 17, 2026.

Accordingly, GEICO does not agree to Plaintiffs' motion as proposed.

Regards,

Greg


**Gregory Tsonis**
Partner

Duane Morris LLP
190 South LaSalle Street, Suite 3700
Chicago, IL 60603-3433
**P:** +1 312 499 6779
**F:** +1 312 896 5652


GTsonis@duanemorris.com
www.duanemorris.com

Visit www.duanemorrisinstitute.com for information on training on employment, labor, benefits and immigration.

**From:** Cowdin, Ryan C. <rcowdin@outtengolden.com>
**Sent:** Thursday, May 21, 2026 4:32 PM
**To:** Tsonis, Gregory <GTsonis@duanemorris.com>
**Cc:** Geico-O&G@outtengolden.com <Geico-OG@outtengolden.com>; S-GM-Fischer v. GEICO <S-GM-FischervGEICO@duanemorris.com>
**Subject:** RE: Fischer v. Geico - expert deadline extension request


Greg,

We are not in agreement. GEICO is proposing to reopen opt-in discovery if the Court denies decertification. Opt-in discovery was Phase II, and not Phase III, of the scheduling order.

Resetting the scope of Phase III has not been something considered by the Court or the parties previously.  It also is completely inconsistent with GEICO's request to depose only half the opt-ins of the collective during Phase II – a request made to support GEICO's now already-fully-briefed decertification motion.  And as a reminder, the Court granted GEICO's request in part because "Defendant **does not seek** to depose every opt-in Plaintiff."  (Electronic Order, Dec. 2 2025) (emphasis added).

Because GEICO is not – and never has been – "entitled" to additional opt-in depositions or discovery after decertification, we don't appreciate GEICO's attempt to frame this request as merely confirming the scope of the parties' agreement.

Please confirm whether GIECO consents to our motion as proposed.

Best,
Ryan

**Ryan C. Cowdin**
Associate  (he/him/his)
202-847-4409

**From:** Tsonis, Gregory <GTsonis@duanemorris.com>
**Sent:** Wednesday, May 20, 2026 5:30 PM
**To:** Cowdin, Ryan C. <rcowdin@outtengolden.com>
**Cc:** Geico-O&G@outtengolden.com <Geico-OG@outtengolden.com>; S-GM-Fischer v. GEICO <S-GM-FischervGEICO@duanemorris.com>
**Subject:** [EXTERNAL] Re: Fischer v. Geico - expert deadline extension request

Ryan,

Before we can consider your proposal to connect Phase III discovery deadlines to a decision on Defendant's motion for decertification, we want to be sure the parties are in agreement on the scope of Phase III discovery.

To the extent the Court's ruling on the decertification motion does not result in the opt-in plaintiffs being dismissed, Defendant would be entitled to depose any remaining opt-ins who have not been previously deposed during Phase III discovery.

The timelines set forth below appear calibrated as providing sufficient time to complete such discovery, but we want to confirm Plaintiffs' understanding as to scope before we consider deadlines.

Regards,

Greg

---

**From:** Cowdin, Ryan C. <rcowdin@outtengolden.com>
**Sent:** Monday, May 18, 2026 10:52 AM
**To:** S-GM-Fischer v. GEICO <S-GM-FischervGEICO@duanemorris.com>
**Cc:** Geico-O&G@outtengolden.com <Geico-OG@outtengolden.com>
**Subject:** Fischer v. Geico - expert deadline extension request

Counsel,

We're writing to propose an extension of Phase III discovery and the expert disclosure deadlines.  We propose keying them to the court's order on decertification, for a few reasons.  First, the court's decertification order will impact whether expert reports will be helpful to estimating damages.  Second, we expect to have some resolution on the 23(f) petition relatively soon, and this will also impact the scope of damages discovery and need for expert reports.  The average time it takes to rule on 23(f) petitions is 3 months, so ideally we'll have some resolution on that issue around the middle of June.  Third, we still have some lingering data and metrics issues that we're trying to square.  We're working with our data team to compile a comprehensive list of questions to send to you so we can work with the data effectively (for both this case and the *Alvarez* matter).  The parties can work on this while we wait for the above rulings and hopefully have any data issues resolved in advance of any decisions.

| Deadline | Existing | Proposed |
|---|---|---|
| **Plaintiffs' Disclosures** | June 1 | 45 days after ruling on decertification motion |
| **Defendants' Disclosures** | July 15 | 90 days after ruling on decertification motion |
| **Rebuttal Disclosures** | Sept. 1 | 120 days after ruling on decertification motion |
| **Phase III Complete** | Sept. 30 | 165 days after ruling on decertification motion |

Let us know if GEICO consents to this request.  If so, we can draft a motion and proposed modified scheduling order.  We'd like to file it this week if possible.  Thank you.

Best,

Ryan

**Ryan C. Cowdin**
Associate (he/him/his)

1225 New York Avenue, NW Suite 1200B, Washington, DC 20005
(w) 202-847-4409
rcowdin@outtengolden.com
**outtengolden.com**



This message was sent by the law firm Outten & Golden LLP and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender immediately and delete the message and any attachments.

For more information about Duane Morris, please visit https://www.DuaneMorris.com

Confidentiality Notice: This electronic mail transmission is privileged and confidential and is intended only for the review of the party to whom it is addressed. If you have received this transmission in error, please immediately return it to the sender. Unintended transmission shall not constitute waiver of the attorney-client or any other privilege.