

*FIRM and AFFILIATE OFFICES*
GERALD L. MAATMAN, JR.
DIRECT DIAL: +1 312 499 6710
PERSONAL FAX: +1 312 279 6780
*E-MAIL:* GMaatman@duanemorris.com

June 1, 2026

Magistrate Judge Steven I. Locke
United States District Court for the Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

Dear Magistrate Judge Locke:

Defendant Government Employees Insurance Company ("GEICO") respectfully submits the following response to Plaintiffs' May 27, 2026, letter motion.  (ECF No. 178.)

**Background**.  Phase III discovery encompasses all discovery "focused on damages," not just discovery focused on experts.  (4/16/24 Order.)  In four prior case schedules, neither party proposed tying Phase III discovery deadlines, including deadlines associated with expert disclosures, to the Court's decision on GEICO's motion for decertification.  (ECF Nos. 58, 73, 158, 166.)  Indeed, although GEICO served its motion for decertification on March 6, 2026, in the parties' most-recent joint Motion dated March 17, 2026, the parties proposed completing briefing by April 24, 2026, and Plaintiffs' serving their expert disclosures on June 1, 2026.  (ECF No. 166.)

GEICO completed its production of SICM data by March 30, 2026.  GEICO produced the vast majority of SICM data for Plaintiffs and Opt-in Plaintiffs, including monthly data from 2020 through 2023, on March 3, 2026, three months prior to the current expert disclosure deadline, and before the parties submitted the joint Motion to Extend Discovery.  (*Id.*)  On March 17, 2026, the parties agreed that "GEICO recently produced a significant amount of the requested data and expects to complete production in 2-3 weeks."  (*Id.*)  On March 26, 2026, Plaintiffs raised limited questions regarding the data and identified 5 Excel files of the 133 cited in GEICO's expert declaration that they could not locate.  GEICO produced the documents[1] and responded to Plaintiffs' questions on March 30, 2026.  (Ex. A, 3/26/26 R. Cowdin Email.)  Plaintiffs have not raised any questions regarding SICM data since that date.

On May 18, 2026, two months after submission of the joint Motion and less than two weeks before Plaintiffs' expert disclosure deadline, Plaintiffs proposed modifying the Phase III discovery schedule to tie all deadlines, including Plaintiffs' expert disclosure deadline, to a ruling on decertification.  (Ex. B, 5/18/26 R. Cowdin Email.)  Plaintiffs asserted that: (i) a decertification decision would be "helpful to estimating damages," (ii) their Rule 23(f) petition remained pending with the Second Circuit, and (iii) they were "trying to square" unidentified "lingering data and metrics issues."  (*Id.*)  In evaluating Plaintiffs' proposed schedule, GEICO sought to confirm that Phase III discovery would encompass damages discovery of Opt-In Plaintiffs remaining in the case after the Court's ruling on the motion for decertification, including depositions if necessary, particularly in light of the Court's finding that liability and damages as to any individual "will need to be decided based on individualized facts and employment circumstances."  (ECF No. 162.)

---

[1] Four of the five Excel files were superfluous data contained in already-produced documents, and the remaining document concerned data for only a portion of 2020.

In response, Plaintiffs asserted that GEICO is not entitled to take any depositions in Phase III discovery.  (Ex. A.)  On May 27, 2026, Plaintiffs asked to confer with Defendant concerning the instant motion.  During that conferral, for the first time, Plaintiffs disclosed that they were not in a position to produce an expert report by June 1, 2026.  GEICO informed Plaintiffs that, based on their assertions, they failed to show any good cause to tie expert disclosures to the Court's decision on the pending motion for decertification, and Plaintiffs subsequently filed this Motion.

**Lack of Good Cause**.  Plaintiffs have not demonstrated good cause to modify the current schedule.  Pursuant to Federal Rule of Civil Procedure 16(b)(4), scheduling orders "may be modified *only* for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4) (emphasis added).  Good cause is dependent on the movant's demonstrating diligence.  *Parker v. Columbia Pictures Indus*., 204 F.3d 326, 340 (2d Cir. 2000) ("[A] finding of 'good cause' depends on the diligence of the moving party."); *Kassner v. 2nd Ave. Delicatessen Inc*., 496 F.3d 229, 244 (2d Cir. 2007).  The movant "must show that the tardy submission of its desired expert report was not caused by the party's own lack of diligence."  *Ritchie Risk-Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC*, 282 F.R.D. 76, 79 (S.D.N.Y. 2012).  The court "may consider other relevant factors including, in particular, whether allowing the [extension] at this stage of the litigation will prejudice defendants."  *Shemendera v. First Niagara Bank N.A*., 288 F.R.D. 251, 252 (W.D.N.Y. 2012).  But lack of prejudice cannot "excuse the moving party from having to demonstrate diligence in order to show 'good cause.'"  *Id*. (collecting cases).

Plaintiffs have not demonstrated diligence.  In their Motion, Plaintiffs do not even attempt to show diligence, the controlling inquiry to establish good cause, and focus instead on GEICO's decertification motion and Plaintiffs' pending Rule 23(f) petition.  (Mot. at 1-2.)  By failing to address Rule 16(b)(4)'s requirements and the case law establishing the need to show diligence, it is undisputed that Plaintiffs have failed to meet their burden.  To the contrary, Plaintiffs' filing of their Motion only five days before Plaintiffs' expert disclosure deadline shows that diligence is lacking.  *See Bruce v. Cnty. of Rensselaer*, 2003 WL 22436281, at *2 (N.D.N.Y. 2003) ("The filing of a request for an extension on the final day of the time period does not act as an automatic stay of the deadline, nor does it provide good cause for an extension of the deadline.  To the contrary, it is evidence of being remiss in one's duties.  Waiting until the proverbial eleventh hour to take action is always risky business.").  Thus, the Court should deny Plaintiffs' Motion.

