**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

KEITH FISCHER, MICHAEL O'SULLIVAN, JOHN MOESER, LOUIS PIA, THOMAS BARDEN, CONSTANCE MANGAN, and CHARISE JONES, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

GOVERNMENT EMPLOYEES INSURANCE COMPANY,

Defendant.

Case No. 2:23-CV-02848

District Judge Sanket J. Bulsara

Magistrate Judge Steven I. Locke

# DEFENDANT'S RULE 72 OBJECTIONS TO THE MAGISTRATE JUDGE'S AUGUST 14, 2026 ORDER AND RECOMMENDATION

Gerald L. Maatman, Jr.
Jennifer A. Riley
Gregory Tsonis
**DUANE MORRIS LLP**
190 S. LaSalle Street, Suite 3700
Chicago, IL 60603
Telephone: (312) 499-6700
Fax: (312) 499-6701
gmaatman@duanemorris.com
jariley@duanemorris.com
gtsonis@duanemorris.com

*Attorneys for Defendant Government Employees Insurance Company*

# TABLE OF CONTENTS

Page

INTRODUCTION .....1

RELEVANT PROCEDURAL BACKGROUND .....1

LEGAL STANDARD.....2

ARGUMENT .....2

I. THE ORDER FAILS TO APPROPRIATELY ASSESS WHETHER PLAINTIFFS ARE "SIMILARLY SITUATED" .....2

A. The Order Improperly Relies On Immaterial And Uncommon Issues That Are Not Capable Of Resolution Through Common Proof .....2

1. No Uniform, Unlawful Application Of Overtime Approval Processes Exists .....3

2. The Order Errs In Finding That "Workload Expectations" And Metrics Render Plaintiffs Similarly Situated .....6

3. GEICO's Purported Knowledge, As This Court Previously Recognized, Necessarily Varies For Each Plaintiff.....8

B. "Trial Groupings" Are Not Viable And Would Not Eliminate The Need Individualized Mini-Trials .....9

II. THE RECOMMENDATION TO DENY GEICO'S MOTION FOR SUMMARY JUDGMENT SHOULD BE REJECTED .....10

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alicea v. Walsh Constr. Co.*, 2014 WL 12861246 (D. Conn. Sept. 30, 2014) ........................... 8-9

*Campbell v. City of Los Angeles*, 903 F.3d 1090 (9th Cir. 2018)..................................................3

*Desilva v. N. Shore-Long Island Jewish Health Sys., Inc.*, 27 F. Supp. 3d 313 (E.D.N.Y. 2014) ..............................................................................................................................3, 7

*Doe v. Syracuse Univ.*, 481 F. Supp. 3d 66 (N.D.N.Y. 2020) ....................................................2, 5

*Glatt v. Fox Searchlight Pictures, Inc.*, 811 F.3d 528 (2d Cir. 2016) ............................................7

*Harper v. Gov't Emps. Ins. Co.*, 2015 WL 9673810 (E.D.N.Y. 2015) ..................................... 3-4

*Hayes v. Laroy Thomas, Inc.*, 2007 WL 1174313 (E.D. Tex. 2007) ..............................................2

*Hinteberger v. Cath. Health Sys.*, 299 F.R.D. 22 (W.D.N.Y. 2014) ............................................11

*Kuebel v. Black & Decker Inc.,* 643 F.3d 352 (2d Cir. 2011).........................................................8

*McGlone v. Contract Callers, Inc.*, 49 F. Supp. 3d 364 (S.D.N.Y. 2014)......................................8

*Onate v. AHRC Health Care, Inc.*, 2023 WL 8648167 (S.D.N.Y. 2023)................................. 9-10

*Pino v. Harris Water Main & Sewer Contractors Inc.*, 2020 WL 5708889 (E.D.N.Y. 2020) ....................................................................................................................................8

*Proctor v. Allsups Convenience Stores, Inc.*, 250 F.R.D. 278 (N.D. Tex. 2008) ...........................6

*Reed v. Cnty. of Orange*, 266 F.R.D. 446 (C.D. Cal. 2010) ..........................................................9

*Reich v. S. New Eng. Telecomms. Corp.*, 121 F.3d 58 (2d Cir. 1997)..........................................11

