**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KEITH FISCHER, MICHAEL O'SULLIVAN, JOHN MOESER, LOUIS PIA, THOMAS BARDEN, CONSTANCE MANGAN, and CHARISE JONES, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>GOVERNMENT EMPLOYEES INSURANCE COMPANY,<br><br>Defendant. | Case No. 2:23-CV-02848 (SJB) (SIL) |

**PLAINTIFFS' REPSONSE IN OPPOSITION TO DEFENDANT'S RULE 72 OBJECTIONS TO JUDGE STEVEN I. LOCKE'S AUGUST 14, 2026 ORDER AND RECOMMENDATION**

## TABLE OF CONTENTS


INTRODUCTION .......... 1

PROCEDURAL BACKGROUND .......... 2

LEGAL STANDARD .......... 3

ARGUMENT .......... 3

I. The Order Correctly Found That Plaintiffs and Opt-in Plaintiffs Are Similarly Situated. .......... 3

A. The Order Applied the Right Standard Under *Scott v. Chipotle* .......... 3

B. The Order Properly Identified Common Material Issues. .......... 5

C. Use of Representative Testimony and Trial Management Tools Is Appropriate. .......... 8

II. The Report and Recommendation Properly Found Genuine Disputes of Material Fact Exist, Making Summary Judgment Inappropriate. .......... 9

CONCLUSION .......... 12

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Alicea v. Walsh Constr. Co.*,
2014 U.S. Dist. LEXIS 204070 (D. Conn. Sept. 30, 2014) ....................7

*Anderson v. Mt. Clemens Pottery Co.*,
328 U.S. 680 (1946)....................10

*DeSilva v. N. Shore-Long Island Jewish Health Sys.*,
27 F. Supp. 3d 313 (E.D.N.Y. 2014) ....................6

*Diffenbauch v. Rhinehart R.R. Constr., Inc.*,
2021 WL 365850 (N.D.N.Y. Feb. 3, 2021) ....................6

*Harold Levinson Assocs., Inc. v. Chao*,
37 Fed. Appx. 19 (2d Cir. 2002)....................8

*McGlone v. Contract Callers, Inc.*,
49 F. Supp. 3d 364 (S.D.N.Y. 2014)....................7, 11

*Nell v. City of New York*,
2021 U.S. Dist. LEXIS 123490 (S.D.N.Y. July 1, 2021) ....................10

*Perry v. City of New York*,
552 F. Supp. 3d 433 (S.D.N.Y. Aug. 5, 2021)....................5, 6

*Pino v. Harris Water Main & Sewer Contractors Inc.*,
2020 U.S. Dist. LEXIS 174934 (E.D.N.Y. Sept. 23, 2020)....................7

*PWV Consultants LLC v. Chebil Realty LLC*,
2022 U.S. Dist. LEXIS 33658 (S.D.N.Y. Feb. 24, 2022)....................3

*Reich v. S. New Eng. Telecomms. Corp.*,
121 F.3d 58 (2d Cir. 1997)....................8, 10

*Remache v. Mac Hudson Grp.*,
2018 U.S. Dist. LEXIS 154099 (E.D.N.Y. Sept. 7, 2018)....................8

*Savinova v. Nova Home Care, LLC*,
2024 WL 1341113 (D. Conn. Mar. 29, 2024) ....................2, 5, 6

*Scott v. Chipotle Mexican Grill, Inc.*,
954 F.3d 502 (2d Cir. 2020).................... *passim*

*Tracy v. NVR, Inc.*,
293 F.R.D. 395 (W.D.N.Y. 2013)....................8

*United States v. Romano*,
794 F.3d 317 (2d Cir. 2015)....................3

*Wagner v. Chiari & Ilecki, LLP*,
973 F.3d 154 (2d Cir. 2020)....................10

*Wilson v. Jamaica Serv. Program for Older Adults, Inc.*,
708 F. Supp. 3d 213 (E.D.N.Y. 2023) ....................8, 9, 10, 11

