Outten & Golden

Hon. Steven I. Locke
United States Magistrate Judge
United District Court, Eastern District of New York
Courtroom 820
100 Federal Plaza
Central Islip, NY 11722

September 18, 2026

**Via ECF**

Re: ***Fischer, et al. v. Gov't Emps. Ins. Co. d/b/a GEICO*, Case No. 23 Civ. 02848**

Dear Judge Locke:

Plaintiffs respectfully renew their request for an extension of the existing Phase III discovery deadlines in this matter pursuant to Fed. R. Civ. P. 6(b), Fed. R. Civ. P. 16(b)(4), and Your Honor's Individual Motion Practices, Rules 1(C) & 2(B). Plaintiffs previously submitted a request to extend these deadlines on May 27, 2026, prior to this Court's ruling on decertification, which Defendant Government Employees Insurance Company ("GEICO") opposed. ECF Nos. 178-79. The Court did not rule on Plaintiffs' prior motion, but the need to extend damages discovery persists, as explained in more detail below. This is therefore Plaintiffs' second unilateral request to extend the Phase III discovery deadlines. Despite conferral efforts detailed herein, GEICO opposes this motion.

Good cause supports Plaintiffs' motion. Plaintiffs require additional time for Phase III discovery for two primary reasons:

**First**, Plaintiffs previously requested an extension of time to produce a Rule 26(a)(2) expert report based, in part, on a need to address data issues found in GEICO's prior productions of SICM data. ECF No. 178 at 2. Not all of those data issues have been resolved through subsequent conferrals,[1] but one key sticking point has. After a lengthy dispute, GEICO has finally produced an analysis file supporting its expert declaration in this case (the "Thompson Declaration"). GEICO first served the Thompson Declaration on Plaintiffs on March 6, 2026 (as part of its motion to decertify the collective), ECF No. 173-11, and then re-served it (with modifications) on July 15,

---

[1] For example, Plaintiffs sent GEICO a list of SICM data questions and an excel spreadsheet of examples on July 14, 2026, to which GEICO still has not responded, despite follow-up. *See* Ex. A (R. Cowdin July 14, 2026 Email outlining questions); Ex. B (R. Cowdin Aug. 28, 2026 Email following up on questions), at 7-8.

**New York**
685 Third Avenue, 25th Floor
New York, NY 10017
(212) 245-1000

**San Francisco**
1 California Street, 12th Floor
San Francisco, CA 94111
(415) 322-1391

**Washington, DC**
1225 New York Avenue NW, Suite 1200B
Washington, DC 20005
(202) 914-5097

Outten & Golden LLP
outtengolden.com

2026. Although GEICO produced the underlying SICM data that supports the Thompson Declaration shortly before moving for decertification, the declaration still rested on a large number of unexplained data analysis assumptions and measures that were not disclosed to Plaintiffs and are not described in the declaration itself. On June 16, Plaintiffs therefore requested the underlying analysis file to understand the report's conclusions. Plaintiffs received the file on September 10, and need time to review it, assess its merit and completeness, and potentially produce an expert report (either affirmatively or in rebuttal) that accounts for this new information. Notably, GEICO did not produce this analysis file until Plaintiffs threatened to file a motion to strike the report or, in the alternative, compel its production. *See* Ex. B (R. Cowdin Aug. 28, 2026 Email), at 8.

**Second**, GEICO's production of documents related to damages in this case is not yet complete. GEICO has not produced full pay data in this case and is currently working to supplement previous productions. Plaintiffs need that pay data to calculate damages in this unpaid-overtime case. Similarly, the parties have been engaged in conferrals over various potential sources of time-stamp data (including VPN, email, cell phone, and SICM data) that may be used in corroborating damages in this case. GEICO has indicated that some time-stamp data may be available (e.g., certain VPN data), but has not yet produced it or finished its due diligence efforts on the availability of all data sources. Notably, these conferrals overlap with parallel meet and confer efforts about similar time-stamp data in the related *Alvarez v. GEICO*, Case No. 1:24-cv-00722-GLR (D. Md.) matter. That case is also in discovery, and Plaintiffs are attempting to harmonize discovery conferrals for efficiency of both cases.

