# Exhibit B

**From:** Tsonis, Gregory
**To:** Cowdin, Ryan C.; S-GM-Fischer v. GEICO
**Cc:** Stromberg, Daniel; Brooks, Molly; Geico-O&G@outtengolden.com
**Subject:** [EXTERNAL] RE: Fischer v. GEICO Damages Discovery - Meet and Confer Requested
**Date:** Thursday, September 17, 2026 10:03:44 PM
**Attachments:** image001.png

---

Ryan,

I write regarding the *Fischer* litigation and Plaintiffs' request for GEICO to consent to an extension of the Phase III discovery deadline, as well as other issues raised.

**Phase III Discovery Extension**

Plaintiffs' assertion below that "both parties agree that some amount of an extension for damages discovery is appropriate" is incorrect.

As you will recall, Plaintiffs sought to modify the operative Phase III deadlines on May 27, 2026, just days before Plaintiffs' June 1 deadline to submit an expert disclosure and report. (ECF No. 178.) GEICO opposed Plaintiffs' motion on various grounds, including Plaintiffs' lack of diligence, lack of good cause, and several other proffered reasons that lacked merit, including GEICO's then-pending motion for decertification. (ECF No. 179.) The Court's decision on decertification does not merit any change to GEICO's prior position regarding expert discovery.

As to decertification, GEICO stated that "Plaintiffs have not demonstrated any need to tie expert disclosure deadlines to decertification" and Plaintiffs have not established any need for individualized damages discovery that would merit an extension, other than a stated need to "complete expert work."

GEICO opposes any extension of the Phase III discovery deadlines to cure Plaintiffs' dilatory efforts regarding expert discovery, particularly as GEICO proceeded under the operative scheduling order and produced its expert disclosure by Defendant's deadline.

As GEICO stated during the parties' most recent conferral, due to the Court's denial of GEICO's motion for decertification, GEICO seeks to depose the remaining members of the collective action who were not subject to Phase I or Phase II depositions. Such depositions are unquestionably necessary given Plaintiffs' claim that "representative testimony is appropriate" in this case. Prohibiting GEICO from obtaining discovery that would allow it to rebut purported "representative" testimony would substantially prejudice GEICO and prevent it from a full and fair opportunity to defend against Plaintiffs' claims. GEICO must be permitted to obtain evidence of the opt-in plaintiffs' purported damages. Indeed, as the Court previously noted, determining damages (and liability) would require "individualized inquiries about the employee's peculiar circumstances." (ECF No. 162 at 26-27.)

Other reasons similarly merit permitting the depositions of the remaining opt-in plaintiffs. In addition to damages discovery on Plaintiffs' claims, depositions are necessary for GEICO to obtain evidence to prove its affirmative defenses. And to the extent the opt-in Plaintiffs seek to assert

individual New York Labor Law claims following the Court's denial of Plaintiffs' motion for class certification, GEICO is unquestionably entitled to depose party plaintiffs asserting individual state law claims regarding such claims. And the relatively small number of depositions at issue can be completed in fairly short order.

Contrary to your assertion below, GEICO has never indicated that it would not seek to depose additional opt-in Plaintiffs. Indeed, GEICO expressly stated that a modification to Phase III deadlines would be potentially needed "to account for the necessary individualized damages discovery, including depositions" if decertification was not granted. (ECF No. 179 at 3.) GEICO sought to depose all opt-in plaintiffs in Phase I, and sought only 17 Plaintiffs in Phase II because it was consistent with Magistrate Judge Tiscione's order permitting GEICO to depose only half of the opt-ins in Phase I discovery. As GEICO previously noted, deposing a "substantial portion" of the opt-ins that joined after Court-authorized notice was sent was necessary for "rebutting Plaintiffs' contention that such persons are similarly situated." *Id*.

The only rationale for modifying Phase III deadlines is to pursue individual damages discovery of the remaining opt-in plaintiffs. Defendant asks Plaintiffs to reconsider their refusal to consent to any additional opt-in plaintiff depositions. Should Plaintiffs refuse to consent to depositions of the remaining opt-in Plaintiffs, GEICO intends to seek leave of court for the depositions. Please confirm your position by 4pm EST tomorrow.

**<u>Other Issues Raised</u>**

I also address various other issues raised in your email below.

