UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
KEITH FISCHER et al.,

Plaintiffs,

v.

GOVERNMENT EMPLOYEES INSURANCE COMPANY,
*doing business as GEICO*

Defendants.
--------------------------------------------------------------X

**MEMORANDUM AND ORDER**
23-CV-2848-SJB-SIL

**BULSARA, United States District Judge:**

In this wage and hour action, a FLSA collective was certified on March 31, 2025. (Order on Motion to Certify FLSA Collective Action dated Mar. 31, 2025, Dkt. 91). Thereafter, plaintiffs sought to certify a New York labor law class, and the Court denied that motion. (Order on Motion for Class Certification dated Feb. 20, 2026, Dkt. 162). Defendant Government Employees Insurance Company ("GEICO") then sought to decertify the collective and dismiss the entire case outright through a motion for summary judgment. (Def.'s Mot. for Summ. J. dated Aug. 8, 2025, Dkt. 138-1 ("Summ. J. Mot."); Def.'s Mot. to Decertify the Collective Action dated Mar. 6, 2026, Dkt. 173-1 ("Decertification Mot.")).

The undersigned referred both motions to Magistrate Judge Locke. (*See* Order dated Jan. 8, 2026). On August 14, 2026 Judge Locke (a) denied GEICO's motion to decertify the collective action; and (b) recommended that GEICO's motion for summary judgment be denied. (Report & Recommendation and Order dated Aug. 14, 2026, Dkt. 181 ("R&R")). GEICO has now filed objections to Magistrate Judge Locke's well-

reasoned R&R. (Def.'s Objections dated Aug. 28, 2026, Dkt. 183 ("Objections")). None of these objections have any merit; they are overruled, and Judge Locke's recommendation to deny GEICO's summary judgment is adopted in full.

DISCUSSION

**I. Motion to Decertify the FLSA Collective**

First, the motion to decertify the collective. As an initial matter, GEICO suggests, (*see* Objections at 2 n.1), that the Court should review Judge Locke's decertification decision de novo, citing cases from Louisiana and Texas. But a decision to certify—or to decertify—a FLSA collective is akin to a motion for joinder of parties, i.e. one that implicates whether parties should proceed in a single action or in separate ones. Certification does not decide, one way or another, the merits of a party's FLSA claims. It is, therefore, a non-dispositive matter that may be decided by a magistrate judge. And courts in this Circuit are in accord. *See Wilk v. Quality Installations of NY, Inc.*, 724 F. Supp. 3d 76, 81 n.2 (E.D.N.Y. 2024) ('[A] motion for conditional certification of a collective action . . . is only a 'preliminary determination' and not dispositive.") (collecting cases); *see also Stoot v. Cap. Mgmt. Servs., L.P.*, No. 1:24-CV-0592, 2025 WL 2600298, at *1 n.1 (W.D.N.Y. Sep. 9, 2025) ("A motion for conditional certification of an FLSA collective action is a non-dispositive motion within the authority of a magistrate judge."); *Warman v. Am. Nat'l Standards Inst.*, 193 F. Supp. 3d 318, 321 n.1 (S.D.N.Y. 2016)

("Motions for conditional certification of a collective action under the FLSA are non-dispositive.").

"As to a nondispositive matter, '[t]he district judge in the case must consider timely objections and modify or set aside any part of the [magistrate judge's] order that is clearly erroneous or is contrary to law.'" *Arista Recs., LLC v. Doe 3*, 604 F.3d 110, 116 (2d Cir. 2010) (alterations in original) (quoting Fed. R. Civ. P. 72(a)); *see e.g.*, *Sampedro v. Silver Point Cap., L.P.*, 958 F.3d 140, 142 n.1 (2d Cir. 2020) ("The district court properly reviewed the magistrate judge's order for clear error, since the decision . . . was nondispositive[.]" (citations omitted)). "[I]t is extremely difficult to justify alteration of the magistrate judge's nondispositive actions by the district judge." 12 Charles Alan Wright & Arthur R. Miller et al., Federal Practice & Procedure § 3069 (3d ed. 2026).

