# EXHIBIT D

**From:** Tsonis, Gregory
**Sent:** Friday, July 24, 2026 4:05 PM
**To:** Cowdin, Ryan C.; Geico-O&G@outtengolden.com
**Cc:** S-GM-Fischer v. GEICO; Birjandi, Mona; Saffery, Oliver
**Subject:** RE: Fischer SICM Data Questions

Ryan,

We are in receipt of Plaintiffs' supplemental request for Mr. Thompson's "full analysis file with underlying data that Mr. Thompson relied on when drafting that report," including "the actual data files from GEICO received and analyzed by Mr. Thompson, as well as the additional files reflecting Mr. Thompson's analysis, calculations, and coding" following Defendant's most recent expert disclosure.

As an initial matter, and as previously explained to Plaintiffs, the "actual data files from GEICO received and analyzed by Mr. Thompson" are identified in Mr. Thompson's report. Plaintiffs already possess the "actual data files" that they are repeatedly requesting from GEICO.

Plaintiffs' July 16 request further fails to identify any methodology or calculation that Plaintiffs are incapable of discerning from Mr. Thompson's declaration. Figure 3, as described by Mr. Thompson, groups individuals by job titles (which are contained in the files identified by Mr. Thompson and provided to Plaintiffs) and charts the percentage of workweeks in which plaintiffs recorded (i) less than 38.75 hours, (ii) 38.75 hours, (iii) more than 38.75 hours, and (iv) more than 40 hours. As Plaintiffs unquestionably possess the data providing each plaintiff's workweeks, hours recorded, and job titles, nothing prevents Plaintiffs from performing the same straightforward calculations that Mr. Thompson conducted.

Similarly, with respect to Figure 5, the number of cases closed per month for each plaintiff is easily discernible from the data files in Plaintiffs' possession and identified by Mr. Thompson. That chart contains the average number of closed cases per plaintiff, along with the high and low range of closed cases for each plaintiff, sorted from lowest to highest average to show the distribution amongst the plaintiff population. As Plaintiffs possess the data showing the number of closed cases per month and the time periods in which each plaintiff was employed, they can perform the same calculations that Mr. Thompson performed.

Finally, though Plaintiffs reference "duplicates, anomalous observations, boundary cases, or other data-processing issues," they do not identify any specific issues. Defendant does not understand which specific issues Plaintiffs are referring to or what data, if any, would be in Mr. Thompson's "full analysis file" that would address purported "duplicates, anomalous observations, boundary cases, or other data-processing issues."

Accordingly, given the information provided by Plaintiffs to this point, it remains Defendant's position that Plaintiffs' request lacks any basis under the Federal Rules and applicable precedent.

Regards,

Greg

**Gregory Tsonis**
Partner

Duane Morris LLP
190 South LaSalle Street, Suite 3700

Chicago, IL 60603-3433
**P:** +1 312 499 6779
**F:** +1 312 896 5652

GTsonis@duanemorris.com
www.duanemorris.com

Visit www.duanemorrisinstitute.com for information on training on employment, labor, benefits and immigration.

---

**From:** Cowdin, Ryan C. <rcowdin@outtengolden.com>
**Sent:** Wednesday, July 22, 2026 10:25 AM
**To:** Tsonis, Gregory <GTsonis@duanemorris.com>; Geico-O&G@outtengolden.com <Geico-OG@outtengolden.com>
**Cc:** S-GM-Fischer v. GEICO <S-GM-FischervGEICO@duanemorris.com>; Birjandi, Mona <mbirjandi@outtengolden.com>; Saffery, Oliver <osaffery@outtengolden.com>
**Subject:** RE: Fischer SICM Data Questions

Greg,

Please let us know GEICO's response.

