DuaneMorris®

*FIRM and AFFILIATE OFFICES*
GERALD L. MAATMAN, JR.
DIRECT DIAL: +1 312 499 6710
PERSONAL FAX: +1 312 279 6780
*E-MAIL:* GMaatman@duanemorris.com

September 22, 2026

Magistrate Judge Steven I. Locke
United States District Court for the Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

Dear Magistrate Judge Locke:

Defendant Government Employees Insurance Company ("GEICO") writes pursuant to Your Honor's Individual Practice Rule 4(A)(i), and as required by Federal Rule of Civil Procedure 30(a)(2)(A)(i), to request leave of court to depose 25 opt-in Plaintiffs during Phase III discovery, following the Court's denial of GEICO's motion for decertification. (ECF 181.)

**Background.** In April 2024, Magistrate Judge Arlene Lindsay bifurcated discovery into three phases. She directed that, in Phase I, the parties should complete discovery with respect to the seven named Plaintiffs and the 18 then-existing opt-in Plaintiffs. (ECF 58.) GEICO sought leave to depose all opt-in Plaintiffs at that time (ECFs 74, 75) but was permitted to depose only 9 of the 18 opt-in Plaintiffs in Phase I. (ECF 80.)

In Phase II, the decertification phase, following the conclusion of the opt-in notice period, GEICO sought leave to depose 17 opt-in Plaintiffs to support its motion for decertification, or half of the 34 opt-in Plaintiffs who filed consent to join forms during the notice period. (ECF 148.) The Court granted GEICO's motion on December 2, 2025. (Dec. 2, 2025 Order.) Although GEICO sought the depositions of 17 opt-in Plaintiffs, six filed withdrawals of their consent to join forms rather than appear for depositions. (ECFs 150, 153-155, 160-161.)

On February 20, 2026, this Court denied Plaintiffs' Motion for Class Certification as to their New York Labor Law ("NYLL") claims. (ECF 162.) On August 14, 2026, this Court denied GEICO's motion for decertification (ECF 181) and the parties conferred on September 2, 2026, regarding Phase III discovery. GEICO sought Plaintiffs' consent to depose the remaining 25 opt-in Plaintiffs not subject to Phase I or II depositions. (Ex. A.) The parties continued conferring from September 9-18, 2026, with Plaintiffs refusing to consent. (*Id.*)

## I. The Court Should Permit GEICO To Depose The Remaining Opt-In Plaintiffs

Rule 26 provides that a party may obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Regarding depositions, Rule 30 provides that a "party must obtain leave of court … [if] the deposition would result in more than 10 depositions being taken under this rule." Fed. R. Civ. P. 30. Here, the Court should allow GEICO to depose the remaining 25 of the 44 opt-in Plaintiffs because such depositions are necessary and appropriate for several reasons.

*First*, courts have long permitted parties to depose each opt-in plaintiff in similarly-sized collective actions where such depositions are feasible. *See, e.g.*, *Rosen v. Reckitt & Colman, Inc.*,

1994 WL 652534, at *4 (S.D.N.Y. Nov. 17, 1994) (allowing defendant to depose all 50 members of the "relatively small" collective action); *Ingersoll v. Royal & Sunalliance USA, Inc.*, 2006 U.S. Dist. LEXIS 50912, 2006 WL 2091097, at *3 (W.D. Wash. July 25, 2006) (permitting depositions of all 34 opt-in plaintiffs); *Forauer v. Vt. Country Store, Inc.*, 2014 U.S. Dist. LEXIS 79234 at *4 (D. Vt. June 11, 2014) (allowing depositions of all 24 opt-in plaintiffs because "[t]here are twenty-five Plaintiffs in this case, and thus individualized depositions remain feasible"). The "relatively small" group here similarly signals that discovery as to all opt-in plaintiffs is appropriate, and completing depositions of 25 opt-in Plaintiffs is feasible. *Rosen*, 1994 WL 652534 at *4.

*Second*, the phased schedule the Court adopted here contemplated additional discovery at each step. Courts recognize that the denial of decertification often necessitates additional deposition discovery. *See*, *e.g.*, *Kutzback v. LMS Intellibound, LLC*, 2020 WL 1317345, at *10 (W.D. Tenn. 2020) (permitting 50 depositions following denial of decertification); *Mikityuk v. Cision US Inc.*, 2021 WL 5449606, at *4 (S.D.N.Y. 2021) (recognizing the defendant's right to seek "leave to take additional depositions if [] the collective is not decertified"). GEICO previously indicated that a denial of decertification would require "individualized damages discovery, including depositions." (ECF 179 at 3.) To succeed on their claims, Plaintiffs must establish that they worked in excess of 40 hours during each workweek, and they must introduce the number of additional hours they purportedly worked "off the clock," and GEICO is entitled to discover the basis for and to test their claims.

