Outten&Golden®

Hon. Steven I. Locke
United States Magistrate Judge
United States District Court, Eastern District of New York
Courtroom 820
100 Federal Plaza
Central Islip, New York 11722

September 25, 2026

**Via ECF**

Re: ***Fischer, et al. v. Gov't Emps. Ins. Co. d/b/a GEICO*, Case No. 23 Civ. 02848**

Dear Judge Locke,

Plaintiffs oppose GEICO's letter motion to compel 25 additional opt-in plaintiff depositions. *See* Docket Entry ("DE") 189. GEICO's renewed attempt to take additional depositions is grossly disproportionate to the needs of the case, cumulative of discovery in the record, and a clear tactic to continue to whittle down the collective. GEICO has already deposed 25 named plaintiffs and opt-in plaintiffs of a 52-person collective. The Court should deny GEICO's motion in its entirety.

## I. Procedural Background

On April 16, 2024, Magistrate Judge Lindsay phased discovery in this case, setting out the bounds for each phase therein. *See* Apr. 16, 2024 Min. Order.

Phase I focused on "merits discovery with respect to named plaintiffs and any of the [then] 26 opt-in plaintiffs who reside in New York." *Id.* After GEICO deposed the 7 named plaintiffs, GEICO moved to also depose the remaining opt-in plaintiffs, which the Court denied considering Plaintiffs' objections, but granted GEICO leave to depose 9 additional opt-in plaintiffs. DE 74, 75, 80. Plaintiffs then served written discovery for 24 plaintiffs and opt-in plaintiffs and GEICO deposed a total of 15 opt-in plaintiffs (approximately 30% of the collective).

Next, Phase II focused on "merits discovery concerning possible opt-in plaintiffs." Apr. 16, 2024 Min. Order. After 216(b) notice was authorized, DE 91, GEICO served written discovery on the remaining opt-in plaintiffs (34) and moved to only depose (17) of those individuals. DE 148. In granting GEICO's motion, Your Honor noted that "Defendant does not seek to depose every opt-in Plaintiff," and acknowledged that "the deposition of a sample of opt-in plaintiffs" is appropriate in FLSA cases. Dec. 2, 2025 Min. Order. During Phases I and II, 25 plaintiff and opt-in plaintiff depositions (approximately 50% of the collective) were taken and 49 sets of written discovery (approximately 94% of the collective) were served out of a 52-person collective.

Now, the Parties are in Phase III, which is focused on expert and damages discovery. *See* Apr. 16, 2024 Min. Order. Accordingly, the Parties have been conferring over expert discovery

and data questions related to GEICO's expert report, collective-wide damages data and document issues, and outstanding collective-wide pay data productions. *See* DE 186 at 1-2.

In addition, GEICO's motions for partial summary judgment and to decertify the collective, which relied on Phase I and II discovery are relevant to the lack of a need for additional discovery. On August 14, 2026, Your Honor issued an order recommending denial of GEICO's motion for partial summary judgment (DE 138) and denying GEICO's motion for decertification (DE 172). *See* DE 181. By memorandum and order, Judge Bulsara denied GEICO's objections (DE 183) and adopted the order and report and recommendation in full. *See* DE 187.

## II. GEICO Already Took Extensive Oral and Written Discovery in Phases I and II.

GEICO again seeks "unreasonably cumulative or duplicative" discovery that exceeds Rule 26's proportionality limits because it already has obtained substantial discovery from almost all members of the collective. Fed. R. Civ. P. 26(b)(2)(C)(i-iii). As noted above, and in prior briefing (*e.g.*, DE 149), GEICO has sought extensive discovery from the collective. On this record, GEICO moved for partial summary judgement as to 16 plaintiffs and opt-in plaintiffs and to decertify the collective, but to no avail. GEICO should not be permitted to obtain additional opt-in discovery because it is not pleased with the substantial number of depositions taken and discovery responses served.

"[N]ot all employees need testify in order to prove FLSA violations." *Grochowski v. Phoenix Constr.*, 318 F.3d 80, 88 (2d Cir. 2003); *see also Reich v. S. New England Telecomms. Corp.*, 121 F.3d 58, 67 (2d Cir. 1997) (Plaintiffs "may present the testimony of a representative sample of employees as part of [their] proof of the prima facie case under the FLSA"). Indeed, the Court has acknowledged this truth throughout the litigation. *See, e.g.*, DE 181 at 29 (noting that courts in the Second Circuit "may permit representative testimony"); DE 187 (same). Deposing the *whole* collective here "would defeat the very purpose contemplated by Congress in authorizing . . . collective actions." *Higueros v. N.Y. State Catholic Health Plan, Inc.*, No. 07 Civ. 418, 2009 WL 3463765, at *2 (E.D.N.Y. Oct. 21, 2009) (citing 29 U.S.C. § 216(b)).

## III. Phase III Discovery Does Not Contemplate Additional Opt-In Depositions, GEICO's Reasons are Unpersuasive, and the Cases in Support are Distinguishable.

