**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

KEITH FISCHER, MICHAEL O'SULLIVAN, JOHN MOESER, LOUIS PIA, THOMAS BARDEN, CONSTANCE MANGAN, and CHARISE JONES, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

GOVERNMENT EMPLOYEES INSURANCE COMPANY,

Defendant.

Case No. 2:23-CV-02848

District Judge Sanket J. Bulsara

Magistrate Judge Steven I. Locke

**DEFENDANT GEICO'S RULE 72 OBJECTIONS TO MAGISTRATE JUDGE LOCKE'S OCTOBER 8, 2026 ORDER DENYING GEICO'S LETTER MOTION FOR LEAVE TO DEPOSE THE REMAINING OPT-IN PLAINTIFFS**

Gerald L. Maatman, Jr.
Jennifer A. Riley
Gregory Tsonis
**DUANE MORRIS LLP**
190 S. LaSalle Street, Suite 3700
Chicago, IL 60603
Telephone: (312) 499-6700
Fax: (312) 499-6701
gmaatman@duanemorris.com
jariley@duanemorris.com
gtsonis@duanemorris.com

*Attorneys for Defendant Government Employees Insurance Company*

# TABLE OF CONTENTS

**Page**


INTRODUCTION ..... 1

BACKGROUND ..... 2

LEGAL STANDARD ..... 3

ARGUMENT ..... 4

I. THE ORDER ERRED BY FAILING TO CONSIDER THE INDIVIDUAL NYLL CLAIMS ASSERTED BY PLAINTIFFS IN ASSESSING RELEVANCE AND PROPORTIONALITY UNDER RULE 26 ..... 4

II. MAGISTRATE JUDGE LOCKE ERRED IN RELYING ON THE PERCENTAGE OF OPT-IN PLAINTIFFS DEPOSED RATHER THAN THE TOTAL NUMBER OF PLAINTIFFS IN THIS ACTION ..... 9

CONCLUSION ..... 11

# TABLE OF AUTHORITIES

**Federal Cases**


*Abubakar v. County of Solano*, 2008 WL 508911 (E.D. Cal. Feb. 22, 2008) .............................. 10

*Aviles v. S&P Global, Inc.*, 583 F. Supp. 3d 507 (S.D.N.Y. 2022) ......................................... 9-10

*Doe v. Syracuse Univ.*, 481 F. Supp. 3d 66 (N.D.N.Y. 2020) ....................................................... 3

*Donohoe v. Bonneville Int'l Corp.*, 602 F. Supp. 2d 1 (D.D.C. 2009) ........................................... 8

*Forauer v. Vermont Country Store, Inc.*, 2014 WL 2612044 (D. Vt. June 11, 2014).................... 9

*Higueros v. New York State Catholic Health Plan, Inc.*, 2009 WL 3463765 (E.D.N.Y. Oct. 21, 2009) ............................................................................................................. 11

*Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d 1175 (9th Cir. 2008)................................ 4, 6

*Ingersoll v. Royal & Sunalliance USA, Inc.*, 2006 WL 2091097 (W.D. Wash. July 25, 2006) ................................................................................................................... 10

*Kaas v. Pratt & Whitney*, 1991 WL 158943 (S.D. Fla. Mar. 18, 1991) ....................................... 10

*Kilcullen v. New York State Dep't of Transp.*, 55 F. App'x 583 (2d Cir. 2003)............................ 2

*Krueger v. New York Telephone Co.*, 163 F.R.D. 446 (S.D.N.Y. 1995) ....................................... 8

*Lloyd v. J.P. Morgan Chase & Co.*, 2015 WL 1283681 (S.D.N.Y. Mar. 20, 2015) ......................................................................................................................... 10-11

*Mikityuk v. Cision US, Inc.*, 2021 WL 5449606 (S.D.N.Y. Nov. 22, 2021).................................. 8

*Monsour v. New York State Off. for People With Developmental Disabilities,* 2016 WL 3248398 (N.D.N.Y. June 10, 2016)............................................................................... 8

