# EXHIBIT A

Case 2:23-cv-02848-SJB-SIL Document 193-1 Filed 10/22/26 Page 2 of 11 PageID #: 13968



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

KEITH FISCHER, MICHAEL O'SULLIVAN, JOHN MOESER, LOUIS PIA, THOMAS BARDEN, CONSTANCE MANGAN, and CHARISE JONES, individually and on behalf of all others similarly situated,

Plaintiffs,

vs.

GOVERNMENT EMPLOYEES INSURANCE COMPANY d/b/a GEICO,

Defendants.

No.2:23-CV-02848

-----------------------------

REMOTE VIDEOTAPED DEPOSITION OF

PATRICIA OHRNBERGER

Tuesday, December 9, 2025

Reported by:
LISA M. MURACO, RPR, CCR-NJ
JOB NO. J13784891

Tuesday, December 9, 2025
10:00 a.m.

REMOTE Deposition of PATRICIA OHRNBERGER, held VIA ZOOM, before LISA M. MURACO, a Registered Professional Reporter, CR-NJ, a Notary Public of the State of New York, New Jersey, Florida, and Massachusetts.

A P P E A R A N C E S:

(REMOTE)

OUTTEN & GOLDEN LLP
Attorneys for Plaintiff
1 California St
Fl 12
San Francisco, CA 94111-5414
BY: KAELYN MAHAR, ESQ.
JANE BALKOSKI, ESQ.

DUANE MORRIS LLP
Attorneys for Defendant
190 South LaSalle Street, Suite 3700
Chicago, Illinois 60603-3433
BY: GREGORY TSONIS, ESQ.

P. OHRNBERGER
P A T R I C I A O H R N B E R G E R,
called as a witness, having been duly sworn by a Notary Public, was examined and testified as follows:
EXAMINATION BY
MS. TSONIS:
Q. All right.
Good morning, Ms. Ohrnberger.
Am I saying that right? 10:00
A. You are.
Q. All right. Well, thank you for joining us.
My name is Greg Tsonis. I'm an attorney for Geico in this matter, and I will be taking your deposition today. 10:00
A. Okay.
Q. Can you please state and spell your name, just for the record.
A. Patricia, P-A-T-R-I-C-I-A. Ohrnberger, O-H-R-N-B-E-R-G-E-R. 10:00
Q. All right.
Where do you currently live?
A. I live in West Babylon.
Q. And where is that? What state? 10:01

P. OHRNBERGER

And when you say some of the documents that you have, what do you mean?

A. Well, I had sent over some things that I found from a previous New York State complaint that I had put in. So we went over that -- you know, I had sent those to them. 10:28

Q. When did you send those over?

A. I think it was the day before yesterday. And then yesterday, I had to resend them. 10:29

Q. What was that New York complaint that you're referencing about?

A. It was a complaint based on premium pay that we were getting instead of full pay for time and a half or overtime. 10:29

That was from 2017 to 2019. They were allowing us to do overtime, Geico. But they were paying us in premium pay as opposed to our time and a half. 10:30

Q. When did you file a complaint -- well, strike that.

What entity did you file a complaint with?

A. New York State labor. Department of 10:30

P. OHRNBERGER

A. Correct. That was for the New York State labor, yeah.
Q. Right.
But as part of this lawsuit, are you claiming that you're entitled to overtime pay for the time period from mid 2017 through the end of 2019? 10:39
A. I believe I am. But obviously, no one else does. 10:40
Q. Is the basis for that claim the fact that premium pay was not appropriate?
MS. MAHAR: Objection.
A. I can't say if it was appropriate or not. 10:40
Q. Right.
I guess --
(Multiple speakers.)
A. But I didn't think it was appropriate -- to me, it didn't seem right. 10:40
Q. I understand.
And I think you've been clear about that.
I guess I'm asking just a specific question. Are you claiming that you weren't 10:40

P. OHRNBERGER

paid compensation that you should have been paid for the hours that you recorded, or are you claiming that you didn't record certain hours in 2017 to 2019 only? 10:40

MS. MAHAR: Objection.

A. I do not recall whether or not I worked any additional hours over those premium pay hours. So I can't say definitively one way or the other. 10:41

Q. But if you would have recorded more hours, there was no prohibition on you recording more than what you did from 2017 to 2019, right?

A. I don't believe so. 10:41

Q. You don't believe there was a prohibition?

A. I don't remember, mostly.

Q. I'll frame it in a different way, just because that's a hard way to understand it. 10:41

From 2017 through 2019, when you were receiving a premium pay, you could have recorded as many hours as you worked, right?

A. I believe so. I don't know if there 10:41

P. OHRNBERGER

was ever a time where we weren't permitted to do premium pay during that period of time. So I don't know. I don't remember if there was a -- if there was a cutoff, let me put it that way. I don't remember if there was or there wasn't. 10:41

I don't believe there was. But I can't say that definitively.

Q. And during that 2017 to 2019 time frame, you routinely recorded premium pay, right? 10:42

A. I did.

MS. MAHAR: Greg, I think we've gone a little bit outside of the scope. 10:42

Can we take the break now.

MR. TSONIS: Yeah, we can take a break.

Before we do -- actually, before we take a break. I apologize. 10:42

I just want to place on the record we'd ask that plaintiff's counsel produce all of the documents that have been referenced by the witness.

MS. MAHAR: I'm happy to talk about 10:42

P. OHRNBERGER

that you did not report in Workday or the timekeeping system?

A. I don't recall. I would -- I believe anything that was premium pay during that time frame, I think those were the hours that I worked over. 11:53

Q. So what you're saying is during the time that you were receiving premium pay, you believe that the hours that you recorded in Workday or the timekeeping system accurately reflect the hours that you actually spent working? 11:53

A. Yes, I believe so.

Q. Okay. 11:53

Now, have you ever worked -- well, strike that.

Did you have an understanding before Geico reorganized away from a regional structure that you worked in a certain region at Geico? 11:54

A. Yes.

Q. What region was that?

A. Two.

Q. Did you ever work in any other 11:54

C E R T I F I C A T E

STATE OF NEW YORK )
) ss.:
COUNTY OF NEW YORK )

I, LISA M. MURACO, a Notary Public within and for the State of New York, do hereby certify:

That PATRICIA OHRNBERGER, the witness whose deposition is hereinbefore set forth, was duly sworn by me and that such deposition is a true record of the testimony given by such witness.

I further certify that I am not related to any of the parties to this action by blood or marriage; and that I am in no way interested in the outcome of this matter.

IN WITNESS WHEREOF, I have hereunto set my hand this 14th day of December, 2025.

Lisa M. Muraco
---------------------------
LISA M. MURACO