# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

KEITH FISCHER, MICHAEL O'SULLIVAN, JOHN MOESER, LOUIS PIA, THOMAS BARDEN, CONSTANCE MANGAN, and CHARISE JONES, individually and on behalf of all others similarly situated,

Plaintiffs,

vs.

GOVERNMENT EMPLOYEES INSURANCE COMPANY d/b/a GEICO,

Defendants.

No.2:23-CV-02848

------------------------------

REMOTE VIDEOTAPED DEPOSITION OF
KAREN GOTTERBARN
Monday, December 15, 2025

Reported by:
LISA M. MURACO, RPR, CCR-NJ
JOB NO. J13928128

Monday, December 15, 2025
10:45 a.m.

REMOTE Deposition of KAREN GOTTERBARN, held VIA ZOOM, before LISA M. MURACO, a Registered Professional Reporter, CR-NJ, a Notary Public of the State of New York, New Jersey, Florida, and Massachusetts.

A P P E A R A N C E S:

(REMOTE)

OUTTEN & GOLDEN LLP

Attorneys for Plaintiff

685 Third Avenue

25th Floor

New York, NY 10017

BY: JARRON McALLISTER, ESQ.

DUANE MORRIS LLP

Attorneys for Defendant

190 South LaSalle Street, Suite 3700

Chicago, Illinois 60603

BY: GREGORY TSONIS, ESQ.

K. GOTTERBARN

K A R E N G O T T E R B A R N, called as a witness, having been duly sworn by a Notary Public, was examined and testified as follows:

EXAMINATION BY

MR. TSONIS:

Q. All right.

Good morning, Ms. Gotterbarn.

A. Good morning.

Q. My name is Greg Tsonis and I am an attorney for Geico, and I will be taking your deposition today. 10:49

Can you just for the record state and spell your name and your current address.

A. My name is Karen Gotterbarn. K-A-R-E-N, G-O-T-T-E-R-B-A-R-N. 10:49

My address is 15 Michael, F as in Frank, Street, Locust Valley, New York.

I'm sorry. My phone is going crazy. There. 11560. 10:49

My phone just went crazy. I fixed it.

Q. Got it. All right.

A. Okay.

Q. Well, thank you. 10:50

K. GOTTERBARN

So -- and your understanding or your best recollection is that that change happened prior to 2017?

A. I'm not sure at this time. 12:04

Q. It's all right.

You referenced there was a time period in which you received premium pay; is that right?

A. Yes, sir. 12:04

Q. What is premium pay, to your understanding?

A. You get paid for time over 40 at a different rate than your hourly wage. And that rate was less than your hourly wage. 12:04

Q. So you would receive, I guess, if you recorded working more than 40 hours, you would be compensated with some sort of hourly rate that was not one and one-half times your normal hourly rate; is that correct? 12:04

A. Correct.

Q. Okay.

Do you recall the time period in which you did receive this -- you know, you were subject to this premium pay compensation 12:05

K. GOTTERBARN

structure?

A. Part of this is involved in the time period of this suit. But I'm not exactly sure of the dates. 12:05

Q. Sure.

Does it sound accurate -- and we'll probably look at some documents later.

But does it sound accurate that your compensation structure changed at the beginning of 2020? 12:05

A. I don't know for certain.

Q. Okay.

Well, why don't we do this. And I hope we'll be able to do this easily with the -- 12:05

A. It'll be fine.

Q. -- with the phone.

A. It'll be fine.

Q. First, let me open the document and then I'll share my screen. 12:05

MR. TSONIS: Jarron, I'll drop it in the chat still for your purposes and for the court reporter.

One moment here. Let me do that 12:06

K. GOTTERBARN

Were you able to record as much, I guess, premium time, premium payment time as you wanted to when you were under that compensation structure? 12:11

A. Yes.

Q. All right.

Did you record all of the hours that you worked in excess of 40 while you were working under that compensation structure? 12:11

MR. McALLISTER: Objection.

You can answer.

A. Did I record all the hours --

Q. Correct.

A. -- is the question? 12:11

Yes, when I was getting premium pay, I was recording all of my hours.

Q. Okay.

So just so I'm clear, as part of this lawsuit we said that you're alleging that 12:12 you worked certain time that you believe that you should compensated for, but that you did not record in Geico's timekeeping system, right?

A. Yes. 12:12

K. GOTTERBARN

Q. All right.

Now, just to make sure I'm clear, those claims do not encompass this time period for which you were being paid premium payments; is that right? 12:12

MR. McALLISTER: Objection.

You can answer.

A. Yes.

Q. Okay. 12:12

So if we scroll -- and I'm going to jump ahead here. You can ignore the blurred screen here for a little bit.

A. Okay.

Q. But if we go to the beginning of 2020, or actually maybe the very end of 2019. 12:12

So can you see this?

A. Can you make it a tiny bit bigger.

Q. Yes, I will.

A. Okay. 12:13

Q. Yes.

So first, do you see at the top here the pay period says from November 23, 2019, to December 6, 2019?

And I can zoom in on that. 12:13

C E R T I F I C A T E

STATE OF NEW YORK )
) ss.:
COUNTY OF NEW YORK )

I, LISA M. MURACO, a Notary Public within and for the State of New York, do hereby certify:

That KAREN GOTTERBARN, the witness whose deposition is hereinbefore set forth, was duly sworn by me and that such deposition is a true record of the testimony given by such witness.

I further certify that I am not related to any of the parties to this action by blood or marriage; and that I am in no way interested in the outcome of this matter.

IN WITNESS WHEREOF, I have hereunto set my hand this 20th day of December, 2025.

Lisa M Muraco

LISA M. MURACO