**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KEITH FISCHER, MICHAEL O'SULLIVAN, JOHN MOESER, LOUIS PIA, THOMAS BARDEN, CONSTANCE MANGAN, and CHARISE JONES, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>GOVERNMENT EMPLOYEES INSURANCE COMPANY,<br><br>Defendant. | Case No. 2:23-CV-02848 (SJB) (SIL) |

**PLAINTIFFS' REPSONSE IN OPPOSITION TO DEFENDANT'S RULE 72 OBJECTIONS TO JUDGE STEVEN I. LOCKE'S OCTOBER 8, 2026 ORDER**

# TABLE OF CONTENTS

INTRODUCTION ..... 1

PROCEDURAL BACKGROUND..... 2

LEGAL STANDARD..... 4

ARGUMENT ..... 4

I. Additional Opt-In Depositions are Disproportionate to the Needs of the Case..... 4

A. Additional Opt-In Depositions are Cumulative and Duplicative of Written Testimony Already in the Record. ..... 5

B. GEICO Had Ample Time to Seek Additional Opt-In Depositions Before Phase II Closed. ..... 7

C. Plaintiffs Will be Burdened by 25 Additional Opt-In Depositions..... 8

II. Representative Testimony May Be Used to Support Plaintiffs' Claims..... 9

CONCLUSION..... 11

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Abubakar v. Cnty. of Solano*,
2008 WL 508911 (E.D. Cal. Feb. 22, 2008) .....10

*Anderson v. Mt. Clemens Pottery Co.*,
328 U.S. 680 (1946) .....9

*Aviles v. S&P Global, Inc.*,
583 F. Supp. 3d 507 (S.D.N.Y. 2022) .....10

*City of New York v. FedEx Ground Package Sys., Inc.*,
2017 WL 633445 (S.D.N.Y. Feb. 14, 2017) .....4

*Donohoe v. Bonneville Int'l Corp.*,
602 F. Supp. 2d 1 (D.D.C. 2009) .....8

*Forauer v. Vt. Country Store, Inc.*,
2014 U.S. Dist. LEXIS 79234 (D. Vt. June 11, 2014) .....10

*Harold Levinson Assocs., Inc. v. Chao*,
37 Fed. Appx. 19 (2d Cir. 2002) .....9

*Higueros v. N.Y. State Catholic Health Plan, Inc.*,
2009 WL 3463765 (E.D.N.Y. Oct. 21, 2009) .....1

*Hoffman v. Constr. Protective Servs., Inc.*,
541 F.3d 1175 (9th Cir. 2008) .....6, 7

*Ingersoll v. Royal & Sunalliance USA, Inc.*,
2006 WL 2091097 (W.D. Wash. July 25, 2006) .....10

*Kaas v. Pratt & Whitney*,
1991 WL 158943 (S.D. Fla. Mar. 18, 1991) .....10

*Lloyd v. J.P. Morgan Chase & Co.*,
2015 WL 1283681 (S.D.N.Y. Mar. 20, 2015) .....10

*Mikityuk v. Cision US Inc.*,
2021 WL 5449606 (S.D.N.Y. Nov. 22, 2021) .....5

*Pisacane v. Enichem Am. Inc.*,
1996 WL 391865 (S.D.N.Y. July 12, 1996) .....7

*PWV Consultants LLC v. Chebil Realty LLC*,
2022 WL 562220 (S.D.N.Y. Feb. 24, 2022) .....4

*Reich v. S. New Eng. Telecomms. Corp.*,
121 F.3d 58 (2d Cir. 1997)....................9

*Roche Freedman LLP v. Cyrulnik*,
2022 WL 17157670 (S.D.N.Y. Nov. 22, 2022)....................7, 8

*Rosen v. Reckitt & Colman*,
1994 WL 652534 (S.D.N.Y. Nov. 17, 1994)....................10