Even if Plaintiffs had attempted to show diligence, which they have not, they would not have been able to do so.  Good cause is not established when a modification "rests on information that the party knew, or should have known, in advance of the deadline." *Fidelity Info. Servs., Inc. v. Debtdomain GLMS Pte Ltd.,* 2011 WL 3665138, at *2 (S.D.N.Y. 2011).  A party's own delay, including strategic miscalculations or a failure to act on information known before the deadline, demonstrates a lack of diligence.  *See Ritchie*, 282 F.R.D. at 79-80.  In *Ritchie*, for instance, the court denied a request to extend expert discovery made three weeks before the deadline because the court found that the reason was well known to the movant and because the movant had the necessary information in its possession for a significant amount of time prior to seeking relief.  *Id*.

Here, similarly, Plaintiffs have had substantial time to analyze data and to prepare an expert report.  As this Court previously recognized, Plaintiffs have "had access to seven months' worth of SICM data for 34 Plaintiffs" for more than a year, permitting ample opportunity to raise issues or questions.  (ECF No. 162 at 35-36.)  Plaintiffs had three months to analyze the SICM data

produced on March 3, 2026, and two months to analyze the five additional SICM files produced on March 30, 2026.  Plaintiffs do not and cannot articulate how the March 30 production of 5 files necessitates an indefinite extension.  Although Plaintiffs claim to be "preparing a list of questions" about the data (Mot. at 2), they have not raised *any* questions about the data over the past two months. (Ex. B.)  Their failure to do so, for data accessible for more than a year, demonstrates a lack of diligence that defeats any assertion of good cause.  *Ritchie*, 282 F.R.D. at 79-80.

Plaintiffs' remaining reasons likewise fail to show good cause for modification of the schedule.  First, as the parties agreed, Phase III discovery is not set to conclude until September 30, 2026.  Courts recognize that expert discovery can proceed without a decision on decertification. *See Desilva v. North Shore-Long Island Jewish Health System, Inc.*, 27 F. Supp. 3d 313, 330 (E.D.N.Y. 2014) (submitting expert reports prior to decertification decision); *Zivali v. AT&T Mobility, LLC*, 784 F. Supp. 2d 456, 470 (S.D.N.Y. 2011) (same).  Thus, even if the parties waited until the Court rules on the motion for decertification, Phase III discovery may be completed within the time already allotted, and the Court can address any necessary extension this Fall.

Second, a pending Rule 23(f) petition does not establish the requisite good cause.  Merely filing a petition for interlocutory appeal is insufficient to delay discovery.  *See Republic of Columbia v. Diageo N. Am. Inc.,* 619 F. Supp. 2d 7, 13 (2007) (granting certification for interlocutory appeal but refusing stay on discovery as unreasonable); *In re Petrobras Securities*, 193 F. Supp. 3d 313, 318 (S.D.N.Y. 2013) (denying request to stay proceedings pending interlocutory review of class certification, emphasizing the indefinite nature of the delay). Plaintiffs' request is tantamount to a request to stay expert discovery pending an interlocutory appeal.[2]  For Plaintiffs' yet-unaccepted Rule 23(f) petition to impact Phase III discovery, it would need to be accepted, fully briefed, and result in reversal, as well as re-briefing and a decision granting class certification.  Plaintiffs' Rule 23(f) petition likely will be denied because the Court properly denied class certification based on sound reasoning but, in any event, such a speculative chain of events undoubtedly would take years to manifest.  *Id*.  Plaintiffs have not identified any reason Phase III discovery cannot proceed in the interim.

Third, Plaintiffs have not demonstrated any need to tie expert disclosure deadlines to decertification.  Depending on the date of a decertification decision, the close of Phase III discovery could need to be modified to account for the necessary individualized damages discovery, including depositions.[3]  But, contrary to Plaintiffs' assertions, modification of that deadline now, two months after entry of the current schedule and four months before the deadline, is unnecessary.

---

[2] Staying discovery pending interlocutory appeal requires the movant to show the petition "is likely to succeed on the merits" and "irreparabl[e] injur[y] absent a stay," among other factors, which Plaintiffs fail to show.  *SEC v. Coinbase, Inc.*, 761 F. Supp. 3d 702, 722 (S.D.N.Y. 2025).

[3] Written discovery alone is inadequate and does not permit adequate credibility determinations. *Mill-Run Tours v. Khashoggi,* 124 F.R.D. 547, 549-50 (S.D.N.Y. 1989) (explaining why depositions cannot replace interrogatories); *Sadowski v. Technical Career Institutes, Inc.*, 1994 WL 240546 (S.D.N.Y. 1994).  As GEICO previously set forth, depositions here routinely have uncovered that the written discovery responses, including those of Opt-in Manzolillo, are wholly or partially inaccurate.  (ECF No. 173-1 at 6-7.)

We thank the Court for its attention to this matter.

Respectfully submitted,

*/s/Gerald L. Maatman, Jr.*
Gerald L. Maatman, Jr.

CC: All other counsel of record (via ECF)