*Remache v. Mac Hudson Grp.*, 2018 WL 4573072 (E.D.N.Y. Sept. 7, 2018)..............................5

*Sanchez v. Schlumberger Tech. Corp.*, 2020 WL 519957 (S.D. Tex. 2020).................................2

*Sandoz v. Cingular Wireless, LLC*, 2014 WL 3045532 (W.D. La. 2014).....................................2

*Savinova v. Nova Home Care, LLC*, 2024 WL 1341113 (D. Conn. 2024)...................................2

*Scott v. Chipotle Mexican Grill, Inc.*, 954 F.3d 502 (2d Cir. 2020) ...................................... 2-3, 8

*Tracy v. NVR, Inc.*, 293 F.R.D. 395 (W.D.N.Y. 2013)............................................................6, 9

*White v. 14051 Manchester Inc.*, 301 F.R.D. 368 (E.D. Mo. 2014) ............................................3

*In Re Xiang Yong Gao*, 560 B.R. 50 (Bankr. E.D.N.Y. 2016) ..................................................12

*Zivali v. AT&T Mobility, LLC*, 784 F. Supp. 2d 456 (S.D.N.Y. 2011)................................. 6-7, 10

**Other Authorities**

29 C.F.R. § 790.7(h) ...........................................................................................................12

Fed. R. Civ. P. 56(a) ..........................................................................................................10

Fed. R. Civ. P. 72 .................................................................................................................1

Fed. R. Civ. P. 72(a) ............................................................................................................2

Fed. R. Civ. P. 72(b)(3)..........................................................................................................2

Defendant hereby submits its Objections to the August 14, 2026 Order and Recommendation (the "Order") (DE 181) pursuant to Federal Rule of Civil Procedure 72.

## INTRODUCTION

This Court should set aside or reject the Order as erroneous and contrary to law. First, the Order identifies no common issue, subject to common proof, that will materially advance Plaintiffs' claims. GEICO's overtime policies and performance metrics are lawful and, in any event, applied differently across different Plaintiffs, while GEICO's knowledge of claimed off-the-clock work necessarily depends on Plaintiff- and supervisor-specific evidence. Proposed "trial groupings" cannot render Plaintiffs similarly situated, cure these individualized issues, or eliminate the need for mini-trials. Second, the Order declines to enter summary judgment on claims or portions of claims on which GEICO demonstrated there is no genuine dispute of material fact. The Order improperly generalized evidence and used facts concerning other Plaintiffs that fail to demonstrate a genuine dispute as to the claims or portions of claims on which GEICO sought summary judgment.

## RELEVANT PROCEDURAL BACKGROUND

The Order denied GEICO's motion for decertification of the conditionally certified FLSA collective action and recommended that the Court deny GEICO's motion for summary judgment. (DE 181.) Despite acknowledging "meaningful differences" in alleged off-the-clock tasks, recorded overtime, and supervisor communications, the Order erred by generalizing evidence from various other plaintiffs to find genuine disputes of material fact on the claims of individual opt-in Plaintiffs, held that such differences did not require decertification, and proposed "trial groupings" to address individualized defenses to opt-in Plaintiffs' claims. (*Id.* at 30-33.)

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 72(a), the Court may set aside a nondispositive[1] ruling that is "clearly erroneous or contrary to law," including one that misapplies governing law. Fed. R. Civ. P. 72(a); *Doe v. Syracuse Univ.*, 481 F. Supp. 3d 66, 73 (N.D.N.Y. 2020). For dispositive matters, the Court reviews *de novo* each properly objected-to portion of the recommendation. Fed. R. Civ. P. 72(b)(3).

## ARGUMENT

### I. THE ORDER FAILS TO APPROPRIATELY ASSESS WHETHER PLAINTIFFS ARE "SIMILARLY SITUATED"

#### A. The Order Improperly Relies On Immaterial And Uncommon Issues That Are Not Capable Of Resolution Through Common Proof

The Order's decertification ruling is contrary to law because the purported common issues are not material or cannot be resolved through common proof. In assessing whether decertification is appropriate, courts "shall take into account" whether a question "is common to all [collective] members *because it can be answered with common proof*." *Savinova v. Nova Home Care, LLC*, 2024 WL 1341113, at *3 (D. Conn. 2024) (quoting *Scott v. Chipotle Mexican Grill, Inc*., 954 F.3d 502, 521 (2d Cir. 2020)) (emphasis added).