*Zivali v. AT&T Mobility, LLC*,
784 F. Supp. 2d 456 (S.D.N.Y. 2011)....................8

**Statutes**

28 U.S.C. § 636....................3

29 U.S.C. § 216....................3

**Other Authorities**

Fed. R. Civ. P. 42....................9

Fed. R. Civ. P. 56....................10

Fed. R. Civ. P. 72....................1, 3

**INTRODUCTION**

Judge Locke's Report and Recommendation and Memorandum and Order ("R&O"), Docket Entry ("DE") 181, should not be set aside or modified under Rule 72. The R&O concluded GEICO failed to meet its heavy burden on both its motion to decertify the Fair Labor Standards Act ("FLSA") collective and its motion for summary judgment. And Judge Locke's well-reasoned analysis supporting these conclusions is not clearly erroneous, contrary to law, or otherwise incorrect.[1] Fed. R. Civ. P. 72 (a), (b)(3). GEICO's objections to the R&O should therefore be overruled. DE 183 ("Objections").

For decertification, the R&O's finding that the collective is "similarly situated" is not clearly erroneous. The R&O adhered to the Second Circuit's decision in *Scott v. Chipotle Mexican Grill, Inc.*, which instructs that the main inquiry at decertification is "whether [the named plaintiffs and opt-in plaintiffs] share one or more similar questions of law or fact material to the disposition of their FLSA claims." 954 F.3d 502, 521 (2d Cir. 2020). Judge Locke identified numerous common issues material to the collective's claims, including that Plaintiffs worked in similar locations, had similar duties, used the same timekeeping and investigatory systems, were subject to similar overtime policies, "attributed unpaid work to workload or metric pressure," had common knowledge facts, and testified to off-the-clock work. DE 181 at 30. GEICO's objections do not show clear error, only GEICO's difference of opinion about what the evidence shows. At bottom, GEICO conflates the FLSA decertification standard with Rule 23's predominance considerations. But individualized issues "will not prove fatal to the 'similarly situated' analysis" as they might when evaluating class certification under Rule 23. *Scott*, 954 F.3d at 521-22. GEICO's objections

---

[1] As GEICO did not object to Judge Locke's willfulness finding in the summary judgment report and recommendation, *see* DE 181 at 27-28, GEICO has waived that objection.

improperly apply "the more stringent approach to decertification that the Second Circuit expressly disavowed in *Scott*." *Savinova v. Nova Home Care, LLC*, 2024 WL 1341113, at *4-5 (D. Conn. Mar. 29, 2024). The Court should reject GEICO's demand that a modest collective of 50 similarly-situated Plaintiffs must individually litigate their claims. That demand does not promote judicial efficiency and is not consistent with Plaintiffs' rights under the FLSA.

Nor is GEICO entitled to a second bite of the apple on summary judgment. GEICO's objections fail to acknowledge that genuine disputes of material fact exist on all the issues it claims are undisputed, and that the R&O specifically cites to extensive opt-in testimony and evidence in support of its ruling. The Court is not required to provide individualized analyses for every Plaintiff – it simply must point to the relevant evidence in the record that establishes genuine disputes of material fact. The R&O did this.

For these and the below reasons, the Court should overrule GEICO's objections.

## PROCEDURAL BACKGROUND

This Court previously granted Plaintiffs' motion to authorize notice to the FLSA collective, finding "Plaintiffs satisfied their burden of demonstrating that GEICO maintained a common policy or plan deterring the reporting of all hours worked." DE 91 at 20. Plaintiffs later moved to certify a New York Labor Law class under Rule 23, DE 98, and GEICO moved for summary judgment on the claims of 16 named and opt-in plaintiffs. DE 138. The Court denied Plaintiffs' class certification motion based on Rule 23(b)'s predominance requirements, but nonetheless found Plaintiffs satisfied commonality and typicality because GEICO's *de facto* off-the-clock policy could be proven through "common proof." DE 162 at 21-23. The Court referred GEICO's motion for summary judgment to Magistrate Judge Locke. Jan. 8, 2026 Min. Order. After Phase 2 fact discovery (related to the collective), GEICO moved to decertify the collective. DE 173.