Despite these ongoing discovery efforts, GEICO does not consent to the proposed motion. Prior to filing this motion, the parties met and conferred via videoconference on September 2, 2026. GEICO stated that it could not consent to the extension unless Plaintiffs agreed to expand the scope of opt-in discovery to include depositions for **all** opt-in plaintiffs. After a follow-up email exchange, GEICO maintained its misguided position that the "only rationale for modifying Phase III deadlines is to pursue individual damages discovery of the remaining opt-in plaintiffs." *See* Ex. A (G. Tsonis Sept. 17, 2026 Email).

The Court should reject GEICO's demand that discovery be extended only for its benefit. GEICO's position that *all* remaining opt-in Plaintiffs deposed is unreasonable for three reasons. **First**, this request is contrary to GEICO's explicit request in Phase II to depose only a sample of opt-in Plaintiffs – a request this Court found was appropriately limited. *See* Electronic Order, Dec. 2, 2025 (acknowledging a sample of opt-in testimony is appropriate and noting that "Defendant **does not seek** to depose every opt-in Plaintiff" (emphasis added)). And it was not until Plaintiffs sought a further extension of damages discovery in Phase III that GEICO insisted on taking *more* opt-in depositions. Indeed, at the time of writing, GEICO has not sought leave to take additional opt-in depositions,[2] which it must. Fed. R. Civ. P. 30(a)(2)(A)(i).

**Second**, GEICO's position ignores the fact that the vast majority of Plaintiffs currently in the case have already been subject to written discovery and have provided testimony related to

---

[2] From email correspondence, Plaintiffs understand GEICO's request for leave to depose additional opt-in plaintiffs is forthcoming.

their damages. *See, e.g.*, Ex. B (Opt-in Plaintiff Manzanillo's response to GEICO's Interrogatory No. 11, providing off-the-clock hours estimate). In total, there have been 25 plaintiff depositions and 49 sets of written discovery served out of a collective of 52 plaintiffs (including the 7 named Plaintiffs). That is more than proportionate to the needs of the case. Fed. R. Civ. P. 26(b)(1).

**Third**, GEICO ignores the legal framework of proving damages in an FLSA collective action, which permits representative testimony. The "'general rule [is] that not all employees have to testify to prove overtime violations' in claims alleging violations of the FLSA." *Wilson v. Jamaica Serv. Program for Older Adults, Inc.*, 708 F. Supp. 3d 213, 218 (E.D.N.Y. 2023) (quoting *Romero v. Fla. Power & Light Co.*, 2021 U.S. Dist. LEXIS, at *12 (M.D. Fla. June 1, 2012)); *see also Reich v. S. New England Telecommunications Corp.*, 121 F.3d 58, 67 (2d Cir. 1997) (finding representative sample of 2.5% of collective sufficient to prove FLSA case). That rule holds true for damages as well. *Stillman v. Staples, Inc.*, 2009 U.S. Dist. LEXIS 42247, at *68 (D.N.J. May 15, 2009) ("plaintiffs need not present testimony of every member of the collective action to prove their case and recover damages"). This court acknowledged the availability of such representative testimony in its recent order denying decertification of the FLSA collective. ECF No. 181 at 29-31. Representational discovery is therefore appropriate as well. *Scott v. Chipotle Mexican Grill, Inc.*, 300 F.R.D. 188, 192 (S.D.N.Y. 2014) ("The Court is not persuaded that limited or representational discovery will harm Chipotle's ability to present a full defense."). The Court should reject GEICO's attempt to convert a 52-person collective into 52 separate cases for discovery purposes. That simply defeats the purpose of the collective action.

Plaintiffs therefore request that the Court revise the existing discovery schedule as follows:

| **Deadline** | **Existing** | **Proposed** |
|---|---|---|
| Plaintiffs' Disclosures | June 1, 2026 | October 30, 2026 |
| Rebuttal Disclosures | September 1, 2026 | December 2, 2026 |
| Phase III Complete | September 30, 2026 | January 31, 2027 |

For these reasons, Plaintiffs request the Court enter the proposed scheduling order submitted contemporaneously with this motion.

Respectfully Submitted,

Michael J. Scimone

c: All Counsel of Record (via ECF)