First, as to time-stamped data, GEICO is not "refusing" to produce documents. As GEICO previously informed Plaintiffs during multiple conferrals, GEICO lacks the ability to generate any reporting that contains time-stamped SICM data and has no such documents to produce.

Second, Mr. Thompson's analysis files were produced to Plaintiffs on September 10, 2026.

Third, we are pulling supplemental pay and time data and other records and are aiming to produce those documents by next week.

Thank you.

Regards,

Greg

**Gregory Tsonis**
Partner

Duane Morris LLP
190 South LaSalle Street, Suite 3700
Chicago, IL 60603-3433
**P:** +1 312 499 6779

**F:** +1 312 896 5652

GTsonis@duanemorris.com
www.duanemorris.com

Visit www.duanemorrisinstitute.com for information on training on employment, labor, benefits and immigration.

---

**From:** Cowdin, Ryan C. <rcowdin@outtengolden.com>
**Sent:** Wednesday, September 9, 2026 11:01 AM
**To:** Tsonis, Gregory <GTsonis@duanemorris.com>; S-GM-Fischer v. GEICO <S-GM-FischervGEICO@duanemorris.com>
**Cc:** Stromberg, Daniel <dstromberg@outtengolden.com>; Brooks, Molly <mbrooks@outtengolden.com>; Geico-O&G@outtengolden.com <Geico-OG@outtengolden.com>
**Subject:** RE: Fischer v. GEICO Damages Discovery - Meet and Confer Requested

Hi Greg,

We're writing to summarize our meet and confer last week and where we landed on a few next steps. We're including both *Fischer* and *Alvarez* on this chain both for convenience and because we discussed both at the meet and confer.

*Alvarez v. GEICO*

- **30(b)(6) Deposition**. Thank you for GEICO's proposed revisions to Topic No. 3. We're incorporating them into a revised notice with some small modifications. We will serve a revised notice once the date and time are confirmed. In terms of timing, as discussed, we aren't available this week, but we are available on September 16-18 (with a preference for 16 or 18 if possible). Please let us know GEICO's availability and we will serve a revised notice.

- **ESI Production**. We received another production of 18 documents last Friday, but let us know the status of ESI and if email and internal messaging productions are complete.

- **Discovery Extension**. The parties are in agreement that a short discovery extension is necessary. Plaintiffs are drafting a proposed joint motion with a 45-day extension and will circulate that with GEICO today.

- **Timestamp Data**.
  - VPN. GEICO intends to produce some VPN data primarily for current employees, but is still looking into the availability of historical data. Please let us know when can expect GEICO's response.

Email. We shared the link to the Microsoft Purview explainer during our meet and confer (Document metadata fields in eDiscovery | Microsoft Learn). We maintain that GEICO should be able to obtain time-stamped metadata without collecting inboxes. Please let us know GEICO's position on this soon.

- Call and text data. We understand GEICO is still looking into the availability of call/text data, but currently believes collecting phones and mirroring them is the only way to collect this data. Please let us know when GEICO expects to complete its investigation into this category of data, and clarify GEICO's position on whether it objects (in full or in part) to producing call and text data and the basis for that objection.
- SICM time-stamp data. Please clarify GEICO's position on time-stamped SICM data. Is GEICO refusing to produce time-stamped SICM data and, if so, what is its basis?

*Fischer v. GEICO*

- **Timestamp Data.** See summary in *Alvarez* above.

- **Supplemental Pay Data**. We appreciate GEICO's willingness to provide supplemental pay data through August 2026. Let us know when we can expect that supplemental production.

- **Thompson Declaration**. We appreciate GEICO's willingness to provide the Mr. Thompson's analysis file. Please let us know when we can expect to receive that.

- **Discovery Extension**. It seems both parties agree that some amount of an extension for damages discovery is appropriate, but disagree as to the reasons. Plaintiffs need additional time to process forthcoming productions and complete expert work primarily. GEICO's position is that it wants additional time to depose all remaining opt-in plaintiffs. Plaintiffs cannot consent to more opt-in depositions. GEICO has taken discovery from virtually every plaintiff in the case, and representative testimony is appropriate in collective actions like this one, as Judge Locke's recent ruling confirmed. In addition, GEICO sought and received leave to depose some – but not all – additional opt-ins last December, and Judge Locke, in describing his rationale for granting that motion, noted that GEICO "does not seek to depose every opt-in Plaintiff, and it is appropriate to permit the deposition of a sample of opt-in plaintiffs." *See* Electronic Order (Dec. 2, 2025). We don't see how GEICO's position has changed now, and don't think the Court

would grant leave just because other damages discovery may require an extension of time.