But even under a de novo standard, GEICO's objections are overruled. GEICO asserts that in evaluating decertification "courts 'shall take into account' whether a question is common to all [collective] members '*because it can be answered with common proof*.'" (Objections at 2 (quoting *Savinova v. Nova Home Care, LLC,* No. 3:20-cv-1612, 2024 WL 1341113, at *3 (D. Conn. 2024))). The case GEICO quotes itself quotes a Second Circuit case, *Scott v. Chipotle Mexican Grill, Inc.*, 954 F.3d 502 (2d Cir. 2020). GEICO asserts that Judge Locke committed legal error by not identifying any issue that is "susceptible to common proof." (Objections at 2). This is a misapprehension of the cases and the relevant law.

The requirement that there be "common proof" is from the class action context. There, the same evidence must be used to prove all the claims of class members. Rule

23 class certification can be obtained "if resolution of some of the legal or factual questions. . . can be achieved through generalized proof[.]" *Scott*, 954 F.3d at 512 (quotations omitted). *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011) ("[C]laims must depend upon a common contention . . . . That common contention, moreover, must be of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke."). But collective certification is a decidedly different inquiry. The relevant consideration for certification is not the presence of generalized proof. Rather, the inquiry is whether the "named plaintiffs and opt-in plaintiffs are alike with regard to some material aspect of their litigation." *Id.* at 516. And if there are material "legal or factual similarities," "dissimilarities in other respects should not defeat collective treatment." *Id.* (quotations omitted). Class actions are of a different character.

> Once a putative class is certified, the class acquires a legal status separate from the interest asserted by the named plaintiff or by the absent class members as individuals. The class asserts only common questions of law or fact that predominate over individual discrepancies. A judgment resolving those questions binds all class members who have not affirmatively opted out.

*Provencher v. Bimbo Foods Bakeries Distribution LLC*, 175 F.4th 180, 188 (2d Cir. 2026) (quotations omitted) (cleaned up). In contrast, a

> FLSA collective action remains a mosaic of individual claims even after conditional certification, which does not produce a class with an independent legal status. Any similarly situated potential plaintiffs who opt into the action may bring their unique claims against the defendant, subject to distinctive defenses, and appeal any unfavorable rulings separately from other named or opt-in plaintiffs.

*Id.* (quotations omitted) (cleaned up). And that is why in *Scott* the Court of Appeals "permitted FLSA claims to proceed collectively despite 'individualized issues.'" *Id.*; *see also Fischer v. Fed. Express Corp.*, 42 F.4th 366, 377 (3d Cir. 2022) ("The essentially individual character of an FLSA collective action litigation means 'each FLSA claimant has the right to be present in court to advance his or her own claim.'" (quoting 7B Wright & Miller et al. § 1807)); *id.* ("And defendants in an FLSA collective action retain the ability to assert highly individualized defenses with respect to each of the opt-in plaintiffs." (quotations omitted)).

GEICO misapprehends *Scott*. Using the "common proof" language, the Court of Appeals was quoting the lower court's framing of the issue, *see Scott*, 954 F.3d at 521, not endorsing it. A "common proof" standard is necessary only if the claims were to be decided in one-fell swoop; that is the function of a class action, not a collective action, trial. Also incorrect is GEICO's focus on the extent of individualized differences among the collective members. "At bottom, an FLSA collective action proceeds as a kind of mass action, in which aggrieved workers act as a collective of *individual* plaintiffs with *individual* cases." *Fischer*, 42 F.4th at 380 (quotations omitted) (emphasis in original); *see also Canaday v. Anthem Cos., Inc.*, 9 F.4th 392, 403 (6th Cir. 2021) ("Collective actions permit individualized claims and individualized defenses, in which aggrieved workers act as a collective of *individual* plaintiffs with *individual* cases." (quotations omitted)).