Best,
Ryan

**Ryan C. Cowdin**
Associate (he/him/his)
202-847-4409

---

**From:** Cowdin, Ryan C. <rcowdin@outtengolden.com>
**Sent:** Thursday, July 16, 2026 2:58 PM
**To:** Tsonis, Gregory <GTsonis@duanemorris.com>; Geico-O&G@outtengolden.com <Geico-OG@outtengolden.com>
**Cc:** S-GM-Fischer v. GEICO <S-GM-FischervGEICO@duanemorris.com>; Birjandi, Mona <mbirjandi@outtengolden.com>; Saffery, Oliver <osaffery@outtengolden.com>
**Subject:** RE: Fischer SICM Data Questions

Greg,

Given that GEICO has produced another report by Mr. Thompson last night under Rule 26(a)(2)(B), we're also requesting GEICO produce the full analysis file with underlying data that Mr. Thompson relied on when drafting that report. Specifically, please produce by e-mail machine readable copies of the final data (including all input and output files) along with the instructions, scripts, formulas, or other programming code applied. This request is inclusive of the actual data files from GEICO received and analyzed by Mr. Thompson, as well as the additional files reflecting Mr. Thompson's analysis, calculations, and coding.

With respect to both reports, we do not have sufficient information to be able to evaluate the basis for his conclusions. They do not explain how he handled duplicates, anomalous observations, boundary cases, or other data-processing issues. There are no footnotes or methodological explanations that would allow us to reproduce his work. And many of the charts he provides are inadequately labelled. As just a few examples, take Figures 3 and 5 from the report produced last night:

**Figure 3: Distribution of weekly hours recorded in complete workweeks, by job title and plaintiff**



**Figure 5: Average monthly cases closed, by plaintiff**




Which plaintiffs are being identified in each bar/dot, and what are the numerical values being displayed? The report only provides "examples" of what some of the data show in these charts, but otherwise is silent.

Please let us know as soon as possible if GEICO will provide the full analysis file for both reports.

Best,
Ryan

**Ryan C. Cowdin**
Associate (he/him/his)
202-847-4409

**From:** Tsonis, Gregory <GTsonis@duanemorris.com>
**Sent:** Wednesday, July 15, 2026 12:46 PM
**To:** Cowdin, Ryan C. <rcowdin@outtengolden.com>; Geico-O&G@outtengolden.com <Geico-OG@outtengolden.com>
**Cc:** S-GM-Fischer v. GEICO <S-GM-FischervGEICO@duanemorris.com>; Birjandi, Mona <mbirjandi@outtengolden.com>; Saffery, Oliver <osaffery@outtengolden.com>
**Subject:** [EXTERNAL] RE: Fischer SICM Data Questions

Ryan,

We are available to confer on Friday, July 17, at 3:30pm CST. Please circulate an invite when you are able to.

Further, in response to a few topics in your email below and your July 9, 2026 email:

As to the Rule 30(b)(6) notice, we emphasized that as noticed, Plaintiffs' Topic No. 1 would require a designee to testify to over 100 data fields in numerous spreadsheets, which is unreasonable and not reasonably particularized, as required by the Federal Rules. In addition, we discussed why Plaintiffs' request for a designee to testify to the "significance" of data fields is separately problematic. We appreciate Plaintiffs' effort to tailor Topic No. 1, including to identify specific data fields on which they will be seeking testimony. We confirmed that the SICM data dictionary, which Plaintiffs already possess, is the only written material that provides detail on the data fields in the reporting and that there have been no updates to that document since June 2023.

Regarding ESI, we did not discuss a request for Defendant to disclose the "sources, custodians and searches applied to identify emails for opt-in exhibits" used in all opt-in depositions, though Plaintiffs did inquire generally as to how certain exhibits were identified. Specifically, you asked whether documents responsive to Plaintiffs' document requests were produced if they were identified in any search process used by GEICO, and I indicated that such documents were produced if identified. I can confirm that any documents identified and responsive to Plaintiff's discovery requests have been produced.

During our conferral, we expressly noted that we have not collected and processed the email inboxes for every opt-in subject to discovery, given the burden that would present, and asked Plaintiffs to provide a few examples of documents that they wish to obtain more information about in advance of a subsequent conferral. You agreed to do so.