*Third*, GEICO requires discovery from each opt-in Plaintiff regarding his or her claims to defend itself from Plaintiffs' claim that "representative testimony is appropriate" and their attempt to offer purportedly "representative" testimony at trial. (Ex. A.) A defendant is entitled to show why evidence is not "representative" and to discover individualized grounds to support its defenses to each claim. *Rosen*, 1994 WL 652534 at *4 (finding "[f]airness" mandated depositions of all opt-in plaintiffs because "were the Court to limit [defendant] to 10 or 20 depositions, anecdotal exculpatory information might go entirely undiscovered"); *Rivera v. UBM Enter., Inc.*, 2014 WL 462586, at *3 (N.D. Tex. Feb. 5, 2014) ("Plaintiffs do not suggest how representative discovery would . . . afford Defendants a reasonable opportunity to explore, discover, and establish an evidentiary basis for its defenses."). Here, Plaintiffs' proffered testimony is not "representative" and is not admissible, and GEICO is entitled to demonstrate why. "[M]ost cases resting on representational evidence 'involve a fairly small employee population, a limited number of employee positions, and uniform work tasks.'" *Reich v. S. New England Telecomm. Corp.*, 121 F.3d 58, 67 (2d Cir. 1997) (quoting *Reich v. S. Maryland Hosp., Inc.*, 43 F.3d 949, 952 (4th Cir. 1995)). Such conditions do not exist here. As this Court recognized, determining liability and damages as to any individual requires "individualized inquiries about the employee's peculiar circumstances." (ECF 162 at 26-27.) Prohibiting GEICO from obtaining discovery that rebuts Plaintiffs' argument that proffered evidence is purportedly "representative" would substantially prejudice GEICO, prevent it from defending itself, and run afoul of GEICO's due process rights. *See Lusardi v. Xerox Corp.*, 118 F.R.D. 351, 370-72 (D.N.J. 1987) ("To proceed without permitting [defendant] to raise at the liability stage of trial each and every defense available to it where each

potential class member is readily identifiable and must step forward in order to assert and prove an individual claim for liability or at least be the subject of a defense particular to such plaintiff would deprive defendant of the Fifth Amendment right to due process.").

*Fourth*, due to the Court's order denying their motion for class certification, to the extent opt-in Plaintiffs intend to pursue individual claims for alleged violations of the NYLL, GEICO is entitled to discovery regarding such individual claims. Where plaintiffs plan to pursue individual claims, defendants are entitled to discovery regarding those individual claims. *See Forsberg v. Pac. Nw. Bell Tel. Co.*, 1986 WL 192874, at *1 (D. Or. Apr. 30, 1986) (granting defendant's motion to compel 34 opt-in plaintiff depositions following the denial of class certification despite plaintiff's argument that the suit "remains a representative one"); *Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d 1175, 1179 (9th Cir. 2008) (noting propriety of individual discovery where "each individual opt-in plaintiff was also proceeding on multiple state law causes of action that were not included in the [collective] action"). Here, the Court denied class certification and, to the extent each Plaintiff plans nevertheless to assert a claim for alleged violation of the NYLL, such claims are not included in the FLSA collective action and GEICO is permitted to seek individual discovery as to such claims. This Court's prior statements confirm the necessity of such discovery here. Most recently, in addressing decertification, this Court acknowledged the presence of "employee-specific questions concerning hours, limitations, and damages." (ECF 181 at 33.) The depositions GEICO seeks are unquestionably necessary to explore plaintiff-specific issues.

*Fifth*, written discovery is not an adequate substitute for the deposition of each opt-in Plaintiff. As courts routinely recognize, depositions are a crucial discovery mechanism, allowing defendants to obtain information regarding plaintiffs' claims and damages and test the veracity of allegations. *See Buetenmiller v. Cogswell*, 2021 U.S. Dist. LEXIS 87360, at *5-6 (E.D. Mich. 2021) ("The right to take depositions is a broad one because depositions are such an important tool of discovery."); *GMAC Bank v. HTFC Corp.*, 248 F.R.D. 182, 185 (E.D. Pa. 2008) (noting that depositions play an "extremely important role in the American system of justice"); *Seuthe v. Renwal Prods., Inc.*, 38 F.R.D. 323, 324 (S.D.N.Y. 1965) ("Ordinarily, interrogatories are not an effective substitute for an oral deposition, particularly where an adverse party is under examination."). Depositions are particularly crucial here, as several Plaintiffs' deposition testimony contradicted written discovery responses and declarations. (ECF 173-1 at 6-7.)

*Finally*, Defendant's request will not unduly prejudice Plaintiffs. A short extension of the Phase III discovery deadline, currently set for September 30, 2026, to complete depositions would not unduly delay the case. No trial date is currently scheduled and thus no prejudice to Plaintiffs will result. *See Coene v. 3M Co.*, 303 F.R.D. 32, 45 (W.D.N.Y. 2014) (finding no prejudicial effect where, *inter alia*, no trial date was set); *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007) (ruling that good cause and no prejudicial effect are factors considered for modification of a scheduling order under Rule 16(b)).

GEICO respectfully requests leave to depose the 25 remaining opt-in Plaintiffs.

We thank the Court for its attention to this matter.

Respectfully submitted,

*/s/Gerald L. Maatman, Jr.*
Gerald L. Maatman, Jr.

CC: All other counsel of record (via ECF)