Again, Phase III discovery is focused on expert and collective-wide damages discovery, and the Parties have engaged in conferrals and exchanged discovery on these topics. GEICO's letter motion asserts that the depositions "are necessary and appropriate," DE 189 at 1, but its reasons are lacking.

GEICO has already deposed approximately 50% of the collective, which is well above the percentage Second Circuit courts allow in FLSA cases. *See, e.g.*, *Higueros*, 2009 WL 3463765, at *2-3 (denying motion to compel after defendant deposed 13/31 plaintiffs); *Lloyd v. J.P. Morgan Chase & Co.*, No. 12 Civ. 2197, 2015 WL 1283681, at *4 (S.D.N.Y. Mar. 20, 2015) (allowing depositions of 20/100 opt-in plaintiffs); *Ruggles v. Wellpoint, Inc.*, No. 08 Civ. 201, 2010 WL 11574166, at *5 (N.D.N.Y. Jan. 4, 2010) (allowing depositions of 25% of 331-person collective).

The granular individualized testimony GEICO seeks here is neither necessary nor proportional to the needs of the case, as "[t]he factfinder is ordinarily permitted to consider the testimony of one plaintiff to the extent it is probative of another plaintiff's claims." *Mangahas v. Eight Oranges, Inc.*, 754 F. Supp. 3d 468, 484 n.3 (S.D.N.Y. 2024); *see also* DE 185 at 8-9 (citing cases and argument). Though some courts have permitted depositions of every opt-in plaintiff in smaller collective actions, those cases either had fewer opt-in plaintiffs, were earlier in discovery, and/or were earlier in the stages of litigation (i.e., no decertification motion filed). *See Rosen v. Reckitt & Colman, Inc.*, 1994 WL 652534, at *5-12 (S.D.N.Y. Nov. 17, 1994) (50-person ADEA collective case where no depositions had been taken and the parties were preparing for trial); *Ingersoll v. Royal & Sunalliance USA, Inc.*, 2006 U.S. Dist. LEXIS 50912, 2006 WL 2091097, at *6-9 (W.D. Wash. July 25, 2006) (35-person FLSA collective where few depositions were taken and the additional depositions were sought to support decertification motion); *Forauer v. Vt. Country Store, Inc.*, No. 12 Civ. 276, 2014 U.S. Dist. LEXIS 79234 at *11-16 (D. Vt. June 11, 2014) (24-person FLSA collective where 216(b) was granted and depositions were sought to support decertification motion).

The Court's denial of GEICO's motion for decertification does not "necessitate[] additional deposition discovery," DE 189 at 2, and GEICO has already discovered the factual bases for Plaintiffs' and opt-in plaintiffs' claims through extensive written and deposition discovery. *See supra* Section II. Again, "not all employees need testify in order to prove FLSA violations." *Grochowski*, 318 F.3d at 88. And GEICO's cases do not support is stated need for individualized discovery now that the collective has stayed intact. *See Kutzback v. LMS Intellibound, LLC*, 2020 WL 1317345, at *14-17 (W.D. Tenn. Mar. 17, 2020) (allowing additional depositions only after the parties requested such to the court and because the plaintiffs did not provide *any* individualized damages discovery or estimates);[1] *Mikityuk v. Cision US Inc.*, No. 21 Civ. 510, 2021 U.S. Dist. LEXIS 224896, at *10 (S.D.N.Y. Nov. 22, 2021) (prior to decertification, court noted defendant did not show need to depose all 37 opt-in plaintiffs "particularly since they will have the responses to written discovery from these opt-ins").[2]

GEICO has sufficient evidence at this stage of litigation. Contrary to its assertion, DE 189 at 3, GEICO will not be prejudiced absent the depositions of these 25 opt-in plaintiffs. Further, the cases that it cites to argue that written discovery is inadequate are not wage cases, and the parties in those cases sought to depose individual key witnesses (not several individuals) who were necessary to prove those claims. Phase III damages and expert discovery should not be extended for the purpose of re-engaging Phase II opt-in discovery.

---

[1] Plaintiffs served Rule 26 initial disclosures late 2024 and aim to serve updated damages disclosures this month to account for pay data that has been received throughout the course of discovery.

[2] GEICO's arguments as to the need for individualized NYLL damages discovery fare no better, as evidence in the record can be used to substantiate their claims. GEICO's cases in support of this point are distinguishable because no depositions could have been taken prior to class certification denial, *see Forsberg v. Pac. Nw. Bell Tel. Co.*, No. 84 Civ. 1401, 1986 WL 192874, at *1 (D. Or. Apr. 30, 1986), or because no damages estimates were provided in advance of trial, *see Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d 1175, 1179-80 (9th Cir. 2008).

For these reasons, Plaintiffs ask that the Court deny GEICO's request to take 25 additional depositions, allowing the Parties to move this case towards resolution.

Respectfully Submitted,



Michael J. Scimone

c: All Counsel of Record (via ECF)