*Packard v. City of New York*, 326 F.R.D. 66 (S.D.N.Y. 2018) ..................................................... 9

*Pisacane v. Enichem Am., Inc.*, 1996 WL 391865 (S.D.N.Y. July 12, 1996) ........................... 6, 8

*Roche Freedman LLP v. Cyrulnik*, 2022 WL 17157670 (S.D.N.Y. Nov. 22, 2022)..................6, 8

*Rosen v. Reckitt & Colman*, 1994 WL 652534 (S.D.N.Y. Nov. 17, 1994), 49 ...................... 10-11

*Ruggles v. Wellpoint, Inc.*, 2010 WL 11574166 (N.D.N.Y. Jan. 4, 2010) .................................. 11

*Seuthe v. Renwal Prods., Inc.*, 38 F.R.D. 323 (S.D.N.Y. 1965) .................................................... 7

*TCA Television Corp. v. McCollum*, 2018 WL 2932724 (S.D.N.Y. June 12, 2018)...................... 3

*Walters v. T&D Towing Corp.*, 2020 WL 7024350 (E.D.N.Y. Nov. 27, 2020) .................. *Passim*

*Zito v. Leasecomm Corp.*, 233 F.R.D. 395 (S.D.N.Y. 2006) ........................................................ 7

**Rules**

Fed. R. Civ. P. 26 ............................................................................................................ *Passim*

Fed. R. Civ. P. 30 ............................................................................................................... 3, 9

Fed. R. Civ. P. 72 ............................................................................................................ *Passim*

Defendant Government Employees Insurance Company ("GEICO" or "Defendant"), by its attorneys, Duane Morris LLP, respectfully submits the following Objections to Magistrate Judge Locke's October 8, 2026, Order (the "Order"), pursuant to Federal Rule of Civil Procedure 72(a).[1]

**INTRODUCTION**

The Magistrate Judge's decision, which prohibits GEICO from obtaining deposition testimony from the 25 opt-in Plaintiffs who have yet to be deposed, was clearly erroneous for two reasons.

First, by focusing exclusively on Plaintiffs' FLSA claims and the decision to deny decertification, the Magistrate Judge failed to consider the relevance and proportionality of the discovery sought with respect to Plaintiffs' individual New York Labor Law ("NYLL") claims. Those claims are not part of a collective action, relate to a different, broader time period than Plaintiffs' FLSA claims, and concern materially different factual circumstances that GEICO should be permitted to explore through deposition discovery. As demonstrated by deposition testimony of opt-in Plaintiffs collected to date, various Plaintiffs operated under a different compensation structure and have no NYLL damages for extended periods. The discovery sought is relevant and proportional to the needs of the case, and GEICO otherwise has no method of obtaining such damages discovery essential to its defense of those Plaintiffs' individual NYLL claims.

Second, by relying on the percentage of opt-in Plaintiffs deposed to date, rather than the overall size of the collective action, the Order also reflected manifest error. As courts in the Second

[1] GEICO objects only to the portion of the October 8, 2026 Order concerning GEICO's motion for leave to depose additional opt-in Plaintiffs.

Circuit recognize, limiting discovery to only a sample of opt-in Plaintiffs is appropriate only when a collective action is substantially larger than the 52-person collective action at issue in this case.

GEICO should be permitted to depose the remaining opt-in Plaintiffs and respectfully requests that this Court permit it to do so.[2]

**BACKGROUND**

On February 20, 2026, this Court denied Plaintiffs' Motion for Class Certification as to Plaintiffs' NYLL claims. (ECF No. 162.) In so doing, this Court determined that the opt-in Plaintiffs in this case were asserting not only FLSA claims but NYLL claims as well. (*Id*. at 43 n.19.) Specifically, the Court stated that "by opting-in" and filing a consent to join form, each opt-in Plaintiff in this case is "deemed to be a party and to have asserted not just a FLSA claim, but a NYLL claim as well." (*Id.*) Thus, following the denial of class certification, the Court deemed that GEICO faced 52 individual NYLL claims that would not proceed on a class basis, as well as the FLSA claims asserted on a collective basis.