*Ruggles v. Wellpoint, Inc.*,
2010 WL 11574166 (N.D.N.Y. Jan. 4, 2010)....................1

*Seuthe v. Renewal Prods., Inc.*,
38 F.R.D. 323 (S.D.N.Y. 1965)....................5

*Wilson v. Jamaica Serv. Program for Older Adults, Inc.*,
708 F. Supp. 3d 213 (E.D.N.Y. 2023)....................9

*Zito v. Leasecomm Corp.*,
233 F.R.D. 395 (S.D.N.Y. 2006)....................5

**Statutes**

28 U.S.C. § 636(b)(1)(A)....................4

**Other Authorities**

Fed. R. Civ. P. 26....................4

Fed. R. Civ. P. 30....................4

Fed. R. Civ. P. 72....................1, 4

**INTRODUCTION**

Judge Locke's October 8, 2026 Order (the "Order") denying GEICO's untimely request to depose almost every opt-in plaintiff in this matter — after 50% of the collective has been deposed, and well after the end of opt-in discovery — should stand. Judge Locke's well-reasoned analysis supporting this conclusion is not clearly erroneous, contrary to law, or otherwise incorrect. Fed. R. Civ. P. 72 (a). GEICO's objections to the Order should be overruled. Docket Entry ("DE") 193 ("Objections").

The Order provided multiple well-supported reasons to deny GEICO's motion. First, and practically, additional depositions are untimely because "Phase II merits discovery, during which opt-in depositions were conducted, is complete." Oct. 8, 2026 Min. Order ("Order"). Second, the cases GEICO relied on "were largely cases where the defendants were attacking whether the plaintiffs were similarly situated in order to argue that class/collective litigation was inappropriate in a decertification motion. Here, the motion to decertify the collective has already been denied. *See* DE [181]." *Id.* Finally, considering Rule 26's proportionality limits, the Order rejected GEICO's extraordinary request because it "has already deposed over 50 percent of the Plaintiffs in this case, including opt-ins. Further depositions are disproportionate to the needs [of] the case. *See* Fed. R. Civ. P. 26." *Id.* Such reasons provided strong bases to deny GEICO's motion.

Deposing the whole collective here "would defeat the very purpose contemplated by Congress in authorizing . . . collective actions." *Higueros v. N.Y. State Catholic Health Plan, Inc.*, 2009 WL 3463765, at *2 (E.D.N.Y. Oct. 21, 2009). And where defendant's "discovery interests" are "well served by a reasonable statistical representative body of depositions," deposing "all of the Plaintiffs would constitute an abuse." *Ruggles v. Wellpoint, Inc.*, 2010 WL 11574166, at *7 (N.D.N.Y. Jan. 4, 2010). Additional opt-in depositions would be disproportionate to the needs of the case. For the below reasons, the Court should overrule GEICO's objections.

## PROCEDURAL BACKGROUND

This Court has contemplated phased and tailored discovery periods since the early days of this litigation. On April 16, 2024, the Court ordered a phased discovery schedule, the scope of which has not been expanded since. Apr. 16, 2024 Min. Order ("Scheduling Order").

First, Phase I focused on "merits discovery with respect to named plaintiffs and any of the [then] 26 opt-in plaintiffs who reside in New York by September 13, 2024." *Id.* On September 13, 2024, after GEICO deposed the 7 named plaintiffs, GEICO moved to depose the remaining 19 opt-in plaintiffs. DE 74. On October 15, 2024, Magistrate Judge Tiscione denied GEICO's motion in part, only permitting 9 additional depositions. DE 80. Plaintiffs defended 8 opt-in depositions (15 total depositions) and served written discovery for 24 individuals during Phase I. "[R]equests for additional depositions" were to be made 216(b) was granted and the opt-in period expired. *Id.*