The Order identifies three supposed material issues: (i) GEICO's (lawful and variable) overtime-approval processes, (ii) GEICO's (lawful and variable) workload expectations and metrics, and (iii) GEICO's (unsubstantiated and variable) knowledge of off-the-clock work. (DE 181 at 31.) None is a material issue susceptible to common proof that will "collectively advance the litigation of multiple claims in a joint proceeding," *Scott*, 954 F.3d at 521. In the absence of

[1] Some courts apply *de novo* review to decertification recommendations. *See, e.g.*, *Sanchez v. Schlumberger Tech. Corp.*, 2020 WL 519957, at *1-2 (S.D. Tex. 2020) (applying *de novo* review); *Hayes v. Laroy Thomas, Inc.*, 2007 WL 1174313, at *2 (E.D. Tex. 2007) (same); *Sandoz v. Cingular Wireless, LLC*, 2014 WL 3045532, at *8 (W.D. La. 2014).

such common proof, the Order's conclusion that each issue suffices to render Plaintiffs similarly situated is contrary to law and clearly erroneous.

### 1. No Uniform, Unlawful Application Of Overtime Approval Processes Exists

As the Order recognizes, to find Plaintiffs similarly situated, the question is "whether common proof will materially advance resolution of the employees' claims." DE 181 at 28; *Scott*, 954 F.3d at 521. The Order erroneously identifies GEICO's "common overtime-approval policies" as materially advancing Plaintiffs' claims. (DE 181 at 30), but GEICO's concededly lawful policy cannot do so absent common proof of a systematic "policy to violate the policy."

A lawful policy does not establish substantial similarity absent "substantial evidence" that it was uniformly applied in an unlawful manner. (DE 173-1 at 15-18.) Accordingly, courts decertify collective actions where lawful policies were not "consistently and systematically violated." *Desilva v. N. Shore-Long Island Jewish Health Sys., Inc.*, 27 F. Supp. 3d 313, 317-18 (E.D.N.Y. 2014); *Harper v. Gov't Emps. Ins. Co.*, 2015 WL 9673810, at *3-4 (E.D.N.Y. 2015) (recommending decertification because "comprehensive corporate procedures and policies" did not establish plaintiffs were similarity situated due to conflicting testimony about how different supervisors applied policies); *Campbell v. City of Los Angeles*, 903 F.3d 1090, 1120-21 (9th Cir. 2018) (finding inconsistent application of lawful written policy warranted decertification); *White v. 14051 Manchester Inc.*, 301 F.R.D. 368, 374-75 (E.D. Mo. 2014) (decertifying where purported common policy "was not uniformly or systematically implemented" and affected plaintiffs "in different and individual ways").

Here, GEICO's written policy was lawful. The material question the Order failed to assess is whether common proof establishes an unlawful *de facto* top-down policy that uniformly prevented the reporting of compensable overtime. The Order recognized that "supervisors could

approve or deny requests based on perceived business need," and this Court previously found "significant variation" in supervisors' discretion as well as the impact of that discretion on whether overtime was worked and whether it was recorded. (DE 181 at 5; DE 162 at 29-31; DE 173-1 at 10-11.)

As this Court previously concluded, "whether such a *de facto* policy existed" may be a common question, but "Plaintiffs' own evidence shows that the purported *de facto* policy will present discrete questions as to liability that will need to be decided based on individualized facts and employment circumstances." (DE 162 at 21, 26.) Depending on an individual's circumstances, job title, department, time period, and supervisor, overtime may or may not have been requested, approved, worked, recorded, or compensated – "all of which affects the extent to which GEICO's policies caused each Investigator to work overtime without compensation." (*Id.* at 29-31.) As this Court correctly recognized, merely proving the existence of a common policy will not materially advance this litigation because "GEICO's liability as to each Investigator's alleged uncompensated work will turn on individualized issues." (*Id.* at 30.) Thus, the Order cannot reconcile its contrary conclusion that individualized issues merely "affect the strength and value of individual claims" with this Court's finding that "[g]eneralized proof cannot be used to determine liability." (DE 181 at 31; DE 162 at 31.)