On August 14, 2026, Magistrate Judge Locke issued a report and recommendation that this Court deny GEICO's motion for summary judgment and an order denying the motion to decertify the collective. DE 181. GEICO filed its Objections to the R&O on August 28, 2026. DE 183.

## LEGAL STANDARD

The Court's review of a magistrate judge's decision varies based on the type of motion at issue. For dispositive motions like a motion for summary judgment, the Court must conduct a *de novo* review and "may accept, reject, or modify" the findings or recommendations made by the magistrate judge. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); *United States v. Romano*, 794 F.3d 317, 340 (2d Cir. 2015). For non-dispositive motions, like a motion for decertification, the Court can only overrule the decision if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). "A finding is 'clearly erroneous' if the reviewing court is left with the definite and firm conviction that a mistake has been committed." *PWV Consultants LLC v. Chebil Realty LLC*, 2022 U.S. Dist. LEXIS 33658, at *7 (S.D.N.Y. Feb. 24, 2022). "Because the standard is highly deferential, the objector . . . carries a heavy burden." *Id.*

## ARGUMENT

### I. The Order Correctly Found That Plaintiffs and Opt-in Plaintiffs Are Similarly Situated.

#### A. The Order Applied the Right Standard Under *Scott v. Chipotle*.

Judge Locke correctly observed that employees are "similarly situated" under 29 U.S.C. § 216(b) when they "share one or more issues of law or fact that are material to the disposition of their FLSA claims," DE 181 at 14 (quoting *Scott*, 954 F.3d 502 at 516), and that Plaintiffs need only show that "common proof will materially advance resolution of one or more issues" to avoid decertification. *Id.* He further noted that decertification is improper "where common issues remain," despite alleged "differences in employees' schedules, hours, supervisors, . . . or other

individual circumstances," and the potential need for "[i]ndividual damages calculations and some employee-specific liability evidence." *Id.* at 29 (citing cases). These standards correctly reflect that the "similarly situated" standard is a "lower bar" than Rule 23's predominance requirement. *Scott*, 954 F.3d at 520. Indeed, in *Scott*, the Second Circuit vacated the district court's decision because it "conflated the standards for maintaining a collective action under § 216(b) and a class action under Rule 23." 954 F.3d at 522.

Although GEICO nods at *Scott*'s standards, it attempts to use this Court's Rule 23 predominance analysis to argue that alleged individualized issues require decertification. *See* Objections 4, 9. This is improper and does not show clear error. *See Scott*, 954 F.3d at 521 (differences are more properly analyzed with predominance). It also ignores that even under Rule 23's more demanding commonality standard, common issues of fact exist here. While "courts may not import the requirements of Rule 23 into their application of § 216(b) in assessing whether named plaintiffs and opt-in plaintiffs are similarly situated under the FLSA, these findings are relevant to collective plaintiffs' argument that they are similarly situated." *Id.* at 521. Here, the Court previously found that Plaintiffs provided sufficient evidence to satisfy commonality, and that Plaintiffs' proffered evidence "indicate[d] that Investigators were working off-the-clock and not being paid overtime; and therefore, there is sufficient evidence of a *common issue of fact* as to whether such a *de facto* policy existed that is subject to common proof." DE 162 at 21 (emphasis added).

Because Plaintiffs have provided, and Judge Locke has acknowledged, several common issues "that collectively advance the litigation of multiple claims in a joint proceeding," *Scott*, 954 F.3d at 521, the Court should overrule GEICO's objections to Judge Locke's order denying GEICO's motion to decertify the collective.