Plaintiffs request that GEICO consent to the extension of time without tethering it to Plaintiffs consent to additional opt-in depositions. If GEICO consents in principle, we will circulate a proposed timetable for its review. Either way, we'd like to file our renewed extension request by early next week, so let us know.

Best,
Ryan

**Ryan C. Cowdin**
Associate (he/him/his)
202-847-4409

---

**From:** Tsonis, Gregory <GTsonis@duanemorris.com>
**Sent:** Wednesday, September 2, 2026 3:20 PM
**To:** Cowdin, Ryan C. <rcowdin@outtengolden.com>; S-GM-Fischer v. GEICO <S-GM-FischervGEICO@duanemorris.com>
**Cc:** Stromberg, Daniel <dstromberg@outtengolden.com>; Brooks, Molly <mbrooks@outtengolden.com>; Geico-O&G@outtengolden.com <Geico-OG@outtengolden.com>
**Subject:** [EXTERNAL] RE: Fischer v. GEICO Damages Discovery - Meet and Confer Requested

Thanks, Ryan. We realized that also and can discuss more on the call.

Also, in advance of our conferral, set forth below is a modified Topic No. 3, in line with our discussion during our last conferral insofar as it is framed around the data actually generated by Plaintiffs.

Proposed Revised Topic No. 3:

GEICO's databases and structured data systems that record or maintain data concerning work activities performed by Special Investigators, including:
a. The identification and general purpose of each database or structured data system;
b. The types of Special Investigator activities performed and data fields generated by Special Investigators in such databases or structured data systems, and the manner in which the relevant information is generated or recorded, including whether it is automatically generated by the system or entered by a user;
c. The tables, fields, or types of data created by Special Investigator activities, and information reasonably necessary to understand the meaning of fields associated with the recorded activity; and
d. The availability and retention of such data during the relevant time period, including how such

data is stored and whether the information can be queried, reported, or exported for purposes of identifying the date and time of Special Investigator work activities.

**Gregory Tsonis**
Partner

Duane Morris LLP
190 South LaSalle Street, Suite 3700
Chicago, IL 60603-3433
**P:** +1 312 499 6779
**F:** +1 312 896 5652

GTsonis@duanemorris.com
www.duanemorris.com

Visit www.duanemorrisinstitute.com for information on training on employment, labor, benefits and immigration.

---

**From:** Cowdin, Ryan C. <rcowdin@outtengolden.com>
**Sent:** Wednesday, September 2, 2026 1:33 PM
**To:** Tsonis, Gregory <GTsonis@duanemorris.com>; S-GM-Fischer v. GEICO <S-GM-FischervGEICO@duanemorris.com>
**Cc:** Stromberg, Daniel <dstromberg@outtengolden.com>; Brooks, Molly <mbrooks@outtengolden.com>; Geico-O&G@outtengolden.com <Geico-OG@outtengolden.com>
**Subject:** RE: Fischer v. GEICO Damages Discovery - Meet and Confer Requested

Hi Greg,

Looking forward to chatting later. On the pay data topic, I just realized that I misspoke in my previous email. We know that GEICO produced additional pay data in September 2025 and December 2025 for certain opt ins. Apologies for the mix-up. Just wanted to correct that before our meet and confer.

Thanks,
Ryan

**Ryan C. Cowdin**
Associate (he/him/his)
202-847-4409

---

**From:** Tsonis, Gregory <GTsonis@duanemorris.com>
**Sent:** Monday, August 31, 2026 2:42 PM
**To:** Cowdin, Ryan C. <rcowdin@outtengolden.com>; S-GM-Fischer v. GEICO <S-GM-FischervGEICO@duanemorris.com>

**Cc:** Stromberg, Daniel <dstromberg@outtengolden.com>; Brooks, Molly <mbrooks@outtengolden.com>; Geico-O&G@outtengolden.com <Geico-OG@outtengolden.com>
**Subject:** [EXTERNAL] RE: Fischer v. GEICO Damages Discovery - Meet and Confer Requested

Ryan,

We are available on Wednesday at 3pm CST / 4pm EST to confer on all issues below, including issue number 4.