So, to start, the invocation of a "common proof" standard by GEICO is wrong. It is a class action concept imported to its collective action motion.[1] And making that inapposite concept the legal fulcrum on which its objections rest dooms them. Ultimately, to obtain decertification, a defendant must demonstrate the opposite of what plaintiffs did to show that certification was proper—the collective members were not "similarly situated." Here, GEICO failed to do that. Judge Locke explained that there was ample evidence to demonstrate the similar position of the plaintiffs and the existence of common material issues. (*See* R&R at 30 ("The collective members share material issues susceptible to common proof. They worked within the same New York SIU, performed related fraud-investigation duties, used the same timekeeping and SICM systems, and were governed by common overtime-approval policies.")); (*id.* ("The developed record includes twenty-five depositions and written evidence from twenty-four additional employees. Every deposed employee attributed unpaid work to workload or metric pressure, and every non-deposed opt-in Plaintiff reported off-the-clock work.")). And he concluded that the differences between collective members "affect the strength and value of individual claims, but do not eliminate the common issues concerning GEICO's overtime-approval process, workload expectations, centralized metrics, and knowledge." (*Id.* at 31).

---

[1] Indeed, GEICO quotes extensively from this Court's decision on class certification and suggests that analysis applies here. (Objections at 4). It does not. In fact, because the Court found that Plaintiffs had demonstrated commonality, but not predominance, the decision suggests that collective certification is virtually automatic. *Fischer v. GEICO*, No. 23-CV-2848, 2026 WL 482637, at *8 (E.D.N.Y. Feb. 20, 2026) ("Plaintiffs' testimony demonstrates a common factual thread[.]"). Not the opposite.

GEICO's attempt to demonstrate otherwise—what GEICO suggests is legal error—is really an attempt to relitigate factual findings made by Judge Locke. But the Court finds no error, let alone clear error, in the factual findings, even on a full de novo review. It is actually GEICO making legal errors. It contends that its overtime approval policy is not susceptible to common proof among the collective members because there is not "substantial evidence" that it was "uniformly applied in an unlawful manner." (Objections at 3; *see also id.* (contending decertification is appropriate where lawful policies are not "consistently and systematically violated" (quotations omitted))). GEICO also attempts to apply what amounts to an entirely new legal standard—that there must be a "uniform, unlawful" policy for collective certification to proceed—an attempt that fares no better. (*Id.* at 3, 6).

To do all this, it relies on pre-*Scott* cases that employed an "ad-hoc" approach to decertification that the Second Circuit disavowed. "Under this flexible approach" "district courts employing the ad hoc factors consider the ways in which the plaintiffs are factually *disparate* and the defenses are individualized." *Scott*, 954 F.3d at 517 (emphasis in original); *see DeSilva v. N. Shore-Long Island Jewish Health Sys., Inc.*, 27 F. Supp. 3d 313, 320 (E.D.N.Y. 2014) (applying ad hoc factors in evaluating decertification); *Harper v. GEICO*, No. 09-cv-2254, 2015 WL 9673810, at *4 (E.D.N.Y. Nov. 16, 2015) (same), *R&R adopted*, 2016 WL 98516 (Jan. 6, 2016). But the ad hoc analysis invites "courts to import, though the back door" class action requirements into the collective action analysis. *Scott*, 954 F.3d at 517 (quotations omitted). Because that is improper, courts may not use that approach. *Id.*; *Savinova,* 2024 WL 1341113, at *4 (noting *DeSilva*

employed a now-defunct legal analysis). And as for the uniformity argument, again, GEICO misapprehends the law. Being "similarly situated" does not require uniform application or identity in any particular facet of the alleged FLSA violation. It simply requires the plaintiffs "are alike with regard to *some material* aspect of their litigation," whether that be an issue of fact or law. *Scott*, 954 F.3d at 516; *see also* 7B Wright & Miller et al. § 1807 ("[S]howing that a unified policy . . . exists is not a sine qua non, as long as plaintiffs can demonstrate that they are 'similarly situated' through other means.").