Finally, Plaintiffs have requested "the full analysis file with underlying data that Mr. Thompson relied on when drafting his report filed in support of GEICO's motion to decertify the collective." Plaintiffs, however, are in possession of the underlying facts and data on which Mr. Thompson relied, which were produced and identified in the exhibits to Mr. Thompson's declaration and are the "actual data files from GEICO received and analyzed by Mr. Thompson." The methodology used by Mr. Thompson for all calculations was described in his declaration, and Plaintiffs have not identified any data or calculations that they are unable to determine from the information in their possession. Thus, we do not see a basis for Plaintiffs' request under the Federal Rules and applicable precedent.

Regards,

Greg

**Gregory Tsonis**
Partner

Duane Morris LLP
190 South LaSalle Street, Suite 3700
Chicago, IL 60603-3433
**P:** +1 312 499 6779
**F:** +1 312 896 5652

GTsonis@duanemorris.com
www.duanemorris.com

Visit www.duanemorrisinstitute.com for information on training on employment, labor, benefits and immigration.

---

**From:** Cowdin, Ryan C. <rcowdin@outtengolden.com>
**Sent:** Monday, July 13, 2026 11:06 PM
**To:** Tsonis, Gregory <GTsonis@duanemorris.com>; Geico-O&G@outtengolden.com <Geico-OG@outtengolden.com>
**Cc:** S-GM-Fischer v. GEICO <S-GM-FischervGEICO@duanemorris.com>; Birjandi, Mona <mbirjandi@outtengolden.com>;

Saffery, Oliver <osaffery@outtengolden.com>
**Subject:** RE: Fischer SICM Data Questions

Greg,

Writing to follow up on a few SICM data questions.

First, please let us know when GEICO intends to produce Mr. Thompson's full analysis file, as requested below.

Second, to follow up on our meet and confer last week, we're attaching our (minimally processed) data examples that framed our questions during the meet and confer. Below is a list of items that we discussed or are still outstanding. Please confirm the items below and let us know when we can expect responses to the outstanding items.

1. We asked if we could take the maximum amount per metric for duplicate investigator-month records from July 2023 that contain either hours or case information. These records are identified in tab R1. GEICO stated that this data can be aggregated by taking the maximum of each hour and case metric. Please confirm.

2. GEICO also stated that the full record, G024036, is the authoritative record when we see duplicates in November 2020. These records are identified in tab R3. Please confirm.

3. For near-exact duplicate records, GEICO stated that the only difference is quartiles, which are calculated based on the data within each tab and limited by date range. Records in tab R4 are all two record duplicates. The records in tab R5 can be resolved by taking values from G024036 because they are all partial records from November 2020. Please confirm.

4. For (KC)Gresham, Angela M (G025143 vs. G025146, in July 2023, tab R1b): should the sum or the maximum of cases and hours be taken across the two duplicate records? That is, is the correct count 18 closed cases, using the maximum, or 19 closed cases, using the sum?

5. For (KC)Costanzo, Craig D's duplicate records (G025145 vs. G025155, tab R2): are rejected P19 cases logged elsewhere, or are the all-zero P19 values in G025155 a data collection error?

6. Also for (KC)Costanzo, Craig D's duplicate records (G025145 vs. G025155, tab R2): why do some G025155 duplicate records that supposedly contain additional "reject" cases show lower case values than the earlier-produced G025145 records?

7. For Betro, Mary A (tab R6b): which record is authoritative, G024036 or G025150? If one is not authoritative, how should these records be aggregated?

8. We flagged for GEICO that the value for "Adjusted Productivity 2022 onwards" can be greater than 0 when the Tenure Adjustment Factor is 0. This appears inconsistent with the productivity logic presented in G010914. Examples are included in the accompanying workbook in tab "0_Tenure_+_Productivity." Why are non-zero values present for Adjusted Productivity 2022 onwards while zero values are present for Tenure Adjustment Factor? Does Adjusted Productivity

2022 onwards use a different formula than that stated in the G010914 document? If so, please provide this formula.

9. Does the "Hours" measure in the data refer to Hours Worked, Adjusted Hours, or Total Hours Worked (as present in G010914)?