On September 22, 2026, GEICO sought leave to depose the 25 remaining opt-in Plaintiffs in this case during Phase III discovery. (ECF No. 189.) GEICO established, in relevant part, that such discovery was permitted by other courts dealing with similarly-sized collective actions, that courts recognize the propriety of further discovery following the denial of decertification, and that the discovery was necessary due to Plaintiffs' individual NYLL claims. (*Id*.)

[2] While GEICO believes that it is entitled to the depositions sought, it is also required, under Second Circuit precedent, to object to the Order in order to preserve its arguments. *See Kilcullen v. New York State Dep't of Transp*., 55 F. App'x 583, 585 (2d Cir. 2003) ("[F]ailure to object to a magistrate judge's ruling with respect to a non-dispositive motion forfeits the right to any further review of that decision, either by the district court or on appeal.") (citing *Spence v. Maryland Cas. Co*., 995 F.2d 1147, 1155 (2d Cir. 1993)).

On October 8, 2026, Magistrate Judge Locke entered a minute entry addressing several pending motions. (Text-Only Order (Oct. 8, 2026).) In the paragraph addressing Defendant's Motion seeking leave to depose the remaining opt-in Plaintiffs, the Order denied Defendant's motion because "Phase II merits discovery, during which opt-in depositions were conducted, is complete" and Phase III discovery is "focused on expert discovery and damages." (*Id.*) While noting the cases GEICO cited in its motion that involved "small collectives" in which "all of the plaintiffs were permitted to be deposed," the Order concluded that "those were largely cases where the defendants were attacking whether the plaintiffs were similarly situated" and, with decertification already decided here, supported denial of Defendant's motion. (*Id.*) Finally, the Order noted that "Defendant has already deposed over 50 percent of the Plaintiffs in this case" and thus "[f]urther depositions are disproportionate to the needs to the case." (*Id.*)

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 72(a), the Court may set aside or modify a non-dispositive ruling that is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *Doe v. Syracuse Univ.*, 481 F. Supp. 3d 66, 73 (N.D.N.Y. 2020). Clear error exists where "the magistrate judge . . . misapplies relevant statutes, case law, or rules of procedure." *TCA Television Corp. v. McCollum*, 2018 WL 2932724, at *2 (S.D.N.Y. June 12, 2018) (quotations omitted and collecting cases).

A party seeking more than ten depositions "must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(1) and (2)." Fed. R. Civ. P. 30(a)(2)(A)(i). Accordingly, courts consider whether "(1) 'the discovery sought is unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient, less burdensome, or less extensive,' (2) 'the party seeking discovery has had ample opportunity to obtain the information by discovery in the action,' and (3) 'the burden or expense of the proposed discovery

outweighs its likely benefit, considering the needs of the case, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.'" *Walters v. T&D Towing Corp.*, 2020 WL 7024350, at *1 (E.D.N.Y. Nov. 27, 2020) (quoting Fed. R. Civ. P. 26(b)(2)(C) and collecting cases).

## ARGUMENT

### I. THE ORDER ERRED BY FAILING TO CONSIDER THE INDIVIDUAL NYLL CLAIMS ASSERTED BY PLAINTIFFS IN ASSESSING RELEVANCE AND PROPORTIONALITY UNDER RULE 26

In denying GEICO's motion for leave to take additional depositions, the Magistrate Judge erred by focusing exclusively on the opt-in Plaintiffs' FLSA claims and the already-decided decertification motion and failing to consider the relevance of the requested discovery to Plaintiffs' individual NYLL claims. (Text-Only Order (Oct. 8, 2026); ECF No. 189 at 3.) As this Court previously determined, the opt-in Plaintiffs are asserting individual NYLL claims, therefore, additional depositions to discover Plaintiffs' claimed NYLL damages and the bases for the damages associated with those claims, if any, are necessary and satisfy Rule 26's requirements.