Phase II focused on "merits discovery concerning possible opt-in plaintiffs." Scheduling Order. On March 31, 2025, the Court authorized Plaintiffs to send notice to the putative FLSA collective. DE 91.[1] Then, after the Parties submitted proposed notice documents, the Court approved the notices on June 11, 2025. June 11, 2025 Min. Order. The opt-in period closed on September 9, 2025 (thereby setting the close of Phase II discovery for December 9), GEICO served written discovery on the remaining 34 opt-in plaintiffs on October 31 and requested to serve notices of deposition on 17 of those individuals. DE 149 at 2. After conferring, Plaintiffs agreed to 5 additional depositions, but subsequently GEICO moved to depose these 17 individuals on November 12, with less than a month remaining in Phase II. DE 148. On December 2, Judge Locke granted GEICO's motion, noting that "the deposition of a *sample* of opt-in plaintiffs" is appropriate in FLSA cases, and finding the request for additional depositions reasonable, in part

[1] 52 individuals remain in the FLSA collective. DE 174-1 at 1, 10.

because "Defendant does not seek to depose every opt-in Plaintiff." Dec. 2, 2025 Min. Order. Plaintiffs then defended 10 opt-in depositions through January 31, 2026, and completed and served 25 additional sets of written discovery, bringing the total number of named plaintiff and opt-in plaintiff depositions to 25 (approximately 50% of the collective) and total sets of written discovery to 49 (approximately 94% of the collective).

Now, since February 2026, the Parties are in Phase III, which has focused on expert and damages discovery. Scheduling Order. The Parties have conferred over various expert discovery and data questions. DE 190 at 1-2.

After Phase II, and relevant to GEICO's motion here, the Court issued orders denying Plaintiffs' motion to certify a Rule 23 NYLL class and GEICO's motion to decertify the FLSA collective. On February 20, 2026, the Court denied Plaintiffs' class certification motion based on Rule 23(b)'s predominance requirements, but found Plaintiffs satisfied commonality and typicality. DE 162 at 21-23. In that order, Your Honor stated that by virtue of opting in to this matter, opt-in plaintiffs "have asserted not just a FLSA claim, but a NYLL claim as well." *Id.* at 43 n.19. On March 6, 2026, utilizing information (including deposition testimony) obtained during Phase I and II discovery, GEICO served its motion to decertify the FLSA collective, which was fully briefed on April 24. DE 173. On August 14, Judge Locke issued a memorandum opinion denying GEICO's motion for decertification, DE 181, which Your Honor adopted on September 2, DE 187.

On September 22, 2026, GEICO sought leave to depose the remaining 25 opt-in plaintiffs, disregarding Phase III's parameters. DE 189. After GEICO's motion and Plaintiffs' response, DE 190, Judge Locke issued the Order, denying in part GEICO's request. *See* Order. In response, GEICO filed its Objections to the Order on October 22, 2026. DE 193.

## LEGAL STANDARD

The Court's review of a magistrate judge's decision varies based on the type of motion at issue. For non-dispositive discovery motions like the instant motion, the Court can only overrule the decision if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *City of New York v. FedEx Ground Package Sys., Inc.*, 2017 WL 633445, at *3 (S.D.N.Y. Feb. 14, 2017). "A finding is 'clearly erroneous' if the reviewing court is left with the definite and firm conviction that a mistake has been committed." *PWV Consultants LLC v. Chebil Realty LLC*, 2022 WL 562220, at *3 (S.D.N.Y. Feb. 24, 2022). "Because the standard is 'highly deferential,' the objector 'carries a heavy burden.'" *Id.*

At this stage in the litigation, GEICO additional depositions can only be taken with leave of Court, consistent with Rule 26(b)(1) and (2). *See* Fed. R. Civ. P. 30(a)(2)(A)(i). As such, additional depositions are inappropriate if: (1) "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive"; (2) "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action"; or (3) "the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

## ARGUMENT

### I. Additional Opt-In Depositions are Disproportionate to the Needs of the Case.

At this stage of litigation additional opt-in depositions are disproportionate because GEICO has already obtained substantial opt-in discovery during Phases I and II. These depositions would be unreasonably cumulative and duplicative of the testimony already in the record, and would be burdensome in terms of both time and expense on Plaintiffs. Judge Locke correctly noted that

Rule 26(b) guides this analysis and appropriately found that more depositions are inappropriate. *See* Order. GEICO has not shown (and cannot show) that these depositions are warranted.