The record confirms substantial variation, not uniformity, in overtime-approval practices across time periods, job titles, supervisors, and regions. (DE 173-1 at 5-12; DE 98-66 at 17.) Some opt-in Plaintiffs received approval for and recorded substantial overtime, while others did not. (DE 173-1 at 5; DE 138-1 at 24.) While the Order states that "most" investigators pre-reorganization reported to Region 2 SIU manager Newport or Major Case manager Wolfe (DE 181 at 3), Region 8 opt-ins worked for different supervisors than every Named Plaintiff. (DE 138-1 at 6-11; DE

173-1 at 4-5; DE 173-5 ¶ 6.) Region 8 Plaintiff Cruz, for example, testified that reporting additional time was not "prohibited or disincentivized" in his department. (DE 175 at 10.) Plaintiffs failed to show a *de facto* policy applying even to Region 8, let alone collective-wide.

Plaintiffs gave differing reasons for not recording overtime. Some did not record overtime to improve metrics and increase compensation, others believed the process too "time consuming," and others simply never thought to record more than 38.75 hours. (DE 173-1 at 11.) Supervisor overtime-approval practices also varied, with some requiring pre-approval for overtime and others instructing employees to record all time and disciplining any off-the-clock work discovered. (DE 173-1 at 10-11; DE 175 at 2.) In sum, given the varied factual record, there is no "common proof" through which "overtime approval policies" can be established, and the Order's conclusion is contrary to law and fact. *Doe*, 481 F. Supp. 3d at 73.

The Order is further contrary to law insofar as it finds "common practices can be tried through representative documents and testimony," without analyzing the criteria for using representative testimony to provide common proof. (DE 181 at 32.) Representative testimony is only appropriately used when it covers each "category of worker," contains "actual consistency" with "no contradictory testimony" regarding "an admitted policy of the employer that was consistently applied," and concerns "predictable, daily-recurring periods of uniform and predetermined duration." *Remache v. Mac Hudson Grp.*, 2018 WL 4573072, at *7 (E.D.N.Y. Sept. 7, 2018) (quoting *Reich v. S. New Eng. Telecomms. Corp.*, 121 F.3d 58, 68 (2d Cir. 1997)). Plaintiffs' testimony regarding overtime approval is inconsistent, varied, and contradictory. (*Id.*; DE 173-1 at 8-10, Ex. 8.) The claimed overtime varies substantially, with Plaintiffs' claims ranging from 1-2 hours per month to more than 20 hours per week. (DE 173-1 at 7; DE 181 at 6.) Those claims often turn on individualized drive-time activities, which the Order concluded will

depend on the "the nature, purpose, or frequency of the employee's travel-related activities." (DE 181 at 23.) Some opt-ins allege they did not begin working off-the-clock for several years, while others supposedly ceased off-the-clock work during the relevant period. (DE 173-1 at 6-7). Thus, certain Plaintiffs' experiences cannot be fairly extrapolated to those with dissimilar experiences. *Zivali v. AT&T Mobility, LLC*, 784 F. Supp. 2d 456, 468 (S.D.N.Y. 2011); *Tracy v. NVR, Inc.*, 293 F.R.D. 395, 399 (W.D.N.Y. 2013) (concluding extrapolation was impossible because of "wide variety of employment practices and time management requirements"). Absent any representative testimony providing common proof that can be generalized across Plaintiffs, decertification is appropriate. *Id.*; *Proctor v. Allsups Convenience Stores, Inc.*, 250 F.R.D. 278, 283-84 (N.D. Tex. 2008) (declining to apply representative testimony and granting decertification).

**2. The Order Errs In Finding That "Workload Expectations" And Metrics Render Plaintiffs Similarly Situated**

The Order found common "workload expectations" and metrics, particularly Productivity, that could have incentivized off-the-clock work. (DE 181 at 30.) But lawful metrics cannot materially advance Plaintiffs' claims where neither the metrics nor their effects were uniform and no common proof exists.