### B. The Order Properly Identified Common Material Issues.

Judge Locke properly found "GEICO's overtime-approval process, workload expectations, centralized metrics, and knowledge" are all common issues of fact material to Plaintiffs and Opt-in Plaintiffs' claims. DE 181 at 31. GEICO's objections mischaracterize these common issues as "immaterial" or "uncommon," but its arguments ignore record evidence, conflate Plaintiffs' burden at decertification with that of class certification predominance, and improperly rely on caselaw that has since been rejected by *Scott* and its progeny. At bottom, even if Plaintiffs' experiences were "highly individualized" (they are not), that "does not warrant decertification after *Scott*." *Savinova*, 2024 WL 1341113, at *5; *see also Perry v. City of New York*, 552 F. Supp. 3d 433, 442 (S.D.N.Y. Aug. 5, 2021) (collecting cases where "[c]ourts have found opt-in plaintiffs similarly situated in large off-the-clock cases despite the individualized issues").

#### 1. GEICO's Overtime-Approval Process Is a Common Issue.

Judge Locke correctly found that evidence in the record shows that Plaintiffs "were governed by common overtime-approval policies." DE 181 at 30. GEICO nonetheless argues Plaintiffs have not provided common proof as to GEICO's overtime-approval processes. But this inquiry is wrong. The question is not "whether common proof *establishes* an unlawful *de facto* top-down policy that uniformly prevented the reporting of compensable overtime," Objections 3 (emphasis added), because that is a liability question. The question is whether the collective shares common issues that will materially advance resolution of their claims, and here the R&O found that GEICO's overtime-approval processes are one such issue. DE 181 at 30. Judge Locke acknowledged Plaintiffs' evidence showing that GEICO maintains a top-down overtime approval policy, tightly restricts authorized overtime, and requires Plaintiffs to seek prior approval. *Id.* This was also a common issue flagged in this Court's prior ruling on class certification. DE 162 at 21. That GEICO disputes what the evidence shows does not show clear error of law. Some differences

in Plaintiffs' testimony, such as stated "differing reasons for not recording overtime," Objections 5, do not justify decertification.

Similarly, whether GEICO's policies are "lawful" is irrelevant to the question of whether common issues of fact exist and is an issue "for the finder of fact at trial." *Diffenbauch v. Rhinehart R.R. Constr., Inc.*, 2021 WL 365850, at *3 (N.D.N.Y. Feb. 3, 2021). GEICO asserts that "courts decertify collective actions where lawful policies were not 'consistently and systematically violated.'" Objections 3. However, none of the cases GEICO relies on have been cited since *Scott* to decertify a collective (they all predate *Scott*) and do not compel decertification. For example, in *DeSilva v. N. Shore-Long Island Jewish Health Sys.*, 27 F. Supp. 3d 313, 323 (E.D.N.Y. 2014), the court noted that common issues can still be found with a facially legal policy. And the facts there are manifestly distinguishable, as there the employees "worked in 395 departments in 39 business units at 59 locations" and were subject to varying timekeeping methods and policies. *Id.* at 323-25. In any event, *DeSilva*'s fact-specific ruling does not bind this Court and is at odds with *Scott*. *See, e.g.*, *Savinova*, 2024 WL 1341113, at *5; *Perry*, 552 F. Supp. 3d at 442-43.

**2. GEICO's Workload Expectations and Metrics Are Common Issues.**

Judge Locke properly found GEICO's workload expectations and metrics are common issues. DE 181 at 30-31. As discovery has shown, for much of the relevant period, Field and Desk Investigators (most of the collective) were evaluated on Productivity, Case Life, and Quality; Major Case Investigators were subject to all but Productivity. DE 174-1 at 5. For workload expectations, all 25 deposed Plaintiffs (about 50% of the collective) testified that workload pressures led them to work unpaid overtime. *Id.* at 7. Judge Locke credited this consensus in determining that Plaintiffs provided sufficient common proof that they are similarly situated as to GEICO's workload expectations and metrics. *See also* DE 174-1 at 3 (chart showing number of

investigators in each job title). GEICO's arguments that workloads and metrics are not "uniform" or "varied" by job title or team, Objections 6-7, do not outweigh the factual similarities among Investigators in the record, nor do they show clear error.