Regards,

Greg

**Gregory Tsonis**
Partner

Duane Morris LLP
190 South LaSalle Street, Suite 3700
Chicago, IL 60603-3433
**P:** +1 312 499 6779
**F:** +1 312 896 5652

GTsonis@duanemorris.com
www.duanemorris.com

Visit www.duanemorrisinstitute.com for information on training on employment, labor, benefits and immigration.

---

**From:** Cowdin, Ryan C. <rcowdin@outtengolden.com>
**Sent:** Friday, August 28, 2026 10:00 AM
**To:** S-GM-Fischer v. GEICO <S-GM-FischervGEICO@duanemorris.com>; Tsonis, Gregory <GTsonis@duanemorris.com>
**Cc:** Stromberg, Daniel <dstromberg@outtengolden.com>; Brooks, Molly <mbrooks@outtengolden.com>; Geico-O&G@outtengolden.com <Geico-OG@outtengolden.com>
**Subject:** Fischer v. GEICO Damages Discovery - Meet and Confer Requested

Greg,

We're writing to request a meet and confer on a number of damages issues in Fischer.

1. **Time-Stamped Data.** As we've been discussing in our *Alvarez* conferrals, Plaintiffs have requested GEICO produce timestamped data and documents reflecting Plaintiffs and the Collective's work (RFP 5), including (but not limited to) any data from sources like (1) SICM, (2) VPN, and (3) GEICO-issued email addresses and phone numbers. Please let us know what data GEICO has available, what data it intends to produce, when GEICO will produce the data, and if GEICO objects to producing available data, the basis for its objections. We also

request GEICO reproduce GA0015798 in *Fischer*, which contains some work activity timestamps for *Fischer* Plaintiffs and opt-in Plaintiffs.

2. **30(b)(6) Deposition.** As you know, in *Alvarez*, we're scheduling a 30(b)(6) deposition that will cover topics that are equally relevant to *Fischer* related to SICM and time-stamped data. To avoid taking duplicate depositions on the same topics, but with slightly different timeframes, we'd like GEICO to consent to providing testimony extending back to the beginning of the relevant period in *Fischer*. We can revise the "Relevant Period" in the 30(b)(6) notice to reflect this.

3. **Pay Data.** GEICO has produced pay data only through August 2023 for 28 employees. Please supplement this data production as soon as possible so it encompasses all compensation information paid to all Plaintiffs and opt-in Plaintiffs to date.

4. **Thompson Declaration and Communications.** Based on our prior meet and confers and GEICO's refusal to provide additional information related to our SICM data questions and Thompson's report, we intend to move to strike Mr. Thompson's report and/or compel GEICO to produce Mr. Thompson's analysis file. We believe we are at impasse on this issue based on GEICO's email from July 24, 2026, which refused to produce additional information and ignored our July 13 email asking for further information about specific SICM issues we flagged in the meet and confers (this email also attached specific examples that provided context for our questions). Nonetheless, we are offering to meet and confer now that GEICO has notice of our intent to file a motion to strike/compel. Please let us know on Monday whether GEICO wishes to meet and confer again on this topic.

5. **Extension of Time to Complete Damages and Expert Discovery.** Judge Locke has not ruled on our prior request to extend damages and expert discovery. We intend to submit a renewed request now that summary judgment and decertification has been decided, but would like to discuss what a reasonable timetable should look like given all of these issues.

6. **Initial Disclosures.** This process has taken longer than anticipated, but we are close to being able to serve revised disclosures. Thank you for your patience. Please note we may need to revise them further as damages discovery continues, such as after GEICO produces complete and updated pay data for the Collective.

We are available to meet and confer next Tuesday, from 12-1:30 ET or 4-5 ET, and next

Wednesday from 3-5 ET. Let us know GEICO's availability.

Best,
Ryan

**Ryan C. Cowdin**
Associate (he/him/his)

1225 New York Avenue, NW Suite 1200B, Washington, DC 20005
(w) 202-847-4409
rcowdin@outtengolden.com
**outtengolden.com**

Outten&Golden

This message was sent by the law firm Outten & Golden LLP and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender immediately and delete the message and any attachments.

For more information about Duane Morris, please visit https://www.DuaneMorris.com

Confidentiality Notice: This electronic mail transmission is privileged and confidential and is intended only for the review of the party to whom it is addressed. If you have received this transmission in error, please immediately return it to the sender. Unintended transmission shall not constitute waiver of the attorney-client or any other privilege.