GEICO's remaining objections amount to, in the end, questions about the viability of a collective action trial, and whether "representative testimony" is appropriate. (Objections at 5–6). The Court has not agreed to accept "representative testimony," or permit such testimony to be a substitute as proof for all collective action plaintiffs. The trial structure has not yet been established. And plaintiff-by-plaintiff testimony may be required, but that is the nature of what a mass action may entail. *E.g.*, *Savinova*, 2024 WL 1341113, at *6 ("The Court is mindful of the logistical challenges a trial of Plaintiffs' claims would present, as each Plaintiff would need to testify about whether they agreed with their employer to exclude sleep time and, if so, whether they suffered sleep interruptions about which they notified their employers."). But testimony of each plaintiff may not be required either. "[T]he Second Circuit permits representative testimony in FLSA actions to prove liability as to absent opt-ins." *Wilson v. Jamaica Serv. Program for Older Adults, Inc.*, 708 F. Supp. 3d 213, 216 (E.D.N.Y. 2023) (collecting cases decided by Court of Appeals). However, at this point in the litigation, there is no requirement that representative testimony be present to maintain the

collective action. Nor is there a per se bar on what Defendants dub as "representative testimony." "The factfinder is ordinarily permitted to consider the testimony of one plaintiff to the extent it is probative of another plaintiff's claims." *Mangahas v. Eight Oranges Inc.*, 754 F. Supp. 3d 468, 484 n. 3 (S.D.N.Y. 2024). Ultimately, in a collective action trial, "all members of the collective must prove their individual claims against their employer. That proof may take many forms, including documentary evidence, direct testimony, and inferential proof through the testimony of other collective members." *Wilson*, 708 F. Supp. 3d at 216. If a representative's testimony is insufficient to carry the burden for an opt-in plaintiff who chooses not to testify, then the factfinder would be required to find for Defendants. *Id.* at 219 ("If the testimony offered at trial is not enough to convince the jury to find defendants liable with respect to the absent opt-ins, those opt-ins will not recover for their alleged injuries."). But how Plaintiffs offer their proof and in what sequence is a trial management question; that it may be a difficult one does not provide a vehicle for obtaining decertification.[2] And that is precisely what Judge Locke concluded. (R&R at 33). There is no error in this conclusion—legal or factual.

---

[2] None of the amalgamation of non-binding out-of-circuit district court decisions cited by GEICO or in-circuit, pre-*Scott* decisions are persuasive. Of the three in-circuit, post-*Scott* decisions cited by GEICO, two *denied* the motion to decertify, *see Pino v. Harris Water Main & Sewer Contractors Inc.*, No. 17-CV-5910, 2020 WL 5708889, at *8 (E.D.N.Y. Sept. 23, 2020); *Savinova,* 2024 WL 1341113 at *1, and the other did not even involve decertification of a collective, but a class action. *Onate v. AHRC Health Care, Inc.*, No. 20-CV-8292, 2023 WL 8648167, at *9 (S.D.N.Y. Dec. 14, 2023). And *Scott* itself involved the reversal of a District Court's grant of a decertification motion. *Scott*, 954 F.3d at 506. It is beyond peradventure that there was no legal error committed by Judge Locke.

## II. Motion for Summary Judgment

Turning to the objections to the summary judgment recommendation, GEICO's arguments are also meritless. A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). For dispositive matters, if a party timely objects to the magistrate judge's recommendation, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also Miller v. Brightstar Asia*, Ltd., 43 F.4th 112, 120 (2d Cir. 2022). If no objections have been made, the district judge "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed R. Civ. P. 72(b) advisory committee's note to 1983 amendment; *see also Colvin v. Berryhill*, 734 F. App'x 756, 758 (2d Cir. 2018) ("Where . . . a party receives clear notice of the consequences of not objecting to a report and recommendation, the party's failure to object to any purported error or omission in a magistrate judge's report results in the district court's review only for clear error[.]"). The clear error standard also applies when a "party makes only conclusory or general objections," or "when the objections are nonspecific or merely perfunctory responses[.]" *Miller*, 43 F.4th at 120 (quotations omitted).