10. We also raised questions regarding the relationship between closed case counts and clearance counts. We have included examples of records where closed cases do not align with clearance counts in tab "Cases_!=_Clearances." Please explain the misalignment between closed case counts and clearance counts shown in tab "Cases_!=_Clearances."

Best,
Ryan

**Ryan C. Cowdin**
Associate (he/him/his)
202-847-4409

---

**From:** Cowdin, Ryan C. <rcowdin@outtengolden.com>
**Sent:** Monday, July 6, 2026 5:40 PM
**To:** Tsonis, Gregory <GTsonis@duanemorris.com>; Geico-O&G@outtengolden.com <Geico-OG@outtengolden.com>
**Cc:** S-GM-Fischer v. GEICO <S-GM-FischervGEICO@duanemorris.com>; Birjandi, Mona <mbirjandi@outtengolden.com>
**Subject:** RE: Fischer SICM Data Questions

Greg, Tiffany,

Thanks for chatting. We'll follow up with some additional data questions in writing. In addition, as mentioned during our meet and confer, we're requesting GEICO produce the full analysis file with underlying data that Mr. Thompson relied on when drafting his report filed in support of GEICO's motion to decertify the collective, ECF No. 173-11. Specifically, please produce by e-mail machine readable copies of the final data (including all input and output files) along with the instructions, scripts, formulas, or other programming code applied. This request is inclusive of the actual data files from GEICO received and analyzed by Mr. Thompson, as well as the additional files reflecting Mr. Thompson's analysis, calculations, and coding.

Best,
Ryan

**Ryan C. Cowdin**
Associate (he/him/his)
202-847-4409

**From:** Cowdin, Ryan C. <rcowdin@outtengolden.com>
**Sent:** Thursday, July 2, 2026 3:52 PM
**To:** Tsonis, Gregory <GTsonis@duanemorris.com>; Geico-O&G@outtengolden.com <Geico-OG@outtengolden.com>
**Cc:** S-GM-Fischer v. GEICO <S-GM-FischervGEICO@duanemorris.com>; Birjandi, Mona <mbirjandi@outtengolden.com>
**Subject:** RE: Fischer SICM Data Questions

Greg,

I received your message that you need to reschedule due to a doctor's appointment. GEICO has offered tomorrow morning or Monday after 4pm ET (except 5-5:50pm ET). Tomorrow is a federal holiday. We can meet at 3:30 CT/4:30 ET on Monday, July 6. I'm not sure we'll be able to get through everything in 30 minutes, but we can try and then schedule a second meet and confer if necessary. We'll update the invite.

Best,
Ryan

**Ryan C. Cowdin**
Associate (he/him/his)
202-847-4409

**From:** Cowdin, Ryan C. <rcowdin@outtengolden.com>
**Sent:** Wednesday, July 1, 2026 2:34 PM
**To:** Tsonis, Gregory <GTsonis@duanemorris.com>; GEICO-SIU <GEICO-SIU@outtengolden.com>
**Cc:** S-GM-Fischer v. GEICO <S-GM-FischervGEICO@duanemorris.com>
**Subject:** RE: Fischer SICM Data Questions

Greg,

We will circulate an invite.

Best,
Ryan

**Ryan C. Cowdin**
Associate (he/him/his)
202-847-4409

**From:** Tsonis, Gregory <GTsonis@duanemorris.com>
**Sent:** Wednesday, July 1, 2026 2:25 PM
**To:** Cowdin, Ryan C. <rcowdin@outtengolden.com>; GEICO-SIU <GEICO-SIU@outtengolden.com>
**Cc:** S-GM-Fischer v. GEICO <S-GM-FischervGEICO@duanemorris.com>
**Subject:** [EXTERNAL] RE: Fischer SICM Data Questions

Ryan,

We can do 3pm CST / 4pm EST for an initial conferral regarding SICM data.