Courts recognize that relevant discovery may be sought regarding individual claims asserted in class or collective actions. *See Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d 1175, 1179 (9th Cir. 2008) (finding individual discovery appropriate where "each individual opt-in plaintiff was also proceeding on multiple state law causes of action that were not included in the [collective] action"). This Court previously recognized the necessity of individualized inquiries concerning Plaintiffs' NYLL claims. The Court found a "lack of coherence about when class members worked overtime and for how long" and reasoned that "individualized inquiries about the employee's peculiar circumstances" that "go beyond damages and affect liability," as well as "employee-specific questions concerning hours, limitations, and damages," are necessary to resolve Plaintiffs' claims. (ECF No. 162 at 26-27; ECF No. 181 at 33.) The deposition

discovery sought by GEICO is relevant and necessary to explore these plaintiff-specific issues that this Court recognized exist regarding Plaintiffs' alleged damages.

The deposition testimony of opt-in Plaintiffs regarding claimed NYLL damages collected to date confirms the relevance and proportionality of additional depositions. As an initial matter, the statute of limitations for Plaintiffs' FLSA claims is only three years, at most, while Plaintiffs' NYLL claims encompass a six-year limitations period. As a result, Plaintiffs' NYLL claims involve a time period distinct from their FLSA claims, and Plaintiffs' claimed damages present unique issues that are not covered by their FLSA claims. Therefore, the discovery regarding Plaintiffs' NYLL claims is not "unreasonably cumulative or duplicative" of discovery regarding Plaintiffs' FLSA claims. Fed. R. Civ. P. 26(b)(2)(C)(i).

The time period that predates the period relevant to Plaintiffs' FLSA claims presents materially different factual circumstances. For example, prior to 2020, Plaintiffs were compensated using a fluctuating workweek methodology. Plaintiff Ohrnberger testified that, under this compensation structure, she was able to record more than 38.75 hours and received "premium pay" for hours worked that exceeded 40 in a workweek, contrary to her allegations regarding the period encompassed by her FLSA claims. (Ex. A, Ohrnberger Dep. at 33:12-20 ("That was from 2017 to 2019. They were allowing us to do overtime, Geico. But they were paying us in premium pay as opposed to our time and a half."), 42:5-44:13 ("From 2017 through 2019, when you were receiving a premium pay, you could have recorded as many hours as you worked, right? A. I believe so. I don't know if there was ever a time where we weren't permitted to do premium pay during that period of time…I don't believe there was."), 91:8-14 ("So what you're saying is during the time that you were receiving premium pay, you believe that the hours that you recorded in Workday or the timekeeping system accurately reflect the hours that you

actually spent working? A. Yes, I believe so."). Plaintiff Gotterbarn similarly testified that she was compensated under the same "premium pay" structure and that she recorded all hours worked during the period she worked under that compensation structure, which is exclusive to her NYLL claims. (Ex. B, Gotterbarn Dep. at 68:7-69:5, 76:2-17 ("Were you able to record as much, I guess, premium time, premium payment time as you wanted to when you were under that compensation structure? A. Yes….Yes, when I was getting premium pay, I was recording all of my hours.").

Defendant was able to learn that Plaintiffs Gotterbarn and Ohrnberger do not claim any damages for workweeks prior to 2020, a time period exclusive to their NYLL claims, only through deposition questioning. (Ex. B at 76:19-77:9 ("[A]s part of this lawsuit we said that you're alleging that you worked certain time that you believe that you should be compensated for, but that you did not record in Geico's timekeeping system, right? A. Yes….[T]those claims do not encompass this time period for which you were being paid premium payments; is that right? A. Yes."). As the exemplar testimony from Plaintiffs Ohrnberger and Gotterbarn demonstrates, the deposition discovery Defendant seeks from other Plaintiffs, who have not yet appeared for deposition, is relevant and appropriate and cannot "be obtained from some other source that is more convenient, less burdensome, or less extensive." Fed. R. Civ. P. 26(b)(2)(C)(1); *Hoffman* 541 F.3d at 1179. Denying GEICO the opportunity to seek deposition testimony, without considering its relevance to the individual NYLL claims of the remaining opt-in Plaintiffs, was erroneous. *See Roche Freedman LLP v. Cyrulnik*, 2022 WL 17157670, at *1-2 (S.D.N.Y. Nov. 22, 2022) (sustaining Rule 72(a) objections to Magistrate Judge's order prohibiting deposition because the "relatively low bar of relevance" was met) (quotations omitted); *Pisacane v. Enichem Am., Inc.*, 1996 WL 391865, at *7 (S.D.N.Y. July 12, 1996) (sustaining Rule 72(a) objections where discovery sought was relevant).