**A. Additional Opt-In Depositions are Cumulative and Duplicative of Written Testimony Already in the Record.**

First, as outlined above and noted by the Order, GEICO has already deposed approximately 50% of the collective and obtained written discovery from approximately 94% of the collective. *Id.*; DE 149. GEICO seeks to "discover Plaintiffs' claimed NYLL damages and the bases for the damages associated with those claims," Objections at 4, but it ignores the fact that it has had "the opportunity to obtain information related to damages through written discovery" from the opt-in plaintiffs who have not been deposed, *Mikityuk v. Cision US Inc.*, 2021 WL 5449606, at *4 (S.D.N.Y. Nov. 22, 2021).

The cases GEICO cites to argue that written discovery for the remaining opt-in plaintiffs is inadequate are inapposite factually and because they do not involve FLSA or NYLL claims. In *Seuthe v. Renewal Prods., Inc.*, 38 F.R.D. 323, 325 (S.D.N.Y. 1965), the court found that *written discovery alone* was insufficient in a single-plaintiff action. *Zito v. Leasecomm Corp.*, 233 F.R.D. 395, 396 (S.D.N.Y. 2006) involved a civil RICO action with more than 200 plaintiffs. There, where fact discovery had not closed, the court granted the defendant's request to depose the remaining plaintiffs, but the opinion does not specify how many plaintiffs out of the 200 were left. *See id.* at 397-98. Without more context, *Zito* provides no support for Defendant's argument that all opt-in plaintiffs here must be deposed following the close of fact discovery.

Each opt-in plaintiff already produced interrogatory responses, which provide an outline of their estimated damages during the relevant period (inclusive of the NYLL period), and Plaintiffs served updated Rule 26(a)(1) disclosures with thorough damages estimates, thus making

these additional depositions cumulative or duplicative. For example, Opt-In Plaintiff McCarthy's interrogatory responses state the following:

> [F]rom 2017 until approximately March 2020, [she] generally worked a total of 50 hours per week in complete workweeks that [she] worked for GEICO. . . . Plaintiff further responds that from approximately March 2020 through the present, [she] generally worked a total of 45 hours per week in complete workweeks that [she] worked for GEICO.

DE 174-41 at 13. Plaintiffs' NYLL overtime estimates, as compared between deposition testimony and their interrogatory responses were substantially similar, often with their deposition testimony landing within their provided interrogatory range.

Even the deposition testimony GEICO cherry picks in support of its "need" for discovery, Objections at 5-6, and ignores these consistencies in an attempt to confuse the Court, pointing to red herring issues. Opt-In Plaintiff Ohrnberger testified that "from 2017 to the present day," she regularly worked "anywhere from one to three and a half hours" that she did not log in GEICO's timekeeping system. DE 174-37 (Ohrnbeger Dep. Tr.) at 86:11-12, 15-17. Despite GEICO's argument otherwise, this is consistent with her interrogatory response, where she stated that she "generally worked a total of 43 hours per week in complete workweeks . . . between 2017 and 2023." GEICO claims that Opt-In Plaintiff Ohrnberger did "not claim any damages for workweeks prior to 2020," Objections at 6, but cites to no such testimony. While Opt-In Plaintiff Gotterbarn, through leading and confusing questioning, testified that she regularly recorded all hours worked before 2020, most other plaintiffs consistently stated (by oral and/or written testimony) that they worked uncompensated overtime hours throughout the relevant period. DE 174-14 (deposition testimony chart); DE 174-39 (discovery response chart).