Lawful performance metrics do not substitute for evidence of a uniform policy requiring off-the-clock work or prohibiting overtime reporting. (DE 173-1 at 19-21 (discussing *Blakes*, *Pittmon*, *Briggins*, *Meadows*, *Brickey*, and *Eng-Hatcher*).) The metrics applicable to Plaintiffs varied. Major Case investigators – approximately 20% of Plaintiffs – were subject to neither Productivity nor Case Life[2] metrics, the metrics alleged to have incentivized off-the-clock work, as Plaintiffs concede and the Order acknowledges. (DE 181 at 31.) Metrics for other investigators

[2] Major Case investigators did not have a metric for Case Life, which the Order omitted. (DE 98-66 at 20.)

varied by Region, job title, and specialized team. (DE 181 at 31; DE 98-66 at 20; DE 173-1 at 8.) No Named Plaintiffs worked in Major Case or Region 8, and opt-ins in those areas with differing metrics cannot be similarly situated. *See Glatt v. Fox Searchlight Pictures, Inc.*, 811 F.3d 528, 540 (2d Cir. 2016) (avoiding decertification requires finding "the opt-in plaintiffs are in fact similarly situated to the named plaintiffs"); *Zivali*, 784 F. Supp. 2d at 468.

Similarly, the metrics at issue had no uniform effect. Contrary to the Order's statement that every deponent attributed unpaid overtime to workload or metric pressure (DE 181 at 30), Cruz worked no off-the-clock time and met his metrics for years because his workload provided "free time." (DE 173-1 at 7.) Others like Costanzo, Munoz, Gotterbarn, Ohrnberger, and Buzak likewise met metrics without off-the-clock work, stopped such work while continuing to meet metrics, or attributed extra work to other causes, like a slow laptop. (DE 173-1 at 6-7; DE 173 Ex. 6; DE 175 at 6-7.)

To the extent the Magistrate Judge concluded that a "material question[] capable of common proof" is whether GEICO's lawful performance metrics, combined with timekeeping and overtime-approval policies, "operated together" to create an FLSA violation (DE 181 at 30), *Desilva* rejected the same theory that lawful policies could "converge" into an FLSA violation where individual circumstances and managerial discretion prevented common proof of a uniform practice. *Desilva*, 27 F. Supp. 3d at 322, 328-30. Whether any metric was achievable or incentivized off-the-clock work depends on each Plaintiff's goals, desired rating, and workload, which varied considerably. (DE 173-1 at 7-12.) Lawful metrics cannot materially advance Plaintiffs' claims where different metrics applied to different Plaintiffs with different workloads, and had different effects at different times.

### 3. GEICO's Purported Knowledge, As This Court Previously Recognized, Necessarily Varies For Each Plaintiff

Knowledge is an element of each Plaintiff's claims: GEICO must have had actual or constructive knowledge of that employee's uncompensated work. *Kuebel v. Black & Decker Inc.,* 643 F.3d 352, 361-63 (2d Cir. 2011). That element cannot be demonstrated through common proof.

One employee's complaint cannot establish knowledge of another employee's work under a different supervisor. *See Alicea v. Walsh Constr. Co*., 2014 WL 12861246, at *8 (D. Conn. Sept. 30, 2014) (denying certification where "Plaintiffs will have to show that each individual supervisor had actual or constructive knowledge of the Plaintiffs' overtime work" and "such proof will necessarily proliferate into a series of individualized stories for each putative class member").

The Order's cited authority underscores this point. Both *Pino* and *McGlone* found knowledge susceptible to common proof because the plaintiffs shared the same limited supervisors. *Pino v. Harris Water Main & Sewer Contractors Inc*., 2020 WL 5708889 at *6 (E.D.N.Y. 2020) (noting knowledge was "unlikely to vary" due to two shared supervisors); *McGlone v. Contract Callers, Inc.*, 49 F. Supp. 3d 364, 368 (S.D.N.Y. 2014) (finding that because of "shared supervisors" knowledge could be imputed). *Scott* involved a single uniform classification decision, not statements to supervisors. *Scott*, 954 F.3d at 521.

Plaintiffs worked under different supervisors, in different regions, jobs, and periods, and rely on different bases for knowledge. (DE 173-1 at 4-5, 12-13.) Some admittedly never reported off-the-clock work. (DE 138-1 at 29; DE 173, Ex. 27, M. Fischer Tr. 190:16-22.) Some Plaintiffs contend they expressly complained about off-the-clock work, while others rely on "generalized complaints about workload" and "SICM timestamps" that the Magistrate Judge correctly concluded "establish neither the duration of work performed nor whether it resulted in

uncompensated overtime." (DE 181 at 25.) Accordingly, and as this Court previously recognized, no common proof can establish varied bases of knowledge. DE 162 at 28-31; *Alicea*, 2014 WL 12861246, at *8.