### 3. GEICO's Knowledge Is a Common Issue.

Judge Locke properly found the issue of whether GEICO had knowledge (constructive or actual) of Plaintiffs' off-the-clock work is capable of common proof. DE 181 at 30. Deposition testimony from half of the collective shows that workload and metric pressure contributed to off-the-clock work, *id.*, and numerous Plaintiffs testified to GEICO's actual or constructive knowledge. DE 181 at 25 (summarizing testimony about denied overtime requests, express complaints of off-the-clock work, after-hours communications with supervisors, and onerous performance measures, among others); *see also* DE 174-1 at 7-10. This evidence is sufficient to show "practices existed" which "operated together . . . and gave GEICO actual or constructive knowledge" of the collective's off-the-clock work. DE 181 at 30.

The cases GEICO cites are distinguishable or do not support its position. *Alicea v. Walsh Constr. Co.*'s analysis of individualized supervisor knowledge predates *Scott* and involved a nationwide collective. 2014 U.S. Dist. LEXIS 204070, at *26 (D. Conn. Sept. 30, 2014). And while true that *Pino v. Harris Water Main & Sewer Contractors Inc.*, 2020 U.S. Dist. LEXIS 174934 (E.D.N.Y. Sept. 23, 2020) and *McGlone v. Contract Callers, Inc.*, 49 F. Supp. 3d 364 (S.D.N.Y. 2014), had few supervisors, those cases still support Plaintiffs' position and Judge Locke correctly cited them for the proposition that "courts regularly deny post-discovery decertification despite differences in employees' . . . supervisors." DE 181 at 29. *McGlone* even notes that, "to the extent that the supervisors knew that some of Plaintiffs worked off-the-clock . . . they likely knew that most or all of Plaintiffs did so as well." 49 F. Supp. 3d at 368.

### C. Use of Representative Testimony and Trial Management Tools Is Appropriate.

Judge Locke properly found that representative evidence can be used to find that Plaintiffs and Opt-In Plaintiffs are similarly situated. DE 181 at 32. Use of representative evidence is a regular practice in FLSA collective actions. *See Reich v. S. New Eng. Telecomms. Corp.*, 121 F.3d 58, 67 (2d Cir. 1997). "That proof may take many forms, including documentary evidence, direct testimony, and inferential proof through the testimony of other collective members." *Wilson v. Jamaica Serv. Program for Older Adults, Inc.*, 708 F. Supp. 3d 213, 216-29 (E.D.N.Y. 2023). Such documents and testimony can "provide a foundation for assumptions about the overall employee pool." *Harold Levinson Assocs., Inc. v. Chao*, 37 Fed. Appx. 19, 21 (2d Cir. 2002).

Plaintiffs are not required to provide the granular, individualized testimony that GEICO argues is necessary, Objections 5-6, and GEICO's cases in support are distinguishable for various reasons. GEICO selectively quotes from *Remache v. Mac Hudson Grp.*, 2018 U.S. Dist. LEXIS 154099 (E.D.N.Y. Sept. 7, 2018), where the court found representative evidence inappropriate to determine individual damages, *id.* at *17-20, but noted that representative evidence could be used if those "testifying constitute a representative sample and [] reasonable inferences can indeed be made from that testimony," *id.* at 18 (citing *Reich*, 121 F.3d at 68). Thus, *Remache* does not require this Court to decertify the collective here. Further, GEICO's reliance on *Zivali v. AT&T Mobility, LLC*, 784 F. Supp. 2d 456, 468 (S.D.N.Y. 2011) and *Tracy v. NVR, Inc.*, 293 F.R.D. 395, 399 (W.D.N.Y. 2013) are misplaced. Both apply the *ad hoc* approach that *Scott* rejected, which finds representative testimony inappropriate if there are any differences, rather than focusing on whether common issues of fact exist. And in *Zivali*, there were more than 4,000 opt-ins in the collective across 2,000 stores. *See* 784 F. Supp. 2d at 465, 469. The instant collective of 52

Plaintiffs (of which 25 have been deposed) from a single state can easily rely on representative testimony. GEICO does not cite a persuasive post-*Scott* decision on this point.