As a preliminary matter, GEICO never sought summary judgment for the claims of Plaintiffs Buzak, Cruz, or Stemmler. (Pls.' Resp. to Objections dated Sep. 11, 2026, Dkt. 185 at 9 n.2). Its motion defined "Plaintiffs" as "the 16 Named and Opt-in Plaintiffs

who participated in discovery," (Sum. J. Mot. at 1), and their Rule 56.1 Statement lists these plaintiffs: (1) Named Plaintiffs K. Fischer, O'Sullivan, Moeser, Pia, Barden, Mangan and Jones; and (2) Opt-In Plaintiffs Caniglia Jr., Grey, King, M. Fischer, Costanzo, Wendling, Muñoz, and Brust, (*see* Def.'s Rule 56.1 Statement dated Aug. 8, 2025 ("Def.'s 56.1 Stmt."), Dkt. 138-3 at 1). But now, in their objections, it argues, "Buzak, Cruz, and Stemmler . . . rely on timestamps to establish GEICO's knowledge," and their claims should thus be dismissed. (Objections at 11 (citing Decertification Mot. at 25)). To support this proposition, GEICO cites to its Decertification Motion, (*see id.*), perhaps because the argument is not raised in their motion for summary judgment. "A proper objection generally may not raise new arguments not previously made before the magistrate judge." *Nambiar v. Cent. Orthopedic Grp., LLP*, 158 F.4th 349, 359 (2d Cir. 2025). GEICO's Objections are essentially new motions for summary judgment for plaintiffs which were never subject to motion practice before Judge Locke. This is impermissible. *Id.* The objections are overruled insofar as they are arguments related to Buzak, Cruz, and Stemmler's claims.

But even if GEICO had properly moved as to these plaintiffs, their objections would fail for the same reason it fails as to Plaintiff P. Fischer. GEICO argues that it was error for Judge Locke to rely on representative testimony to deny summary judgment arguments directed at P. Fisher and other plaintiffs. Of course, this argument is based on the same flawed legal position GEICO advanced in connection with decertification: that representative testimony is impermissible. The Second Circuit has

repeatedly rejected that proposition. *See supra* 8–9. GEICO misapprehends basic principles of civil trial practice:

> There is nothing novel about allowing representative testimony to be used in the context of multi-plaintiff litigation. For example, if there are two plaintiffs in a lawsuit with similar claims, there is generally no requirement that plaintiff B must testify on his own behalf instead of relying on plaintiff A's testimony. If plaintiff A's testimony is sufficiently probative of plaintiff B's claim that the court allows plaintiff B's claim to go to the jury, the jury may decide whether that testimony is sufficient to find in favor of Plaintiff B.

*Wilson*, 708 F. Supp. 3d at 219.

GEICO's other arguments fare no better.

First, it contends there are four Plaintiffs—three of whom are the plaintiffs GEICO did not move for summary judgement on—who rely on timestamps to establish GEICO's knowledge of off-the-clock work. (Objections at 11). Ostensibly "precedent establishes" that an employee's complaints cannot establish a supervisor's knowledge of another employee's similar work. (*Id.*). Of course, this is the same flawed argument about representative testimony recycled again in different form.

The supposed "precedent" GEICO cites is miscited and mischaracterized. *Kuebel v. Black & Decker Inc.* involved a single plaintiff, and therefore had no occasion to determine whether imputation of one employee's work could be used to infer an employer's knowledge about another employee. 643 F.3d 352, 362 (2d Cir. 2011). The other two cases GEICO relies on are not even in GEICO's brief, but cited in Judge Locke's decision for other points. One also involved a single plaintiff, and therefore did not address the issue GEICO claims is now precedential. *Thompson v. Glob. Contact*