Regards,

Greg

**Gregory Tsonis**
Partner

Duane Morris LLP
190 South LaSalle Street, Suite 3700
Chicago, IL 60603-3433
**P:** +1 312 499 6779
**F:** +1 312 896 5652

GTsonis@duanemorris.com
www.duanemorris.com

Visit www.duanemorrisinstitute.com for information on training on employment, labor, benefits and immigration.

---

**From:** Cowdin, Ryan C. <rcowdin@outtengolden.com>
**Sent:** Tuesday, June 30, 2026 8:13 AM
**To:** Tsonis, Gregory <GTsonis@duanemorris.com>; GEICO-SIU <GEICO-SIU@outtengolden.com>
**Cc:** S-GM-Fischer v. GEICO <S-GM-FischervGEICO@duanemorris.com>
**Subject:** RE: Fischer SICM Data Questions

Greg,

Following up here. Please provide GEICO's availability this Thursday.

Best,
Ryan

**Ryan C. Cowdin**
Associate (he/him/his)
202-847-4409

---

**From:** Cowdin, Ryan C. <rcowdin@outtengolden.com>
**Sent:** Friday, June 26, 2026 7:24 PM
**To:** Tsonis, Gregory <GTsonis@duanemorris.com>; GEICO-SIU <GEICO-SIU@outtengolden.com>
**Cc:** S-GM-Fischer v. GEICO <S-GM-FischervGEICO@duanemorris.com>
**Subject:** RE: Fischer SICM Data Questions

Greg,

We are available next Thursday at any time except 1:30 pm to 3:30 pm ET. Let us know what works for GEICO.

Best,
Ryan

**Ryan C. Cowdin**
Associate (he/him/his)
202-847-4409

---

**From:** Tsonis, Gregory <GTsonis@duanemorris.com>
**Sent:** Friday, June 26, 2026 5:12 AM
**To:** Cowdin, Ryan C. <rcowdin@outtengolden.com>; GEICO-SIU <GEICO-SIU@outtengolden.com>
**Cc:** S-GM-Fischer v. GEICO <S-GM-FischervGEICO@duanemorris.com>
**Subject:** [EXTERNAL] RE: Fischer SICM Data Questions

Ryan,

I am currently on vacation internationally and will return next week. Please provide your availability next Thursday or Friday.

Regards,

Greg

**Gregory Tsonis**
Partner

Duane Morris LLP
190 South LaSalle Street, Suite 3700
Chicago, IL 60603-3433
**P:** +1 312 499 6779
**F:** +1 312 896 5652

GTsonis@duanemorris.com
www.duanemorris.com

Visit www.duanemorrisinstitute.com for information on training on employment, labor, benefits and immigration.

---

**From:** Cowdin, Ryan C. <rcowdin@outtengolden.com>
**Sent:** Wednesday, June 24, 2026 8:43 AM
**To:** Tsonis, Gregory <GTsonis@duanemorris.com>; GEICO-SIU <GEICO-SIU@outtengolden.com>
**Cc:** S-GM-Fischer v. GEICO <S-GM-FischervGEICO@duanemorris.com>
**Subject:** RE: Fischer SICM Data Questions

Greg,

Following up on this. Please provide GEICO's availability for a meet and confer.

Best,
Ryan

**Ryan C. Cowdin**
Associate (he/him/his)
202-847-4409

---

**From:** Cowdin, Ryan C. <rcowdin@outtengolden.com>
**Sent:** Thursday, June 18, 2026 9:31 PM
**To:** Tsonis, Gregory <GTsonis@duanemorris.com>; GEICO-SIU <GEICO-SIU@outtengolden.com>
**Cc:** S-GM-Fischer v. GEICO <S-GM-FischervGEICO@duanemorris.com>
**Subject:** RE: Fischer SICM Data Questions

Greg,

We're writing to follow up on SICM data issues. We have specific questions below, but would also like to have a meet and confer with a member of our data team to ensure we are on the same page about what the data shows. We are currently available next Tuesday (6/23) between 2pm and 4pm, Thursday (6/25) between 11am and 1:30 pm, or Friday (6/26) before 12pm or from 1pm to 2:30pm (all times Eastern). Please let us know GEICO's availability next week.