Written discovery does not suffice. Courts long have recognized that written discovery is not an adequate substitute for deposition testimony. *See Seuthe v. Renwal Prods., Inc.*, 38 F.R.D. 323, 324 (S.D.N.Y. 1965) ("Ordinarily, interrogatories are not an effective substitute for an oral deposition, particularly where an adverse party is under examination."); *Zito v. Leasecomm Corp.*, 233 F.R.D. 395, 396-400 (S.D.N.Y. 2006) ("Written questions are rarely an adequate substitute for oral depositions both because it is difficult to pose follow-up questions and because the involvement of counsel in the drafting process prevents the spontaneity of direct interrogation."). Notably, the written discovery responses provided by Plaintiffs Gotterbarn and Ohrnberger in advance of their depositions failed to identify the years-long periods in which they admit they were permitted to record all of their hours worked, recorded all of their hours worked, and cannot claim damages under the NYLL. (Ex. C, Gotterbarn Interrogatory Responses; Ex. D, Ohrnberger Interrogatory Responses.) Depositions are the only method by which Defendant can obtain such damages discovery regarding the individual NYLL claims asserted by opt-in Plaintiffs.

The remaining Rule 26(b)(2) factors also demonstrate the propriety of granting GEICO leave to take additional depositions. First, Defendant has not had "ample opportunity" to seek such depositions. *Walters*, 2020 WL 7024350 at *1; Fed. R. Civ. P. 26(b)(2)(C)(ii). GEICO previously sought depositions of all then-existing opt-in Plaintiffs in Phase I of this litigation, but Magistrate Judge Tiscione denied its request and limited GEICO to depositions of only half of the then-existing opt-in Plaintiffs. (ECF No. 189 at 1; ECF No. 80.) Consistent with Magistrate Judge Tiscione's ruling, after Court-authorized notice issued in Phase II, GEICO sought to depose a commensurate portion of the opt-in Plaintiffs who filed consent to join forms in order to support its decertification motion which, if successful, would have resulted in the dismissal of all opt-in Plaintiffs' claims.

With decertification denied, discovery on Plaintiffs' NYLL claims and purported damages which GEICO had no opportunity to obtain for these individuals, is relevant and appropriate. *See Mikityuk v. Cision US, Inc.*, 2021 WL 5449606 at *3-4 (S.D.N.Y. Nov. 22, 2021) (recognizing, prior to deciding decertification, that "before a plaintiff is entitled to recover damages, [d]efendants should have the opportunity to have further discovery both with respect to liability and with respect to damages"); *Donohoe v. Bonneville Int'l Corp.*, 602 F. Supp. 2d 1, 5 (D.D.C. 2009) (sustaining Rule 72(a) objections for leave to depose certain witnesses because information "does not appear to have been collected through other discovery or to be discoverable through other less burdensome means"). The denial of GEICO's motion was thus clearly erroneous. *See id.*; *Roche Freedman* LLP, 2022 WL 17157670 at *1-2; *Pisacane*, 1996 WL 391865 at *7.