GEICO's other stray arguments fail to support the need for additional depositions. Unlike other cases where opt-in plaintiffs assert unrelated state law causes of action, *see Hoffman v.*

*Constr. Protective Servs., Inc.*, 541 F.3d 1175, 1179 (9th Cir. 2008) (opt-in plaintiffs asserted unidentified state law claims with factual predicates different from FLSA claims), Plaintiffs' FLSA and NYLL claims are functionally the same. DE 162 at 43 n.19; Objections at 4. And while GEICO argues that the information sought from these additional depositions is relevant, GEICO has not proven proportionality here. *See Roche Freedman LLP v. Cyrulnik*, 2022 WL 17157670, at *1-2 (S.D.N.Y. Nov. 22, 2022) (allowing one *non-party* deposition to support counterclaim). *Pisacane v. Enichem Am. Inc.*, 1996 WL 391865, at *3-7 (S.D.N.Y. July 12, 1996), a case where the court sustained objections to the denial of a motion to compel discovery responses to obtain relevant information unavailable by other means, does not even involve depositions.

GEICO also twists the Court's previous holdings to argue that individualized discovery is necessary (it is not). Objections at 4. At class certification, Your Honor identified a concern related to hours estimates and damages inquiries but declined to require individual deposition testimony to prove damages. DE 162 at 26-27. And at decertification, Judge Locke explained that "employee-specific questions concerning hours, limitations, and damages" may be grounds for trial groupings, and inquiries as to overtime hours estimates may follow liability determinations. DE 162 at 33.

### B. GEICO Had Ample Time to Seek Additional Opt-In Depositions Before Phase II Closed.

GEICO has had ample time to seek this extraordinary discovery during Phase II but chose not to. After the opt-in period closed, GEICO had deposed 15 named and opt-in plaintiffs. With almost one month left in Phase II discovery, GEICO sought to depose 17 additional opt-in plaintiffs — not the remaining 34. DE 148. The Court granted GEICO's request, 10 depositions were taken, and Phase II discovery closed on January 31, 2026. GEICO states that it "sought to depose a *commensurate portion* of the opt-in Plaintiffs who filed consent to join forms in order to

support its decertification motion," Objections at 7, and it used this testimony to move to decertify the collective. DE 172. But GEICO does not explain why it did not seek to depose every collective member then during Phase II.

And, after using this deposition testimony, the Court's denial of GEICO's decertification motion does not necessitate additional opt-in plaintiff discovery. GEICO relies on cases that do not involve FLSA or NYLL claims and ignores that the courts granted additional depositions that *were* limited and the information sought had not been provided by other means. *See Donohoe v. Bonneville Int'l Corp.*, 602 F. Supp. 2d 1, 5 (D.D.C. 2009) (plaintiff only took 30(b)(6) and court permitted 3 out of 20+ depositions sought for witnesses who provided no written discovery); *Roche*, 2022 WL 17157670, at *1-2 (allowing one *non-party* deposition for witness who provided no discovery, for defendant to support counterclaim).

Tellingly, GEICO's discovery strategy, including the deposition questions asked and the written discovery sought (by requests for admission, interrogatories, and requests for production of documents) reached back to the NYLL period, as evidenced by its deposition questioning, *e.g.*, Objections at 5-6 (discussing deposition testimony about overtime hours prior to FLSA period), and the scope of GEICO's discovery requests, *e.g.*, DE 174-41 at 13 (interrogatory responses providing overtime estimates from 2017 to present).