### B. "Trial Groupings" Are Not Viable And Would Not Eliminate The Need Individualized Mini-Trials

The Order's suggested "trial groupings" underscore rather than resolve Plaintiffs' individualized issues.

Where resolution of Plaintiff' claims requires plaintiff-specific mini-trials rather than generalized evidence, decertification is appropriate. *Tracy*, 293 F.R.D. at 399 (finding "dozens of mini-trials" justified decertification); *Reed v. Cnty. of Orange*, 266 F.R.D. 446, 456 (C.D. Cal. 2010) (granting decertification because "different factual and employment circumstances [] will not be amenable to generalized evidence").

Indeed, this Court previously found that individualized evidence is necessary for determining liability because Plaintiffs "cannot specify the periods they did work off-the-clock" or "how much time they worked," sometimes received permission to work overtime, and sometimes "were instructed to log hours they worked off-the-clock." (DE 162 at 28-30.) Thus, "GEICO's liability…turn[s] on individualized issues" and requires extensive mini-trials that eliminate the efficiencies of proceeding collectively. *Id.*; *Onate v. AHRC Health Care, Inc.*, 2023 WL 8648167, at *9 (S.D.N.Y. 2023) (finding individualized proceedings would be necessary to establish liability given variance in claimed off-the-clock work, absence of a "uniform, companywide policy," and discretion that "depended heavily on individual managers").

The same is true of knowledge. The Order correctly recognized that whether GEICO had actual or constructive knowledge requires individualized proceedings because "whether particular supervisors received sufficiently specific information, whether an employee's schedule made an

electronic timestamp probative, and whether claimed tasks were compensable" were not amenable to common proof. (DE 181 at 31.) Plaintiff-specific defenses, including time-barred claims and deemed admissions, require still more individualized adjudication. (*Id.* at 33-34.)

Trial groupings cannot resolve these differences. Any grouping would have to account for when and how much each Plaintiff allegedly worked, whether that time was recorded, differing supervisors and overtime-approval practices, different regions, positions, applicable metrics, different asserted bases for GEICO's knowledge, different ability to vary and flex schedules, and Plaintiff-specific defenses. Such groupings are infeasible because determining each Plaintiff's group would itself require the individualized inquiries collective treatment is supposed to avoid.[3]

## II. THE RECOMMENDATION TO DENY GEICO'S MOTION FOR SUMMARY JUDGMENT SHOULD BE REJECTED

The Magistrate Judge's report and recommendation regarding GEICO's summary judgment motion generalizes evidence to deny summary judgment as to individual Plaintiffs' claims and parts of claims. Summary judgment is required "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Although GEICO moved on Plaintiff-specific grounds as to 16 Plaintiffs (DE 138), the Order declined to "repeat the same analysis separately for each Plaintiff" and declined to determine whether GEICO met its burden as to any claim or part of claim, reasoning that the FLSA permits violations to be established through representative proof. (DE 181 at 17.)

But as established above, representative testimony may only be utilized under specific criteria and when it can "fairly be extrapolated" to others. *Supra* § I.A.1.; *Zivali*, 784 F. Supp. 2d

[3] Individualized trials and evidence would be necessary for any Plaintiff's NYLL claims, which extend three years beyond the FLSA claims and cannot be tried collectively, given the Court's prior denial of class certification. (DE 162.)

at 468; *Reich*, 121 F.3d at 68. The Order conducted no such analysis, contrary to law, and Plaintiffs' varied individualized circumstances cannot satisfy those requirements. (*Supra* § I.A.1.)

Contrary to the Order, GEICO demonstrated that no genuine dispute of material fact exists and that it is entitled to summary judgment, in whole or part, as to multiple Plaintiffs.