In addition, Judge Locke properly notes that "courts may permit representative testimony, trial groupings, bifurcation, or other trial-management procedures rather than decertify a collective merely because some individualized questions remain." DE 181 at 29 (citing *Wilson*, 708 F. Supp. 3d at 216-19). Considering the overlapping facts and potential proof for collective members, "[d]ecertification would discard substantial efficiencies." DE 181 at 33 (citing cases). Further, the Court can have separate trials of one or more issues, "[f]or convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b).

GEICO disagrees these tools should be used here, but cannot not show Judge Locke erred. The Court may obviously implement trial management processes that fit the needs of this case.

Thus, Judge Locke's order denying GEICO's motion to decertify the collective is neither erroneous nor contrary to law, and GEICO's objections should be overruled.

## II. The Report and Recommendation Properly Found Genuine Disputes of Material Fact Exist, Making Summary Judgment Inappropriate.

GEICO's objections to Judge Locke's summary judgment report and recommendation, Objections 10-12, should be rejected because they ignore the genuine disputes of material fact in the record identified in the R&O and improperly demand the Court engage in granular analyses of every individual Plaintiffs' record – including Plaintiffs for whom GEICO never moved for summary judgment.[2]

---

[2] GEICO argues that Buzak, Cruz, and Stemmler cannot rely on constructive knowledge to prove their claims, but GEICO never moved for summary judgment with respect to those plaintiffs. Objections 11. GEICO cannot expand the scope of its own motion at this juncture.

Summary judgment is only appropriate if "there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a); *Nell v. City of New York*, 2021 U.S. Dist. LEXIS 123490, at *11 (S.D.N.Y. July 1, 2021). Courts must view "the evidence in the light most favorable to the nonmoving party and draw[] all reasonable inferences and resolve all ambiguities in its favor." *Wagner v. Chiari & Ilecki, LLP*, 973 F.3d 154, 164 (2d Cir. 2020).

Preliminarily, as noted above, Judge Locke was correct that plaintiffs in a collective action can rely on representative evidence. DE 181 at 17. That is true for both liability, *Wilson*, 708 F. Supp. 3d at 216, and damages, *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946); *see supra*, Section I(C). If record evidence can fairly establish a dispute of material fact for multiple or all members of the collective, summary judgment is improper. *See Reich*, 121 F.3d at 67 (representative evidence is a "function not of quantity but of quality"); *see, e.g.*, DE 142 at 1 ("I, along with everybody else that I knew of, were working more hours than what they were documenting.").

First, regarding GEICO's knowledge of off-the-clock work, Judge Locke properly found summary judgment inappropriate because Plaintiffs provided substantial evidence of actual and constructive knowledge.[3] DE 181 at 25-26; *see also* DE 142 at 5-16 (Plaintiffs' knowledge arguments). Specifically, the Court found evidence that Plaintiffs testified to "denied overtime requests, . . . that assignments could not be completed during scheduled hours, express complaints of off-the-clock work, after-hours communications with supervisors, and performance measures that divided completed cases by reported hours." DE 181 at 25 (citing DE 142-2 ¶¶ 13-17, 29-30, 29-31 and DE 142 at 7-16). GEICO does not address most of these findings, claiming only that one employee's complaint cannot support a knowledge finding as to another. But that is not true

[3] GEICO does not explicitly contest the R&O's conclusions about "actual" knowledge.

as a matter of law, *Wilson*, 708 F. Supp. 3d at 217; *McGlone*, 49 F. Supp. 3d at 368, or the facts of this case. *See, e.g.*, DE 142 at 9 (Mangan testified that Investigators told GEICO in an office-wide meeting "everybody was struggling, and . . . were working past our scheduled hours"). Similarly, GEICO's argument that summary judgment is appropriate for those who allegedly "deprived GEICO of knowledge of unpaid work" because they did not explicitly notify GEICO of their unpaid overtime, *id.*, fails to disprove a genuine dispute of material fact because that is not the only way to prove knowledge, *see* DE 142 at 12-13. And four of the individuals (Barden, Jones, Mangan, and Pia) testified that they did not log overtime *because* their supervisors had explicitly told them overtime was not allowed. *Id.* Moreover, Brust explicitly testified that he told his supervisor Gerry Cassagne that he worked off the clock. *See id.* at 7.