*Servs., LLC*, No. 20-CV-651, 2021 WL 3486944, at *1 (E.D.N.Y. July 21, 2021), *R & R adopted*, 2021 WL 3476675 (Aug. 6, 2021). And in the other case, the Second Circuit affirmed the recovery of over 2,000 plaintiffs, based on New York City's knowledge of overtime practices of some employees: it is reasonable to infer that not all 2,000 testified. *Perry v. City of New York*, 78 F.4th 502, 522 (2d Cir. 2023). Such a trial would still be ongoing. Of course, Judge Locke does not cite these cases or use them for the legal rule that GEICO has made up out of whole-cloth—that knowledge about one employee cannot be used to establish knowledge about another—but to demonstrate why the evidence here was extensive enough for GEICO to have actual or constructive knowledge of overtime worked by all opt-in plaintiffs. (R&R at 25–26).

But more fundamentally, the legal rule GEICO has made up makes little sense. "[A]n employer must pay overtime wages for work it (a) requires, (b) knows about, or (c) should have known about through the exercise of reasonable diligence." *Perry*, 78 F.4th at 513; *Chao v. Gotham Registry, Inc.*, 514 F.3d 280, 287 (2d Cir. 2008) (explaining "an employer's actual or imputed knowledge . . . is necessary" for liability).

"[M]ore than one way exists to show constructive knowledge[.]" *Holzapfel v. Town of Newburgh*, 145 F.3d 516, 525 (2d Cir. 1998). Since knowledge can be established through imputed or constructive knowledge—that is, showing that the employer *should* have known about the overtime worked—it necessarily follows that an employer's knowledge about one employee's hours could establish its knowledge about other employees. If an employer learns that an employee is working more time than they are being compensated for, a reasonably diligent inquiry may well have made the employer

knowledgeable about other employees. Moreover, the employees allege that GEICO's time records were inaccurate (R&R at 27), and GEICO's supervisors were aware that employees were working more than 40 hours a week, given the volume of complaints from employees. Armed with knowledge about employees from the same location complaining about unpaid overtime is more than sufficient for a jury to conclude that Geico knew about other employees working overtime too. *See Reich v. S. New England Telecomms. Corp.*, 121 F.3d 58, 67 (2d Cir. 1997) ("[A]n employee (or the Secretary on behalf of a group of employees) may submit sufficient evidence from which violations of the Act and the amount of an award may be reasonably inferred." (quotations omitted)); *e.g.*, *Mangahas*, 754 F. Supp. 3d at 485 n.3 ("The parties concur that proof by representative sample in FLSA/NYLL actions is commonplace and appropriate to determine liability in the Second Circuit." (quotations omitted) (cleaned up)).

Second, GEICO claims that Judge Locke erred by not finding that five plaintiffs concealed off-the-clock work from superiors, which makes them ineligible for a FLSA recovery. (Objections at 11). GEICO omits the relevant sentences from the case it cites; even when there is employee concealment, an employer can still be liable under FLSA. *Hinterberger v. Cath. Health Sys.*, 299 F.R.D. 22, 37 (W.D.N.Y. 2014) ("However, an employer who is armed with this knowledge cannot stand idly by and allow an employee to perform overtime work without proper compensation, even if the employee does not make a claim for the overtime compensation." (quotations omitted)). And as it relates to these five plaintiffs, Judge Locke cited to testimony of three of them—Barden, Brust and Mangan—in which they each said that they told "supervisors

or managers that they were working beyond recorded hours and in excess of 40 hours a week." (R&R at 9).

And for the other two, Pia and Jones, GEICO takes some liberties with the record. GEICO's objections state that "Pia . . . and Jones deprived GEICO of knowledge of unpaid work and *admitted to concealing off-the-clock work from GEICO*." (Objections at 11) (emphasis added). For this, GEICO cites to "DE 138-1 at 29," which is GEICO's summary judgment brief at page 29. That portion of its brief provides

> Several Plaintiffs testified that they intentionally did not report off-the-clock work so that GEICO would think that they were completing more work in less time and reward them with better performance evaluations and pay increases. . . . Pia . . . similarly admitted that [she] did not log overtime to improve their performance metrics in hopes of securing pay increases. Jones similarly intentionally declined to report hours, but because she idiosyncratically found the process too "time consuming."