1. **Duplicate Detection**

   a) Why do multiple source tabs contain records for the same investigator and activity month? Were these tabs produced at different points in time, or do they represent different regional systems?

      1. For example, for Investigator Craig D. Costanzo in January 2025, the same investigator-month appears in two different GEICO production files, with conflicting values:

         i. In file **G025145**, Costanzo's January 2025 record shows **42 newly assigned cases**, **44 closed cases**, and **147.5 recorded hours**, along with populated productivity metrics.
         ii. In file **G025155**, the same investigator and month show **45 newly assigned cases**, **47 closed cases**, and **zero recorded hours**, with all productivity fields left blank.
         iii. While the two records agree on some fields, they conflict on case-count metrics (42 vs. 45 assigned cases and 44 vs. 47 closed cases). In addition, one record is missing hours and productivity information entirely.

      2. Another example, investigator Thomas Barden's November 2020 record appears in two different GEICO production files with materially different values:

         i. In file **G024036**, Barden's November 2020 record shows **46 newly assigned cases, 48 closed cases**, and **139.5 recorded hours**.
         ii. In file **G025148**, the same investigator and month show only **10 newly assigned cases**, **15 closed cases**, and **31 recorded hours**.

b) Were the new data produced in April 2026 (G025153 through G025157) intended to replace or supplement the original production data?

c) When there is a duplicate between G024036 and other sources (G025148/149/150), which source should be used? While GEICO previously wrote "*The data in the second source tab (i.e., G025149/G025150) represents the criteria in use during the timeframe queried, and is not meant to be combined with G024036*," this answer is still ambiguous. It says don't *combine* them, but not which one to *use* when both contain the same investigator-month with different values.

2. **Duplicate Classification and Deduplication Framework**

a) Can GEICO explain why the July 2023 Kansas City data was split across old and new source tabs, with hours in one tab and case counts in the other? While GEICO's prior answer explains *why* the new tabs lack hours (reporting function broke during reorganization), can GEICO confirm that merging hours from the old tab with case counts from new tab is correct to establish a complete record?

b) Can GEICO clarify why the G024036 tab contains higher values than the primary tabs for November 2020? Was G024036 extracted at the end of the month while primary tabs were extracted mid-month? GEICO's prior response is still ambiguous because it doesn't resolve which source to use.

3. **Plaintiff Identification**

a) Can GEICO confirm whether Joseph Neenan and Eric Stephens are in the data and under what name or employee ID their records appear in the SICM system?

b) Can GEICO confirm the distinction between Louis Caniglia, Jr. and Louis Caniglia, Sr. in the SICM data — specifically, do both appear as separate employee records, and if so, what identifier distinguishes them?

Best,
Ryan

**Ryan C. Cowdin**
Associate (he/him/his)
202-847-4409

---

**From:** Tsonis, Gregory <GTsonis@duanemorris.com>
**Sent:** Monday, March 30, 2026 5:49 PM
**To:** GEICO-SIU <GEICO-SIU@outtengolden.com>; Cowdin, Ryan C. <rcowdin@outtengolden.com>
**Cc:** S-GM-Fischer v. GEICO <S-GM-FischervGEICO@duanemorris.com>
**Subject:** [EXTERNAL] RE: Fischer SICM Data Questions

Counsel,

I write in follow up to your March 26, 2026 email. Each of your questions is addressed below.

1. The documents identified in your email have been produced at G025153-G025157.

2. (a) The hours data from July through December 2023 does not populate in GEICO's reporting. Our understanding is that the report was being updated during GEICO's reorganization and that the changes in the reporting functions affected the input of hours data for that period, with the hours data updating again beginning in January 2024. However, the time data produced by Defendant for each plaintiff contains the time data for this period, if applicable.

   (b) Pending cases is a field that shows the number of pending cases assigned to that individual at the time the report is generated. Given that this is historical data, the data field correctly reflects a zero value for essentially all time periods.

3(a). See 2(a).