Second, depositions of the remaining opt-in Plaintiffs are of paramount importance. *Walters*, 2020 WL 7024350, at *1. The depositions sought are the only method by which GEICO can secure damages-related testimony to support its defenses and rebut Plaintiffs' claimed NYLL damages, and, therefore, it is "entirely appropriate." *Krueger v. New York Telephone Co.*, 163 F.R.D. 446, 451 (S.D.N.Y. 1995) (recognizing that "such class-wide discovery on issues of individual damages is entirely appropriate"). Without such discovery, GEICO would be substantially prejudiced because it would be unable to effectively present evidence at trial to rebut Plaintiffs' claimed NYLL damages. *Monsour v. New York State Off. for People With Developmental Disabilities,* 2016 WL 3248398, at *13 (N.D.N.Y. June 10, 2016) (recognizing the prejudice resulting where "defendants did not have the opportunity to depose" individual plaintiffs prior to trial).

Third, as to burden, proceeding with depositions virtually will minimize the burden and expense imposed by additional depositions, which are dwarfed by the importance of the

depositions to Defendant. *Packard v. City of New York*, 326 F.R.D. 66, 68 (S.D.N.Y. 2018) ("Holding a deposition by videoconference is frequently a preferred solution to mitigate the burden of a deposition location inconvenient to one or both sides.") (internal quotations omitted). And, with Phase III discovery not closing until January 31, 2026 (Text-Only Order (Oct. 8, 2026)), sufficient time remains to conduct the depositions and to obtain discovery on Plaintiffs' claimed NYLL damages in Phase III.

The Magistrate Judge erred in denying leave to conduct additional depositions. Because Defendant's request with respect to Plaintiffs' individual NYLL claims was relevant, proportionate to the needs of the case, and consistent with Rule 26(b)(2), leave to depose the additional opt-in Plaintiffs "must" be permitted. Fed. R. Civ. P. 30(a)(2)(A)(i). Leave to depose the remaining 25 opt-in Plaintiffs should be granted. *Walters*, 2020 WL 7024350, at *1.

## II. MAGISTRATE JUDGE LOCKE ERRED IN RELYING ON THE PERCENTAGE OF OPT-IN PLAINTIFFS DEPOSED RATHER THAN THE TOTAL NUMBER OF PLAINTIFFS IN THIS ACTION

As to Plaintiffs' FLSA claims, the Magistrate Judge erred in concluding that "[f]urther depositions are disproportionate to the needs [of] the case" because GEICO "has already deposed over 50 percent of the Plaintiffs in this case." (Text-Only Order (Oct. 8, 2026).) As courts in this jurisdiction recognize, the determinative factor is not the percentage of plaintiffs deposed but whether the size of the collective action in absolute terms justifies prohibiting deposition discovery from all party plaintiffs.

Courts within the Second Circuit limit a defendant's ability to depose all individual opt-in plaintiffs and allow only "statistically significant representative sampling" only if "the opt-in plaintiffs are numerous." *Forauer v. Vermont Country Store, Inc.*, 2014 WL 2612044, at *3 (D. Vt. June 11, 2014) (allowing depositions of 24 opt-in plaintiffs and quotations omitted); *Aviles v. S&P Global, Inc.*, 583 F. Supp. 3d 507, 517 (S.D.N.Y. 2022) (allowing defendants individualized

discovery of all derivative plaintiffs in a mass action). "Although there is far from a 'bright line' test as to the number of opt-in plaintiffs which tips the balance in favor of representative sampling as opposed to individualized discovery, it appears that when the number of opt-in plaintiffs is approaching 200, courts are more inclined to order a representative sampling." *Lloyd v. J.P. Morgan Chase & Co.*, 2015 WL 1283681, at *3 (S.D.N.Y. Mar. 20, 2015) (quotations omitted and collecting cases).[3]

For example, in *Rosen v. Reckitt & Colman*, 1994 WL 652534, at *1-2 (S.D.N.Y. Nov. 17, 1994), 49 opt-ins joined an Age Discrimination in Employment Act action and the plaintiffs sought to limit the defendant to "10 or 20 depositions." *Id.* at *3-4. The court in *Rosen* found that argument "fatally flawed as a matter of elementary statistics, because the size of the instant class is small." *Id.* at *3. Permitting only a sample of discovery from such a small group would result in an "unstable" sample because evidence "sparsely distributed among members" of the group "might go *entirely* undiscovered" given the small size of the population. *Id.* at *4. Consequently, the court held that "[f]airness . . . mandates that [the defendant] be granted an opportunity to depose each member of this relatively small" collective action. *Id.*