**C. Plaintiffs Will be Burdened by 25 Additional Opt-In Depositions.**

Defending 25 more opt-in depositions would be expensive and time consuming, and the burden of that defense cannot be mitigated by virtual depositions, as GEICO proposes. Objections at 8-9. The Parties are nearing the close of Phase III discovery, scheduled to close on January 31, 2027. The 25 depositions GEICO took during Phases I and II were scheduled across approximately 1.5 years, and those depositions required extensive coordination with named and opt-in plaintiffs and hours of preparation. Plaintiffs previously estimated that "[t]o conduct 12 more depositions

would require *at least* 2 additional months." DE 149 at 3 (emphasis added). Indeed, scheduling and defending the additional 10 depositions during Phase II took 2 months. Plaintiffs estimate that it would take *at least* 4 additional months to complete *all* 25 requested depositions. The burden on Plaintiffs here outweighs the benefit of the cumulative and duplicative discovery sought.

Thus, considering the above and Rule 26's guiding factors, Judge Locke's Order is not erroneous or contrary to law and GEICO's objections must be overruled.

## II. Representative Testimony May Be Used to Support Plaintiffs' Claims.

Further, Plaintiffs are entitled to present representative testimony to support their claims at trial. GEICO continues to urge duplicative testimony despite precedent holding representatives — and not all opt-ins — may supply the appropriate scope of discovery. The Parties are headed toward a collective action trial on the claims of the 52 named and opt-in plaintiffs in this matter, and that should not be delayed by unnecessary depositions.

Use of representative evidence is regular practice in FLSA actions. *See Reich v. S. New Eng. Telecomms. Corp.*, 121 F.3d 58, 67 (2d Cir. 1997); *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946). While "[t]he trial structure has not yet been established . . . testimony of each plaintiff may not be required." DE 187 at 8. Indeed, "the Second Circuit permits representative testimony in FLSA actions to prove liability as to absent opt-ins." *Wilson v. Jamaica Serv. Program for Older Adults, Inc.*, 708 F. Supp. 3d 213, 216 (E.D.N.Y. 2023). Opt-in plaintiffs' individual claims and damages estimates will be supported by proof, which may be through "documentary evidence, direct testimony, and inferential proof through the testimony of other collective members." *Id.* at 216. Such evidence can "provide a foundation for assumptions about the overall employee pool." *Harold Levinson Assocs., Inc. v. Chao*, 37 Fed. Appx. 19, 21 (2d Cir. 2002).

GEICO's cases neither foreclose the use of representative testimony, nor do they compel the Court to order the additional 25 opt-in depositions sought. As an initial point, GEICO attempts to use dicta from *Lloyd v. J.P. Morgan Chase & Co.*, 2015 WL 1283681, at *3 (S.D.N.Y. Mar. 20, 2015), to argue that a court should only permit representative sampling in collective/mass action cases if there are approximately "200" individuals. Objections at 9-10. The *Lloyd* court uses this number as a reference when discussing cases assessing the need for individualized discovery. Indeed, the court only permitted 20 out of the 100 depositions requested for the subgroup at issue. If GEICO's 200-person presumption were to stand, the court likely would have permitted the deposition of each member of the subgroup. *See id.* at *4. This Court should not apply the "presumption" here.

GEICO's other cases are unpersuasive for other various reasons. Some cases permitted the all opt-in depositions in smaller collectives to support a motion for decertification. *See Forauer v. Vt. Country Store, Inc.*, 2014 U.S. Dist. LEXIS 79234 at *11-16 (D. Vt. June 11, 2014); *Ingersoll v. Royal & Sunalliance USA, Inc.*, 2006 WL 2091097, at *2-3 (W.D. Wash. July 25, 2006); *Abubakar v. Cnty. of Solano*, 2008 WL 508911 at *2 (E.D. Cal. Feb. 22, 2008); *Kaas v. Pratt & Whitney*, 1991 WL 158943, at *5 (S.D. Fla. Mar. 18, 1991). But this Court has already denied GEICO's decertification motion, so GEICO does not require this discovery to defend against such a motion. GEICO cherry picked language from other cases to obfuscate the fact that the court did not order the depositions of *all* plaintiffs there. *See Aviles v. S&P Global, Inc.*, 583 F. Supp. 3d 507, 517 (S.D.N.Y. 2022) (denying motion to depose 450 out of 520 plaintiffs and permitting depositions of 4 plaintiffs and class representatives); *Lloyd*, 2015 WL 1283681, at *4 (permitting depositions for 20 of 100-person subgroup for 1,049-person collective). Finally, GEICO's reliance on *Rosen v. Reckitt & Colman*, 1994 WL 652534 (S.D.N.Y. Nov. 17, 1994) is unavailing and does