First, GEICO is entitled to summary judgment on Plaintiffs relying exclusively on constructive knowledge. (DE 138-1 at 21, 26.) Although the Magistrate Judge stated that "Plaintiffs do not, however, rely on timestamps alone" (DE 181 at 25), Plaintiffs Buzak, Cruz, and Stemmler, and P. Fischer do rely on timestamps to establish GEICO's knowledge. (DE 173-1 at 25.) As precedent establishes, one employee's complaints to his or her supervisor cannot establish the requisite knowledge of another employee's alleged off-the-clock work. (DE 181 at 25-26 (citing *Kuebel*, *Perry*, and *Thompson*). Because Plaintiffs cannot demonstrate any genuine dispute as to the knowledge of those Plaintiffs' supervisors, GEICO is entitled to summary judgment.

Second, the Magistrate Judge erred because Barden, Brust, Pia, Mangan, and Jones deprived GEICO of knowledge of unpaid work and admitted to concealing off-the-clock work from GEICO. (DE 138-1 at 29.) "Where an . . . employee fails to notify the employer or deliberately prevents the employer from acquiring knowledge of the overtime work, the employer's failure to pay for the overtime hours is not a violation of the FLSA." *Hinteberger v. Cath. Health Sys*., 299 F.R.D. 22, 37 (W.D.N.Y. 2014). As GEICO established, the concealment of off-the-clock work is undisputed, and it entitles GEICO to summary judgment. The Order's extrapolation of other Plaintiffs' complaints of off-the-clock work to deny summary judgment was erroneous. (DE 181 at 24-27.)

Third, Plaintiff Wendling failed to participate in discovery and, therefore, cannot submit evidence of any unpaid wages. "[S]elf-serving affidavits and statements, standing alone, are

insufficient to defeat summary judgment." *In Re Xiang Yong Gao*, 560 B.R. 50, 59 (Bankr. E.D.N.Y. 2016). Although the Magistrate Judge cited evidence concerning Plaintiff Wendling's claims (DE 181 at 12, 22), he failed to grant summary judgment where no material facts were in dispute and GEICO established that Wendling's failure to participate warranted the dismissal of his claims with prejudice. (DE 138-3 ¶ 224.)

Fourth, GEICO established that Peggy Fischer deconstructed and reconstructed her workstation due to her idiosyncratic and voluntary desire to eat dinner at her dining room table. (DE 138-1 at 15-16.); PRSOF ¶ 90; 29 C.F.R. § 790.7(h) (an activity is preliminary or postliminary if it is "voluntary"). Accordingly, the undisputed evidence shows that the 20 to 30 minutes per day (1.66-2.5 hours per week) that Fischer seeks to recover as unpaid overtime is not compensable as a matter of law, and because it indisputably lowers her weekly estimated hours to less than 40 hours per week, it forecloses her FLSA claim. (DE 181 at 21.)

Fifth, GEICO is entitled to summary judgment as to Plaintiffs' claims for workweeks during which Plaintiffs undisputedly did not work off-the-clock. Such time includes (i) time Jones spent working as an SIU Trainer (DE 138-1 at 17); (ii) time Costanzo and Munoz admitted they ceased working off-the-clock (*id.*); and (iii) time periods Gray and King were on leave of absence (*id.*); workweeks in which Plaintiffs worked 3 days or less, and in which no reasonable jury could conclude that they worked more than 40 hours (*id.* at 17-18). The undisputed facts foreclose any claimed overtime for these individuals during such time periods.

**DATED: August 28, 2026**

Respectfully submitted,

GOVERNMENT EMPLOYEES INSURANCE COMPANY

By: *<u>/s/ Gerald L. Maatman, Jr.</u>*
One of Its Attorneys

Gerald L. Maatman, Jr.
Jennifer A. Riley
Gregory Tsonis
**DUANE MORRIS LLP**
190 S. LaSalle Street, Suite 3700
Chicago, IL 60603
Telephone: (312) 499-6700
Fax: (312) 499-6701
gmaatman@duanemorris.com
jariley@duanemorris.com
gtsonis@duanemorris.com

*Attorneys for Defendant Government Employees Insurance Company*

## CERTIFICATE OF SERVICE

I, Gerald L. Maatman, Jr., hereby certify that on August 28, 2026, I caused a true and correct copy of the foregoing to be served on counsel of record via email in compliance with applicable Federal and Local Rules.

*/s/ Gerald L. Maatman, Jr.*

Gerald L. Maatman, Jr.