Second, GEICO's arguments for summary judgment as to hours associated with pre- and postliminary tasks and workweeks in which individuals did not work off the clock (e.g., leaves of absence), Objections 12, relate to damages, not liability, *see* DE 142 at 21-22, and were properly rejected by Judge Locke, *see* DE 181 at 22-24 ("GEICO has not established that excluding such time eliminates the otherwise disputed evidence that Plaintiffs performed compensable investigative work outside their recorded hours, which, in turn, may result in overtime liability."). And on Plaintiff Margaret Fischer's claims, GEICO has not shown that her pre- and post-shift time is noncompensable or that she failed to work overtime. *See id.* at 21-22 (citing M. Fischer's deposition transcript at 58:17-59:8, 87:2-7, 94:19-96:16 and DE 142 at 20-21). Rather, GEICO asks the Court to construe evidentiary inferences in its favor – the opposite of the Court's obligation here.

Finally, as to Opt-In Plaintiff Wendling, summary judgment is inappropriate on the basis that he did not "participate in discovery," Objections 11-12. Genuine disputes of material fact still exist as to his claims, DE 142 at 22-23, and GEICO has not pointed to contrary evidence.

**CONCLUSION**

For the foregoing reasons, Plaintiffs request that the Court overrule GEICO's objections.

Dated: September 11, 2026
New York, NY

Respectfully submitted,

*/s/ Michael J. Scimone*

Michael J. Scimone
Jarron D. McAllister
Zarka Shabir DSouza
**OUTTEN & GOLDEN LLP**
685 Third Avenue, 25th Floor
New York, NY 10017
Telephone: (212) 245-1000
Facsimile: (646) 509-2005
Email: mscimone@outtengolden.com
Email: jmcallister@outtengolden.com
Email: mdsouza@outtengolden.com

Ryan Cowdin*
**OUTTEN & GOLDEN LLP**
1225 New York Ave NW, Suite 1200B
Washington, D.C. 20005
Telephone: (202) 847-4400
Facsimile: (646) 952-9114
Email: rcowdin@outtengolden.com

Troy L. Kessler
Garrett Kaske
**KESSLER MATURA P.C.**
534 Broadhollow Road, Suite 275
Melville, NY 11747
Telephone: (631) 499-9100
Facsimile: (800) 451-0874
Email: tkessler@kesslermatura.com
Email: gkaske@kesslermatura.com

*Attorneys for Plaintiffs and the Collective Members*

**Admitted pro hac vice*

**LOCAL CIVIL RULE 7.1(c) CERTIFICATION**

In accordance with Local Civil Rule 7.1(c) and District Judge Sanket J. Bulsara's Individual Practices, Rule VI(E), I hereby certify that this memorandum contains 3,499 words, including footnotes, as established by Microsoft word, the software used to prepare the memorandum. The word count does include the cover page, table of contents, table of authorities, signatures block, and certificate of service, which are exempted by the applicable rules.

Dated: September 11, 2026
New York, NY

*/s/ Michael J. Scimone*

Michael J. Scimone
**OUTTEN & GOLDEN LLP**
685 Third Avenue, 25th Floor
New York, NY 10017
Telephone: (212) 245-1000
Facsimile: (646) 509-2005
mscimone@outtengolden.com

**CERTIFICATE OF SERVICE**

I, Michael J. Scimone, hereby certify that on September 11, 2026, the foregoing was filed electronically through the ECF system, is available for viewing and downloading from the ECF system and will be sent electronically to the registered participants identified on the Notice of Electronic Filings.

/s/ *Michael J. Scimone*
Michael J. Scimone
**OUTTEN & GOLDEN LLP**
685 Third Avenue, 25th Floor
New York, NY 10017
Telephone: (212) 245-1000
mscimone@outtengolden.com