(citing Def.'s Rule 56.1 Stmt. ¶¶ 21, 32, 125, 204). It is certainly not a fair characterization of even the summary judgment brief to say that these two plaintiffs *concealed* overtime from GEICO—GEICO has taken a failure to record overtime as the same as affirmative concealment. The citations in the brief are to GEICO's Rule 56.1 Statement—paragraph 125 relates to Jones, and paragraph 204 relates to Pia. For Jones, paragraph 125 states only that "Jones described the process for requesting overtime as a 'hassle' and too 'time consuming.'" (Def.'s Rule 56.1 Stmt. ¶ 125). That is not an admission of an employee "concealing" off-the-clock work from GEICO. And for Pia, GEICO also conflates a failure to record as affirmative concealment. (*Id.* ¶ 204. ("Pia sometimes did not record overtime because he believed it would improve his performance metrics and thereby avoid losing a potential raise, being placed on a

performance plan, or being terminated.”)). And the fact that Pia only admitted to not recording “sometimes,” is relevant because if they sometimes did record overtime, that would be a basis for GEICO to know that off-the-clock work was being performed. In other words, even if one were to assume that the legal rule is the one GEICO posits—one which is at a minimum incomplete if not wrong—the factual record does not support the kind of concealment that would, for the purposes of summary judgment, entitle it to prevail.

Third, Defendant alleges that “Plaintiff Wendling failed to participate in discovery and, therefore, cannot submit evidence of any unpaid wages.” (Objections at 11). It is undisputed that Wendling failed to appear for his deposition. (Pl.’s Resp. to Def’s 56.1 Stmt. dated Sep. 12, 2026, Dkt. 142-1 ¶ 224). The remedy for a failure to participate in discovery is to seek appropriate sanctions, including preclusion of testimony. *See* Fed. R. Civ. P. 37(d) (“Failure to Attend . . . Own Deposition”). But when Wendling produced written discovery that created a dispute of fact, which Judge Locke property credited, (R&R at 12, 22), summary judgment is inappropriate without a motion for that sanction, which GEICO never made.

Fourth, GEICO argues that it is undisputed that 20 to 30 minutes of M. Fischer’s unpaid overtime “is not compensable as a matter of law, and because it indisputably lowers her weekly estimated hours to less than 40 hours per week, it forecloses her FLSA claim.” (Objections at 12). As Judge Locke properly noted, these facts are not undisputed, and summary judgment is therefore not warranted. (R&R at 21 (“GEICO argues that this assembly and disassembly was undertaken for her personal

convenience and was neither integral nor indispensable to her investigative work. Plaintiffs respond that her claim is not limited to arranging the dining table—she also testified to performing background checks, database and public-record searches, license verification, and after-hours communications from home, all of which are substantive investigative tasks.")). GEICO offers no reason why a factual dispute does not exist, and its objection is therefore overruled.

Lastly, GEICO argues it "is entitled to summary judgment as to Plaintiffs' claims for workweeks during which Plaintiffs undisputedly did not work off-the-clock." (Objections at 12). But "triable issues [remain] as to the weeks and work for which compensation remains due." (R&R at 22). "GEICO has not established that excluding such time eliminates the otherwise disputed evidence that Plaintiffs performed compensable investigative work outside their recorded hours, which, in turn, may result in overtime liability." (*Id.*). Again there are no reasons offered to overturn these recommended findings. This objection lacks merit.

## CONCLUSION

Judge Locke's diligent, thorough, and clear order denying GEICO's motion for decertification and recommendation denying summary judgment are adopted in their

entirety and all objections raised are overruled.

SO ORDERED.

*/s/ Sanket J. Bulsara*
SANKET J. BULSARA
United States District Judge

Date: September 22, 2026
Central Islip, New York