3(b) The data in the second source tab (i.e., G025149/G025150) represents the criteria in use during the timeframe queried, and is not meant to be combined with G024036.

Regards,

Greg

**Gregory Tsonis**
Partner

Duane Morris LLP
190 South LaSalle Street, Suite 3700
Chicago, IL 60603-3433
**P:** +1 312 499 6779
**F:** +1 312 896 5652

GTsonis@duanemorris.com
www.duanemorris.com

Visit www.duanemorrisinstitute.com for information on training on employment, labor, benefits and immigration.

**From:** Cowdin, Ryan C. <rcowdin@outtengolden.com>
**Sent:** Thursday, March 26, 2026 1:29 PM
**To:** S-GM-Fischer v. GEICO <S-GM-FischervGEICO@duanemorris.com>
**Cc:** Geico-O&G@outtengolden.com <Geico-OG@outtengolden.com>
**Subject:** Fischer SICM Data Questions

Counsel,

We're writing with some time-sensitive questions about the SICM data produced in this matter related to Defendant's motion for decertification, filed March 6. As you know, GEICO produced the bulk of SICM data just before the close of business on March 3. Our response to the motion is due April 10. We have been analyzing the data and the Thompson Declaration attached to the motion as Exhibit 8 and have identified a few issues. Please provide a response as soon as possible, and no later than next Monday, March 30:

1. Has GEICO produced all SICM data to us that it has relied on in its motion for decertification? The "SICM Data" that Mr. Thompson relied on appears on page 31 of Exhibit 8, and contains no bates numbers – presumably because GEICO had not yet produced the data to us while it was working with Mr. Thompson to prepare his declaration. We did a search based on document title and could not find five of the excel spreadsheets listed on page 31. Please either produce these or direct us to the appropriate bates numbers as soon as possible:

    a. SIU_Case_Investigation Craig Costanzo 1-17-12-22.xlsx
    b. SIU_Case_Investigation Craig Costanzo 1-23-6-23.xlsx
    c. SIU_Case_Investigation Craig Costanzo 7-23-6-25.xlsx
    d. SIU_Case_Investigation Gerrd Cassagne 1-20-12-20 sup, inv, mth.xlsx
    e. SIU_Case_Investigation Peg Fischer- Keith- Fischer – Louis Pia 1-17-12-22.xlsx

2. For the datasets produced on March 3, it appears that there might be some missing pieces of data:

    a. The total reported hours from August through December 2023 is zero. Is this a data omission?

    b. Pending Cases is zero in every month except April 2023 and February 2026, which have non-zero pending cases. Is this a data omission?

3. For the datasets produced on March 3, it appears that there might be some split and/or conflicting data:

    a. For July 2023, 33 investigators appear in two separate source tabs (e.g., G025144 and G025147) where each tab contains a distinct, non-overlapping subset of metrics - one tab records Hours only, while the other records case counts and activity metrics. Could you confirm whether these split entries represent a single reporting period that was intentionally submitted across two tabs, or whether they reflect a data export issue? Should the records be treated as one combined monthly record per investigator or is there a different authoritative source for July 2023?

    b. For November and December 2020, 36 investigators appear in both G024036 and a second source tab (i.e., G025149/G025150) for the same month, with different values across the same fields (e.g., Hours, New Assigned Cases, Closed Cases). Could you confirm whether this data should be combined or if one source tab is authoritative over the other?

Best,
Ryan

**Ryan C. Cowdin**
Associate (he/him/his)

1225 New York Avenue, NW Suite 1200B, Washington, DC 20005
(w) 202-847-4409

rcowdin@outtengolden.com
**outtengolden.com**

Outten&Golden

This message was sent by the law firm Outten & Golden LLP and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender immediately and delete the message and any attachments.

For more information about Duane Morris, please visit https://www.DuaneMorris.com

Confidentiality Notice: This electronic mail transmission is privileged and confidential and is intended only for the review of the party to whom it is addressed. If you have received this transmission in error, please immediately return it to the sender. Unintended transmission shall not constitute waiver of the attorney-client or any other privilege.