Similarly, here, the relatively small size of the 52-person collective action supports permitting the depositions sought by Defendant. "[T]he number of opt-in plaintiffs is [not close to] approaching 200" such that limiting GEICO to only a sample of plaintiff depositions is necessary or appropriate. *Lloyd*, 2015 WL 1283681, at *3. The Magistrate Judge's reliance on

[3] Federal courts reach the same conclusion both in collective and mass actions. *Abubakar v. County of Solano*, 2008 WL 508911, at *2 (E.D. Cal. Feb. 22, 2008) (denying "motion for protective order limiting the number of plaintiffs defendant may depose" and where there were 306 opt-ins); *Kaas v. Pratt & Whitney*, 1991 WL 158943, at *5 (S.D. Fla. Mar. 18, 1991) (allowing depositions of all 100 opt-ins); *Ingersoll v. Royal & Sunalliance USA, Inc.*, 2006 WL 2091097, at *3 (W.D. Wash. July 25, 2006) (allowing depositions of all 34 opt-ins).

the percentage of opt-in Plaintiffs deposed to date, "over 50 percent of the Plaintiffs in this case" (Text-Only Order (Oct. 8, 2026), is "fatally flawed as a matter of [] statistics, because the size of the instant class is small." *Rosen*, 1994 WL 652534, at *3-4. Like the 50-person collective action in *Rosen*, a subset of the 52-person population is "unstable" because the answers provided by deponents "change dramatically depending on the particular individual chosen." *Id.*

The Magistrate Judge's cited precedent does not establish the propriety of limiting depositions to only 50% of the individuals in a 52-person collective action. In *Ruggles v. Wellpoint, Inc.*, 2010 WL 11574166, at *1 (N.D.N.Y. Jan. 4, 2010), at *1, the court implemented discovery limitations where there were 331 opt-in plaintiffs, thus exceeding the 200-person presumptive threshold recognized in *Lloyd*. Further, *Higueros v. New York State Catholic Health Plan, Inc.*, 2009 WL 3463765, at *3 (E.D.N.Y. Oct. 21, 2009), cited by the Magistrate Judge, failed to account for more recent authority within the Second Circuit establishing the propriety of collective-wide deposition discovery when presented with a small collective action in absolute terms. *Lloyd*, 2015 WL 1283681, at *3. *Higueros* also did not analyze or consider the statistical implications considered by the *Rosen* court and others, limiting its persuasiveness. Ultimately, the precedent cited and relied upon by the Magistrate Judge does not establish that 25 additional depositions would be "disproportionate" to the needs of the case here. (Text-Only Order (Oct. 8, 2026).) To the contrary, precedent from within this jurisdiction establishes the propriety of such depositions given the small total number of individuals at issue.

**CONCLUSION**

For the foregoing reasons, GEICO respectfully requests that this Court sustain its objections and grant it leave to depose the 25 remaining opt-in Plaintiffs.

**DATED: October 22, 2026**

Respectfully submitted,

GOVERNMENT EMPLOYEES INSURANCE COMPANY

By: _/s/ Jennifer A. Riley_
One of Its Attorneys

Gerald L. Maatman, Jr.
Jennifer A. Riley
Gregory Tsonis
**DUANE MORRIS LLP**
190 S. LaSalle Street, Suite 3700
Chicago, IL 60603
Telephone: (312) 499-6700
Fax: (312) 499-6701
gmaatman@duanemorris.com
jariley@duanemorris.com
gtsonis@duanemorris.com

*Attorneys for Defendant Government Employees Insurance Company*

**CERTIFICATE OF SERVICE**

I, Gerald L. Maatman, Jr., hereby certify that on October 22, 2026, I caused a true and correct copy of the foregoing to be served on counsel of record via email in compliance with applicable Federal and Local Rules.

*/s/ Jennifer A. Riley*
Jennifer A. Riley