not support this Court permitting additional depositions. There, the court permitted depositions of the entire "class" after defendant was unable to take "effective" written discovery and thus sought deposition testimony from the class members to rebut plaintiffs' claim of a "pattern or practice" discrimination ahead of trial. *Id.* at *5, 12. Here, GEICO has already deposed about 50% of the collective, Plaintiffs have served written discovery for approximately 94% of the collective, and GEICO relied extensively on plaintiffs' deposition testimony in its decertification motion.

Judge Locke's reference to the 50% of the collective who have been deposed is relevant to the Order's Rule 26 proportionality findings. At trial, Plaintiffs and opt-in plaintiffs may be able to present representative testimony to prove their claims and damages. Judge Locke did not err when considering the percentage of opt-ins here, and such a finding is not contrary to law. Thus, the Court should overrule GEICO's objections.

## CONCLUSION

For the foregoing reasons, Plaintiffs request that the Court overrule GEICO's Objections.

Dated: November 5, 2026
New York, NY

Respectfully submitted,

*/s/ Michael J. Scimone*

Michael J. Scimone
Jarron D. McAllister
Zarka Shabir DSouza
**OUTTEN & GOLDEN LLP**
685 Third Avenue, 25th Floor
New York, NY 10017
Telephone: (212) 245-1000
Facsimile: (646) 509-2005
Email: mscimone@outtengolden.com
Email: jmcallister@outtengolden.com
Email: zdsouza@outtengolden.com

Ryan Cowdin*
**OUTTEN & GOLDEN LLP**
1225 New York Ave NW, Suite 1200B
Washington, D.C. 20005
Telephone: (202) 847-4400
Facsimile: (646) 952-9114
Email: rcowdin@outtengolden.com

Troy L. Kessler
Garrett Kaske
**KESSLER MATURA P.C.**
534 Broadhollow Road, Suite 275
Melville, NY 11747
Telephone: (631) 499-9100
Facsimile: (800) 451-0874
Email: tkessler@kesslermatura.com
Email: gkaske@kesslermatura.com

*Attorneys for Plaintiffs and the Collective*

**Admitted pro hac vice*

# LOCAL CIVIL RULE 7.1(c) CERTIFICATION

In accordance with Local Civil Rule 7.1(c) and District Judge Sanket J. Bulsara's Individual Practices, Rule VI(E), I hereby certify that this memorandum contains 3,317 words, including footnotes, as established by Microsoft word, the software used to prepare the memorandum. The word count does include the cover page, table of contents, table of authorities, signatures block, and certificate of service, which are exempted by the applicable rules.

Dated: November 5, 2026
New York, NY

*/s/ Michael J. Scimone*

Michael J. Scimone
**OUTTEN & GOLDEN LLP**
685 Third Avenue, 25th Floor
New York, NY 10017
Telephone: (212) 245-1000
Facsimile: (646) 509-2005
mscimone@outtengolden.com

**CERTIFICATE OF SERVICE**

I, Michael J. Scimone, hereby certify that on November 5, 2026, the foregoing was filed electronically through the ECF system, is available for viewing and downloading from the ECF system and will be sent electronically to the registered participants identified on the Notice of Electronic Filings.

/s/ *Michael J. Scimone*
Michael J. Scimone
**OUTTEN & GOLDEN LLP**
685 Third Avenue, 25th Floor
New York, NY 10017
Telephone: (212) 245-1000
mscimone@outtengolden.com